# AFFIDAVIT

The undersigned, Robert D. Bradshaw, hereby certifies and affirms that the following letters, copies attached herewith, were the only letters received by me from the CNMI Attorney General relative to Superior Court Case 96-1320:

1. Letter from D. Douglas Cotton, dated Dec 6, 1996, suggesting that I may be soon served with a new complaint.
2. Letter from D. Douglas Cotton, dated Jan 22, 1997, with an attached copy of a letter dated on Dec 31, 1996 and sent by him to attorney Jay H. Sorensen, attorney for Robert Bisom, stating that the Attorney General will not accept service on behalf of Robert D. Bradshaw, without my approval.
3. Letter from D. Douglas Cotton, dated Apr 17, 1997, stating that he had advised attorney Sorensen that the Attorney General would not accept service for me of the summons and complaint on this case.
4. Letter from D. Douglas Cotton, dated Jun 2, 1997, stating that the CNMI did not agree to accept service for me and that I could expect to be served by plaintiff.
5. Letter from D. Douglas Cotton, dated Mar 17, 1998, with no mention of service.
6. Letter from William C. Bush, dated Jun 30, 1999, which asked if I had been served with the complaint or any subsequent amendments. This letter was in response to my inquiry.
7. Letter from Benjamin Sachs, dated Apr 6, 2004, made in response to my telephone inquiry.
8. Letter from Joseph H. Race, dated Oct 7, 2004, on my request for an investigation of SC 96-1320.
9. Letter from Pamela Brown, dated Feb 15, 2005, saying that indemnification for me on 96-1320 is denied and that the AG will provide no more assistance to me.

Dated at St.Maries, Idaho, this 9th day of August 2005

Robert D. Bradshaw

STATE OF IDAHO
COUNTY OF BENEWAH

I, Jerry Lee Nelson, Notary in and for the State of Idaho,

residing at St. Maries, Idaho do hereby certify that on this

9 day of August 2005, personally appeared

"A"

before me Robert D. Bradshaw, to me known to be the individual described in and who executed the within instrument for the uses and purposes herein mentioned.

Given Under My hand and Official Seal; this 9 day of August 2005.

JERRY LEE NELSON
Notary Public
State of Idaho

NOTARY PUBLIC IN AND FOR THE STATE OF IDAHO

MY APPOINTMENT EXPIRES

11/15/07



Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor-Administration Building, Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 234-7771/7111
Fax: (670) 234-7016

December 6, 1996

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Re: Bisom v. CNMI

Dear Robert:

According to the news, Bisom has filed a new complaint in the Superior Court. We have not yet been served and do not have a copy so I do not know for certain who the defendants are and what causes of action he has included. When we obtain a copy, I will send it to you. In the meantime, if you are served with a Summons and Complaint, please call me immediately because service starts the time running for your response.

Please give me a call if you have any questions in the meantime.

Very truly yours,

Doug

D. Douglas Cotton

DDC/ddc

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of letter, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/2007



Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

January 22, 1997

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Re: Bisom v. CNMI

Dear Robert:

Enclosed for your file is a copy of the new Complaint that Robert Bisom filed in the Superior Court. Also enclosed is a copy of a letter I recently sent plaintiff's counsel. Please let me know immediately if any attempt is made to serve you with the Summons and Complaint. In addition, please let me know your new telephone number and a fax number, if available, where I can send documents if necessary.

If you have any questions, please give me a call at 011.670.664.2333.

Very truly yours,

[signature]

D. Douglas Cotton

Enclosures

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of Letter, with the original. It is a complete and true copy of the original document.

[signature]

Notary Public
Commission expires 10/20/2007

CYNTHIA TIMMONS NOTARY PUBLIC STATE OF IDAHO



Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor-Administration Building, Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 234-7771/7111
Fax: (670) 234-7016

December 31, 1996

VIA TELECOPIER (234-1417)

Jay H. Sorensen
Attorney at Law
4th Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950

Re: Bisom v. CNMI

Dear Jay:

Should plaintiff still desire to serve the Summons in this action after reading this letter, I will agree to accept service on behalf of Scott Tan. I am checking on whether Robert Bradshaw would like us to accept service on his behalf.

I have reviewed plaintiff's proposal regarding the 42 U.S.C. Sections 1981 and 1983 claims and I cannot accept his proposal. As you know, defendants have removed this action to federal court. Since Judge Munson has already granted judgment against plaintiff on his Section 1981 and Section 1983 claims, I have now doubt that Judge Munson will dismiss these claims again and likely sanction plaintiff at the same time. Consequently, defendants will not agree not to attack those claims.

Furthermore, if plaintiff actually serves the Summons and Complaint, defendants will be forced to consider possible cross-claims against plaintiff. At a minimum, I believe (1) that the CNMI has a claim against plaintiff for malicious prosecution in connection with plaintiff's third claim for constitutional violations against the CNMI; and (2) that Mr. Bradshaw will have a claim against plaintiff for malicious prosecution in connection with the first two claims if plaintiff serves the new complaint. I also believe that defendants will have a claim for sanctions under Rule 11 due to the inclusion of the first two claims in the new complaint. Furthermore, I believe that the Court, on its own initiative pursuant to Rule 11(c)(1)(B), may direct plaintiff to show cause why he has not violated Rule 11 in connection with the first two claims in the new complaint.

As always, defendants are interested in a resolution of this matter without protracted litigation. I believe that defendants will agree to release all claims that they may have against plaintiff, as well as the judgment for costs, if plaintiff will dismiss his complaint with prejudice. As we have discussed before, I also believe that defendants will agree to a small monetary

discussed before, I also believe that defendants will agree to a small monetary payment in conjunction with the settlement. Any release or payment, of course, would not be based upon any admission of liability but would be made only in the interest of a speedy resolution of this matter. Please let me know if plaintiff wishes to discuss settlement of this matter.

If plaintiff does not wish to settle this matter, please let me know whether plaintiff intends to immediately pay the judgment for costs. If not, defendants intend to collect the amount through any legal means.

Very truly yours,

D. Douglas Cotton

D. Douglas Cotton

Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

April 17, 1997

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Re: Bisom v. CNMI

Dear Robert:

As you may know, we removed this action to the United States District Court after plaintiff refiled his Complaint in the Superior Court. Plaintiff then made a motion to remand the action back to the Superior Court, which the District Court granted after once again dismissing the first two causes of action for violation of 42 U.S.C. Sections 1983 and 1981. Enclosed for your files is a copy of the District Court's Order.

It is now up to plaintiff to serve the Summons and Complaint. I told plaintiff's counsel that we would not agree to accept service on your behalf. Consequently, you can expect plaintiff to attempt to personally serve you with the Summons and Complaint. I do not know if plaintiff knows exactly where you live, but he does know that you now live in Washington. Please let me know when you are served so that we will be able to determine when our response is due.

Please give me a call if you have any questions in the meantime.

Very truly yours,

Doug

D. Douglas Cotton

Enclosure

State of Idaho
County of Kootenai
I Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of Letter, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/26/2007

CYNTHIA TIMMONS NOTARY PUBLIC STATE OF IDAHO



Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

June 2, 1997

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Re: Bisom v. CNMI

Dear Robert:

After this case was remanded to the Superior Court, we agreed to accept service of plaintiff's Summons and Amended and Supplemental Complaint on behalf of Scott Tan and the CNMI. We did not agree to accept service on your behalf. We then filed a motion for a more definite statement and a motion to dismiss. Rather than oppose our motions, plaintiff's counsel agreed to file yet another amended complaint, which he did on May 30, 1997. Plaintiff's counsel just faxed me a copy of the Second Amended Complaint and Amended Summons that he intends to serve you with. Plaintiff has the same address for you as shown on this letter. Assuming you are still at that address, you can expect to be served soon, if you haven't been already. Please let me know when you are served. In addition, please let me know your phone number.

The Second Amended Complaint suffers from many of the same problems as the earlier complaint. Consequently, I intend to file another motion for more definite statement and a motion to dismiss. I will send you copies after they are filed.

If you have any questions, please give me a call.

Very truly yours,

Doug

D. Douglas Cotton

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of Letter, with the original. It is a complete and true copy of the original document.

Timmons
Notary Public
Commission expires 10/20/2007

CYNTHIA TIMMONS NOTARY PUBLIC STATE OF IDAHO



Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

March 17, 1998

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Dear Robert:

Thanks for the note. The following is a quick update on the case since my last letter:

We filed a motion to dismiss several of the claims in the complaint. The motion was taken under submission by Judge Castro who sat on it for six months or so without deciding any of the issues.

Bisom then filed a motion to amend his complaint to add two additional claims, including a claim for violation of the Family and Medical Leave Act (a federal claim). (A copy of the new complaint is enclosed.) The motion was granted and after Bisom filed his third amended complaint, we removed the case to the federal court. Bisom filed another motion to disqualify Judge Munson, which the Judge denied before we could even file an opposition. Bisom also filed a motion to remand the case to superior court. At the hearing, the Judge, on his own motion, dismissed the FMLA claim, which was the only thing keeping the case in the federal court. Consequently, Judge Munson remanded the remaining Commonwealth claims back to the superior court.

All of the briefing has been completed on our motion to dismiss, which will probably end up back in front of Judge Castro. We have no idea when he will rule on it. Until he does, not much will happen with the case.

On another note, the Ninth Circuit just set the oral argument for Bisom's appeal of the dismissal by Judge Munson of Bisom's two claims for violation of 42 U.S.C. § 1983. The oral argument will be heard in May, and, depending on the panel, it may be months after that before we have a decision from Ninth Circuit. If they reverse, we'll be back in the federal court to try those two federal claims.

If you've gotten a phone number yet, please let me know it in case I need to get in touch with you more quickly than the mail. If you have any questions, please give me a call at (670) 664-2333.

Very truly yours,

D. Douglas Cotton

D. Douglas Cotton
Assistant Attorney General

Enclosure

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of Letter, with the original. It is a complete and true copy of the original document.

Cynthia Timmons
Notary Public
Commission expires 10/20/2007

CYNTHIA TIMMONS
NOTARY
PUBLIC
STATE OF IDAHO



# Commonwealth of the Northern Mariana Islands

## Office of the Attorney General

2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 20 05, I carefully compared the attached copy of letter, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/2007

June 30, 1999

Robert D. Bradshaw
P.O. Box 3590
Oldtown, ID 83822

Re: Your letter of May 25, 1999 to the Attorney General

Dear Mr. Bradshaw:

The task of handling the defense in the various Bisom lawsuits has been assigned to me. I will try to answer your questions, and I need some information from you as well.

Here is a brief summary of the litigation to date—

US District Court 95-0042, Complaint filed November 14, 1995. The CNMI won judgment against all federal claims, and the remaining state claims were dismissed without prejudice on November 22, 1996.

US Court of Appeals 96-17369, appeal filed December 5, 1996. Appeal of judgment in case 95-0042. Currently awaiting decision.

CNMI Superior Court 96-1320, Complaint filed December 5, 1996. Removed to US District Court December 31, 1996.

US District Court 96-0052, on removal from CNMI Superior Court December 31, 1996. Federal claims dismissed with prejudice, and state claims remanded back to CNMI Superior Court on March 27, 1997.

CNMI Superior Court 96-1320, on remand from US District Court March 27, 1997. Amended and Supplemental Complaint filed May 1, 1997. Second Amended Complaint filed May 30, 1997. Motion to dismiss certain claims filed June 23, 1997. Third Amended Complaint filed December 24, 1997. Removed to US District Court on January 23, 1998.

US District Court 98-0002, on removal from CNMI Superior Court, January 23, 1998. Federal claim dismissed with prejudice, state claims remanded back to CNMI Superior Court on May 6, 1998.

CNMI Superior Court 96-1320, on remand from US District Court, May 6, 1998. Motion to dismiss denied November 6, 1998. Fourth Amended Complaint filed November 18, 1998. Motion for


reconsideration filed December 7, 1998. Motion for reconsideration denied March 16, 1999. Answer of CNMI and Scott Tan to Fourth Amended Complaint filed March 30, 1999.

In response to an inquiry from me, on June 21, 1999, Bisom offered to settle all claims against all defendants for $150,000. We have not responded.

My review of the case indicates that Bisom should not be legally entitled to more than the amount he could have picked up to close out his employment with the government, or less than $2000, all attributable to the government. If the litigation goes to decision, the full exposure of all defendants might exceed $500,000, most of that in the form of punitive damages against the individual defendants, Scott Tan and Robert Bradshaw

I need your answers to the following questions—

1. Do you want to have the Office of the Attorney General continue to represent you? All claims against you in case 96-1320 are now listed as being in your individual capacity. We will defend if you will cooperate. I have not yet filed an answer to the claims directed only toward you. If you do not wish to have this office represent you further, I will transmit that information to the Superior Court, and I will ask to have the Attorney General withdrawn as your representative. If we withdraw, then no information previously provided by you to this office as your attorney in this litigation could be used by this office to your detriment. If you wish to have us continue to provide your defense, then please answer the remaining questions. Your answers will be protected under the attorney-client privilege.

2. Were you ever personally served with the Complaint and/or Summons, or with any subsequent amended complaints, in 96-1320? If not, are you aware of any event that might constitute constructive service? If there has been no service perfected, then I may be able to get you out of 96-1320 on the two-year statute of limitations for tort claims.

3. What do you know about the basis for Bisom's claims relating to discriminatory actions taken by you because Bisom is a Jew?

4. How can we make contact to exchange information regarding your defense on a basis closer to real-time? My private e-mail address is b.bush@saipan.com. My direct line in the AG's office is 670-664-2331.

For your information, Doug Cotton returned to the mainland one year ago. He is now living with his family in Dallas, Texas.

Sincerely,

William Bush

William C. Bush
Assistant Attorney General

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of Letter with the original. It is a complete and true copy of the original document.

[signature]
Notary Public
Commission expires 10/20/2007

CYNTHIA TIMMONS
NOTARY
PUBLIC
STATE OF IDAHO



Commonwealth of the Northern Mariana Islands

**Office of the Attorney General**

2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP 96950

**Civil Division**
Tel: (670) 664-2341/2342
Fax: (670) 664-2349

**Immigration Division**
Tel: (670) 236-0922/0923
Fax: (670) 664-3190

**Criminal Division**
Tel: (670) 664- 2366/2367/2368
Fax: (670) 234-7016

April 6, 2004

Mr. Robert D. Bradshaw
P.O Box 473
Calder, Idaho 83808

Dear Mr. Bradshaw

Per the instructions of Benjamin Sachs, I am sending you copies of the following documents that you have requested:

1. Order & Judgment dated March 10, 2000

2. Judgment by Supreme Court entered 9/13/02

3. Opinion and Order in Bisom v. Commonwealth 2002 MP 19.

I trust this is responsive to your inquiry

Sincerely,

for Jacinta Kaipat

Benjamin Sachs
Assistant Attorney General
Director, Civil Division

State of Idaho
County of Koetenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of 16 pages with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/2007

CYNTHIA TIMMONS NOTARY PUBLIC STATE OF IDAHO


COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
OFFICE OF THE ATTORNEY GENERAL
2ND FLOOR - ADMINISTRATION BLDG., CAPITOL HILL
SAIPAN, MP 96950

ATTORNEY GENERAL
DEPUTY ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
SOLICITORS DIVISION
Tel: (670) 322-4311/4312
FACSIMILE: (670) 322-4320

CRIMINAL DIVISION
Tel: (670) 234-7771/7111/6207
FACSIMILE: (670) 234-7016

October 7, 2004

Mr. Robert D. Bradshaw
PO Box 473
Calder, Idaho 83808
208-245-1691

Dear Mr. Bradshaw:

As a point of introduction, I am the A/Chief Investigator for the CNMI Attorney General's Investigations Unit, based in Saipan. I have tried to reach you on the telephone several times without success.

Your information was forwarded to me by Assistant Attorney General Ed Buckingham for follow-up. In turn, I have assigned this case ( #04-182) to AGIU Investigators Frank Kapileo and Alfred Teregeyo for the follow-up and investigation – 670-664-2312. They will be your contact in the CNMI for any additional information that you might wish to provide, or need progress reports.

Best wishes and be assured of thorough follow-up and necessary attention to this matter.

Sincerely,

Joseph H. Race, A/Chief
Attorney General's Investigations Unit



Commonwealth of the Northern Mariana Islands
**Office of the Attorney General**
2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP 96950

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Criminal Division**
Tel: (670) 664-2366
Fax: (670) 234-7016

February 15, 2005

Robert D. Bradshaw
PO Box 473
Calder, Idaho 83808

Dear Mr. Bradshaw:

I am writing in response to your faxed letter to the Attorney General dated February 7, 2005, which was received on February 9, 2005. Your letter requests "that the CNMI take immediate action to indemnify me for the previously cited $139,130 plus the new expenses incurred by me on 96-1930 (approximately $100 in telephone calls, fax charges, postage, paper and copies, car expenses, notary charges, etc.)."

As a preliminary matter, based upon your telephone inquiry in April, 2004, the Office of the Attorney General furnished to you copies of the judgment and order entered by the CNMI Superior Court and by the Supreme Court in *Bisom v. Commonwealth*, Civil Action No. 96-1320 (N.M.I. Superior Ct. filed Mar. 10, 2000), *aff'd*, Appeal Nos. 00-0016GA & 00-0023-GA (N.M.I. Supreme Ct. Sept.13, 2002). A copy of the Supreme Court's Opinion and Order in *Bisom v. Commonwealth*, 2002 MP 19 (2002), was also furnished to you at the same time.

As a result, you were notified of the entry in March, 2000 of a money judgment against you in the sum of $139,000, which judgment was subsequently affirmed on appeal in September, 2002.

Furthermore, by virtue of the aforementioned Opinion and Order, you were notified that according to the CNMI Supreme Court, you did not submit a timely request for indemnification or defense under the Public Employees Legal Defense and Indemnification Act (PELDIA). *Bisom v. Commonwealth*, 2002 MP 19 ¶24. In addition, you were notified that Mr. Bisom's attorney's attempt to have the Commonwealth pay the judgment entered against you under PELDIA was denied by the Superior Court, because of its determination that you had not requested to be indemnified as required by 7 CMC §2304(a). The Supreme Court affirmed this decision. 2002 MP at ¶¶ 57-58.

Almost six months later, you sent the Office of the Attorney General a letter in September, 2004, to "formally request indemnification under the commonwealth indemnification act." Based upon my review, it appears that your letter claiming a right to indemnification was initially received in the Office of the Attorney General by mail on 9/29/04, and that subsequently, copies of the same letter were received, by mail or by fax, on 1/26/05, 2/7/05, and 2/9/05.



Under the provisions of PELDIA, 7 CMC §2304(a), the following four conditions must be satisfied in order for a public employee or former employee to receive legal representation at the expense of the Commonwealth government or a public entity such as the Office of the Public Auditor:

> (1) The employee requests the public entity to pay for his defense or to defend him against any claim against him for an injury arising out of an act that he reasonably and in good faith believes has occurred within the scope of his employment as an employee of the public entity (whether or not the employee is sued in an official or private capacity);
> (2) The employee has not acted because of actual fraud, actual malice, or willful criminal misconduct;
> (3) The employee reasonably cooperates in good faith in the defense of the claim; and
> (4) The employee makes his request in writing to the public entity not less than five days before an answer must be filed; provided, that an employee against which a claim is pending on June 24, 1986, shall have 60 days within which to make his written request.

(Emphasis added) Under the circumstances, including the prior determination by the CNMI Superior Court that you did not request to be indemnified as required by 7 CMC §2304(a), which was upheld on appeal by the Supreme Court, the Office of the Attorney General is not willing to provide legal representation or indemnification for you in this case.

Please be advised that the Office of the Attorney General previously acted as counsel for the CNMI and the Office of the Public Auditor and, in that capacity, entered into a settlement agreement with Robert A. Bisom on September 30, 2002, concerning the *Bisom v. Commonwealth* case. As a result of a settlement in the amount of $140,000.00, a portion of the money judgment entered in favor of Mr. Bisom was satisfied in full.

However, the settlement agreement reached in September, 2002, expressly provided that it did not "affect Plaintiff's ability to enforce the judgment against co-defendant, Robert D. Bradshaw, entered against him in his personal capacity, for which it has been determined that the government of the Commonwealth is not liable. *Bisom v. CNMI*, 2002 MP 19 (Opinion and Order of September 19, 2002)."

Consequently, the Office of the Attorney General must also decline employment as counsel for you in the *Bisom v. Commonwealth* case, because it would impermissibly conflict with our representation of the Commonwealth and the Office of the Public Auditor, and there are no screening measures that we could utilize to avoid the appearance of a conflict of interest.

In closing, we recommend that you promptly consult an attorney or law firm to evaluate the enforceability of the judgment and order entered against you, whether there are grounds for challenging the judgment and order at this juncture, the likelihood of success in challenging such judgment and order, and the availability of any other legal or equitable remedies that you might have.

In order to facilitate such an evaluation, the Office of the Attorney General will agree to pay for a telephone consult by you with a CNMI-licensed attorney whom I find acceptable. Stephanie Flores, Esq. of Torres Brothers, P.C., a law firm located at the Bank of Guam Building, Third Floor, Saipan, MP 96950 (telephone number: 670-233-5506), has indicated her willingness to provide this limited service for you, at the expense of my Office. Please let me know immediately if you wish to consult with Ms. Flores, so that I can make the necessary arrangements, including copying of relevant documents and materials for review by Ms. Flores.

Very truly yours,

OFFICE OF THE ATTORNEY GENERAL

Pam Brown

PAMELA BROWN
Attorney General