**JAY H. SORENSEN**
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone:    (86) 21 5083-8542
Facsimile:    (86) 21 5083-8542

Defendant in pro se

F I L E D
Clerk
District Court

OCT 2 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>        Plaintiff,<br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); NICOLE C. FORELLI, former Acting Attorney General of the CNMI, in her personal/individual capacity; WILLIAM C. BUSH, former Assistant Attorney General of the CNMI, in his personal/individual capacity; D. DOUGLAS COTTON, former Assistant Attorney General of the CNMI, in his personal/individual capacity; DAVID SOSEBEE, former Assistant Attorney General of the CNMI, in his personal/individual capacity; ANDREW CLAYTON, former Assistant Attorney General of the CNMI, in his personal/individual capacity; Other UNKNOWN and UNNAMED person or persons in the CNMI OFFICE OF THE ATTORNEY GENERAL, in their personal/individual capacity, in 1996-2002; ALEXANDRO C. CASTRO, former Judge Pro Tem of the CNMI SUPERIOR COURT, in his personal/individual capacity; JOHN A. MANGLONA, Associate Justice of the CNMI SUPREME COURT, in his personal/individual capacity; TIMOTHY H. BELLAS, former Justice Pro Tem of the CNMI SUPREME COURT, in his personal /individual capacity; PAMALA S. BROWN, present Attorney General of the CNMI, in her personal/individual capacity; ROBERT A. BISOM; and JAY H. SORENSEN,<br>        Defendants. | Case No. CV 05-0027<br><br>EX-PARTE APPLICATION UNDER LOCAL RULE 7.1.h.3(b) FOR ORDER EXTENDING TIME TO ANSWER AND/OR OTHERWISE RESPOND TO AMENDED COMPLAINT; CERTIFICATE PURSUANT TO LOCAL RULE 7.1.h.3(b); DECLARATION OF JAY H. SORENSEN IN SUPPORT |

CERTIFICATE PURSUANT TO LOCAL RULE 7.1.h.3(b)

I, JAY H. SORENSEN, certify as follows:

A. The address and phone number of the plaintiff, who is without counsel, as listed on the amended complaint is:

>P.O. Box 473
>1530 Trout Creek Road
>Calder, Idaho 83808
>208-245-1691

My address and phone are set forth above the caption. These are the only two parties to the case so far.

B. The reason this application is ex-parte is due to the fact that there is insufficient time to do a noticed motion because there is only twenty (20) days to file a responsive pleading. In addition, I am uncertain when my responsive pleading is due to be filed. Summons and complaint was sent by certified mail from Calder, Idaho, where plaintiff lives, addressed to me at the address above. That address is for a mail forwarding service provided by my wife's employer; they are the ones who would have signed the receipt for the package, then forward it to Shanghai. Thus, I do not know when it was received at that address, or if or when it was signed for. The summons says it must be within twenty (20) days after service of the summons, exclusive of the day of summons. I assume from that it is due twenty days after my receipt, which works out to be November 8, 2005. However, if plaintiff receives a return receipt signed before that, he may fix an earlier date.

C. I telephoned the plaintiff at the phone number on the amended complaint during the morning of October 25, 2005, which would have been evening October 24, 2005 in Idaho, to request a stipulation and/or advise him of my intention of filing this

application. There was no answer. Communication is complicated by the fact that there is a time difference of 15 hours between my time zone and Idaho. Also, plaintiff lists no fax number, so written communication must be by mail. I will mail a copy of this application contemporaneous with sending it to the court.

Certified this 26th day of October, 2005.

------------------------------
Jay H. Sorensen

## APPLICATION

Defendant, JAY H. SORENSEN, for himself, herby makes application pursuant to Rule 6(b), Federal Rules of Civil Procedure, for an extension of time in which to answer or to otherwise respond to the amended complaint filed in the above matter. Good cause exists for such extension of time, as set forth in the declaration herein below.

## DECLARATION OF JAY H. SORENSEN

I, Jay H. Sorensen, declare as follows:

1. I received a copy of the summons and complaint and amended complaint in the above entitled matter on October 19, 2005.

2. I moved permanently from the C.N.M.I. in June, 2003. I now live in Shanghai, China.

3. The amended complaint is 81 pages long, purporting to make seventeen different claims. A cursory review of the complaint reveals there are theories of conspiracy to commit civil rights violations and a RICO claim. The volume and the complexity of the amended complaint indicate that an extraordinary amount of time will be required to consider the claims and formulate my defenses and potential challenges to the sufficiency of complaint and to process.

4. I am handicapped by the fact that there is no law library that includes American legal research materials in Shanghai. I do have access to Lexis through the Information Resource Center of the U.S. Consulate General's Office, but that resource is available only by prearrangement and only during business hours on weekdays. This makes it a difficult and inconvenient resource for me to use.

5. What is essentially the same case was filed by this plaintiff in the district court for Idaho, fashioned. *Bradshaw v. CMNI et al.*, Case No.CV 97-84-N-EJL. That case was dismissed without prejudice, the court ruling that it did not have subject matter jurisdiction. (Memorandum Order dated July 25, 2005). While that case was pending I communicated with the C.N.M.I. Attorney General's office, who coordinated the representation of all the defendants other than Robert Bisom and myself. I have likewise been communicating with that office on this case. I have been told by the chief of the civil division of the AG's office that he expects that his office will represent the other defendants in this case and that he is not aware of any of the other defendants having been served as yet. Thus, since it will take some time to get them all served, granting this extension will cause no delay as to when the case is finally at issue.

6. Accordingly, request is made to extend the time 30 additional days to December 8, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of October, 2005 at Shanghai, P.R. China.

_____
Jay H. Sorensen

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _October 26, 2005_ a copy of the within EX-PARTE APPLICATION UNDER LOCAL RULE 7.1.h.3(b) FOR ORDER EXTENDING TIME TO ANSWER AND/OR OTHERWISE RESPOND TO AMENDED COMPLAINT; CERTIFICATE PURSUANT TO LOCAL RULE 7.1.h.3(b); DECLARATION OF JAY H. SORENSEN IN SUPPORT ; and the [PROPOSED] ORDER GRANTING EXTENSION OF TIME

were deposited for delivery to the U.S. Post Office, first class mail, postage prepaid, addressed as set forth below:

>Robert D. Bradshaw
>P.O. Box 473
>1530 W. Trout Creek Road
>Calder, Idaho  83808

_/s/ Jay H. Sorensen_
Jay H. Sorensen