F E D
Clerk
District Court

NOV 22 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ORIGINAL

1  JAMES D. LIVINGSTONE
   KRISTIN D. ST. PETER
2  Assistant Attorneys General
   Commonwealth of the Northern Mariana Islands
3  Office of the Attorney General-Civil Division
   2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
4  Caller Box 10007
   Saipan, MP 96950
5
6  Attorneys for: Defendant Forelli

7            IN THE UNITED STATES DISTRICT COURT
          DISTRICT OF THE NORTHERN MARIANA ISLANDS
8

9  ROBERT D. BRADSHAW,                      Case No. 05-0027

10                 Plaintiff,

11          vs.

12 COMMONWEALTH OF THE NORTHERN              **DEFENDANT NICOLE FORELLI'S**
   MARIANA ISLANDS, NICOLE C. FORELLI,      **NOTICE OF MOTION AND MOTION**
13 WILLIAM C. BUSH, D. DOUGLAS COTTON,      **TO DISMISS OR QUASH SERVICE**
   L. DAVID SOSEBEE, ANDREW CLAYTON,        **OF SUMMONS; DECLARATIONS OF**
14 UNKNOWN AND UNNAMED PERSONS IN           **FORELLI AND CASTRO**
   THE CNMI OFFICE OF THE ATTORNEY          **[Fed. R. Civ. P. 4 AND 12(b)(5)]**
15 GENERAL, ALEXANDRO C. CASTRO, JOHN
   A. MANGLONA, TIMOTHY H. BELLAS,          **HEARING**: December **22**, 2005
16 PAMELA BROWN, ROBERT BISOM, AND          **TIME**: __**9**__:00 a.m.
   JAY H. SORENSEN,
17
                   Defendants.
18

19
                        **NOTICE**
20 TO PLAINTIFF ROBERT D. BRADSHAW:

21     PLEASE TAKE NOTICE THAT on December **22**, 2005, at __**9**__:00 a.m., or as soon

thereafter as the matter may be heard, in the above-entitled Court, the Office of the Attorney General

of the Commonwealth of the Northern Mariana Islands, on behalf of Defendant Nicole Forelli, will and hereby does move this Court, pursuant to Rules 4 and 12 (b)(5) of the Federal Rules of Civil Procedure to dismiss this action or quash service of the Summons and Amended Complaint on Ms. Forelli for insufficiency of service of process. Ms. Forelli submits this motion for the limited purpose of dismissing this action or quashing service of the Summons and Amended Complaint, and reserves the right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) at a later time.

This Motion is based upon this Notice of Motion, Motion and accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, all matters of which judicial notice may be taken, and upon such further argument and evidence as may be considered by the Court at or before the hearing on this matter.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: November 22, 2005.

By _____
James D. Livingstone

By _____
Kristin D. St. Peter

1  JAMES D. LIVINGSTONE
   KRISTIN D. ST. PETER
2  Assistant Attorneys General
   Commonwealth of the Northern Mariana Islands
3  Office of the Attorney General-Civil Division
   2ⁿᵈ Floor, Hon. Juan A. Sablan Memorial Bldg.
4  Caller Box 10007
   Saipan, MP 96950
5
6  Attorneys for:  Defendant Forelli

7              IN THE UNITED STATES DISTRICT COURT
            DISTRICT OF THE NORTHERN MARIANA ISLANDS
8

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>                    Plaintiff,<br><br>             vs.<br><br>COMMONWEALTH OF THE  NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>                    Defendants. | Case No.  05-0027<br><br><br>**DEFENDANT FORELLI'S MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE PURSUANT TO FED. R. CIV. P. 4 AND 12 (b) (5) AND INCORPORATED AUTHORITIES** |

                           <u>**MOTION**</u>

        Now Comes, the Commonwealth of the Northern Mariana (hereafter "CNMI") Attorney

General's Office on behalf of Defendant Nicole Forelli (hereafter sometimes "Defendant" or

"Defendant Forelli") and moves to dismiss or quash Plaintiff Robert D. Bradshaw's Summon and

Complaint in the above entitled action on the grounds of defective service. Defendant Forelli submits

this motion for the limited purpose of challenging Plaintiff's method of service and reserves the right

to move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12 (b) (5) at a later time.

### BACKGROUND

Plaintiff, a former Temporary Public Auditor for the CNMI, initially filed an action very

similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005.[1]  Plaintiff,

as a *pro se* litigant, then filed a Second Amended Complaint with the U.S. District Court of Idaho on

May 18, 2005, which asserted at least seventeen claims under an exhaustive list of federal civil and

criminal statutes, including, among others, the Racketeer Influence Corrupt Organizations Act, the

Immigration Reform and Control Act and numerous Federal Civil Rights causes of action.[2]  The action

was filed against two Justices of the CNMI Supreme Court, one former Superior Court Judge, and four

Assistant Attorneys General because of their participation in a civil matter previously litigated before

the CNMI Superior Court.  Shortly thereafter, Defendants moved to dismiss Plaintiff's complaint on

several grounds, including the lack of personal jurisdiction.  On July 25, 2005, the U.S. District Court

of Idaho granted Defendants' motion to dismiss.[3]

Plaintiff, again as a *pro se* litigant, then filed this lawsuit on the same, or substantially similar,

grounds as the matter dismissed by the U.S. District Court of Idaho.

---

[1] Plaintiff's Amended Complaint ¶1 and 23.

[2] *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005) attached.

[3] *See id.* at 10.

2

**1**  Defendant Forelli is an individual and former employee of the CNMI government currently

**2**  residing in the State of Hawaii.  On November 2, 2005 and while residing in Hawaii, Defendant

**3**  received a summons and complaint in the above-entitled action through United States Postal Service

**4**  mail.  The mail envelope was address to Defendant Forelli at her place of business:  Legal Aid Society

**5**  of Hawaii, 2287 Main Street, Wailuku, HI 96793.  Attached to the envelope was certified mail

**6**  sticker.[4]

**7**  Defendant Forelli has never waived the service requirements set forth in Rule 4 of the Federal

**8**  Rules of Civil Procedure and is unwilling to do so at this time.  Accordingly, Plaintiff's service fails to

**9**  comport with the requirements set forth in the Federal Rules of Civil Procedure.   As a result of this

**10**  defect, the above-entitled action should be dismissed or Plaintiff's service upon Defendant Forelli

**11**  should be quashed.

**12**  **ARGUMENT**

**13**  *Pro se* litigants are held to the same procedural rules as counseled litigants.[5]  With regard to

**14**  service of a summons and complaint upon an adverse party, Federal Rule of Civil Procedure 4 (e)

**15**  states:

**16**  Unless otherwise provided by federal law, service upon an individual from
**17**  whom a waiver has not been obtained and filed, other than an infant or an
     incompetent person, may be effected in any judicial district of the United
**18**  States:

**19**  (1) pursuant to the law of the state in which the district court is
     located, or in which service is effected, for the service of a

**20**  _____

**21**  [4] *See* Forelli's Declaration ¶ 3 attached.

**22**  [5] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3

1

2

              summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

3

4

5

    (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.[6]

6

7

      "A federal court does not have jurisdiction over a defendant unless the defendant has been

8

served properly under Fed. R. Civ. P. 4."[7]  Based upon Rule 4 and due to the fact that the Defendant

9

has not waived service, a summons and complaint must be served either a) pursuant to the laws of the

CMNI or the state where service is effected, or b) in person.

10

      Fed. R. Civ. P.12 (b) (5) "allows for a motion to dismiss for insufficiency of process" and

11

"permits a defendant to challenge the method of service attempted by the plaintiff."[8]  Moreover,

12

"where service of process is insufficient, the court has broad discretion to dismiss the action or to

13

retain the case but quash the service that has been made on defendant."[9]

14

      In this instance, Defendant Forelli was served through United States Postal Service mail with a

15

certified mail receipt, and not in person.  Because personal service did not occur, Plaintiff is required

16

to serve Defendant in the manner prescribed by CNMI or Hawai'i law.  Failure to do so is grounds for

17

18

19

[6] Fed. R. Civ. P. 4 (e) (2005).

20

[7] See *Cranford v. U.S,.* 359 F.Supp. 2d 981, 983 (E.D. Cal. 2005).

21

[8] Fed. R. Civ. P. 12 (b) (5) (2002); *see also Cranford v. U.S,.* 359 F.Supp. 2d at 984.

22

[9] *See Cranford supra*; *see also Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985).

4

a wholesale dismissal of this action, or permits this honorable Court to quash Plaintiff's service upon

Defendant Forelli.

a.    *Bradshaw's Service Is Improper Under CNMI Law*

Commonwealth Code Title 7 § 1101 *et seq.* governs "service of process in all actions and

proceedings properly before or in a court of jurisdiction within the Commonwealth including . . . the

United States District Court for the Northern Mariana Islands." Because Defendant Forelli resides

outside the Commonwealth's physical boundaries, 7 C.M.C § 1102 (b) states that service of process

must be made in accordance with 7 C.M.C § 1104. [10]

There are two service requirements articulated in § 1104 for parties residing outside the

CNMI.[11] The first requirement is that a certified copy of the summons and complaint be served upon

the CNMI Attorney General's Office regardless of whether the Attorney General represents a party to

the action.[12] The second requirement is that a copy of the summons and complaint must then be served

---

[10] 7 CMC § 1102 (b) (2000) Service of process upon any person who is subject to the jurisdiction of the courts of the Commonwealth, as provided in this section, may be made as provided by 7 CMC § 1104, if the person cannot be found in the Commonwealth, with the same force and effect as if process had been personally served within the Commonwealth.

[11] 7 CMC §1104 (a) (2000) When service of process is provided by 7 CMC §§ 1102 and 1103, service shall be made by leaving a certified copy with the Attorney General, who shall keep a record of each such process and the day and hour of service; provided, that notice of the service and a copy of the summons and of the complaint are served upon the defendant personally by any person authorized to serve process in the place in which he or she may be found or appointed by the court for the purpose; or sent by certified or registered mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or his or her attorney shall file an affidavit of service with the clerk of courts showing that copies of the summons and complaint were served or sent by certified or registered mail, and in the latter case, the return receipt signed by the defendant shall be filed with the affidavit. The service shall be deemed complete upon delivery of the required papers to the defendant outside the Commonwealth, personally or by mail as provided.

[12] *See id.*

upon the defendant either in person or by certified or registered mail.[13]  The service requirements

described in § 1104 are not "either or," rather both the Attorney General's Office and the non-resident

defendant must be served in order to perfect service.

In this instance, the Plaintiff failed to serve Defendant Forelli in accordance § 1104.  Although

it is true that Plaintiff served Defendant Forelli by United States mail with a certified mail receipt on

November 2, 2005, Plaintiff never provided the CNMI Attorney General's Office with an additional

certified copy of Defendant Forelli's summons and complaint as required by § 1104.  Consequently,

Plaintiff's service of the summons and complaint upon Defendant Forelli does not satisfy the service

requirements described in Federal Rule 4 (e) and 7 C.M.C.§1101 *et seq.*

     *b.*     *Bradshaw's Service Is Improper Under Hawai'i Law*

Plaintiff has also failed to perfect service under Hawai'i law.  Hawai'i's Rules of Civil

Procedure state that service of a summons and complaint must be made in person by a qualified

party.[14]  Service upon Defendant Forelli occurred through certified mail, and not in person.  Thus,

Plaintiff failed to serve Defendant Forelli in the manner prescribed by Hawai'i's Rules of Civil

Procedure, because service was not made in person or by an individual qualified to do so.

---

[13] *See id.*

[14] HI ST RCP 4 (2005).  By whom served. Service of all process shall be made: (1) anywhere in the State by the sheriff or the sheriff's deputy, by some other person specially appointed by the court for that purpose, or by any person who is not a party and is not less than 18 years of age; or (2) in any county by the chief of police or the chief's duly authorized subordinate. A subpoena, however, may be served as provided in Rule 45.

(d) Same: Personal service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

6

1    Furthermore, Plaintiff's service upon Defendant Forelli is inconsistent with Hawai'i's long-arm

2    statute.  Hawai'i's long-arm statute provides that service may be made upon the defendant "personally

3    by any person authorized to serve process in the place in which the defendant may be found or

4    appointed by the court for the purpose, or sent by certified, registered, or express mail, postage

5    prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant."[15]  If

6    service is made by certified, registered or express mail, the statute goes on to say that "a return receipt

7    signed by the defendant" shall be filed with the court.[16]  In the matter pending, service upon Defendant

8    Forelli was attempted via certified mail sent to her place of business.  Service upon the Defendant,

9    however, fails to comport with Hawai'i's service statute because Defendant Forelli never signed a

10    return receipt.[17]  Accordingly, it will be impossible for Plaintiff to file a return receipt "signed by the

11    defendant" with this honorable Court as directed by Hawai'i statute.  Service upon Defendant Forelli

12    is, therefore, also defective under Hawaiian Law.

13

14

15

16

17

18    [15] Haw. Rev. Stat. § 634-36 (2004).  When service of summons is provided for by section 634-33, 634-34, or 634-35, service shall be made by service upon the defendant personally by any person authorized to serve process in the place in which the defendant may be found or appointed by the court for the purpose, or sent by certified, registered, or express mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or the plaintiff's attorney shall file the return of the serving officer or an affidavit showing that the copy of summons and complaint were served as aforesaid or sent by certified, registered, or express mail as aforesaid, and in the latter case the return receipt signed by the defendant shall be filed with the affidavit. The service shall be complete upon delivery of the required papers to the defendant outside the State, personally or by mail as provided.

19

20

21    [16] *See id. supra.*

22    [17] *See* Forelli Declaration ¶ 4.

7

1

**CONCLUSION**

2

WHEREFORE, based upon the foregoing, this honorable Court should grant Defendant

3

Forelli's Motion to Dismiss for Defective Service; or, in the alternative, service upon Defendant

4

Forelli should be quashed until such time as Plaintiff effectuates service in accordance with the Federal

5

Rules of Civil Procedure.

6

7

Respectfully submitted,

8

OFFICE OF THE ATTORNEY GENERAL

9

10

11

Dated:  November 2⁵, 2005.          By _____
                                       James D. Livingstone

12

13

14                                   By _____
                                       Kristin D. St. Peter

15

16

17

18

19

20

21

22

8

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on the ___ day of November, 2005, upon the following:

ROBERT BRADSHAW
Plaintiff, Pro Se
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808


JAY SORENSEN
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone:   (86) 21 5083-8542
Facsimile:   (86) 21 5083-8542


_____
James D. Livingstone
Assistant Attorney General

9

1

2

3

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

4   ROBERT D. BRADSHAW,                          Case No.  05-0027

5                          Plaintiff,

6                      vs.

7   COMMONWEALTH OF THE  NORTHERN
    MARIANA ISLANDS, NICOLE C. FORELLI,          ORDER
8   WILLIAM C. BUSH, D. DOUGLAS COTTON,
    L. DAVID SOSEBEE, ANDREW CLAYTON,
9   UNKNOWN AND UNNAMED PERSONS IN
    THE CNMI OFFICE OF THE ATTORNEY
10  GENERAL, ALEXANDRO C. CASTRO, JOHN
    A. MANGLONA, TIMOTHY H. BELLAS,
11  PAMELA BROWN, ROBERT BISOM, AND
    JAY H. SORENSEN,
12
                         Defendants.
13

14

15      Defendant Nicole Forelli's Motion to QUASH for Defective Service in the above-entitled

16  action is hereby GRANTED.

17

18

19  Dated:

20                                      _____
                                        U.S. District Court Judge
21

1

2

3
IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

4
ROBERT D. BRADSHAW,

Case No.  05-0027

5
                    Plaintiff,

6
                    vs.

7
COMMONWEALTH OF THE  NORTHERN
MARIANA ISLANDS, NICOLE C. FORELLI,

ORDER

8
WILLIAM C. BUSH, D. DOUGLAS COTTON,
L. DAVID SOSEBEE, ANDREW CLAYTON,

9
UNKNOWN AND UNNAMED PERSONS IN
THE CNMI OFFICE OF THE ATTORNEY

10
GENERAL, ALEXANDRO C. CASTRO, JOHN
A. MANGLONA, TIMOTHY H. BELLAS,

11
PAMELA BROWN, ROBERT BISOM, AND
JAY H. SORENSEN,

12

13
                    Defendants.

14

15
        Defendant Nicole Forelli's Motion to DISMISS for Defective Service in the above-entitled

16
action is hereby GRANTED.

17

18

19
Dated:

                    _____

20
                    U.S. District Court Judge

21

James D. Livingstone
Assistant Attorney General
Office of the Attorney General
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 670-664-2341
Fax:  670-664-2349

Attorney for Defendant Forelli

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

Case No.  05-0027

| | | |
|---|---|---|
| ROBERT D. BRADSHAW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF THE | ) | |
| NORTHERN MARIANA ISLANDS, | ) | **CLARINDA S. CASTRO'S** |
| NICOLE C. FORELLI, | ) | **DECLARATION IN SUPPORT** |
| WILLIAM C. BUSH | ) | **OF MOTION TO DISMISS OR** |
| D. DOUGLAS COTTON, L. DAVID | ) | **QUASH** |
| SOSEBEE, ANDREW CLAYTON, | ) | |
| UNKNOWN AND UNNAMED | ) | |
| PERSONS IN THE CNMI OFFICE OF | ) | |
| THE ATTORNEY GENERAL, | ) | |
| ALEXANDRO C. CASTRO, JOHN A. | ) | |
| MANGLONA, TIMOTHY H. BELLAS, | ) | |
| PAMELA BROWN, ROBERT BISOM, | ) | |
| AND JAY H. SORENSEN | ) | |
| | ) | |
| | ) | |
| Defendants | / | |

I, Lynn Castro, under penalty of perjury, declare as follows:

1.    I am an individual currently residing in the Commonwealth of the
        Northern Mariana Islands ("CNMI") on the island of Saipan and employed
        as an Administrative Assistant by the CNMI Attorney General's Office.

2.    I am responsible for accepting and logging all service of summons and complaint made upon the CNMI's Attorney General's Office.

3.    The Attorney General's Office has not been served a summons and complaint on behalf of Ms. Forelli in the above-entitled action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on Saipan, CNMI on November 21, 2005.


CLARINDA S. CASTRO

James D. Livingstone
Assistant Attorney General
Office of the Attorney General
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 670-664-2341
Fax: 670-664-2349

Attorney for Defendant Forelli


## UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

Case No. 05-0027

| | | |
|---|---|---|
| ROBERT D. BRADSHAW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF THE | ) | **DEFENDANT FORELLI'S** |
| NORTHERN MARIANA ISLANDS, | ) | **DECLARATION IN SUPPORT** |
| NICOLE C. FORELLI, | ) | **OF MOTION TO QUASH** |
| WILLIAM C. BUSH | ) | |
| D. DOUGLAS COTTON, L. DAVID | ) | |
| SOSEBEE, ANDREW CLAYTON, | ) | |
| UNKNOWN AND UNNAMED | ) | |
| PERSONS IN THE CNMI OFFICE OF | ) | |
| THE ATTORNEY GENERAL, | ) | |
| ALEXANDRO C. CASTRO, JOHN A. | ) | |
| MANGLONA, TIMOTHY H. BELLAS, | ) | |
| PAMELA BROWN, ROBERT BISOM, | ) | |
| AND JAY H. SORENSEN | ) | |
| | ) | |
| | ) | |
| Defendants | / | |

I, Nicole Forelli, under penalty of perjury, declare as follows:

1.    I am an individual currently residing in the State of Hawai'i and employed
as an attorney by the Legal Aid Society of Hawai'i.

2.    From October, 1992 to October, 2000, I was employed by the
Commonwealth of the Northern Mariana Islands Attorney General's
Office as an Assistant Attorney General and, for a brief time, as the Acting
Attorney General.

3.    On November 2, 2005, one of my co-workers accepted service of a
summons and complaint in the above-entitled action sent via United States
Postal Service certified mail to my place of business: Legal Aid Society of
Hawaii, 2287 Main Street, Wailuku, HI 96793.

4.    I did not sign the certified mail receipt attached to the summons and
complaint, rather Mahealani Ventura-Oliver, also an employee of Legal
Aid Society of Hawai'i, signed the certified mail receipt.


I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge.  Executed in Wailuku, Hawai'i on November 16 , 2005.


NICOLE FORELLI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT D. BRADSHAW,                )
                                   )
                    Plaintiff,     )  Case No. CV05-84-N-EJL
                                   )
vs.                                )  MEMORANDUM ORDER
                                   )
COMMONWEALTH OF THE NORTHERN       )
MARIANA ISLANDS, et al.,           )
                                   )
                    Defendants.    )
_____   )

     Pending before the Court in the above-entitled matter are Defendants' motions to dismiss for lack of jurisdiction (Docket Nos. 21, 26, and 29) as well as Plaintiff's motions to seal and strike (Docket Nos. 33 and 36) and Plaintiff's motion to extend the service time and allow service by publication (Docket No. 51). Defendants' move to dismiss case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and in the alternative for improper venue and insufficiency of service of process on certain Defendants. Defendants contend this Court is without personal jurisdiction over them as Defendants have insufficient contacts with Idaho. Plaintiff argues jurisdiction is proper in Idaho and nationwide service of process is appropriate in this case.

     Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

     Plaintiff Robert Bradshaw ("Bradshaw") is a former Temporary Public Auditor for the Commonwealth of Northern Mariana Islands ("CNMI"). He filed this action as a *pro se* litigant. Defendants are the CNMI, a former Acting Attorney General (Nicole Forelli) and three former

MEMORANDUM ORDER - Page 1
05ORDERS\Bradshaw_dis_05-84.WPD

CNMI Assistant Attorneys (William Bush, L. David Sosebee, and Andrew Clayton), two CNMI Supreme Court Justices (Alexandro Castro and John Manglona), a former CNMI Superior Court Judge and Supreme Court Justice (Timothy Bellas), a private attorney from the CNMI (Jay Sorensen), and a former employee of the CNMI government (Robert Bison) who was terminated from employment by Plaintiff during Bradshaw's tenure as Temporary Public Auditor.

Plaintiff's Second Amended Complaint (Docket No. 20) asserts eighteen claims under various federal statutes including criminal statutes, the Racketeer Influenced Corrupt Organizations ("RICO") Act, the Immigration Reform and Control Act and the CNMI's Indemnification Act. Bradshaw's claims arise from a civil lawsuit by Bison against Bradshaw. Bison's attorney was Sorensen. Bradshaw claims he instructed the Attorney General's office that he had not been personally served and they should deny any attempt of service on his behalf. A default judgment was entered against Plaintiff in favor of Bison on March 10, 2000. Bradshaw maintains Sorensen fraudulently served the complaint and that the court involved in the case improperly allowed defective service of process to support the default judgment as well as improperly denied indemnification under the CNMI Indemnification Act. Plaintiff also alleges the CNMI Supreme Court improperly upheld the denial of indemnification. Bradshaw also alleges the CNMI Attorney General unlawfully failed to protect Bradshaw's interests during the Bison litigation.

Bradshaw now resides in Idaho. None of the Defendants reside in Idaho. It is not disputed that Plaintiff did not personally serve Sorensen or Bison. Instead, Plaintiff had the complaint served on Jay Sorensen's sister, Cynthia Sorensen at a residence in which neither of these Defendants were residing.

## BURDEN OF PROOF

The Court's review of the motions to dismiss is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiff that *pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In a 12(b)(2) motion to dismiss the Plaintiff need only make a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal. Glencore Grain

MEMORANDUM ORDER - Page 2
05ORDERS\Bradshaw_dis_05-84.WPD

Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002) (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001)). The Court accepts as true Plaintiff's uncontroverted allegations, and resolves in its favor factual conflicts contained in the parties' filings. Id. Finally, if the allegations in the complaint are challenged by Defendants, the Plaintiff must prove specific facts supporting personal jurisdiction. Taylor v. Protland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967).

## DISCUSSION

Personal jurisdiction over all parties is required before a court may decide a case in controversy. U.S. CONST. Amend. XIV. Before a court may properly exercise personal jurisdiction over a nonresident defendant it must be satisfied that two independent requirements have been met: first, that an applicable rule or statute affirmatively authorizes the assertion of personal jurisdiction over the defendant, and second, that the assertion of such jurisdiction "accords with constitutional principles of due process." Data Disc, Inc., 557 F.2d at 1285; Petrik v. Public Serv. Mut. Ins. Co., 879 F.2d 682, 684 (9th Cir. 1989). Although the two requirements are independent, they are often interrelated. For example, where federal subject matter jurisdiction is predicated on diversity, Rule 4 of the Federal Rules of Civil Procedure incorporates the state's long-arm statute as the authorizing source for service of process. In such a case, the defendant's amenability to suit in federal district court is limited by the state's rule or statute. Because a state's ability to authorize service of process is restricted by the due process clause to cases in which the defendant has certain minimum contacts with the state, a federal district court sitting in diversity will analyze the due process inquiry by assessing the defendant's contacts with the forum state. Neaves, 912 F.2d at 1065; Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

In contrast, where the federal court's subject matter jurisdiction is predicated on a federal question and service is accomplished pursuant to a federal law authorizing nationwide or worldwide service of process, and not by reference to the state's long-arm statute, the court is no longer restricted by the due process limitations inherent to a state's authorization of service. Go-Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1414-15 (9th Cir. 1989); Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1315-16 (9th Cir. 1985). Under these circumstances, then, due

MEMORANDUM ORDER - Page 3
05ORDERS\Bradshaw_dis_05-84.WPD

process concerns may be satisfied by a determination that the defendant has sufficient contacts with the United States as a whole. Go-Video, Inc., 885 F.2d at 1414-16; Vigman, 764 F.2d at 1315-16; Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir.), cert. denied, 449 U.S. 1062 (1980).

In examining the facts of this case, the Court finds it lacks personal jurisdiction over the named Defendants regardless of the whether a state or federal statute is cited as a basis to create personal jurisdiction.

### I. Idaho's Long Arm Statute Analysis

Two forms of personal jurisdiction exist: general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). In order to exercise either type of personal jurisdiction, the state long-arm statute must be satisfied. See State of Idaho v. M.A. Hanna Co., 819 F. Supp. 1464 (D. Idaho 1993). In adopting Idaho Code § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. Houghland Farms, Inc. v. Johnson, 803 P.2d 978, 981 (Idaho 1990); see also Lake v. Lake, 817 F.2d 1416 (9th Cir. 1987) (determining federal cases provide guidance in determining whether personal jurisdiction exists). Thus, for the long arm statute to apply, the Court need only determine whether asserting personal jurisdiction complies with due process. M.A. Hanna Co., 819 F. Supp. 1464.

### A. General Jurisdiction

General jurisdiction allows a defendant to be haled into court in a state where the defendant's contacts with that state are "substantial" or "continuous and systematic," even if the action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The defendant's contacts must approximate physical presence in the state to meet the "fairly high" standard for establishing general jurisdiction. Id. (citing Gates Learjet Corp. v. Jensen, 743 F. 2d 1325, 1331 (9th Cir. 1984)). Factors to consider in determining general jurisdiction include: "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is

incorporated there." Id. See also Hirsh v. Blue Cross, Blue Shield of Kansas City, 800 F. 2d 1474, 1478 (9ᵗʰ Cir. 1986).

None of the individually named Defendants has ever set foot in or transacted business in the State of Idaho. The Defendants have no direct business or governmental contact with Idaho. The Defendants do not solicit or engage in business in Idaho. Clearly, general jurisdiction is lacking as to each Defendant in this case and Plaintiff has not carried his burden to establish general jurisdiction.

### B. Specific Jurisdiction

When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising "specific jurisdiction" over the defendant. Helicopteros, 466 U.S. at 414 n. 8. Specific jurisdiction exists if a defendant has sufficient "minimum contacts" with the forum such that exercise of jurisdiction would not "offend the traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In the Ninth Circuit, three conditions must be met in order to establish "minimum contacts": (1) the nonresident defendant must purposely direct its activities or consummate some transaction with the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities within the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Yahoo! Inc. v. La Ligue Le Racisme, 379 F.3d 1120, 1123 (9ᵗʰ Cir. 2004.)

### 1. The nonresident defendant must purposefully conduct activities within the forum:

The connection between the defendant and the forum State required for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. Asahi Metal Industrial Co. v. Superior Ct., 480 U.S. 102, 112 (1987). This requirement ensures that a person is not hauled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Thus, the Court must examine whether Defendants' activities were directed purposefully toward the forum. Id. at 476. Purposeful availment "requires

MEMORANDUM ORDER - Page 5
05ORDERS\Bradshaw_dis_05-84.WPD

a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" <u>Doe v. Unocal Group</u>, 248 F.3d 915, 923 (citing <u>Sher v. Johnson</u>, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d 1191, 1195 (9th Cir. 1988)).  However, " an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts' to support personal jurisdiction." <u>Id.</u> (citing <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 816 n. 9 (9th Cir. 1988) (quoting <u>Burger King</u>, 471 U.S. at 478).

Incorporating the standards set forth in <u>Burger King</u>, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. <u>Doe</u>, 248 F.3d at 923 (citing <u>Haisten v. Grass Valley Medical Reimbursement Fund, LTD</u>, 784 F.2d 1392, 1397 (9th Cir. 1986)).  Thus, cases will arise in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction where reasonable.  <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1074 (9th Cir. 1986).

It is undisputed that the individual Defendants do not have "minimum contacts" with the State of Idaho.  Accordingly, the Court finds the named Defendants have not purposefully directed activities in Idaho.  While it appears an employee of the CNMI did originally contact Bradshaw regarding employment in CNMI, that person is not a party to this lawsuit and such limited contact with Idaho does not confer specific jurisdiction as to the government of CNMI or other governmental employees especially since the cause of action in this case is not related to the initial contact regarding Bradshaw's employment.

2. <u>The claim must arise out of or result from Defendant's forum-related activities:</u>

The plaintiff's claims must arise out of the defendants' forum related activities.  In making this determination, the Ninth Circuit has adopted a "but for" analysis.  See <u>Ballard v. Savage</u>, 65

F.3d 1495, 1500 (citing <u>Shute v. Carnival Cruise Lines</u>, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where, "but for" Defendant's activities in Idaho, the Plaintiff's current alleged injuries would not have occurred. Again, it is undisputed that the current claims do not arise out of Defendants' forum related activities as the only Defendant that could be held to even have exercised Idaho activities is CNMI and this was discussed above as being insufficient to create specific jurisdiction over the named Defendants.

3. <u>The exercise of jurisdiction must be reasonable:</u>

The Court must also determine whether the exercise of jurisdiction is reasonable, looking at seven factors: the extent of defendant's purposeful injection into the forum state's affairs; the burden on the defendant in defending in the forum; the extent of conflict with sovereignty of the defendant's state; the interest of the forum state; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the availability of an alternative forum. <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1114 (9th Cir 2002). It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204 (1977).

Based on the facts as alleged by Plaintiff, the Court finds there is nothing that can be considered "reasonable" in conferring specific jurisdiction in Idaho over these Defendants via the long-arm statute of the State of Idaho. Plaintiff argues the fact that his real property in Idaho may be subject to the default judgment entered by the court in CNMI should establish jurisdiction over the Defendants. The fact that Plaintiff resides in Idaho and may own property in Idaho establishes personal jurisdiction over Plaintiff, but it does nothing to establish personal jurisdiction over the named Defendants. The fact certain Defendants may, in the future, have contacts in Idaho does not make personal jurisdiction "reasonable" at the time the lawsuit was filed in this case.

All three of the test for specific personal jurisdiction under Idaho's long-arm statute fail when applied to the record before this Court.  Accordingly, Idaho's long-arm statute has not been satisfied to confer general or specific  personal jurisdiction over the Defendants in this case.

II.  <u>Nationwide Service of Process</u>

In the absence of authority to serve process using Idaho's lang-arm statute, Plaintiff argues he may seek such authority under a federal statute.  Fed. R. Civ. P. 4(k)(1)(D).  However, of the several federal statutes cited by Plaintiff in his Second Amended Complaint, only the RICO Act offers a nationwide service of process provision.  18 U.S.C. § 1965(b).[1]

Bradshaw alleges that the Defendants (except Bison and Sorenson) are liable under RICO as they conspired to deny his civil rights and his right to indemnification.   Since Sorensen and Bison are not named in the RICO Act count of the Second Amended Complaint, nationwide service of process would not apply to these two Defendants.  As to the CNMI Defendants (those connected or formerly connected to or employed by the government of CNMI), the Court finds the RICO Act claim set forth in the Second Amended Complaint is insufficient to confer personal jurisdiction over the CNMI Defendants.

Rule 4(k)(2) of the Federal Rules of Civil Procedure may apply when neither general nor specific jurisdiction can be established.  If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.  Fed. R. Civ. P. 4(k)(2).  There are, however, limits on the applicability of nationwide service of process under the RICO Act.

---

[1]  18 U.S.C. § 1965(b) provides:
In any action under section 1964, of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States the marshal thereof.

MEMORANDUM ORDER - Page 8
05ORDERS\Bradshaw_dis_05-84.WPD

Merely alleging the CNMI Defendants' actions constituted a deprivation of Plaintiff's rights as a RICO claim is not sufficient to allow nationwide service of process. <u>Bowen v. Oistead</u>, 125 F.3d 800, 806 (9th Cir. 1997). The Ninth Circuit has held "[f]or nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multi district conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all the alleged co-conspirators." <u>Butchers Union Local No. 498 v. SDC Inv., Inc.</u>, 788 F2d 535 (9th Cir. 1986). In this case, Plaintiff has not come forward with evidence to establish personal jurisdiction over any of the alleged CNMI co-conspirators and has not shown there is no other district in which a court could have personal jurisdiction over all the alleged co-conspirators. Therefore, Plaintiff has failed to establish the CNMI Defendants are amenable to service of process under the RICO Act.

As to any other federal statute cited in the Second Amended Complaint, the Court finds the Plaintiff has not carried his burden to establish that service would satisfy the constitutional concerns of fairness or reasonableness when the alleged improper actions took place in CNMI and not in Idaho and Plaintiff is the only party in Idaho. Defendants are not amenable to service of process in the District of Idaho nor could they reasonably expect that would have to defend litigation in Idaho.

## CONCLUSION

Plaintiff has not met his burden of proof to establish personal jurisdiction over the named Defendants. In examining the record in this matter, the exercise of personal jurisdiction over any of the Defendants would not be constitutional, reasonable or fair. There are no state or federal statutes that provide for the exercise of personal jurisdiction over any of the named Defendants as Plaintiff has not carried his burden to establish Idaho's long-arm statute applies or the RICO Act's nationwide service applies to confer personal jurisdiction. The other federal statutes alleged in the Second Amended Complaint do not provide for service that complies with the constitutional concerns of Fed. R. Civ. P. 4(k)(2). Having found no personal jurisdiction over any of the Defendants, the Court finds it would also be unfair and improper to allow service by publication where this Court has no personal jurisdiction over Defendants living outside the United States.

MEMORANDUM ORDER - Page 9
05ORDERS\Bradshaw_dis_05-84.WPD

## ORDER

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED:

1) Plaintiff's motion to seal (Docket No. 33) is **GRANTED**.

2) Plaintiff's motion to withdraw or strike his answer and rebuttal to motion for extension of time to serve response pleadings FILED ON May 12, 2005 (Docket No. 36) is **GRANTED**.

3) Defendants' Motions to Dismiss (Docket Nos.21, 26, and 29) are **GRANTED** as this Court lacks personal jurisdiction over the named Defendants and the matter is **DISMISSED WITHOUT PREJUDICE**.

4) Plaintiff's motion to extend the time for service and to serve by publication (Docket No. 51) is **DENIED**.

5) Defendants' Motion to Strike (Docket No. 56) is **GRANTED** and Plaintiff's sur-reply is **STRICKEN** (Docket No. 53) as such is not provided by the Local Rules without leave of the Court.

DATED: **July 25, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - Page 10
05ORDERS\Bradshaw_dis_05-84.WPD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT D. BRADSHAW, | ) |
| Plaintiff, | ) Case No. CV05-84-N-EJL |
| vs. | ) JUDGMENT |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., | ) |
| Defendants. | ) |

Based upon this Court's Memorandum Order, dated July 25, 2005, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff take nothing from the Defendants and this case is **DISMISSED WITHOUT PREJUDICE** based upon this Court's lack of personal jurisdiction over the named Defendants.

DATED: **July 25, 2005**

Honorable Edward J. Lodge
U. S. District Judge

JUDGMENT - Page 1
05ORDERS\Bradshaw_JDM_05-84.WPD