ORIGINAL

```
                                              FILED
                                              Clerk
                                              District Court

                                            NOV 25 2005

JAMES D. LIVINGSTONE
KRISTIN D. ST. PETER                    For The Northern Mariana Islands
Assistant Attorneys General             By_____
Commonwealth of the Northern Mariana Islands         (Deputy Clerk)
Office of the Attorney General-Civil Division
2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
```

Attorneys for: **Defendant Cotton**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>Defendants. | Case No. 05-0027<br><br>**DEFENDANT D. DOUGLAS COTTON'S NOTICE OF MOTION AND MOTION TO DISMISS OR QUASH SERVICE OF SUMMONS; DECLARATIONS OF COTTON AND CASTRO**<br>[Fed. R. Civ. P. 4 AND 12(b)(5)]<br><br>HEARING: December 22, 2005<br>TIME: 9:00 a.m./p.m. |

## NOTICE

PLEASE TAKE NOTICE THAT on December 22, 2005, at 9:00 a.m./p.m., or as soon thereafter as the matter may be heard, in the above-entitled Court, the Office of the Attorney General of the Commonwealth of the Northern Mariana Islands, on behalf of Defendant D. Douglas

Cotton, will and hereby does move this Court, pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure to dismiss this action or quash service of the Summons and Amended Complaint on Mr. Cotton for insufficiency of service of process. Mr. Cotton submits this motion for the limited purpose of dismissing this action or quashing service of the Summons and Amended Complaint and reserves the right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6).

     This Motion is based upon this Notice of Motion, Motion and the accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, all matters of which judicial notice may be taken, and upon such further argument and evidence as may be considered by the Court at or before the hearing on this matter.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: November 22, 2005.

By _____
James D. Livingston

By _____
Kristin D. St. Peter

JAMES D. LIVINGSTONE
KRISTIN D. ST. PETER
Assistant Attorneys General
Commonwealth of the Northern Mariana Islands
Office of the Attorney General-Civil Division
2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950

Attorneys for: **Defendant Cotton**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>Defendants. | Case No. 05-0027<br><br>**DEFENDANT COTTON'S MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE PURSUANT TO FED. R. CIV. P. 4 AND 12 (b) (5) AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |

## MOTION

Now Comes, the Commonwealth of the Northern Mariana (hereafter "CNMI") Attorney General's Office on behalf of Defendant D. Douglas Cotton (hereafter sometimes "Defendant" or "Defendant Cotton") and moves to dismiss or quash Plaintiff Robert D. Bradshaw's Summons and Complaint in the above entitled action on the grounds of defective service. Defendant Cotton submits

this motion for the limited purpose of challenging Plaintiff's method of service and reserves the right to file a motion to dismiss on Federal Rule of Civil Procedure 12 (b)(6) grounds at a later time.

## BACKGROUND

Plaintiff, a former Temporary Public Auditor for the CNMI, initially filed an action very similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005.[1] Plaintiff then filed a Second Amended Complaint with the U.S. District Court of Idaho on May 18, 2005, which asserted at least seventeen claims under an exhaustive list of federal civil and criminal statutes, including, among others, the Racketeer Influence Corrupt Organizations Act, the Immigration Reform and Control Act and numerous Federal Civil Rights causes of action.[2] The action was filed against two Justices of the CNMI Supreme Court, one former Superior Court Judge and four former Assistant Attorneys General, among others, for merely performing their respective duties in a civil action litigated before the Superior Court. Shortly thereafter Defendants moved to dismiss Plaintiff's complaint on numerous grounds, including the lack of personal jurisdiction. On July 25, 2005, the U.S. District Court of Idaho granted Defendants' motion to dismiss.[3]

Plaintiff then filed this lawsuit on the same, or substantially similar, grounds as the matter dismissed by the U.S. District Court of Idaho.

Defendant Cotton is an individual and former employee of the CNMI government currently residing in the State of Texas. On November 9, 2005 and while residing in Texas, Defendant received,

---

[1] Plaintiff's Amended Complaint ¶1 and 23.

[2] See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al., Case No. CV 05-84-N-EJL (D. Idaho. 2005) attached.

[3] See id. at 10.

2

but never signed for, a summons and complaint in the above-entitled action through United States Postal Service Priority mail. The mail envelope was addressed to Defendant Cotton at his place of business: c/o American Airlines, 4333 Amon Carter Blvd, MD 5675, Fort Worth, Texas 76155. Attached to the envelope was certified mail sticker No. 7099 3220 0001 3672 1158.[4]

Defendant Cotton has never waived the service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and is unwilling to do so at this time. Accordingly, Defendant Cotton argues herein that Plaintiff's service fails to comport with the requirements set forth in the Federal Rules of Civil Procedure. As a result of this defect, the above-entitled action should be dismissed or Plaintiff's service upon Defendant Cotton should be quashed.

**ARGUMENT**

*Pro se* litigants are held to the same procedural rules as counseled litigants.[5] Federal Rule of Civil Procedure 12 (b) (5) "allows for a motion to dismiss for insufficiency of process" and "permits a defendant to challenge the method of service attempted by the plaintiff."[6] Moreover, "where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant."[7] The party upon whose behalf service was made

---

[4] *See* Cotton's Declaration ¶ 2 attached.

[5] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

[6] Fed. R. Civ. P. 12 (b) (5) (2002); *see also Cranford v. U.S,*. 359 F.Supp. 2d 981, 984 (E.D. Cal. 2005).

[7] *See Cranford supra; see also Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985).

3

has the burden of establishing its validity.[8] When the party propounding service upon another fails to sustain this burden, courts have routinely quashed service.[9]

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."[10] With regard to service of process, Rule 4 (e) states:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) *pursuant to the law of the state in which the district court is located, or in which service is effected*, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.[11]

Based upon Rule 4 and due to the fact that the Defendant has not waived service, a summons and complaint must be served either a) pursuant to the laws of the CMNI or the state where service is effected, or b) in person.

In this instance, Defendant Cotton was served through United States Postal Service mail with a certified mail receipt, and not in person. Because personal service did not occur, Plaintiff is required

---

[8] *See Cranford supra, see also Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Ore. 1984).

[9] *See Wells supra; see also Metts v. University of Nevada-Reno*, 301 F.Supp. 1247 (D.Nev. 2004)

[10] *See Cranford v. U.S,.* 359 F.Supp. 2d at 983.

[11] Fed. R. Civ. P. 4 (e) (2005).

4

to serve Defendant in the manner prescribed by CNMI or Texas law. Failure to do so is grounds for a wholesale dismissal of this action, or permits this honorable Court to quash Plaintiff's service upon Defendant Cotton.

    *a.*    *Bradshaw's Service Is Improper Under CNMI Law*

Commonwealth Code Title 7 § 1101 *et seq.* governs "service of process in all actions and proceedings properly before or in a court of jurisdiction within the Commonwealth including . . . the United States District Court for the Northern Mariana Islands." Because Defendant Cotton resides outside the Commonwealth's physical boundaries, 7 C.M.C. § 1102 (b) states that service of process must be made in accordance with 7 C.M.C. § 1104.[12]

There are two service requirements articulated in § 1104 for parties residing outside the CNMI.[13] The first requirement is that a certified copy of the summons and complaint be served upon the CNMI Attorney General's Office regardless of whether the Attorney General represents a party to the action.[14] The second requirement is that a copy of the summons and complaint must then be served upon the defendant either in person or by certified or registered mail with the receipt signed by

---

[12] 7 CMC § 1102 (b) (2000) Service of process upon any person who is subject to the jurisdiction of the courts of the Commonwealth, as provided in this section, may be made as provided by 7 CMC § 1104, if the person cannot be found in the Commonwealth, with the same force and effect as if process had been personally served within the Commonwealth.

[13] 7 CMC § 1104 (a) (2000) When service of process is provided by 7 CMC §§ 1102 and 1103, service shall be made by leaving a certified copy with the Attorney General, who shall keep a record of each such process and the day and hour of service; provided, that notice of the service and a copy of the summons and of the complaint are served upon the defendant personally by any person authorized to serve process in the place in which he or she may be found or appointed by the court for the purpose; or sent by certified or registered mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or his or her attorney shall file an affidavit of service with the clerk of courts showing that copies of the summons and complaint were served or sent by certified or registered mail, and in the latter case, **the return receipt signed by the defendant shall be filed with the affidavit**. The service shall be deemed complete upon delivery of the required papers to the defendant outside the Commonwealth, personally or by mail as provided.

5

the defendant and filed with the court.[15] The service requirements described in § 1104 are not "either or," rather both the Attorney General's Office and the non-resident defendant must be served in order to perfect service.

Based upon our facts, Plaintiff failed to serve Defendant Cotton in accordance § 1104. Although it is true that Plaintiff served Defendant Cotton by United States mail with a certified mail receipt on November 9, 2005, Defendant did not personally sign the mail receipt and Plaintiff never provided the CNMI Attorney General's Office with an additional certified copy of Defendant Cotton's summons and complaint. Both of these actions are required by § 1104 to perfect service. Consequently, Plaintiff's service of the summons and complaint upon Defendant Cotton does not satisfy the service requirements described in Federal Rule 4 (e) and 7 C.M.C. §1101 *et seq*.

   b.   *Bradshaw's Service Is Improper Under Texas Law*

Bradshaw has also failed to perfect service under Texas law. In Texas, "[a] judgment cannot be rendered against a defendant unless the defendant was served with process, accepted or waived service, or entered an appearance."[16] "The citation [summons] and a copy of the plaintiff's petition [complaint], which is attached, are collectively referred to as the 'process.' Service of process is accomplished when the citation and a copy of the petition are delivered to the defendant, or the

---

[Footnote continued from previous page]

[14] *See id.*

[15] *See id.*

[16] *See* Michol O'Connor & Byron P. Davis, O'Connor's Texas Rules Civil Trials 2004 118 (2004) (citing Tex. R. Civ. P. 124; Werner v. Colwell, 909 S.W.2d 866, 869-70 (Tex. 1995).

defendant is given notice of the suit through some other authorized means."[17]

Service by certified mail is permitted under Texas law, but it must meet certain requirements that Bradshaw has failed to meet.[18] "Service by certified mail may only be made by (1) the clerk of the court, (2) the sheriff or constable or any other person authorized by law, or (3) any person 18 years of age or older, authorized by law or by order of court."[19] Here, the summons and complaint were not served by the clerk of the court, the sheriff, constable, or any other person authorized by law or by court. In fact, Rule 103 of the Texas Rules of Civil Procedure specifically provides that "no person who is a party to or interested in the outcome of a suit may serve any process."[20] Bradshaw has thus failed to properly serve Defendant Cotton under Texas law or Rule 4(e) of the Federal Rules of Civil Procedure.

---

[17] See O'Connor & Byron P. Davis, supra, at 118.

[18] See Tex. R. Civ. P. 106 ("the citation by be served by any person authorized by Rule 103 by . . . mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto").

[19] See O'Connor & Byron P. Davis, supra, at 121.

[20] Tex. R. Civ. P. 103; see also Tex. R. Civ. P. 103, Comment—2005 (describing application process to be certified to serve process under Rule 103)

## CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant Defendant Cotton's Motion to Dismiss for Defective Service; or, in the alternative, service upon Defendant Cotton should be quashed until such time as Plaintiff effectuates service in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: November 23, 2005.    By _____
James D. Livingstone

By _____
Kristin D. St. Peter

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on the 25 day of November, 2005, upon the following:

ROBERT D. BRADSHAW
Plaintiff, Pro Se
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808

JAY SORENSEN
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone: (86) 21 5083-8542
Facsimile: (86) 21 5083-8542

_____
James D. Livingstone
Assistant Attorney General

9

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>Defendants. | Case No. 05-0027<br><br>**ORDER** |

Defendant D. Douglas Cotton's Motion to QUASH for Defective Service in the above-entitled action is hereby GRANTED.

Dated: _____            _____
                                    U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

ROBERT D. BRADSHAW,

    Plaintiff,

vs.

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,

    Defendants.

Case No. 05-0027

**ORDER**

Defendant D. Douglas Cotton's Motion to DISMISS for Defective Service in the above-entitled action is hereby GRANTED.

Dated: _____

                                                    U.S. District Court Judge

James D. Livingstone
Assistant Attorney General
Office of the Attorney General
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 670-664-2341
Fax: 670-664-2349

Attorney for Defendant Forelli

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

Case No. 05-0027

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>   Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE<br>NORTHERN MARIANA ISLANDS,<br>NICOLE C. FORELLI,<br>WILLIAM C. BUSH<br>D. DOUGLAS COTTON, L. DAVID<br>SOSEBEE, ANDREW CLAYTON,<br>UNKNOWN AND UNNAMED<br>PERSONS IN THE CNMI OFFICE OF<br>THE ATTORNEY GENERAL,<br>ALEXANDRO C. CASTRO, JOHN A.<br>MANGLONA, TIMOTHY H. BELLAS,<br>PAMELA BROWN, ROBERT BISOM,<br>AND JAY H. SORENSEN<br><br>   Defendants | **CLARINDA S. CASTRO'S<br>DECLARATION IN SUPPORT<br>OF MOTION TO DISMISS OR<br>QUASH** |

I, Clarinda Castro, under penalty of perjury, declare as follows:

1. I am an individual currently residing in the Commonwealth of the Northern Mariana Islands ("CNMI") on the island of Saipan and employed as an Administrative Assistant by the CNMI Attorney General's Office.

2. I am responsible for accepting and logging all service of summons and complaint made upon the CNMI's Attorney General's Office.

3. The Attorney General's Office has not been served a summons and complaint on behalf of Mr. D. Douglas Cotton in the above-entitled action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on Saipan, CNMI on November 22nd, 2005.

_____
CLARINDA S. CASTRO

1   I, D. Douglas Cotton, declare as follows:

2   1.   I am a Senior Attorney at American Airlines, Inc. in Fort Worth, Texas. From June 10, 1996 to approximately June 10, 1998, I was an Assistant Attorney General with the Office of the Attorney General for the Commonwealth of the Northern Mariana Islands. Unless otherwise stated, I have personal knowledge of each of the facts set forth below and, if called to testify, I could competently testify to these facts in court.

3   2.   On November 9, 2005, I received a copy of a Summons in a Civil Case and a copy of an Amended Complaint in Bradshaw v. Commonwealth of the Northern Mariana Islands (No. CV 05-0027). The Summons and Amended Complaint were contained in a United States Postal Service Priority Mail Flat Rate Envelope. The Envelope was addressed to me at my work address: c/o American Airlines, 4333 Amon Carter Blvd, MD 5675, Fort Worth, Texas 76155. The Envelope has a Certified Mail sticker (No. 7099 3220 0001 3672 1158) above the address. To the left of the address, it appears that there may have been a return receipt requested. If so, someone in the mailroom must have signed the return receipt, because I did not see it or sign it.

4   3.   I have never been asked to waive service in this matter, nor have I done so.

5   4.   As part of its corporate policy, American Airlines does not accept any legal documents involving an employee that do not involve the company.

6   5.   Attached as Exhibit A are true and correct copies of the pages cited in the accompanying motion from Michol O'Connor & Byron P. Davis, O'Connor's Texas Rules Civil Trials 2004 (2004), and from the Texas Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 18, 2005, at Fort Worth, Texas.

*D. Douglas Cotton* (signature)
D. Douglas Cotton