.........290
.........296
.........303

.........313
.........341
.........363
.........375
.........386
.........408
.........416
.........423
.........434
.........438
T
.........443
.........456
.........485
.........491
.........493
.........499
.........505
.........510

.........519
.........532
.........534
.........544
.........553
.........557
.........561
.........564
.........566
.........581
.........586

.........590
.........591
.........595
.........609

.........617
.........617
.........636
.........639
.........641
.........649
.........654
.........659

# O'Connor's Texas Rules
# Civil Trials

**BY**
**Michol O'Connor**

**2004 Editors**
**Michol O'Connor**
**Byron P. Davis**

**Jones McClure Publishing**
**Houston, Texas**

**O'Connor's Litigation Series**

Suggested cite form: *O'Connor's Texas Rules • Civil Trials* (2004)

address of the clerk who issued the citation. TRCP 99(b)(3), (11).

   **2. Signature & seal.** The citation must be signed by the clerk and issued under the seal of the court. TRCP 15, 99(b)(2); *Verlander Enters. v. Graham*, 932 S.W.2d 259, 262 (Tex.App.—El Paso 1996, no writ).

★

**§2.4   Information about P.** The citation must contain the following information about the plaintiff:

**1.   Identification of P.** The citation must contain the name of the plaintiff. TRCP 99(b)(7). If pro se, the citation must contain the plaintiff's address. TRCP 99(b)(9).

**2.   P's lawyer.** The citation must contain the name and address of the plaintiff's lawyer. TRCP 99(b)(9).

**§2.5   Information about D.**

**1.   Identification of D.**

**(1)   Name.** The citation must contain the defendant's correct name. TRCP 99(b)(7); *see Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1998, pet. denied). If the correct defendant was incorrectly named in the petition, the error is a misnomer, and a default judgment against that defendant will be affirmed if (1) the correct defendant was actually served, and (2) the petition describes the facts in such a way that the correct defendant knows it is the intended defendant. *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex.App.—Austin 2001, no pet.). If the wrong defendant was named in the petition, the error is a misidentification, and a default judgment must be reversed. *See, e.g., Union Pac.*, 49 S.W.3d at 78 (P named & served Union Pacific Railroad, not Union Pacific Corp.). See "Misnomer vs. misidentification," ch. 2-B, §3.3.1(2), p. 69.

**(2)   Capacity.** When the defendant is sued in a representative capacity, the defendant must be identified in the petition by that capacity (*e.g.*, trustee, executor). *See, e.g., Werner*, 909 S.W.2d at 870 (judgment could not be rendered against D as a trustee when she was sued only as an individual). See "Capacity," ch. 2-B, §3.2.2, p. 68.

**(3)   Address for service.** The citation must include the defendant's address for service of process. When the defendant is a nonresident, the petition should use the exact language from the long-arm statute, TRCP 108, or other applicable statute to describe the place for service. The long-arm statute requires that the documents to be served on the Secretary of State (the petition and citation) must include a statement of the nonresident's name and home or home office address where the process is to be served. CPRC §17.045(a).

**2.   Citation directed to D.** The citation must "be directed to the defendant." TRCP 99(b)(8); *see, e.g., Plains Chevrolet v. Thorne*, 656 S.W.2d 631, 633 (Tex.App.—Waco 1983, no writ) (service void because citation directed to G.M. Corporation, not Plains Chevrolet). TRCP 15, however, requires the process "to be directed to any sheriff or any constable within the State of Texas." The inclusion of directions to the sheriff or constable to serve the defendant does not invalidate the citation under TRCP 99(b)(8). *See Barker CATV Constr. v. Ampro, Inc.*, 989 S.W.2d 789, 792-93 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (overruling other 1st court cases that held citation defective because it was directed to sheriff as well as D).

**§2.6   Identification of D's agent for service.** If the defendant must be served through an agent, the citation must name the agent for service and state the address for service on the agent. Even though an agent is to be served for the defendant, the citation must be directed to the defendant and not to the agent. *See Barker CATV*, 989 S.W.2d at 792. If the citation is directed to the agent, it does not confer jurisdiction over the defendant. *Dan Edge Motors v. Scott*, 657 S.W.2d 822, 823 (Tex.App.—Texarkana 1983, no writ); *see, e.g., Verlander Enters.*, 932 S.W.2d at 261 (citation was directed to a vice-president instead of the corporation). When the citation names one person as agent for service, but the return of the citation shows it was served on another person, the trial court does not acquire jurisdiction over the defendant. *Pharmakinetics Labs. v. Katz*, 717 S.W.2d 704, 706 (Tex.App.—San Antonio 1986, no writ).

**1.   Corporation.** When the defendant is a corporation, the citation should be directed to the corporation and name as agent for service the president, any vice-president, or the registered agent. *Dan Edge Motors*, 657 S.W.2d at 823.

— left margin column —

aue for the main action
of the same transaction,

21-124, 237. See CPRC

which a plaintiff gives a
*Tab*, 70 S.W.3d 809, 813
t, to satisfy due process
*v. Estevez*, 737 S.W.2d
: a defendant unless the
i. TRCP 124; *Werner v.*
Tex.1991). The citation
rocess." Service of pro-
dant, or the defendant is

are especially important
ervice do not apply in an
rict compliance with the
e service," ch. 7-A, §3.4,

bles, this book, Pretrial

: *with Service of Process
Parties*, 25 St. Mary's LJ.

court upon payment of a

P 15, 99(b)(1). The pro-

e cause number. TRCP
png number, the citation
writ denied). Service of
:g., *Finlay v. Jones*, 435
).

: about the court:

on of the court and the

der the seal of the court.
so 1996, no writ).



SERVING DEFENDANT

## COMMENTARIES
### CHAPTER 2. THE PLAINTIFF'S LAWSUIT
### H. SERVING THE DEFENDANT WITH SUIT



**2. Partnership.** When the defendant is a partnership, the citation must be directed to the defendant-partnership and name the individual partners for service. CPRC §17.022; *ISO Prod. Mgmt. 1982 v. M&L Oil & Gas Expl.*, 768 S.W.2d 354, 356 (Tex.App.—Waco 1989, no writ).

**§2.7 Critical dates.** The citation must contain the following dates:

**1. Date petition filed.** The citation must state the date the plaintiff filed the petition. TRCP 99(b)(4). If the filing date of the plaintiff's petition is omitted, the defect is fatal. *Hance v. Cogswell*, 307 S.W.2d 277, 278-79 (Tex.App.—Austin 1957, no writ). If the citation states an impossible date for filing, the defect is fatal. *E.g., McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (date of service was 17 days before suit filed); *George v. Elledge*, 261 S.W.2d 201, 201 (Tex.App.—San Antonio 1953, no writ) (date of service was 7 months before suit filed).

**2. Date citation issued.** The citation must state the date it was issued. TRCP 15, 99(b)(5); *London v. Chandler*, 406 S.W.2d 203, 204 (Tex.1966). The date the citation is issued may be different from the date the clerk signs and seals the citation. *London*, 406 S.W.2d at 204. The citation is issued when it is sent forth from the clerk's office under the clerk's authority and given to an officer or other authorized person for service. *Id.* If the date the citation was issued is omitted, the citation can be amended. TRCP 118; *London*, 406 S.W.2d at 204.

**3. Time to answer.** The citation for district and county courts must state the defendant is required to file a written answer on or before 10:00 a.m. on the Monday next after the expiration of 20 days from the date of service. TRCP 15, 99(b), (c). This requirement must be stated in the exact language of TRCP 99(c). If the 20th day falls on a Monday, the answer must be filed by the next Monday. The citation for justice courts must make the same statement as the citation for district and county courts, but it has a shorter deadline—10 days. TRCP 534(b).

**§2.8 Warning of default.** The citation must notify the defendant that if it does not file an answer, judgment by default may be rendered for the relief demanded in the petition. TRCP 99(b)(12). This requirement must be stated in the exact language of TRCP 99(c).

**§2.9 Attachment of petition.** The plaintiff's original petition must be attached to the citation. *See* TRCP 99(a), 106. If the plaintiff amends the petition before service by adding parties, claims, or damages, the amended petition must be attached to the citation. *See, e.g., Primate Constr. v. Silver*, 884 S.W.2d 151, 152-53 (Tex.1994) (default judgment reversed because D served with original petition, which did not name it as D, instead of amended petition); *Seeley v. KCI USA, Inc.*, 100 S.W.3d 276, 277-78 (Tex.App.—San Antonio 2001, no pet.) (same). See "What was served," §9.2.2, p. 127; "Amending the petition," §10.1, p. 130.

## §3. WHO MAY SERVE PROCESS
The plaintiff should make sure that service is accomplished by a person who is authorized by rule, statute, or court order to serve process. Service of process by a person who is not authorized to accomplish service is invalid and will not support a default judgment.

**§3.1 Clerk of court.** The clerk of the court is authorized to serve process by registered or certified mail and to serve citation by publication. TRCP 103.

**§3.2 Authorized officer.** A sheriff, constable, or other person authorized by law may serve process in Texas. Local Gov't Code §85.021(a) (sheriff), §86.021(c) (constable); TRCP 103. Nothing in Local Gov't Code §85.021 limits sheriffs to serving process in their own counties. Under Local Gov't Code §86.021(c) and (d), however, constables are limited to serving process only in their own and contiguous counties.

**§3.3 Private process server.** A person who has no interest in the lawsuit, is at least 18 years old, and is authorized by a written court order may serve process. TRCP 103; *see Mayfield v. Dean Witter Fin. Servs.*, 894 S.W.2d 502, 505 (Tex.App.—Austin 1995, writ denied); *cf.* Ins. Code art. 1.36, §3(a) (service on insurance company). A plaintiff or member of its lawyer's staff cannot serve process. The process must include a copy of the court

order that i
ate service
order auth
from a priv

**§3.4** I
serve proce

**§4. METH**
Service of
and the pe
waive servi
If the citati
*e.g., Smith*
tion was n
defendant

**§4.1** :
serving m
by certifie
rized by la
*P&H Tran*
vate proce
§17.026(a
certified n

**§4.2**
may serve
*Lansford*,
to the defe
*Texas Ind*
1975).

**§4.3**
court may
298, 299 (
orders sub
*Comm. S)*
alternative

vit describ
defendant
299; *e.g., I*
essary spe

SLEAVING DEFENDANT

☆

order that authorized the disinterested person to serve process; without it, the disinterested person cannot effectuate service. *See, e.g., HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 281 (Tex.App.—San Antonio 1990, no writ) (no order authorizing commercial process server). The Secretary of State's office will not accept service of process from a private process server unless the process includes a copy of the order appointing the server.

**§3.4 Not interested person.** No person who is a party or who is interested in the outcome of the suit may serve process. TRCP 103.

**§4. METHODS OF SERVICE**

i); *London*
he date the
th from the
. *Id.* If the
1204.

Service of process is accomplished by providing the person or entity to be served with a copy of both the citation and the petition. *See* TRCP 99(a). If a defendant cannot be served by one of the methods below, and it does not waive service, it may not be subject to service of process regardless of it having minimum contacts with the forum. If the citation restricts service to a particular method, service must be made according to the citation's terms. *See, e.g., Smith v. Commercial Equip. Leasing Co.*, 678 S.W.2d 917, 917-18 (Tex.1984) (service invalid because citation was restricted to personal service & process was served by certified mail). Process may be served on the defendant according to any of the following methods.

required to
date of ser-
ne 20th day
ne the same
i34(b).

> **NOTE**
>
> *A citation cannot be served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings. TRCP 6; Nichols v. Nichols, 857 S.W.2d 657, 659 (Tex.App.—Houston [1st Dist.] 1993, no writ).*

**§4.1 Service by U.S. Mail.** Service by certified mail, return receipt requested is the most popular method of serving most defendants. It is much less expensive and time-consuming than any other method of service. Service by certified mail may be made by (1) the clerk of the court, (2) the sheriff or constable or any other person authorized by law, or (3) any person 18 years of age or older, authorized by law or by order of court. TRCP 103, 106(a)(2); *P&H Transp. v. Robinson*, 930 S.W.2d 857, 859 (Tex.App.—Houston [1st Dist.] 1996, writ denied) (authorized private process server can serve by mail); *cf.* Gov't Code §17.026(a) (service in small claims courts). Under CPRC §17.026(a), the clerk of the court, or a party or its representative, may serve process on the Secretary of State by certified mail, return receipt requested.

**§4.2 Service by personal delivery.** Any person who has the authority to serve process (by law or court order) may serve the defendant by delivering the process to the defendant personally. TRCP 106(a)(1); *see Woodall v. Lansford*, 254 S.W.2d 540, 541 (Tex.App.—Fort Worth 1953, no writ). When the authorized person hands the citation to the defendant, the defendant must understand that it is a lawsuit and that the defendant is being served. *See Texas Indus. v. Sanchez*, 521 S.W.2d 133, 135-36 (Tex.App.—Dallas 1975), *writ ref'd n.r.e.*, 525 S.W.2d 870 (Tex. 1975).

**§4.3 Service by court order.** If personal service or service by mail was attempted but was unsuccessful, the court may authorize another method of service. TRCP 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex.1993); *Rivers v. Viskozki*, 967 S.W.2d 868, 870 (Tex.App.—Eastland 1998, no pet.). When a court orders substituted service under TRCP 106, the only authority for the service is the order itself. *Dolly v. Aethos Comm. Sys.*, 10 S.W.3d 384, 388 (Tex.App.—Dallas 2000, no pet.). Due process is the minimum requirement for alternative service.

id mail and
a in Texas.
85.021 lim-
rer, consta-

old, and is
*Servs.*, 894
cance com-
of the court

**1. Motion & affidavit.** The plaintiff must file a motion for substituted service supported by an affidavit describing the unsuccessful attempts at service under TRCP 106(a)(1) or (a)(2), and stating a place where the defendant can probably be found (*e.g.*, usual place of residence or business). TRCP 106(b); *Costley*, 868 S.W.2d at 299; *e.g., Lewis v. Ramirez*, 49 S.W.3d 561, 565 (Tex.App.—Corpus Christi 2001, no pet.) (affidavit lacked the necessary specificity because it only said service on D attempted "on several occasions"). If the plaintiff does not file

## COMMENTARIES
### CHAPTER 2. THE PLAINTIFF'S LAWSUIT
### H. SERVING THE DEFENDANT WITH SUIT



an affidavit verifying the unsuccessful efforts to serve the defendant, the trial court cannot order substitute service. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990). A party need show only that attempts failed under either TRCP 106(a)(1) or (a)(2). *Costley,* 868 S.W.2d at 299 n.2.

**2. Types of service.** Under TRCP 106(b), the following types of service are permissible:

(1) Delivery of process to any authorized person over 16 years of age at the location of the defendant's usual place of residence or business, or any other place where the defendant may be found, as stated in the affidavit. TRCP 106(b)(1); *Walker v. Brodhead,* 828 S.W.2d 278, 280 (Tex.App.—Austin 1992, writ denied); *see Olympia Marble & Granite v. Mayes,* 17 S.W.3d 437, 444-45 (Tex.App.—Houston [1st Dist.] 2000, no pet.).

(2) Service of process in any other manner that the affidavit or other evidence shows will be reasonably effective to give the defendant notice of the suit. TRCP 106(b)(2); *Costley,* 868 S.W.2d at 299 (first-class mail service); *see, e.g., Dolly,* 10 S.W.3d at 388-89 (posting copy on D's front door).

**§4.4 Service by publication.** Citation by publication is authorized for use in actions against a defendant whose residence is unknown (TRCP 109), against unknown heirs or stockholders of defunct corporations (TRCP 111), against unknown owners or claimants of an interest in land (TRCP 112), or for delinquent ad valorem taxes (TRCP 117a). Citation by publication also may be authorized by order of the court under TRCP 106(b)(2). The form of citation and technicalities of service are set out in TRCP 114-117. *See, e.g., Wiebusch v. Wiebusch,* 636 S.W.2d 540, 542 (Tex.App.—San Antonio 1982, no writ) (notice of nature of suit is necessary for service by publication); *see also Wood v. Brown,* 819 S.W.2d 799, 800 (Tex.1991) (attorney's affidavit did not satisfy TRCP 109). Service by publication is not favored because it is unlikely to provide the defendant with notice of suit. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 658 (1950). A defendant served by publication who does not answer or appear must be represented by an attorney appointed by the court. TRCP 244. A defendant served by publication can challenge a motion for default judgment by a motion for new trial up to two years after the judgment. TRCP 329(a). See "MNT After Service by Publication" ch. 10-B, §16, p. 634.

**§5. SERVICE ON SECRETARY OF STATE**
Thirty-eight separate statutory provisions designate the Secretary of State as an agent for service of process. For the list of the statutes, see www.sos.state.tx.us/statdoc/forms/2401.pdf. The two most important of these involve service on a nonresident and service on a corporation. See "Long-arm service," §5.3, p. 124; "Service on corporation," §5.4, p. 124. Some of the other statutes include CPRC §101.102(c) (Tort Claims Act), CPRC §17.091 (nonresident in a delinquent tax case); Insurance Code article 1.36, §8(d) & (e) and article 21.21, §19(b) (insurance company); and Probate Code §105A(b) (foreign corporate fiduciary)...For information about serving the Secretary of State, call the Citations Unit at (512) 463-5560.

**§5.1 General rules.** When serving the Secretary of State with process, the plaintiff should consult the specific statutes and observe the following general rules:

**1. Service on Secretary.** The plaintiff may accomplish service on the Secretary of State by certified mail, CPRC §17.026(a) (sent by clerk or party); by delivery by a qualified officer or a private process server; or by any other means permitted by rule or statute. Personal service on the Secretary of State is not necessary. *See Capitol Brick v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1986) (service under long-arm statute). Two copies of the process must be served on the Secretary of State. 1 Tex.Admin. Code §71.21(a). When process is served by a sheriff or constable, the plaintiff must include an additional copy of the process for the return. When process is served by a private process server, the plaintiff must include copies of the order appointing the process server. When process is served by mail, the citation should be sent to the Secretary of State's post office address; when process is served by delivery, it should be sent to the street address of the Citations Unit.

**2. Necessary information.** The citation must contain the following information: (1) the identity of the statute authorizing service, (2) the defendant's name, (3) the defendant's address for service, and (4) when

# TEXAS

# RULES OF COURT

## STATE

## 2005



THOMSON

WEST

Mat # 40279076

## SECTION 5. CITATION

**Rule**
99.      Issuance and Form of Citation.
100 to 102. Repealed.
103.     Who May Serve.
104.     Repealed.
105.     Duty of Officer or Person Receiving.
106.     Method of Service.
107.     Return of Service.
108.     Defendant Without State.
108a.    Service of Process in Foreign Countries.
109.     Citation by Publication.
109a.    Other Substituted Service.
110.     Effect of Rules on Other Statutes.
111.     Citation by Publication in Action Against Unknown Heirs or Stockholders of Defunct Corporations.
112.     Parties to Actions Against Unknown Owners or Claimants of Interest in Land.

**Rule**
113.     Citation by Publication in Actions Against Unknown Owners or Claimants of Interest in Land.
114.     Citation by Publication; Requisites.
115.     Form of Published Citation in Actions Involving Land.
116.     Service of Citation by Publication.
117.     Return of Citation by Publication.
117a.    Citation in Suits for Delinquent Ad Valorem Taxes.
118.     Amendment.
119.     Acceptance of Service.
119a.    Copy of Decree.
120.     Entering Appearance.
120a.    Special Appearance.
121.     Answer is Appearance.
122.     Constructive Appearance.
123.     Reversal of Judgment.
124.     No Judgment Without Service.

### Rule 99.   Issuance and Form of Citation

**a.   Issuance.** Upon the filing of the petition, the clerk, when requested, shall forthwith issue a *citation* and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. Upon request, separate or additional citations shall be issued by the clerk.

**b.   Form.** The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of parties, (8) be directed to the defendant, (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition. The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof. The requirement of subsections 10 and 12 of this section shall be in the form set forth in section c of this rule.

**c.   Notice.** The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**d.   Copies.** The party filing any pleading upon which citation is to be issued and served shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when copies are so furnished the clerk shall make no charge for the copies.

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Oct. 10, 1945, eff. Feb. 1, 1946; July 15, 1987, eff. Jan. 1, 1988.

#### Opinions of Subcommittee on Interpretation of Rules

The amendment effective February 1, 1946 enables one defendant to demand issuance of citations for other defendants. 8 Texas B.J. 406 (1945).

#### Historical Notes

Source

Vernon's Ann.Civ.St. art. 2021, modified to authorize clerk to issue as many citations as plaintiff requests, without delay of securing a return on any prior citation.

### Rules 100 to 102.   Repealed by Order of July 15, 1987, eff. Jan. 1, 1988

#### Historical Notes

Former Rules 100 to 102, which related to other process, requisites of the citation, and territorial limits of effective service, were added by order of Oct. 29, 1940.

### Rule 103.   Who May Serve

*[Text of rule effective July 1, 2005.]*

Process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person author-

Against Unknown
in Land.

Actions Involving

i Valorem Taxes.

a default judgment

any pleading upon
served shall furnish
· of copies thereof for
e served, and when
shall make no charge

5 by orders of Oct. 10, 1945,
, 1988.

mittee on
f Rules

rebruary 1, 1946 en-
md issuance of cita-
8 Texas B.J. 405

lotes

modified to authorize clerk
itiff requests, without delay
citation.

uled by Order of July
. 1, 1988

Notes

ich related to other process
territorial limits of effective
Oct. 29, 1940.

rve

tive July 1, 2005.]

on and other notices, wri
ssued by the court—may
any sheriff or constable
y law, (2) any person auth

ized by law or by written order of the court who is not
less than eighteen years of age, or (3) any person
certified under order of the Supreme Court. Service
by registered or certified mail and citation by publica-
tion must, if requested, be made by the clerk of the
court in which the case is pending. But no person
who is a party to or interested in the outcome of a suit
may serve any process. The order authorizing a
person to serve process may be made without written
motion and no fee may be imposed for issuance of
such order.

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of June 10, 1980,
eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988; Oct. 7, 2004, eff. July
1, 2005.

*[For text of rule effective until July 1,
2005, see Historical Notes, post.]*

### Comment—1988

The amendment makes clear that the courts are
permitted to authorize persons other than Sheriffs
or Constables to serve Citation. Further, Sheriffs
or Constables are not restricted to service in their
county. The last sentence is added to avoid the
necessity of motions and fees.

### Comment—2005

The rule is amended to clarify that it applies to
service of all process and to include among the
persons authorized to effect service those who
meet certification requirements promulgated by
the Supreme Court.

### Comment—2005

1. To be certified to serve process under Rules
103 and 536(a), Texas Rules of Civil Procedure, a
person must file with the Clerk of the Supreme
Court a sworn application in the form prescribed
by the Court. The application must contain a
statement that the applicant has not been convict-
ed of a felony or of a misdemeanor involving moral
turpitude. Form applications may be obtained in
the Clerk's office or on the Supreme Court web-
site. The application must include a criminal his-
tory record obtained within the preceding 90 days
from the Texas Department of Public Safety in
Austin, Texas, and a certificate from the director
of a civil process service course approved as pro-
vided by this Order that the applicant has complet-
ed the approved course within the prior year.

2. Applications will be reviewed and approved
or rejected for good cause by the Texas Process
Service Review Board, appointed by the Court.
The Board will notify each applicant of its action,
and for each person certified, will post on a list
maintained on the Supreme Court website the
person's name and an assigned identification num-
ber. The Office of Court Administration will pro-
vide clerical assistance to the Board.

3. Certification is effective for three years from
the last day of the month it issues.

4. Certification may be revoked for good cause,
including a conviction of a felony or of a misde-
meanor involving moral turpitude. A person suf-

fering such a conviction must immediately notify
the Clerk of the Supreme Court and cease to serve
process.

5. A person must not represent that he or she
is certified under this Order if certification has not
been approved, has expired, or has been revoked.

6. The following civil process service courses
are approved:

a. the course now offered by the Houston
Young Lawyer's Association, for certification for
every state court;

b. the course now offered by the Texas Process
Server's Association, for certification except for
courts in Harris County.

7. A civil process service course that meets the
following requirements, similar to the courses ap-
proved in paragraph 6, may apply to the Board for
approval by the Court:

a. a minimum of 7 hours of monitored instruc-
tion;

b. instruction on applicable laws, including the
historical development of the law, with emphasis
on practical training of proper service and return
of service (for example, using sample returns de-
picting both correct and incorrect returns of ser-
vice);

c. instruction on a process server's exposure to
criminal liability;

d. instruction on unique issues involving family
law cases; and

e. basic competence testing upon completion of
the course.

8. No organization that offers an approved civil
process service course may make membership in
the organization a prerequisite to taking the
course.

9. The effective date of this Order is February
1, 2005.* A person who on that date is shown to
have met the requirements for an approved private
process server already in place in Dallas County,
Denton County, or Harris County, having provided
a criminal history record there and having com-
pleted a course listed in paragraph 6, is considered
to have been certified under this Order, to the
extent permitted by paragraph 6, as if the person
had complied with this Order on that date.

* An order dated Jan. 27, 2005 extended the effective date to July
1, 2005.

**– Historical Notes**

**2005 Amendment**

Rewrote the section, which prior thereto read:

"Citation and other notices may be served anywhere by (1)
any sheriff or constable or other person authorized by law or,
(2) by any person authorized by law or by written order of
the court who is not less than eighteen years of age. No
person who is a party to or interested in the outcome of a
suit shall serve any process. Service by registered or certi-
fied mail and citation by publication shall, if requested, be
made by the clerk of the court in which the case is pending.
The order authorizing a person to serve process may be
made without written motion and no fee shall be imposed for
issuance of such order."

An order dated Jan. 27, 2005 order provided:

Case 1:05-cv-0002     Document 26-2     Filed 11/25/2005     Page 9 of 23

The period for public comment on proposed amendments to Rules 103 and 536(a) of the Texas Rules of Civil Procedure, as set out in the Order dated October 7, 2004, in Misc. Docket No. 04-9224, is extended to June 15, 2005, to allow full consideration of the large number of comments already received and of the effect of any legislation that would impact the amendments.

"The effective date of the amendments, with any changes made after public comments are received, is extended from February 1, 2005, to July 1, 2005.

"Comments appended to these rules are intended to inform their construction and application."

**Source**

New rule.

## Rule 104. Repealed by order of July 15, 1987, eff. Jan. 1, 1988

**Historical Notes**

Former Rule 104, which related to situations where there is no officer qualified to serve process, was added by order of Oct. 29, 1940.

See, now, Rule 103.

## Rule 105. Duty of Officer or Person Receiving

The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 11, 1978, eff. Jan. 1, 1978; July 15, 1987, eff. Jan. 1, 1988.

**Historical Notes**

**Source**

Vernon's Ann.Civ.St. art. 2025, unchanged.

## Rule 106. Method of Service

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over

sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Aug. 18, 1947, eff. Dec. 31, 1947; July 22, 1975, eff. Jan. 1, 1976; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990.

**Comment—1988**

Conforms to amendment to Rule 103.

**Opinions of Subcommittee on Interpretation of Rules**

**Endorsement of delivery date**

The failure of the officer serving a citation to endorse the date of delivery upon the copy of the citation delivered to the defendant does not affect the jurisdiction of the trial court to render a default judgment, but if the defendant seasonably moves to set aside the default judgment and shows that he was in fact injured or misled by the officer's failure to endorse the date of service upon the copy the trial court should set aside the default and give the defendant an opportunity to appear and have a trial on the merits. 6 Texas B.J. 20 (1943); 8 Texas B.J. 30 (1945).

In view of the fact that Rule 107 requires the return to show "the manner of service" the return should show that the date of delivery was endorsed on the copy of the citation or notice in accordance with Rule 106, 5 Texas B.J. 168 (1942); 8 Texas B.J. 18 (1945).

**Federal Rules**

Federal Rule 4(d)(1) provides for service upon an individual other than an infant or an incompetent by leaving copies of the summons and complaint "at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein", as an alternative to personal service.

**Historical Notes**

**Source**

Vernon's Ann.Civ.St. art. 2026, modified to require endorsement of date of delivery, and by deleting requirement that copy of petition be certified.

## Rule 107. Return of Service

The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature. When

the officer or auth[...]
citation, the retur[...]
the officer or auth[...]
and the cause of f[...]
defendant is to be [...]

Where citation i[...]
as authorized by [...]
made in the manne[...]

No default judg[...]
until the citation, [...]
with proof of ser[...]
Rules 103 or 103s[...]
event citation is e[...]
been on file with[...]
exclusive of the d[...]

Oct. 29, 1940, eff. Sept[...]
eff. Jan. 1, 1978; June [...]
Jan. 1, 1988; April 24, [...]

Amendment[...]
Rule 103.

To state mo[...]
can be obtain[...]
served with pa[...]
to the provisio[...]

**Opini**
**In**
Acceptance of [...]
Where the c[...]
case this rule [...]
officer's retur[...]
ment is not [...]
this case is co[...]
the expiration[...]
whether such [...]
ten days as r[...]
B.J. 14 (1944)[...]
**Citations by [...]**
Rule 107 [...]
shall be grant[...]
the officer's r[...]
with the cler[...]
of the filing [...]
apply to a ci[...]
of a citation [...]
114-117. The[...]
the citation is[...]
the absence o[...]
prescribed ma[...]
to defend the[...]
attorney can[...]
which is fixe[...]
make his ret[...]
but the court[...]
has been pu[...]
secutive wee[...]
28 days bef[...]

the location specified in su...

...manner that the affidavit is...
...the court shows will be re...
...re the defendant notice of the...

Amended by orders of Aug. 18, 19...
5, eff. Jan. 1, 1976; July 11, 1977,
Jan. 1, 1981; July 15, 1987, eff. Jan...
, 1990.

...rent—1988

...nent to Rule 103.

Subcommittee on
...ition of Rules

...ry date

...fficer serving a citation to
...livery upon the copy of the
...e defendant does not affect
...e trial court to render a
...if the defendant seasonably
...default judgment and shows
...rse the date of service upon
...should set aside the default
...t an opportunity to appear
...a merits. 6 Texas B.J. 20
(1945).

...that Rule 107 requires the
...nner of service" the return
...te of delivery was endorsed
...ion or notice in accordance
...t B.J. 168 (1942); 8 Texas

...al Rules

...provides for service upon
...an infant or an incompe-
...of the summons and com-
...house or usual place of
...of suitable age and discre-
...rein", as an alternative to

...cal Notes

...2026, modified to require as
...y, and by deleting requirement
...ed.

...Service

...r or authorized person em...
...endorsed on or attached...
...hen the citation was served...
...and be signed by the office...
...ized person. The return of
...l person shall be verified
...ved by registered or cer...
...Rule 106, the return by th...
...son must also contain th...
...dressee's signature. Whe...

the officer or authorized person has not served the
citation, the return shall show the diligence used by
the officer or authorized person to execute the same
and the cause of failure to execute it, and where the
defendant is to be found, if he can ascertain.

Where citation is executed by an alternative method
as authorized by Rule 106, proof of service shall be
made in the manner ordered by the court.

No default judgment shall be granted in any cause
until the citation, or process under Rules 108 or 108a,
with proof of service as provided by this rule or by
Rules 108 or 108a, or as ordered by the court in the
event citation is executed under Rule 106, shall have
been on file with the clerk of the court ten days,
exclusive of the day of filing and the day of judgment.
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 11, 1977,
eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff.
Jan. 1, 1988; April 24, 1990, aff. Sept. 1, 1990.

### Comment—1988

Amendments are made to conform to changes in
Rule 103.

### Comment—1990

To state more directly that a default judgment
can be obtained when the defendant has been
served with process in a foreign country pursuant
to the provisions of Rules 108 or 108a.

## Opinions of Subcommittee on
## Interpretation of Rules

### Acceptance of service

Where the defendant accepts service in a divorce
case this rule pertaining to the time for which an
officer's return shall lie on file before default judg-
ment is not applicable and therefore, insofar as
this case is concerned, the case may be heard after
the expiration of thirty days after suit is filed
whether such acceptance of service has been on file
ten days as required by this rule or not. 7 Texas
B.J. 14 (1944); 8 Texas B.J. 39 (1945).

### Citations by publication

Rule 107 providing that no default judgment
shall be granted in any cause until the citation with
the officer's return thereon shall have been on file
with the clerk of the court for ten days, exclusive
of the filing and the day of judgment does not
apply to a citation by publication. The requisites
of a citation by publication are prescribed by Rules
114-117. There can be no default judgment when
the citation is by publication, but under Rule 244 in
the absence of an answer or appearance within the
prescribed time the court must appoint an attorney
to defend the suit in behalf of the defendant. No
attorney can be appointed until appearance day
which is fixed by Rule 114. The sheriff should
make his return promptly after the last publication
but the court should make certain that the citation
has been published once each week for four con-
secutive weeks, the first publication to be at least
28 days before the return day of the citation,

before appointing an attorney to represent the
defendant. 6 Texas B.J. 20 (1943); 8 Texas B.J.
31 (1945).

The prohibition against default judgment until
the citation with the officer's return thereon shall
have been on file with the clerk ten days before
the default is taken does not apply where a citation
has been obtained through publication. 7 Texas
B.J. 45 (1944); 8 Texas B.J. 43 (1945).

### Endorsement of delivery date

The failure of the officer serving a citation to
endorse the date of delivery upon the copy of the
citation delivered to the defendant does not affect
the jurisdiction of the trial court to render a
default judgment. [Accord, A. J. Hill Co. v. Tex-
Tan of Yoakum, Civ.App.1951, 235 S.W.2d 945,
error dismissed.] but if the defendant seasonably
moves to set aside the default judgment and shows
that he was in fact injured or misled by the
officer's failure to endorse the date of service upon
the copy the trial court should set aside the and
give the defendant an opportunity to appear and
have a trial on the merits. 6 Texas B.J. 20 (1943);
8 Texas B.J. 30 (1945).

In view of the fact that Rule 107 requires the
return to show the "manner of service" the return
should show that the date of delivery was endorsed
on the copy of the citation or notice in accordance
with Rule 106. 5 Texas B.J. 168 (1942); 8 Texas
B.J. 13 (1945).

### Waiver of citation

Waiver of citation under Rule 119 contemplates
that no citation is issued and consequently that the
sheriff makes no return. It involves the signing of
a paper under oath and the filing of the paper in
the cause. Consequently Rule 107 pertaining to
the time for which an officer's return shall lie on
file before default judgment does not apply in a
case where service is accepted. 7 Texas B.J. 14
(1944); 8 Texas B.J. 39 (1945). See also 5 Texas
B.J. 465 (1942); 8 Texas B.J. 29 (1945).

#### ——— Divorce cases

Where the defendant accepts service in a divorce
case this rule pertaining to the time for which an
officer's return shall lie on file before default judg-
ment is not applicable and therefore, insofar as
this rule is concerned, the case may be heard after
the expiration of thirty days after suit is filed
whether such acceptance of service has been on file
ten days as required by this rule or not. 7 Texas
B.J. 14 (1944); 8 Texas B.J. 39 (1945).

### Copy of plaintiff's petition

It is the opinion of the subcommittee "that the
copy of the plaintiff's petition is not a part of the
citation, or notice to serve non-residents, and it is
not, therefore, necessary that a copy of such peti-
tion be attached to the citation upon which the
sheriff makes his return and files in the court."

"The purpose of the provision that the citation
should be accompanied by a copy of the plaintiff's
petition is to give the defendant notice, at the time
of service, of the nature of the plaintiff's demands.
This purpose is accomplished when a copy of the
plaintiff's petition is served on the defendant, and

merits, the nonresi-nself to the court's ersonam judgment for r the plaintiff on his court's jurisdiction to mitted to the value of ate v. Standard Oil 0 (1937); and Sam v. 13 S.W. 535 (1890). he plaintiff's suit to y without submitting tion to render an in ll amount established re nonresident defen-his dilemma through curiae to "suggest" ective process.

places Texas in line ates allowing special s of contesting the erson or property of Appearances, Sec. 7, inequity thought by utes and rules.

i prescribed by Rule ed to avoid the possi-urance by the defen-te a general appear-i should not delay the will permit the num-the question of juris-andered against him, ous practice of allow-tered against him : judgment.

**arance**

an appearance of the th the necessity for the pon him.

**nmittee on of Rules**

to the county court a forcible entry and lefendant's pleadings ber an appearance in ase is called for trial, justice court nor his county court consti-

is not required that eadings in the appel-ritten answer in the ed that he make an court. Such appear-ttorney or agent and tered in the minutes. l also constitute an

r in the county court ult judgment, under

Rule 753 the court would have the discretion to determine whether a default judgment should be granted under the circumstances and whether in-justice would result from the granting of a default; in such case the court should make inquiry as to why defendant failed to appear. 9 Texas B.J. 92 (1946).

### Historical Notes

Source

Vernon's Ann.Civ.St. art. 2047, unchanged.

### Rule 122. Constructive Appearance

If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a. m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him. Oct. 29, 1940, eff. Sept. 1, 1941.

### Opinions of Subcommittee on Interpretation of Rules

**Forcible entry and detainer**

Where in a forcible detainer proceeding, the citation was addressed to the sheriff or constable instead of the defendant and upon motion of the defendant, the citation was quashed, as against a contention on one hand that this is a special pro-ceeding returnable at a special term of the justice court and a new citation is necessary; and on the other hand that there has been a constructive appearance by virtue of Rule 122, the subcommit-tee was of the opinion that the quashal would be an appearance and that at the time mentioned in Rule 122, if the justice court was then in session and, if not, at the succeeding term of such court, the

cause should proceed against the defendant. 5 Texas B.J. 428 (1942); 8 Texas B.J. 27 (1945).

### Historical Notes

Source

Vernon's Ann.Civ.St. art. 2093, § 8, applicable to certain districts, unchanged. The former general statute, Art. 2048, was repealed.

### Rule 123. Reversal of Judgment

Where the judgment is reversed on appeal or writ of error for the want of service, or because of defec-tive service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed. Oct. 29, 1940, eff. Sept. 1, 1941.

### Historical Notes

Source

Vernon's Ann.Civ.St. art. 2049, with minor textual change.

### Rule 124. No Judgment Without Service

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiv-er of process, or upon an appearance by the defen-dant, as prescribed in these rules, except where other-wise expressly provided by law or these rules.

When a party asserts a counterclaim or a cross-claim against another party who has entered an ap-pearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21(a).

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of Dec. 5, 1983, eff. April 1, 1984.

### Historical Notes

Source

Vernon's Ann.Civ.St. art. 2050, with minor textual change.

## SECTION 6. COSTS AND SECURITY THEREFOR

| Rule | |
|------|---|
| 125. | Parties Responsible. |
| 126. | Fee for Execution of Process, Demand. |
| 127. | Parties Liable for Other Costs. |
| 128. | Repealed. |
| 129. | How Costs Collected. |
| 130. | Officer to Levy. |
| 131. | Successful Party to Recover. |
| 132. | Repealed. |
| 133. | Costs of Motion. |
| 134, 135. | Repealed. |
| 136. | Demand Reduced by Payments. |
| 137. | In Assault and Battery, etc. |
| 138. | Cost of New Trials. |

| Rule | |
|------|---|
| 139. | On Appeal and Certiorari. |
| 140. | No Fee for Copy. |
| 141. | Court May Otherwise Adjudge Costs. |
| 142. | Security for Costs. |
| 143. | Rule for Costs. |
| 143a. | Costs on Appeal to County Court. |
| 144. | Judgment on Cost Bond. |
| 145. | Affidavit of Inability. |
| 146. | Deposit for Costs. |
| 147. | Applies to Any Party. |
| 148. | Secured by Other Bond. |
| 149. | Execution for Costs. |

1   JAMES LIVINGSTONE
    OFFICE OF THE ATTORNEY GENERAL
2   Commonwealth of the Northern Mariana Islands
    Civil Division-Capitol Hill
3   2nd Floor, Administration Building
    Caller Box 10007
4   Saipan, MP 96950
    Telephone: 664-2341
5   Fax: 664-2349

6   Attorneys for Defendant
    D. DOUGLAS COTTON
7
                        IN THE UNITED STATES DISTRICT COURT
8                       FOR THE NORTHERN MARIANA ISLANDS

9

10  ROBERT D. BRADSHAW,                    Case No. CV 05-0027

11              Plaintiff,                 **DECLARATION OF**
                                           **D. DOUGLAS COTTON**
12          v.

13  COMMONWEALTH OF THE NORTHERN           HEARING: December 22, 2005
    MARIANA ISLANDS, NICOLE C. FORELLI,    TIME: _____:00 a.m.
14  WILLIAM C. BUSH, D. DOUGLAS COTTON,
    L. DAVID SOSEBEE, ANDREW CLAYTON,
15  UNKNOWN AND UNNAMED PERSONS IN
    THE CNMI OFFICE OF THE ATTORNEY
16  GENERAL, ALEXANDRO C. CASTRO,
    JOHN A. MANGLONA, TIMOTHY H.
17  BELLAS, PAMELA S. BROWN, ROBERT A.
    BISOM, AND JAY H. SORENSEN,
18
                Defendants.
19

20

21

22

23

24

25

26

                                    1

Office of the Attorney General

NOV.18'2005 11:45 8179632047 AMER AIR LEGAL P.016/016
Case 1:05-cv-00027 Document 162-5 Filed 11/25/2005 Page 13 of 23



statute. CPRC §15.062(a). When the original defendant joins a third-party defendant, venue for the main action establishes venue for any claim by the plaintiff against that third-party defendant arising out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* §15.062(b).

## H. SERVING THE DEFENDANT WITH SUIT

### §1. GENERAL

**§1.1 Rules.** TRCP 15-17, 99, 103, 105-108, 108a, 109a, 118-119, 119a, 120, 120a, 121-124, 237. See CPRC ch. 17; Business Corp. Act arts. 2.11, 8.10.

**§1.2 Purpose.** Service of citation is a term that describes the formal process by which a plaintiff gives a defendant notice that it has been sued. *Texas Nat. Res. Conserv. Comm'n v. Sierra Club,* 70 S.W.3d 809, 813 (Tex.2002). The purpose of the citation is to give the court jurisdiction over the defendant, to satisfy due process requirements, and to give the defendant the opportunity to appear and defend. *Cockrell v. Esteves,* 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ). A judgment cannot be rendered against a defendant unless the defendant was served with process, accepted or waived service, or entered an appearance. TRCP 124; *Werner v. Colwell,* 909 S.W.2d 866, 869-70 (Tex.1995); *Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex.1991). The citation and a copy of the plaintiff's petition, which is attached, are collectively referred to as the "process." Service of process is accomplished when the citation and a copy of the petition are delivered to the defendant, or the defendant is given notice of the suit through some other authorized means.

The rules concerning the issuance of citation, service of process, and the return of process are especially important when the court renders a default judgment. Because the ordinary presumptions of valid service do not apply in an appeal of a no-answer default judgment, the judgment will be reversed unless there is strict compliance with the rules. *Primate Constr. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). See "Sufficiency of the service," ch. 7-A, §3.4, p. 445.

**§1.3 Forms & timetables.** *O'Connor's Texas Civil Forms,* FORMS 2H; Timetables, this book, Pretrial Motions, p. 998, Default Judgment, p. 1007.

**§1.4 Other references.** Miller, *Misnomer: Default Judgments & Strict Compliance with Service of Process Rules,* 46 Baylor L.Rev. 633 (1994); Anderson, *Transnational Litigation Involving Mexican Parties,* 25 St. Mary's L.J. 1059 (1994).

### §2. REQUIREMENTS FOR THE CITATION

The citation must comply with TRCP 15 and 99. The citation is issued by the clerk of the court upon payment of a fee.

**§2.1 Style of process.** The style of the process must be "The State of Texas." TRCP 15, 99(b)(1). The process must be directed to any sheriff or any constable within the State of Texas. TRCP 15.

**§2.2 Information about suit.** The citation must identify the suit by showing the cause number. TRCP 99(b)(6) (called "file" number). If the citation omits the cause number or contains the wrong number, the citation is fatally defective. *Martinez v. Wilber,* 810 S.W.2d 461, 463 (Tex.App.—San Antonio 1991, writ denied). Service of process with one cause number will not support a suit with a different cause number. *See, e.g., Finlay v. Jones,* 435 S.W.2d 136, 137 (Tex.1968) (D was served under cause number 144,608 instead of 144,607).

**§2.3 Information about court.** The citation must contain the following information about the court:

1. **Identification of court.** The citation must contain the name and location of the court and the address of the clerk who issued the citation. TRCP 99(b)(3), (11).

2. **Signature & seal.** The citation must be signed by the clerk and issued under the seal of the court. TRCP 15, 99(b)(2); *Verlander Enters. v. Graham,* 932 S.W.2d 259, 262 (Tex.App.—El Paso 1996, no writ).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT D. BRADSHAW,                     )
                                        )
                    Plaintiff,          )  Case No. CV05-84-N-EJL
                                        )
vs.                                     )  MEMORANDUM ORDER
                                        )
COMMONWEALTH OF THE NORTHERN            )
MARIANA ISLANDS, et al.,                )
                                        )
                    Defendants.         )
_____ )

Pending before the Court in the above-entitled matter are Defendants' motions to dismiss for lack of jurisdiction (Docket Nos. 21, 26, and 29) as well as Plaintiff's motions to seal and strike (Docket Nos. 33 and 36) and Plaintiff's motion to extend the service time and allow service by publication (Docket No. 51). Defendants' move to dismiss case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and in the alternative for improper venue and insufficiency of service of process on certain Defendants. Defendants contend this Court is without personal jurisdiction over them as Defendants have insufficient contacts with Idaho. Plaintiff argues jurisdiction is proper in Idaho and nationwide service of process is appropriate in this case.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Plaintiff Robert Bradshaw ("Bradshaw") is a former Temporary Public Auditor for the Commonwealth of Northern Mariana Islands ("CNMI"). He filed this action as a *pro se* litigant. Defendants are the CNMI, a former Acting Attorney General (Nicole Forelli) and three former

MEMORANDUM ORDER - Page 1
05ORDERS\Bradshaw_dis_05-84.WPD

CNMI Assistant Attorneys (William Bush, L. David Sosebee, and Andrew Clayton), two CNMI Supreme Court Justices (Alexandro Castro and John Manglona), a former CNMI Superior Court Judge and Supreme Court Justice (Timothy Bellas), a private attorney from the CNMI (Jay Sorensen), and a former employee of the CNMI government (Robert Bison) who was terminated from employment by Plaintiff during Bradshaw's tenure as Temporary Public Auditor.

Plaintiff's Second Amended Complaint (Docket No. 20) asserts eighteen claims under various federal statutes including criminal statutes, the Racketeer Influenced Corrupt Organizations ("RICO") Act, the Immigration Reform and Control Act and the CNMI's Indemnification Act. Bradshaw's claims arise from a civil lawsuit by Bison against Bradshaw. Bison's attorney was Sorensen. Bradshaw claims he instructed the Attorney General's office that he had not been personally served and they should deny any attempt of service on his behalf. A default judgment was entered against Plaintiff in favor of Bison on March 10, 2000. Bradshaw maintains Sorensen fraudulently served the complaint and that the court involved in the case improperly allowed defective service of process to support the default judgment as well as improperly denied indemnification under the CNMI Indemnification Act. Plaintiff also alleges the CNMI Supreme Court improperly upheld the denial of indemnification. Bradshaw also alleges the CNMI Attorney General unlawfully failed to protect Bradshaw's interests during the Bison litigation.

Bradshaw now resides in Idaho. None of the Defendants reside in Idaho. It is not disputed that Plaintiff did not personally serve Sorensen or Bison. Instead, Plaintiff had the complaint served on Jay Sorensen's sister, Cynthia Sorensen at a residence in which neither of these Defendants were residing.

## BURDEN OF PROOF

The Court's review of the motions to dismiss is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiff that *pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In a 12(b)(2) motion to dismiss the Plaintiff need only make a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal. Glencore Grain

Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002) (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001)).  The Court accepts as true Plaintiff's uncontroverted allegations, and resolves in its favor factual conflicts contained in the parties' filings. Id.  Finally, if the allegations in the complaint are challenged by Defendants, the Plaintiff must prove specific facts supporting personal jurisdiction.  Taylor v. Protland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967).

## DISCUSSION

Personal jurisdiction over all parties is required before a court may decide a case in controversy.  U.S. Const. Amend. XIV.  Before a court may properly exercise personal jurisdiction over a nonresident defendant it must be satisfied that two independent requirements have been met: first, that an applicable rule or statute affirmatively authorizes the assertion of personal jurisdiction over the defendant, and second, that the assertion of such jurisdiction "accords with constitutional principles of due process."  Data Disc, Inc., 557 F.2d at 1285; Petrik v. Public Serv. Mut. Ins. Co., 879 F.2d 682, 684 (9th Cir. 1989).  Although the two requirements are independent, they are often interrelated.  For example, where federal subject matter jurisdiction is predicated on diversity, Rule 4 of the Federal Rules of Civil Procedure incorporates the state's long-arm statute as the authorizing source for service of process.  In such a case, the defendant's amenability to suit in federal district court is limited by the state's rule or statute.  Because a state's ability to authorize service of process is restricted by the due process clause to cases in which the defendant has certain minimum contacts with the state, a federal district court sitting in diversity will analyze the due process inquiry by assessing the defendant's contacts with the forum state.  Neaves, 912 F.2d at 1065; Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

In contrast, where the federal court's subject matter jurisdiction is predicated on a federal question and service is accomplished pursuant to a federal law authorizing nationwide or worldwide service of process, and not by reference to the state's long-arm statute, the court is no longer restricted by the due process limitations inherent to a state's authorization of service.  Go-Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1414-15 (9th Cir. 1989); Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1315-16 (9th Cir. 1985).  Under these circumstances, then, due

MEMORANDUM ORDER - Page 3
05ORDERS\Bradshaw_dis_05-84.WPD

process concerns may be satisfied by a determination that the defendant has sufficient contacts with the United States as a whole. Go-Video, Inc., 885 F.2d at 1414-16; Vigman, 764 F.2d at 1315-16; Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir.), cert. denied, 449 U.S. 1062 (1980).

In examining the facts of this case, the Court finds it lacks personal jurisdiction over the named Defendants regardless of the whether a state or federal statute is cited as a basis to create personal jurisdiction.

### I. Idaho's Long Arm Statute Analysis

Two forms of personal jurisdiction exist: general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). In order to exercise either type of personal jurisdiction, the state long-arm statute must be satisfied. See State of Idaho v. M.A. Hanna Co., 819 F. Supp. 1464 (D. Idaho 1993). In adopting Idaho Code § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. Houghland Farms, Inc. v. Johnson, 803 P.2d 978, 981 (Idaho 1990); see also Lake v. Lake, 817 F.2d 1416 (9th Cir. 1987) (determining federal cases provide guidance in determining whether personal jurisdiction exists). Thus, for the long arm statute to apply, the Court need only determine whether asserting personal jurisdiction complies with due process. M.A. Hanna Co., 819 F. Supp. 1464.

### A. General Jurisdiction

General jurisdiction allows a defendant to be haled into court in a state where the defendant's contacts with that state are "substantial" or "continuous and systematic," even if the action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The defendant's contacts must approximate physical presence in the state to meet the "fairly high" standard for establishing general jurisdiction. Id. (citing Gates Learjet Corp. v. Jensen, 743 F. 2d 1325, 1331 (9th Cir. 1984)). Factors to consider in determining general jurisdiction include: "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is

MEMORANDUM ORDER - Page 4
05ORDERS\Bradshaw_dis_05-84.WPD

incorporated there." Id. See also Hirsh v. Blue Cross, Blue Shield of Kansas City, 800 F. 2d 1474, 1478 (9th Cir. 1986).

None of the individually named Defendants has ever set foot in or transacted business in the State of Idaho. The Defendants have no direct business or governmental contact with Idaho. The Defendants do not solicit or engage in business in Idaho.  Clearly, general jurisdiction is lacking as to each Defendant in this case and Plaintiff has not carried his burden to establish general jurisdiction.

B. Specific Jurisdiction

When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising "specific jurisdiction" over the defendant. Helicopteros, 466 U.S. at 414 n. 8.  Specific jurisdiction exists if a defendant has sufficient "minimum contacts" with the forum such that exercise of jurisdiction would not "offend the traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  In the Ninth Circuit, three conditions must be met in order to establish "minimum contacts": (1) the nonresident defendant must purposely direct its activities or consummate some transaction with the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities within the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Yahoo! Inc. v. La Ligue Le Racisme, 379 F.3d 1120, 1123 (9th Cir. 2004.)

1. The nonresident defendant must purposefully conduct activities within the forum:

The connection between the defendant and the forum State required for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State.  Asahi Metal Industrial Co. v. Superior Ct., 480 U.S. 102, 112 (1987).  This requirement ensures that a person is not hauled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  Thus, the Court must examine whether Defendants' activities were directed purposefully toward the forum.  Id. at 476.  Purposeful availment "requires

MEMORANDUM ORDER - Page 5
05ORDERS\Bradshaw_dis_05-84.WPD

a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Doe v. Unocal Group, 248 F.3d 915, 923 (citing Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)). However, " an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts' to support personal jurisdiction." Id. (citing McGlinchy v. Shell Chemical Co., 845 F.2d 802, 816 n. 9 (9th Cir. 1988) (quoting Burger King, 471 U.S. at 478).

Incorporating the standards set forth in Burger King, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. Doe, 248 F.3d at 923 (citing Haisten v. Grass Valley Medical Reimbursement Fund, LTD, 784 F.2d 1392, 1397 (9th Cir. 1986)). Thus, cases will arise in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction where reasonable. Brand v. Menlove Dodge, 796 F.2d 1070, 1074 (9th Cir. 1986).

It is undisputed that the individual Defendants do not have "minimum contacts" with the State of Idaho. Accordingly, the Court finds the named Defendants have not purposefully directed activities in Idaho. While it appears an employee of the CNMI did originally contact Bradshaw regarding employment in CNMI, that person is not a party to this lawsuit and such limited contact with Idaho does not confer specific jurisdiction as to the government of CNMI or other governmental employees especially since the cause of action in this case is not related to the initial contact regarding Bradshaw's employment.

2. The claim must arise out of or result from Defendant's forum-related activities:

The plaintiff's claims must arise out of the defendants' forum related activities. In making this determination, the Ninth Circuit has adopted a "but for" analysis. See Ballard v. Savage, 65

F.3d 1495, 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where, "but for" Defendant's activities in Idaho, the Plaintiff's current alleged injuries would not have occurred. Again, it is undisputed that the current claims do not arise out of Defendants' forum related activities as the only Defendant that could be held to even have exercised Idaho activities is CNMI and this was discussed above as being insufficient to create specific jurisdiction over the named Defendants.

### 3. The exercise of jurisdiction must be reasonable:

The Court must also determine whether the exercise of jurisdiction is reasonable, looking at seven factors: the extent of defendant's purposeful injection into the forum state's affairs; the burden on the defendant in defending in the forum; the extent of conflict with sovereignty of the defendant's state; the interest of the forum state; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the availability of an alternative forum. Dole Food Co. v. Watts, 303 F.3d 1104, 1114 (9th Cir 2002). It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Based on the facts as alleged by Plaintiff, the Court finds there is nothing that can be considered "reasonable" in conferring specific jurisdiction in Idaho over these Defendants via the long-arm statute of the State of Idaho. Plaintiff argues the fact that his real property in Idaho may be subject to the default judgment entered by the court in CNMI should establish jurisdiction over the Defendants. The fact that Plaintiff resides in Idaho and may own property in Idaho establishes personal jurisdiction over Plaintiff, but it does nothing to establish personal jurisdiction over the named Defendants. The fact certain Defendants may, in the future, have contacts in Idaho does not make personal jurisdiction "reasonable" at the time the lawsuit was filed in this case.

MEMORANDUM ORDER - Page 7
05ORDERS\Bradshaw_dis_05-84.WPD

All three of the test for specific personal jurisdiction under Idaho's long-arm statute fail when applied to the record before this Court. Accordingly, Idaho's long-arm statute has not been satisfied to confer general or specific personal jurisdiction over the Defendants in this case.

II. <u>Nationwide Service of Process</u>

In the absence of authority to serve process using Idaho's lang-arm statute, Plaintiff argues he may seek such authority under a federal statute. Fed. R. Civ. P. 4(k)(1)(D). However, of the several federal statutes cited by Plaintiff in his Second Amended Complaint, only the RICO Act offers a nationwide service of process provision. 18 U.S.C. § 1965(b).[1]

Bradshaw alleges that the Defendants (except Bison and Sorenson) are liable under RICO as they conspired to deny his civil rights and his right to indemnification. Since Sorensen and Bison are not named in the RICO Act count of the Second Amended Complaint, nationwide service of process would not apply to these two Defendants. As to the CNMI Defendants (those connected or formerly connected to or employed by the government of CNMI), the Court finds the RICO Act claim set forth in the Second Amended Complaint is insufficient to confer personal jurisdiction over the CNMI Defendants.

Rule 4(k)(2) of the Federal Rules of Civil Procedure may apply when neither general nor specific jurisdiction can be established. If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state. Fed. R. Civ. P. 4(k)(2). There are, however, limits on the applicability of nationwide service of process under the RICO Act.

---

[1]  18 U.S.C. § 1965(b) provides:
In any action under section 1964, of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States the marshal thereof.

MEMORANDUM ORDER - Page 8
05ORDERS\Bradshaw_dis_05-84.WPD

Merely alleging the CNMI Defendants' actions constituted a deprivation of Plaintiff's rights as a RICO claim is not sufficient to allow nationwide service of process. Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997). The Ninth Circuit has held "[f]or nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multi district conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all the alleged co-conspirators." Butchers Union Local No. 498 v. SDC Inv., Inc., 788 F2d 535 (9th Cir. 1986). In this case, Plaintiff has not come forward with evidence to establish personal jurisdiction over any of the alleged CNMI co-conspirators and has not shown there is no other district in which a court could have personal jurisdiction over all the alleged co-conspirators. Therefore, Plaintiff has failed to establish the CNMI Defendants are amenable to service of process under the RICO Act.

As to any other federal statute cited in the Second Amended Complaint, the Court finds the Plaintiff has not carried his burden to establish that service would satisfy the constitutional concerns of fairness or reasonableness when the alleged improper actions took place in CNMI and not in Idaho and Plaintiff is the only party in Idaho. Defendants are not amenable to service of process in the District of Idaho nor could they reasonably expect that would have to defend litigation in Idaho.

## CONCLUSION

Plaintiff has not met his burden of proof to establish personal jurisdiction over the named Defendants. In examining the record in this matter, the exercise of personal jurisdiction over any of the Defendants would not be constitutional, reasonable or fair. There are no state or federal statutes that provide for the exercise of personal jurisdiction over any of the named Defendants as Plaintiff has not carried his burden to establish Idaho's long-arm statute applies or the RICO Act's nationwide service applies to confer personal jurisdiction. The other federal statutes alleged in the Second Amended Complaint do not provide for service that complies with the constitutional concerns of Fed. R. Civ. P. 4(k)(2). Having found no personal jurisdiction over any of the Defendants, the Court finds it would also be unfair and improper to allow service by publication where this Court has no personal jurisdiction over Defendants living outside the United States.

MEMORANDUM ORDER - Page 9
05ORDERS\Bradshaw_dis_05-84.WPD

### ORDER

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED:

1) Plaintiff's motion to seal (Docket No. 33) is **GRANTED**.

2) Plaintiff's motion to withdraw or strike his answer and rebuttal to motion for extension of time to serve response pleadings FILED ON May 12, 2005 (Docket No. 36) is **GRANTED**.

3) Defendants' Motions to Dismiss (Docket Nos.21, 26, and 29) are **GRANTED** as this Court lacks personal jurisdiction over the named Defendants and the matter is **DISMISSED WITHOUT PREJUDICE**.

4) Plaintiff's motion to extend the time for service and to serve by publication (Docket No. 51) is **DENIED**.

5) Defendants' Motion to Strike (Docket No. 56) is **GRANTED** and Plaintiff's sur-reply is **STRICKEN** (Docket No. 53) as such is not provided by the Local Rules without leave of the Court.


DATED: **July 25, 2005**

Honorable Edward J. Lodge
U. S. District Judge


MEMORANDUM ORDER - Page 10
05ORDERS\Bradshaw_dis_05-84.WPD