Clerk
District Court

1  JAY H. SORENSEN
   c/o Shanghai
2  P.O. Box 9022
   Warren, MI 48090-9022
3  Telephone: 86-21-5083-8542
   Facsimile: 86-21-5083-8542
4

DEC - 7 2005

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

*Attorney Appearing in Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>COMMONWEALTH OF THE NORTHERN  )<br>MARIANA ISLANDS, et al.,  )<br>  )<br>  )<br>  )<br>  )<br>  Defendants.  )<br>  )<br>  ) | Civil Action No. 05-0027<br><br>**NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND/OR MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>FEB - 9 2006<br>Hearing date: ~~January 19, 2006~~<br>Time: 9:00 a.m. |

TO PLAINTIFF, ROBERT D. BRADSHAW

FEB - 9 2006

NOTICE IS HEREBY GIVEN, that on ~~January 19, 2006~~ at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant, JAY H. SORENSEN, will and does hereby, move the court to grant an order requiring plaintiff to amend his complaint to state his claims more definitely, or, to strike the amended complaint in its entirety, or, to dismiss the amended complaint.

This motion is made, and will be based, upon Rule 12(e), Rule 12(f), and Rule 41(b), Federal Rules of Civil Procedure, on the grounds that the amended complaint fails to make a short and plain

- 1 -

statement of the claims, using simple, concise, and direct averments, in violation of Rule 8(a) and Rule 8(e), Federal Rules of Civil Procedure.

This motion will be based on this notice, the within memorandum of points and authorities, and upon such other and further matter as may come before the court at the time of hearing.

_____
Jay H. Sorensen

## MEMORANDUM OF POINTS AND AUTHORITIES

Fed.R.Civ.P. 8(a) provides, in pertinent part: "A pleading which sets for a claim for relief, ..., shall contain (1) a *short and plain* statement of the grounds upon which the court's jurisdiction depends, ...(2) a *short and plain* statement of the claim showing that the pleader is entitled to relief,..." (Emphasis added). Fed.R.Civ.P. 8(e)(1) states: "Each averment of a pleading shall be *simple, concise, and direct.* No technical forms of pleading or motions are required." (Emphasis added).

The amended complaint is not short and plain. It is long and complicated. It consists of 81 pages, containing 288 paragraphs that are intended to state 17 different causes of action. It does not end with the prayer for relief, but appends as exhibits three affidavits by the plaintiff, one affidavit by a non-party and 18 items of correspondence to or from plaintiff—altogether 39 pages of evidentiary material.

The averments of the amended complaint are not simple, concise and direct. Rather, many of the averments are rambling, circuitous, and collateral. It contains a great deal of argument, speculation and supposition. This runs throughout the amended complaint, but discussion here will focus on several examples.

The amended complaint contains many paragraphs that contain no fact allegations, only argument. For example, ¶ 144: "This reality and the facts outlined above plainly suggest the obstruction of justice and hiding of criminal acts by defendant BROWN in cases which were before both the CNMI SC (96-1320) and the US District Court of Idaho (05-84). "

It contains many paragraphs that attempt to argue legal points, even citing case authority, albeit often incomplete citation. See, e.g. ¶38 quoting and citing a district court decision from Iowa; ¶ 134, referencing what is purported to be a US Supreme Court ruling giving the title but not the citation of the case; ¶172 citing "an 10th Circuit Court of Appeals decision," without giving the case name or citation; ¶ 262 arguing the applicability of the Civil Rights Act of 1871 to judges, citing C.J.S.; ¶264 containing a quotation from a U.S. Supreme Court case with citation. In paragraphs 31 through 33 it argues the applicability of Washington state law, citing its code and a case note. Four paragraphs (28, 30, 34 and 35) quote or cite to "Federal Practice & Procedure," Wright & Miller.

The amended complaint is replete with plaintiff's opinion or his speculation as to what the facts are or what they might imply. See, e.g. ¶71 ("At some point in time, BISOM *possibly introduced*..."); ¶112 ("While he did not say so, it *seemed clear to me*...."); ¶113 ("It was then that *I clearly understood* that the AG had become an hostile, adversarial party. ..."); ¶130 ("*It's possible* that the AG was....; *or it's possible* that BISOM simply...."); ¶194 ("The actions of judge CASTRO...*raise the spectrum* that the Judge's actions..."); ¶212 ("The actions of the CNMI Supreme Court judges *seem* to have involved a conspiratorial action...").(Emphasis added.)

"The purpose of the Rule [Fed.R.Civ.P. 8] is to provide the adverse party with notice of the claims asserted and to limit the burden imposed on both courts and litigants by unnecessarily verbose and incoherent pleadings." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988). The statement of the claim should be plain in that it should state facts, not conclusions of fact; otherwise the court cannot determine whether the opposing party must respond. The statement should be short

because unnecessary prolixity places an unjustified burden on the court and the responding party. Each averment should be direct because a complaint's factual allegations should be relevant to the cause of action brought. *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 218 F.R.D. 76 (S.D.N.Y. 2005).

If the violation of Rule 8 is such that it makes the complaint "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," then the pleader may be required to amend to bring it into compliance. Fed.R.Civ.P. 12 (e). The court may also utilize Fed.R.Civ.P. 12(f) and strike "any redundant, immaterial, impertinent, or scandalous matter." In addition, "[a] complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b)." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 673 (9th Cir 1981).[1]

The amended complaint at issue here is argumentative, prolix, replete with redundancy, and largely irrelevant. It consists mostly of immaterial background information and the plaintiff's musings.

The court should not have to deal with this mass of verbiage. The parties are likewise entitled to know specifically what it is they are being sued for and what the factual basis of the claims are without having to wade through all the superfluous material. "Simply stated, such pleadings should not be permitted to stand in the face of the positive language of our Federal Rules of Civil Procedure." *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir 1980) (complaint of 30 pages with 9 pages of addenda stricken for failure to comply with Rules 8(a), 8(e) and 9(b)).

---

[1] Fed.R.Civ.P. 41(b) provides in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action of any claim against him…"

- 4 -

The fact that plaintiff is without legal representation does not alter this. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The liberality of construction of pleadings that pro se litigant enjoy "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure…" *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). "Although we construe [plaintiffs'] pro se pleading liberally, they must comply with applicable procedural rules, including FED.R.CIV.P. 8." *Wilkin v. Thomas*, 104 Fed. Appx. 140, 141 (10th Cir. 2004).

In *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964), a pro se plaintiff convicted of a traffic offense alleged civil rights violations against the arresting police officer, deputy attorney, municipal court judge, court reporter, clerk and bailiff in a 55 page complaint.. It held that the district court judge was "entirely justified in holding that that complaint did not comply with Rule 8(a), and in ordering appellant to replead." *Id.* at 870.

As noted in his amended complaint, plaintiff filed this case previously in Idaho. See, ¶ 1 and 23. In fact, by the time it was dismissed, he had filed a second amended complaint.[2] Thus, the complaint now before the court is plaintiff's fifth attempt to get it right. The court is justified in dismissing it with prejudice. See, *Von Poppenheim v. Portland Boxing & Wrestling Com.*, 442 F.2d 1047,1049 (9th Cir. 1971)(holding that aggravated circumstances may make dismissal under Rule 41(b) appropriate, and finding plaintiff's complaint was "prolix, confused and obscure.")

If the court believes that plaintiff should have another chance to properly plead his claims, then defendant suggests that plaintiff be ordered to restate his claims in a second amended complaint

---

[2] *Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (C. Idaho 2005), p. 2,line 8.

- 5 -

1. within the parameters of the following directive: 1. That all allegations be of facts only. 2. Each
2. paragraph contain only one factual allegation. 3. The factual allegations, where possible, be
3. organized in chronological order. 4. Each paragraph be short and concise and state (a) what is
4. alleged to have occurred; (b) where possible, the date and location that the action is alleged to have
5. occurred; (c) which of the defendants is responsible for the alleged action; and (d) how the alleged
6. action is related to a deprivation of plaintiff's rights. See, e.g. *Washington v. Reilly*, 226 F.R.D. 170
7. (E.D.N.Y. 2005) (prisoner in pro se allowed to amend complaint attempting to state claim under 42
8. U.S.C. §1983 after motions to dismiss for failure to comply with Rules 8 and 10).
9.                                             Respectfully submitted,
10.
11.                                             _____
12.                                             Jay H. Sorensen
                                                 In Pro Se
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _December 5, 2005_ a copy of each of the following:

NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND/OR MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

EX PARTE APPLICATION UNDER LOCAL RULE 7.1 TO INCREASE TIME FOR HEARING AND BRIEFING OF MOTIONS; CERTIFICATE MADE PURSUANT TO RULE 7.1.h.3(b); DECLARATION IN SUPPORT

PROPOSED ORDER GRANTING APPLICATION TO INCREASE TIME FOR BRIEFING AND HEARING OF MOTIONS

were deposited for delivery to the U.S. Post Office, first class mail, postage prepaid,

addressed as set forth below:

>   Robert D. Bradshaw
>   P.O. Box 473
>   1530 W. Trout Creek Road
>   Calder, Idaho 83808

_____
Jay H. Sorensen