Received    Dec-19-2005 07:13    From-2082452401    To-US DISTRICT COURT, N    Page 002

F I L E D
Clerk
District Court

DEC 1 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**Robert D. Bradshaw**
**PO Box 473**
**1530 W. Trout Creek Road**
**Calder, Idaho 83808**
**Phone  208-245-1691**

Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW | ) Case No. CV 05-0027 |
| Plaintiff | ) |
| v. | ) |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. | ) **PLAINTIFF'S OPPOSITION TO** ) **DEFENDANT COMMONWEALTH OF** ) **THE NORTHERN MARIANA ISLANDS'** ) **MOTION TO DISMISS OR QUASH** |
| Defendants | ) **FOR DEFECTIVE SERVICE** ) **PURSUANT TO Fed. R. CIV. P. 4** ) **AND 12(B)(5) AND INCORPORATED** ) **MEMORANDUM OF POINTS AND** ) **AUTHORITIES** |
| | ) Hearing at 0900 AM , Dec. 22, 2005 |

1.  COMES now plaintiff to oppose defendant CNMI's Motion to Dismiss or Quash for Defective Service.  This motion should be denied for two reasons.

2.  First, defendant's motion does not meet the criteria of time as established in local rule 7.1b which specifies not less than 28 days for a hearing after filing of the motion and/or per LR 7.1c1 on hearings, on the fourth Thursday after it is filed (or on Dec 29th). Defendant's motion was filed Dec 5, 2005 and mailed by regular first class mail to the plaintiff

1

on Dec 6, 2005 (per the attached copy of the mailing envelope, Exhibit A, showing the Dec 6 date).  Plaintiff received the notice on Dec 16, 2005 and has had to hurriedly file this opposition at once by fax in order to reach the court hearing scheduled for Dec 22d.

3. LR7.1c2 notes that opposition is to be filed on the Thursday of the second full week after the week in which the motion was filed.  This dating translates to Dec 22d.  This opposition therefore should, by fax, reach the court and defendant prior to the Dec 22d date.

4. Second, plaintiff's service was made in accordance with Fed. Rules Civil Procedure (FRCP) rule 4(j)(2) which specifies service by "delivering a copy of the summons and of the complaint to the chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process..." Plaintiff's service on the CNMI complied with this rule in that service was made pursuant to 7 CMC 1101-1104, a statutory law of the CNMI which automatically takes precedence over the court procedure rules established by the CNMI judiciary.  It is a fact of law that court rules of procedure promulgated by the judiciary can never supersede, change or abolish statutory laws in effect in a given jurisdiction.

5. Chapter 1 of 7 CMC 1102 defines the audience for this chapter as "any person, whether or not a citizen or resident of the Commonwealth, who in person or through an agent does any of the acts enumerated in this Section..." "Oran's Dictionary of the Law" (p 315-316) says that person means "(1) A human being... (2) A Corporation... (3) Any other 'being' entitled to sue as a legal entity (a government, an association, a group of trustees, etc).  The plural of person is *persons*, not people."  Chapter 1 of 7 CMC address government entities as well as individual people and/or corporations.

2

6. Section 1104 addresses the manner of service which allows a plaintiff to mail by certified mail, return receipt, the summons and complaint to the defendant wherever the defendant can be found. There are no restrictions whatsoever in sections 1101-1104 which limit or restrict service on any person, including the CNMI government, allegedly guilty of a tort or wrong in the CNMI. The Commonwealth Rules of Civil Procedure cannot possibly change, alter, supersede, or limit the applicability of the statutory law in effect. Therefore, CNMI rule 4i cannot possibly take precedence over the statutory law. In fact, FRCP rule 4(j)(2) specifically refers to the local "law" and not necessarily court rules.

7. Section 1102(e) adds that the Legislature intends that jurisdiction under this section "shall be coextensive with the minimum standards of the due process as determined in the United States Federal Courts." Federal standards envision service on a government as involving delivery on the Chief Executive Officer as being the principal agent of the government. The word "delivery," per Oran's (p. 122), means "(1) The transfer of property other than land from one person to another... (2) An act other than physically handling over an object that has the legal effect of a physical transfer."

8. Per chapter 1 of 7 CMC, there is no definition of who the agent of the CNMI government is to receive the summons and complaint; although it is a given that the Chief Executive Office is automatically eligible to receive the summons and complaint as is the proscription of the FRCP. The remark in the CNMI rules on service on the AG, in rule 4i, does not reference or attempt to change, augment or define 7 CMC in any respect as to service on the CNMI. The reference in the allowability of service on individuals in the US (per CNMI rule 4(e)) includes a recognition that service can be made in accordance with any law in the

3

CNMI. Though not stated as such, this manifestly is also the case in rule 4i on service on the
CNMI as well as any and all other cites in CNMI rule 4. Service on any person in the CNMI
rule 4 can always be made in accordance with statutory laws in the CNMI.

9. Per both the FRCP and the local 7 CMC, plaintiff has legal authority to deliver a
summons to the Chief Executive Officer of the CNMI

10. Although not required by 7 CMC 1104, the plaintiff did serve a courtesy copy of the
summons (and also a single copy of the amended complaint) for the CNMI and the other
defendants to the AG on Nov 29, 2005. Service on the Governor for the CNMI did not
happen until Nov 30, 2005.

11. Plaintiff respectively requests that defendant's motion be denied. A proposed
order is enclosed. If alternatively, the Court does grant the motion to quash, plaintiff requests
that the delivery time of 120 days for the defendant CNMI be increased to 240 days.

I declare under the penalty of perjury under the laws of the United States of America
that the foregoing is true and correct. Executed this 18th day of December 2005 at Calder,
Idaho.

.

Robert D. Bradshaw, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of December 2005, I caused to be served a true
copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
The CNMI Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950 (copy also
sent by fax to the AG at 670-664-2349).

Robert D. Bradshaw, Plaintiff, Pro Se

4

Received    Dec-19-2005  07:13    From-208245240l    To-US DISTRICT COURT, N    Page  005



COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
OFFICE OF THE ATTORNEY GENERAL
2ND FLOOR, ADMINISTRATION BLDG., CAPITOL HILL
CALLER BOX 10007
SAIPAN, MP 96950

To ROBERT D. BRADSHAW
Plaintiff, Pros Se
P O Box 473
1530 W. Trout Creek Road
Calder ID 83808