F I L E D
Clerk
District Court

DEC 1 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**Robert D. Bradshaw**
**PO Box 473**
**1530 W. Trout Creek Road**
**Calder, Idaho 83808**
**Phone  208-245-1691**

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW | ) Case No. CV 05-0027 |
| Plaintiff | ) |
| v. | ) |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. | ) **PLAINTIFF'S ANSWER AND** ) **OPPOSITION TO DEFENDANT** ) **COTTON'S MOTION TO DISMISS** ) **OR QUASH FOR DEFECTIVE** ) **SERVICE PURSUANT TO FED. R.** ) **CIV. P. 4 AND 12(B)(5) AND** |
| Defendants | ) **INCORPORATED MEMORANDUM** ) **OF POINTS AND AUTHORITIES** |
| | ) Hearing at 0900 AM, December 22, 2005 |

1.  COMES now plaintiff to answer and oppose defendant Cotton's motion to quash or

dismiss.  The problem with the motion is that it is contrary to CNMI law in terms of Attorney

General (AG) duties.

## Introduction

1

2. In terms of service by mail on Mr Cotton, there is a legal doctrine which governs much of service of process. It is "service on the agent is service on the principal." Service on Mr Cotton's agent for mail delivery is service on Mr Cotton.

3. Defendant's motion cites two alleged service requirements for 7 CMC 1104--"first" is that a certified copy of the summons and complaint be served upon the CNMI Attorney General (hereafter the AG), and "second" that a copy of the summons and complaint must "then" be served upon the defendant. The problem with these charges is that they are both totally wrong by the very words of the CNMI law.

4. The 7 CMC 1104(a) provides "service shall be made by leaving a certified copy with the Attorney General, who shall keep a record of each such process and the day and hour of service; **provided,** that notice of the service and a copy of the summons and of the complaint are served upon the defendant personally by any person authorized to serve process in the place in which he or she may be found or appointed by the Court for the purpose; or sent by certified or registered mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or his or her attorney shall file an affidavit of service with the Clerk of Courts showing that copies of the summons and complaint were served or sent by certified or registered mail, and in the latter case, the return receipt signed by the defendant shall be filed with the affidavit. The service shall be deemed complete upon delivery of the required papers to the defendant outside the Commonwealth, personally or by mail as provided." Note the first "provided" above which the plaintiff shows in bold type herein. It will be discussed below.

2

5.  Also note in 1104(a) that service is deemed complete with the delivery of the papers to the defendant (which the law specifically defines for the defendant as both the summons or process and the complaint) and not to the AG or even the filing of the affidavit with the Court Clerk.  Thus, the plaintiff may possibly violate the law by not ultimately leaving process with the AG (and could then be potentially subject to sanctions); but the service is complete once delivery of summons (process) and the complaint (summons only in cases of publication) are made on the defendant.  Whether service of the process/summons is made on the AG or not, it will not affect the validity of the service.  Like the later filing of the affidavit and process with the Court becomes evidence of the completed service, the same thing applies when the plaintiff "leaves" the process with the AG showing the date and time of service.  It too becomes evidence that service was made and when it was made.

6.  Section 1104(b) adds "After service on the Attorney General, **if** the defendant cannot be personally served by mail the summons and the complaint, and **if** by affidavit or otherwise the Court is satisfied that with reasonable diligence the defendant cannot be served, and that  a cause of action arises against the party upon whom service is to be made, or he is a necessary and proper party to the action, the Court may order that service be made by publication of the summons in at least one newspaper published and having a general circulation in the Commonwealth.  Publication shall be made once each week for four successive weeks, and the last publication shall be not less than 21 days prior to the return date stated herein."  Note the words "if" as set in bold type by the plaintiff.  As a minimum, this after service on the AG in 1104(b) follows or is after service in 1104(a) and not before.

3

## Argument

`7.  The initial problem with defendant's motion is that the subject respecting the AG concerns "process."  Oran's "Dictionary of  the Law" (p. 335) defines process as "1. A court's ordering a **defendant** to show up in court or risk losing a lawsuit; a **summons.**  2. Any court **order** that "takes **jurisdiction** over" (brings formally under the court's power) a person or property.  3. A regular, legal method of operating."  The United States District Court for the District of Idaho's "Pro Se Handbook" (p. 79) says that service of process is "The delivering of writs, summons, and subpoenas by delivering them to the party named in the document.  Also referred to as 'service.'"  On service, Oran's (p. 388-9) adds that it is "1.  The delivery (or its legal equivalent, such as publication in a newspaper in some cases) of a legal paper, such as a **writ**, for an authorized person in a way that meets certain formal requirements.  It is the way to notify a person of a **lawsuit."**  The bold types are as found in Oran's.

8.  Per these dictionaries, it is the summons which constitutes process and not the complaint.  It is the summons or process which is dated and signed by the court clerk and authenticated with the clerk's official seal.  When the Clerk signs the summons, he certifies it. It is the summons which is served as a notification of the lawsuit and the need to answer it.  It is the summons which must be served by publication as cited in 1104(b) and not the complaint.  The complaint is not the process in the case.  The summons is the process.

9.  In section 1104(a), it is a copy of this certified process which is to be served on the AG by "leaving" it with the AG who shall keep a record of each such process and the day and hour of service.  This is a virtual repeat of what happens with a return of service filed in a

court "after" service is made on a defendant.  The plaintiff serves the defendant and files an official certified copy of the process with the Court showing the date/time of service.

10. While some Court Clerks may keep copies of summons/process when first issued, some do not.  The US District Court for Idaho does not keep a copy or evidently even any record of summons issued in a case (as the plaintiff knows from personal experience).  The Clerk issues the summons and it becomes a part of the official file only if it becomes a part of the return of service.  The same seems manifestly true with the AG.  The AG has no need for a summons when issued.  The AG's need surfaces when service is actually made and deemed complete (in order for the AG to keep a record of the service and when it occurred).

11.  The AG's need for a duplicate of what is filed with the Clerk of Court is brought out in the first sentence of 1104(a) which says that the AG "shall keep a record of each such process and the day and hour of service."  The logging in record kept of process by Ms Clarinda Castro possibly fulfills this need of keeping the record of process and its date of service (which must happen after service is made on the defendant, following the word provided).  Obviously, the AG will need this documentation on service "after" service is made (as is fully explained in 1104(a)) and not "before" service is made.

12.  Thus, the AG will keep much of the same type of data on service of process that the Clerk receives in the affidavit and return of service.  Neither the copy of process left with the AG or the affidavit filed with the Clerk define the procedure/action of serving the defendant which is delineated and expressly described in Section 1104(a) as following the first use of "provided."

13.  The first use of "provided" in section 1104(a) is manifestly clear enough that the service on the AG must be made after the service is completed and not before.  Thus, the AG is served with the process to keep the record with date and hour "PROVIDED" that service of the summons (process) and complaint are actually made on the defendant as the rest of that paragraph clearly states.  PROVIDED that service is actually made on defendant (with the defendant then being in a served state), a certified copy of process is left with the AG.  If service is not made on the defendant, there is no requirement or need to leave a copy of the process with the AG (for keeping a record of it or its date and time of service) or file an affidavit with the Court.  The AG and the Court both get a copy of process "only" if service is made.  Without service on the defendant, there is no process to be filed in Court or with the AG as such documentation would be essentially irrelevant and without legal meaning.

14.  Even Section 1104(b) also allows that service on the AG comes after service on the defendant.  This clause starts off with "After" service on the AG, "if" the defendant cannot be personally served by mail the summons and the complaint, and "if" by affidavit or otherwise the Court is satisfied that the defendant cannot be served, and that a cause of action arises, the Court may order service by publication of the summons (note, the publication is made of the summons or process and not the complaint).   Clearly, the conditions of the two contingent ifs must be met before the state of "after service on the AG" can be reached.

15.  Thus, "if" the defendant cannot be served and "if" by affidavit the court is satisfied of the need, then the Court can order publication.  Then, following this service, the AG can be served (actually left with) the completed process (along with filing the process and affidavit

6

with the Clerk of Court).  This will allow the AG as well as the Court to have a record of the process and the date and hour when it was served.

16.  Since the printed summons in the newspaper, when service is made by publication, becomes the summons; the case can be made that it is this printed notice in the paper approved by the Court that becomes the process in the case.  Clearly, if the AG is to have a record of process, the AG, like the Court, would need a copy of the actual printed notice in the paper as the process to be left with the AG.

17.  Per the defendant's motion, the AG would be served with a certified copy of the process (the summons) before even attempting to serve the defendant.  This would put a dishonest AG in the envious position of knowing about each defendant and the defendant's known address and hence being able to tip off defendants and friends wherever located that they are about to be served process and where they will be served (and from the address, the AG might even be able to indicate "how" the defendant will be served in the sense of the revelation contained in a post office box or street address)--if the AG so chose to do so.  Note here that if the AG so chose to do so, she could then tip off defendants of pending service and where and possibly how it will take place (the "if the AG so chose to do so" in the second clause must precede the AG's tipping off of people in the first clause which is similar to what is outlined in 1104(b)).  But this is illogical in 1104 since the AG's need is supposedly not to tip off defendants about pending service; but rather to keep a record of service with the date and time of service.

18.  In cases against the CNMI or persons it will defend and litigate, it makes no sense for the plaintiff to have to furnish process to the AG even before the defendant is notified and

7

served.  It is illogical and a lack of due process for the plaintiff if the plaintiff has to notify and tip off the AG before even making service on a defendant who will be defended by the AG. The plaintiff is due "due process" under the US Constitution as well as the defendant.  With notification of a pending suit to the defendant's lawyer before the defendant is notified (if the AG is noticed before serving the defendant), it appears that the plaintiff's rights to due process and equal protection under the law have been infringed upon.  Only leaving process on the AG after service on the defendant makes sense and allows for due process.

19.  The only way the plaintiff can inform the AG of the needed fact of service is by furnishing the AG a return on the service of process after service is made.  Hence, service is made and a record of that service is made by "leaving" a copy of the process with the AG.  "IF' service cannot be made by mail and "IF" the court approves the need then service can be made by publication.  Once this service is completed, the plaintiff "leaves" a copy of the service with the AG as 1104(a) so states (along with filing it with the Clerk).  Thus, the fact of service occurs when legal process is delivered to the defendant and not when it is left with the AG or filed with the affidavit to the Clerk.

20.  If the court disapproves the service and service is never made, then there is no need for the AG to have a record of process and the date and hour when service was made (nor is there any need to file an affidavit with the Clerk).  Obviously, service has to be made in order to leave a copy of the process for the AG to keep a record of process with the date and hour of service.  There is no other option on this issue which will make sense and avoid total pandemonium and confusion.

8

21. Though the intent of the law is for the AG to receive a copy of the process after service on the defendant, the use of the word "leaving" in 1104(a) allows a person to conclude that the AG's involvement only surfaces in cases where the plaintiff resides on Saipan.  An off island plaintiff would not "leave" a copy of process with the AG (but could mail a copy to the AG).  However, in reading the rest of 1104, there does not seem to be any restrictions on whether a plaintiff is on or off island.  So Section 1104 is all inclusive for plaintiffs on or off island.

22. The next issue on 1104 is when is the return of process to be "left" with the AG?  Perhaps the answer here is much like the case with many US courts where filing the return of service with the court is somewhat flexible in terms of dating.  There is no dating requirement, per se, when a return of service must be left with the AG.  Thus, there probably is some flexibility in meeting this need.  In fact, it is highly likely that some plaintiffs never file or leave process with the AG as used on or off island under the CNMI laws.

### Conclusion

23. The provisions of section 1104 seem clear enough that a plaintiff is to "leave" a copy of the summons/process with the AG after service is made on the defendant.  Service is "deemed complete" when it is made on the defendant and not when it is left with the AG or filed with the Clerk of Court.  The act of leaving the process/summons with the AG and filing it and the affidavit with the Clerk cannot alter or affect the reality of service which was made on the defendant.  These after action events can only be used as legal evidence or proof that indeed service was or was not made on the defendant.

9

24.  As outlined above, completion of service occurs with its delivery of process on the defendant and not on the AG.  Service on the AG does not affect the validity of the service made on the defendant.  Service deemed complete on the defendant cannot possibly invalidate that service over the issue of leaving copy of process with the AG.  Like the filing of the affidavit with the Court, the leaving of process with the AG becomes evidence or proof of the after-fact of completed service.

25.  Since non service on the AG does not affect the validity of service on the defendant, and since the law in section 1104 only makes sense and has meaning in the context that the leaving of a certified copy of process on the AG must occur after service is made on a defendant (so the AG can keep a record of the process with its date and hour), and not before, plaintiff respectively asks the court to deny Mr Cotton's motion to quash and/or dismiss.

.

_____

Robert D. Bradshaw. Plaintiff Pro Se

## CERTIFICATE  OF  SERVICE

I HEREBY CERTIFY that on the _9th_ day of _Dec_ 2005, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
The Attorney General, 2d Floor of the Juan A. Sablan Memorial Bldg,
  Caller Box 10007, Capitol Hill, Saipan, MP 96950.

_____

Robert D. Bradshaw, Plaintiff, Pro Se

10