ORIGINAL

1  JAMES D . LIVINGSTONE
   KRISTIN D. ST. PETER
2  Assistant Attorneys General
   Commonwealth of the Northern Mariana Islands
3  Office of the Attorney General-Civil Division
   2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
4  Caller Box 10007
   Saipan, MP 96950
5

6  Attorneys for: Defendants CNMI, Forelli, Bush, Cotton and Brown

7              IN THE UNITED STATES DISTRICT COURT
              DISTRICT OF THE NORTHERN MARIANA ISLANDS

8  ROBERT D. BRADSHAW,                    Case No. 05-0027

9              Plaintiff,

10    vs.

11                                        DEFENDANTS' MOTION TO DISMISS AND
   COMMONWEALTH OF THE NORTHERN          INCORPORATED MEMORANDUM OF
12 MARIANA ISLANDS, NICOLE C. FORELLI,   POINTS AND AUTHORITIES
   WILLIAM C. BUSH, D. DOUGLAS COTTON,      [CIV. R. FED. P. 12 (b) (6)]
13 L. DAVID SOSEBEE, ANDREW CLAYTON,
   UNKNOWN AND UNNAMED PERSONS IN
14 THE CNMI OFFICE OF THE ATTORNEY       DATE: FEB 0 9 2006
   GENERAL, ALEXANDRO C. CASTRO, JOHN
15 A. MANGLONA, TIMOTHY H. BELLAS,       TIME: 9:00 AM
   PAMELA BROWN, ROBERT BISOM, AND
16 JAY H. SORENSEN,                      JUDGE: ALEX R. MUNSON

17              Defendants.

18

19

20

21

FILED
Clerk
District Court

DEC 22 2005

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

# TABLE OF CONTENTS

Page

MOTION.................................................................. 1

PARTIES................................................................. 1

FACTS................................................................... 2

PROCEDURAL BACKGROUND.................................... 4

STANDARD OF REVIEW.......................................... 5

ARGUMENT............................................................ 6

I.      Defendants are entitled to immunity.............................. 6

        a.      Absolute Judicial Immunity...................... 6

        b.      Quasi-Judicial Immunity......................... 7

        c.      Qualified Immunity.............................. 7

        d.      CNMI's Immunities.............................. 8

II.     Plaintiff's tort, RICO and U.S. Constitutional based claims are
        time-barred................................................... 9

III.    The Younger doctrine requires this Court to abstain because the Bisom
        case is still pending before the CNMI Superior Court..................... 10

IV.     Each and every count of Plaintiff's complaint should be dismissed
        for either failure to state a cognizable legal theory, failure to plead
        essential facts, or both...................................... 11

        COUNT I.......................................................... 12

        a.      Fraud allegations against unnamed CNMI employees
                should be dismissed............................ 12

        COUNT II......................................................... 14

        a.      Allegations against "AG" Ms. Forelli are vague, lacking in
                essential facts, and should be dismissed...................... 14

b.  *Allegations that Ms. Forelli, Mr. Cotton and Mr. Bush violated Plaintiff's constitutional rights to dues process and equal protection under the Fifth, Ninth and Fourteenth Amendments fail to state a claim, and even if there was a claim, it would be time-barred*............................. 15

1.  The Fifth Amendment only applies to the federal government................. 15

2.  There is no direct cause of action under the Fourteenth Amendment............ 15

3.  Plaintiff's equal protection and due process claims are time-barred......... 17

4.  No cause of action exists under the Ninth Amendment....................... 17

**COUNT III**................................................................ 18

a.  *Obstruction of justice and actions to hide and cover up criminal actions are not civil causes of action and should be dismissed*......................................... 18

b.  *Plaintiff's conspiracy allegations should be dismissed for failure to state a claim upon which relief can be granted*...................... ................................ 18

c.  *Plaintiff's claim of civil rights violation under 42 USC § 1983 and     violations of his constitutionally protected rights to due process and equal protection should be dismissed for failure to state a claim*............. 19

d.  *Gross incompetence and malpractice claims should also be dismissed*................................................. 20

**COUNT IV**................................................................ 21

a.  *Plaintiff has failed to properly allege fraud, malpractice, inexcusable neglect and general incompetence against "AG" Ms. Forelli*.................................................. 21

b.  *Plaintiff's allegations that CNMI violated his Constitutional rights should be dismissed*....................................... 22

**COUNT V**............................................................    23

    a.    *Plaintiff fails to properly allege or support his allegations*
        *that "AG" Ms. Forelli conspired with Defendants Castro,*
        *Manglona and/or Bellas to deprive him of his Constitutional*
        *rights, defrauded and denied him an opportunity to be*
        *heard under the Indemnification Act*.........................    24

    b.    *Plaintiff, as a matter of law, cannot sustain an action*
        *against Defendant CNMI for the wrongful acts alleged*
        *against Defendants Manglona and/or Bellas*...............    25

**COUNT VI AND COUNT VII**...........................................    26

    a.    *Plaintiff has failed to allege the facts necessary to sustain a*
        *cause of action under the Civil Rights Acts of 1870 and*
        *1871*...............................................................    26

**COUNT VIII**.........................................................    29

    *a. Plaintiff is not an "alien" for § 1981 purposes, Plaintiff*
    *has failed to allege facts sufficient to maintain a § 1983*
    *action, and Plaintiff's contract does not include an "implied"*
    *contract right to indemnification*..............................    29

**COUNT IX**...........................................................    31

    a.    *U.S. immigration law does not apply to the CNMI*.......    31

**COUNT X**............................................................    32

**COUNT XI**...........................................................    32

    a.    *Defendants were not engaged in "racketeering activity"*
        *and are immune from civil liability*.........................    33

**COUNT XII**..........................................................    34

**COUNT XIII**.........................................................    35

    a.    *Although Plaintiff cites a laundry list of criminal and*
        *civil statutes, he has failed to allege facts that sustain a*
        *cause of action*...............................................    35

**COUNT XIV**…………………………………………………………    37

**COUNT XV, XVI AND XVII**………………………………………..    38

CONCLUSION……………………………………………………………….    39

## TABLE OF AUTHORITIES

*CASES*                                                                   *PAGE*

*Ahmed v. Goldberg*, 2001 WL 1842399 (D.N. Mar. I. 2001)................................   8

*Allied Equip. Corp. v. Saudi Arabia Ltd*, 7 Cal.4th 503 (1994)..........................   13,19

*Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992).................   16,19

*Barron v. The Mayor and City Council of Baltimore*, 8 L.Ed. 672 (1833)................   15

*Bartel v. F.A.A.*, 617 F.Supp. 190 (D.D.C.1985)...............................................   17

*Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976)............................................   24

*Bisom v. Commonwealth*, Civil No. 96-1320 (N. M. I. Super. Ct. 2000)................   3,4,10,11,21
                                                                              34

*Bisom v. Commonwealth*, 2002 MP 19 (N. M. I. Sup. Ct. 2002)..........................   3,4,17,20,21
                                                                              28,30,31

*Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000)................................................   23,25

*Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*,
Case No. CV 05-84-N-EJL (D. Idaho. 2005)..................................................   5

*Brown v. Philip Morris*, 250 F.3d 789 (C.A. Pa. 2001)......................................   26

*Buchanan v. Buchanan*, 1994 WL 680992  (9th Cir. Wash. 1994)........................   28,32

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir.1996)................................   6

*Canton Beach NAACP v. Runnels*, 617 F.Supp. 607 (S.D.Miss.1985)...................   17

*Central Bank of Denver, N.A. v. First Interstate Bank*,
511 U.S. 164, 114 S.Ct. 1439 (1994)............................................................   37

*Charles v. Brown*, 495 F.Supp. 862 (N.D.Ala.1980)........................................   17

*Chaset v. Fleer/Skybox Intern.*, LP 300 F.3d 1083 (9th Cir.2002)..........................   33

*Conley v. Gibson*, 355 U.S. 41 (1957)...........................................................   5

*Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)..........................   37

*Coverdell v. Dept. of Health Serv.*, 834 F.2d  758 (9th Cir. 1987)..........................   34,36

*Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662,
 88 L.Ed.2d 662 (1986)..............................................................................   16

*Davidson v. O'Lone*, 752 F.2d 817 (3rd Cir. 1984)...........................................   26

*DeHaven v. Schwarzenegger*, 2005 WL 352459 (C.A. 9 Cal.)............................   18

*Delaware v. Van Arsdall*, 475 U.S. 673, 705 (1986)........................................   15

*DeNieva v. Reyes*, 966 F.2d 480 (9th Cir.1992)...............................................   8,17,23,25

*Dillman v. Peterson*, 1993 WL 226104 (N.D. Cal. June 21, 1993)........................   7

*Dilutaoch v. C& S Concrete Block Products*, 1 N.M.I. 478 (1991).......................   15

*Doe I v. The Gap, Inc.*, 2001 WL 1842389 (D.N.Mar.I. 2001)..............................   13,18

*Federal Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962
(6th Cir.1991).........................................................................................   11

*Fleming v. Department of Public Safety,* 837 F.2d 401 (9th Cir.1988)...................... 8

*Flood v. Harrington,* 532 F.2d 1248 (9th Cir. 1976)......................................... 7

*Forsyth v. Humana, Inc.,* 114 F.3d 1467 (9th Cir.1997)................................... 18

*Fry v. Melaragno,* 939 F.2d 832 (9th Cir.1991)............................................ 7,36,38

*Goodman v. Lukens Steel Co.,* 482 U.S. 656 (1987)...................................... 9

*Grizzard v. Kiyoshige Terada,* 2003 WL 22997238 (D.N.Mar.I. 2003)................. 9

*Hafer v. Melo,* 502 U.S. 21 (1991)........................................................ 24

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)........... 7,36

*Henry v. Albuquerque Police Dept.,* 49 Fed. Appx. 272 (10th Cir. 2002)................ 35

*Hoffman Plastics Compound, Inc v. N.L.R.B.,* 122 S.Ct. 1275,

1277,152 L.Ed.2d 271(2002)................................................................ 31

*Hicks v. Frey,* 992 F.2d 1450 (6th Cir. 1993)............................................. 25

*Jones v. R.R. Donnelley & Son Co.,* 541 U.S. 369, 382 (2004)........................... 9,10

*Kelly v. Rockefeller,* 69 Fed. Appx. 414 (10th Cir. 2003)............................... 35

*Kennedy v. Gabutin,* 2004 W.L. 2D8548D (D.N.Mar. 2004)............................... 13,22,37

*King v. Atiyeh,* 814 F.2d 565 (9th Cir. 1987)............................................. 5

*Kopit v. White,* 131 Fed. Apprx. 107 (D.Nev 2005)...................................... 20,23

*LeClerc v. Webb,* 419 F.3d 405, 426 (5th Cir. 2005)...................................... 27,29

*Leer v. Murphy,* 844 F.2d 628 (9th Cir.1988)............................................. 16,20

*Lyons v. Security Pacific National Bank,* 40 Cal.App. 4th 1001 (1995)................. 13,19

*Maddox v. Capitol Banks Life Ins. Co,* 1997 WL 47449 (N.D. Ill. 1997)............... 36

*Maiden v. Rozwood,* 461 Mich. 109, 597 N.W.2d 817 (1999)............................. 12

*Massachusetts v. Upton,* 466 U.S. 727 (1984)............................................ 17

*McCalden v. California Library Ass'n,* 955 F.2d 1214 (9th Cir.1990)................... 28

*McDonald v. Santa Fe Trail Transport. Co,* 427 U.S. 273 (1976)....................... 27,29

*McKee v. Heggie,* 703 F.2d 479 (10th Cir. 1983)......................................... 24

*McNeill v. Town of Paradise Valley,* 44 Fed Appx 871 (9th Cir. 2002)................. 33

*Mingo v. Patterson,* 455 F.Supp. 1358 (D. Colo. 1978)................................. 24

*Mireles v. Waco,* 502 U.S. 9 (1991)...................................................... 22,25

*Mustafa v. Clark County School Dist.,*157 F.3d 1169 (9th Cir. 1998)................... 28

*Navarro v. Block,* 250 F.3d 729 (9th Cir.2001)......................................... 5

*Nordbrock v. U.S.,* 96 F. Supp. 2d 944 (D.Ariz. 2000).................................. 36

*Parker v. Commonwealth of Ky., Bd. of Dentistry,* 818 F.2d 504 (6th Cir.1987)...... 10

*Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986)..................................... 24

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)......... 11

*Pollard v. City of Hartford,* 539 F.Supp. 1156 (D.Conn.1982).......................... 27

*Roberts v. Corrothers,* 812 F.2d 1173 (9th Cir.1987).................................... 6

*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530 (9th Cir.1984)................. 6,12,15,18,22
24,27,32,33,35
37,38

*Roland v. Phillips,* 19 F.3d 552 (11th Cir.1994)......................................... 7,19,34,36

*Ruark v. Solano,* 928 F.2d 947 (10th Cir. 1991).......................................... 24

*Sablan v. Tenorio,* 4 N.M.I. 351 (1996).................................................. 16,17,19,23
25,28

*Sagana v. Tenorio,* 384 F.3d 731 (9th Cir. 2004)......................................... 27,29

*Seed v. Hudson,* 1994 WL 229096 (D.N. Mar. I 1994)..................................... 16,20,28

*Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004)............................................. 27,29
*Seed v. Hudson*, 1994 WL 229096 (D.N. Mar. I 1994)...................................... 16,20,28
*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)................ 8
*Sirilan v. Castro*, 1 CR 1082 (D.N.M.I. App. Div. 1984).................................... 15
*The Slaughter-House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872)................ 26
*Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991).............................................. 25
*Strandberg v. City of Helena*, 791 F.2d 774 (D. Mont. 986).............................. 17
*Stump v. Sparkman*, 435 U.S. 349 (1978)................................................... 23,25
*Taman v. Marianas Public Land Corp.*, 4 N.M.I. 287 (1994)............................. 9
*Telepo v. Boylan Funeral Home*, 2005 WL 783059 (E.D.Pa.)............................ 20
*Tran v. Com. of Northern Mariana Islands*, 780 F. Supp. 709 (D.N. Mar. I .1991)..... 31
*Velasquez v. Senko*, 643 F. Supp. 1172 (N.D. Cal.1986)................................... 24
*Venetian Casino Resort L.L.C. v. Cortez*, 96 F.Supp.2d 1102 (D.Nev.2000)............. 6
*Warmbrodt v. Blanchard*, 100 Nev. 703, 692 P.2d 1282 (1984)........................... 20,23
*White v. Pacific Media Group, Inc.* 322 F.Supp 1101 (D.Haw 2004)...................... 27
*Wilson v. Garcia*, 471 U.S. 261 (1985)...................................................... 9
*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)................... 11
*Zhang Gui Juan v. Commonwealth*, Civ. No. 99-0163
(N.M.I. Super. Ct.1999).......................................................................... 10


*UNITED STATES CONSTITUTIONAL PROVISIONS*
Fifth Amendment.................................................................................. 15,21
Ninth Amendment................................................................................. 17,21
Fourteenth Amendment........................................................................... 15,21


*STATUTES*
18 U.S.C. § 241-2 (2000) ....................................................................... 14,34,35,36
18 U.S.C. § 1341-2 (2000)....................................................................... 14,35,36
18 U.S.C. § 1349 (2000).......................................................................... 14,35,36
18 U.S.C. § 1707 (2000).......................................................................... 14,35,37
18 U.S.C. § 1961-5 (2000)........................................................................ 33,35,36
42 U.S.C. § 1981 (1991).......................................................................... 9,10,21,27,28,
                                                                                           29,31,35,36
42 U.S.C. § 1982 (1991).......................................................................... 27,35,3642
U.S.C. § 1983 (2000).............................................................................. 8,9,10,14,16
                                                                                           17,18,19,20
                                                                                           21,23,24,27
                                                                                           28,31,35,36
42 U.S.C. § 1985 (2000).......................................................................... 28,32,34,35,36
42 U.S.C. § 1986 (2000).......................................................................... 28,32,35,36
42 U.S.C. 1987-2000a (2000)..................................................................... 35,36,37
48 U.S.C. § 1801 (1976).......................................................................... 15,31
7 C.M.C. § 2204 (b) (2000)....................................................................... 38
7 C.M.C. § 2301 *et seq.* (2000)................................................................. 30
7 C.M.C. §2304 *et seq* (2000)................................................................... 3,30
7 CMC § 2503(d) (2000)........................................................................... 9

*RULES*

Federal Rule of Civil Procedure 12 (b) (6)…………………………………………………    1,5,6
Federal Rule of Civil Procedure 9………………………………………………………….    12

*OTHER*

*Restatement (Second) of Torts § 586 (1977)*…………………………………………….    38
*Restatement (Second) of Tort § 895 D (1979)*…………………………………………..    19
*Civil Rights Act of 1870*……………………………………………………………….    26,35,36
*Civil Rights Act of 1871*……………………………………………………………….    26,35,36
*Immigration Control and Reform Act*…………………………………………………..    31,35,36

1

**MOTION**

2  Now Come, the Commonwealth of the Northern Mariana Islands Attorney General's Office on

3  behalf of Defendants Commonwealth of the Northern Mariana Islands ("CNMI"), Nicole Forelli,

4  William Bush, D. Douglas Cotton and Pamela Brown (hereafter sometimes collectively "Defendants")

5  and move to dismiss Plaintiff Robert D. Bradshaw's Complaint in the above entitled action on the

6  grounds that Plaintiff has failed to state a claim upon which relief can be granted.  Defendants submit

7  this motion pursuant to Federal Rule of Civil Procedure 12 (b) (6).

8

**PARTIES**

9  Plaintiff Robert Bradshaw is an individual and former Temporary Public Auditor of the CNMI

10  government currently residing in the State of Idaho (hereafter "Plaintiff" or "Plaintiff Bradshaw").

11  Defendant CNMI is the governmental entity for the Northern Mariana Islands in political union

12  with the United States of America.

13  Defendant Nicole Forelli is an individual and former employee of the CNMI Attorney

14  General's Office currently residing in the State of Hawaii (hereafter "Ms. Forelli").  Ms. Forelli was

15  employed as an Assistant Attorney General between October 1992 and October 2000, and for a brief

16  time between January 25, 2000 and February 10, 2000 served as Acting Attorney General.  Ms. Forelli

17  never represented Plaintiff Bradshaw or communicated with him in any way. *See* Forelli Declaration

18  attached.

19  Defendant D. Douglas Cotton is an individual and former employee of the CNMI Attorney

20  General's Office currently residing in the State of Texas (hereafter "Mr. Cotton").  Mr. Cotton was

21  employed as an Assistant Attorney General from June 10, 1996 to approximately June 10, 1998. *See*

22

1

1    Cotton Declaration attached.

2        Defendant William Bush is an individual and former employee of the CNMI Attorney

3    General's Office currently residing in Washington, D.C. (hereafter "Mr. Bush"). Mr. Bush was

4    employed as an Assistant Attorney General from July 1997 until September 1999. *See* Bush Contract

5    attached.

6        Defendant Pamela Brown is a current employee of the CNMI government serving in the

7    capacity of Attorney General (hereafter "Ms. Brown"). Ms. Brown is currently employed as the

8    Attorney General and has held this position since December 5, 2003. *See* Brown Declaration attached.

9                                   **FACTS**

10        This lawsuit arises as a result of the following facts. In mid-1993 Robert Bisom was hired as

11   legal counsel for the CNMI office of Public Auditor. Bradshaw Amended Complaint ¶ 23-24. In

12   November 1993, Plaintiff Bradshaw was appointed as Temporary Public Auditor. Bradshaw Amended

13   Complaint ¶ 23-24. On or around December of 1993, Plaintiff Bradshaw caused Mr. Bisom's

14   employment to be terminated. Bradshaw Amended Complaint ¶ 23-24. In 1996, Mr. Bisom filed suit

15   against, among others, the CNMI government and Plaintiff Bradshaw as an individual. Bradshaw

16   Amended Complaint ¶ 23-24. On December 6, 1996, Mr. Cotton, in his capacity as an Assistant

17   Attorney General for the CNMI, sent Plaintiff Bradshaw a letter advising that Mr. Bisom had filed suit

18   against Plaintiff Bradshaw and telling him to expect service of a summons and complaint. AGO letter

19   to Bradshaw dated December 6, 1996 attached to Amended Complaint. In a handwritten letter to Mr.

20   Cotton dated January 31, 1997, Plaintiff Bradshaw advises "I will not authorize the CNMI to accept

21   service for me at this time." Bradshaw letter to Cotton dated January 31, 1997 attached to Amended

22   Complaint. Furthermore, in a letter dated July 14, 1999 from Plaintiff Bradshaw to Mr. Bush, in his

                                     2

capacity as an Assistant Attorney General, Plaintiff states:

> "Some two certified mail packets from an unidentified party came to me from Saipan in 1996 and 1997. I refused to accept either of them and they were returned by the Post Office undelivered. Possibly these mailings were an attempt to accomplish service although I cannot be sure what were in the packets and the sender's name was not identified (beyond a return address post office box). Again, if Bisom wants an answer from me he will have to hire a process server. As I said to Doug Cotton, if am served I will contact the AG to make the answer. Otherwise, I have not authorized the AG to make any answer for me on anything in the CNMI case. And I have never been served." Plaintiff Bradshaw's letter to Mr. Bush dated July 14, 1999 ¶ 3 attached to Amended Complaint.

Plaintiff Bradshaw goes on to say,

> "as for as the CNMI SC, **your office has never and should never have represented me** on this at all that I am aware of. As I was never served, **I never asked for any assistance and the CNMI SC never should have been told that the AG represents me.**" Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Amended Complaint.

At Plaintiff Bradshaw's direction and because he never requested PELDIA protection pursuant to 7 C.M.C. §2304 (2000) *et seq.*, the CNMI government was not under any obligation to indemnify or defend Plaintiff.

On February 25, 2000, a jury awarded Bisom a one hundred ten thousand three hundred dollar ($110,300) judgment against the CNMI government and a default judgment totaling one hundred thirty-nine thousand dollars ($139,000) for compensatory and punitive damages against Plaintiff Bradshaw, in his individual capacity. *Bisom v. Commonwealth,* Civil No. 96-1320 (N.M.I. Super. Ct. 2000). Mr. Bisom then appealed to the CNMI Supreme Court requesting that the CNMI government indemnify Plaintiff Bradshaw and pay Bradshaw's share of the judgment. *Bisom v. Commonwealth*, 2002 MP 19 (N.M.I Sup. Ct. 2002). The CNMI Supreme Court ruled against Bisom holding that because Plaintiff Bradshaw never requested a defense or indemnification through PELDIA, the CNMI

1
2

government was under no obligation to defend or indemnify Plaintiff Bradshaw. *Bisom v. Commonwealth*, 2002 MP 19 at ¶ 54-57.

3
4
5
6
7
8
9
10
11
12
13
14

On or about April 2004, Plaintiff Bradshaw claims he was notified of the judgment against him. Amend Complaint ¶ 50 and 53. Plaintiff then contacted the CNMI Attorney General's Office Amend Complaint ¶ 53. The Attorney General's Office responded by sending Plaintiff Bradshaw copies of the various opinions rendered in the *Bisom* case. April 4, 2004 letter from AGO attached to Amended Complaint. On or before October 7, 2004, the Attorney General's Investigative Unit advised Plaintiff that his allegations of wrong doing in connection with the *Bisom* case were being investigated. October 7, 2004 letter from AGIU attached to Amended Complaint. Ms. Brown, in her capacity as Attorney General, then responded to Plaintiff's untimely requests for indemnification in the *Bisom* case by advising Plaintiff that she was bound by the CNMI Supreme Court's holding in *Bisom v. Commonwealth*, 2002 MP 19. Based upon this holding, the CNMI government is not liable for the judgment entered against Plaintiff individually. February 15, 2005 letter from Brown attached to Amended Complaint.

15
16
17

In September 2005, Plaintiff moved in CNMI Superior Court to set aside the judgment entered against him. *See Bisom v. Commonwealth,* Civ. No. 96-1320. To the best of Defendants knowledge, this motion is still pending before Judge Lizama.[1]

18

**PROCEDURAL BACKGROUND**

19
20

Plaintiff initially filed an action very similar to this action in the U.S. District Court for the

21
22

---

[1] The undersigned Assistant Attorney General spoke with Judge Lizama's chamber on December 20, 2005. Though a judgment is forthcoming, a decision has yet to be rendered.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

District of Idaho on March 7, 2005.[2] Plaintiff then filed a Second Amended Complaint with the U.S. District Court of Idaho on May 18, 2005, which asserted at least seventeen claims under an exhaustive list of federal civil and criminal statutes, including, among others, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Immigration Reform and Control Act ("IRCA") and numerous Federal Civil Rights causes of action.[3] The action was filed against two Justices of the CNMI Supreme Court, one former Superior Court Judge, and four Assistant Attorneys General because of their participation in the civil matter previously litigated before the CNMI Superior Court. Shortly thereafter, Defendants moved to dismiss Plaintiff's complaint on several grounds, including the lack of personal jurisdiction. On July 25, 2005, the U.S. District Court of Idaho granted Defendants' motion to dismiss.[4]

Plaintiff then filed this lawsuit on the same, or substantially similar, grounds as the matter dismissed by the U.S. District Court of Idaho.

## STANDARD OF REVIEW

*Pro se* litigants are held to the same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Dismissal under Federal Rule12(b)(6) is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted where the complaint lacks a cognizable legal theory or where the

---

[2] Plaintiff's Amended Complaint ¶1 and 23.

[3] *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005).

[4] *See id.* at 10.

complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir.1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint and matters of which the court takes judicial notice. *Venetian Casino Resort L.L.C. v. Cortez,* 96 F.Supp.2d 1102, 1106 (D.Nev.2000).

## ARGUMENT

Because of the voluminous nature of Plaintiff Bradshaw's complaint and the numerous parties named, one almost needs a scorecard to keep track of the causes of action and against whom they are alleged. Defendants will attempt to keep their analysis of the various counts as simple and succinct as possible. Furthermore, Defendants acknowledge that this motion is repetitive at times, but know of no other way to fully address Plaintiff's allegation.

I.      Defendants are entitled to immunity.

The universal basis for dismissing each count of Plaintiff's complaint is immunity. There are three kinds of immunity shielding Ms. Forelli, Mr. Bush, Mr. Cotton and Ms. Brown individually from civil liability: absolute judicial, quasi-judicial and qualified immunity.

a.      *Absolute Judicial Immunity.*

If a government attorney is performing acts "intimately associated with the judicial phase" of

6

**1**

litigation, that attorney is entitled to absolute immunity from damage liability. *Dillman v. Peterson*,

**2**

1993 WL 226104, at 5 (N.D. Cal. June 21, 1993) (citing *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th

**3**

Cir. 1976); *see also Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir.1991) (stating that if a government

**4**

attorney is performing acts intimately associated with the judicial phase of litigation in either the civil

**5**

or criminal context, the attorney is entitled to absolute immunity from civil liability for damages). To

**6**

varying degrees, Ms. Forelli, Mr. Bush, Mr. Cotton and Ms. Brown's alleged conduct occurred during

**7**

the judicial phase of litigation involving Plaintiff Bradshaw. As a matter of law, they cannot be held

**8**

liable.

**9**

     b.    *Quasi-Judicial Immunity.*

**10**

    Law enforcement officials are shielded by quasi-judicial immunity when they execute or rely

**11**

upon a facially valid judicial ruling. *See Roland v. Phillips*, 19 F.3d 552, 557 (11th Cir.1994) (holding

**12**

that a law enforcement official is protected by absolute quasi-judicial immunity from suit when acting

**13**

in furtherance of official duties and relying on a facially valid court order, oral or written). Quasi-

**14**

judicial immunity applies to Ms. Brown, who, in her capacity as Attorney General and in furtherance

**15**

of her official duties, deferred to the judgments of CNMI Superior Court and its conclusion that

**16**

Plaintiff Bradshaw was properly served in the Bisom case. *See* Brown Declaration ¶ 4 attached.

**17**

Accordingly, all allegations that Ms. Brown is liable for failing to investigate, to Plaintiff's

**18**

satisfaction, alleged fraud perpetrated on the Superior Court should be dismissed.

**19**

     c.    *Qualified Immunity.*

**20**

    Qualified immunity shields public officials from liability if their actions did not "violate clearly

**21**

established statutory or constitutional rights of which a reasonable person would have known."

**22**

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In analyzing

claims of qualified immunity, courts ask, first, if the plaintiff has asserted the violation of any constitutional or statutory right at all, and then assess whether the right was clearly established at the time of defendants' actions. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

Throughout his complaint, Plaintiff Bradshaw's fails to allege that Ms. Forelli, Mr. Bush, Mr. Cotton and Ms. Brown violated a clearly established statutory or constitutional right. When Plaintiff's argument is boiled down to its core, the underlying theme is that Plaintiff feels he has a statutory and constitutionally protected right to indemnification and a defense. For numerous reasons discussed herein, his conclusion is erroneous. If, on the off chance this Court were to find that Plaintiff was entitled to indemnification, in light of Plaintiff's confusing July 14, 1999 letter to the Attorney General's Office, his right to indemnification was not clearly established. Defendants, thus are entitled to qualified immunity because they did not violate a clearly established law.

d.    *CNMI's Immunities.*

Finally, the CNMI is immune from suit on the basis of its own law unless otherwise permitted by 7 C.M.C. § 2202; and also, immune for suit under 42 U.S.C. § 1983 because the CNMI is not considered a "person" as required by the statute. *See generally Ahmed v. Goldberg*, 2001 WL 1842399 (D.N. Mar. I. 2001) (citing *Fleming* and holding that although sovereign immunity does not apply to CNMI, it cannot be sued on the basis of its own law without its consent); *see also Fleming v. Department of Public Safety,* 837 F.2d 401, 407 (9th Cir.1988), *overruled on other grounds by DeNieva v. Reyes,* 966 F.2d 480, 483 (9th Cir.1992). Though the CNMI's privileges and immunities will be discussed in greater detail throughout this motion, it is worth noting that numerous causes of action simply do not apply to the Commonwealth.

8

II.    Plaintiff's RICO, tort and U.S. Constitutional based claims are time-barred.

This Court has recognized a four-year statute of limitations for Racketeer Influenced and Corrupt Organizations Act, or RICO claims. *Grizzard v. Kiyoshige Terada*, 2003 WL 22997238 (D.N.Mar.I. 2003). The Commonwealth has a two-year statute of limitations period for most tort and all personal injury claims. Specifically, 7 CMC § 2503(d) (2000) provides that a two-year statute of limitations period applies to "[a]ctions for injury to or for the death of one caused by the wrongful act or neglect of another" The date Plaintiff's alleged injury accrued will be discussed in more detail shortly, but suffice it to say Plaintiff's RICO, common law tort and personal injury allegations are time-barred.

The United States Supreme Court has ruled that the local personal injury statute of limitations period applies to U.S. Constitution-based § 1983 and § 1981 claims. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985) (applying local statute of limitations for personal injury actions to due process-based Section 1983 claim); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 664 (1987) (applying local statute of limitations for personal injury actions to Section 1981 claim involving equal protection) *overruled* by *Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004). The Supreme Court reasoned that the due process and equal protection claims were "in essence claims for personal injury" and applied the same statute of limitations period to each. *See Goodman*, 482 U.S. at 661, 664. After all, the Supreme Court found that "[t]he atrocities that concerned Congress in 1871 [when it enacted Section 1983] plainly sounded in tort . . . ." *Wilson*, 471 U.S. at 277. The Ninth Circuit applying the *Wilson* decision has held that the two-year period for personal injury actions found in 7 CMC § 2503(d) applies to U. S. Constitution-based claims. *See Taman v. Marianas Public Land Corp.*, 4 N.M.I. 287 (1994) (citing *Taman v. Marianas Pub. Land Corp.*, App. No. 90-16254 at 2-4 (9th Cir.

9

July 8, 1992) (unpublished slip op.)).

Our analysis, however, is affected by the U.S. Supreme Court's 2004 holding in *Jones*, which embraces a four-year statute of limitations for claims arising under § 1981, and arguably § 1983, that accrue after December 1990. *See Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004). As far as Defendants' know, this Court has yet to address *Jones* and its application.

Regardless of which statute of limitations is applied, the two-year or the four-year, Plaintiff's claims are still time-barred.

"The true test to determine when an action "accrues" is when the plaintiff could have first filed and prosecuted his or her action to successful conclusion." *See Zhang Gui Juan v. Commonwealth*, Civ. No. 99-0163 (N.M.I. Super. Ct.1999). Plaintiff's alleged due process and equal protection claims, if any, each arose between 1996, when the original lawsuit was initiated, and 2000, when the judgment was entered against him. *See Bisom v. Commonwealth*, Civ. No. 96-1320. Though Plaintiff Bradshaw may claim that he was not aware of any injury until 2004, Plaintiff knew that there was an ongoing legal action against him as early as 1996 and simply chose to ignore it. *See* Bradshaw letter to Mr. Bush dated July 14, 1999 attached to Amended Complaint.

Because Plaintiff's RICO, tort and Constitutional causes of action accrued, at the very latest, in 2000, Plaintiff's claims are time-barred.

III.    The *Younger* doctrine requires this Court to abstain because the *Bisom* case is still pending before the CNMI Superior Court.

The *Younger* doctrine requires federal courts to abstain in cases where the following conditions are present: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his

1    constitutional claims. *Parker v. Commonwealth of Ky., Bd. of Dentistry,* 818 F.2d 504, 508 (6th

2    Cir.1987). This doctrine, announced in the context of state criminal proceedings, has been extended to

3    state civil proceedings as well. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 17, 107 S.Ct. 1519, 95

4    L.Ed.2d 1 (1987), *see also Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

5    In this instance, Plaintiff Bradshaw has a motion to set aside the *Bisom* judgment against him

6    pending in the CNMI Superior Court before Judge Lizama. Because Plaintiff's motion to set aside is

7    substantially related to this matter, the first prong of the *Younger* test is satisfied. *See Bisom v.*

8    *Commonwealth,* Civ. No. 96-1320, *see also Federal Express Corp. v. Tennessee Pub. Serv. Comm'n,*

9    925 F.2d 962, 969 (6th Cir.1991) ("[I]f a state proceeding is pending at the time the action is filed in

10    federal court, the first criteria for *Younger* abstention is satisfied.").

11    As for the second prong of the test, allowing the CNMI Superior Court time to consider

12    Plaintiff's motion to set aside does satisfy an important state interest. The vast majority of Plaintiff's

13    complaint is predicated upon the assumption that the Superior Court allowed fraudulent documents to

14    be introduced as evidence. At the very least, there is an important state interest in allowing the Court

15    to consider this issue.

16    Third and finally, the state proceeding should allow the Plaintiff adequate opportunity to raise

17    his Constitutional claims. In fact, depending upon the result of Judge Lizama's decision, the facts

18    upon which Plaintiff relies to support his deprivation of due process and equal protection arguments,

19    among others, might very well change.

20

21    IV.    Each and every count of Plaintiff's complaint should be dismissed for either failure to
       state a cognizable legal theory, failure to plead essential facts, or both.

22

11

1

**COUNT I**

2

Plaintiff Bradshaw's First Count appears to allege Civil Rights Violations, Conspiracy and

3

Interstate Fraud Using Postal Materials, violations of the CNMI Court Rules and violations of Fifth,

4

Ninth and Fourteenth Amendments of the U.S. Constitution by Mr. Bisom, Mr. Sorensen and their

5

unnamed employees and/or agents. These allegations do not apply to the Defendants. However, in

6

paragraph 121, which is the last paragraph in Count I, Plaintiff states that Defendants Bisom and

7

Sorensen entered into a conspiracy with an unnamed person or persons in the Attorney General's

8

and/or Judge Castro to "deliberately and maliciously violate court rules/laws and to defraud" Plaintiff

9

Bradshaw.

10

a.      *Fraud allegations against unnamed CNMI employees should be dismissed.*

11

For numerous reasons, any allegations of a violation of court rule and fraud against an

12

unnamed employee of the CNMI Attorney General's office should be dismissed. First, as previously

13

stated, dismissal is warranted where the complaint lacks a cognizable legal theory or where the

14

complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.

15

*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534. In this instance, a "violation of the Federal

16

Rules of Civil Procedure does not give rise to an independent federal cause of action." *Maiden v.*

17

*Rozwood*, 461 Mich. 109, 597 N.W.2d 817, 830 (1999). The same holds true for violations of the

18

CNMI Rules of Civil Procedure. Accordingly, these allegations are based upon a nonexistent cause of

19

action and should be dismissed.

20

Second, with respect to any fraud allegations alleged in Count I, Federal Rule of Civil

21

Procedure 9 states that fraud must be plead with particularity. This Court has held that the degree of

22

particularity required by Rule 9 is such that a defendant can prepare an adequate answer to the

12

1    allegations. *Kennedy v. Gabutin*, 2004 W.L. 2D8548D (D.N.Mar. 2004). Here, Defendants have no

2    idea how Plaintiff Bradshaw was defrauded or by whom. All Plaintiff asserts is that an "unnamed

3    person or persons in the Attorney General's and/or Judge Castro" conspired to defraud him.

4    Defendants, therefore, cannot prepare an adequate answer and respectfully request that any fraud

5    allegations contained in Count I be dismissed.

6         Finally, mere conclusory allegations of "conspiracy" do not create a cause of action. *See*

7    *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). A conspiracy cause of

8    action does not exist independently. *Allied Equip. Corp. v. Saudi Arabia Ltd,* 7 Cal.4th 503, 510-11

9    (1994). No cause of action for conspiracy can exist unless the pleaded facts show something was done

10   which, without the conspiracy, would give rise to a right of action. *Lyons v. Security Pacific National*

11   *Bank,* 40 Cal.App. 4th 1001, 1019 (1995). For the reasons already discussed, Plaintiff has failed to

12   state a claim upon which relief can be granted with respect to the alleged rules violation and fraud.

13   Because a conspiracy cause of action cannot exist independently, it too should be dismissed.

14        Moreover, to plead a civil conspiracy, plaintiffs must allege: (1) an agreement between two or

15   more persons, (2) to participate in an unlawful act or a lawful act in an unlawful manner, (3) an overt

16   act pursuant to and in furtherance of the common scheme, and (4) an injury caused by an unlawful

17   overt act performed by one of the parties to the agreement. *See Doe I v. The Gap, Inc.*, 2001 WL

18   1842389 (D.N.Mar.I. 2001). Here, Plaintiff has failed to properly allege whom the parties were, that

19   an agreement existed between the parties, what the agreement was, that the acts undertaken, if any,

20   were unlawful or that an overt act occurred. Plaintiff conspiracy allegation should, therefore, be

21   dismissed.

22

13

**1**

**COUNT II**

**2**

Plaintiff Bradshaw's second count alleges violations of 18 U.S.C. 241, 242, 1341, 1342, 1707,

**3**

Gross Incompetence and Malpractice, Conspiracy, Fraud, Violations of the CNMI Court Rules, and

**4**

violations of due process and equal protection rights as prescribed by the U.S. Constitution against the

**5**

"AG." Plaintiff Bradshaw then goes on to specifically allege that Ms. Forelli, Mr. Cotton and Mr.

**6**

Bush violated Plaintiff's U.S. Constitutional rights to due process and equal protection under the Fifth,

**7**

Ninth and Fourteenth amendments though he fails to describe the underlying facts that support his

**8**

allegations. It is unclear from the pleading which party allegedly violated 42 U.S.C. § 1983.

**9**

**10**

    *a.*    *Allegations against "AG" Ms. Forelli are vague, lacking in essential facts, and should be dismissed.*

**11**

In paragraph eight of his complaint, Plaintiff defines the term "AG" to mean Ms. Forelli

**12**

individually. Amended Complaint pg 4. Plaintiff alleges that Ms. Forelli, who briefly served as acting

**13**

Attorney General for about two weeks from January 25, 2000 to February 10, 2000, deprived Plaintiff

**14**

of his Constitutional rights, committed gross incompetence, malpractice, conspiracy, fraud, and/or

**15**

violations of the CNMI Court Rules. For the purpose of this motion to dismiss, we will assume the

**16**

allegations to be true.

**17**

Plaintiff has failed to allege facts that suggest Ms. Forelli deprived Plaintiff of his

**18**

Constitutional rights, committed gross incompetence, malpractice, conspiracy, fraud, and or violations

**19**

of the CNMI Court Rules. There is no indication in Plaintiff's complaint that he had any contact with

**20**

Ms. Forelli. Ms. Forelli, who is being sued individually, was never involved in his case, did not

**21**

represented him at trial, did not accepted service on his behalf, and never communicated with him in

**22**

any way. See Forelli Declaration ¶ 3 attached. Accordingly, all allegations against "AG" Ms. Forelli

14