1  should be dismissed for failure to plead essential facts and failure to state a claim. *See Robertson v.*

2  *Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

3      b.    *Allegations that Ms. Forelli, Mr. Cotton and Mr. Bush violated Plaintiff's*
            *constitutional rights to dues process and equal protection under the Fifth, Ninth and*
4            *Fourteenth Amendments fail to state a claim, and even if there was a claim, it would be*
            *time-barred.*
5

6      1.    The Fifth Amendment only applies to the federal government.

7      As a threshold matter, the Fifth Amendment of the U. S. Constitution does not restrict the

8  Commonwealth. The Fifth Amendment limits the activities of the federal government. *Sirilan v.*

9  *Castro,* 1 CR 1082, 1107-08 (D.N.M.I. App. Div. 1984). Instead, the Fourteenth Amendment limits

10  the conduct of the Commonwealth. *Id.* In fact, the Supreme Court has held that the first ten

11  amendments to the U. S. Constitution do not vest rights in individuals against <u>any</u> government but only

12  the Federal Government. *See Delaware v. Van Arsdall*, 475 U.S. 673, 705 (1986), *Dilutaoch v. C& S*

13  *Concrete Block Products*, 1 N.M.I. 478, 576 (1991) (citing *Barron v. The Mayor and City Council of*

14  *Baltimore,* 8 L.Ed. 672, 674 (1833)). As a result, Plaintiff's Fifth Amendment claim should be

15  dismissed.

16      2.    There is no direct cause of action under the Fourteenth Amendment.

17      Plaintiff Bradshaw cannot assert direct causes of action under equal protection or due process

18  clauses of the Fourteenth Amendment. Section 1 of the Fourteenth Amendment of the U. S.

19  Constitution, which applies to the Commonwealth,[5] does not permit a direct cause of action. "[The

20

21  _____

    [5] The remainder of the Fourteenth Amendment is inapplicable to the Commonwealth. <u>See</u> Covenant to Establish a Commonwealth of
22    the Northern Marianas Islands in Political Union with the United States of America, 48 U.S.C. § 1801, at § 501.

15

1    Plaintiff] can state no such direct cause of action [under the U. S. Constitution] because . . . federal law

2    requires that 'a litigant complaining of a violation of a constitutional right . . . utilize 42 U.S.C. §

3    1983.'" *Sablan v. Tenorio*, 4 N.M.I. 351, 361 (1996) (quoting *Azul-Pacifico, Inc. v. City of Los*

4    *Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (other citation omitted)).  In other words, § 1983 provides

5    the exclusive remedy for violations of U. S. Constitutional rights.

6        Plaintiff's defective § 1983 allegations notwithstanding, his failure to state a claim under §

7    1983 will be addressed nonetheless. *See* 42 U.S.C. § 1983 (1996).  Section 1983 requires that the

8    Plaintiff prove: "(1) that a person acting under the color of state law committed the conduct at issue;

9    and (2) that the conduct deprived the Plaintiff of some right protected by the Constitution or laws of

10   the United States." *Seed v. Hudson*, 1994 WL 229096; *see also Leer v. Murphy,* 844 F.2d 628, 632-33

11   (9th Cir.1988), *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 664-65, 88 L.Ed.2d 662

12   (1986) (plaintiff must plead more than mere negligence in a 42 U.S.C. § 1983 action)

13       At the very least, Plaintiff Bradshaw must demonstrate that the actions of Ms. Forelli, Mr.

14   Bush and Mr. Cotton in someway deprived him of "some right protected by the Constitution or laws of

15   the United States."  Plaintiff has failed to plead exactly which federally protected right Ms. Forelli, Mr.

16   Bush and Mr. Cotton violated.

17       Because of Plaintiff's failure to plead specifics, Defendants are left speculating about which

18   protected right, real or imagined, Plaintiff is asserting.  The best Defendants are able to do is guess that

19   Plaintiff believes he has a protected right to counsel in a civil context and the Constitution, or other

20   U.S. laws, required Defendants to defend him in the original *Bisom* lawsuit.  If this is Plaintiff's

21   contention, he is mistaken.  Nothing in the U.S. Constitution or other U.S. laws requires Defendants to

22   defend or indemnify Plaintiff Bradshaw.   In its review of this matter, the CNMI Supreme Court agreed

1  with this conclusion. [6] *Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57. Thus, because Plaintiff does

2  not have a Constitutionally, or otherwise protected right to counsel, Plaintiff's § 1983 allegations must

3  fail.[7]

4      It is impossible to defend against Plaintiff's claim, without knowing which constitutional

5  provision or federal law was allegedly violated. Defendants do, however, wish to reassert their right to

6  absolute immunity. Again, Plaintiff's § 1983 argument should be dismissed for failing to plead a

7  cognizable theory.

8      3.      Plaintiff's equal protection and due process claims are time-barred.

9      Defendants re-assert their argument that Plaintiff's § 1983 claim is time-barred.

10     4.      No cause of action exists under the Ninth Amendment.

11     The Ninth Amendment, which provides "the enumerations in the Constitution, of certain rights,

12  shall not be construed to deny or disparage others retained by the people" states but a truism.

13  *Massachusetts v. Upton*, 466 U.S. 727, 737 (1984). It has never been recognized as independently

14  securing any constitutional right, for purposes of pursuing a civil rights claim. *Strandberg v. City of*

15  *Helena*, 791 F.2d 744, 748 (D. Mont. 986); *see also Canton Beach NAACP v. Runnels*, 617 F.Supp.

16  607, 609 n. 3 (S.D.Miss.1985); *Bartel v. F.A.A.*, 617 F.Supp. 190, 194 (D.D.C.1985); *Charles v.*

17  *Brown*, 495 F.Supp. 862, 864 (N.D.Ala.1980). Accordingly, the Ninth Amendment does not offer

18

---

19     [6] The CNMI Supreme Court has already held that because Plaintiff Bradshaw never requested a defense or indemnification
    through PELDIA, the CNMI government was under no obligation to defend or indemnify Plaintiff Bradshaw. *Bisom v. Commonwealth*,

20  2002 MP 19 ¶ 54-57.

21     [7] Plaintiff could not sustain a § 1983 action against the Commonwealth either. Plaintiffs can only bring actions under 42
    U.S.C. § 1983 against "persons" as defined by the statute. The Commonwealth is not a "persons" for the purposes of § 1983. *See*
    *Sablan v. Tenorio*, 4 N.M.I. 351, FN 25 (N. Mar. I. 1996)(quoting *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992)).

22

17

1  Plaintiff Bradshaw a cause of action, and Plaintiff's allegations to the contrary should be dismissed as

2  a matter of law.

3  <div align="center">**COUNT III**</div>

4  In Count III, Plaintiff Bradshaw alleges an obstruction of justice, actions to hide and cover-up

5  criminal actions manifested in the CNMI courts, conspiracy, civil rights violation under 42 USC §

6  1983, violations of his constitutionally protected rights to due process and equal protection pursuant to

7  the Fifth, Ninth, and Fourteenth Amendments, gross incompetence, and malpractice against Ms.

8  Brown.

9          a.      *Obstruction of justice and actions to hide and cover up criminal actions are not civil*
10                 *causes of action and should be dismissed.*

11  Obstruction of justice is a criminal charge for which there is no private cause of action.

12  *DeHaven v. Schwarzenegger*, 2005 WL 352459 (C.A. 9 Cal.); *see also Forsyth v. Humana, Inc.,* 114

13  F.3d 1467, 1482 (9th Cir.1997). Plaintiff Bardshaw's allegation thus lacks a cognizable theory and

14  should be dismissed. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 534. Likewise, "actions to

15  hide and cover up criminal actions" is not a civil cause of action and should also be dismissed.

16          b.      *Plaintiff's conspiracy allegations should be dismissed for failure to state a claim upon*
17                 *which relief can be granted.*

18  To properly allege civil conspiracy against Ms. Brown, plaintiff must allege (1) an agreement

19  between two or more persons, (2) to participate in an unlawful act or a lawful act in an unlawful

20  manner, (3) an overt act pursuant to and in furtherance of the common scheme, and (4) an injury

21  caused by an unlawful overt act performed by one of the parties to the agreement. *See Doe I v. The*

22  *Gap, Inc.,* 2001 WL 1842389. In this instance, Plaintiff has failed to properly allege that an agreement

1   existed between Ms. Brown and another party, what that agreement was, that the actions undertaken, if

2   any, were unlawful, or even that an overt act occurred.

3       As previously stated, mere conclusory allegations of "conspiracy" do not create a cause of

4   action. First, a conspiracy cause of action does not exist independently. *Allied Equip. Corp. v. Saudi*

5   *Arabia Ltd,* 7 Cal.4th at 510-11. No cause of action for conspiracy can exist unless the pleaded facts

6   show something was done which, without the conspiracy, would give rise to a right of action. *Lyons v.*

7   *Security Pacific National Bank,* 40 Cal.App. 4th at 1019.

8       Nothing in Plaintiff's complaint offers any factual support for a conspiracy theory against Ms.

9   Brown. Plaintiff has failed to allege that Ms. Brown, in her capacity as Attorney General, engaged in

10  any conduct that would cause her to be personally liable. Though Plaintiff may disagree with Ms.

11  Brown's conclusion that no fraud occurred during the original *Bisom* matter, Ms. Brown was certainly

12  acting within her discretion as Attorney General. *See* Brown Affidavit attached; s*ee also Restatement*

13  *(Second) of Tort* § 895 D (1979). In addition, Ms. Brown was relying upon the Superior Court

14  judgment, which affords her quasi-judicial immunity. *See id.; see also Roland v. Phillips,* 19 F.3d at

15  557.

16      For numerous reasons, Plaintiff conspiracy allegation against Ms. Brown should be dismissed.

17      c.  *Plaintiff's claim of civil rights violation under 42 USC § 1983 and violations of his*
18          *constitutionally protected rights to due process and equal protection should be*
            *dismissed for failure to state a claim.*

19

20      As discussed, *supra*, federal law requires that 'a litigant complaining of a violation of a

21  constitutional right . . . utilize 42 U.S.C. § 1983.' *Sablan v. Tenorio,* 4 N.M.I. at 361; *see also Azul-*

22  *Pacifico, Inc. v. City of Los Angeles,* 973 F.2d at 705.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

At the very least § 1983 demands that Plaintiff Bradshaw plead that Ms. Brown deprived him

of "some right protected by the Constitution or laws of the United States." *Seed v. Hudson*, 1994 WL

229096; *see also Leer v. Murphy,* 844 F.2d at 632-33. Once again, Plaintiff has failed to plead exactly

which federally protected right was violated by Ms. Brown and nothing in the U.S. Constitution or

other U.S. laws requires Defendants to defend or indemnify Plaintiff Bradshaw. *Bisom v.*

*Commonwealth*, 2002 MP ¶ 54-57. Thus, Plaintiff's allegations based upon § 1983 must fail once

again.

    d.    *The gross incompetence and malpractice claims should also be dismissed.*

There is no recognized federal cause of action for gross incompetence. *Telepo v. Boylan*

*Funeral Home*, 2005 WL 783059 FN3 (E.D.Pa.). Plaintiff's allegations based upon this theory should,

therefore, be dismissed.

The elements of a legal malpractice, or negligence claim are: "[1] the existence of an attorney-

client relationship [2] the existence of a duty on the part of a lawyer, [3] failure to perform the duty,

and [4] the negligence of the lawyer as a proximate cause [5] of damage to the client." *Kopit v. White*,

131 Fed. Apprx. 107, 109 (D.Nev 2005); *see also Warmbrodt v. Blanchard,* 100 Nev. 703, 692 P.2d

1282, 1285 (1984).

Any attempts by Plaintiff Bradshaw to sustain a malpractice action against Ms. Brown would

fail because they never shared an attorney-client relationship. Because Plaintiff Bradshaw declined

the Attorney General's assistance during the *Bisom* case and failed to submit a PELDIA request, no

attorney-client relationship ever existed between Bradshaw and the Attorney General's Office.

Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Amended Complaint; see also *Bisom*

*v. Commonwealth*, 2002 MP 19 ¶ 54-57 (holding Plaintiff Bradshaw never requested a defense or

1    indemnification through PELDIA and the CNMI government was under no obligation to defend or

2    indemnify Plaintiff Bradshaw).

3        Ms. Brown, in her February 15, 2005 letter, reiterated to Plaintiff that the Attorney General's

4    Office did not and will not represent Plaintiff in the *Bisom* matter. Brown letter to Bradshaw dated

5    February 15, 2005 attached to Amended Complaint.

6        If, however, this Court feels that there is a question as to whether an attorney-client relationship

7    ever existed between Plaintiff and the Attorney General's Office, it should remember that Ms. Brown

8    assumed the position of Attorney General in December 2003, long after any speculative attorney-client

9    relationship was extinguished by the CNMI Superior and Supreme Court rulings. *See Bisom v.*

10   *Commonwealth*, Civil No. 96-1320, *Bisom v. Commonwealth,* 2002 MP 19 ¶ 54-57.   Therefore,

11   because no attorney-client relationship ever existed between Plaintiff Bradshaw and Ms. Brown,

12   Plaintiff's malpractice allegation should be dismissed.

13                                    **COUNT IV**

14       In Count IV, Plaintiff Bradshaw alleges violations of 42 U.S.C. § 1981 and 1983, conspiracy,

15   fraud and violations of the CNMI court rules against Defendant Justice Castro.   Plaintiff further

16   alleges that "AG" conspired to defraud Bradshaw and the CNMI, committed malpractice, showed

17   inexcusable neglect, and was generally incompetent. Plaintiff Bradshaw further alleges that the CNMI

18   and its agent, Judge Castro, violated Bradshaw's U.S. Constitutional right to due process and equal

19   protection under the Fifth, Ninth and Fourteenth Amendments.

20       *a.*        *Plaintiff has failed to properly allege fraud, malpractice, inexcusable neglect*
                     *and general incompetence against "AG" Ms. Forelli.*
21

22       As previously discussed, the party "AG" is defined as Ms. Forelli, individually.   Once again,

21

1  Plaintiff Bradshaw fails to allege with particularity, as require by Federal Rule of Civil Procedure 9,

2  any facts that indicate he was defrauded by Ms. Forelli. *See Kennedy v. Gabutin*, 2004 W.L.

3  2D8548D. Because Plaintiff fails to describe exactly how Ms. Forelli defrauded him, Ms. Forelli is

4  unable to prepare an accurate response.   Accordingly, the allegation that Ms. Forelli or "AG"

5  defrauded Plaintiff should be dismissed.

6      Plaintiff also fails to allege, or offer any evidence, that he shared an attorney-client relationship

7  with Ms. Forelli, individually, which is the first step in establishing "malpractice," "inexcusable

8  neglect," "incompetence," or, more simply, negligence.[8]  In fact, Ms. Forelli specifically states that

9  during her time with the CNMI Attorney General's Office she "never represented, communicated with,

10  or had any interaction with Robert Bradshaw." *See* Forelli Declaration ¶ 3 attached.  As Plaintiff has

11  failed to plead essential facts, allegations of malpractice, inexcusable neglect and/or incompetence

12  against Ms. Forelli or "AG" should be dismissed. *See Robertson v. Dean Witter Reynolds, Inc.*, 749

13  F.2d at 534.

14      b.      *Plaintiff's allegations that CNMI violated his Constitutional rights should be dismissed.*

15

16      Although separate counsel represents Defendant Justice Castro, Defendant CNMI will assess

17  the liability associated with its alleged "agency" relationship with Justice Castro.

18      State and federal jurists enjoy absolute immunity from suit respecting their decisions.   *Mireles*

19  *v. Waco*, 502 U.S. 9 (1991).  Judges are protected by judicial immunity for all of their judicial acts,

20  unless they are acting in clear absence of jurisdiction or not within their judicial function. *Stump v.*

21

22

1   *Sparkman,* 435 U.S. 349, 356-57 (1978). Jurisdiction is construed liberally when judicial immunity is

2   at issue. *Id.* This includes absolute immunity from suit for applying or invoking any case precedent or

3   legal doctrine. *See Bolin v. Story*, 225 F.3d at 1242.

4   Plaintiff has failed to allege, nor could he possibly prove, that "judge Castro" was acting

5   outside his jurisdiction or judicial function. Even though Plaintiff disagrees with Justice Castro's

6   interpretation of the law, his Honor was acting within the scope of his jurisdiction and function. Thus,

7   no private right of action arose. Without an underlying private right of action serving as a basis for

8   Plaintiff's allegation against Justice Castro, there is no need to examine whether an agency relationship

9   exists between Justice Castro and the CNMI.

10   Even if Justice Castro were not cloaked in immunity, Plaintiff still cannot sustain a

11   Constitutionally based § 1983 argument against the CNMI. Plaintiff Bradshaw can only bring actions

12   under 42 U.S.C. § 1983 against "persons" as defined by the statute. The Commonwealth is not a

13   "person" for the purposes of § 1983. *See Sablan v. Tenorio*, 4 N.M.I. at FN 25 (quoting *DeNieva v.*

14   *Reyes*, 966 F.2d at 483). Thus, all § 1983 violations alleged against the CNMI should be dismissed.

15   **COUNT V**

16   In Count V, Plaintiff alleges that "AG" conspired with Defendants Castro, Manglona and

17   Bellas to deprive Plaintiff Bradshaw of his Constitutional rights, defrauded Plaintiff, and denied him

18   an opportunity to be heard under the Indemnification Act. Plaintiff further alleges that Defendant

19   CNMI and "its agents judges" Defendants Manglona and Bellas violated Plaintiff Bradshaw's

20

21   [Footnote continued from previous page]

22   [8] *See Kopit v. White*, 131 Fed. Appx. at 109; *see also Warmbrodt v. Blanchard*, 692 P.2d at 1285.

23

Constitutional rights and acted to damage, defame, slander, and malign Plaintiff.

     *a.*     *Plaintiff fails to properly allege or support his allegations that "AG" Ms. Forelli conspired with Defendants Castro, Manglona and/or Bellas to deprive him of his Constitutional rights, defrauded and denied him an opportunity to be heard under the Indemnification Act.*

     If the named defendant is the wrong defendant, then the appropriate remedy is to first move to dismiss for failure to state a claim. *See Velasquez v. Senko*, 643 F. Supp. 1172, 1178 (N.D. Cal.1986). Once again, on page four, line eight of his complaint, Plaintiff defines the term "AG" to mean Ms. Forelli individually. There is no indication in Plaintiff's complaint, or any facts alleged, that he had any contact with Ms. Forelli. Plaintiff fails to allege that Ms. Forelli, who is being sued individually, was involved in Plaintiff's case, represented him at trial, accepted service on his behalf, or communicated with him in any way shape or form. Accordingly, all allegations against "AG" Ms. Forelli should be dismissed for failure to plead essential facts and failure to state a claim. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

     If Plaintiff is claiming that Ms. Forelli negligently supervised others under a theory of respondeat superior, that is not enough to sustain a § 1983 claim. Personal participation is an essential element of a claim brought against a state official pursuant to § 1983. *Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976); *Mingo v. Patterson*, 455 F.Supp. 1358 (D. Colo. 1978). Without action by the defendant, he or she cannot be subject to liability under § 1983. *Hafer v. Melo*, 502 U.S. 21 (1991). An official may not be found liable under § 1983 under a theory of *respondeat superior*. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggie*, 703 F.2d 479, 483 (10th Cir. 1983). Moreover, there is not a concept of strict supervisor liability under § 1983. *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991). Nor can liability be based solely on the supervisor's position or power to

24

1    control an employee. *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993); *accord, Smith v. Boyd*, 945

2    F.2d 1041, 1043 (8th Cir. 1991).   Because Ms. Forelli never represented, or even communicated[9] with

3    Plaintiff Bradshaw, Plaintiff's allegations against Ms. Forelli or "AG" should, once again, be dismissed.

4           b.    *Plaintiff, as a matter of law, cannot sustain an action against Defendant CNMI for the*
              *wrongful acts alleged against Defendants Manglona and/or Bellas.*
5

6           As discussed, *supra*, state and federal jurists enjoy absolute immunity from suit respecting their

7    decisions.   *Mireles v. Waco*, 502 U.S. 9 (1991).   Judges are protected by judicial immunity for all of

8    their judicial acts, unless they are acting in clear absence of jurisdiction or not within their judicial

9    function. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Jurisdiction is construed liberally when

10   judicial immunity is at issue. *Id.*  This includes absolute immunity from suit for applying or invoking

11   any case precedent or legal doctrine as they see fit. *See Bolin v. Story*, 225 F.3d at 1242.

12          Plaintiff does not allege that Defendants Manglona and/or Bellas were acting outside their

13   jurisdiction or judicial function.    Thus, without an underlying cause of action, and for numerous

14   other reasons that need not be explored at this time, Plaintiff, as a matter of law, has failed to state a

15   claim against Defendant CNMI.

16          Moreover, and at the risk of being redundant, the Commonwealth is not a "person" for the

17   purposes of § 1983, which is the civil mechanism for litigating Constitutionally based claims. *See*

18   *Sablan v. Tenorio*, 4 N.M.I. at FN 25 (quoting *DeNieva v. Reyes*, 966 F.2d at 483).   Thus, all § 1983

19   violations alleged against the CNMI should be dismissed.

20

21   _____

22   [9] See Forelli Declaration ¶ 3 attached.

**COUNT VI AND COUNT VII**

Plaintiff alleges in Count VI that Defendant CNMI and its agents, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona and Mr. Bellas violated, in some way, the Civil Rights Act of 1870.[10]  Count VII similarly asserts that Defendant CNMI and its agents, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona and Mr. Bellas violated the Civil Rights Act of 1871 as well as Plaintiff's Constitutional rights to due process and equal protection.

      a.    *Plaintiff has failed to allege the facts necessary to sustain a cause of action under the Civil Rights Acts of 1870 and 1871.*

The Civil Rights Act of 1870 and 1871, codified today at 42 U.S.C. §§1981, 1982, 1983, 1985 and 1986 (2000), were enacted to abolish the last vestiges of slavery. *See Davidson v. O'Lone,* 752 F.2d 817 fn 5(3rd Cir. 1984); *see also Brown v. Philip Morris,* 250 F.3d 789, 796-7 (C.A. Pa. 2001).  The overriding purpose of those amendments was to secure "the freedom of the slave race, the security and firm establishment of that freedom, and the protection of the newly-made freeman and citizen from the oppression of those who had formerly exercised unlimited dominion over him" (quoting *The Slaughter-House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872).

Plaintiff has not asserted, nor has he argued, that he was the victim of racial discrimination on the part of the Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton or Ms. Brown.   In fact, Plaintiff Bradshaw does not even allege or mention his race or ethnicity in his Amended Complaint, let alone

---

[10] As far as Defendants know, Clayton and Sosebee have yet to be served with process in this matter.

how his race caused him to be discriminated against.[11]  Based upon the pleadings, Defendants cannot

identify Plaintiff's race or national origin, other than the fact that he is a U.S. "state-sider."

Moreover, there are no allegations that Plaintiff is even in a protected class.  Accordingly, it is proper

to dismiss Plaintiff's Counts VI and VII for failing to plead essential facts. *See Robertson v. Dean*

*Witter Reynolds, Inc.,* 749 F.2d at 534.

In order to prevail on an action brought pursuant to §1981 and 1982, a plaintiff must allege and

prove discrimination based upon race or alienage. *See McDonald v. Santa Fe Trail Transport. Co*, 427

U.S. 273, 296 (1976)*; see also White v. Pacific Media Group, Inc.* 322 F.Supp 1101 (D.Haw 2004),

*Pollard v. City of Hartford,* 539 F.Supp. 1156, 1164-65 (D.Conn.1982), *Sagana v. Tenorio*, 384 F.3d

731, 739 (9th Cir. 2004) (holding § 1981 does prohibit discrimination based upon alienage).

Even if Plaintiff had alleged his race, there is no indication in the facts that race served as the

basis of any discrimination, i.e. that a similarly situated person of another race was treated better than

him or that discrimination occurred solely because of his race.  "Alienage," on the other hand, is

defined as the state or condition of being an alien. *See LeClerc v. Webb*, 419 F.3d 405, 426 (5th Cir.

2005).  An alien is "any person not a citizen or national of the United States." *Id.*   Based upon his

allegation, Plaintiff is a U.S. citizen and not an alien. *See* Amended Complaint ¶ 234, 237 and 238.

His § 1981 and 1982 claims must, therefore, be dismissed.

For the reasons discussed in detail previously, Plaintiff cannot sustain an action under § 1983,

because he has failed to properly allege which Constitutional, or other legally protected, right

---

[11] Plaintiff uses the phrase "national origin" in paragraphs 234, 237 and 238, but that is all.  Plaintiff defines his "national origin" as a continental U.S. citizen and "U.S. state-sider," but offers nothing more.

1   Defendants Ms. Forelli, Mr. Bush, Mr. Cotton or Ms. Brown violated.  *See Seed v. Hudson*, 1994 WL

2   229096.  Plaintiff does not have a right to counsel or indemnification, Constitutionally protected, or

3   otherwise.  *Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57.  Furthermore, Defendant CNMI is not a

4   "person" for 42 U.S.C. § 1983 purposes and; thus, cannot be sued under the statute.  *See Sablan v.*

5   *Tenorio*, 4 N.M.I. at FN 25.  For these reasons, Plaintiff's § 1983 claim should be dismissed.

6       In order to prove a claim for relief under § 1985 and its companion 1986, Plaintiff Bradshaw

7   must show: (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the

8   laws, generally in a race or class based context; (3) an act in furtherance of the conspiracy; (4) whereby

9   a person is either injured in his person or property or deprived of a right or privilege of a United States

10  citizen.  Based upon his Amended Complaint, Plaintiff cannot sustain this burden.  *See Mustafa v.*

11  *Clark County School Dist.,* 157 F.3d 1169 (9th Cir. 1998); *see also McCalden v. California Library*

12  *Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992) (holding section 1986

13  claim valid only if valid section 1985 claim exists).

14      Plaintiff Bradshaw does not specify any facts to support a claim that a conspiracy ever existed

15  and fails to describe the Constitutional or other rights of which he was deprived.  Most importantly,

16  Plaintiff Bradshaw does not suggest that the alleged conspirators were motivated to deprive him of his

17  civil rights by some racial or otherwise class-based animus. *See Buchanan v. Buchanan*, 1994 WL

18  680992 at 4 (9th Cir. Wash. 1994) (holding complaint must allege motivation behind the conspiracy,

19  rights deprived, and conspirators were motivated to deprive him of his civil rights by some racial or

20  otherwise class-based animus).  Thus, he is unable to make out a cause of action under § 1985(3), and

21  as a result § 1986.

22      For these reasons, Plaintiff cannot sustain a cause of action under § 1981, et seq. and Counts VI

1   and VII should be dismissed.

2                                **COUNT VIII**

3       In Count VIII, Plaintiff Bradshaw alleges that Defendants CNMI, Ms. Forelli, Mr. Bush, Mr.

4   Cotton, Mr. Clayton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona and Mr. Bellas

5   violated his Constitutional Rights as protected by § 1981 and 1983.  In sum, Plaintiff claims that he

6   was denied an implied contract right to a defense and indemnification because he is a "U.S. state-

7   sider" and because of his "national origin."

8       a.   *Plaintiff is not an "alien" for § 1981 purposes, Plaintiff has failed to allege facts*
           *sufficient to maintain a § 1983 action, and Plaintiff's contract does not include an*
9          *"implied" contract right to indemnification.*

10

11      To sustain a cause of action under §1981, Plaintiff must show discrimination based upon race

12  or alienage.  *See McDonald v. Santa Fe Trail Transport. Co*, 427 U.S. at 296, *see also Sagana v.*

13  *Tenorio*, 384 F.3d at 739.  "Alienage" is defined as the state or condition of being an alien.  *See*

14  *LeClerc v. Webb*, 419 F.3d at 426.  An alien is "any person not a citizen or national of the United

15  States." *Id.*  By alleging that he was discriminated against because of his "national origin" and/or that

16  he is a "U.S. state-sider," as a matter of law Plaintiff cannot maintain a cause of action under § 1981.

17  *See* Amended Complaint ¶ 234, 237 and 238.

18      For all of the reasons previously stated, Plaintiff cannot maintain an action under § 1983.[12]

19  Defendants' argument is further supported by the fact that Plaintiff does not have an expressed or

20  _____

21  [12] Specifically,  Plaintiff has failed to properly allege which Constitutional, or other legally protected, right Defendants Ms. Forelli, Mr. Bush, Mr. Cotton or Ms. Brown violated.  See *Seed v. Hudson*, 1994 WL 229096 (D.N. Mar. I 1994); *see also Bisom v. Commonwealth*, 2002 MP ¶ 54-57.  Plaintiff does not have a right to counsel or indemnification, Constitutionally protected of otherwise.  *Bisom v.*

22  *Commonwealth*, 2002 MP ¶ 54-57.  Furthermore, Defendant CNMI is not a "person" for 42 U.S.C. § 1983 purposes and; thus, cannot be sued under the statute. *See Sablan v. Tenorio*, 4 N.M.I. 351, FN 25(N. Mar. I. 1996).

1    implied contract right entitling him to defense or indemnification. Bradshaw's employment contract

2    with the CNMI does not address indemnification and/or defense against civil liability. Moreover, the

3    contract states, "no other conditions, promises or representations have been made." Bradshaw

4    Excepted Service Contract attached at pg 1.

5        As a matter of law, Plaintiff did not possess an implied contract right to a defense or

6    indemnification. On the contrary, Plaintiff had a conditional expressed right, derived from statutory

7    law, to be defended and indemnified.

8        What the Plaintiff refers to as the "Indemnification Act" is really the Public Employee Legal

9    Defense and Indemnification Act, or "PELDIA" at 7 C.M.C. § 2301 (2000), *et seq*. Under the terms of

10   PELDIA, the onus is on the employee, or in this instance the Plaintiff, to expressly request

11   indemnification not less than five days before an answer is filed in the underlying lawsuit. *See* 7

12   C.M.C. § 2304 (2000); *see also Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57.   In his Amended

13   Complaint, Plaintiff states that his July 14, 1999, letter should suffice as a request for indemnification

14   for PELDIA purposes.[13]  Plaintiff's revisionist interpretation of this letter is untenable as a matter of

15   fact and law.

16       Specifically, Plaintiff states, "as for as the CNMI SC [Bisom matter], your office has never and

17   should never have represented me on this at all that I am aware of. As I was never served, I never

18   asked for any assistance and the CNMI SC never should have been told that the AG represented

19

20

21   _____

22   [13] Plaintiff's Amended Complaint ¶ 233.

me."[14]  Plaintiff Bradshaw, as a matter of fact, failed to properly request indemnification and representation as required by PELDIA.  As a result, and in a view shared by the CNMI Supreme Court, he is not entitled to either. *Bisom v. Commonwealth*, 2002 MP 19.

Plaintiff has, thus, failed to allege facts sufficient to support his § 1981 and 1983 claims. Count VIII should, accordingly, be dismissed.

<h1 style="text-align:center">COUNT IX</h1>

Count IX alleges that because of Plaintiff's national origin Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona and Mr. Bellas violated the Immigration Reform and Control Act of 1986 and breached the CNMI's contract with Plaintiff by not granting him a defense and indemnification under the "Indemnification Act."

a.    *U.S. immigration law does not apply to the CNMI.*

The Immigration Reform and Control Act of 1986 (IRCA), codified at various sections of Title 8, makes it unlawful for employers to knowingly hire undocumented alien workers or for employees to use fraudulent documents to establish employment eligibility. *See Hoffman Plastics Compound, Inc v. N.L.R.B.*, 122 S.Ct. 1275, 1277,152 L.Ed.2d 271(2002).  Sections 503 and 506 of the Covenant to Establish a Commonwealth of the Northern Mariana specifically excludes the application of U.S. immigration law within the Commonwealth. *See Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America*, 48 U.S.C. § 1801, at § 501 (1976*); see also generally Tran v. Com. of Northern Mariana Islands*, 780 F. Supp. 709 (D.N. Mar. I .1991).

---

[14] Bradshaw July 14, 1999 letter attached ¶ 9 to amended Complaint.

31

As a matter of law, Plaintiff has not alleged a cognizable theory, and a dismissal of Count IX

is proper. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.[15]

### COUNT X

Plaintiff alleges in Count X that because Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton,

Mr. Clayton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona and Mr. Bellas violated his

Constitutionally protected rights to due process and equal protection, he is entitled to damages

pursuant to 42 U.S.C. § 1986.

Count X should, likewise, be dismissed for failure to state a claim upon which relief can be

granted.  To recover damages under § 1986, Plaintiff must prove the elements of conspiracy and

discrimination described in § 1985. *See Buchanan v. Buchanan*, 1994 WL 680992 at 4.  Based upon

the Ninth Circuit's holding in *Buchanan*, Plaintiff Bradshaw has failed to allege sufficient facts to

maintain a claim under § 1985, i.e. that a conspiracy existed, rights deprived, and conspirators were

motivated to deprive him of his civil rights by some racial or otherwise class-based animus. *See id.*

In addition, § 1986 actions are time-barred one year after the cause of action accrues.  42

U.S.C. § 1986 (1994).   For reasons already mentioned, any cause of action alleged by the Plaintiff

Bradshaw accrued between 1996 and 2000.  Consequently, Plaintiff's § 1986 claim, if any, was already

extinguished.

### COUNT XI

Count XI alleges that Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr.

---

[15] Even if the IRCA applied to the CNMI, Plaintiff Bradshaw is a U.S. citizen.  Amended Complaint at 238.  The Northern Mariana Islands is a U.S. territory.  Defendants are, therefore, unclear exactly how IRCA would apply as a matter of law.

1    Sosebee, Ms. Brown, Justice Castro, Justice Manglona and Mr. Bellas violated 18 U.S.C. § 1961,

2    1962, 1963 and 1964 (2000), collectively referred to as the Racketeer Influenced and Corrupt

3    Organizations Act, or RICO.  Plaintiff further alleged, once again, that Defendants violated his

4    Constitutionally protected right to due process and equal protection.

5              a.      *Defendants were not engaged in "racketeering activity" and are immune from civil
                       liability.*
6

7         To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1)

8    conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must

9    establish that (5) the defendant caused injury to plaintiff's business or property. 18 U.S.C. §§ 1962(c),

10   1964(c). *See Chaset v. Fleer/Skybox Intern.,* LP 300 F.3d 1083, 1087 (9th Cir.2002).  The Plaintiff

11   alleges that the "racketeering activity" of fraud began when Defendant Bisom prepared fraudulent

12   documents to mislead the Court and obtain a default judgment. Plaintiff's Amended Complaint at ¶

13   247.  Then, Defendant Sosebee "seemed" to enter the conspiracy, followed by Defendants Castro,

14   Manglona, and Bellas when they accepted the documents as evidence of service.  Finally, Defendant

15   Brown or other unnamed "CNMI officials" are implicated for failing to act after the default judgment

16   was entered and when the alleged conspiracy was brought to her attention.  Amended Complaint at ¶

17   247-9.  Plaintiff also asserts that his right to due process and equal protection were violated.

18        Count XI should be dismissed against CNMI, Ms. Forelli, Mr. Bush, and Mr. Cotton because

19   Plaintiff does not allege facts that suggest any wrongdoing on their part.  *See e.g. Robertson v. Dean*

20   *Witter Reynolds, Inc.,* 749 F.2d at 534.  That being said, Defendants wish to reiterate their absolute and

21   qualified immunity and statute of limitations arguments. *See McNeill v. Town of Paradise Valley*, 44

22   Fed Appx. 871 (9th Cir. Ct. App. 2002) (holding RICO claims properly dismissed on judicial and

1    prosecutorial immunity grounds).[16]  Moreover, Defendants' have already addressed Plaintiff's alleged

2    deprivations of due process and equal protection and reassert their position.

3      Count XI should also be dismissed with respect to Ms. Brown and the unnamed "other CNMI"

4    official because they were acting within the scope of their official duties and relying upon a CNMI

5    Superior Court judgment, hardly a "racketeering activity."  In rendering its judgment against Plaintiff

6    Bradshaw, the Superior Court concluded that the postal documents presented were sufficient to justify

7    a judgment against Plaintiff Bradshaw. *Bisom v. Commonwealth*, Civil Action No. 96-1320.    Thus,

8    Ms. Brown and the unnamed CNMI official, if one exists, are entitled to quasi-judicial immunity

9    because she/they relied upon a facially valid court order. *See Coverdell v. Dept. of Health Serv.*, 834

10   F.2d at 758, 764-65 (9th Cir. 1987); *see also Roland v. Phillips*, 19 F.3d at 557 (holding that a law

11   enforcement official is protected by quasi-judicial immunity from suit when acting in furtherance of

12   official duties and relying on a facially valid court order, oral or written).

13     For all of these reasons, Count XI against Defendants CNMI, Ms. Forelli, Mr. Bush, Mr.

14   Cotton and Ms. Brown should be dismissed.

15               **COUNT XII**

16     Count XII alleges that Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr.

17   Sosebee, Ms. Brown, Justice Castro, Justice Manglona, Mr. Bellas, Mr. Bisom and Mr. Sorensen

18   violated the Plaintiff's rights as protected by 42 U.S.C. § 1985 and also violated 18 U.S.C. § 241-242

19   (2000).  Plaintiff also alleges that Defendants Castro, Manglona and Bellas joined with "AG" Ms.

20

21

22   ---

[16] Defendant CNMI would make a sovereign immunity argument, but because the Eleventh Amendment does not apply to the CNMI and common law has yet to recognize RICO immunity, such an argument appears to be unavailable. *See Fleming supra* at 407.

**1**  Forelli to defraud Bradshaw and deny him indemnification.

**2**  Count XII should be dismissed against Ms. Forelli, Mr. Bush, and Mr. Cotton because Plaintiff

**3**  does not allege any facts that suggest wrongdoing on their part. *See e.g. Robertson v. Dean Witter*

**4**  *Reynolds, Inc.,* 749 F.2d at 534. Moreover, Defendants' have already addressed Plaintiff's alleged

**5**  deprivations of due process, equal protection and alleged violation of § 1985. As Plaintiff Bradshaw

**6**  has not alleged any new facts that support these allegations, Defendants reassert their position and ask

**7**  that these claims be dismissed.

**8**  Title 18 § 241-242 are criminal statutes that do not offer a civil remedy. *See* 18 U.S.C. § 241-2

**9**  (2000); *see also Henry v. Albuquerque Police Dept.*, 49 Fed. Appx. 272, 273 (10th Cir. 2002); *Kelly v.*

**10**  *Rockefeller*, 69 Fed. Appx. 414, 415 (10th Cir. 2003). As a matter of law, all allegations made in

**11**  connection with these statutes should be dismissed.

**12**  <center>**COUNT XIII**</center>

**13**  Though he does not provide any additional facts, Plaintiff Bradshaw alleges in Count XIII that

**14**  Defendants Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee, Ms. Brown, Justice Castro,

**15**  Justice Manglona and Mr. Bellas "deprived plaintiff of his due process and equal protection rights,

**16**  violated the Immigration Reform and Control Act of 1986, the Civil Rights Act of 1870-71, 18 USC

**17**  241-2, 1341-1342, 1349, 1707, 1961-1965, 42 U.S.C. 1981, 1983, 1985 and 1986." Plaintiff further

**18**  alleges conspiracy to defraud on the part of the CNMI and its agents, and a violation of 42 U.S.C.

**19**  1987-2000.

**20**        a.    *Although Plaintiff cites a laundry list of criminal and civil statutes, he has failed to*

**21**                  *allege facts that sustain a cause of action.*

**22**  As no new facts have been alleged in Count XIII, Defendants reassert their previous arguments

<center>35</center>

**1**

**2**

for dismissal relating to the Immigration Reform and Control Act of 1986, the Civil Rights Act of 1870-71, 18 USC 241-2, 42 U.S.C. 1981-1986 and the conspiracy allegations.

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

With respect to the alleged violations of the RICO statute now being asserted against all Defendants and because Defendants' were acting within the scope of their official capacity, Defendants re-assert their right to absolute, quasi-judicial and qualified immunity. 18 U.S.C. 1961-1965; *see also Coverdell v. Dept. of Health Serv.*, 834 F.2d at 764-65; *See Roland v. Phillips*, 19 F.3d at 557 (holding that a law enforcement official is protected by absolute, quasi judicial immunity from suit when acting in furtherance of official duties and relying on a facially valid court order, oral or written); *Fry v. Melaragno,* 939 F.2d at 837 (stating that if a government attorney is performing acts intimately associated with the judicial phase of litigation in either the civil or criminal context, the attorney is entitled to absolute immunity from civil liability for damages), *Harlow v. Fitzgerald*, 457 U.S. at 818 (holding qualified immunity shields public officials from liability if their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known.")

**15**

**16**

Defendants, therefore, will address alleged wrongdoing in violation 18 U.S.C. § 1341-1342, 1349, 1707 and 1987-2000 for the first time.

**17**

**18**

**19**

**20**

**21**

**22**

Title 18 U.S.C. § 1341, 1342 and 1349 are criminal mail fraud statutes and do not provide for a private cause of action. *See* 18 U.S.C. § 1341-2 (2000); *see also Nordbrock v. U.S.*, 96 F. Supp. 2d 944, 948 (D.Ariz. 2000); *Ferdinand Drexel Inv. Co, Inc. v. Alibert*, 723 F.Supp 313 (E.D. Pa. 1989) (holding mail fraud in a criminal offense, and does not create a civil cause of action); *Maddox v. Capitol Banks Life Ins. Co*, 1997 WL 47449 at 4 (N.D. Ill. 1997). As a matter of law, these allegations should be dismissed.

36

Likewise, 18 U.S.C. § 1707 is also a criminal statute. Nothing in the statute suggests that it includes a private right of action. Generally, courts, including the U.S. Supreme Court, refuse to infer a private right of action when the statute is silent. *See* 18 U.S.C. § 1707 (2000), *see also Cort v. Ash,* 422 U.S. 66, 80, 95 S.Ct. 2080, 2089, 45 L.Ed.2d 26 (1975) (the Court refused to infer a private right of action from "a bare criminal statute."); *see also Central Bank of Denver, N.A. v. First Interstate Bank,* 511 U.S. 164, 190, 114 S.Ct. 1439 (1994). Because no private right of action exists, 18 U.S.C. § 1707, it is proper to dismiss Plaintiff's allegations.

Title 42 U.S.C. § 1987-1997 are generally procedural statutes, and do not offer a cause of action. 42 U.S.C. § 1987-1997 (2000). Title 42 § 2000 does not exist. Section 2000a *et seq.*, however, contains numerous subparts relating to public accommodations, public education and federally assisted programs. Because Plaintiff has failed to plead exactly which part of subpart he is referencing and a cognizable legal theory, it is impossible for Defendants to answer his allegations. *See* 42 U.S.C. § 2000a, *et seq.* (2000), *see also Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

Finally, Federal Rule of Civil Procedure 9 states fraud must be plead with particularity. This Court has held that the degree of particularity required by Rule 9 is only such that a defendant can prepare an adequate answer to the allegations. *Kennedy v. Gabutin,* 2004 W.L. 2D8548D. Count XIII fails to identify the individual or individuals who alleged perpetrated the fraud; thus, Defendants cannot prepare an adequate answer.

For all of these reasons, the numerous claims alleged in Count XIII should be dismissed.

## COUNT XIV

In Count XIV, Plaintiff claims that the "CNMI and its agents Ms. Forelli, Mr. Bush, Mr. Clayton, Mr. Cotton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona, Mr. Bellas, Mr.

Bisom and Mr. Sorensen" slandered and damaged Plaintiff Bradshaw's professional reputation when the Attorney General's office declined representation and he was "found guilty" in the CNMI courts of malicious and unprofessional conduct.

The Restatement (Second) of Torts § 586 provides that "an attorney at law is absolutely privileged to publish defamatory matter concerning another in communication preliminary to a proposed judicial proceeding, [and]. . .during the course and as part of, a judicial proceeding." *See Restatement (Second) of Torts* § 586 (1977). Defendants, thus, are not liable for alleged slanderous activity, which occurred in connection with the *Bisom* case.

Defendants reassert their immunity arguments. *See Fry v. Melaragno,* 939 F.2d at 837 (holding that if a government attorney is performing acts intimately associated with the judicial phase of litigation in either the civil or criminal context, the attorney is entitled to absolute immunity from civil liability for damages). Moreover, pursuant to the Government Liability Act, the CNMI and its agents and employees cannot be held liable for slander. 7 C.M.C. § 2204 (b) (2000).

Accordingly, it is proper to dismiss Count XIV.

## COUNTS XV, XVI AND XVII

Counts XV and XVI allege "intentional, malicious and irresponsible" actions on the part of "CNMI and its agents Ms. Forelli, Mr. Bush, Mr. Clayton, Mr. Cotton, Mr. Sosebee, Ms. Brown, Justice Castro, Justice Manglona, Mr. Bellas, Mr. Bisom and Mr. Sorensen." It is unclear whether Plaintiff is attempting to allege a cause of action for negligence or some other intentional tort. Dismissal of Counts XV and XVI is, thus, warranted because the complaint lacks a cognizable legal theory, and Defendants are unable to respond. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

1    Count XVII itemizes costs incurred by Plaintiff Bradshaw and, likewise, lacks a cognizable

2    legal theory.  It too should be dismissed

3                                    **CONCLUSION**

4        WHEREFORE, based upon the foregoing, this honorable Court should grant, in whole or in

5    part, Defendants' Motion to Dismiss.

6                                    Respectfully submitted,

7                                    OFFICE OF THE ATTORNEY GENERAL

8

9    Dated: December **22**, 2005

10                            By _____
                                    Kristin D. St. Peter

11

12

13

14

15

16

17

18

19

20

21

22

1

### CERTIFICATE OF SERVICE

2

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on

3

the _22_ day of December, 2005, upon the following:

4

ROBERT BRADSHAW
Plaintiff, Pro Se
P.O. Box 473

5

1530 W. Trout Creek Road
Calder, ID 83808

6

7

JAY SORENSEN
c/o Shanghai

8

Post Office Box 9022
Warren, MI 48090-9022

9

Telephone:    (86) 21 5083-8542
Facsimile:    (86) 21 5083-8542

10

11

12

Kristin D. St. Peter
Assistant Attorney General

13

14

15

16

17

18

19

20

21

22

40