James D. Livingstone
Kristin D. St Peter
Assistant Attorney General
Office of the Attorney General
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 670-664-2341
Fax: 670-664-2349

Attorneys for Defendant Forelli

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

Case No. 05-0027

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>   Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE<br>NORTHERN MARIANA ISLANDS,<br>NICOLE C. FORELLI,<br>WILLIAM C. BUSH<br>D. DOUGLAS COTTON, L. DAVID<br>SOSEBEE, ANDREW CLAYTON,<br>UNKNOWN AND UNNAMED<br>PERSONS IN THE CNMI OFFICE OF<br>THE ATTORNEY GENERAL,<br>ALEXANDRO C. CASTRO, JOHN A.<br>MANGLONA, TIMOTHY H. BELLAS,<br>PAMELA BROWN, ROBERT BISOM,<br>AND JAY H. SORENSEN<br><br>   Defendants | **DEFENDANT FORELLI'S<br>DECLARATION IN SUPPORT<br>OF MOTION TO DISMISS** |

I, Nicole Forelli, under penalty of perjury, declare as follows:

1.    I am an individual currently residing in the State of Hawai'i and employed as an attorney by the Legal Aid Society of Hawai'i.

2.      From October 1992 until October 2000, I was employed by the
        Commonwealth of the Northern Mariana Islands Attorney General's
        Office as an Assistant Attorney General and, for a brief time, as the Acting
        Attorney General.

3.      During my time with the Attorney General's Office, I never represented,
        communicated with or had any interaction with Robert Bradshaw.


I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge. Executed in Wailuku, Hawai'i on December 14, 2005.


                                    NICOLE FORELLI

James D. Livingstone
Kristin D. St Peter
Assistant Attorney General
Office of the Attorney General
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 670-664-2341
Fax: 670-664-2349

Attorneys for Defendant Brown

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

Case No. 05-0027

| | |
|---|---|
| ROBERT D. BRADSHAW, )<br><br>Plaintiff )<br><br>v. )<br><br>COMMONWEALTH OF THE )<br>NORTHERN MARIANA ISLANDS, )<br>NICOLE C. FORELLI, )<br>WILLIAM C. BUSH )<br>D. DOUGLAS COTTON, L. DAVID )<br>SOSEBEE, ANDREW CLAYTON, )<br>UNKNOWN AND UNNAMED )<br>PERSONS IN THE CNMI OFFICE OF )<br>THE ATTORNEY GENERAL, )<br>ALEXANDRO C. CASTRO, JOHN A. )<br>MANGLONA, TIMOTHY H. BELLAS, )<br>PAMELA BROWN, ROBERT BISOM, )<br>AND JAY H. SORENSEN )<br><br>Defendants /  | **DEFENDANT BROWN'S**<br>**DECLARATION IN SUPPORT**<br>**OF MOTION TO DISMISS** |

I, Pamela Brown, under penalty of perjury, declare as follows:

1.      I am an individual currently residing on the Island of Saipan and employed as the Attorney General for the Commonwealth of the Northern Mariana Islands ("CNMI"), a position I have held since December 2003.

2.      During my tenure as the Attorney General, I was contacted by Robert Bradshaw and asked to look into allegations of mail fraud in connection with Bisom v. Commonwealth, Civil No. 96-1320.

3.      I asked an investigator with the Attorney General's Investigative Unit to look into Mr. Bradshaw's fraud allegations.  The investigator found no evidence of fraud.

4.      I continue to rely upon the CNMI Superior Court's holding in Bisom v. Commonwealth, Civil No. 96-1320 as a valid judgment.

5.      During my tenure as the Attorney General, my office has never represented Mr. Bradshaw.

6.      During my tenure as the Attorney General, the first time Mr. Bradshaw requested indemnification under the PELDIA statute 7 CMC § 2304 was September 2004, more then four years after the judgment in Bisom v. Commonwealth, Civil No. 96-1320 was entered against him.

7.     In accord with 7 CMC § 2304, Mr. Bradshaw's PELDIA request was not timely,

and therefore denied.



 I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge.  Executed on Saipan, CNMI on December 23, 2005.

PAMELA BROWN

James D. Livingstone
Kristin D. St Peter
Assistant Attorney General
Office of the Attorney General
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 670-664-2341
Fax:  670-664-2349

Attorneys for Defendant Cotton


IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

Case No.  05-0027

| | | |
|---|---|---|
| ROBERT D. BRADSHAW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v, | ) | |
| | ) | |
| COMMONWEALTH OF THE | ) | |
| NORTHERN MARIANA ISLANDS, | ) | **DEFENDANT COTTON'S** |
| NICOLE C. FORELLI, | ) | **DECLARATION IN SUPPORT** |
| WILLIAM C. BUSH | ) | **OF MOTION TO DISMISS** |
| D. DOUGLAS COTTON, L. DAVID | ) | |
| SOSEBEE, ANDREW CLAYTON, | ) | |
| UNKNOWN AND UNNAMED | ) | |
| PERSONS IN THE CNMI OFFICE OF | ) | |
| THE ATTORNEY GENERAL, | ) | |
| ALEXANDRO C. CASTRO, JOHN A. | ) | |
| MANGLONA, TIMOTHY H. BELLAS, | ) | |
| PAMELA BROWN, ROBERT BISOM, | ) | |
| AND JAY H. SORENSEN | ) | |
| | ) | |
| | ) | |
| Defendants | / | |

I, D. Douglas Cotton, under penalty of perjury, declare as follows:

1.   I am an individual currently residing in Texas and employed as an attorney by American Airlines, Inc.

2.   From June 1996 until June 1998, I was employed by the Commonwealth of the Northern Mariana Islands Attorney General's Office as an Assistant Attorney General.

3.   During my time with the Attorney General's Office, I communicated with Robert D. Bradshaw via letter and, perhaps, by telephone. I never personally met him.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed in Ft. Worth, Texas on December 14, 2005.

_D. Dauglas Cotton_

D. DOUGLAS COTTON

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**
**EXCEPTED SERVICE EMPLOYMENT CONTRACT**
**EXECUTIVE BRANCH**

(X)  New
( )  Renewal
( )  Amendment No._____

RECEIVED
JUL 15
O.P.M.

7 00 242

CONTRACT NO._____

This Contract for personal services is entered into between the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereinafter referred to as "EMPLOYER") and WILLIAM C. BUSH
(hereinafter referred to as "EMPLOYEE").

The EMPLOYER requires the services of a qualified LEGAL COUNSEL FOR THE DEPARTMENT OF PUBLIC WORKS , PD# _____3595_____ . The requirements of this position are stated in the attached Job Description, which both the EMPLOYER and the EMPLOYEE have read and understand. The EMPLOYEE hereby states that he/she possesses the necessary degree of expertise, training, and knowledge to fulfill the obligations specified in the Job Description. The EMPLOYEE shall be stationed on the island of ___SAIPAN___ with the DEPARTMENT OF PUBLIC WORKS/SECRETARY'S OFFICE

This Contract is for a ONE ( 1 ) year period beginning on the 15TH day of July ~~JUNE~~
19 97 , and shall continue until the 8TH day of ~~JUNE~~ 14th July , 19 98 .
The EMPLOYER agrees to pay the EMPLOYEE an annual salary of $_____ ,
in biweekly payments of $_____. The total government obligation is not to exceed $_____. (The preceding year's base salary of EMPLOYEE was $_____)

Both the EMPLOYER and the EMPLOYEE agree that the terms and the conditions of this contract include all the provisions of the "Conditions of Employment", attached hereto and incorporated herein by reference, as if set forth in its entirety.

Special terms and conditions:_____
_____
_____ .

The EMPLOYEE herein is hired (XXX) within the Commonwealth (local hire); ( ) from outside the Commonwealth (off-island hire).

No other conditions, promises or representations have been made.

WHEREFORE, the parties enter into this Contract for employment.

I.    OFFICE OF MANAGEMENT AND BUDGET

I hereby certify that the hiring of the employee named herein is within the Office's/Agency's/Department's FTE requirement provided by law.

_____
ELISEO D. CABRERA    JUN. 1 6 1997
SPECIAL ASSISTANT FOR MANAGEMENT AND BUDGET

## II.    OFFICE OF PERSONNEL MANAGEMENT

I hereby certify that the service contracted qualifies the Employee as Excepted Service under 1 CMC Section 8131 of the Commonwealth Code/Executive Order 94-3, Section 509(___).

Date: 7/15/97

_____
LUIS S. CAMACHO
**DIRECTOR OF PERSONNEL**

## III.    DEPARTMENT OF FINANCE

I hereby certify that there are sufficient funds available for Account No. 1471-6111 for the execution of this contract in the amount of $ 78,725.99    .
$65,605.02

Date: 7-14-97

_____
ANTONIO R. CABRERA
**SECRETARY OF FINANCE**

## IV.    ATTORNEY GENERAL

I hereby certify that this contract has been numbered, reviewed and approved as to form and legal capacity.

Date: 7/15/97

_____
ROBERT B. DUNLAP
**ATTORNEY GENERAL**

## V.    SIGNATURE OF PARTIES

Date: July 15, 1997

_____
JESUS C. BORJA
ACTING    **GOVERNOR**

Date: 6/2/97

_____
EDWARD M. DELEON GUERRERO
**OFFICE/AGENCY/DEPT. HEAD**

Date: 6/2/97

_____
WILLIAM C. BUSH
**EMPLOYEE**

## VI.    CONTRACT COMPLETION

I hereby certify that this contract has all the required signatures, has a position description attached, and has been placed on file at the Office of Personnel Management.

Date: 7/23/97

_____
LUIS S. CAMACHO
**DIRECTOR OF PERSONNEL**

# EXCEPTED SERVICE EMPLOYMENT CONTRACT
## EXECUTIVE BRANCH

( )  New
(xx) Renewal                                              900180
( )  Amendment No. _____      CONTRACT NO.: _____

This Contract for personal services is entered into between the
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereinafter
referred to as "EMPLOYER") and __WILLIAM C. BUSH__ hereinafter referred
to as "EMPLOYEE").

The EMPLOYER requires the services of a qualified __ASSISTANT ATTORNEY
GENERAL / DPW__, PD # 3595. The requirements of this position are stated in
the attached Job Description, which both the EMPLOYER and the EMPLOYEE
have read and understand. The EMPLOYEE hereby states that he/she possesses the
necessary degree of expertise, training, and knowledge to fulfill the obligations
specified in the Job Description. The EMPLOYEE shall be stationed on the island
of SAIPAN with the OFFICE OF THE ATTORNEY GENERAL.

This Contract is for a __ONE__ (1) year period beginning on the __15th__ day of
JULY, 1999, and shall continue until the __14th__ day of JULY, 2000.

The EMPLOYER agrees to pay the EMPLOYEE an annual salary of $▓▓▓▓▓ in
biweekly payments of $▓▓▓▓▓. The total government obligation is not to
exceed $▓▓▓▓▓. The preceding year's base salary of EMPLOYEE was
$▓▓▓▓▓.)

Both the EMPLOYER and the EMPLOYEE agree that the terms and the conditions
of this contract include all the provisions of the "Conditions of Employment",
attached hereto and incorporated herein by references, as if set forth in its entirety.

Special terms and conditions: _____
_____
_____

The EMPLOYEE herein is hired ( X ) within the Commonwealth (local hire); ( )
from outside the Commonwealth (off-island hire).

No other conditions, promises or representations have been made.

## I.    OFFICE OF MANAGEMENT AND BUDGET

I hereby certify that the hiring of the employee named herein is within the
Office's/Agency's/Department's FTE requirement provided by law.

Date: _5/27/99_          ___VIRGINIA C. VILLAGOMEZ, Acting___
                         SPECIAL ASSISTANT FOR MANAGEMENT AND BUDGET
                         5/26

I hereby certify that the service contracted qualifies the Employee as Excepted Service under 1 CMC Section 8131 of the Commonwealth Code/Executive Order 94-3, Section 509(____).

Date: __os|10|99__                    _____
                                          MATHILDA A. ROSARIO
                                          Director of Personnel

## III. DEPARTMENT OF FINANCE

I hereby certify that there are sufficient funds available for Account No. 1170.61100 for the execution of this contract in the amount of $ 72,492.00 .

Date: __6/1/99__                      _____
                                      for  LUCY DLG. NIELSEN
                                          Secretary of Finance

## IV. ATTORNEY GENERAL

I hereby certify that this Contract has been numbered, reviewed and approved as to form and legal capacity.

Date: 6-2-99                          _____
                                          ATTORNEY GENERAL

## V. SIGNATURE OF PARTIES

Date: __6/4/99__                      _____
                                          GOVERNOR

                                      Maya B. Kara
Date: __4-30-99__                     _____
                                          MAYA B. KARA
                                          Attorney General, Acting
                                      OFFICE/AGENCY/DEPT. HEAD

Date: __6-29-99__                     _____
                                          WILLIAM C. BUSH
                                          EMPLOYEE

## VI. CONTRACT COMPLETION

I hereby certify that this Contract has all the required signatures, has a position description attached, and has been placed on file at the Office of Personnel Management.

Date: __07|02|99__                    _____
                                          MATHILDA A. ROSARIO
                                          Director of Personnel



### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
### OFFICE OF THE CIVIL SERVICE COMMISSION
P.O. Box 5150 CHRB, Saipan, MP 96950

## NOTIFICATION OF PERSONNEL ACTION

CSC-P-02  (Revised 01/13/93)

| 1. NAME: (CAPS) Last – First – Middle      Mr.   Mrs.   Miss | 2. CITIZENSHIP | 3. SERVICE COMP DATE | 4. BIRTH DATE | | |
|---|---|---|---|---|---|
| | | | Month | Day | Year |
| BRADSHAW, ROBERT DALE        (MR.) | U.S. | | 07 | 13 | 34 |

| 5. SOCIAL SECURITY No. | 6. GROUP LIFE INSURANCE | 7. HEALTH INSURANCE: |
|---|---|---|
| | | Code No. ___ 204 |
| 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/49090 | Waived | Covered Cert. #5334 |

| 8. NATURE OF ACTION: | 9. EFFECTIVE DATE | | |
|---|---|---|---|
| Separation | Month | Day | Year |
| | 01 | 26 | 94 |

| 10. FROM: POSITION TITLE & NUMBER | 11. PAY LEVEL/STEP | 12. SALARY BI-WEEKLY : | $2,076.92 |
|---|---|---|---|
| Public Auditor (Temporary) | Ungraded | PER ANNUM : | $54,000.00 |

| 13. NAME & LOCATION OF EMPLOYING OFFICE: | 14. DUTY STATION |
|---|---|
| Office of the Public Auditor | Saipan |

| 15. TO: POSITION TITLE & NUMBER | 16. PAY LEVEL/STEP | 17. SALARY BI-WEEKLY : | |
|---|---|---|---|
| | | PER ANNUM : | |

| 18. NAME & LOCATION OF EMPLOYING OFFICE: | 19. DUTY STATION |
|---|---|
| | |

| 20. ELIGIBLE FOR LEAVE ACCRUAL: | | | |
|---|---|---|---|
| XX ANNUAL   NO. OF HOURS PER PAY PERIOD 08 | XX SICK   NO. OF HOURS PER PAY PERIOD 04 | | |

| 21. ACCOUNT CHARGEABLE: | 22. SUBJECT TO: | |
|---|---|---|
| 1201-6111 | GNM Income Tax XXX | CNMI Retirement XX |
| | Social Security ☐ | Other ☐ |

23. REMARKS:

**Ref:**  Letter dated 01/03/94.
**Separation:**  Point of Recruitment

**Entitled for lump sum payment of all unused Annual Leave.  Sick Leave balance will be kept in employee's leave record for a period of three (03) years effective from the date of separation.**

**Group Health Insurance Coverage will continue thru 02/26/94.**

**FORWARDING ADDRESS:**

DISTRIBUTION:
1. Employee - White
2. Personnel - Green
3. Payroll - Yellow
4. Department Head – Pink
5. Budget - Golden Rod

ENTERED 1 0 FEB 1994

SIGNATURE: _____     *Norbert D. Sm*
NORBERT S. SABLAN
PERSONNEL OFFICER

DATE 1/3/94

00077



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
## OFFICE OF THE CIVIL SERVICE COMMISSION
### P.O. Box 5150 CHRB, Saipan, MP 96950

## NOTIFICATION OF PERSONNEL ACTION

CSC-P-02

| 1. NAME: (CAPS) Last – First – Middle   Mr. Mrs. Miss | 2. CITIZENSHIP | 3. SERVICE COMP DATE | 4. BIRTH DATE |
|---|---|---|---|
| BRADSHAW, ROBERT DALE            (MR.) | U.S. | | Month 07  Day 13  Year 24 |

| 5. SOCIAL SECURITY No. | 6. GROUP LIFE INSURANCE | 7. HEALTH INSURANCE: |
|---|---|---|
| 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/49000 | Waived | COVERED   Code No. 204   CERT #5334 |

| 8. NATURE OF ACTION: | 9. EFFECTIVE DATE |
|---|---|
| Excepted Service Employment Contract No. CES080-01 (NTE: 08/30/94) | Month 08  Day 31  Year 92 |

| 10. FROM: POSITION TITLE & NUMBER | 11. PAY LEVEL/STEP | 12. SALARY : BI-WEEKLY : PER ANNUM: |
|---|---|---|
| | | |

| 13. NAME & LOCATION OF EMPLOYING OFFICE: | 14. DUTY STATION |
|---|---|
| | |

| 15. TO: POSITION TITLE & NUMBER | 16. PAY LEVEL/STEP | 17. SALARY : BI-WEEKLY : $1,461.54  PER ANNUM: $38,000.00 |
|---|---|---|
| Special Assistant to the Director of Finance | Ungraded | |

| 18. NAME & LOCATION OF EMPLOYING OFFICE: | 19. DUTY STATION |
|---|---|
| Dept. of Finance, Director's Office | Saipan |

**20. ELIGIBLE FOR LEAVE ACCRUAL:**

| XX ANNUAL | NO. OF HOURS PER PAY PERIOD 08 | XX SICK | NO. OF HOURS PER PAY PERIOD 04 |
|---|---|---|---|

| 21. ACCOUNT CHARGEABLE: | 22. SUBJECT TO: |
|---|---|
| 1201-4111 | GNM Income Tax [XX]   Social Security [ ]   CNMI Retirement [X]   Other [ ] |

**23. REMARKS:**

See attached Excepted Service Employment Contract No. CES080-01, certified by Personnel Officer dated 09/04/92.

Exempt from NMI Civil Service System Act, under 1 CMC Section 8131 of the Commonwealth Code.

Mandatory retirement membership per Public Law 6-17

Recruited from Oklahoma City, Oklahoma
Subject to two-year contract

**ENTERED** 2 7 OCT 1992

DISTRIBUTION:
1. Employee – White
2. Personnel – Green
3. Payroll – Yellow
4. Department Head – Pink
5. Budget – Golden Rod

SIGNATURE: _____
ALONZO IGISOMAR
PERSONNEL OFFICER

00089   DATE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

EXCEPTED SERVICE EMPLOYMENT CONTRACT

EXECUTIVE BRANCH

{XXX}  New
{   }  Renewal
{   }  Amendment No. _____          Contract NO. _C68078-01_
                                                 49090

This Contract for personal services is entered into between the
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereinafter referred
to as "EMPLOYER") and ROBERT DALE BRADSHAW (hereinafter referred to
as "EMPLOYEE").

The EMPLOYER requires the services of a qualified SPECIAL_____
ASSISTANT TO THE DIRECTOR _____, PD # _____.
The requirements of this position are stated in the attached Job
Description, which both the EMPLOYER and the EMPLOYEE have read and
understood.  The EMPLOYEE hereby states that he/she possesses the
necessary degree of expertise, training, and knowledge to fulfill
the obligations specified in the Job Description.  The EMPLOYEE
shall be stationed on the Island of _____SAIPAN_____
in the Office/Agency/Department of _____FINANCE_____.

This Contract is for a two-year period beginning on the __31st__
day of ____AUGUST_____, 1992_, and shall continue until the
__30th___, day of _____AUGUST_____, 1994_.

The EMPLOYER agrees to pay the EMPLOYEE an annual salary of
$38,000.00_____, in bi-weekly payments of $1,461.54____.  The
total government obligation is not to exceed $46,740.00_____.
(The preceding year's base salary of EMPLOYEE was $____-0-_____.

Both the EMPLOYER and the EMPLOYEE agree that the terms and
conditions of this contract include all the provisions of the
"Conditions of Employment," attached hereto, incorporated herein by
reference as if set forth in its entirety.

Special terms and conditions:  SEE ATTACHED CONDITION OF_____
EMPLOYMENT_____

The EMPLOYEE herein is hired [   ] within the Commonwealth (local
hire); [XXX] from outside the Commonwealth (off-island hire).

No other conditions, promises or representations have been made.

WHEREFORE, the parties enter into this Contract for employment.

I.  Department of Planning and Budget

I hereby certify that the hiring of the employee named herein is
within the Office's/Agency's/Department's FTE requirement provided
by law.

_____ SEP  3 1992
         DAVID M. SABLAN
SPECIAL ASSISTANT FOR PLANNING AND BUDGETING

00087

## II.  Personnel Office

I hereby certify that the service contracted for qualifies as
Excepted Service under 1 CMC Section 8131 of the Commonwealth Code.

Date: _9/4/92_                          _____
                                         ALONZO IGISOMAR
                                         PERSONNEL OFFICER

## III.  Department of Finance

I hereby certify that there are sufficient funds available for
Account No.___1201-4111___ for the execution of this contract
in the amount of $38,000.00_____.

Date: 4/28/92                           _____
                                         ELOY S. INOS
                                         DIRECTOR OF FINANCE

## IV.  Attorney General

I hereby certify that this contract has been numbered, reviewed and
approved as to form and legal capacity.

Date: _9/9/92_                          _____ AAG
                                         ROBERT C. NARAJA
                                     for : ATTORNEY GENERAL

## V.  Signatures of Parties

Date: _9/10/92_                         _____
                                         LORENZO I. DE LEON GUERRERO
                                         GOVERNOR

Date: 9/16/92                           _____
                                         ELOY S. INOS
                                         OFFICE/AGENCY/DEPARTMENTHEAD

Date: _9/17/92_                         _____
                                         ROBERT DALE BRADSHAW
                                         EMPLOYEE

## VI.  Contract Completion

I hereby certify that this contract has all the required
signatures, has a position description attached, and has been
placed on file at the Personnel Office.

Date: _9/17/92_                         _____
                                         ALONZO IGISOMAR
                                         PERSONNEL OFFICER

00088

# CONDITIONS OF EMPLOYMENT

The following are conditions of every Excepted Service contract. The employee must read these terms before signing the contract. The signing of the contract will show assent to each and every one of the terms set out below.

1. PRE-EMPLOYMENT CONDITION STANDARDS:
   (A) The Employer requires that all persons appointed to the Excepted Service be certified as physically capable of performing the duties of the position. They must be free from communicable diseases and any present or potential medical condition which would be detrimental to successful performance of duty or the health of other Employees, or reflect discredit upon the Employer.
   (B) The Employee shall be examined by medical personnel authorized by the Employer to conduct such examinations for employment purposes, and the results shall be recorded on forms prescribed by the Personnel Officer.

2. EXCEPTED SERVICE REGULATIONS:
   The Employee shall comply with the Excepted Service Regulations promulgated by the Civil Service Commission pursuant to 1 CMC §8117.

3. COMPENSATION AND WORK SCHEDULE:
   (A) The Employee shall earn his salary on the basis of a twelve month (12) work year consisting of twenty-six (26) bi-weekly pay periods. In cases of early termination, the gross pay is reduced by the period in which no service is rendered.
   (B) Overtime:   The Employer's workday and workweek may vary from time to time according the needs of the Government. Every effort will be made to maintain a reasonable five (5) day, forty (40) hour workweek. Pursuant to Public Law 1-20, §5(b) any excepted service employee is considered executive, administrative or professional personnel. Therefore, an excepted service employee does not qualify for overtime or standby rates of pay.

4. MANDATORY PARTICIPATION IN RETIREMENT FUND: Public Law 6-17, The NMI Retirement Fund Act of 1988, and as amended by Public Law 6-41, requires mandatory participation in the Retirement Fund for all government employees.
   (A) Employees who were members of the Fund before May 7, 1989, are Class II members. These members have the option of transferring to Class I members at any time. The contribution rate for Class II members is 9% of gross wages.
   (B) Employees hired on or after May 7, 1989 and employees who opted not to join the Retirement Fund before May 7, 1989, are Class I members. These employees contribute 6.5% of gross wages to the Retirement Fund:
       (1) Class I members hired before January 19, 1990, having less than three (3) years of vesting service credits with the Retirement Fund, will be eligible for refund of their contribution, including interest, upon separation from employment.
       (2) Class I members are not entitled to a refund after three (3) years of vesting service.
       (3) Class I members having three (3) or more years of vesting service credits have a vested right to a pension upon attaining age sixty-two (62) or meeting normal retirement eligibility.

5. LEAVE
   (A) Annual Leave:   Annual leave shall accrue to the Employee at the rate of *eight* ( 8 ) hours per pay period.
       (1) The Employee employed in the first year of the Contract shall be entitled to use of annual Leave only after having been employed for a continuous period of ninety (90) days

(Revised 4/90)

00102

without a break in service.

    (2) Annual Leave may be used only upon prior written approval of the Employee's immediate supervisor.

    (3) The Employee who terminates his employment at the completion of the present employment contract or resigns, and is departing the duty station on final separation, will receive on the next regular pay day a lump-sum payment of all unused annual leave at the current hourly rate, based on twenty-six (26) bi-weekly pay periods and 2,080 hours in a work-year, provided the necessary documents of clearance are received by the Northern Mariana Islands Payroll Office.

        (a) Where an offer and acceptance for a new period of employment is agreed upon under a new employment contract, all accrued and unused Annual Leave credits from the prior contract may be paid immediately or carried over, at the election of the Employee.

(B) <u>Sick Leave:</u>  Sick Leave shall accrue to the Employee at the rate of four (4) hours per pay period.

    (1) The Employee is entitled to use Sick Leave from the time Sick Leave is first earned.

    (2) Any absence on sick leave where the Employee misses more than three (3) continuous days of work must have the illness verified by a note from a medical doctor in order to claim Sick Leave.

    (3) Upon completion of the present employment contract or termination of employment, whichever occurs first, no payment will be made for accrued and unused Sick Leave credits.

    (4) Where an offer and acceptance for a new period of employment is agreed upon under a new contract, all accrued and unused Sick Leave credits from the prior contract will be carried over.

    (5) If the Employee's supervisor believes the Employee is misusing Sick Leave, or requesting Sick Leave for purposes other than illness, the supervisor may request proof of illness for periods of less than three days. If the proof is not provided, or is unpersuasive, the supervisor may deny the request for Sick Leave.

    (6) Sick Leave may be accumulated without limit.

(C) <u>Leave Without Pay:</u>  Leave Without Pay may be taken only after obtaining the written approval of the Employee's immediate supervisor.

(D) <u>Administrative Leave With Pay:</u>  Administrative Leave With Pay is granted only in exceptional circumstances such as typhoons and state funerals, by the Governor.

(E) <u>Holidays:</u>  The Employee shall be released from work on all legal holidays, except during emergencies, without loss of pay or charge to leave account.

(F) <u>Advance Leave:</u>  Where for good reason, the Employee requires an advance of Annual or Sick Leave, the Personnel Officer may grant leave in advance up to a maximum of one-half (1/2) of the total earnable leave credits for one (1) year from the date the request is approved or for the remainder of the employment contract, whichever is shorter.

6. <u>HOUSING</u>

(A) The Employee shall receive either free government housing or a housing allowance.

    (1) Employees with dependents shall receive family government housing or a housing allowance of $600 per month, at the discretion of the Personnel Officer.

    (2) Employees without dependents shall receive a government apartment or a housing allowance of $400 per month, at the discretion of the Personnel Officer.

    (3) The Personnel Officer may, upon recommendation by the department head, increase the housing benefits of the Employees.

    (4) Government housing, if provided to the Employee, shall be in habitable condition.

(B) If government housing is unavailable and private housing has not been arranged for the Employee, the Employer shall pay a temporary lodging allowance to the Employee equal to the government's established per diem rate for travel at the duty station. When the Personnel Officer has determined that this rate is insufficient to pay for temporary lodging and meals,

2

00103

then a greater allowance may be authorized for the Employee.

   (C)  Responsibilities:

      (1)  The Employee is responsible for utility and trash collection costs.

      (2)  The Employer is responsible for repairs to government housing or a government apartment.

      (3)  The Employee is responsible for returning government premises and furniture/appliances to the Personnel Officer at the termination of his contract of employment, in a similar condition as that at the beginning of his occupancy of government housing, ordinary wear and tear excepted. The Employee will be assessed a Deposit Fee payable to the government within forty-five (45) days subsequent to his occupancy of government housing, to cover the cost of any damage to premises and/or furniture/appliances, or excessive cleanup. Deposit Fees shall be $400 for employees without dependents, and $600 for employees with dependents. At the termination of the employee's contract, and subsequent to the packing and removal of the employee's belongings for shipment, the Personnel Officer, or his designee, shall inspect the premises. If no repairs or cleanup are required by the government, the employee's deposit shall be refunded in his final payroll check. The Deposit Fee requirement applies only to employees recruited subsequent to July 1, 1983.

      (4)  The Employee is responsible for taking reasonable action to protect government housing entrusted to the Employee from damage caused by a storm.

      (5)  The Employee shall comply with any housing regulations promulgated by the Personnel Officer.

   (D)  Government housing is intended for the use of the Employee and the Employee's dependents. No person who is not a dependent may remain in government housing for more than thirty days unless it is approved, in writing, by the Personnel Officer.

   (E)  Housing benefits apply only to Excepted Service Employees whose point of recruitment is outside the Commonwealth of the Northern Mariana Islands, unless the Governor directs otherwise and housing is provided for in the special terms section of this contract.

   (F)  No employee whose contract is terminated or has expired shall remain in the quarters provided after that termination or expiration unless it is approved by the Personnel Officer upon request of the appointing authority.

7.  **JOB DESCRIPTION:**

   (A)  In order to be a valid and binding agreement, this contract (unless it is for renewal) must have attached a detailed job description of the Employee, a complete employment application and other pertinent documents such as a college transcript.

8.  **EXPATRIATION AND REPATRIATION:**

   (A)  <u>Travel:</u>  Travel and transportation expenses shall be paid by the Employer as follows:

      (1)  Coach or tourist-class air transportation costs by the shortest direct route for the Employee and the Employee's dependents from the point of recruitment to the duty station.

      (2)  Perdiem for the Employee only, at established Government rates not to exceed necessary travel time by the shortest direct route from the point of recruitment to the duty station, in accordance with U.S.G.S.A Federal Travel Regulations.

   (B)  <u>Transportation of Personal Effects:</u>

      The Employer shall pay the expense of transportation of personal effects, as follows:

      (1)  Employer shall pay the cost for shipment of two hundred (200) pounds to be shipped by air from the place of recruitment to the duty station for Employees who have dependents.

      (2)  The Employer shall pay the cost for shipment of one hundred (100) pounds to be shipped by air from the place of recruitment to the duty station for Employees who have no dependents.

   (C)  Upon request by the appointing authority and approval by the Personnel Officer, shipment and storage of household goods and personal effects may be authorized for positions that are

3

00104

considered to be hard to fill. This authorization shall be limited to the following:
- (1) Shipment by Sea:
  - (a) The Employer shall pay the cost for one shipment of household goods and personal effects, at the time of recruitment not to exceed 3,000 pounds net weight from the Employee's point of recruitment to his duty station in the case of Employees with dependents.
  - (b) The Employer shall pay the cost for one shipment of household goods and personal effects, at the time of recruitment not to exceed 1,500 pounds net weight from the Employer's point of recruitment to his duty station in the case of Employees without dependents.
  - (c) The shipment must originate within six (6) months of the date of entry on duty, unless extended by the Personnel Officer for just cause. In the event temporary storage of household goods and personal effects intended for shipment to the duty station is necessary at the point of recruitment after pick-up by the carrier and prior to departure by sea, the government shall pay the cost of such temporary storage.
  - (d) Only those items may be shipped which are not restricted by Commonwealth or Federal Regulations. Household goods and personal effects means personal property which can be transported legally in interstate commerce and which belongs to an employee and his immediate family at the time shipment or storage begins. The term shall include household furnishings, equipment and appliances, furniture, clothing, books and similar property. It shall not include property which is for resale or disposal rather than for use by the employee or members of his immediate family. It shall not include such items as automobiles, station wagons, motorcycles and similar motor vehicles, airplanes, house trailers, camper trailers, boats, pets, explosives, inflammables such as matches, cleaning fluids, photo flash bulbs, fireworks, firearms, property belonging to any persons other than the employee or his immediate family, or any property intended for use in conducting a business or other commercial enterprise.
- (2) Storage:  The Employer shall pay the expense for storage of household goods and personal effects at the point of recruitment for the Employee not to exceed:
  - (a) two thousand (2,000) pounds net weight in the case of Employees with dependents.
  - (b) one thousand (1,000) pounds net weight in the case of Employees without dependents, and

(D)  <u>Repatriation:</u>  Upon completion of the agreed upon period of service under this contract or any subsequent excepted service contract entered into upon the expiration of this contract, the Government shall pay all return travel and transportation expenses to the point of recruitment, to the same extent and subject to the same limitations as enumerated in sections 8(A) and 8(B), and if authorized Section 8(C), shipment of household goods and personal effects subject to the conditions of Section 8(C), and limited to the actual weight shipped upon recruitment. However, the Employer will be discharged of this responsibility if repatriation expenses are not incurred within one (1) year of the termination date.
- (1) Check-out:  Before repatriation benefits are afforded and the final paycheck is issued, the Employee must obtain signatures from the Departments of Finance, Public Works, the Commonwealth Utilities Corporation, Public Health, and Personnel Officer as evidence that the Employee has no outstanding debts owed to the Government.
- (2) Early Termination of Contract:  "Early termination" occurs where an Employee refuses to perform duties, fails to perform at work satisfactorily, resigns, is removed for cause or willfully vacates his position.
  - (a) If the Employee terminates the contract within the first year, then there will be no repatriation benefits and the Employee must repay the cost to the Employer of the Expatriation benefits enumerated in sections 8(A), 8(B) and 8(C), and other costs paid by Employer related to recruitment.
  - (b) If the Employee terminates the contract after completing one year of service, then there will be no repatriation benefits, but the Employee does not have to repay the expatriation benefits enumerated in sections  8(A),  8(B) and 8(C).

4

(E) <u>Home Leave Eliminated:</u> Excepted service employees who are initially hired after July 1, 1983, shall not be entitled to home leave benefits upon renewal of their contract. Any employee who receives repatriation benefits upon expiration or termination of a contract shall not be eligible for expatriation benefits under a new contract within six (6) months of that expiration or termination.

9.  <u>OUTSIDE EMPLOYMENT:</u> The Employee may provide services to persons other than the Employer only if:
    (A) the Employee receives the prior written approval of the Employee's immediate supervisor, and
    (B) the outside employment is not, nor does it appear to be, adverse to the interests of the Government.

10. <u>INSURANCE:</u>
    (A) <u>Workmen's Compensation:</u> In the event of on-the-job related injury or illness, the Employee shall be entitled to benefits under the Workmen's Compensation Insurance Contract in force for the Northern Mariana Islands Government. The Employee is responsible for reporting any on-the-job work related injury or illness to the Employee's supervisor as soon as possible.
    (B) <u>Health & Life Insurance:</u> Group Health and Group Life Insurance coverage is available for those who wish to apply. The Government will pay part of the cost of this insurance, in accordance with the agreement between the Northern Mariana Islands Government and the insurance carriers.
    (C) Limitation on Insurance: The Employee is advised that the Government provides no insurance except that referred to in paragraphs A and B above, and the Government assumes no liability for loss or damage in the circumstances set out below. The employee is responsible for insurance coverage, including but not limited to the following:
        (1) For household goods and personal effects of the Employee or his dependents in transit from point of recruitment to the Northern Mariana Islands and in transit from the Northern Mariana Islands to another point of the Northern Mariana Islands.
        (2) For household goods and personal effects of the Employee and dependents in temporary storage at the expense of the Government if authorized under Section 8(C).
        (3) For household goods and personal effects of the Employee and dependents located in housing furnished by the Government or otherwise present in the Northern Mariana Islands.

11. <u>EMPLOYEE'S DEPENDENTS:</u> The Employee's dependents are defined as spouse, children (including step-children and legally adopted children), unmarried and under twenty-one (21) years of age, or physically or mentally incapable of supporting themselves regardless of age, wholly dependent parents of the Employee and/or spouse, or children by a previous marriage for whom the Employee or his spouse has legal custody. Children by a previous marriage who are primarily domiciled by Court Order in other than the Employee's household, are not considered dependents. With respect to the foregoing, if a member of the immediate family reaches his twenty-first (21st) birthday while the Employee is assigned to duty to the Northern Mariana Islands, such member will be returned to the Employee's point of recruitment at the Government expense.

12. <u>ADDITIONAL TERMS AND CONDITIONS:</u> Upon mutual agreement of the Employer and Employee, and approval by the Personnel Officer, placed in writing and attached to these conditions of employment, further terms may be added to this contract to the extent that they are not inconsistent with and in no way purport to amend these conditions of employment.

13. <u>RENEWAL OF THE CONTRACT:</u>
    (A) This contract is not automatically renewable, nor does it create any option to renew the contract.
    (B) It is wholly within the discretion of the Employer whether an offer to renew the contract

5

(Revised 4/90)                                                                          00106

should be made to the Employee. The Employer has no obligation to provide the Employee advance notice of termination of employment upon completion of this contract.

(C)  If the Employer decides not to offer a new period of employment and not to execute a new employment contract, that decision cannot be repealed, regardless of the reason, if any, for the decision.

14.  <u>EARLY TERMINATION AND RESIGNATION:</u>

(A)  <u>Gubernatorial Appointees:</u>

(1)  Any Employee who is an appointee of the Governor serves at the pleasure of the Governor and may be terminated by the Governor without cause and without prior notice.

(2)  In order to terminate employment by resignation, an Employee who is a gubernatorial appointee must first give sixty days notice. The Governor may waive this requirement of advance notice.

(B)  <u>Other Excepted Service Employee:</u>

(1)  The Employer may terminate the Employee without cause upon notice sixty days in advance of termination of employment. This may be shortened only by placing a lesser number in the following blank space: _____.

(2)  The Employer may terminate the Employee with cause upon notice seven days in advance of termination of employment.

(3)  When resigning, the Employee must give notice sixty days in advance of termination of employment. This time may be shortened only by placing a lesser number in the following blank space: _____ . The director of the Employee's department may waive this requirement of advance notice at the time of resignation.

I have read the terms and conditions of these Conditions of Employment and understood them. By my signature I agree to abide by them as part of the terms and conditions of my employment.

Date: 9/4/92

_____
ALONZO AGISOMAR
PERSONNEL OFFICER

Date: 9/17/92

_____
ROBERT DALE BRADSHAW
NAME:          EMPLOYEE

_____
OKLAHOMA CITY
POINT OF RECRUITMENT

6

00107