F E D
Clerk
District Court

DEC 2 7 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al.<br><br>Defendants | ) Case No. CV 05-0027<br>)<br>)<br>)<br>) **PLAINTIFF'S MEMORANDUM**<br>) **OPPOSING DEFENDANT**<br>) **SORENSEN'S NOTICE OF MOTION**<br>) **AND MOTION FOR A MORE DEFINITE**<br>) **STATEMENT, MOTION TO STRIKE**<br>) **AND/OR MOTION TO DISMISS**<br>) Hearing at 9:00 O'Clock, ~~Jan. 19, 2006~~ |

Introduction                                                                 FEB - 9 2005

    1. COMES now plaintiff to oppose defendant's Motion for a More Definite Statement, Motion to Strike and/or Motion to Dismiss.

    2. Defendant's motion cites Fed. Rules Civil Procedure (FRCP) 12(e), 12(f) and 41(b) on the alleged grounds that the amended complaint fails to make a short, plain statement of the claims, using simple, concise and direct averments, in violation of Rules 8(a) and 8(e). Defendant's motion follows a shot gun approach with few specifics. He says the complaint is

1

wrong and then fails to cite the location/quote of the alleged wrong. He says that statements are not short and concise but then fails to cite any which are not short and concise.

3. He does almost the same on allegations of rambling, circuitous, collateral, argument, speculation, supposition, vagueness, ambiguity, prolix, largely irrelevant and use of allegations instead of facts. He makes broad charges without specifics or proof. On page 3 of his response, he does cite six instances which he says are opinion or speculation (instances which address defendants Castro, Bisom and the CNMI Supreme Court justices and not Mr Sorensen) and one case which he says is argument. The one case of alleged argument (ref 144) involves defendant Brown and not Mr Sorensen.

4. He lists 12 other cites which he says argue legal points. Here, there are allegedly two instances of incomplete court citations and nine other references to plaintiff's citations of the Civil Rights Act of 1871, Washington state law and quotations from Wright & Miller's "Federal Practice & Procedure." The alleged incomplete citation from Iowa on Dahl v. Kanawha Inv. Holding Co. (ref 38) was quoted precisely by the plaintiff from Mr Sorensen's own pleading of Jul 7, 2005 (page 7) in his "Memorandum of Points and Authorities in Reply to Plaintiff's Response to Defendant's Sorensen's and Bisom's Motion to Dismiss" in USDC Idaho 05-0084. Since he made that cite in Idaho, how can he now claim that it is incomplete? The alleged incomplete Supreme Court citation (ref 134) was in the claim against the AG and not Mr Sorensen. The alleged incomplete cite (ref 172) from the 10th Circuit Court concerns defendant Castro and not Mr Sorensen. The applicability of the Civil Rights Act of 1871 concerns the CNMI judges and not Mr Sorensen. The plaintiff's quotes from Wright & Miller are not unusual as various court cases quote this authoritative source.

5. Thus, none of the alleged instances of argument, opinion and speculation involve the claims against the defendant. They all address other defendants or the use of Wright & Miller. So why is it that defendant now cites these items as justification for his motion?

6. Last, Mr Sorensen's motion makes several charges which are totally irrelevant and extraneous to material in the amended complaint. He makes a big deal out of plaintiff's filing of this action in the Idaho court with amendments and now the same in the CNMI USDC while failing to note that his own work on USDC 95-0042 and CNMI 96-1320 bounced around some eleven times between the courts and with amendments before trial.

7. Too, besides the outright destruction and/or hiding of records by the CNMI, the plaintiff has found it hard to get records from the CNMI. Attached herewith at Exhibit A is a letter sent by plaintiff on Oct 30, 2005 to the CNMI Chief Judge complaining over the fact that plaintiff's 15 letters requesting records had not produced results. Except for some records sent in early December 2005, most requests have been simply ignored by the CNMI. Obviously, the difficulty of getting records from the CNMI has made it hard to make pleadings. Whenever facts on 96-1320 are learned by plaintiff, it has necessitated some amendments to the complaint. But since defendant has never filed an answer to any of the complaints, it is irrelevant for the defendant to question the complaint and oppose it because of content.

### Argument

8. While FRCP Rule 12 does address motions to amend, dismiss or strike, Rule 8 is different as it contains instructions on how to prepare a pleading by a party and not instructions on allowable defenses and acts for dismissal which are covered in Rule 12.

9. Rule 8(a) addresses: (1) grounds upon which the court's jurisdiction depends; (2) a short and plain statement showing the pleader is entitled to relief; and (3) a demand for judgment for the relief which the pleader seeks (which can allow relief in the alternative or of several different types). The first six paragraphs of the amended complaint outline the court's jurisdiction. Defendant's motion makes no allegations of the impropriety of these six paragraphs in terms of 8(a)(1). Rule 8(a)(2) essentially ties to a dismissal in rule 12(b)(6) on failure to state a claim on which relief can be granted. While Rule 8(a)(2) can apply in Rule 12(e) and 12(f), the relevance is not on dismissals but instead on filing an amended complaint or striking material. But defendant does not cite Rule 12(b)(6) in his motion to dismiss. Finally, Rule 8(a)(3) cites a demand for judgment for the relief the pleader seeks. Defendant's motion presents no proof or the applicability of these charges.

10. Defendant's motion fails to take notice of Rule 8(b) which sets the context for Rules 8(a) and (e). The context clearly is that defendant files an answer and makes his opposition to "each claim asserted and shall admit or deny the averments." This rule adds that "Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs, or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11." Defendant's motion has simply by-passed an answer and is attempting to dismiss the whole action on the basis of some part of the pleading may not meet the requirements of Rule 8(a),

which defendant's motion fails to define and delineate.

11. Since the defendant fails to specify precisely which portion of the amended compliant that he wants amended or stricken and since his opposition states or implies his opposition to all of it in his request to have the whole document dismissed, it is clear that he must do so subject to Rule 11. Under Rule 8(b) he should file an answer to the amended complaint with his position on amending or striking the parts of it he objects to. Otherwise, if his opposition is general to all of the document, as is true in his plea for a dismissal, he is duty bound to make it subject to the obligations of Rule 11 which he has ignored.

12. Rule 8(e)(1) does specify that pleadings are to be simple, concise and direct. But Rule 8(e)(2) allows for "two or more statements of a claim...alternatively or hypothetically, either in one count...or in separate counts..." that the "pleading is not made insufficient by the insufficiency of one or more of the alternative statements" and that a "party may also state as many separate claims...regardless of consistency and whether based on legal, equitable, or maritime grounds." Manifestly, per the defendant, Rules 8(e)(1) and (2) would be in conflict because the presentation of two or more claims may make the pleading complicated and more involved than otherwise called for. Regardless, there is the requirement that all such statements shall be made subject to Rule 11.

13. Since defendant makes no plea on Rule 11, it is clear that he ignores Rule 8(e)(2) which can open the door to a complicated and involved pleading, as is true with plaintiff's amended complaint. Rule 8(e) clearly provides that a pleader need not "plead his evidence" or state "ultimate facts" in an alleged civil conspiracy, as stated by plaintiff--Screen Writers' Guild, Inc. v. Motion Picture Ass'n of America, Inc., D.C.N.Y. 1948, 8 F.R.D. 487. The nature of

a conspiracy makes it impossible to state details at the pleading stage--Jack Loeks Enterprises, Inc. v. W. S. Butterfield Theatres, Inc., D.C.Mich. 1952, 13F.R.D. 5.

14. Too, defendant's request for a more definite statement (under Rule 12(e)) and his charge that the amended complaint is vague is in sharp contrast to his argument that the amended complaint is prolix and wordy in defiance of Rule 8. Obviously, the document cannot be both vague and too wordy at the same time. Anyway, there is a contradiction between the two allegations by defendant. Last, defendant ignores Rule 8(f) which states that all pleadings do substantive justice. Wright & Miller (1987 ed, v. 5, p. 68-69) adds that pleadings are to be construed "liberally" so as to do substantive justice.

15. Numerous cases make the point that pleadings (per Rule 8) have the only function of giving notice of the nature of a claim--Turkish State Rys. Administration v. Vulcan Iron Works, D.C.Pa 1957, 153F.Supp. 616); McElroy v. United Airlines, Inc., D.C.Mo.1957, 21 F.R.D. 100; U.S. v. Johns-Manville, D.C.Ill.1941, 67 F.Supp.291, 293, 1 F.R.D. 548, 550 (Holly, J.). These cases all note that other historic issues (stating the facts, narrowing the issues, and providing a means for speedy disposition of sham claims and insubstantial defenses) can be addressed through discovery. Wright & Miller (ibid, p. 69) note that "pleadings under the rules simply may be a general summary of the party's position that is sufficient to advise the other party of the event being sued upon..." Nowhere does defendant claim to lack knowledge of plaintiff's position from the pleadings.

16. Under the federal rules, it is very difficult for counsel to draft a pleading so badly as to lose the rights of his client (Bawek v. Kawasaki Motors Corp. S.Ct. Iowa 1981, 313N.W.2d 501, 503). A sixteen-year-old boy could plead under these rules (in rule 8)--Proceedings,

Cleveland Institute on the Federal Rules, 1938, p. 220.

17. In terms of Rule 12(e), the need for a more definitive statement in rule 12(e) is not the same or is necessarily compatible with the need for short concise statements in rule 8. In the amended complaint, the two ideas are not the same and should not be confused as defendant is doing. Certainly, the amended complaint does not contain vague and ambiguous statements and defendant has offered no illustrations of such an allegation.

18. A Rule 12(e) motion is appropriate only when directed to an answer to which a reply is mandatory or already has ordered by the court (Citizens Trust Co. v. New England Dredge & Dock Co., DCConn. 1966, 260F.Supp. 800). A plaintiff is not required either to disclose the facts underlying his claim or to limit the issues he wishes to raise until after discovery (Wolfe v. O'Neill, DCAlaska 1972, 336 F.Supp. 1255). Too often, a rule 12(e) motion is made for purposes of delay which is a violation of the mandate in rule 1 (Blane v. Losh, DCOhio1950, 10 F.R.D. 273.

19. Rule 12(f) allows a motion to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Again, none of this is the same as the needs of Rule 8. Rule 12(f) is "not intended for use in determining the sufficiency of the pleading...The motion to dismiss is the one to use, under rule 12(b), when attacking the sufficiency of any claim" (Montgomery Changes in Federal Practice Resulting from the Adoption of the new Federal Rules of Civil Procedure, 1940, 1 F.R.D. 337, 345).

20. Defendant has made broad charges of some aspects of Rule 12(f) but has failed to provide specifics. To the extent that there may be some redundancy, immaterial, impertinent or scandalous matter, the defendant should answer the amended complaint and address and

identify those items that he wants stricken. Defendant has not done this. As a minimum, defendant is attempting to use Rules 12(e) and (f) to avoid answering the amended complaint and to obtain a dismissal without filing an answer. The context of rules 12(e) and (f) are similar to that of Rule 8 in that the basis for these rules envision the filing of an answer.

21. Rule 41(b) addresses "Involuntary Dismissal" Effect Thereof." It may surface if the plaintiff fails to prosecute or comply with the rules or any order of the court. The only possible relevance of these items herein lies in the matter of complying with the rules. The only issue that defendant might possibly raise is the needs in Rules 8(e). As Rule 8 plainly communicates, it's context or basis in terms of a defendant surfaces if and when the defendant makes an answer to the complaint. Since defendant has not and is not answering the complaint and is not making a motion for dismissal as is allowed in Rule 12(b), even the thrust of Rule 8(e) is not applicable as the defendant is using it. If in making an answer to the amended complaint, defendant can raise questions of rule 8(e) by being specific and definitive in his assertions, he can certainly make a motion to strike or amend that item. Even then, the impact of Rule 11 comes into play. Defendant's motion does none of this.

22. Rule 12(b) is precise on the types of a defense that a defendant can raise to a served complaint to justify dismissal. These defenses are to be made before an answer is filed. But defendant does not make any of the allowable defenses outlined in Rule 12(b). Instead, he raises issues over Rules 12(e) and (f).

23. Defendant stresses the presence of allegations and the words possibly or possible and yet ignores that pleadings start off with the words "plaintiff alleges." The pleadings in total involve allegations which must be established as proven fact in a trial.

8

Plaintiff was charitable is his few uses of the words possible or possibly. He could have made the charges as facts since they are all a part of the beginning reference to allegations.

## Conclusion

24. Defendant says that the parties are "entitled to know specifically what it is they are being sued for." None of defendant's motion address items of relevance directly to the issues and claims in the amended complaint as affecting defendant. The few specific allegations cited on page 3 concern other defendants and not Mr Sorensen except for the Iowa cite. Thus, defendant has used material on the other defendants as his justification for motion to amend, strike or dismiss without filing an answer  As defendant makes no connections of his charges to the complaint against him specifically, it is clear that he has offered no opposition to the plaintiff's presentation of those charges in the amended complaint.

25. Plaintiff respectively requests that defendant's motion be denied and that he be compelled to file an answer to the amended complaint. A proposed order is enclosed. When the defendant has filed an answer to the amended complaint, he certainly may then make specific proposals for amending and striking items under Rules 12(e) and (f).

.                                                          _____
                                                                 Robert D. Bradshaw, Plaintiff Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of Dec. 2005, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
The CNMI Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

9

COPY

Oct 30, 2005

Chief Justice Miguel S. Demapan
CNMI Supreme Court
House of Justice Building
PO Box 502165
Saipan, MP 96950

Dear Chief Justice Demapan:

In the past seven months, I have written the attached 15 letters and follow-ups to the clerks of the CNMI supreme court and superior court requesting documents on file in those courts in case file CV 96-1320 in Superior Court and in file No 2000-016 and 2000-023 (Consolidated) in the CNMI Supreme Court. The attached letters are dated as follows:

May 5, 2005
Sep 9, 2005
May 20, 2005
Oct 5, 2005
Oct 13, 2005
Oct 17, 2005
Oct 5, 2005
Apr 5, 2005
May 13, 2005
May 20, 2005
July 26, 2005
Aug 9, 2005
Aug 12, 2005
Aug 16, 2005
Sep 9, 2005

Many of the above letters were sent by express mail, certified mail or tracking confirm mail. I have these receipts or tracking numbers and can supply them to you if you need them. I have received no reply on any of the above letters.

Exhibit "A"

In telephone calls to the Superior court clerk's office, employees often have orally confirmed receiving my letters. In one case, about postal receipt documents requested in the case 96-1320 file, Ms Sablan told me that the receipts are not now in the file. Otherwise, I have had no reply or acknowledgment on any of the items requested.

In all cases, I sent checks with my request. I will note that none of the checks sent, as described in the letters, were cashed by the CNMI.

Simply stated, I want the documents requested or communications in writing from your courts that the documents are either not available or what further steps must I take to obtain copies of the documents as I have requested.

Since you are the chief judicial officer in charge of the CNMI courts, I hereby make a call upon you, by copy of this letter, for the documents or written communications on each of my requests on why the documents cannot be supplied.

Your prompt attention to this need will be appreciated. Thanking you, I am,

Yours very truly,


Robert. D. Bradshaw
PO Box 473
Calder, ID 83808
Phone   208-245-1691

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW<br><br>    Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN<br>MARIANA ISLANDS (hereafter referred to<br>as the CNMI); et. al.<br><br>    Defendants | ) Case No. CV 05-0027<br>)<br>)<br>)<br>)<br>) **(PROPOSED) ORDER**<br>) **ON DEFENDANT**<br>) **SORENSEN'S MOTION FOR A MORE**<br>) **DEFINITE STATEMENT, MOTION TO**<br>) **STRIKE AND/OR MOTION TO**<br>) **DISMISS FIRST AMENDED**<br>) **COMPLAINT**<br>) |

Defendant JAY H. SORENSEN'S Motion for a more definite statement, Motion to strike, and/or Motion to dismiss plaintiff's first amended complaint is denied. Defendant will file his answer to the amended complaint within twenty days from this date.

DATED this _____ day of _____, 2006.

_____
ALEX R. MUNSON
Judge

1