**JAY H. SORENSEN**
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Telephone: 86-21-5083-8542
Facsimile: 86-21-5083-8542

*Attorney Appearing in Pro Se*

F I L E D
Clerk
District Court

JAN 1 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,     ) | Civil Action No. 05-0027 |
| Plaintiff,     ) | **REPLY TO PLAINTIFF'S** |
|     ) | **MEMORANDUM OPPOSING** |
| v.     ) | **DEFENDANT'S MOTION FOR A** |
|     ) | **MORE DEFINITE  STATEMENT,** |
|     ) | **MOTION TO STRIKE AND/OR** |
|     ) | **MOTION TO DISMISS** |
| COMMONWEALTH OF THE NORTHERN     ) | |
| MARIANA ISLANDS, et al.,     ) | Hearing date: February 9, 2006 |
|     ) | Time:       9:00  a.m. |
|     ) | |
|     ) | |
| Defendants.     ) | |
|     ) | |

### ISSUES  RAISED

Plaintiff's opposition memorandum makes these arguments:

1.  That the motion's supporting memorandum does not sufficiently specify what parts of the
amended complaint are not compliant with Fed.R.Civ.P. 8, and the specific examples that are
given in the motion do not relate to this moving defendant.  Opposition Memorandum ¶¶ 2, 3, 5,
11, 24.

2.  Fed.R.Civ.P. 8(b) requires that an answer be filed by anyone requesting dismissal under Fed.R.Civ.P. 8(a).  Opposition Memorandum ¶¶ 7, 10, 11, 20, 21, 25.

3.  Fed.R.Civ.P. 8(e)(1) notwithstanding, the provisions of subsection (e)(2) makes "a complicated and involved pleading" such as his is acceptable.  Opposition Memorandum ¶¶ 12, 13.

4.  Because this motion fails to employ Fed.R.Civ.P. 12(b), dismissal is inappropriate. Opposition Memorandum ¶¶ 19, 22.


DISCUSSION

1.  <u>Noncompliance with Rule 8 is apparent and this defendant has standing to object.</u>

The examples that have already been pointed out in the memorandum supporting this motion adequately illustrate how the amended complaint contains inappropriate argument, speculation and irrelevant narrative that keep it from being simple, concise and direct.  Indeed, it is apparent from even a cursory review of the 81 pages and 288 paragraphs that the amended complaint is not short and plain.    Perhaps because it is so obviously long and complicated the opposition memorandum does not even attempt to argue that it meets the criteria of Rule 8(a). Rather, it attempts to justify the content.  For example, it attempts to explain references to source material: "The plaintiff's quotes from Wright & Miller are not unusual as various court cases quote this authoritative source."  Opposition Memorandum p.2, ¶ 4.  Plaintiff fails to differentiate a pleading from a brief--a fault that is evident throughout the amended complaint.

By virtue of being named as a party defendant, this movant has standing to challenge the form of the complaint as a whole as to whether it complies with the rules of procedure.   Plaintiff cites no authority for the argument that a defendant is limited in bringing a challenge under Rule 8 to those parts of the complaint that mention his name.   The policy of judicial economy militates in favor of allowing any defendant to raise such threshold issues initially.  Besides, each of the claims

1

2  in which the moving defendant is named incorporates all of the previous paragraphs that precede

3  it. (see, Amended Complaint ¶¶ 116, 244, 252, 258, 274, 280, 282, and 285).    Thus, every

4  paragraph of the amended complaint has been made applicable to this moving defendant, and he is

5  ostensibly charged with responding to all of them.

6      As to the remaining three issues, there is one case in particular that will help to address and

7  resolve them. *McHenry v. Renne*, 84, F.3d 1172 (9th Cir. 1996) upheld a district court's dismissal

8  of a third amended complaint after successive motions under Rules 12(e) and 41(b) for failure to

9  comply with Rule 8.    After dismissing the first and second amended complaints, the district court

10  issued orders specifically directing the plaintiff how to rewrite the complaint to comply with the

11  rule.    In response the plaintiffs filed a 53-page third amended complaint, which the district court

12  characterized as incorporating "122 paragraphs of confused factual allegations" (*Id.* at 1176), and

13  included "long-winded tales of municipal conspiracy and police misconduct…" *Id.* at 1177.

14      2.    The motions before the court may be entertained without the movant having to file an

15  answer.

16      In *McHenry*, the moving party, City of San Francisco, did not preliminarily or concurrently

17  file an answer with its motions.    This is evident from the quoted language from the distinct court's

18  prior order granting the motion for more definite statement: "Because plaintiffs' second amended

19  complaint still does not provide defendants with a fair opportunity to frame a responsive pleading,

20  defendants' motion to dismiss pursuant to FRCP 12(e) is GRANTED." *Id.* at 1176.    The purpose

21  of a Rule 12(e) motion is to give defendants the information they need in a form they can

22  understand to frame their defenses.    Thus, to require the filing of an answer as a prerequisite to

23  making such a challenge would defeat the very purpose of the procedure.

24

25

1

2

    3. <u>Pleading alternative theories does not alleviate the need for plaintiff to keep his complaint simple, concise and direct.</u>

3

4

5

6

7

8

    The thesis of paragraphs 12 and 13 of the opposition is that while Rule 8(e)(1) requires pleadings to be simple, concise and direct, this is qualified by subsection 8(e)(2), which allows for alternative and hypothetical counts or defenses.  This, plaintiff says, "can open the door to a complicated and involved pleading, as is true with plaintiff's amended complaint." Opposition Memorandum, p.5, ¶13.    In other words, where alternative theories are employed, then the requirements for simplicity, directness and brevity are excused.

9

10

11

12

13

14

15

    *McHenry v. Renne*, *supra*, faced an analogous issue.  The plaintiffs there argued that the heightened standards of pleading applicable to some of their constitutional tort claims required the kind of pleading they filed.  Assuming without deciding whether a heightened pleading standard did apply, the circuit court stated: "A heightened pleading standard is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity."  *McHenry*, 84 F.3d at 1178.  Citing *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991), it reasoned that one of the purposes of this requirement is the avoidance of unnecessary discovery.

16

17

18

19

> If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for. The expense and burden of such litigation promotes settlements based on the anticipated litigation expense rather than protecting immunity from suit.

20

21

22

23

*McHenry* 84 F.3d at 1178.   The court went on to note: "We have affirmed dismissal with prejudice for failure to obey a court order to file a short and plain statement of the claim as required by Rule 8, even where the heightened standard of pleading under Rule 9 applied." *Id.* citing *Schmidt v. Herrmann*, 614 F.2d 1221, 1223-24 (9th Cir 1980).

24

25

For these same reasons, the employment of alternative or hypothetical counts in the amended complaint does not exempt plaintiff from the limitations that Rule 8 puts on pleadings.

4. <u>Dismissal may be ordered on the basis of these motions without bringing any motions under Fed.R.Civ.P. 12(b).</u>

Plaintiff's point that if defendant seeks a dismissal he should invoke Rule 12(b) is answered directly by *McHenry*. It says: "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct' …is a basis for dismissal independent of Rule 12(b)(6)." *McHenry*, 84 F.3d at 1179, citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) and *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir 1971).

CONCLUSION

This motion is not, as plaintiff suggests, simply a delaying tactic. Rather, it is an objection to the form of the amended complaint, because in its present form it not only violates the rules, it also causes a very real problem insofar as formulating an answer and a plan as to how to defend the case. The problem is similar to the one that the court in *McHenry* recognized: "…the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." There is simply too much extraneous, irrelevant material to sift through to determine just what is at the core of plaintiff's claims.

It is instructive to turn to *McHenry* again for how the Ninth Circuit's articulated the harm when Rule 8's proscription regarding simple, direct and concise averments is disregarded.

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be

1   different from what they reasonably expected. "The rights of the defendants to
    be free from costly and harassing litigation must be considered." *Von*
2   *Poppenheim* 442 F.2d at 1054.

3   The judge wastes half a day in chambers preparing the "short and plain
    statement" which Rule 8 obligated plaintiffs to submit. He then must manage
4   the litigation without knowing what claims are made against whom. This leads
    to discovery disputes and lengthy trials, prejudicing litigants in other case who
5   follow the rules, as well as defendants in the case in which the prolix pleading
    is filed. "The rights of litigants awaiting their turns to have other matters
6   resolved must be considered. . . ." *Nevijel*, 651 F.2d at 675, *Von Poppenheim*,
    442 F.2d at 1054.

7
    *McHenry*, 84 F.3d at 1179-1180.
8

9

10                              Respectfully submitted,

11

12                              _____
                                Jay H. Sorensen
13                              In Pro Se

14

15

16

17

18

19

20

21

22

23

24

25
                                      - 6 -

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _VANUARY 9, 2006_

a copy of each of the following:

REPLY TO PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE
AND/OR MOTION TO DISMISS

were deposited for delivery to the U.S. Post Office, first class mail, postage prepaid,

addressed as set forth below:

> Robert D. Bradshaw
> P.O. Box 473
> 1530 W. Trout Creek Road
> Calder, Idaho 83808

Jay H. Sorensen