1    **CIVILLE & TANG, PLLC**
     2nd Floor, Cabrera Center
2    PMB 86, P.O. Box 10003
     Saipan, MP  96950-8908
3    Telephone: (670) 235-1725
     Facsimile: (670) 235-1726
4
     Attorneys for Defendants Justice Alexandro C. Castro,
5    Justice John A. Manglona, and Timothy H. Bellas

6

7

8                    IN THE UNITED STATES DISTRICT COURT

                       FOR THE NORTHERN MARIANA ISLANDS
9

10
     ROBERT D. BRADSHAW,                    CIVIL ACTION NO. 05-0027
11
                        Plaintiff,
12                                          **DEFENDANTS' MOTION TO DISMISS**
              vs.                           **AND INCORPORATED MEMORANDUM**
13                                          **OF POINTS AND AUTHORITIES**
     COMMONWEALTH OF THE                    **[FED. R. CIV. P. 9(b); 12(b)(1); 12(b)(6)]**
14   NORTHERN MARIANA ISLANDS,
     NICOLE C. FORELLI, WILLIAM C.
15   BUSH, D. DOUGLAS COTTON, L.
     DAVID SOSEBEE, ANDREW
16   CLAYTON, UNKNOWN AND
     UNNAMED PERSONS IN THE CNMI
17   OFFICE OF THE ATTORNEY
     GENERAL, ALEXANDRO C. CASTRO,          Date:      March 2, 2006
18   JOHN A. MANGLONA, TIMOTHY H.           Time:      9:00 a.m.
     BELLAS, PAMELA BROWN, ROBERT           Judge:     Hon. Alex R. Munson
19   BISOM, AND JAY H. SORENSEN,
20
                        Defendants.
21

22

23

24

25

26

27

28
                              ORIGINAL

1

**TABLE OF CONTENTS**

2

Page(s)

3

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

4

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6

CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8

9

I.      The Judicial Defendants are entitled to Absolute Judicial
        Immunity: claims 1-17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10

11

II.     The matter must be dismissed under FRCP 12(b)(1) because
        the controversy is moot: Judge Lizama set aside the default
        judgment in the Bisom Lawusit by the order dated
        December 29, 2005: Claims 1-17 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12

13

14

III.    Plaintiff's 42 U.S.C. 1983 claims should be dismissed because
        he does not raise facts to support those claims and in the
        alternative they sound in tort and do not raise
        constitutional issues: claims 1-5, 8, 13 . . . . . . . . . . . . . . . . . . . . . . 10

15

16

IV.     Obstruction of justice and actions to hide and cover up
        criminal actions are not civil causes of action and should
        be dismissed: claim 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

17

V.      Fraud allegations should be dismissed: claims 1-2, 4-5 . . . . . . . . . . . . 13

18

19

VI.     Plaintiff's conspiracy allegations should be dismissed
        for failure to state a claim upon which relief can be
        granted: claims 1-5, 11-13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

20

VII.    The Fifth Amendment only applies to the federal
        government: claims 1-13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

21

22

VIII.   The Ninth Amendment does not provide a cause of
        action: claims 1-13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

23

24

IX.     There is no direct cause of action under the Fourteenth
        Amendment: claims 1-13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

25

X.      Plaintiff has failed to allege the facts necessary to sustain
        a cause of action under the Civil Rights Acts of 1870
        and 1871: claims 1-8, 10-13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

26

27

XI.     The Immigration Reform and Control Act of 1986
        does not apply: claims 9, 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28

1

Page(s)

2  XII.   Title 18 § 241-242, 1341, 1342, 1349 are criminal statutes
       that do not offer a civil remedy: claims 3, 12-13 . . . . . . . . . . . . . . . . . . . . . .   19
3

4  XIII.  Plaintiff's RICO, tort and U.S. Constitutional based
       claims are time-barred:  claims 1-17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

5  XIV.   Even if Plaintiff's RICO claims were not barred by the
       statute of limitations, defendants were not engaged in
6       "Racketeering activity" and are immune from civil
       liability: claim 11, 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20
7

8  XV.    Attorney's Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

9  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

*Agnew v. Parks*, 343 P.2d 118 (Cal. Dist. Ct. App. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Albade v. Albade*, 616 F.2d 1089 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Allied Equip. Corp. v. Saudi Arabia Ltd*, 869 P.2d 454 (Cal. 1994) . . . . . . . . . . . . . . . . . . 14

*Amariglio v. National R.R. Passenger Corp.*,
    941 F. Supp. 173 (D.D.C.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ashelman v. Pope*, 793 F.2d 1072 (9th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Associated General Contractors of California, Inc. v. California State
    Council of Carpenters*, 459 U.S. 519 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Azul-Pacifico, Inc. v. City of Los Angeles*,
    973 F.2d 704 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15-16

*Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052 2 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . 5

*Bisom v. Commonwealth*, Civil No. 96-1320 (N.M.I. Super. Ct. 2000) . . . . . . . . . . . . 2, 3, 5, 20

*Bisom v. Commonwealth*, 2002 MP 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

*Bradley v. Fisher*, 80 U.S. 335 (1872) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bray v. Alexandria Women's Health Clinic*,
    506 U.S. 263 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Brown v. Philip Morris*, 250 F.3d 789 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Canton Beach NAACP v. Runnels*, 617 F.Supp. 607 (S.D. Miss.1985) . . . . . . . . . . . . . . . . 15

*Charles v. Brown*, 495 F. Supp. 862 (N.D.Ala.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . 21

*Cholla Ready Mix, Inc. v. Civish*, 383 F.3d 969 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 20

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) . . . . . . . . . . . . . . . . . . . . . . . 21

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 4

*Cok v. Consenito*, 876 F.2d 1 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 19

*Conley v. Gibson*, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Page(s)

*Costello v. University of N. C. at Greensboro,*
    394 F.Supp.2d 752 (M.D.N.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

*Chrysler Corp. v. Brown,* 441 U.S. 281 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*Cullinan v. Abramson,* 128 F.3d 301 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . .  6, 21

*Daniels v. Williams,* 474 U.S. 327 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Doe v. Mann,* 415 F.3d 1038 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Doe I v. The Gap, Inc.,* No. CV-01-0031,
    2001 WL 1842389 *1 (D.N. Mar. I. Nov. 26, 2001) . . . . . . . . . . . . . . . . . . . . . .  4, 14

*Forsyth v. Humana, Inc.,* 114 F.3d 1467 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . .   12

*Grizzard v. Kiyoshige Terada,* No. Civ. A. 99-0055,
2003 WL 22997238 (D.N. Mar.I. Sept. 17, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

*Hoffman Plastics Compound, Inc v. N.L.R.B.,* 535 U.S. 137 (2002) . . . . . . . . . . . . . . . . .   18

*Humphrey v. Court of Common Pleas,* 640 F.Supp. 1239 (M.D.Pa.1986) . . . . . . . . . . . . .   18

*I.G.I. Gen. Contractor & Dev., Inc. v. Public School Sys.,*
    1999 MP 12 ¶ 12, 5 N.M.I. 250 (N.M.I. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

*Ivey v. Bd of Regents of Univ. of Alaska,* 673 F.2d 266 (9th Cir. 1982) . . . . . . . . . . . . . .  4, 11

*Jaco v. Bloechle,* 739 F.2d 239 (6th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*Kennedy v. Gabutin,* No. Civ. 03-0016,
2004 W.L. 2085480, at * 2 (D.N. Mar. I. Sept. 17, 2004) . . . . . . . . . . . . . . . . . . . . . . .   13

*LeClerc v. Webb,* 419 F.3d 405 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . .   15

*Lundeen v. Mineta,* 291 F.3d 300 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470 (9th Cir.1995) . . . . . . . . . . . . . . .  5

*Massachusetts v. Upton,* 466 U.S. 727 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*McDonald v. Santa Fe Trail Transport. Co,* 427 U.S. 273 (1976) . . . . . . . . . . . . . . . . . . .   17

*Miller v. Los Angeles County Board of Education,*
    827 F.2d 617 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

*Miller v. Continental Airlines,* 260 F.Supp.2d 931 (N.D. Cal. 2003) . . . . . . . . . . . . . . . .   4

1

                                                                          Page(s)

2  *Mitchell v. Forsyth*, 472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

3  *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374 (6th Cir. 1997) . . . . . . . . . . . . . . . . . 19

4  *Napper v. Anderson*, 500 F.2d 634 (5th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . 19

5

6  *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7  *Opera Plaza Res. Parcel Homeowners Assoc. v. Hoang*,
       376 F.3d 831 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

8

9  *Ove v. Gwinn*, 264 F.3d 817 (9 th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

10 *Passantino v. Johnson & Johnson Consumer Products, Inc.*,
       212 F.3d 493 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11

12 *Pierson v. Ray*, 386 U.S. 547 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7-8

13 *Pollard v. City of Hartford*, 539 F. Supp. 1156 (D. Conn.1982) . . . . . . . . . . . . . . . . . . . . 17

14 *Portman v. Santa Clara*, 995 F.2d 898 (9th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . 17

15 *Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16 *Robertson v. Dean Witter Reynolds, Inc.*,
17     749 F.2d 530 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12-14, 17-18

18 *Robertson v. Northwest Adm's, Inc.*, No. C98-01974 MMC,
19     1999 WL 183616, *6 (N.D. Cal. Mar. 26, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

20 *Rogers v. Furlow*, 729 F. Supp. 657 (D. Minn. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 13

21 *Sablan v. Tenorio*, 4 N.M.I. 351 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

22 *Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

23 *Sample v. Johnson*, 771 F.2d 1335 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

24

25 *Schucker v. Rockwood*, 846 F.2d 1202 (9th Cir. 1988),
       *cert denied*, 488 U.S. 995 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26

27

28

Page(s)

*Scott v. Clay County, Tenn.*, 205 F.3d 867 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Seed v. Hudson*, No. CIV. A. 93-00081994,
   WL 229096 at *6 (D.N. Mar. I. May 11, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Singh v. Parnes*, 199 F. Supp. 2d 152 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . .  6, 8

*Sparks v. Duval County Ranch Co., Inc.*,
   588 F.2d 124 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6-8

*Sparks v. Duval County Ranch Co., Inc.*,
   604 F.2d 976 (8th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Stump v. Sparkman*, 435 U.S. 349 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6-7

*Tran v. Com. of Northern Mariana Islands*,
   780 F. Supp. 709 (D.N. Mar. I .1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*United States v. Waneda*, 152 F.3d 831 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*White v. Pacific Media Group, Inc.* 322 F.Supp.2d 1101 (D. Haw. 2004) . . . . . . . . . . . . . . .  17

*Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . .  4

*Woodrum v. Woodward County*, 866 F.2d 1121 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . .  11-12

*Zhang Gui Juan v. Commonwealth*,
   Civ. No. 99-0163 (N.M.I. Super. Ct.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

**STATUTES**

1 CMC § 3202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

7 CMC
   § 2503(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20
   § 3401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Page(s)

18 U.S.C.
    § 241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19
    § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19
    § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19
    § 1342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19
    § 1349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19
    § 1707 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19
    § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    § 1963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    § 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    § 1964(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    §§ 1961-65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    §§ 1961-68 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

39 U.S.C. 4005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C.
    § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 16-18, 20-21
    § 1981(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    § 1982 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17, 21
    § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 20-21
    §§ 1983-1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 21
    §§ 1984-1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    §§ 1987-1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    §§ 1983-2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21-22
    § 1988(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    § 2000a, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

48 U.S.C. § 1801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

**FEDERAL RULES OF CIVIL PROCEDURE**
    Rule 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13
    Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9-10
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-4, 10, 12

**OTHER AUTHORITY**

RESTATEMENT (SECOND) OF TORTS § 895D(2) (1979) . . . . . . . . . . . . . . . . . . . . . . 6

**MOTION**

Defendants Justice Alexandro C. Castro, Justice John A. Manglona, and Timothy H. Bellas (collectively, the "Judicial Defendants") move to dismiss Plaintiff Robert Bradshaw's ("Bradshaw") Amended Complaint in the above entitled action on the grounds that the case is moot, certain claims lack sufficient particularity, and Bradshaw has failed to state a claim upon which relief can be granted. Defendants make this motion pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**FACTS**

When Plaintiff Robert Bradshaw ("Bradshaw") was Temporary Public Auditor of the CNMI, he fired Robert Bisom ("Bisom"), legal counsel for the Public Auditor's Office. As a result of his termination, Bisom sued Bradshaw and others including the CNMI government ("Bisom Lawsuit"). Bradshaw's Amended Complaint ("Amended Complaint") ¶ 23-24. The Superior Court eventually entered a default judgment of one hundred thirty-nine thousand dollars ($139,000) against Bradshaw.

This default judgment was preceded by prolonged correspondence between Bradshaw and the Attorney General's office as well as by Bradshaw's attempt to participate in the Bisom Lawsuit. On December 6, 1996, one of Bradshaw's codefendants, Douglas Cotton, in his capacity as an Assistant Attorney General for the CNMI, sent Bradshaw a letter advising him of the Bisom Lawsuit and to expect service of a summons and complaint. *See* AGO letter to Bradshaw dated December 6, 1996 attached to Amended Complaint. In a handwritten letter to Mr. Cotton dated January 31, 1997, Bradshaw advised, "I will not authorize the CNMI to accept service for me at this time." *See* Bradshaw letter to Cotton dated January 31, 1997 attached to Amended Complaint.

Instead of asking the Attorney General's Office to defend him, Bradshaw attempted to force Bisom to personally serve him, thus making service as difficult as possible for Bisom. Upon personal service, he then planned to ask the Attorney General's Office for assistance. *See* Letter to Mr. Bush dated July 14, 1999 ¶ 3 attached to Amended Complaint. As Bradshaw never allowed the Attorney General's Office to accept service on his behalf, *see* Letter to Mr. Cotton

-1-

1    dated January 31, 1997 attached to Amended Complaint, and as he continued to claim that he

2    was unaware of the proceedings, the Bisom Lawsuit continued in his absence.  Subsequently,

3    Justice Castro found that Bradshaw was properly served by mail and that, in any event, he

4    waived service by filing a motion to dismiss.  On February 25, 2000, Bisom obtained a judgment

5    in the action.  *See Bisom v. Commonwealth*, Civil No. 96-1320 (N.M.I. Super. Ct. 2000)

6    (Attached hereto as "**Exhibit A**")[1].    Bisom appealed a portion of the decision to the

7    Commonwealth Supreme Court.    The CNMI Supreme Court, by a three-justice panel of

8    Associate Justice Manglona, Justice *Pro Tempore* Bellas, and Justice *Pro Tempore* Pedro M.

9    Atalig (now deceased), affirmed the Commonwealth Superior Court judgment.  *See Bisom v.*

10   *Commonwealth*, 2002 MP 19 (attached hereto as "**Exhibit B**").    This Superior Court default

11   judgment and the Supreme Court appellate opinion form the basis of the current lawsuit against

12   the Judicial Defendants.

13         Although this service was, apparently, invalid, *see* Order Granting Robert Bradshaw's

14   Motion to Vacate Judgment, Civil Action No. 96-1320 p. 16 (Attached hereto as "**Exhibit C**"),

15   Bradshaw has seized on these events as a grand conspiracy against him.  Bradshaw alleges that

16   the default judgment is a product of a conspiracy that involved: most, if not all, of the Attorney

17   General's Office; a Superior Court Judge; the entire Supreme Court of the CNMI; and the

18   plaintiff in the suit, Mr. Bisom.

19         Unhappy with the judgment against him, and in keeping with his penchant for ineffective

20   and wasteful procedures, Bradshaw resorted to a myriad of devices, other than hiring a lawyer

21   and seeking to set aside the judgment against him, in an attempt to gain relief.  Originally, he

22   complained to then Attorney General Pam Brown, *see* Amended Complaint ¶ 104-113, which

23   triggered an internal investigation. *See* Amended Complaint ¶ 104-113. On or before October 7,

24   2004, the Attorney General's Investigative Unit advised Bradshaw that his allegations of

25   wrongdoing in connection with the *Bisom* case were being investigated.  *See* October 7, 2004

26   letter from AGIU attached to Amended Complaint.    Attorney General Brown, acting in her

27

---

28         [1] All exhibits attached hereto are court documents, which this Court may take judicial notice.

1    official capacity, then denied his untimely request for indemnification in the Bisom Lawsuit and

2    advised Bradshaw that the CNMI would not reimburse him due to the Supreme Court's holding

3    in *Bisom v. Commonwealth*, 2002 MP 19. With this avenue exhausted, Bradshaw turned to

4    federal litigation instead of litigation in the CNMI courts.

5       On March 7, 2005, Bradshaw filed an action very similar to the instant case in the U.S.

6    District Court for the District of Idaho. His Second Amended Complaint in that action asserted

7    at least seventeen claims under an exhaustive list of civil and criminal statutes, including, among

8    others, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Immigration

9    Reform and Control Act ("IRCA") and numerous Federal Civil Rights causes of action. *See*

10   *Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL

11   (D. Idaho. 2005) (Attached hereto as **"Exhibit D"**). Bradshaw filed the action against Justices

12   Manglona and Bellas[2] of the CNMI Supreme Court, former Superior Court Judge and now

13   Supreme Court Justice Castro, and four Assistant Attorneys General because of their

14   participation in the Bisom Lawsuit. The Idaho court granted a motion to dismiss Bradshaw's

15   complaint on several grounds, including a lack of personal jurisdiction. *See id.* Bradshaw then

16   filed the instant lawsuit on the same, or substantially similar, grounds.

17       Although he continues to maintain the current lawsuit, Bradshaw finally and legitimately

18   moved in the CNMI Superior Court to set aside the default judgment entered against him. *See*

19   Order Granting Robert Bradshaw's Motion to Vacate Judgment, Civil Action No. 96-1320,

20   **Exhibit C.** Judge Lizama granted Bradshaw's motion in his decision dated December 29, 2005

21   ("Lizama Order"). *See id.* at p. 16. Judge Lizama held that despite Justice Castro's previous

22   rulings, Bradshaw was never properly served and therefore the court never obtained personal

23   jurisdiction. *Id.* Judge Lizama then vacated the default judgment against Bradshaw. *See id.*

24                                 **STANDARD OF REVIEW**

25       In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must

26   assume the truth of all factual allegations and must construe them in the light most favorable to

27

---

28      [2] Justice Bellas' appointment to the CNMI Supreme Court was *Pro Tem. See Bisson v. Commonwealth*, 2002 MP 19, **Exhibit B.**

-3-

1   the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996).

2   Legal conclusions, however, need not be taken as true "'merely because they are cast in the form

3   of factual allegations.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987) (quoting

4   *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (in parenthesis)); *see also*

5   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

6         Dismissal under Federal Rule12(b)(6) is appropriate when "it appears beyond doubt that

7   the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

8   *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

9   2001). Dismissal is warranted where the complaint lacks a cognizable legal theory or where the

10  complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.

11  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Doe I v. The*

12  *Gap, Inc.*, No. CV-01-0031, 2001 WL 1842389 *1 (D.N.Mar. I. Nov. 26, 2001). In spite of the

13  deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to

14  assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the

15  defendants have violated the ... laws in ways that have not been alleged." *Associated General*

16  *Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526

17  (1983). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled. Vague and conclusory allegations of official

19  participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v.*

20  *Bd of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). While only requiring a

21  short and plain statement of the claim, FRCP 8(a)(2) is not such a liberal requirement that purely

22  conclusory statements can survive a motion to dismiss under Rule 12(b)(6). *Miller v.*

23  *Continental Airlines*, 260 F.Supp.2d 931, 935 (N.D. Cal. 2003).

24  **CLAIMS**

25        Bradshaw makes numerous claims against the Judicial Defendants that are repeated

26  throughout the 17 separate claims. The claims are, generally: Civil Rights violations under 42

27  U.S.C. 1981, 1983-2000, Conspiracy and Interstate Fraud under 18 U.S.C. 241-242, Using Postal

28  Materials under 18 U.S.C. 1341, 1342, 1349, 1707 and 39 U.S.C. 4005, violations of the CNMI

1  Court Rules, Fraud, Civil Conspiracy, violations of the Civil Rights Act of 1870, violations of

2  the Civil Rights Act of 1871, breach of Bradshaw's employment contract, discrimination under

3  Immigration Reform and Control Act, violations of civil rights under 18 U.S.C. 1961-65 (RICO),

4  violations of Fifth, Ninth and Fourteenth Amendments of the U.S. Constitution, obstruction of

5  justice, hiding criminal acts, damage to Bradshaw's credit, and emotional distress which

6  occurred in the course of Superior Court case *Bisom v. Commonwealth,* Civ. Action No. 96-

7  1320, and Supreme Court appeal *Bisom v. Commonwealth,* 2002 MP 19.

8  The Judicial Defendants will discuss their claims substantively by subject matter in turn

9  with reference to each claim in heading.[3]

10  **ARGUMENT**

11  **I.    The Judicial Defendants are entitled to absolute judicial immunity: Claims**

12  **1-17**

13  In a transparent and misplaced attempt to remove a state court judgment against

14  him, Bradshaw filed an eighty-one page federal lawsuit alleging, among other things, that the

15  Judicial Defendants conspired with the majority of the Attorney General's Office—without any

16  alleged reason—to allow a default judgment against Bradshaw.  The Complaint clearly must be

17  dismissed against the Judicial Defendants under the doctrine of judicial immunity.

18  Judicial immunity is absolute in nature, and as such, it is the equivalent of immunity from

19  suit, not just a defense to liability.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)

20  (analogizing absolute and qualified immunity for purposes of interlocutory jurisdiction).  Judicial

21  immunity cannot be overcome by allegations of bad faith, corruption, or malice.  *See Pierson v.*

22  *Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting

23

24  [3] With regard to claims arising under state law, the Ninth Circuit has recognized that "a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law

25  of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.,* 219 F.3d 1052, 1055 n. 2 (9th Cir.  2000); *see also Mangold v.*

26  *California Pub. Utils. Comm'n,* 67 F.3d 1470, 1478 (9th Cir.1995).  Pursuant to Title 7 CMC § 3401, in analyzing the claims in the Complaint which arise under Commonwealth law, the Court

27  must first look to written or customary law of the CNMI, and in the absence thereof, the Court must resort to the principles announced in the "restatements of the law approved by the

28  American Law Institute."  7 CMC § 3401.

1    maliciously and corruptly . . . ."). Judicial immunity also applies to a former sitting judge if the

2    complaints against him arise from judicial acts while he was serving as a judge. *See Sparks v.*

3    *Duval County Ranch Co., Inc.*, 588 F.2d 124, 125-26 (5th Cir. 1979).[4] This bar to suits against

4    judges applies even if the acts complained of were "[g]rave procedural errors or acts in excess of

5    judicial authority." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988), *cert denied*,

6    488 U.S. 995 (1988).

7         Judicial immunity from *all civil liability* is firmly rooted in the common law.[5] Its

8    application to tort actions is similarly expressed in the Restatement of Laws. RESTATEMENT

9    (SECOND) OF TORTS § 895D(2) (1979) ("A public officer acting within the general scope of his

10   authority is immune from tort liability for an act or omission involving the exercise of a judicial

11   or legislative function."); *id*. cmt. c ("[A] judge . . .is not liable for his discretionary acts or

12   omissions even though he is found to have acted with malicious or improper motives."). This

13   common law doctrine extends to suits brought under federal law, including claims under section

14   1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and §§ 1984-1986, and the Racketeering

15   Influenced and Corrupt Organization Act, 18 U.S.C §§ 1961-68 ("RICO"). *See Stump v.*

16   *Sparkman*, 435 U.S. 349, 356 (1978); *Cok v. Consenito*, 876 F.2d 1, 1-2 (1st Cir. 1989)

17   (dismissing claims against a judge brought under 42 U.S.C. §§ 1983-1986); *Cullinan v.*

18   *Abramson*, 128 F.3d 301, 307-08 (6th Cir. 1997) (stating that, like § 1983, the court had no

19   reason to suppose that RICO was intended to abolish the absolute immunity of judges); *See*

20   *Singh v. Parnes*, 199 F. Supp. 2d 152, 155, 164-65 (S.D.N.Y. 2002) (holding that a judge was

21   absolutely immune from a civil RICO action based on decisions made during a court

22   proceeding).

23         "A judge loses absolute immunity only when he acts in the clear absence of all

24   jurisdiction or performs an act that is not judicial in nature." *Schucker*, 846 F.2d at 1204; *see*

25   _____

26   [4] Agreed with on rehearing *en banc*. *See Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d
     976, 978 (8th Cir. 1979).

27   [5] *See Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985); *Pierson v. Ray*, 386 U.S. 547, 553-54
     (1967) ("Few doctrines were more solidly established at common law than the immunity of
28   judges from liability for damages for acts committed within their judicial jurisdiction.").

1   *also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986).  To determine if the judge acted

2   with jurisdiction, courts analyze whether the judge acted clearly beyond the scope of subject

3   matter jurisdiction, in contrast to personal jurisdiction.  *See Ashelman*, 793 F.2d at 1075.

4   "Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if

5   there was no personal jurisdiction over the complaining party.  *Id.* at 1076.  Jurisdiction is

6   construed liberally when judicial immunity is at issue.  *See Stump*, 435 U.S. at 356-57; *see also*

7   *Ashelman*, 973 F.2d at 1076 ("Jurisdiction should be broadly construed to effectuate the policies

8   supporting immunity.").  An act is judicial in nature if it is a "'function normally performed by a

9   judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial

10  capacity.'"  *Ashelman*, 793 F.2d at 1075 (quoting *Sparkman,* 435 U.S. at 362).

11          In the case at bar, there is no allegation that any of the Judicial Defendants acted in a

12  nonjudicial capacity or without subject matter jurisdiction.

13          Although Bradshaw claims that Justice Castro acted illegally and without force of law by

14  finding that Bradshaw was properly served, Justice Castro did not act in the clear absence of

15  subject matter jurisdiction.  Regardless of whether the Judicial Defendants lacked personal

16  jurisdiction over Bradshaw, Justice Castro had subject matter authority to preside over the trial,

17  *see* 1 CMC § 3202, and Justices Manglona and Bellas had subject matter authority to preside

18  over the appeal.  *See* 1 CMC § 3102.  As the Judicial Defendants were performing judicial

19  functions within the scope of their subject matter jurisdiction, judicial immunity acts as an

20  absolute bar to Bradshaw's lawsuit.  Assuming every conspiracy allegation is correct, Bradshaw

21  is still left with absolutely no civil recourse against the Judicial Defendants.  *See Sparks*, 588

22  F.2d at 125; *see also Pierson*, 386 U.S. at 554 (involving a conspiracy claim).

23          Bradshaw is not permitted discovery to develop his case because to do so would damage

24  all judges, not just the Judicial Defendants.  The Supreme Court has noted that:

25          The judicial process is an arena of open conflict, and in virtually every case there
        is, if not always a winner, at least one loser.   It is inevitable that many of those
26          who lose will pin the blame on judges, prosecutors, or witnesses and will bring
        suit against them in an effort to relitigate the underlying conflict. . . . .[T]he mere
27          threat of litigation may significantly affect the fearless and independent
        performance of duty by actors in the judicial process . . . .
28

1    *Mitchell*, 472 U.S. at 521-22.  In yet another case the Court explained:

> It is a judge's duty to decide all cases within his jurisdiction that are brought
> before him, including controversial cases that arouse the most intense feelings in
> the litigants. His errors may be corrected on appeal, but he should not have to fear
> that unsatisfied litigants may hound him with litigation charging malice or
> corruption. Imposing such a burden on judges would contribute not to principled
> and fearless decision making but to intimidation.

7    *Pierson*, 386 U.S. at 554.

8          For the benefit of the public, it is imperative that "a judicial officer, in exercising the

9    authority vested in him, shall be free to act upon his own convictions, without apprehension of

10   personal consequences to himself." *Bradley v. Fisher,* 80 U.S. 335, 347, 349 (1872). Requiring a

11   judge to appear in a civil action based on judicial acts degrades his office and destroys his

12   usefulness. *Bradley,* 80 U.S. at 349.

13         Bradshaw in claim Four, ¶161, alleges Justice Castro "…allowed the conflicting,

14   confusing, and contradicting material from Bisom **into evidence**…." (emphasis added).  In claim

15   Five, ¶200, Bradshaw alleges that despite having his July 14th letter, and some contradictory

16   documents filed by Bisom, Justices Manglona and Bellas "…**upheld the trial court's**

17   **actions**…." (emphasis added).  These are two examples of how Bradshaw's pleadings

18   misapprehend the difference between carrying out a judicial function and "injuring" him.  At all

19   times, Justices Castro, Manglona and Bellas were acting in their judicial capacities.  Each of the

20   Defendants had subject matter jurisdiction while performing a judicial act.  Justice Castro, as the

21   trial judge, made legal and factual findings in the context of the trial.  Justices Manglona and

22   Bellas made legal findings in the context of an appellate decision and order.  Justice Bellas,

23   while appointed *pro tempore* and no longer serving in a judicial capacity, is protected by judicial

24   immunity because the acts complained of occurred while he was serving as a judge. *See Sparks*,

25   588 F.2d at 125-26.  Accordingly, the Judicial Defendants are absolutely immune from suit for

26   any acts they took during the course of Bradshaw's lawsuit and the subsequent appeal. *See*

27   *Singh*, 199 F. Supp. 2d at 164-65 (S.D.N.Y. 2002) (holding that the judge's decisions and orders

28   issued "in connection with foreclosure a proceeding . . . manifestly constitute official judicial

1   acts for which . . . [the judge] is immune from claims for money damages."). The instant action

2   unequivocally must be dismissed.

3   **II.     The matter must be dismissed under FRCP 12(b)(1) because the**

4   **controversy is moot: Judge Lizama set aside the default judgment in the**

5   **Bisom Lawusit by the order dated December 29, 2005. Claims 1-17.**

6          This action is moot and should be dismissed under FRCP 12(b)(1) for lack of jurisdiction.

7   FRCP 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional

8   attacks can be either facial or factual." *Id.* It is appropriate for this Court to look to matters of

9   public record in determining mootness under Rule 12(b)(1). *See id.* ("With a factual Rule

10  12(b)(1) attack, . . . a court may look beyond the complaint to matters of public record without

11  having to convert the motion into one for summary judgment.").

12         The basis of Bradshaw's claim is the default judgment against him. The damages sought

13  by Bradshaw in this matter are: relief from the judgment entered against him for $139,000.00;

14  compensatory damages in the amount of $8,230.00 for previous litigation expenses; and

15  $750,000.00 in punitive damages. Because the judgment has been vacated by the Lizama Order,

16  *see* **Exhibit C,** there is no longer an injury and the action is moot.

17         An action becomes moot when the issue of the lawsuit is "no longer live or the parties

18  lack a legally cognizable interest in the outcome." *See Sample v. Johnson*, 771 F.2d 1335, 1338

19  (9th Cir. 1985). "Federal courts lack jurisdiction to decide moot cases because their

20  constitutional authority extends only to actual cases or controversies." *Sample*, 771 F.2d at

21  1338. Because Judge Lizama vacated the default judgment against Bradshaw, there is no longer

22  an issue to be addressed in this action. Bradshaw should not be able to maintain what amounts to

23  an appeal in federal court for an amount of money he no longer owes in state court.[6] While it is

24

25         [6]  The Rooker-Feldman doctrine holds that when an action in the federal district court is a de
    facto appeal of a state, or in this case Commonwealth, court ruling, the Federal claim must be
26  dismissed for lack of subject matter jurisdiction. *See Doe v. Mann*, 415 F.3d 1038, 1042 (9th
    Cir. 2005) ("Mary Doe requests that we 'undo' a prior state court judgment, which is another
27  way of presenting a federal district court with a de facto appeal that bars subject-matter
    jurisdiction under the *Rooker-Feldman* doctrine.").

28

1   possible for a court to choose to adjudicate a moot issue when there is a likelihood that plaintiff's

2   injury may occur again, *see Sample*, 771 F.2d at1338-39, there is no likelihood in this case that

3   Bradshaw's alleged injury is capable of repetition.

4        Furthermore, although it is possible in 42 USC §§ 1981 and 1983 cases to award punitive

5   damages without establishing liability for compensatory or nominal damages, the plaintiff cannot

6   recover unless he shows that the defendant violated a federally protected right. *See Passantino v.*

7   *Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 514 (9th Cir. 2000).  As

8   demonstrated more fully below, this is not the case here as Bradshaw's "federally protected

9   rights" are nothing more than a collection of alleged torts dressed up as constitutional violations.

10  Indeed, the fact that Judge Lizama vacated the default judgment in the Bisom Lawsuit

11  demonstrates that Bradshaw's constitutional protections were not only preserved, but that they

12  were enforced.[7]

13       Because the controversy is moot, this case must be dismissed for lack of subject matter

14  jurisdiction under FRCP 12(b)(1).  *See White*, 227 F.3d at 1242 ("Because standing and

15  mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are

16  properly raised in a motion to dismiss under Federal Rule of Civil Procedure (b)(1) . . . .").  To

17  the extent that the mootness question depends on the ability to state a claim under §§ 1981 and

18  1983, the case must be dismissed for failing to meet the threshold for survival under Rule

19  12(b)(6).

20  **III.    Plaintiff's 42 U.S.C. 1983 claims should be dismissed because he does not**

21  **raise facts to support those claims and in the alternative they sound in tort**

22  **and do not raise constitutional issues: Claims 1-5, 8, 13.**

23       Federal law requires that "a litigant complaining of a violation of a constitutional right . .

24  . utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th

25  Cir. 1992).  Section 1983 requires that plaintiff prove that: "(1) a person acting under the color of

26

27       [7] Even assuming the Plaintiff's claims for attorneys' fees or punitive damages are not moot,
    Judge Lizama's decision unequivocally moots any claim for relief from the judgment entered
28  against Bradshaw for $139,000.00.

1  state law committed the conduct at issue; and (2) the conduct deprived the Plaintiff of some right

2  protected by the Constitution or laws of the United States." *Seed v. Hudson*, No. CIV. A. 93-

3  00081994, WL 229096 at *6 (D.N. Mar. I. May 11, 1994) (citing *Leer v. Murphy*, 844 F.2d 628,

4  632-33 (9th Cir.1988)); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that

5  mere negligence cannot form the basis of a Fourteenth Amendment violation actionable under §

6  1983).

7         At the very least, § 1983 demands that Bradshaw plead that the Judicial Defendants

8  deprived him of "some right protected by the Constitution or laws of the United States." *Seed*,

9  1994 WL 229096 at *6 (citing *Leer*, 844 F.2d at 632-33).   Simple torts, however, do not

10 necessarily equate to a violation of constitutional rights.  For example, medical malpractice does

11 not become a constitutional violation just because the plaintiff happened to be a prisoner and

12 false imprisonment does not become a Fourteenth Amendment violation just because the

13 defendant happens to be a state official. *Davis*, 375 F.3d at 717.  The Amended Complaint

14 contains outlandish and unsubstantiated statements to the effect that "Justice Castro failed to

15 exercise due care and responsibility as the trial judge," Amended Complaint, ¶ 177, and that by

16 violating court rules Justice Castro "joined-in" the alleged "fraud" and "conspiracy," Amended

17 Complaint, ¶ 185.  These conspiracy and fraud claims clearly allege tort law concepts of duty of

18 care, and not constitutional violations actionable under § 1983. *See Davis*, 375 F.3d at 717

19 ("'Section 1983 imposes liability for violations of rights protected by the Constitution, not for

20 violations of duties of care arising out of tort law.'") (citation omitted).

21        Further, vague and conclusory allegations of participation in civil rights violations are

22 insufficient to withstand a motion to dismiss. *See Ivey*, 673 F.2d at 268.  To prove conspiracy

23 under section 1983, "an agreement or meeting of the minds to violate. . . [the plaintiff's]

24 constitutional rights must be shown." *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th

25 Cir. 1989).

26        Bradshaw has failed to plead exactly which federally protected right was violated by the

27 Judicial Defendants.  In his complaint, Bradshaw makes many vague statements, such as: Justice

28 Castro **"possibly"** conspired to violate court rules, see Amended Complaint at ¶121; the