Supreme Court was possessed of **"gross incompetence,"** see Amended Complaint at ¶125. He alleges that the Justices conspired against him, but he does not include any facts which might form a basis for these conclusory statements. Further, Bradshaw fails to allege why the Judicial Defendants engaged in the conspiracy or what they hoped to gain from it. Bradshaw's simply has not alleged any facts to support his bold and conclusory statements that the justices conspired against him. Bradshaw has provided the who, but not the what, why or how. His § 1983 claim must therefore be dismissed. *See Woodrum*, 866 F.2d at 1126 ("Woodrum's conclusory allegations that Rosson and the social workers conspired do not support a claim for violation of his constitutional rights under § 1983.").

Bradshaw's allegations of conspiracy, however construed, do not amount to a claim of a constitutional violation. The Judicial Defendants afforded Bradshaw full access to the judicial system. He chose to avoid service and to not respond. He chose to bring a Federal lawsuit rather than take appropriate measures to vacate the default judgment in state court. Once he finally did move to vacate his default judgment in state court, his motion was granted. This demonstrates, definitively, that Bradshaw was afforded full access to the court system with all the constitutional rights that entails. Accordingly, none of Bradshaw's claims are constitutional in nature and his 42 U.S.C. § 1983 claims should be dismissed.

### IV. **Obstruction of justice and actions to hide and cover up criminal actions are not civil causes of action and should be dismissed: Claim 3.**

Claim 3 in Bradshaw's Complaint does not name the Defendant Justices. Even if the remainder of the Complaint were construed to state the claims against the Justices alleged under Claim 3, those claims must be dismissed under Rule 12(b)(6).

Obstruction of justice is a criminal charge for which there is no private cause of action. *See Amariglio v. National R.R. Passenger Corp.*, 941 F. Supp. 173, 180 (D.D.C. 1996). ("The embezzlement and obstruction claims are not recognized as civil actions."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (stating that the federal criminal obstruction of justice statue does not give rise to a civil cause of action). Bradshaw's allegation thus lacks a cognizable theory and should be dismissed. *See Robertson*, 749 F.2d at 534. We

similarly have found no authority to suggest that "actions to hide and cover up criminal actions" is a civil cause of action. Such claim likewise is not actionable. *See id.* These claims must therefore be dismissed for failing to state a cognizable legal theory. *Robertson*, 749 F.2d at 534.

## V. Fraud allegations should be dismissed: Claims 1-2, 4-5.

For numerous reasons, any allegations of a violation of court rules and fraud against the Judicial Defendants should be dismissed. First, as previously stated, dismissal is warranted where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. A violation of court rules does not give rise to an independent cause of action. *See Rogers v. Furlow*, 729 F. Supp. 657, 660 (D. Minn. 1989) ("[A] violation of the Federal Rules of Civil Procedure does not give rise to an independent federal cause of action as plaintiff claims."). Not only does Bradshaw not present a cognizable legal theory, but he has not provided any support for his claims that any Judicial Defendant conspired to violate a court rule or commit fraud. Accordingly, these allegations based upon a nonexistent cause of action and should be dismissed.

Furthermore, Federal Rule of Civil Procedure 9(b) states that fraud must be plead with particularity. Fed. R. Civ. P. 9(b). This Court has held that the degree of particularity required by Rule 9(b) is such that a defendant can prepare an adequate answer to the allegations. *Kennedy v. Gabutin*, 2004 W.L. 2085480, at * 2 (D.N. Mar. I. 2004). Here, the Judicial Defendants have no idea how Bradshaw was defrauded, or by whom, or for what gain. The Judicial Defendants are completely unable to prepare an answer to this claim. All Bradshaw asserts in claim 1, ¶121, is that the Defendants in the Attorney General's Office conspired **"possibly"** with Justice Castro to defraud him. Bradshaw additionally attacks the admission into evidence of allegedly "fraudulent postal documents" that indicate "fraud" by Justice Castro. Regarding the Judicial Defendants, there are no facts alleged beyond Justice Castro acting within his official function as a Judge presiding over a trial.[8] As a result, there is no factual basis for the

---

[8] As discussed above, judicial immunity applies to official acts.

1  fraud allegations, and they should be dismissed.

## VI. Plaintiff's conspiracy allegations should be dismissed for failure to state a claim upon which relief can be granted: Claims 1-5, 11-13.

Bradshaw's claim for civil conspiracy must also be dismissed. The CNMI Supreme Court has held that "the common law as generally understood and applied in the United States does not provide relief for the tort of attempted extortion or the tort of conspiracy. Thus, we have no basis for recognizing the alleged torts." *I.G.I. Gen. Contractor & Dev., Inc. V. Public School Sys.*, 1999 MP 12 ¶ 12, 5 N.M.I. 250, 252 (N.M.I. 1999). Because the tort of conspiracy is not recognized in the C.N.M.I., Plaintiff's civil conspiracy claim must be dismissed for failure to present a cognizable legal theory. *Robertson*, 749 F.2d at 534.

Furthermore, to properly allege civil conspiracy against the Judicial Defendants, Bradshaw must allege "(1) an agreement between two or more persons, (2) to participate in an unlawful act or a lawful act in an unlawful manner, (3) an overt act pursuant to and in furtherance of the common scheme, and (4) an injury caused by an unlawful overt act performed by one of the parties to the agreement." *Doe I v. The Gap, Inc.*, No. CV-01-0031, 2001 WL 1842389 *13 (D.N. Mar. I. Nov. 26, 2001). In this instance, Bradshaw fails to properly allege that an agreement existed between any Justice and another party, what that agreement was, that the actions undertaken, if any, were unlawful, or even that an overt act occurred. Again, Bradshaw alleges the who, but not the what, why or how.

Finally, "[m]ere conclusory allegations of 'conspiracy' do not create a cause of action. *Robertson v. Northwest Adm's, Inc.*, No. C98-01974 MMC, 1999 WL 183616, *6 (N.D. Cal. Mar. 26, 1999). In the Commonwealth, as in most jurisdictions, a conspiracy cause of action does not exist independently. See *I.G.I. Gen. Contractor & Dev., Inc. V. Public School Sys.*, 1999 MP 12 ¶ 12, 5 N.M.I. 250, 252 (N.M.I. 1999); see also *Allied Equip. Corp. v. Saudi Arabia Ltd*, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). The pleaded facts must show something was done which, without the conspiracy, would give rise to a right of action. See *Agnew v. Parks*, 343 P.2d 118, 122 (Cal. Dist. Ct. App. 1959). For the reasons

already discussed, Plaintiff has failed to state a claim upon which relief can be granted with respect to the alleged rules violation and fraud. Because a conspiracy cause of action cannot exist independently, it too should be dismissed.

### VII. The Fifth Amendment only applies to the federal government: claims 1-13.

Bradshaw's allegations of a Fifth Amendment violation relate to the due process clause of the Fifth Amendment. As a threshold matter, the Fifth Amendment of the U. S. Constitution limits the activities of the federal government, not the Commonwealth. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("Plaintiffs also allege a violation of Kerry Sanders's rights under the Fifth Amendment. The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government-- not to those of state or local governments."); *see also Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Instead, the Fourteenth Amendment limits the conduct of the Commonwealth. *See Lee*, 250 F.3d at 687; *Scott*, 205 F.3d at 873 n.8. Bradshaw does not allege that the Judicial Defendants are federal actors. Therefore, Bradshaw fails to state a Fifth Amendment claim against the Judicial Defendants. *See Lee*, 250 F.3d at 687. Furthermore, because Bradshaw raises a Fourteenth Amendment Due Process claim, his Fifth Amendment claim is redundant and a nullity. *See id.* As explained below, because section 1983 provides the exclusive remedy for violations of U. S. Constitutional rights, Bradshaw's Fourteenth Amendment claim, even if arguably encompassing a Fifth Amendment claim, should also be dismissed. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Sablan v. Tenorio*, 4 N.M.I. 351, 361 (1996).

### VIII. The Ninth Amendment does not provide a cause of action: Claims 1-13.

It has been said that the Ninth Amendment, which provides "the enumerations in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people," states but a truism. *Massachusetts v. Upton*, 466 U.S. 727, 737 (1984) (J. Stevens, concurring in judgment). "[T]he Ninth Amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *see also Canton Beach NAACP v. Runnels*,

617 F. Supp. 607, 609 n.3 (S.D. Miss.1985); *Charles v. Brown*, 495 F. Supp. 862, 863-64 (N.D.Ala.1980). Accordingly, the Ninth Amendment does not offer Bradshaw a cause of action, and Plaintiff's allegations to the contrary should be dismissed as a matter of law.

### IX. There is no direct cause of action under the Fourteenth Amendment: Claims 1-13.

Bradshaw cannot assert direct causes of action under equal protection or due process clauses of the Fourteenth Amendment. The Fourteenth Amendment of the U. S. Constitution has only limited application in the Commonwealth.[9] Section 1 of the Fourteenth Amendment does not permit a direct cause of action. *See Costello v. University of N. C. at Greensboro*, 394 F.Supp.2d 752, 759 (M.D.N.C. 2005) ("The Fourteenth Amendment does not create a direct cause of action.") (citing *Hughes v. Bedsole,* 48 F.3d 1376, 1383 n. 6 (4th Cir.1995)). "Instead, § 1983 provides a statutory cause of action for all citizens injured by an abridgment of the protections contained in the Constitution, including the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Id.* A Plaintiff cannot state a direct cause of action under the U. S. Constitution because federal law requires that "a litigant complaining of a violation of a constitutional right . . . utilize 42 U.S.C. § 1983.'" *Azul-Pacifico, Inc.*, 973 F.2d at 705. In other words, section 1983 provides the exclusive remedy for violations of rights under Section 1 of the Fourteenth Amendment, and Bradshaw's 14th Amendment claim must be dismissed. *Costello*, 394 F.Supp.2d at 759 ("[A] discrimination 'claim under the Fourteenth Amendment merges into [a] § 1983 claim.' . . . Therefore, Plaintiff's Fourteenth Amendment claims are prohibited and will be dismissed.") (citation omitted).

### X. Plaintiff has failed to allege the facts necessary to sustain a cause of action under the Civil Rights Acts of 1870 and 1871: Claims 1-8, 10-13.

The Civil Rights Act of 1870, codified today as 42 U.S.C. §§ 1981 and 1982, prohibits racial discrimination in the context of the making of contracts and transactions related to real and

---

[9] Only Section 1 of the Fourteenth Amendment is applicable to the Commonwealth; the remainder is not. *See* COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANAS ISLANDS IN POLITICAL UNION WITH THE UNITED STATES OF AMERICA, 48 U.S.C. § 1801, at § 501.

personal property. *See Brown v. Philip Morris*, 250 F.3d 789, 796-97 (3d Cir. 2001). Plaintiff has not asserted, nor has he argued, that he was the victim of racial discrimination on the part of the Judicial Defendants. In fact, Bradshaw does not even allege or mention his race or ethnicity in his Amended Complaint, let alone how his race caused him to be discriminated against.[10] Based upon the pleadings, the Judicial Defendants cannot identify Bradshaw's race or national origin, other than the fact that he is a U.S. "state-sider." The Judicial Defendants cannot find a single case that supports the concept that a "state-sider," whatever that is, is even in a protected class. Accordingly, it is proper to dismiss Bradshaw's Counts VI and VII for failing to plead essential facts. *See Robertson*, 749 F.2d at 534.

In order to prevail on an action brought pursuant to sections 1981 and 1982, a plaintiff must allege and prove discrimination based upon race or alienage. *See McDonald v. Santa Fe Trail Transport. Co*, 427 U.S. 273, 296 (1976); *see also White v. Pacific Media Group, Inc.* 322 F.Supp.2d 1101, 1109-1110 (D. Haw 2004); *Pollard v. City of Hartford*, 539 F. Supp. 1156, 1164-65 (D. Conn.1982) (stating that a claim of discrimination based on national origin is not cognizable under § 1981); *Sagana v. Tenorio*, 384 F.3d 731, 739 (9th Cir. 2004). Even if Bradshaw had alleged his race, there is no indication in the facts that race served as the basis of any discrimination, i.e. that a similarly situated person of another race was treated better than him or that discrimination occurred solely because of his race. "Alienage," on the other hand, is defined as the state or condition of being an alien. *LeClerc v. Webb*, 419 F.3d 405, 426 (5th Cir. 2005). An alien is "any person not a citizen or national of the United States." *Id.* Based upon his allegation, Plaintiff is a U.S. citizen and not an alien. *See* Amended Complaint ¶ 234, 237 and 238. Bradshaw's claims have no merit and should be dismissed.

Throughout his complaint, Bradshaw does not specify any facts to support a claim that a conspiracy ever existed, (necessary to support a claim under § 1985), and fails to describe the Constitutional or other rights of which he was deprived. More importantly, the conspiracy statutes, §§ 1985(2) and (3), require allegations of class-based animus. *See Portman v. Santa*

---

[10] Bradshaw defines his "national origin" as a continental U.S. citizen and "U.S. state-sider," but offers nothing more.

*Clara,* 995 F.2d 898, 909 (9th Cir.1993) ("It is well-settled that the 'equal protection' language of the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause.") (quotation omitted); *Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir.1984); *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268 (1993) (stating that the plaintiff must show "that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action . . . .'") (citations omitted). Bradshaw does not suggest that the alleged conspirators were motivated to deprive him of his civil rights by some racial or otherwise class-based animus. *See also Humphrey v. Court of Common Pleas,* 640 F. Supp. 1239, 1243 (M.D.Pa.1986) (divorced fathers seeking custody of their children do not form a protected class under § 1985). Thus, he is unable to make out a cause of action under § 1985(2) or (3), and as a result § 1986. For these reasons, Bradshaw cannot sustain a cause of action under § 1981, *et seq.*

### XI. The Immigration Reform and Control Act of 1986 does not apply: claims 9, 13.

The Immigration Reform and Control Act of 1986 (IRCA), codified at various sections of Title 8 of the United States Code, makes it unlawful for employers to knowingly hire undocumented alien workers or for employees to use fraudulent documents to establish employment eligibility. *See Hoffman Plastics Compound, Inc v. N.L.R.B.,* 535 U.S. 137 (2002). Sections 503 and 506 of the Covenant to Establish a Commonwealth of the Northern Mariana specifically excludes the application of U.S. immigration law within the Commonwealth. *See* COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS IN POLITICAL UNION WITH THE UNITED STATES OF AMERICA, 48 U.S.C. § 1801, at § 501 (1976); *see also generally Tran v. Com. Of Northern Mariana Islands,* 780 F. Supp. 709, 713 (D.N. Mar. I .1991). As a matter of law, Plaintiff has not alleged a cognizable theory, and a dismissal of Count IX is proper. *See Robertson,* 749 F.2d at 534.[11]

---

[11] Even if the IRCA applied to the CNMI, Bradshaw is a U.S. citizen, and the Northern Mariana Islands are a U.S. territory. Alleging a violation of the IRCA, therefore, is a spurious claim worthy of sanctions.

## XII. Title 18 § 241-242, 1341, 1342, 1349 are criminal statutes that do not offer a civil remedy: Claims 3, 12-13.

Title 18 §§ 241 and 242 are criminal statutes that "provide no basis for civil liability." *Albade v. Albade*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also* 18 U.S.C. § 241-242; *Cok v. Consenito*, 876 F.2d 1, 2 (1st Cir. 1989); *United States v. Waneda*, 152 F.3d 831, 846 (8th Cir. 1998). Further, Title 18 U.S.C. §§ 1341, 1342 and 1349 are criminal mail fraud statutes and do not provide for a private cause of action. *See* 18 U.S.C. § 1341-1342; *see Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997).

Likewise, 18 U.S.C. § 1707 is also a criminal statute. The U.S. Supreme Court has "rarely implied a private right of action under a criminal statute and where it has done so 'there was at least a statutory basis for inferring that civil cause of action of some sort lay in favor of someone.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (citing and quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). The key factor in determining whether a statute creates a cause of action is "whether Congress intended the Plaintiff with a private right of action," and the plaintiff has a heavy burden to show that a right of action exists. *Opera Plaza Res. Parcel Homeowners Assoc. v. Hoang*, 376 F.3d 831, 834-35 (9th Cir. 2004); *see also Lundeen v. Mineta*, 291 F.3d 300, 311 (5th Cir. 2002). Nothing in the statute suggests that it includes a private right of action, and the Plaintiff has made no showing that the right of action exists. In addition to the fact that Plaintiff has not alleged any facts against the Judicial Defendants which are even arguably cognizable under § 1707, because no private right of action exists under 18 U.S.C. § 1707, it is proper to dismiss Plaintiff's allegations.

Title 42 U.S.C. § 1987-1997 are generally procedural statutes, and do not offer a cause of action, *see* 42 U.S.C. § 1987-1997. Further, Title 42 § 2000 does not even exist. Section 2000a *et seq.*, however, contains numerous subparts relating to public accommodations, public education and federally assisted programs. Because Plaintiff has failed to plead exactly which part of subpart he is referencing and a cognizable legal theory, it is impossible for Defendants to answer his allegations. *See* 42 U.S.C. § 2000a, et seq., *see also Robertson*, 749 F.2d at 534.

### XIII. Plaintiff's RICO, tort and U.S. Constitutional based claims are time-barred: Claims 1-17.

This Court has recognized a four-year statute of limitations for RICO claims. *See Grizzard v. Kiyoshige Terada*, 2003 WL 22997238 (D.N. Mar. I. 2003). Additionally, 42 U.S.C. §§1981, 1983 and 2000a actions are governed by the forum state's statue of limitations for personal injury actions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Cholla Ready Mix, Inc. v. Civish*, 383 F.3d 969, 974 (9th Cir. 2004). The Commonwealth's personal injury statute of limitations is two years. *See* 7 CMC § 2503(d) (providing for a two-year statute of limitations period for "[a]ctions for injury to or for the death of one caused by the wrongful act or neglect of another").

The date Bradshaw's alleged injury accrued must, at the very latest, be the date of the entry of judgment in the year 2000. "The true test to determine when an action "accrues" is when the plaintiff could have first filed and prosecuted his or her action to successful conclusion." *Zhang Gui Juan v. Commonwealth*, Civ. No. 99-0163 (N.M.I. Super. Ct.1999). Plaintiff's alleged due process and equal protection claims, if any, each arose between 1996, when the original lawsuit was initiated, and 2000, when the judgment was entered against him. *See Bisom v. Commonwealth*, Civ. No. 96-1320. Because Plaintiff's RICO, §§ 1981 and 1983, tort and Constitutional causes of action accrued, at the very latest, in 2000, Plaintiff's claims are time-barred.

### XIV. Even if Plaintiff's RICO claims were not barred by the statute of limitations, defendants were not engaged in "Racketeering activity" and are immune from civil liability: Claim 11, 13.

Plaintiff claims the Judicial Defendants violated sections 1961, 1962, 1963 and 1964 of Title 18 of the United States Code, collectively referred to as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Were Bradshaw's claims under RICO not barred by judicial immunity and the statute of limitations, which they are, his claims would nevertheless have to be dismissed because he has failed to plead the necessary elements of a RICO claim, namely that an organized enterprise caused an injury to his business or property. "To state a

civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property." *Ove v. Gwinn*, 264 F.3d 817 (9 th Cir. 2001); *see also* 18 U.S.C. §§ 1962(c), 1964(c); *Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1086 (9th Cir. 2002).

The Plaintiff alleges that the "racketeering activity" of fraud began when Defendant Bisom prepared fraudulent documents to mislead the Court and obtain a default judgment. *See* Amended Complaint at ¶ 247. He further alleges that defendant Sosebee "seemed" to enter the conspiracy, followed by defendants Castro, Manglona, and Bellas when they accepted the documents as evidence of service. Finally, defendant Brown or other unnamed "CNMI officials" are implicated for failing to act after the default judgment was entered and when the alleged conspiracy was brought to her attention. *See* Amended Complaint at ¶ 247-249. Aside from the fact that the Judicial Defendants are absolutely immune from this claim,[12] these allegations are simply too vague and speculative to state a RICO claim of a "racketeering activity."

### XV.  Attorney's Fees.

A court has discretion to award attorney's fees to a prevailing defendant in civil rights lawsuits pursuant to 42 USC § 1988. *See Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 619 (9th Cir. 1987). Title 42 USC § 1988(b) allows for the recovery of attorneys fees by the prevailing party "in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], [or] title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.]." Attorney's fees may be awarded if the plaintiff's action is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Here, Bradshaw filed a frivolous, unreasonable action with no foundation. He is essentially attempting to sue the Judicial Defendants who lawfully presided over litigation which left him unhappy. He has pled no supporting facts for any of his claims, and a cursory

---

[12] *See Cullinan v. Abramson*, 128 F.3d 301, 307-08 (6th Cir. 1997) (stating that like § 1983, the court had no reason to suppose that RICO was intended to abolish the absolute immunity of judges).

examination of the case law indicates his claims must fail because of judicial immunity. Accordingly, the Justices intend to seek attorney's fees pursuant to 42 USC § 1988.

## CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant the Judicial Defendants' Motion to Dismiss.

Respectfully submitted,

**CIVILLE & TANG**

DATED: January 30, 2006

By: *[signature]*
G. PATRICK CIVILLE