# ADDENDUM

*Grizzard v. Kiyoshige Terada*

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2003 WL 22997238 (D.N.Mar.I.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
District Court for the Northern Mariana Islands.
James H. GRIZZARD, Plaintiff
v.
KIYOSHIGE TERADA, Minoru Imai, and
Kabushiki Kaisha Hyakumata Co., Ltd., Defendants
No. Civ.A. 99-0055.

Sept. 17, 2003.

William M. Fitzgerald, Law Office of William M. Fitzgerald, Saipan, for Plaintiff.
Eric S. Smith, Smith and Williams, Saipan, for Plaintiff/Defendants.
Perry B. Inos, Saipan, for Defendant.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S "RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT" CLAIMS FOR RELIEF and SETTING SETTLEMENT/STATUS CONFERENCE

MUNSON, J.
*1 THIS MATTER came before the court on August 7, 2003, for hearing of defendants' motion for summary judgment on plaintiff's claim for relief based on the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § § 1961 et seq. Plaintiff appeared by and through his attorney, William M. Fitzgerald; defendants Terada and Hyakumata (a Japanese corporation) appeared by and through their attorneys, Eric S. Smith (who argued), H. Douglas Galt (who argued), and Mark K. Williams; and, defendant Minoru Imai appeared by and through his attorney, Perry B. Inos.

THE COURT, having considered the written and oral arguments of counsel, rules as follows:

*Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure states, in part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the matters on record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The non-moving party must set forth by affidavit or as otherwise provided in Rule 56 specific facts showing that there is a genuine issue of material fact for trial. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103-1104 (9th Cir.), cert. denied, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986).

The court must view the evidence in the light most favorable to the non-moving party; if direct evidence from both parties conflicts, summary judgment must be denied. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, although a trial court may not weigh conflicting versions of fact on a motion for summary judgment, Baxter v. MCA, Inc., 812 F.2d 421, 424 (9th Cir.), cert. denied, William v. Baxter, 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), and although all inferences are drawn in favor of the non-moving party, United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electrical, 475 U.S. at 586. The summary judgment standard is the same as that for judgment as a matter of law under Fed.R.Civ.P. 50(a): whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1149 n. 4 (9th Cir.1998), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 250-252, 106 S.Ct. at 2511-12 (1986). If the factual context makes the non-moving party's claim implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show that there is a genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00027　　Document 71-3　　Filed 01/31/2006　　Page 4 of 10

Not Reported in F.Supp.2d                                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 22997238 (D.N.Mar.I.)
(Cite as: Not Reported in F.Supp.2d)

*Corp.*, 475 U.S. at 587, 106 S.Ct. at 1356 (1986).

RICO Allegations in the Complaint

*2 In the first amended complaint, plaintiff alleges that all defendants engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and that defendants Terada and Imai engaged in a conspiracy in violation 18 U.S.C. § 1962(d). The goal of these allegedly criminal activities was to defraud plaintiff in regards to his ownership interest in Suwaso Corporation "by overstating administrative and general expenses, overstating loans payments due, and hiding or disguising unauthorized disbursements of funds by Imai to himself and his cronies." *First Amended Complaint,* ¶ 31 (Jan. 18, 2000). Defendants are also accused of "knowingly and willfully transport[ing] money ... knowing that such money had been taken by fraud." *Id.* at ¶ 33. Plaintiff alleges that the sum of defendants' acts meets the "pattern of racketeering activity" requirement of 18 U.S.C. § 1962(c). Plaintiff's second claim for relief alleges a conspiracy between Terada and Imai to "conduct and participate directly and indirectly in the affairs of the Suwaso Enterprise through a pattern of racketeering activity," which included creation and submission of false representations as to the amount of money used to benefit Suwaso Corporation, the creation and submission of false books, records, loan documents, and financial reports, illegal cash transfers out of the Commonwealth to Japan, and conversion of corporate property to their own use, all in violation of 18 U.S.C. § 1962(d). *Id.* at ¶¶ 41-42.

Given the uncontroverted affidavits [FN1] and overwhelming documentary evidence placed before the court by defendants, combined with plaintiff's inability to meet his burden of presenting plausible evidence to show a genuine issue of material fact, and, more so, because the factual context makes plaintiff's claim inherently and extremely unlikely, which required him to present "more persuasive evidence than otherwise would be necessary to show that there is a genuine issue for trial," and which he failed to do, defendants' motion for summary judgment is granted.

FN1. Defendants' motion to strike portions of the affidavits of Tim Goodwin, Robert Campbell, and Goo Ho Cho was conceded by plaintiff to be well-taken and the portions of the affidavits objected to are deemed stricken and offer no support for plaintiff's opposition to the motion for summary judgment.

Findings of Fact [FN2]

FN2. The district court is not required to make findings of fact and conclusions of law on a motion for summary judgment, but such findings and conclusions are helpful to the reviewing court. *See e .g. Underwager v. Channel 9 Australia,* 69 F.3d 361, 366 n. 4 (9th Cir.1995), citing, *Gaines v. Haughton,* 645 F.2d 761, 768 n. 13 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). Of course, "findings of fact" on a summary judgment are not findings in the strict sense that the trial judge has weighed the evidence and resolved disputed factual issues; rather, they perform the narrow function of pinpointing for the reviewing court those facts which are undisputed and indicate the basis for summary judgment. *All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645 (D.Haw.1987), *reversed on other grounds,* 855 F.2d 860 (9th Cir.1988).

1. Suwaso Corporation ("Suwaso") was incorporated in 1985 to construct, own, and operate Coral Ocean Point Resort Club, comprising a golf course and country club.

2. Plaintiff, now deceased, was and remains a minority shareholder in Suwaso. He initially owned ten percent of the corporation but his ownership interest was later reduced, in documents he prepared, to 2.5 percent. (Plaintiff conceded at oral argument that his ownership interest is now only 2.5 percent and defendants acknowledged that plaintiff still owns a 2.5 percent interest in the corporation.)

3. Defendant Hyakumata Corporation owns 90 percent of the shares and defendant Terada owns the remainder. Hyakumata is the only shareholder who paid for his shares of Suwaso stock and he was the sole financier of the Coral Ocean Point project.

4. Plaintiff was the attorney for the corporation, both pre- and post-incorporation, serving in that capacity from 1985 through 1997. He prepared the articles of incorporation, was an original incorporator, an original shareholder, an original corporate officer, a member of the initial board of directors, and served

Case 1:05-cv-00027    Document 71-3    Filed 01/31/2006    Page 5 of 10

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2003 WL 22997238 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

as the corporation's registered agent. During the time plaintiff served as corporate legal counsel, Suwaso leased the land for the Coral Ocean Point project, which included a hotel, restaurant, golf course, and supporting buildings. In addition to his ownership interest in the corporation, plaintiff was paid $2,000.00 per month as a retainer for his legal services. This sum was increased to $3,000.00 per month in 1994.

**\*3** 5. The exhibits entered in support of defendants' motion for summary judgment show that during the time plaintiff was the corporation's legal counsel, all financial details, including the loan information which is a vital component of plaintiff's claims for relief, was disclosed in the corporate records, annual reports, and corporate reports and tax returns filed with the Commonwealth government. Presumptively, plaintiff had access to these documents and more than likely prepared most of them. These documents were reviewed by Deloitte, Touche & Tohmatsu, an independent international accounting firm.

6. As the corporation's legal counsel, a director and corporate officer, as well as a shareholder, plaintiff had, or certainly should have had, personal, direct, timely, and unrestricted knowledge of all aspects of the corporation's operations, including the financing.

Conclusions of Law

1. The court has federal question jurisdiction pursuant to 18 U.S.C. § 1331, diversity jurisdiction pursuant 18 U.S.C. § 1332, and supplemental jurisdiction pursuant to 18 U.S.C. § 1367.

2. The court has personal jurisdiction over all the parties.

3. Venue is proper in this court in that all defendants reside in, can be found in, have agents in, and/or transact or have transacted business within this judicial district.

4. The elements of a civil RICO action are: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (*i.e.* a pattern of predicate acts), (5) causing injury to plaintiff's business or property. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996), *citing* 18 U.S.C. §§ 1962(c), 1964(c), and *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3284-85, 87 L.Ed.2d 346 (1985).

5. None of the elements of a civil RICO action have been shown to exist by plaintiff. Plaintiff failed to meet his burden of presenting credible, plausible, direct evidence in opposition to the affidavits and exhibits presented by defendants in their motion for summary judgment on the RICO claims. *Matsushita Electrical*, 475 U.S. at 586. All of the documentary evidence presented supported defendants' assertions; plaintiff's submissions were simply unsupported suppositions, amorphous expressions of doubt, and unsubstantiated statements. Plaintiff presented nothing to raise a sufficient disagreement to require submission to a jury; the evidence was so overwhelmingly one-sided in favor of defendants on the RICO claims for relief that they must prevail as a matter of law. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d at 1149 n. 4, *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-252, 106 S.Ct. at 2511-12 (1986). [FN3]

> FN3. Although not a basis for the court's decision on this summary judgment motion, the court notes that plaintiff appears to be stymied by the RICO statute of limitations. In the Ninth Circuit, the four-year civil RICO statute of limitations begins to run "when a plaintiff knows or should know of the injury which is the basis for the action." *Stitt v. Williams*, 919 F.2d 516, 525 (9th Cir.1990). Here, due to plaintiff's intimate and active participation in the affairs of the corporation as shareholder, director, officer, and legal counsel, and further due to his role in the preparation of many of the legal documents of the corporation, he knew or should have known well before November 30, 1995 (the date four years prior to the filing of this lawsuit), of the malfeasance he now alleges.

FOR THE FOREGOING REASONS, defendants' motion for summary judgment on plaintiff's two RICO claims for relief is granted and those claims are dismissed with prejudice. The court defers ruling on whether or not it will retain supplemental jurisdiction over the common law claims.

**\*4** IT IS ORDERED that the parties and their attorneys shall attend a settlement/status conference on Friday, October 10, 2003, at 9:00 a.m.

D.N.Mar.I.,2003.
Grizzard v. Kiyoshige Terada
Not Reported in F.Supp.2d, 2003 WL 22997238 (D.N.Mar.I.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 4
Not Reported in F.Supp.2d, 2003 WL 22997238 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents <u>(Back to top)</u>

• <u>1:99cv00055</u> (Docket) (Nov. 29, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

***Kennedy v. Gabutin***

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 2085480 (D.N.Mar.I.)  
(Cite as: 2004 WL 2085480 (D.N.Mar.I.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

District Court for the Northern Mariana Islands.
Michael W. KENNEDY, doing business as MKI Air Conditioning and Refrigeration,
Plaintiff
v.
Rosalina T. GABUTIN, Joseph C. Gabutin, Felix M. Mendiola, Lourdes T. Mendiola,
Joaquin F. Tudela, Sr., and Edith Tudela, Defendants
No. Civ.A. 03-0016.

Sept. 17, 2004.

ORDER DENYING DEFENDANTS THE MENDIOLAS' MOTION TO DISMISS

NUNSON, J.

*1 THIS MATTER came before the court on Thursday, September 16, 2004, for hearing of defendants the Mendiolas' motion to dismiss the third amended complaint for lack of both the jurisdictional amount and ancillary jurisdiction, and also to dismiss for failure to state a claim under Fed.R.Civ.P. 9. Plaintiff appeared by and through his attorney, Mark K. Williams; defendants the Mendiolas appeared by and through their attorney, Victorino DLG. Torres. Settling defendants the Tudelas appeared by and through their attorney, Joaquin DLG. Torres.

THE COURT, having considered the written and oral arguments of counsel, rules as follows:

Defendants the Mendiolas moved to dismiss the third amended complaint on three grounds. First, that the amount in controversy, as to them, does not meet the jurisdictional minimum of $75,000.00 and, second, that there is no ancillary jurisdiction over them because the lawsuit as to defendant Rosalina Gabutin had been settled before they were made parties. Third, that the allegedly fraudulent conveyance is not pleaded with the particularity required by Fed.R.Civ.P. 9.

The initial complaint in this matter was filed June 6, 2003, and named only Rosalina Gabutin as defendant. Similarly, the first amended complaint, filed September 29, 2003, named only Rosalina Gabutin as defendant. Both complaints alleged diversity jurisdiction and sought an amount greater than $75,000.00.

On November 26, 2003, plaintiff and defendant Gabutin filed a settlement agreement with the court, by the terms of which the plaintiff agreed to accept the settlement amount "and release Defendant from further liability and responsibility as alleged in the Complaint." "Settlement Agreement and Consent Judgment Thereon," Docket No. 4. Jurisdiction was expressly reserved in this court to enforce the terms of the settlement. "Settlement Agreement," ¶ 5.

It is alleged that, in anticipation of entering the settlement agreement, defendant Gabutin transferred the real property identified in the third amended complaint to defendants the Mendiolas on November 5, 2003.

After a hearing on plaintiff's motion for an order in aid of judgment, the court, pursuant to its retained jurisdiction "to enforce any and all terms and conditions set forth in the Stipulated Settlement," *supra* at ¶ 5, entered an order which stated in part that plaintiff was "permitted to amend its pleadings to file an amended complaint and/or a supplemental complaint for the purpose of *inter alia* setting aside conveyances of real property that Defendant made allegedly to avoid payment on the judgment." "Order After Hearing (May 17, 2004), Docket No. 10.

On May 18, 2004, plaintiff filed his second amended complaint, adding all the defendants who also are named in the third amended complaint, which is presently before the court. There is no claim by the new defendants that they were not properly served.

Traditionally, "ancillary jurisdiction" describes a federal court's assertion of jurisdiction over claims or parties over whom the court lacks independent subject matter jurisdiction, but that arise out of the same conduct, transaction, or occurrence as the plaintiff's original claim, which was encompassed by the court's subject matter jurisdiction. 16 *Moore's Federal Practice* ¶ 106 .03[4] (2001). The United States Supreme Court has noted that ancillary jurisdiction has been asserted (1) to permit disposition by a single court of claims which are

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00027   Document 71-3   Filed 01/31/2006   Page 9 of 10

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 2085480 (D.N.Mar.I.)
**(Cite as: 2004 WL 2085480 (D.N.Mar.I.))**

factually interdependent, and (2) to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees. *Id. See also United States v. Alpine Land & Reservoir Co.,* 174 F.3d 1007, 1012 n. 5 (9th Cir.1999) (the doctrine of ancillary jurisdiction is equitable in nature and allows federal courts to effectuate their decrees). Ancillary jurisdiction primarily involves resolution of disputes involving non-parties to the main action, and is authorized even in the absence of an independent basis for federal jurisdiction over the new parties, if the dispute arose out of the same transaction or occurrence as the main claim. *Id.*

**\*2** The U.S. Court of Appeals for the Ninth Circuit recognizes that federal courts possess the power to protect their judgments by setting aside fraudulent conveyances, *Thomas, Head and Greisen Employees Trust v. Buster* ("Thomas, Head"), 95 F.3d 1449, 1453 (9th Cir.1996), *cert. denied,* 520 U.S. 1117, 117 S.Ct. 1247 (1997). This power "derives from the long-recognized principle that a federal court may assert authority over non-federal claims 'when necessary to give effect to the court's judgments." ' Citing *Finley v. United States,* 490 U.S. 545, 551, 109 S.Ct. 2003, 2008, 104 L.Ed.2d 593 (1989) and others. In *Thomas, Head,* after plaintiff trust fund had obtained judgment against a real estate mortgage broker for misrepresentation, it initiated proceedings against the broker's transferees to recover allegedly fraudulent conveyances of the broker's properties. The transferees were not parties to the original action or judgment. *Id.*

In distinguishing the case before them from the U.S. Supreme Court's decision in *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 867-69 (1996), the Ninth Circuit noted that in *Peacock* the Supreme Court had held that ancillary jurisdiction could not be used to establish a new defendant's liability for the *original* judgment. In *Thomas, Head,* the Ninth Circuit held that ancillary jurisdiction could be used to seek disgorgement of property from fraudulent transferees. It is this latter scenario which faces the court in the instant matter and, as in *Thomas, Head,* this court finds *Peacock* inapposite.

Accordingly, because plaintiff is not seeking to establish defendants the Mendiolas' liability as to the original judgment and is simply seeking, rather, disgorgement of assets allegedly conveyed to them fraudulently, the motion to dismiss for lack of ancillary jurisdiction is denied. In instances of ancillary jurisdiction, the issue of the $75,000.00 jurisdictional amount does not come in to play because such proceedings are not original proceedings for which federal subject matter jurisdiction must be alleged and proved.

Defendants' alternative argument for dismissal is that the claim against them fails to plead fraud with the particularity required by Fed.R.Civ.P. 9(b), "Fraud, Mistake, Condition of the Mind." The degree of particularity required by Rule 9 is only such that a defendant can prepare an adequate answer to the allegations. *See e .g. Bosse v. Crowell, Collier & MacMillan,* 565 F.2d 602 (9th Cir.1977).

A review of the third amended complaint shows that the conveyance being challenged as fraudulent occurred between defendant Rosalina Gabutin and the Mendiolas (her sister and brother-in-law). The Mendiolas' knowledge of Rosalina Gabutin's imminent sentencing is alleged, as well as that it was her upcoming sentencing that triggered the conveyance, and that the consideration was insufficient. Further, the date of the allegedly fraudulent transfer and the specific identity of the real property transferred are both alleged.

**\*3** Here, the number of parties is small and they are all known personally to one another. The details of the allegedly fraudulent transfer are alleged to be known by the defendants. Accepting as it must that all allegations of material fact are true, *Enesco Corp. v. Price/Costco, Inc.,* 146 F.3d 1083, 1085 (9th Cir.1998), the court concludes that the allegations in the third amended complaint are set forth in sufficient detail to allow defendants to prepare an adequate answer. Further, a review of the case law shows that an equitable claim to set aside a fraudulent transfer is treated differently than a claim of straight fraud and the "particularity" requirement is often deemed unnecessary or less onerous than a fraud claim. *See* U.S.Code Service, Court Rules 1--12, Notes and Commentary to Rule 9.

FOR THE REASONS STATED ABOVE, defendants the Mendiolas' motion to dismiss is denied on all grounds and they shall file their answer within the time prescribed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2004 WL 2085480 (D.N.Mar.I.)

**Motions, Pleadings and Filings (Back to top)**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 3
Not Reported in F.Supp.2d, 2004 WL 2085480 (D.N.Mar.I.)
**(Cite as: 2004 WL 2085480 (D.N.Mar.I.))**

• 1:03cv00016 (Docket) (Jun. 06, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.