# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT D. BRADSHAW, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-84-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter are Defendants' motions to dismiss for lack of jurisdiction (Docket Nos. 21, 26, and 29) as well as Plaintiff's motions to seal and strike (Docket Nos. 33 and 36) and Plaintiff's motion to extend the service time and allow service by publication (Docket No. 51). Defendants' move to dismiss case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and in the alternative for improper venue and insufficiency of service of process on certain Defendants. Defendants contend this Court is without personal jurisdiction over them as Defendants have insufficient contacts with Idaho. Plaintiff argues jurisdiction is proper in Idaho and nationwide service of process is appropriate in this case.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Plaintiff Robert Bradshaw ("Bradshaw") is a former Temporary Public Auditor for the Commonwealth of Northern Mariana Islands ("CNMI"). He filed this action as a *pro se* litigant. Defendants are the CNMI, a former Acting Attorney General (Nicole Forelli) and three former

CNMI Assistant Attorneys (William Bush, L. David Sosebee, and Andrew Clayton), two CNMI Supreme Court Justices (Alexandro Castro and John Manglona), a former CNMI Superior Court Judge and Supreme Court Justice (Timothy Bellas), a private attorney from the CNMI (Jay Sorensen), and a former employee of the CNMI government (Robert Bison) who was terminated from employment by Plaintiff during Bradshaw's tenure as Temporary Public Auditor.

Plaintiff's Second Amended Complaint (Docket No. 20) asserts eighteen claims under various federal statutes including criminal statutes, the Racketeer Influenced Corrupt Organizations ("RICO") Act, the Immigration Reform and Control Act and the CNMI's Indemnification Act. Bradshaw's claims arise from a civil lawsuit by Bison against Bradshaw. Bison's attorney was Sorensen. Bradshaw claims he instructed the Attorney General's office that he had not been personally served and they should deny any attempt of service on his behalf. A default judgment was entered against Plaintiff in favor of Bison on March 10, 2000. Bradshaw maintains Sorensen fraudulently served the complaint and that the court involved in the case improperly allowed defective service of process to support the default judgment as well as improperly denied indemnification under the CNMI Indemnification Act. Plaintiff also alleges the CNMI Supreme Court improperly upheld the denial of indemnification. Bradshaw also alleges the CNMI Attorney General unlawfully failed to protect Bradshaw's interests during the Bison litigation.

Bradshaw now resides in Idaho. None of the Defendants reside in Idaho. It is not disputed that Plaintiff did not personally serve Sorensen or Bison. Instead, Plaintiff had the complaint served on Jay Sorensen's sister, Cynthia Sorensen at a residence in which neither of these Defendants were residing.

## BURDEN OF PROOF

The Court's review of the motions to dismiss is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiff that *pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In a 12(b)(2) motion to dismiss the Plaintiff need only make a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal. Glencore Grain

Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002) (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001)). The Court accepts as true Plaintiff's uncontroverted allegations, and resolves in its favor factual conflicts contained in the parties' filings. Id. Finally, if the allegations in the complaint are challenged by Defendants, the Plaintiff must prove specific facts supporting personal jurisdiction. Taylor v. Protland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967).

## DISCUSSION

Personal jurisdiction over all parties is required before a court may decide a case in controversy. U.S. CONST. Amend. XIV. Before a court may properly exercise personal jurisdiction over a nonresident defendant it must be satisfied that two independent requirements have been met: first, that an applicable rule or statute affirmatively authorizes the assertion of personal jurisdiction over the defendant, and second, that the assertion of such jurisdiction "accords with constitutional principles of due process." Data Disc, Inc., 557 F.2d at 1285; Petrik v. Public Serv. Mut. Ins. Co., 879 F.2d 682, 684 (9th Cir. 1989). Although the two requirements are independent, they are often interrelated. For example, where federal subject matter jurisdiction is predicated on diversity, Rule 4 of the Federal Rules of Civil Procedure incorporates the state's long-arm statute as the authorizing source for service of process. In such a case, the defendant's amenability to suit in federal district court is limited by the state's rule or statute. Because a state's ability to authorize service of process is restricted by the due process clause to cases in which the defendant has certain minimum contacts with the state, a federal district court sitting in diversity will analyze the due process inquiry by assessing the defendant's contacts with the forum state. Neaves, 912 F.2d at 1065; Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

In contrast, where the federal court's subject matter jurisdiction is predicated on a federal question and service is accomplished pursuant to a federal law authorizing nationwide or worldwide service of process, and not by reference to the state's long-arm statute, the court is no longer restricted by the due process limitations inherent to a state's authorization of service. Go-Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1414-15 (9th Cir. 1989); Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1315-16 (9th Cir. 1985). Under these circumstances, then, due

MEMORANDUM ORDER - Page 3
05ORDERS\Bradshaw_dis_05-84.WPD

process concerns may be satisfied by a determination that the defendant has sufficient contacts with the United States as a whole. Go-Video, Inc., 885 F.2d at 1414-16; Vigman, 764 F.2d at 1315-16; Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir.), cert. denied, 449 U.S. 1062 (1980).

In examining the facts of this case, the Court finds it lacks personal jurisdiction over the named Defendants regardless of the whether a state or federal statute is cited as a basis to create personal jurisdiction.

### I. Idaho's Long Arm Statute Analysis

Two forms of personal jurisdiction exist: general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). In order to exercise either type of personal jurisdiction, the state long-arm statute must be satisfied. See State of Idaho v. M.A. Hanna Co., 819 F. Supp. 1464 (D. Idaho 1993). In adopting Idaho Code § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. Houghland Farms, Inc. v. Johnson, 803 P.2d 978, 981 (Idaho 1990); see also Lake v. Lake, 817 F.2d 1416 (9th Cir. 1987) (determining federal cases provide guidance in determining whether personal jurisdiction exists). Thus, for the long arm statute to apply, the Court need only determine whether asserting personal jurisdiction complies with due process. M.A. Hanna Co., 819 F. Supp. 1464.

#### A. General Jurisdiction

General jurisdiction allows a defendant to be haled into court in a state where the defendant's contacts with that state are "substantial" or "continuous and systematic," even if the action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The defendant's contacts must approximate physical presence in the state to meet the "fairly high" standard for establishing general jurisdiction. Id. (citing Gates Learjet Corp. v. Jensen, 743 F. 2d 1325, 1331 (9th Cir. 1984)). Factors to consider in determining general jurisdiction include: "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is

incorporated there." Id. See also Hirsh v. Blue Cross, Blue Shield of Kansas City, 800 F. 2d 1474, 1478 (9th Cir. 1986).

None of the individually named Defendants has ever set foot in or transacted business in the State of Idaho. The Defendants have no direct business or governmental contact with Idaho. The Defendants do not solicit or engage in business in Idaho. Clearly, general jurisdiction is lacking as to each Defendant in this case and Plaintiff has not carried his burden to establish general jurisdiction.

### B. Specific Jurisdiction

When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising "specific jurisdiction" over the defendant. Helicopteros, 466 U.S. at 414 n. 8. Specific jurisdiction exists if a defendant has sufficient "minimum contacts" with the forum such that exercise of jurisdiction would not "offend the traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In the Ninth Circuit, three conditions must be met in order to establish "minimum contacts": (1) the nonresident defendant must purposely direct its activities or consummate some transaction with the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities within the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Yahoo! Inc. v. La Ligue Le Racisme, 379 F.3d 1120, 1123 (9th Cir. 2004.)

#### 1. The nonresident defendant must purposefully conduct activities within the forum:

The connection between the defendant and the forum State required for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. Asahi Metal Industrial Co. v. Superior Ct., 480 U.S. 102, 112 (1987). This requirement ensures that a person is not hauled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Thus, the Court must examine whether Defendants' activities were directed purposefully toward the forum. Id. at 476. Purposeful availment "requires

MEMORANDUM ORDER - Page 5
05ORDERS\Bradshaw_dis_05-84.WPD

a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Doe v. Unocal Group, 248 F.3d 915, 923 (citing Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)). However, " an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts' to support personal jurisdiction." Id. (citing McGlinchy v. Shell Chemical Co., 845 F.2d 802, 816 n. 9 (9th Cir. 1988) (quoting Burger King, 471 U.S. at 478).

Incorporating the standards set forth in Burger King, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. Doe, 248 F.3d at 923 (citing Haisten v. Grass Valley Medical Reimbursement Fund, LTD, 784 F.2d 1392, 1397 (9th Cir. 1986)). Thus, cases will arise in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction where reasonable. Brand v. Menlove Dodge, 796 F.2d 1070, 1074 (9th Cir. 1986).

It is undisputed that the individual Defendants do not have "minimum contacts" with the State of Idaho. Accordingly, the Court finds the named Defendants have not purposefully directed activities in Idaho. While it appears an employee of the CNMI did originally contact Bradshaw regarding employment in CNMI, that person is not a party to this lawsuit and such limited contact with Idaho does not confer specific jurisdiction as to the government of CNMI or other governmental employees especially since the cause of action in this case is not related to the initial contact regarding Bradshaw's employment.

> 2. The claim must arise out of or result from Defendant's forum-related activities:

The plaintiff's claims must arise out of the defendants' forum related activities. In making this determination, the Ninth Circuit has adopted a "but for" analysis. See Ballard v. Savage, 65

MEMORANDUM ORDER - Page 6
05ORDERS\Bradshaw_dis_05-84.WPD

F.3d 1495, 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where, "but for" Defendant's activities in Idaho, the Plaintiff's current alleged injuries would not have occurred. Again, it is undisputed that the current claims do not arise out of Defendants' forum related activities as the only Defendant that could be held to even have exercised Idaho activities is CNMI and this was discussed above as being insufficient to create specific jurisdiction over the named Defendants.

### 3. The exercise of jurisdiction must be reasonable:

The Court must also determine whether the exercise of jurisdiction is reasonable, looking at seven factors: the extent of defendant's purposeful injection into the forum state's affairs; the burden on the defendant in defending in the forum; the extent of conflict with sovereignty of the defendant's state; the interest of the forum state; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the availability of an alternative forum. Dole Food Co. v. Watts, 303 F.3d 1104, 1114 (9th Cir 2002). It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Based on the facts as alleged by Plaintiff, the Court finds there is nothing that can be considered "reasonable" in conferring specific jurisdiction in Idaho over these Defendants via the long-arm statute of the State of Idaho. Plaintiff argues the fact that his real property in Idaho may be subject to the default judgment entered by the court in CNMI should establish jurisdiction over the Defendants. The fact that Plaintiff resides in Idaho and may own property in Idaho establishes personal jurisdiction over Plaintiff, but it does nothing to establish personal jurisdiction over the named Defendants. The fact certain Defendants may, in the future, have contacts in Idaho does not make personal jurisdiction "reasonable" at the time the lawsuit was filed in this case.

MEMORANDUM ORDER - Page 7
05ORDERS\Bradshaw_dis_05-84.WPD

All three of the test for specific personal jurisdiction under Idaho's long-arm statute fail when applied to the record before this Court. Accordingly, Idaho's long-arm statute has not been satisfied to confer general or specific personal jurisdiction over the Defendants in this case.

II. <u>Nationwide Service of Process</u>

In the absence of authority to serve process using Idaho's lang-arm statute, Plaintiff argues he may seek such authority under a federal statute. Fed. R. Civ. P. 4(k)(1)(D). However, of the several federal statutes cited by Plaintiff in his Second Amended Complaint, only the RICO Act offers a nationwide service of process provision. 18 U.S.C. § 1965(b).[1]

Bradshaw alleges that the Defendants (except Bison and Sorenson) are liable under RICO as they conspired to deny his civil rights and his right to indemnification. Since Sorensen and Bison are not named in the RICO Act count of the Second Amended Complaint, nationwide service of process would not apply to these two Defendants. As to the CNMI Defendants (those connected or formerly connected to or employed by the government of CNMI), the Court finds the RICO Act claim set forth in the Second Amended Complaint is insufficient to confer personal jurisdiction over the CNMI Defendants.

Rule 4(k)(2) of the Federal Rules of Civil Procedure may apply when neither general nor specific jurisdiction can be established. If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state. Fed. R. Civ. P. 4(k)(2). There are, however, limits on the applicability of nationwide service of process under the RICO Act.

---

[1] 18 U.S.C. § 1965(b) provides:
In any action under section 1964, of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States the marshal thereof.

MEMORANDUM ORDER - Page 8
05ORDERS\Bradshaw_dis_05-84.WPD

Merely alleging the CNMI Defendants' actions constituted a deprivation of Plaintiff's rights as a RICO claim is not sufficient to allow nationwide service of process. Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997). The Ninth Circuit has held "[f]or nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multi district conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all the alleged co-conspirators." Butchers Union Local No. 498 v. SDC Inv., Inc., 788 F2d 535 (9th Cir. 1986). In this case, Plaintiff has not come forward with evidence to establish personal jurisdiction over any of the alleged CNMI co-conspirators and has not shown there is no other district in which a court could have personal jurisdiction over all the alleged co-conspirators. Therefore, Plaintiff has failed to establish the CNMI Defendants are amenable to service of process under the RICO Act.

As to any other federal statute cited in the Second Amended Complaint, the Court finds the Plaintiff has not carried his burden to establish that service would satisfy the constitutional concerns of fairness or reasonableness when the alleged improper actions took place in CNMI and not in Idaho and Plaintiff is the only party in Idaho. Defendants are not amenable to service of process in the District of Idaho nor could they reasonably expect that would have to defend litigation in Idaho.

## CONCLUSION

Plaintiff has not met his burden of proof to establish personal jurisdiction over the named Defendants. In examining the record in this matter, the exercise of personal jurisdiction over any of the Defendants would not be constitutional, reasonable or fair. There are no state or federal statutes that provide for the exercise of personal jurisdiction over any of the named Defendants as Plaintiff has not carried his burden to establish Idaho's long-arm statute applies or the RICO Act's nationwide service applies to confer personal jurisdiction. The other federal statutes alleged in the Second Amended Complaint do not provide for service that complies with the constitutional concerns of Fed. R. Civ. P. 4(k)(2). Having found no personal jurisdiction over any of the Defendants, the Court finds it would also be unfair and improper to allow service by publication where this Court has no personal jurisdiction over Defendants living outside the United States.

## ORDER

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED:

1) Plaintiff's motion to seal (Docket No. 33) is **GRANTED**.

2) Plaintiff's motion to withdraw or strike his answer and rebuttal to motion for extension of time to serve response pleadings FILED ON May 12, 2005 (Docket No. 36) is **GRANTED**.

3) Defendants' Motions to Dismiss (Docket Nos.21, 26, and 29) are **GRANTED** as this Court lacks personal jurisdiction over the named Defendants and the matter is **DISMISSED WITHOUT PREJUDICE**.

4) Plaintiff's motion to extend the time for service and to serve by publication (Docket No. 51) is **DENIED**.

5) Defendants' Motion to Strike (Docket No. 56) is **GRANTED** and Plaintiff's sur-reply is **STRICKEN** (Docket No. 53) as such is not provided by the Local Rules without leave of the Court.

DATED: **July 25, 2005**

*Honorable Edward J. Lodge*
U. S. District Judge