F I L E D
Clerk
District Court

FEB 2 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEF, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, and JAY H. SORENSEN,<br><br>Defendant. | Case No. CV-05-0027<br><br>**ORDER GRANTING DEFENDANT SORENSEN'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

**THIS MATTER** came before the court on Thursday, February 9, 2006, for hearing of defendant Sorensen's motion for more definite statement, motion to strike, and motion to dismiss. Plaintiff appeared *pro se* by telephone; defendant Sorensen appeared *pro se* by telephone.

**THE COURT**, having considered the written and oral arguments of the parties, **GRANTS** defendant Sorensen's motion to dismiss with leave to amend.

Under Federal Rule of Civil Procedure 41(b), the court may grant a motion to dismiss when plaintiff fails to comply with the Federal Rules of Civil Procedure ("Rules"). Under Rule 8(a), a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief and . . . a demand for judgment for the relief the pleader seeks." Rule 8(e) specifies that "[e]ach

averment of a pleading shall be simple, concise, and direct." "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Failure to abide by the Rules makes it difficult for defendant and the court to determine who plaintiff claims caused what injury. Such a complaint puts defendant at risk to surprise and unexpected preclusionary effects of settlement or judgment. Moreover, such a non-conforming complaint expends unnecessary court resources in determining what plaintiff claims as his injury and who plaintiff claims caused the injury, as well as the resulting additional discovery disputes, motions, and trial length.

Here, plaintiff sets out seventeen claim within eighty-one pages. In the complaint plaintiff explains legal concepts such as when mail can constitute service of process and when a court has jurisdiction over the person. The complaint contains legal arguments as to why actions taken by certain defendants were illegal. Accordingly, the complaint does not satisfy Rule 8.

This is not to say that plaintiff's claims are not without merit. Rather, because the court and the parties need a clear understanding of the issues before them, the dismissal is without prejudice. While the statement of jurisdiction and parties need not be changed, the statement of facts and general allegations in the amended complaint should only state facts that explain what plaintiff alleges each defendant did to injure plaintiff and what remedy plaintiff seeks for that injury. Legal analysis and arguments should be eliminated: they are only needed in motions and other filings with the court. For example, the complaint need not explain what process is and whether process was effectuated.

To clarify, each paragraph must be short and concise and state: (a) what is alleged to have occurred; (b) where possible, the date and location that the action is alleged to have occurred; (c) which defendant is responsible for the alleged action; and (d) what injury plaintiff sustained as a result of defendant's alleged action. The prayer for relief must state the remedy requested against each defendant.

//

//

ACCORDINGLY, in the interest of justice, **THE COURT GRANTS** defendant Sorensen's motion to dismiss with leave to file a second amended complaint. The second amended complaint shall be filed within twenty days from February 21, 2006. Failure to file a second amended complaint, however, could result in the case being dismissed with prejudice. Defendant Sorensen's motion for a more definite statement and motion to strike are **DENIED AS MOOT**.

**DATED** this 21st day of February, 2006.

_____
ALEX R. MUNSON
Judge