330. The CNMI is an enterprise engaged in interstate and foreign commerce. The defendants acing in collusion are a de facto enterprise also engaged in interstate and foreign commerce.

331. The CNMI action against BRADSHAW involved collusion among its agents and SORENSEN and BISOM and evidence of conspiracy. The actions established a pattern and involved a multiple number of related/linked incidents starting in 1997 and continuing till 2005.

332. RICO involved a series of actions. They included the acts of SORENSEN/BISOM by 1999 to prepare fraudulent documents to obtain a default judgment against BRADSHAW; the acts of someone in the CNMI to also prepare fraudulent postal receipt documents; the acts of FORELLI and SOSEBEE in Feb 2000 to illegally withdraw from representing BRADSHAW without notifying BRADSHAW before the trial; the acts of FORELLI in 2000 to ignore criminal acts by BISOM/SORENSEN in the CNMI courts in 1999-2000; the actions of CASTRO in 1996-2000 to illegally assume court jurisdiction over BRADSHAW which he lacked in order to enter a default judgment against BRADSHAW in a malicious and grossly incompetent manner; and the actions of BROWN to personally or by influencing others to obstruct justice in a case in 2004-2005 before the CNMI SC and the USDC of Idaho.

333. The prima facie and circumstantial evidence in case 96-1320 establish collusion to commit RICO.

334. The illegal actions and improper judgments allowed by the defendants brought a loss of property (money) to plaintiff. BRADSHAW was also slandered and defamed in the CNMI media.

335. BRADSHAW's personal character, reputation, good name, standing, property rights, etc were damaged. His professional status as a CPA was damaged in the media, to affect his ability to earn a living when he resumes the practice of accounting. These events brought much emotional distress, pain and suffering to BRADSHAW. They also brought about a loss of enjoyment of life to BRADSHAW.

336. The actions of the defendants were extreme and outrageous. They were done recklessly, maliciously and intentionally with a desire to inflect monetary, emotional and other damage on BRADSHAW.

337. BRADSHAW prays for relief for the actual damages of $4,000 in case 96-1320 for the void action, $4,000 in case 05-0084 and all other costs incurred to date in case 05-0027 as expanded and such other relief as the court may decide and order/allocate to FORELLI, SOSEBEE, CASTRO, CLAYTON, BISOM, SORENSEN and the CNMI.

338. Finally, BRADSHAW prays for relief for the punitive, exemplary, compensatory, special, general and other damages of $279,000 from CASTRO, FORELLI, SOSEBEE, CLAYTON, BISOM, SORENSEN and the CNMI as the court may allocate for emotional and mental distress and the loss of the enjoyment of life.

**NINTH CLAIM--Employment Contract Breached, Supplemental Claim**

339. Plaintiff incorporates herein by reference paragraphs 1-338 as hereinabove alleged as if set forth here in full

340. By the terms of BRADSHAW's employment contract with the CNMI, the CNMI implied its duty to provide BRADSHAW legal assistance and indemnification for his official actions. This is a fiduciary duty for BRADSHAW's official capacity suit and actions. There is

62

Received  Mar-30-2006 10:30        From-        To-US DISTRICT COURT, N    Page 004

also an implied benefit of the Employee's Indemnification Act (PELDIA) for BRADSHAW's personal and individual actions in the performance of his duties. These benefits were denied BRADSHAW.

341. The CNMI acted in 1997-2005 through its agents FORELLI, BUSH, COTTON, CLAYTON, SOSEBEE, BROWN, and CASTRO to breach BRADSHAW's contract.

342. The illegal actions and improper judgments allowed by the defendants brought a loss of money to plaintiff. BRADSHAW was also slandered and defamed in the CNMI media.

343. BRADSHAW's personal character, reputation, good name, standing, property rights, etc were damaged. His professional status as a CPA was damaged in the media, to affect his ability to earn a living when he resumes the practice of accounting. These events further brought much emotional distress, pain and suffering to BRADSHAW. They also brought about a loss of enjoyment of life to BRADSHAW.

344. The actions of the defendants were extreme and outrageous. They were done recklessly, maliciously and intentionally with a desire to inflect monetary, emotional and other damage on BRADSHAW. They cased a loss of the enjoyment of life to BRADSHAW.

345. BRADSHAW prays for relief for the actual damages of $4,000 in case 96-1320 for the void action, $4,000 in case 05-0084 and all other costs incurred to date in case 05-0027 as expanded and such other relief as the court may decide and order/allocate to the CNMI.

346. Last, BRADSHAW prays for relief for the punitive, exemplary, special, general, compensatory and other damages of the amount of the contract ($55,000) from the CNMI as the court may allocate for emotional and mental distress and the loss of the enjoyment of life.

Received  Mar-30-2006 10:30       From-       To-US DISTRICT COURT, N       Page 005

**TENTH CLAIM--1986 Immigration and Control Act of 1986 Violated**

347. Plaintiff incorporates herein by reference paragraphs 1-210 and 232-346 as hereinabove alleged as if set forth here in full.

348. The CNMI acting through its agents FORELLI, BUSH, COTTON, CLAYTON, SOSEBEE, BROWN, and CASTRO discriminated against BRADSHAW, a US citizen with a national origin in the continental US.

349. In the discrimination shown to BRADSHAW because of his national origin, defendant CNMI, with more than four employees, violated the Immigration and Control Act of 1986. The CNMI violated this act in the recruiting, hiring, employment, and discharging of BRADSHAW, in that there was a known presence of the CNMI laws to protect BRADSHAW and provide him legal assistance and indemnification for his official work.

350. Yet, the defendant CNMI and its agents FORELLI, BUSH, CLAYTON, SOSEBEE, BROWN, COTTON, and CASTRO collectively all violated the Immigration Reform and Control Act of 1986 by discriminating against BRADSHAW, because of his national origin as a continental US citizen; in that the defendants arbitrarily breached the CNMI contract with BRADSHAW by not allowing him to have legal assistance and the benefits of the Indemnification Act though the benefits of this act is commonly available to local citizens.

351 The actions of the CNMI and its agents FORELLI, BUSH, CLAYTON, SOSEBEE, BROWN, COTTON, and CASTRO violated BRADSHAW's US Constitutional rights to due process and equal protection of the laws (under the 5th, 9th and 14th amendments)--thereby depriving BRADSHAW of life, liberty and property.

352. The defendants acted recklessly, deliberately, maliciously and with intent and foreknowledge to bring hurt, damage and injury on BRADSHAW. BRADSHAW's character, professional reputation, good name, standing, credit rating, property rights, etc. were damaged, defamed, slandered, maligned and infringed upon by the actions of the defendants.

353. BRADSHAW accordingly suffered much pain and distress (mentally, emotionally and physically) and expended much money, personal funds and recourses and efforts in an attempt to obtain redress and to correct the injury.

354. BRADSHAW was injured in his loss of property (money) and having his character and professional status slandered and defamed by the actions of the defendants.

355. The remedy is for the court to order restitution, removal of the illegally gained CNMI judgment and payment of damages to the plaintiff as specified in the preceding claims.

### ELEVENTH CLAIM--Violation of the Civil Rights Act of 1870

356. Plaintiff incorporates herein by reference paragraphs 1-355 as hereinabove alleged as if set forth here in full.

357. Defendant CNMI and its agents FORELLI, BUSH, COTTON, CLAYTON, BROWN, SOSEBEE, and CASTRO and SORENSEN and BISOM each and collectively failed to afford BRADSHAW due process and equal rights of the law in their actions to impose an illegal judgment on BRADSHAW without any recourse for reimbursement or restitution from the CNMI government. The actions of the defendant CNMI and its agents and SORENSEN and BISOM clearly violated the Civil Rights Act of 1870 and the US Constitution.

Received Mar-30-2006 10:30      From-      To-US DISTRICT COURT, N      Page 007

358. The actions of defendants in violating the Civil Rights Act of 1870 produced a cause of action, pursuant to which both legal and equitable remedies may be had, including compensatory and under certain circumstances, punitive damages (14A C.J.S. Section 226). This remedy is separate, distinct and independent from other civil rights remedies (ibid.).

359. The actions of the defendants violated BRADSHAW's US Constitutional rights to due process and equal protection of the laws.

360. The defendants acted recklessly, deliberately, maliciously and with intent and foreknowledge to bring hurt, damage and injury on BRADSHAW. BRADSHAW's character, professional reputation, good name, standing, property rights, etc. BRADSHAW was damaged, defamed, slandered, maligned and infringed upon by the actions of the defendants.

361. BRADSHAW accordingly suffered much pain and distress (mentally, emotionally and physically) and expended much money, personal funds and recourses and efforts in an attempt to obtain redress and to correct the injury. BRADSHAW suffered loss of the enjoyment of life.

362. The remedy is for the court to order restitution, removal of the illegally gained judgments and payment of damages to the plaintiff as specified in the preceding claims.

**TWELFTH CLAIM--Violation of the Civil Rights Act of 1871**

363. Plaintiff incorporates herein by reference paragraphs 1-210 and 232-362 as hereinabove alleged as if set forth here in full.

364. The actions and omissions of the CNMI and its agents FORELLI, BUSH, COTTON, CASTRO and SOSEBEE, before Mar 2000 and the actions and inactions of the

Received Mar-30-2006 10:30      From-      To-US DISTRICT COURT, N      Page 008

CNMI and its agents CLAYTON, and BROWN since Mar. 2000 and Sep. 2002 violated the Civil rights Act of 1871.

365. The defendants undertook unconstitutional and illegal actions to place injustice, damage and hurt put on BRADSHAW. Their efforts resulted in the constitutional deprivations to BRADSHAW because there was a failure to act when there has been a duty to act to prevent the deprivations, per the Civil Rights Act of 1871 (14 C.J.S. section 35).

366. While CNMI government officials have clothed themselves under the cloak of alleged color of law, the reality is that they have continued to deny BRADSHAW his rights and benefits under the U. S. Constitution.

367. The actions of the CNMI and its agents FORELLI, BUSH, COTTON, CLAYTON, SOSEBEE, BROWN and CASTRO violated BRADSHAW's US Constitutional rights to include due process and equal protection of the laws.

368. The defendants acted recklessly, deliberately, maliciously and with intent and foreknowledge to bring hurt, damage and injury on BRADSHAW. BRADSHAW's character, professional reputation, good name, standing, credit rating, property rights, etc. were damaged, defamed, slandered, maligned and infringed upon by the actions of the defendants.

369. BRADSHAW accordingly suffered much pain and distress (mentally, emotionally and physically) and expended much money, personal funds and recourses and efforts in an attempt to obtain redress and to correct the injury. Plaintiff lost the enjoyment of life promised him in the US Constitution.

Received Mar-30-2006 10:30       From-            To-US DISTRICT COURT, N       Page 008

370. BRADSHAW prays for relief in the reimbursement of the $130 in case 95-0042, $100 in case 96-1320 before Mar 2005, $4,000 in case 96-1320 since Mar 2005, $4,000 in case 05-0084 and all other costs incurred to date in case 05-0027 and such other relief as the court may order from the defendants.

### THIRTEENTH CLAIM--Principal and Agent Relationship

371. Plaintiff incorporates herein by reference paragraphs 1-210 and 232 to 370 as hereinabove alleged as if set forth here in full.

372. The CNMI acted through its agents in the first to twelfth claims set forth above. A principal is responsible for the actions and omissions of an agent.

373. BRADSHAW accordingly suffered much pain and distress (mentally, emotionally and physically) and expended much money, personal funds and recourses and efforts in an attempt to obtain redress and to correct the injury.

374. The remedy is for the court to order restitution and removal of the illegally gained judgments and payment of damages to the plaintiff as specified in the preceding claims.

### FOURTEENTH CLAIM--Intentional, Malicious and/or Irresponsible Actions
### Causing Damage to Plaintiff BRADSHAW's Reputation
### as an Employer, Supervisor, and as a Person

375. Plaintiff incorporates herein by reference paragraphs 1-374 as hereinabove alleged as if set forth here in full.

376. The defendant and its agents FORELLI, BUSH, CLAYTON, SOSEBEE, BROWN, CASTRO, and COTTON; and BISOM; and SORENSEN have acted recklessly, deliberately, maliciously and with intent and foreknowledge to bring hurt, damage and injury on

BRADSHAW. BRADSHAW's character, professional reputation, good name, standing, property rights, etc. were damaged, defamed, slandered, maligned and infringed upon by the actions of the defendants.

377  From Dec 1996 to date, BRADSHAW accordingly has suffered much pain and distress (mentally, emotionally and physically) and expended much money, personal funds and recourses and efforts in an attempt to obtain redress and to correct the injury.

378.  The remedy is for the court to order restitution and removal of the illegally gained judgments and payment of damages by the defendants to the plaintiff as specified in the preceding claims

### FIFTEENTH CLAIM Intentional, Malicious and/or Irresponsible Actions Causing Emotional and Mental Distress On BRADSHAW

379.  Plaintiff incorporates herein by reference paragraphs 1-378 as hereinabove alleged as if set forth here in full.

380.  The failure to exercise legitimate and proper due care and concern and/or honesty and trueful actions in the conduct of their duties on SC case 96-1320 by defendant CNMI and its agents FORELLI, BUSH, CLAYTON, SOSEBEE, BROWN, CASTRO, and COTTON; and BISOM; and SORENSEN have resulted in the slandering and damage to plaintiff BRADSHAW; and have resulted in placing great emotional and mental distress upon plaintiff BRADSHAW from 1996 to date.

381.  The actions and omissions of the defendants were extreme and outrageous and done intentionally, recklessly and/or irresponsibly with the result of causing severe emotional and mental distress or were certain or substantially certain that such distress would result

from their conduct, actions and omissions.

382. The remedy is for the court to order restitution and removal of the illegally gained judgments and payment of damages by the defendants to the plaintiff as specified in the preceding claims.

### SIXTEENTH CLAIM--Loss of Enjoyment of Life

383. Plaintiff incorporates herein by reference paragraphs 1-382 as hereinabove alleged as if set forth here in full.

384. The actions and omissions of defendants CNMI, FORELLI, BROWN, CASTRO, CLAYTON, SOSEBEE, BISOM and SORENSEN has caused a loss of the enjoyment of life due BRADSHAW since 1996.

385. The actions and omissions of the defendants were extreme and outrageous and done intentionally, recklessly and/or irresponsibly with the result of causing BRADSHAW to lose the enjoyment of life to which he was otherwise due by the US Constitution.

386. The remedy is for the court to order restitution, removal of the illegally gained judgments and payment of damages to the plaintiff.

### SEVENTEENTH CLAIM--Extra Expense Placed on BRADSHAW

387. Plaintiff incorporates herein by reference paragraphs 1-386 as hereinabove alleged as if set forth here in full.

388. As a result of the actions of the defendants--the CNMI and its agents FORELLI, BUSH, CLAYTON, SOSEBEE, BROWN, COTTON, CASTRO; and BISOM and SORENSEN-- BRADSHAW has continued to incur expense in trying to resolve the BISOM complaint and now its after-effects.

389. In the former US 95-0042 case, BRADSHAW was due some $130.00 which defendant was supposed to pay as a part of the bill of costs due from BISOM on 95-0042. It was never paid. It was apparently voided/settled by the CNMI with BISOM in the settlement of 2003.

390. In the current proceeding with the AG and Public Auditor on 96-1320 from Apr 2004 until Feb. 7, 2005, BRADSHAW incurred another $100.00 in expenses. None of this was paid, despite requests by BRADSHAW for this reimbursement.

391. In legal actions pursued by BRADSHAW since Feb. 7, 2005 in CNMI case 96-1320 and US District Court Idaho case 05-84, BRADSHAW has incurred further expense.

392. In CNMI Case 96-1320, BRADSHAW expended $4,000 to obtain a void of the illegal judgment of $139,000 placed against him by the CNMI courts and Mr BISOM. The CNMI refused BRADSHAW legal assistance in this effort. BRADSHAW was forced to spend his own money to obtain the void order from the CNMI SC.

393. In USDC case 05-0084 in Idaho, BRADSHAW filed a suit similar to this one. The costs of this suit in Idaho was $4,000. It was necessitated being filed there because of several reasons.

394. First, Title 18 USC 4 requires that any person knowing of a US felony is to report it as soon as possible to a US judge. There is a penalty of a fine and three years in jail for failure to comply with this law. The nearest Federal judge was at the US Courthouse in Idaho. The complaint involved the misappropriation of US property (Post Office forms) to engage in conspiracy and fraud with the US mails.

395. BRADSHAW also notified the CNMI AG of the violations of US laws. But defendant BROWN refused to turn the alleged fraudulent documents over to US Postal inspectors or take any other action. The 18 USC 4 law was cited in 05-84 as being a reason for that suit in Idaho as well as other reasons. BRADSHAW had no attorney and limited funds and found it most appropriate to file this suit in Idaho.

396. The need for this legal action continues to make BRADSHAW incur expenses for investigatory actions/inquiries, administrative matters and legal advice and help. This action in 05-0027 has already cost BRADSHAW some $8,000. The need for expenditures continues to be incurred.

397. BRADSHAW prays for relief in the reimbursement of the $130 in case 95-0042, $100 in case 96-1320 before Mar 2005. $4,000 in case 96-1320 for the void action. $4,000 in case 05-0084, all other costs incurred to date in case 05-0027 and such other relief as the court may allocate and order as specified in the preceding claims.

**WHEREFORE**, Plaintiff BRADSHAW prays for judgment as follows:

1. For the CNMI to be compelled to produce for BRADSHAW's inspection/copying at the Clerk of SC's office all of the documents on process service/non-service on BRADSHAW and "all" alleged postal receipts as submitted to the SC by BISOM/AG in 96-1320.

2. For the appointment of a Special Prosecutor to investigate the operations of the CNMI AG and its courts in SC case 96-1320.

3. For an independent investigation to be made of BRADSHAW's criminal complaint of conspiracy and fraud against ROBERT A. BISOM, JAY H. SORENSEN, and/or whomever

of their associates; L. DAVID SOSEBEE and whomever else in the Office of the AG responsible for the preparation and submission in court of alleged postal documents: of CNMI judge ALEXANDRO C. CASTRO for conspiracy and fraud; and of AG PAMELA BROWN and others influenced by her for obstruction of justice in cases before the CNMI and US courts. Alternatively, request the US District Court to forward this case to the FBI and the appropriate US Attorney for investigation and resolution in the vein of criminal violations.

4. For the particulars of this case to be forwarded to the CNMI Bar Association for appropriate action on allegations of criminal misconduct by CNMI attorneys.

5. For ROBERT A. BISOM to be ordered to repay the $140,000 which he collected from the CNMI in case 96-1320 on the premise that the money was obtained in an illegal manner

6. For BRADSHAW to be declared to be eligible by CNMI laws for needed legal assistance and indemnification in SC case 96-1320 in connection with both the official and individual claims for his work in the CNMI in 1993-1994.

7. For actual damages (to include $8,230.00 in previous litigation and expenses by BRADSHAW) against the CNMI; defendants NICOLE C. FORELLI, WILLIAM C. BUSH, L. DAVID SOSEBEE, PAMELA S. BROWN, D. DOUGLAS COTTON and ANDREW CLAYTON of the Office of the CNMI AG; ALEXANDRO C. CASTRO of the CNMI courts; ROBERT A. BISOM; and attorney JAY H. SORENSEN according to proof and as apportioned, allocated, and assigned to each defendant by the trier of the facts;

8. For punitive, special, compensatory, general, exemplary and other damages of Two Million and Two hundred and Eighty-five Thousand Dollars ($2,285,000) against the CNMI;

Received Mar-30-2006 10:30      From-      To-US DISTRICT COURT, N     Page 016

defendants NICOLE C. FORELLI, WILLIAM C. BUSH, L. DAVID SOSEBEE, D. DOUGLAS COTTON, PAMELA S. BROWN and ANDREW CLAYTON of the AG's office; ALEXANDRO C. CASTRO of the CNMI courts; ROBERT A. BISOM; and JAY H. SORENSEN according to proof, in an amount to be apportioned, allocated and assigned to each defendant at the discretion of the trier of the facts;

9. For damages against the CNMI; defendants NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON and PAMELA S. BROWN of the Office of the CNMI AG; ALEXANDRO C. CASTRO of the CNMI courts; ROBERT A. BISOM; and JAY H. SORENSEN; for interest at the prevailing rate thereon for outstanding claims;

10. For reasonable attorney and investigatory fees and other expenses incurred by BRADSHAW in representation, consultations, inquiries and investigations;

11. For costs of suit incurred;

12. For such other and further relief as the court may deem proper.

### BRADSHAW FILES THIS ACTION PRO SE

13. Pleadings in this case are being filed by plaintiff In Propria Persona, where they are to be considered without regard to technicalities. Propria pleadings are not to be held to the high standards of perfection as practicing lawyers. A claim can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Haines v. Kerner et. al. 404 US 519; 92 S. Ct. 594, also See Power 914 F2d 1459 [11th Cir 1990], also see Hulsey v. Owens 63 F3d 354 [5th Cir 1995], also see in Re Hall v. Bellmon 935 F 2d 1106 [10th Cir 1991]).

14. In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 [Sixth Circuit USCA]).

Dated at Calder, ID, this ___29th___ day of March 2006.

*[signature]*

ROBERT D. BRADSHAW, Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___29th___ day of March 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Kristin St Peter, Asst Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Patrick Civille, Civille & Tang, PLLC, PMB 86, PO Box 10003, Saipan, MP 96950
L. David Sosebee, Box 3185, Bryan, TX 77805

*[signature]*

Robert D. Bradshaw, Plaintiff, Pro Se