## AFFIDAVIT

The undersigned, Robert D. Bradshaw, hereby certifies and affirms that before trial in Superior Court Civil Case 96-1930, the last communication received by me from the CNMI Attorney General occurred around Jun 30, 1999 from Asst AG William C. Bush, as prompted upon my initiation. No further communications, messages, letters, faxes, phone calls, etc were received by my on this case or its appeal, 2000 016 and 2000-023, until April 2004 when I received a letter from the AG, as initiated by my phone call to Mr Sachs of the AG office. On Jul 15, 2000, I wrote the AG on this matter but my letter was not answered.

In terms of communications from Mr Bisom and/or his attorney Jay H. Sorenson, I have never had any communications from them whatsoever in any form in this Case or its appeal. In about early 1997, I did receive two packages which were unidentified as to senders. They came via certified mail without any identification as to who their mailers were--although they did have a return post office box address. These two packages or mailings were returned to their senders by the post office.

In terms of possible "constructive service" from Mr. Bisom or his attorney or the AG on Civil Case 96-1320 or its appeal on Supreme Court case 2000-016 and 2000-023, I live alone and I have no other persons in my household or on my property who would accept mail or any form of service from anyone. I have no wife, no children, no employees, no friends, no colleagues, no acquaintances, etc who have or would accept mail or personal legal services on my behalf. All mail addressed to me in the US since 1994 would come only to me and no one else. I have known no one or had anyone on my property named Manny or anything close to that in the US since 1994. These facts are uncontroverted.

Dated at St. Maries, Idaho, this _9th_ day of _August_ 2005

_____
Robert D. Bradshaw

STATE OF IDAHO
COUNTY OF BENEWAH

I, __Jerry Lee Nelson_____, Notary in and for the State of Idaho,

residing at __St. Maries, Idaho._____ do hereby certify that on this

____9____ day of ____August____ 2005, personally appeared

before me Robert D. Bradshaw, to me known to be the individual described in and who

executed the within instrument for the uses and purposes herein mentioned.

Given Under My hand and Official Seal; this ___9___ day of __August__ 2005.

NOTARY PUBLIC IN AND FOR THE STATE OF IDAHO

JERRY LEE NELSON
Notary Public
State of Idaho

MY APPOINTMENT EXPIRES

__11/15/07__

2.



Received    Mar-30-2006 11:49    From-    To-US DISTRICT COURT, N    Page 007

## AFFIDAVIT

The undersigned, David Vanderholm, hereby certifies and affirms the following:

I have been the rural mail carrier along the North Newport Highway in Elk, Washington from 1987 to the present. In 1996-1998, I delivered mail to Robert D. Bradshaw who operated a video store at 40203 N. Newport Hwy. As a part of my duties, when present on my working days, all mail coming to Mr Bradshaw on my route would have come into my hands and/or my attention--certainly in 1996-1998 when Bradshaw lived in Elk and even somewhat in 1999-2000 after Mr Bradshaw moved and his mail was being forwarded or returned from Elk. After Mr Bradshaw moved in late 1998, I delivered no more mail as addressed to him in Elk. It was forwarded to his new address and/or eventually returned.

A question has come to my attention over certified mail from Saipan, MP 96950 to Mr Bradshaw. Reportedly, two certified mail packets came in letter sized brown envelopes in late 1996 and/or 1997 from an unidentified sender but with a Saipan Post Office box. Reportedly, these were returned by the Elk Post Office as Mr Bradshaw refused to accept them.

Otherwise, it has been brought to my attention that some four or so more certified mail packets allegedly came to Mr Bradshaw in Elk from Saipan, MP 96950 in about 1998-1999 and that they were receipted by a third party in Elk, possibly named "Manny" or something similar. I recall no instance when I had a certified mailing for Mr Bradshaw which was delivered to a third party. Postal regulations require the delivery of certified mail to persons 18 years old or older at the address so stated and persons known to the carrier. For sure, I would have remembered four of these mailings. If the mailings were in letter sized brown envelopes without a named mailer, they would have really stuck out. Finally, I have never known a person named Manny (evidently a Hispanic derived name) or anything similar on my route.

Dated at Deer Park, Washington this _10_ day of _May_ 2005.

David Vanderholm
US Post Office, 9409 Bridges Road, Elk, WA
Phone 509-292-2750

STATE OF WASHINGTON
COUNTY OF SPOKANE

I, _Jeanetta R Taylor_, Notary in and for the State of Washington, residing at _Newport, WA_ do hereby certify that on this _10th_ day of _May_ 2005, personally appeared before me David Vanderholm, to me known to be the individual described in and who executed the within instrument for the uses and purposes herein mentioned.

Given Under My hand and Official Seal; this _10th_ day of _May_ 2005.

NOTARY PUBLIC IN AND FOR THE STATE OF WASHINGTON

MY APPOINTMENT EXPIRES _Feb. 16, 2008_







The following is transmitted by both FAX and US mail:

Jan 25, 2005

AG, Commonwealth of the Northern Mariana Islands
Caller Box 10007, Capitol Hill
Saipan, MP 96950

Gentlemen:

Reference is made to CNMI Superior Court Case No 96-1320 (in which the case file shows post office receipts allegedly from me showing that I received service on the complaint and its amendments by certified mail), my written and telephone communications on this matter to your office from Sep 12, 2004 on to this date, my attached memo for record (enclosures C and D), and my request from me to file a criminal complaint against the person or persons whom had prepared the receipts, all of which I deem to be forgeries and involving fraud to prompt a $139,000 default judgment against me in the Superior Court case.

It is my understanding that your office has undertaken an investigation commenced on or about Sep 12, 2004 on my request to file criminal charges against the party or parties producing the alleged mail receipts. In my conversation with Mr Buckingham of your office, I noted the possibility that the alleged mail receipts involved could become lost or damaged in the course of your investigation. I strongly recommended that your office make xerox copies of the original receipts and have a notary certify them as certified true copies of an original. These copies can be used in your investigation while the actual receipts can be safeguarded and secured to prevent loss or damage. I hope that this security process was implemented.

I also suggested to Mr Buckingham that Postal inspectors are available in the US to precisely investigate matters such as my complaint. This process could be done fairly quickly and involve little expense to the CNMI (although each passing day since Sep 12, 2004 goes to make it more possible that the Postal records or people will be unable to determine what happened). Finally, I suggested that this whole thing can be referred to the FBI as it involves interstate fraud and possible conspiracy to defraud both me and the CNMI (I note that the CNMI has already paid out over $100,000 in this matter plus the judgment of $139,000 against me).

In the Supreme court decision on this case, it appears that plaintiff argued that under the CNMI indemnification act, the CNMI should pay the $139,000. The court said that since I allegedly had not asked for any indemnification, none is due (apparently, the court said that if I had asked for indemnification, the plaintiff would have been paid the $139,000 judgment). Of course, it is totally wrong (and I would suggest that it is absurd and virtually impossible to believe) that "I had not asked for indemnification." The truth is that my attorney, the AG, had not informed me on what had happened or was happening on this case, despite my many contacts and persistence with the AG on this matter.

In any case, in accordance with the Supreme Court decision, I sent your office the attached letter (enclosure A) on Sep 12, 2004 by both fax and mail requesting indemnification. Mr Buckingham confirmed by telephone conversation that he had seen my fax. As I desired something in writing on this matter, I wrote the attached letter (enclosure B) on Nov 26, 2004 asking for a formal confirmation. I never received a reply.

Again, I ask for a formal confirmation on this request from me for indemnification of $139,130 and what your response is to my request. I will only note here that if this request is not honored promptly, I am continuing to incur expenses for phone calls, postage, etc, plus much pain and suffering. I hope that your office with address these needs promptly. Thanking you, I am,

Your very truly,

Robert D. Bradshaw
PO Box 473, Calder, ID 83808, Phone 208-245-1691




This letter is being transmitted by both fax 670-664-2349 and US mail.

Feb 7, 2005

Attorney General, CNMI
Caller Box 10007, Capitol Hill
Saipan, MP 96950

Gentlemen:

The purpose of this letter is to once more ask for AG representation, assistance and indemnification on Civil Case 96-1320.

On Sep 12, 2004 and thereafter I furnished your office affidavits of 23 Aug 2004 from me on all correspondence from your office to me and my correspondence to you on the question of service. Beyond these letters from me, my files show at least one more letter, copy attached, which discussed the case but did not comment on service (hence I did not send it to you earlier in 2004).

On the question of indemnification, page 18 of the Supreme Court decision indicates that indemnification is contingent upon the employee requesting government defense in the court action five days before the answer is filed on the complaint. My letter of Jul 14, 1999 did request defense if service was effected (though the alleged service was unbeknown to me, the court decided that service was made). Therefore this request date of five days before an answer was made was met or was otherwise inapplicable, irrelevant and/or impossible (for many reasons including the reality that no answer was ever made in court).

Too, in my conversation with Mr Buckingham on Sep 12, 2004 I brought up the matter of me filing criminal charges and asked him to represent me and to follow up in Superior Court to have that $139,000 judgment stricken from the record on the basis of fraud. Several times, I noted to Mr Buckingham that he was supposed to be my attorney, per my view. Mr Buckingham and I also briefly noted the situation with the statutes of limitations.

Of course, all along, I have wanted your office to make a prompt investigation of this matter and go into the CNMI Superior Court and have the judgment against me completely stricken. Also I made request on Sep 12, 2004 for your office to take immediate action on the question of the CNMI indemnification act. If the CNMI paid the $139,000 in Sep 2004, the question of the striking the judgment from the record because of fraud could have been delayed a few days or weeks after Sep 12, 2004.



On indemnification, page 10 of the Supreme Court decision notes the trial court's decision to refuse indemnification to Bradshaw for the $139,000 default judgment because "there was no request by defendant Bradshaw" for indemnification under Section 2304(a). But the court decision was made even after there was a recognition that there was a conflict of interest on the question of indemnification between Bradshaw and the CNMI government (p. 12 of the decision).

By copy of the attached letters, I have requested indemnification from the CNMI via letters to the Public Auditor and the AG (copies attached). Once again, I recommend that the CNMI take immediate action to indemnify me for the previously cited $139,130 plus the new expenses incurred by me on 96-1930 (approximately $100 in telephone calls, fax charges, postage, paper and copies, car expenses, notary charges, etc).

Finally, I note that I have filed criminal complaints with your office against the party or parties responsible for representations made to the CNMI courts about alleged certified letters being sent to me. As I noted in my Jul 14, 1999 letter to the AG, any such allegations are fraudulent. Because the statutes of limitations dates are in jeopardy, I urge the CNMI to take immediate action on this letter. Thanking you, I am,

Yours very truly,

Robert D. Bradshaw
PO Box 473
Calder, ID 83808
Phone  208-245 1691




Received Mar-30-2006 11:56    From-    To-US DISTRICT COURT, N    Page 003

LAW OFFICE

# HALL, FARLEY, OBERRECHT & BLANTON, P.A.

702 WEST IDAHO STREET, SUITE 700
KEY FINANCIAL CENTER
BOISE, IDAHO 83702

POST OFFICE BOX 1271
BOISE, IDAHO 83701

TELEPHONE (208) 395-8500
FACSIMILE (208) 395-8585
V:\Forms_Word\BOILERPLATE\Letterhead.doc

E-MAIL: contact@hallfarley.com
WEB PAGE: www.hallfarley.com

RICHARD E. HALL            KEELY E. DUKE
DONALD J. FARLEY           JAMES S. THOMSON, II
PHILLIP S. OBERRECHT       SCOTT R. LEARNED
J. CHARLES BLANTON         BRYAN A. NICKELS
RAYMOND D. POWERS          MATTHEW J. RYDEN
CANDY WAGAHOFF DALE        BRENT T. WILSON
J. KEVIN WEST              CHRIS D. COMSTOCK
BART W. HARWOOD            JILL M. TWEDT
JOHN J. BURKE              JENNIFER A. SWARTZ
KEVIN J. SCANLAN           KARIN DWELLE
TAMSEN L. LEACHMAN

*With Attorneys Admitted to Practice Law in
Idaho, Oregon, Washington and Utah*

July 13, 2005

Robert D. Bradshaw
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808

  Re: *Bradshaw v. CNMI, et al.*
    HFOB File No. 3-635

Dear Mr. Bradshaw:

This letter is written in response to your letter dated June 20, 2005.

Representatives of the CNMI Office of the Attorney General ("CNMI AG") did not access, let alone "take possession" of, the CNMI Superior Court's file regarding Case No. 96-1320 on September 12, 2004, or on any other date. Moreover, Ms. Sablan has confirmed that the Superior Court of the CNMI does not check out or otherwise permit lawyers or other persons to take possession of its files. By contrast, the Court permits inspection of its files <u>only</u> at the clerk's window in the presence of the clerk. Thus, even if CNMI AG representatives endeavored to review the court's file, which they did not, they could not have "taken possession" of the same.

The CNMI AG strenuously denies that it altered, removed or tampered with any of the CNMI Superior Court's records concerning Case No. 96-1320 or any other case.

        Very truly yours,

        Matthew J. Ryden

MJR:ccv
cc:  clients



Received Mar-30-2006 11:56 From- To-US DISTRICT COURT, N Page 004




# SUPERIOR COURT

COMMONWEALTH OF THE NORTHERN MARIANAS ISLANDS
P.O. BOX 500307
SAIPAN, MP 96950

January 18, 2006

Robert D. Bradshaw
P.O. Box 473
Calder, ID 83808

Dear Mr. Bradshaw:

Enclosed you will find documents you have requested in your letter. Also, the court does not have the letter you are requesting on the Opposition to Motion to Remove Case filed on February 03, 2000

Should you need additional information, please let me know.

Sincerely,

Bernadita A. Sablan
Clerk of Court



Clerk of Court     Family Court Division     Commonwealth Recorder     Office of Adult Probation

*[Page contains two photocopied USPS Domestic Return Receipt (PS Form 3811) cards, rotated upside-down. Both are addressed to:]*

> Robert D. Bradshaw
> 40203 N. Newport Hwy
> Elk, WA 99009

Article Numbers: Z 142 485 874 (top) and Z 142 485 873 (bottom)

Signatures appear to read "Manny Mangohig" / "manny"

(49)

EXHIBIT 4