JAY H. SORENSEN
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Telephone: 86-21-5083-8542
Facsimile: 86-21-5083-8542

*Attorney Appearing in Pro Se*

FILED
Clerk
District Court

APR 20 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, ) | Civil Action No. 05-0027 |
| Plaintiff, ) | NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. ) | |
| ) | |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., ) | Hearing date: May 18, 2006 |
| Defendants. ) | Time: 9:00 a.m. |

TO PLAINTIFF, ROBERT D. BRADSHAW

NOTICE IS HEREBY GIVEN, that on May 18, 2006 at 9:00.a.m., or as soon thereafter as the matter may be heard, defendant, JAY H. SORENSEN, will and does hereby, move the court to dismiss the second amended complaint.

This motion is made, and will be based, upon Rule 41(b), Federal Rules of Civil Procedure, on the grounds that the second amended complaint fails to make a short and plain statement of the

- 1

1 claims, using simple, concise, and direct averments, in violation of Rule 8(a) and Rule 8(e), Federal
2 Rules of Civil Procedure and in violation of this court's order filed February 21, 2006..
3     This motion will be based on this notice, the within memorandum of points and authorities,
4 the records and documents on file in this action, and upon such other and further matter as may come
5 before the court at the time of hearing.
6
7
8                                    Jay H. Sorensen
9
10                    MEMORANDUM OF POINTS AND AUTHORITIES
11     Fed.R.Civ.P. 8(a) provides, in pertinent part: "A pleading which sets for a claim for relief,
12 ..., *shall* contain (1) a *short and plain* statement of the grounds upon which the court's jurisdiction
13 depends, ...(2) a *short and plain* statement of the claim showing that the pleader is entitled to
14 relief,..." (Emphasis added). Fed.R.Civ.P. 8(e)(1) states: "Each averment of a pleading *shall* be
15 *simple, concise, and direct.* No technical forms of pleading or motions are required." (Emphasis
16 added).
17     In the Order Granting Defendant Sorensen's Motion to Dismiss with Leave to Amend
18 entered on February 21, 2006 (hereinafter "Order"), the Court set forth the requirements of Rule 8,
19 explained the difficulties for the court and the parties when it is not adhered to, and described
20 several ways how the plaintiff's amended complaint failed to conform to the requirements of Rule
21 8. The court then gave some specific guidelines as to how to reconstruct the second amended
22 complaint in order to make it comply.
23
24
25
                                 -2-

Despite this, plaintiff's latest pleading, the second amended complaint, is still not a short, plain statement of claims, and it still falls considerably short of being simple, concise and direct. Like its predecessor, it is long and complicated. Although it has been shortened some in terms of page length, from 81 to 75 pages, like its predecessor, it attempts to state 17 different causes of action, employing 397 paragraphs (not counting 14 more in the prayer), compared to 288 paragraphs in the first amended complaint. Perhaps most frustrating in terms of sheer volume is that the amount of exhibits has actually increased substantially--now 30 items consisting of 59 pages, compared to 39 pages of evidentiary material appended to the first amended complaint. Thus, the second amended complaint is actually longer than the last one by 14 pages.

As before, the principal problem is that plaintiff is not content to merely describe what his claims are. Instead, plaintiff feels the need to explicate, justify, argue, and, indeed, prove his claims in the context of his complaint. A prime example of this is the part that is headed "Judge CASTRO's Gross Incompetence," found in pages 17 through 25. In paragraphs 83 to 104 he explains in detail why Judge Castro's rulings were wrong, then concludes that they are so obviously wrong that it shows that the judge entered into a conspiracy with this defendant, his client, Bisom, and the Attorney General's representatives to have a default judgment entered against him. It is almost totally argument. Plaintiff even bolster's his diatribe by pointing to the recent ruling of the C.N.M.I. Superior Court granting his motion to vacate the judgment against him, and that it "proved the gross incompetence of CASTRO and his court" (¶86), and that "the later SC void order of Dec 29, 2005 proved" that plaintiff was correct when he said he had never been properly served. (¶103)

In paragraphs 110 through 116 the complaint sets forth several points that are referred to as ones relating to "subject matter jurisdiction," but really address the defenses that plaintiff believes he had to the substance of the claims that were brought against him in the superior court case, which he says he was deprived of the opportunity of utilizing due to the default judgment. These paragraphs

- 3 -

1. ramble on about some of the reasons that plaintiff contends that he should never have been found
2. liable in the superior court case. One of the reasons indicated is because he could not possibly have
3. discriminated against Bisom on account of his being Jewish because "there is no Jewish race," citing
4. the Universal Jewish Encyclopedia. (¶110). That paragraph also refers to one of the attached
5. exhibits, a letter of his to the Attorney General, to further drive home his point. All of this is
6. completely unnecessary to stating a claim.
7.     Another clear example of dialectics that clearly has no place in a pleading filed under the
8. Federal Rules of Civil Procedure is found in paragraphs 175 through 196, labeled "AG Brown Lies
9. and Obstructs Justice." These detail all the things that irritated plaintiff about what the Attorney
10. General and her staff did in late 2004, when plaintiff finally, after over four years, took the time to
11. find out what happened in the case against him by contacting counsel. This includes three
12. confusing paragraphs that apparently try to explain an alleged mistake in a letter from Attorney
13. General Brown that accused him of six months delay, when, in fact, according to plaintiff, it was
14. only four months, as though this distinction proved her deceitful motive, lack of credibility, and
15. malice toward him. (¶¶ 189-191) Also in this section, in paragraph 187, is another example of
16. plaintiff's inability to stick to factual allegations, and to fill space with his own conclusions, opinions
17. and frustrations.[1]
18.     Plaintiff fails to heed the direction from the court's order of February 21, 2004 in several
19. respects. For example, the order says "the complaint need not explain what process is and whether
20. process was effectuated." (Order, p.2, line 20) Yet, in paragraphs 47 through 55 the complaint
21. discusses why service was not properly effected on him according to the laws of the C.N.M.I. and

---

[1] ¶187 reads: "Defendant BROWN appears to never put anything in writing, but rather to only commit to writing when it becomes absolutely necessary. Without written documents, any contact with the AG becomes difficult. Without things in writing, it is easy for the AG to lie, deceive, twist, distort, deny, obsfucate [sic], stall and generally obstruct justice.

-4-

1  Washington. Then in paragraphs 57 through 73 it provides more detail as to why it was that plaintiff
2  was not properly served and the evidence that proves it, including reference to the exhibits attached
3  to the complaint (¶¶65-68) and citation of case authority (¶62).
4    Another example of something that does not belong in a complaint, thus making it longer and
5  more complicated than it is supposed to be, is the allegation of corruption on the part of Judge Castro
6  in cases before him, charging that he funneled large sums of money to Pedro Atalig. (¶¶126-127)
7  Here the complaint couches the averments with the words "have been accused of" and "allegedly,"
8  indicating that plaintiff is relying on rumor to make these charges. In any event, they are not
9  material elements to any claim plaintiff is making, and there is no reason to include them other than
10 to add an inflammatory and prejudicial sting to his discourse.
11   Other examples of clearly inappropriate verbiage are: paragraph 139, which discusses the
12 ease of preparing fraudulent documents, the improvement in the post office's validation procedures
13 since 1997, and the ease with which postal employees on Saipan could be bribed; paragraph 170,
14 which includes a quote from a U.S. Supreme Court case, but without citation other than case name;
15 paragraph 200-201, which discusses why plaintiff filed the previous case in Idaho and all his
16 connections to the state of Idaho, in an apparent attempt to justify the costs involved in doing so;
17 paragraphs 284 and 285, which engage in hyperbole in characterizing Judge Castro's actions,
18 including language that "[h]e ran a totally and maliciously incompetent court" and that "the trial was
19 characterized by absolute confusion and pandemonium." [2]
20   This memorandum does not seek to provide an exhaustive list of all that is wrong with the
21 second amended complaint and every instance of its inconsistency with Rule 8. That is impractical.
22 _____
23 [2] One has to wonder on what plaintiff bases such allegations, since he was not at the trial and has no
24 apparent access to a transcript.
25

- 5 -

But anyone who reads it can plainly see, that the second amended complaint is, in the same way as the amended complaint that preceded it, argumentative, prolix, replete with redundancy, and largely irrelevant. Like the one before, it consists mostly of immaterial background information and the plaintiff's musings.

Rule 8 uses the mandatory language "shall" in its direction as to how a pleading is to be drafted. For the reasons that this court has enunciated in the prior order, the second amended complaint should not be tolerated. "Simply stated, such pleadings should not be permitted to stand in the face of the positive language of our Federal Rules of Civil Procedure." *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir 1980) (complaint of 30 pages with 9 pages of addenda stricken for failure to comply with Rules 8(a), 8(e) and 9(b)).

The fact that plaintiff is without legal representation does not alter this. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The liberality of construction of pleadings that pro se litigant enjoy "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure..." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). "Although we construe [plaintiffs'] pro se pleading liberally, they must comply with applicable procedural rules, including FED.R.CIV.P. 8." *Wilkin v. Thomas*, 104 Fed. Appx. 140, 141 (10th Cir. 2004).

Defendant moves under Fed.R.Civ.Proc. 41(b) to dismiss the second amended complaint, and urges that this be done without leave to amend.[3] In the prior case filed in Idaho, plaintiff filed a

---

[3] Rule 41(b) provides in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him...Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision...operates as an adjudication upon the merits."

- 6 -

1   second amended complaint.[4]  He has now filed two amended complaints in this court. Thus, the
2   complaint now before the court is plaintiff's sixth attempt to get it right. At this point the court is
3   well justified in dismissing with prejudice.  See, *Von Poppenheim v. Portland Boxing & Wrestling*
4   *Com.*, 442 F.2d 1047,1049 (9th Cir. 1971)(holding that aggravated circumstances may make
5   dismissal under Rule 41(b) appropriate, and finding plaintiff's complaint was "prolix, confused and
6   obscure.")

                                        Respectfully submitted,

                                        /s/ Jay H. Sorensen
                                        Jay H. Sorensen
                                        In Pro Se

---

[4] *Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (C. Idaho 2005), p. 2, line 8.

-7-

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _April 20, 2006_

a copy of the following:

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

was deposited for delivery to the U.S. Post Office, first class mail, postage prepaid, addressed as set forth below (except as noted below):

    Robert D. Bradshaw
    P.O. Box 473
    1530 W. Trout Creek Road
    Calder, Idaho 83808

\* Office of the Attorney General – Civil Division
    Commonwealth of the Northern Mariana Islands
    2nd Floor, Hon. Juan A. Sablan Bldg
    Caller Box 10007
    Saipan, MP 96950

    Civille & Tang
    2nd Floor Cabrera Center
    PMB 86, P.O. Box 10003
    Saipan, MP 96950

    _/s/ Jay H. Sorensen_
    Jay H. Sorensen

\* Served electronically by agreement of the parties