ORIGINAL

FILED
Clerk
District Court

APR 24 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  KRISTIN D. ST. PETER
   Assistant Attorney General
2  Commonwealth of the Northern Mariana Islands
   Office of the Attorney General-Civil Division
   2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
3  Caller Box 10007
   Saipan, MP 96950

4  Attorney for: **Defendant SOSEBEE**

5

6  IN THE UNITED STATES DISTRICT COURT
   DISTRICT OF THE NORTHERN MARIANA ISLANDS

7  ROBERT D. BRADSHAW,                          Case No. 05-0027

8                  Plaintiff,

9          vs.

10 COMMONWEALTH OF THE NORTHERN              **DEFENDANT SOSEBEE'S**
   MARIANA ISLANDS, NICOLE C. FORELLI,       **NOTICE OF MOTION TO QUASH**
11 WILLIAM C. BUSH, D. DOUGLAS COTTON,       **SERVICE OF SUMMONS;**
   L. DAVID SOSEBEE, ANDREW CLAYTON,         **DECLARATIONS OF SOSEBEE**
12 UNKNOWN AND UNNAMED PERSONS IN            [Fed. R. Civ. P. 4 AND 12(b)(5)]
   THE CNMI OFFICE OF THE ATTORNEY
13 GENERAL, ALEXANDRO C. CASTRO, JOHN        HEARING:  MAY 2 5 2006
   A. MANGLONA, TIMOTHY H. BELLAS,           TIME:   9 :00 a.m./p.m.
14 PAMELA BROWN, ROBERT BISOM, AND
   JAY H. SORENSEN,
15
                   Defendants.
16

17

18
                              **NOTICE**
19                           MAY 2 5 2006
           PLEASE TAKE NOTICE THAT on _____,2006, at ____9:00 a.m./p.m., or as
20
   soon thereafter as the matter may be heard, in the above-entitled Court, the Office of the Attorney
21
   General of the Commonwealth of the Northern Mariana Islands, on behalf of Defendant Sosebee, will

and hereby does move this Court, pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure to quash service of the Summons and Amended Complaint on Mr. Sosebee for insufficiency of service of process. Mr. Sosebee submits this motion for the limited purpose of quashing service of the Summons and Amended Complaint and reserves the right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6).

This Motion is based upon this Notice of Motion, Motion and the accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, all matters of which judicial notice may be taken, and upon such further argument and evidence as may be considered by the Court at or before the hearing on this matter.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: April 23, 2006.

By /s/ K. D. St. Peter

Kristin D. St. Peter

KRISTIN D. ST. PETER
Assistant Attorneys General
Commonwealth of the Northern Mariana Islands
Office of the Attorney General-Civil Division
2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950

Attorneys for: **Defendant Sosebee**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, <br><br> Plaintiff, <br><br> vs. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN, <br><br> Defendants. | Case No. 05-0027 <br><br> **DEFENDANT SOSEBEE'S MOTION TO QUASH FOR DEFECTIVE SERVICE PURSUANT TO FED. R. CIV. P. 4 AND 12 (b) (5) AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |

<u>MOTION</u>

Now Comes, the Commonwealth of the Northern Mariana Islands (hereafter "CNMI") Attorney General's Office on behalf of Defendant David Sosebee (hereafter sometimes "Defendant" or "Defendant Sosebee") and moves to quash Plaintiff Robert D. Bradshaw's Summons and Complaint in the above entitled action on the grounds of defective service. Defendant Sosebee submits this motion

for the limited purpose of challenging Plaintiff's method of service and reserves the right to file a motion to dismiss on Federal Rule of Civil Procedure 12 (b)(6) grounds at a later time.

## BACKGROUND

Plaintiff, a former Temporary Public Auditor for the CNMI, initially filed an action very similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005.[1] Plaintiff then filed a Second Amended Complaint with the U.S. District Court of Idaho on May 18, 2005, which asserted at least seventeen claims against numerous CNMI judges and former Attorneys General under an exhaustive list of federal civil and criminal statutes, including, among others, the Racketeer Influence Corrupt Organizations Act, the Immigration Reform and Control Act and numerous Federal Civil Rights causes of action.[2] Shortly thereafter Defendants moved to dismiss Plaintiff's complaint on numerous grounds, including the lack of personal jurisdiction. On July 25, 2005, the U.S. District Court of Idaho granted Defendants' motion to dismiss.[3]

Plaintiff then filed this lawsuit on the same, or substantially similar, grounds as the matter dismissed by the U.S. District Court of Idaho. On February 21, 2006, this Court dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint. On or around early April 2006, Plaintiff filed a Second Amended Complaint with this Court.

Defendant Sosebee is an individual and former employee of the CNMI government currently residing in the State of Texas. Defendant Sosebee was never served with Plaintiff's Amended

---

[1] Plaintiff's Amended Complaint ¶1 and 23.

[2] *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005) attached.

[3] *See id.* at 10.

Complaint in this action. On April 4, 2006 and while residing in Texas, Defendant received, but never signed for, a summons and Second Amended Complaint in the above-entitled action through United States Postal Service Priority mail. The mail envelope was addressed to Defendant Sosebee at his Post Office Box: P.O. Box 3185, Bryan, TX 77805-3185. No certified or registered mail stickers were attached, and Defendant Sosebee did not sign a return receipt. The Post Office Box belongs exclusively to Defendant Sosebee.

Defendant Sosebee has never waived the service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and is unwilling to do so at this time. Accordingly, Defendant Sosebee argues herein that Plaintiff's service fails to comport with the requirements set forth in the Federal Rules of Civil Procedure. As a result of this defect, Plaintiff's service upon Defendant Sosebee should be quashed.

## ARGUMENT

*Pro se* litigants are held to the same procedural rules as counseled litigants.[4] Federal Rule of Civil Procedure 12 (b) (5) "allows for a motion to dismiss for insufficiency of process" and "permits a defendant to challenge the method of service attempted by the plaintiff."[5] Moreover, "where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant."[6] The party upon whose behalf service was made

---

[4] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

[5] Fed. R. Civ. P. 12 (b) (5) (2002); *see also Cranford v. U.S,*. 359 F.Supp. 2d 981, 984 (E.D. Cal. 2005).

[6] *See Cranford supra*; *see also Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985).

3

has the burden of establishing its validity.[7] When the party propounding service upon another fails to sustain this burden, courts have routinely quashed service.[8]

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."[9] With regard to service of process, Rule 4 (e) states:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) *pursuant to the law of the state in which the district court is located, or in which service is effected*, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.[10]

Based upon Rule 4 and due to the fact that the Defendant has not waived service, a summons and complaint must be served either a) pursuant to the laws of the CMNI or the state where service is effected, or b) in person.

In this instance, Defendant Sosebee was served through regular United States Postal Service mail and not in person, nor via registered or certified mail. Because personal service did not occur,

---

[7] *See Cranford supra, see also Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Ore. 1984).

[8] *See Wells supra; see also Metts v. University of Nevada-Reno*, 301 F.Supp. 1247 (D.Nev. 2004)

[9] *See Cranford v. U.S,.* 359 F.Supp. 2d at 983 .

[10] Fed. R. Civ. P. 4 (e) (2005).

4

Plaintiff is required to serve Defendant in the manner prescribed by CNMI or Texas law. Failure to do so is grounds for a wholesale dismissal of this action, or permits this honorable Court to quash Plaintiff's service upon Defendant Sosebee.

    a.    *Bradshaw's Service Is Improper Under CNMI Law*

Commonwealth Code Title 7 § 1101 *et seq.* governs "service of process in all actions and proceedings properly before or in a court of jurisdiction within the Commonwealth including . . . the United States District Court for the Northern Mariana Islands." Because Defendant Sosebee resides outside the Commonwealth's physical boundaries, 7 C.M.C. § 1102 (b) states that service of process must be made in accordance with 7 C.M.C. § 1104.[11]

There are two service requirements articulated in § 1104 for parties residing outside the CNMI.[12] The first requirement is that a certified copy of the summons and complaint be served upon the CNMI Attorney General's Office regardless of whether the Attorney General represents a party to the action.[13] Plaintiff has met this requirement. The second requirement is that a copy of the summons and complaint must then be served upon the defendant either in person, or by certified or

---

[11] 7 CMC § 1102 (b) (2000) Service of process upon any person who is subject to the jurisdiction of the courts of the Commonwealth, as provided in this section, may be made as provided by 7 CMC § 1104, if the person cannot be found in the Commonwealth, with the same force and effect as if process had been personally served within the Commonwealth.

[12] 7 CMC § 1104 (a) (2000) When service of process is provided by 7 CMC §§ 1102 and 1103, service shall be made by leaving a certified copy with the Attorney General, who shall keep a record of each such process and the day and hour of service; provided, that notice of the service and a copy of the summons and of the complaint are served upon the defendant personally by any person authorized to serve process in the place in which he or she may be found or appointed by the court for the purpose; or sent by certified or registered mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or his or her attorney shall file an affidavit of service with the clerk of courts showing that copies of the summons and complaint were served or sent by certified or registered mail, and in the latter case, **the return receipt signed by the defendant shall be filed with the affidavit**. The service shall be deemed complete upon delivery of the required papers to the defendant outside the Commonwealth, personally or by mail as provided.

registered mail with the receipt signed by the defendant and filed with the court.[14]

Based upon our facts, Plaintiff failed to serve Defendant Sosebee in accordance § 1104. Although it is true that Plaintiff served Defendant Sosebee by United States mail, service was not made through certified or registered mail and the Defendant never sign a mail receipt. Both of these actions are required by § 1104 to perfect service. Consequently, Plaintiff's service of the summons and complaint upon Defendant Sosebee does not satisfy the service requirements described in Federal Rule 4 (e) and 7 C.M.C.§1101 *et seq.*

  b. *Bradshaw's Service Is Improper Under Texas Law*

Bradshaw has also failed to perfect service under Texas law. In Texas, "[a] judgment cannot be rendered against a defendant unless the defendant was served with process, accepted or waived service, or entered an appearance."[15] "The citation [summons] and a copy of the plaintiff's petition [complaint], which is attached, are collectively referred to as the 'process.' Service of process is accomplished when the citation and a copy of the petition are delivered to the defendant, or the defendant is given notice of the suit through some other authorized means."[16] Service by certified or

---

[Footnote continued from previous page]

[13] *See id.*

[14] *See id.*

[15] *See* Michol O'Connor & Byron P. Davis, <u>O'Connor's Texas Rules Civil Trials 2004</u> 118 (2004) (citing Tex. R. Civ. P. 124; <u>Werner v. Colwell</u>, 909 S.W.2d 866, 869-70 (Tex. 1995).

[16] *See* O'Connor & Byron P. Davis, supra, at 118.

registered mail is permitted under Texas law,[17] but not service through regular mail as here.[18]

In addition, "no person who is a party to or interested in the outcome of a suit may serve any process in that suit."[19] Mr. Bradshaw is thus precluded from serving Mr. Sosebee directly.

Once again, Plaintiff's service of the summons and complaint upon Defendant Sosebee is not legally sufficient because the Plaintiff's method of service is inadequate under Texas law.

## CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant Defendant Sosebee's Motion to Quash for Defective Service until such time as Plaintiff effectuates service in accordance with the Federal Rules of Civil Procedure.

In the alternative, if this honorable Court denies this Motion, Defendant Sosebee requests leave to join Defendant CNMI et al.'s responsive pleading and/or depositive motion to be submitted June 19, 2006.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated April 23, 2006.         By _____
                                 Kristin D. St. Peter

---

[17] See O'Connor & Byron P. Davis, supra, at 121 "Service by certified mail may only be made by (1) the clerk of the court, (2) the sheriff or constable or any other person authorized by law, or (3) any person 18 years of age or older, authorized by law or by order of court.".

[18] See Tex. R. Civ. P. 106 ("the citation by be served by any person authorized by Rule 103 by . . . mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto").

[19] See Tex. R. Civ. P. 103.

7

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>Defendants. | Case No. 05-0027<br><br>**DECLARATION OF DAVID SOSEBEE IN SUPPORT OF MOTION TO QUASH** |

I, DAVID SOSEBEE, under penalty of perjury, declare as follow:

1. I am an individual currently residing in the State of Texas.

2. On April 4, 2006, I received a package through regular mail at my Post Office Box: P.O. Box 3185, Bryan, TX 77805-3185.

3. As the package arrived via regular mail and not registered or certified mail, I never signed a return receipt.

4. This package contained a copy of Plaintiff's Second Amended Complaint in the above-

9

entitled action.

5. I was never served with Plaintiff's First Amended Complaint in the above-entitled action.

6. I have exclusive access to my Post Office Box and would have been the only person to sign a return receipt.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Signed in Bryan, Texas this ___ day of April, 2006.

_____
David Sosebee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on the 24 day of April 2006, upon the following:

Robert D. Bradshaw
Plaintiff, Pro Se
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808

Jay Sorensen
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone:   (86) 21 5083-8542
Facsimile:   (86) 21 5083-8542

Civille and Tang, PLLC
330 Herman Cortez Ave, Suite 200
Hagatna, Guam 96910
Telephone:   671-472-8868
Facsimile:   671-477-2511

_____
Kristin D. St. Peter
Assistant Attorney General

8