F I L E D
Clerk
District Court

APR 2 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**1** KRISTIN D. ST. PETER
Assistant Attorney General
**2** Commonwealth of the Northern Mariana Islands
Office of the Attorney General-Civil Division
2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
**3** Caller Box 10007
Saipan, MP  96950

**4**
Attorney for:  **Defendant Clayton**

**5**

**6**
IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

**7** ROBERT D. BRADSHAW,                                   Case No.  05-0027

**8**                            Plaintiff,

**9**                            vs.

**10**                                                       DEFENDANT CLAYTON'S
COMMONWEALTH OF THE  NORTHERN              MOTION TO QUASH
**11** MARIANA ISLANDS, NICOLE C. FORELLI,       FOR DEFECTIVE SERVICE
WILLIAM C. BUSH, D. DOUGLAS COTTON,       PURSUANT TO FED. R. CIV. P. 4
**12** L. DAVID SOSEBEE, ANDREW CLAYTON,        AND 12 (b) (5) AND INCORPORATED
UNKNOWN AND UNNAMED PERSONS IN            MEMORANDUM OF POINTS AND
THE CNMI OFFICE OF THE ATTORNEY            AUTHORITIES
**13** GENERAL, ALEXANDRO C. CASTRO, JOHN
A. MANGLONA, TIMOTHY H. BELLAS,
**14** PAMELA BROWN, ROBERT BISOM, AND          DATE:  MAY 2 5 2006
**15** JAY H. SORENSEN,                                      TIME:  9:00 A.M

**16**                            Defendants.

**17**                                   __MOTION__

**18**
     Now Comes, the Commonwealth of the Northern Mariana Islands (hereafter "CNMI")
**19**
Attorney General's Office on behalf of Defendant Andrew Clayton (hereafter sometimes "Defendant"
**20**
or "Defendant Clayton") and moves to dismiss or quash Plaintiff Robert D. Bradshaw's Summons and
**21**
Complaint in the above entitled action on the grounds of defective service.  Defendant Clayton submits

1    this motion for the limited purpose of challenging Plaintiff's method of service and reserves the right

2    to file a motion to dismiss on Federal Rule of Civil Procedure 12 (b)(6) grounds at a later time.

3                                                   **BACKGROUND**

4            Plaintiff, a former Temporary Public Auditor for the CNMI, initially filed an action very

5    similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005.  Plaintiff's

6    Amended Complaint ¶1 and 23. Plaintiff then filed a Second Amended Complaint with the U.S.

7    District Court of Idaho on May 18, 2005, which asserted at least seventeen claims against numerous

8    CNMI judges and former Attorneys General under an exhaustive list of federal civil and criminal

9    statutes, including, among others, the Racketeer Influence Corrupt Organizations Act, the Immigration

10   Reform and Control Act and numerous Federal Civil Rights causes of action. *See Bradshaw v.*

11   *Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005).

12   Shortly thereafter Defendants moved to dismiss Plaintiff's complaint on numerous grounds, including

13   the lack of personal jurisdiction.  On July 25, 2005, the U.S. District Court of Idaho granted

14   Defendants' motion to dismiss. *See id* at 10.

15           Plaintiff then filed this lawsuit on the same, or substantially similar, grounds as the matter

16   dismissed by the U.S. District Court of Idaho.  On February 21, 2006, this Court dismissed Plaintiff's

17   Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint.  On March 30,

18   2006 Plaintiff filed a Second Amended Complaint with this Court.

19           Defendant Clayton is an individual and former employee of the CNMI government currently

20   residing in Shanghai, China.  Defendant Clayton was never served with Plaintiff's Amended

21   Complaint in this action.   On March 8, 2006, March 15, 2006, March 22, 2006 and March 29, 2006

22   and despite the fact that his First Amended Complaint was dismissed and he had not yet filed his

1   Second Amended Complaint, Plaintiff Bradshaw served Defendant Clayton by publication in the

2   Saipan Tribune.

3   Defendant Clayton has never waived the service requirements set forth in Rule 4 of the

4   Federal Rules of Civil Procedure and is unwilling to do so at this time.  Accordingly, Defendant

5   Clayton argues herein that Plaintiff's service fails to comport with the requirements set forth in the

6   Federal Rules of Civil Procedure.  As a result of this defect, Plaintiff's service upon Defendant

7   Clayton should be quashed.

**ARGUMENT**

8

9   *Pro se* litigants are held to the same procedural rules as counseled litigants.  *See King v. Atiyeh*,

10  814 F.2d 565, 567 (9th Cir. 1987).  Federal Rule of Civil Procedure 12 (b) (5) "allows for a motion to

11  dismiss for insufficiency of process" and "permits a defendant to challenge the method of service

12  attempted by the plaintiff."  Fed. R. Civ. P. 12 (b) (5) (2002); *see also Cranford v. U.S,*. 359 F.Supp.

13  2d 981, 984 (E.D. Cal. 2005).  Moreover, "where service of process is insufficient, the court has broad

14  discretion to dismiss the action or to retain the case but quash the service that has been made on

15  defendant." *See Cranford supra*; *see also Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740

16  (2nd Cir. 1985).

17

18  The party upon whose behalf service was made has the burden of establishing its validity.

19  *Cranford supra, see also Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Ore. 1984).  When the

20  party propounding service upon another fails to sustain this burden, courts have routinely quashed

21  service. *See Wells supra; see also Metts v. University of Nevada-Reno*, 301 F.Supp. 1247 (D.Nev.

22  2004)

1.        *No Case or Controversy Existed at the time Defendant Clayton was Served by Publication.*

On February 21, 2006, this Court dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint. Regardless, Mr. Clayton was never served with the Amended Complaint. On March 8, 2006, March 15, 2006, March 22, 2006 and March 29, 2006, Plaintiff Bradshaw served Defendant Clayton by publication in the Saipan Tribune. On March 30, 2006, Plaintiff filed a Second Amended Complaint with this Court.

At the time of service by publication, the case in which Andrew Clayton was a named Defendant had been dismissed. According to Federal Rule of Civil Procedure 4 (b) a complaint must be on file before a summons can be properly issued. *See* Fed. R. Civ. P. 4 (b) (2005). Thus, Plaintiff did not properly serve Defendant Clayton because there was no complaint on file with the court, nor was there an active case or controversy at the time of service. For this reason, Plaintiff's attempted service upon Defendant Clayton should be quashed.

2.        *Plaintiff's Attempted Service by Publication is Inconsistent with Rule 4.*

Since 2003 Mr. Clayton has resided in Shanghai China. Because China is a signatory to the Hague Convention, Federal Rule of Civil Procedure 4 (f) provides that service upon individuals residing in China must be consistent with the Convention. *See* In re Schwinn Bicycle Company, et al. 248 B.R. 328, 36 Bankr.Ct.Dec. 25 (2000); *see also* Furukawa Elec. Co. of North America v. Yangtze Optical, 2005 WL 3071244 (D.Mass.2005).

As the First Circuit Court of Appeals has pointed out "strict adherence to the Civil Rules is the better practice." *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 895 (1st Cir.1988). With respect to service of process, great deference should be given to the Hague Convention as "the 'law of the land' under

1    the supremacy clause of the Constitution." *Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. 16, 17

2    (D.Me.1987). *See also Ballard v. Tyco Intern., Ltd.,* 2005 WL 1863492, 2 (D.N.H.) ("The Hague

3    Convention provides a mechanism through which a plaintiff can effect service that will give

4    appropriate notice to the party being sued and will not be objectionable to the nation in which that

5    defendant is served."); *Golub v. Isuzu Motors,* 924 F.Supp. 324, 328 (D.Mass.1996) (requiring

6    plaintiff to proceed under the Hague Convention where there is a "reasonable prospect that the plaintiff

7    will ultimately be able to serve the defendant properly."); *Borschow Hosp. & Medical Supplies, Inc. v.*

8    *Burdick-Siemens Corp.,* 143 F.R.D. 472, 478 (D.P.R.1992) (discussing the duty of serving documents

9    in a manner consistent with the Hague Convention).

10        In this instance, service by publication is inconsistent with the Hague Convention, which

11   prescribes the documents to be served and the method of service.  Moreover, Plaintiff Bradshaw never

12   even attempted to serve Defendant Clayton in the manner described in the Hague Convention, thus he

13   has not demonstrated good cause to circumvent compliance.  There is no sufficient reason to excuse

14   Bradshaw's non-compliance. *See Trask v. Service Merchandise Co., Inc.,* 135 F.R.D. 17, 22

15   (D.Mass.1991)("[T]he absence of at least a good faith attempt to comply with the Hague Convention

16   prohibits this court from applying the liberal standards of Fed.R.Civ.P. 4 in analyzing the propriety of

17   service····").  Accordingly, Plaintiff Bradshaw's attempted service by publication should be quashed

18   because it does not comport with the service requirements described by the Hague Convention.

## CONCLUSION

19        WHEREFORE, based upon the foregoing, this honorable Court should grant Defendant

20   Clayton's Motion to Quash for Defective Service until such time as Plaintiff effectuates service in

21   accordance with the Federal Rules of Civil Procedure.

22

1    In the alternative, if this honorable Court denies this Motion, Defendant Clayton requests leave

2  to join Defendant CNMI et al.'s responsive pleading and/or depositive motion to be submitted June 19,

3  2006.

4                                                Respectfully submitted,

5

6                                                OFFICE OF THE ATTORNEY GENERAL

7
   Dated April ⁊5  , 2006.               By_____

8                                                Kristin D. St. Peter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

## CERTIFICATE OF SERVICE

2

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on the

3

_25_ day of April 2006, upon the following:

4

5

Robert D. Bradshaw
Plaintiff, Pro Se
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808

6

7

8

Jay Sorensen
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone:    (86) 21 5083-8542
Facsimile:    (86) 21 5083-8542

9

10

11

Civille and Tang, PLLC
330 Herman Cortez Ave, Suite 200
Hagatna, Guam 96910
Telephone:    671-472-8868
Facsimile:    671-477-2511

12

13

14

15

16

Kristin D. St. Peter
Assistant Attorney General

17

18

19

20

21

22

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

ROBERT D. BRADSHAW,

          Plaintiff,

          vs.

COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS, NICOLE C. FORELLI,
WILLIAM C. BUSH, D. DOUGLAS COTTON,
L. DAVID SOSEBEE, ANDREW CLAYTON,
UNKNOWN AND UNNAMED PERSONS IN
THE CNMI OFFICE OF THE ATTORNEY
GENERAL, ALEXANDRO C. CASTRO, JOHN
A. MANGLONA, TIMOTHY H. BELLAS,
PAMELA BROWN, ROBERT BISOM, AND
JAY H. SORENSEN,

          Defendants.

Case No. 05-0027

**DECLARATION OF ANDREW CLAYTON
IN SUPPORT OF MOTION TO QUASH**

I, ANDREW CLAYTON, under penalty of perjury, declare as follow:

1. I am an individual currently residing in Shanghai China, where I have lived for the past three years.

2. I am over eighteen years of age.

3. I worked for the Commonwealth of the Northern Mariana Islands as an Assistant Attorney General from 1999 until 2003.

4. Robert Bradshaw has not served me with any summons or complaint in the matter captioned above.

5. I understand from friends on Saipan that Mr. Bradshaw attempted to serve me by

8

1    publication in the Saipan Tribune during the month of March 2006.

2    6.    I do not own property in the CNMI, do not maintain a residence there, nor to the best of my

3    knowledge do I have any contacts that would subject me to the jurisdiction of any Courts

4    located within the CNMI.

5    I declare under penalty of perjury that the foregoing is true and correct to the best of my

6    knowledge.  Signed in Shanghai China this 25th day of April, 2006.

7

8

9    Andrew Clayton

10

11

12

13

14

15

16

17

18

19

20

21

22

1

2          IN THE UNITED STATES DISTRICT COURT
          DISTRICT OF THE NORTHERN MARIANA ISLANDS
3

4   ROBERT D. BRADSHAW,                    Case No.  05-0027

5                Plaintiff,

6                vs.                       **DECLARATION OF KRISTIN D. ST. PETER
                                           IN SUPPORT OF MOTION TO QUASH**
7   COMMONWEALTH OF THE  NORTHERN
    MARIANA ISLANDS, NICOLE C. FORELLI,
8   WILLIAM C. BUSH, D. DOUGLAS COTTON,
    L. DAVID SOSEBEE, ANDREW CLAYTON,
9   UNKNOWN AND UNNAMED PERSONS IN
    THE CNMI OFFICE OF THE ATTORNEY
10  GENERAL, ALEXANDRO C. CASTRO, JOHN
    A. MANGLONA, TIMOTHY H. BELLAS,
11  PAMELA BROWN, ROBERT BISOM, AND
    JAY H. SORENSEN,
12
                 Defendants.
13

14

15       I, KRISTIN D. ST. PETER, under penalty of perjury, declare as follow:

16   1.  I am an individual currently residing in on the island of Saipan.

17   2.  I am over eighteen years of age.

18   3.  I work for the Commonwealth of the Northern Mariana Islands as an Assistant Attorney

19       General.

20   4.  I contacted the Saipan Tribune and spoke with Bing Chavez regarding the dates Andrew

21       Clayton was served by publication.

22   5.  Ms. Chavez advised that Mr. Clayton's notice ran on March 8, 2006, March 15, 2006, March

10

22, 2006 and March 29, 2006, which is after Plaintiff's Amended Complaint was dismissed.

6. I checked the Clerk's file kept at the U.S. District Court for the District of the Northern Mariana Islands and, according to the date stamp, Mr. Bradshaw's Second Amended Complaint was filed with the Court on March 30, 2006.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Signed on Saipan, CNMI this 25 day of April, 2006.

Kristin D. St. Peter

11