FILED
Clerk
District Court

MAY 03 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al.<br><br>Defendants | ) Case No. CV 05-0027<br>)<br>)<br>)<br>) PLAINTIFF'S MEMORANDUM<br>) OPPOSING DEFENDANTS' MOTION<br>) TO DISMISS SECOND AMENDED<br>) COMPLAINT AND MEMORANDUM OF<br>) POINTS AND AUTHORITIES<br>) IN SUPPORT THEREOF<br>) Hearing at 0900 AM, May 18, 2006<br>) Judge Alex R. Munson |

## Introduction

1. Comes now plaintiff to oppose Defendant Sorensen's Motion to Dismiss Second Amended Complaint.

2. This is a complicated case. There are ten or more defendants and numerous allegations of misconduct. For a complicated case like this one, there is no defined limitation in the number of pages, paragraphs, claims, etc. These are subjective determinations based on the particulars of the case. Since no rules define the number of pages or paragraphs of the complaint, defendant's focus on those issues are irrelevant.

1

3. In previous motions to dismiss the amended complaint from the CNMI AG and the CNMI justices, there were consistent arguments that the complaint lacked legal theories and facts and particulars (the AG motion to dismiss filed on Dec 22, 2005, pages [p.] 12 and 14; and in the justices' motion to dismiss filed on Jan 31, 2006, pages 4, 7, 10, 11). The justices even argued that the complaint was defective because it did not present allegations that the judges acted in a nonjudicial capacity or without jurisdiction (lines 11-12, p. 7 of the judges' motion to dismiss).

4. Obviously, some defendants in the case have argued for more facts, information and pleadings; while Mr SORENSEN seems to want less facts, information and pleadings. The Second Amended Complaint has had to balance these two diverse positions. Too, rule 9(b) requires that fraud and mistakes be pleaded with particularity. Much of 05-0027 involves allegations of fraud and mistakes.

5. Various legal authorities (like Wright & Miller, v. 4, p. 179) recognize the difficulty and indeed the impossibility to draw meaningful and consistent distinctions among "evidence, facts and conclusions."

### Discussion on the Defendant's Argument

6. In looking at Mr SORENSEN's motion, it is manifestly clear that his own presentation does not measure up to the demands of the Federal rule 8 or how they are applied. The motion contains irrelevant material; and lengthy, involved, complex and complicated sentences and paragraphs that leave the reader bewildered in what the defendant is attempting to communicate.

7. Defendant's motion stresses the need for a statement of the grounds upon which the court's jurisdiction depends (p. 2). Yet, the court order recognized that plaintiff's statement of jurisdiction did not need to be changed (line 10, p. 2 of the court's order). The court's jurisdiction is proper as presented.

8. Defendant actually quotes the court rules as if the court does not have access to the court rules and have to have them quoted.

9. Defendant's paragraphs and sentences are manifestly not simple, concise or direct as is stated in rule 8. For example, the first sentence of the paragraph (line 17, p. 2) has 62 words. The sentences at line 17, page 3, and at line 21, page 3 each have 64 words. The sentence at line 11, page 5 has some 126 words.

10. Some of the paragraphs are similarly long and confusing. Several have over ten lines of material. Several also address several themes and lines of argument which are quite diverse. Pleadings are supposed to be prepared with only one theme, issue or subject in a single paragraph. Many of the defendants' paragraphs have several arguments (p. 3, 4, 5).

11. There is difficulty in trying to respond to the defendant's motion because of the long, complex sentences and paragraphs with their many different themes and issues.

12. The motion has included irrelevant, extraneous material which has nothing to do with any alleged deficiencies in the complaint. The first paragraph on page 3 opens with a lengthy analysis of the number of pages, paragraphs, etc in the complaint and its exhibits. Since the rules place no limit on the number of pages or paragraphs, this analysis serves no purpose.

13. The last paragraph addresses the number of complaints plaintiff used in Idaho and now in the CNMI. These statistics are irrelevant to the subject at hand. As far as defendants' allegations against plaintiff on this issue, it must be noted that in defendant's CNMI case 96-1320 he went to the CNMI, to the USDC, to the CNMI, to the USDC, to the CNMI to the USDC, to the CNMI and four amended complaints totaling 11 different actions. He also had a couple of more court actions added in USDC 95-0042. This makes a grand total of at least 13 actions.

14. The motion focuses on the allegations against defendants CASTRO, BROWN, etc. Yet, as noted above, these defendants have pleaded for more facts and more legal theories.

15. So why has Mr SORENSEN focused on these other defendants instead of the allegations against himself? The answer is that the allegations against him are sufficiently addressed for him to form a responsive answer, as he effectively admits in his motion.

16. As far as the allegations of corruption by Judge CASTRO, the whole complaint opens with the words "plaintiff alleges." Everything in the document involves allegations. As far as the alleged plundering of money by Judge CASTRO and his colleague Pedro Atalig, plaintiff has much in the way of facts to support these allegations. The generally when, where, who and how much money are now known to plaintiff. Discovery hopefully will define the specifics.

17. The motion attacks the complaint's presentation of material on subject matter jurisdiction (line 22, p. 3). Yet, the judges earlier argued for dismissal since the amended compliant did not specifically address that issue. Obviously, Judge CASTRO wanted this issue addressed.

4

18. In any case, it would seem that defendants CASTRO, BROWN, etc do not need MR SORENSEN to use the specifics against them in his own motion to dismiss. He should address the complaint against himself and not others.

19. On line 10, page 4, the motion refers to the plaintiff taking "over four years" to address the Bisom case. This statement is false and Mr SORENSEN should know it.

20. Plaintiff's second amended complaint of 75 pages is attacked in a lengthy eight pages of data from Mr SORENSEN. In all of these eight pages, plaintiff finds no reference to any alleged problems with the allegations directly against Mr SORENSEN or His client Mr Bisom. It is clear that plaintiff's allegations against Messers SORENSEN/Bisom are presented correctly.

## Conclusion

21. In Mr Sorensen's motion to dismiss the amended complaint, filed on about Dec 5, 2005, he alleged that the complaint was so vague that he could not be reasonably required to frame a responsive pleading; that the parties are entitled to know specifically what it is that they are being sued for and what the factual basis of the claims are (lines 5-17, page 4).

22. In his reply memo, filed on or about Jan 9, 2006, defendant alleged that from the complaint he could not determine information needed to formulate an answer and plan as to how to defend the case; the circumstances that were supposed to have given rise to the various causes of action; and the core of plaintiff's claims (reply memo, lines 12-18, page 5).

23. In his Motion to dismiss the Second Amended Complaint, Mr SORENSEN no longer makes any claims of vagueness or that sufficient information was not presented to allow him to respond to the complaint. This indicates that Mr SORENSEN now believes that

5

the complaint is communicative and sufficient for him to answer it. While he argues that some of it is redundant and irrelevant (lines 1-4, page 6), he otherwise can answer it.

24. The purpose of the complaint's pleadings are to give an opposing party fair notice to allow his response. As Wright & Miller note, the rules require a fair notice to the opposing party and "it does not make any difference whether the pleader accomplishes this by stating 'conclusions,' 'ultimate facts,' or 'evidence'" (p. 188). The Second Amended complaint meets this test as even Mr SORENSEN effectively acknowledges in his motion to dismiss.

25. Therefore, the Second Amended complaint should be allowed to stand as drafted. Mr SORENSEN's motion to dismiss should be denied. A proposed order is attached herewith.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Dated this 3rd day of May 2006 at Calder, Idaho.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of May 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Kristin St Peter, Asst Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Patrick Civille, Civille & Tang, PLLC, PMB 86, PO Box 10003, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se