ORIGINAL

FILED
Clerk
District Court

MAY -8 2006

For The Northern Mariana Islands
By_____
     (Deputy Clerk)

KRISTIN D. ST. PETER
Assistant Attorney General
Commonwealth of the Northern Mariana Islands
Office of the Attorney General-Civil Division
2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950

Attorney for: **Defendant Clayton**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>Defendants. | Case No. 05-0027<br><br>**DEFENDANT CLAYTON'S OPPOSITION TO PLAINTIFF'S DEFAULT MOTION AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |

## MOTION IN OPPOSITION

Now Comes, the Commonwealth of the Northern Mariana Islands (hereafter "CNMI") Attorney General's Office on behalf of Defendant Andrew Clayton (hereafter sometimes "Defendant" or "Defendant Clayton") and opposes Plaintiff Robert D. Bradshaw's motion for default. Defendant Clayton submits this motion for the limited purpose of challenging Plaintiff's method of service and reserves the right to file a motion to dismiss on Federal Rule of Civil Procedure 12 (b)(6) grounds at a

later time.

## BACKGROUND

Plaintiff, a former Temporary Public Auditor for the CNMI, initially filed an action very similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005. Plaintiff's Amended Complaint ¶1 and 23. Plaintiff then filed a Second Amended Complaint with the U.S. District Court of Idaho on May 18, 2005. *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005). Shortly thereafter Defendants moved to dismiss Plaintiff's complaint on numerous grounds, including the lack of personal jurisdiction. On July 25, 2005, the U.S. District Court of Idaho granted Defendants' motion to dismiss. *See id* at 10.

Plaintiff then first filed this lawsuit on September 22, 2005 on the same, or substantially similar, grounds as the matter dismissed by the U.S. District Court of Idaho. On February 21, 2006, this Court dismissed was Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint.

Defendant Clayton is an individual and former employee of the CNMI government currently residing in Shanghai, China. Despite the fact that Plaintiff Bradshaw never attempted to serve Mr. Clayton in China, this Court granted Plaintiff leave to serve Defendant Clayton by publication. See Attached Exhibit 1. On March 8, 2006, March 15, 2006, March 22, 2006 and March 29, 2006 and despite the fact that his First Amended Complaint was dismissed and he had not yet filed his Second Amended Complaint, Plaintiff Bradshaw served Defendant Clayton by publication in the Saipan Tribune. At the time of service by publication, no case or controversy existed, no complaint was on file with this Court, and there was nothing requiring a response from Mr. Clayton.

Plaintiff then filed his Second Amended Complaint with this Court of March 30, 2006.

2

According to the relevant postmark Plaintiff did not mail the Commonwealth's copy until March 30, 2006 (U.S. Mountain Time). The Commonwealth mailroom received the Commonwealth's copy on April 6, 2006. See St. Peter Declaration. ¶ 7. Defendant Clayton's responsive pleading of a Motion to Quash for defective service was filed with this Court on April 26, 2006.

Defendant Clayton has never waived the service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and is unwilling to do so at this time. The undersigned Attorney General is representing Mr. Clayton for the limited purpose of this opposition and Mr. Clayton's motion to quash. In the event this Court deems Mr. Clayton was properly served, the Attorney General's Office will undertake Mr. Clayton's representation.

## ARGUMENT

*Pro se* litigants are held to the same procedural rules as counseled litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Default judgments are ordinarily disfavored by the Courts because cases should be decided upon their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). The factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-2 (9th Cir. 1986); *see also* 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26.

1. *No Case or Controversy Existed at the time Plaintiff attempted Service by Publication.*

3

On February 21, 2006, this Court dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint. Prior to its dismissal, Mr. Clayton was never served with the Amended Complaint. On March 8, 2006, March 15, 2006, March 22, 2006 and March 29, 2006, Plaintiff Bradshaw served Defendant Clayton by publication in the Saipan Tribune. On March 30, 2006, Plaintiff filed a Second Amended Complaint with this Court.

At the time Plaintiff attempted service upon Defendant Clayton (March 29, 2005), the Amended Complaint was dismissed, the Second Amended Complaint had not been filed, and there was nothing on file with the Court requiring Defendant Clayton to file an answer or a response. *Wright and Miller*, 12 Fed. Prac. & Proc. Civ.2d § 71A (2005)(Service by publication is complete upon the date of the last publication.)   As no case or controversy existed at the time of service, Mr. Clayton was not properly served in this matter. Without proper service, due process bars a default judgment against him.

  2.  *Failure to act in Timely Manner is Excusable Neglect Precluding Default Judgment.*

If, however, this Court concludes that Mr. Clayton was properly served and a dispositive motion was not timely filed, this failure to file a timely responsive pleading or dispositive motion amounts to excusable neglect. *See Eitel v. McCool*, 782 F.2d at 1471.   Needless to say, the timing of Plaintiff's service placed Defendant Clayton and the undersigned in a legal quandary. At the time of service, there was nothing on file with the Court requiring a response. As no active case of controversy was on file with this Court, Mr. Clayton and the undersigned were lost within a procedure void, because it was, and still is, unclear when the clock to file a responsive pleading or dispositive motion began to tick. Accordingly, any failure to act by Mr. Clayton, or the undersigned, amounts to excusable neglect, which precludes the entry of a default against Mr. Clayton.

3.  *A Dispositive Motion was Filed within Twenty-days of Government's Receipt of Second Amended Complaint.*

Mr. Clayton was never served with the Amended complaint prior to this Court's dismissal, and thus never filed an answer or a responsive pleading. Assuming this Court concludes that he was, indeed, properly served with the Amended Complaint by publication on March 29, 2006 (despite the dismissal of the Amended Complaint at the time), Mr. Clayton is permitted twenty-days (20) to file his first responsive pleading or dispositive motion upon receipt of the Second Amended Complaint. Mr. Clayton has yet to be given/served with a copy of the Second Amended complaint, however the Commonwealth government mailroom received a copy of the Second Amended complaint on April 6, 2006. See St. Peter Declaration ¶ 7. Because the Attorney General's Office currently represents Mr. Clayton for the limited purpose of challenging service of process and opposing Plaintiff's default motion, the undersigned filed a Motion to Quash on Mr. Clayton's behalf on April 26, 2006. This Motion is currently pending before this court, and its filing within the requisite twenty-days forecloses the entry of a default judgment against Mr. Clayton.

In addition, in Defendant's Exparte Motion to Extend Time filed with this Court of April 10, 2006 the undersigned advised this Court and Plaintiff Bradshaw that:

> "The Commonwealth of the Northern Mariana Islands Attorney General's Office will most likely defend defendants David Sosebee and Andrew Clayton once they are properly served. At this time, however, there is a question as to whether proper service occurred. Defendants Sosebee and Clayton intend to file individual Motions to Quash Service in the near term. Until such time as a determination regarding proper service is made, Defendants Sosebee and Clayton respectfully refuse to submit to the jurisdiction of this Court. If this Court concludes Defendants Sosebee and Clayton were properly served, then these Defendants will also file a responsive pleading or dispositive motion on or before June 19, 2006." *See* Exparte Motion Pg 2-3.

Since April 10, 2006 both Plaintiff Bradshaw and this Court have been aware of Mr. Clayton's intentions. As he did in his Exparte Motion to Extend Time, Mr. Clayton would once again ask that in

the event this Court concludes he was properly served that he be permitted to file a responsive pleading of dispositive motion at the same time as the other Defendants represented by the Attorney General's Office. Mr. Bradshaw will not be prejudiced by this request as he is aware such a motion is forthcoming. *Eitel v. McCool*, 782 F.2d at 1471-2. In fact, having all Defendants represented by the Attorney General's Office filing together, instead of piecemeal, serves the interest of judicial economy.

    4.    *Plaintiff's Attempted Service by Publication is Inconsistent with Rule 4 and Notions of Fair Play.*

In late 2005 and without the benefit of an opposition, this Court granted Plaintiff's motion to serve Mr. Clayton through publication. Although the time to file an opposition has passed, in part because the Attorney General's Office was not empowered to file an opposition, and considering the gravity of a default judgment, Mr. Clayton respectfully asks this Court to consider the following facts when rendering its decision.

Since 2003 Mr. Clayton has resided in Shanghai China, a fact Plaintiff Bradshaw knows full well. *See* St. Peter declaration ¶ 8. There is no indication in the record that Plaintiff Bradshaw attempted to service Mr. Clayton in accordance with the Hague Convention as directed by Federal Rule of Civil Procedure 4 (f), or by any form of mail.[1] Rather, Mr. Clayton was served solely by publication on Saipan, an island upon which Mr. Clayton does not own property, does not maintain a residence, nor has he visited since 2003. *See* Clayton Declaration Attached to Motion to Quash ¶ 6; *see also Wight and Miller* at § 1118 (The constitutional fragility of service by publication always must be kept in mind, and this method should be used only as a last resort). In spite of these limited

---

[1] Though Plaintiff Bradshaw did attempt to serve Mr. Clayton through the Attorney General's Office, Jay Livingston informed Bradshaw by letter that the AGO was not authorized to accept service for Mr. Clayton. See Plaintiff's Motion for Service by Publication attached.

contacts, he was served by publication.

Although we can argue the due process implications of service by publication in this instance, the fact of the matter is that upon publication the burden of service shifted from Mr. Bradshaw to Mr. Clayton. Unbeknownst to Mr. Clayton and without any notice from Mr. Bradshaw or this Court, it became Mr. Clayton obligation to keep a watchful eye on the Saipan newspapers. Unfortunately, the public notices printed in the Saipan Tribune are not published online, so it was nearly impossible for Mr. Clayton to know when he was actually being served.

Then the Amended Complaint was dismissed, seemingly affording Mr. Clayton some piece of mind. Strangely enough, the Plaintiff chose to serve Mr. Clayton after the Amended Complaint was dismissed and just before he filed his Second Amended Complaint. The timing of service supports the conclusion that Plaintiff intended to play fast and loose with the rule. Only the Plaintiff knows for sure, but the speed with which Plaintiff Bradshaw filed his default motion does give one pause.

Regardless, permitting service by publication on an off-island, out of country Defendant places an onerous burden upon that Defendant. A burden further exacerbated by the Plaintiff's failure to send courtesy copies of his motions, including his motion for default to Mr. Clayton. In the interest of justice and fair play, a default judgment at this juncture and based upon the facts presently before this Court is patently unfair. This is especially true considering the Attorney General's Office filed a timely Motion to Quash on Mr. Clayton's behalf, thereby nullifying Plaintiff's grounds for default.

5. *The Sum of Money at Stake and the Merits of the Case Foreclose a Default Judgment.*

Plaintiff Bradshaw is claiming damages in the amount of Four Hundred Thirty-eight Thousand Eight Hundred Ninety-eight dollars ($438,898.00) on numerous causes of action for alleged injuries, which were obviated by Judge Lizama's decision to vacate the default

judgment entered against him. The tenuous merits of Plaintiff's claims and the amount of money at stake should bar an entry of default against Mr. Clayton. *Eitel v. McCool*, 782 F.2d at 1471-2. In the interest of justice, this case should be decided on its merits.

## CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should deny Plaintiff Bradshaw's Default Motion.

In addition, if this honorable Court finds that Mr. Clayton was properly served, he requests leave to join Defendant CNMI et al.'s responsive pleading and/or depositive motion to be submitted June 19, 2006.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated May 8, 2006.       By _____
                              Kristin D. St. Peter

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on the 8 day of May 2006, upon the following:

Robert D. Bradshaw
Plaintiff, Pro Se
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808

Jay Sorensen
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone:    (86) 21 5083-8542
Facsimile:    (86) 21 5083-8542

Civille and Tang, PLLC
330 Herman Cortez Ave, Suite 200
Hagatna, Guam 96910
Telephone:    671-472-8868
Facsimile:    671-477-2511

_____
Kristin D. St. Peter
Assistant Attorney General