F I L E D
Clerk
District Court

MAY 1 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  KRISTIN D. ST. PETER
   Assistant Attorney General
   Commonwealth of the Northern Mariana Islands
2  Office of the Attorney General-Civil Division
   2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
3  Caller Box 10007
   Saipan, MP 96950

4  Attorney for: **Defendant Sosebee**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>Defendants. | Case No. 05-0027<br><br>**DEFENDANT SOSEBEE'S OPPOSITION TO PLAINTIFF'S DEFAULT MOTION AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>HEARING: June 8, 2006<br>TIME: 8:30 a.m<br>JUDGE: Munson |

**MOTION IN OPPOSITION**

Now Comes, the Commonwealth of the Northern Mariana Islands (hereafter "CNMI") Attorney General's Office on behalf of Defendant David Sosebee (hereafter sometimes "Defendant" or "Defendant Sosebee") and opposes Plaintiff Robert D. Bradshaw's motion for default. Defendant Sosebee submits this motion for the limited purpose of challenging Plaintiff's method of service and reserves the right to file a motion to dismiss on Federal Rule of Civil Procedure 12 (b)(6) grounds at a

later time.

## BACKGROUND

Plaintiff, a former Temporary Public Auditor for the CNMI, initially filed an action very similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005. Plaintiff's Amended Complaint ¶1 and 23. Plaintiff then filed a Second Amended Complaint with the U.S. District Court of Idaho on May 18, 2005. *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005). Shortly thereafter Defendants moved to dismiss Plaintiff's complaint on numerous grounds, including the lack of personal jurisdiction. On July 25, 2005, the U.S. District Court of Idaho granted Defendants' motion to dismiss. *See id* at 10.

Plaintiff then first filed this lawsuit on September 22, 2005 on the same, or substantially similar, grounds as the matter dismissed by the U.S. District Court of Idaho. On February 21, 2006, this Court dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint.

Defendant Sosebee is an individual and former employee of the CNMI government currently residing in Bryan, Texas. On February 9, 2006, February 16, 2006, February 23, 2006 and March 2, 2006 and despite the fact that his First Amended Complaint was dismissed, Plaintiff Bradshaw served Defendant Sosebee by publication on the island of Saipan.[1] *See* Request for Clerk's Entry of Default Pg. 1. At the time of service by publication, no case or controversy existed, no complaint was on file with this Court, and there was nothing on file with the Court requiring a response from Mr. Sosebee.

Plaintiff then filed his Second Amended Complaint with this Court of March 30, 2006.

---

[1] Plaintiff also advises that he sent Mr. Sosebee a copy of the Amended Complaint through regular mail in early March 2006, but again the Amended Complaint had already been dismissed. In addition, as discussed at length in Defendant Sosebee's Motion to Quash pursuant to both CNMI and

Defendant Sosebee received a copy of the Second Amended Complaint via regular mail on April 4, 2006. *See* Sosebee Declaration attached to Motion to Quash. The undersigned filed a Motion to Quash Service on Mr. Sosebee's behalf with this Court on April 24, 2006.

Defendant Sosebee never waived the service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and is unwilling to do so at this time. The undersigned Attorney General is representing Mr. Sosebee for the limited purpose of this opposition and Mr. Sosebee's motion to quash. In the event this Court deems Mr. Sosebee was properly served, the Attorney General's Office will undertake Mr. Sosebee's representation.

## ARGUMENT

*Pro se* litigants are held to the same procedural rules as counseled litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Default judgments are ordinarily disfavored by the Courts because cases should be decided upon their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). The factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-2 (9th Cir. 1986); *see also* 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26.

---

[Footnote continued from previous page]
Texas law, service cannot be perfected through regular mail, only certified or registered mail.

3

1.  *No Case or Controversy Existed at the time Plaintiff attempted Service by Publication.*

On February 21, 2006, this Court dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint. Prior to its dismissal, Mr. Sosebee was not served with the Amended Complaint. On February 9, 2006, February 16, 2006, February 23, 2006 and March 2, 2006, Plaintiff Bradshaw served Defendant Sosebee by publication on the island of Saipan. On March 30, 2006, Plaintiff filed a Second Amended Complaint with this Court.

At the time Plaintiff attempted to perfect service by publication upon Defendant Sosebee (March 2, 2005), the Amended Complaint was dismissed, the Second Amended Complaint had not been filed, and there was nothing on file with the Court requiring Defendant Sosebee to file an answer or a response. *Wright and Miller*, 12 Fed. Prac. & Proc. Civ.2d § 71A (2005) (Service by publication is complete upon the date of the last publication.) As no case or controversy existed at the time of service, Mr. Sosebee was not properly served in this matter. Without proper service, due process bars a default judgment against him.

Moreover, Plaintiff argues in his motion for default that he is entitled to a default judgment as of March 29, 2006. *See* Plaintiff's Motion to Clerk for Entry of Default Pg. 2. This request is outrageous, because on March 29, 2006 this case was dismissed. Thus, the Plaintiff is asking this Court to enter a default judgment on a date when no case or controversy existed. Clearly, this request offends notions of due process and fair play, among others.[2]

---

[2] If Plaintiff were a licensed attorney, the undersigned would have significantly more to say about this request.

2. *A Dispositive Motion was Filed within Twenty-days of Sosebee's Receipt of Second Amended Complaint.*

Mr. Sosebee was never served with the Amended complaint prior to this Court's dismissal, and thus never filed an answer or a responsive pleading. Assuming this Court concludes that he was, indeed, properly served with the Amended Complaint by publication on March 2, 2006 (despite the dismissal of the Amended Complaint at the time), Mr. Sosebee is permitted twenty-days (20) to file his first responsive pleading or dispositive motion upon receipt of the Second Amended Complaint. Fed. R. Civ. P. 12 (2005). Mr. Sosebee received a copy of the Second Amended Complaint via regular mail of April 4, 2006. *See* Sosebee Declaration attached to Motion to Quash ¶ 2. Because the Attorney General's Office currently represents Mr. Sosebee for the limited purpose of challenging service of process and opposing Plaintiff's default motion, the undersigned filed a Motion to Quash on Mr. Sosebee's behalf on April 24, 2006. This Motion, which is currently pending before this court, was filed within the requisite twenty-days, and thus precludes the entry of a default judgment against Mr. Sosebee.

In addition, in Defendant's Exparte Motion to Extend Time filed with this Court of April 10, 2006 the undersigned advised this Court and Plaintiff Bradshaw that:

> "The Commonwealth of the Northern Mariana Islands Attorney General's Office will most likely defend defendants David Sosebee and Andrew Clayton once they are properly served. At this time, however, there is a question as to whether proper service occurred. Defendants Sosebee and Clayton intend to file individual Motions to Quash Service in the near term. Until such time as a determination regarding proper service is made, Defendants Sosebee and Clayton respectfully refuse to submit to the jurisdiction of this Court. If this Court concludes Defendants Sosebee and Clayton were properly served, then these Defendants will also file a responsive pleading or dispositive motion on or before June 19, 2006." *See* Exparte Motion Pg 2-3.

Since April 10, 2006 both Plaintiff Bradshaw and this Court have been aware of Mr. Sosebee's

intentions. As he did in the Exparte Motion to Extend Time, Mr. Sosebee would once again ask that in the event this Court concludes he was properly served permission be given to file a responsive pleading of dispositive motion at the same time as the other Defendants represented by the Attorney General's Office. Mr. Bradshaw will not be prejudiced by this request as he is aware such a motion is forthcoming. *Eitel v. McCool*, 782 F.2d at 1471-2. In fact, having all Defendants represented by the Attorney General's Office filing together, instead of piecemeal, serves the interest of judicial economy.

3. *Failure to act in Timely Manner is Excusable Neglect Precluding Default Judgment.*

If, however, this Court concludes that Mr. Sosebee was properly served and a dispositive motion was not timely filed, this failure to file a timely responsive pleading or dispositive motion amounts to excusable neglect. *See Eitel v. McCool*, 782 F.2d at 1471. Needless to say, the timing of Plaintiff's service placed Defendant Sosebee and the undersigned in a legal quandary. At the time of service, there was nothing on file with this Court requiring a response. As no active case or controversy existed, Mr. Sosebee and the undersigned were lost within a procedure void, because it was, and still is, unclear when the clock to file a responsive pleading or dispositive motion began to tick. Accordingly, any failure to act by Mr. Sosebee, or the undersigned, amounts to excusable neglect, which precludes the entry of a default against Mr. Sosebee.

4. *Plaintiff's Attempted Service by Publication is Inconsistent with Rule 4.*

In late 2005 and without the benefit of an opposition, this Court granted Plaintiff's motion to serve Mr. Sosebee through publication. Although the time to file an opposition has passed, in part because the Attorney General's Office was not empowered to file an opposition, and considering the gravity of a default judgment, Mr. Sosebee respectfully asks this Court to consider the following facts when rendering its decision.

Though the Plaintiff has provided some evidence that he attempted to serve Mr. Sosebee by registered mail, Plaintiff maintains service was perfected by publication on March 2, 2006. Mr. Sosebee lives in Texas. *See* Sosebee Declaration Attached to Motion to Quash ¶ 2. Even though he has zero contact with the island of Saipan, Mr. Sosebee was served by publication.

Permitting service by publication on an off-island Defendant places an onerous burden upon that Defendant. The timing of Plaintiff's service by publication, i.e. service after the case was dismissed, compounded Mr. Sosebee's burden. In the interest of justice and fair play, a default judgment at this juncture and based upon the facts presently before this Court is patently unfair. This is especially true considering: 1) the Attorney General's Office filed a timely Motion to Quash on Mr. Sosebee's behalf, and 2) Plaintiff is asking for default as of a date when the case was dismissed.

5. *The Sum of Money at Stake and the Merits of the Case Foreclose a Default Judgment.*

Plaintiff Bradshaw is claiming damages in the amount of Seven Hundred seventeen thousand Eight hundred Ninety-eight dollars ($717,898.00) on numerous causes of action for alleged injuries, which were obviated by Judge Lizama's decision to vacate the default judgment entered against him.[3] The tenuous merits of Plaintiff's claims and the amount of money at stake should bar an entry of default against Mr. Sosebee. *Eitel v. McCool*, 782 F.2d at 1471-2. In the interest of justice, this case should be decided on its merits.

## CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should deny Plaintiff Bradshaw's Default Motion.

In addition, if this honorable Court finds that Mr. Sosebee was properly served, he requests

leave to join Defendant CNMI et al.'s responsive pleading and/or depositive motion to be submitted June 19, 2006.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated May __7__, 2006.    By_____
                              Kristin D. St. Peter

---

[Footnote continued from previous page]

[3] For some inexplicable reason, the amounts requested from Sosebee and Clayton varies by about $300,000.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on the _9_ day of May 2006, upon the following:

Robert D. Bradshaw
Plaintiff, Pro Se
P.O. Box 473
1530 W. Trout Creek Road
Calder, ID 83808

Jay Sorensen
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
Telephone:     (86) 21 5083-8542
Facsimile:      (86) 21 5083-8542

Civille and Tang, PLLC
330 Herman Cortez Ave, Suite 200
Hagatna, Guam 96910
Telephone:     671-472-8868
Facsimile:      671-477-2511

Mark Hanson
PMB 738, PO Box 10000
Saipan, MP 96950
670-233-8600

_____
Kristin D. St. Peter
Assistant Attorney General