JAY H. SORENSEN
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Telephone: 86-21-5083-8542
Facsimile: 86-21-5083-8542

*Attorney Appearing in Pro Se*

F I L E D
Clerk
District Court

MAY 1 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, | Civil Action No. 05-0027 |
| Plaintiff, | **OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT; DECLARATION IN SUPPORT** |
| v. | |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., | Hearing date: June 8, 2006<br>Time:   9:00 a.m. |
| Defendants. | |

Defendant, JAY H. SORENSEN, opposes plaintiff's Motion to Clerk of Court to Enter Default Judgment Against Defendant Jay H. Sorensen.

1. APPEARANCE HAVING BEEN MADE BEFOREHAND, APPLICATION FOR ENTRY OF DEFAULT IS TOO LATE

Plaintiff's application assumes that Sorensen defaulted by failing to file a response to the Second Amended Complaint by April 13, 2006. However, Sorensen filed a Motion to Dismiss on

- 1 -

April 20, 2006. This application for entry of default judgment was not filed until four days later, on April 24, 2006.

A similar situation faced another district court where a defendant filed its answer and motions to dismiss after their due date, and the plaintiff later moved to strike them and to enter default. The court there explained:

> When a defendant is in "default," it simply means that "the defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." [citation] Defendant's default by itself, however, has no legal consequences. [citation] "Until the default is 'entered' by the court clerk, defendant can still appear in the action." [citation] In other words, "if no default has yet been 'entered' by the court clerk, the clerk must accept for filing defendant's pleadings or motions although they are filed late. Once they are filed, it is too late for entry of default, and the defendant can proceed with its defense." [citation]

*Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho 1999), quoting Schwarzer, Tashima &Wagstaffe, Federal Civil Procedure Before Trial, P 6:2-6:3. In denying the motions, the court concluded: "Since no default was entered here, the clerk properly accepted the said defendants' answers and motions." *Bach*, 190 F.R.D. at 574.

2. EVEN IF CONSTRUED AS A DEFAULT, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE MOTION TO ENTER DEFAULT JUDGMENT

"The entry of a default judgment pursuant to Rule 55(b), Fed.R.Civ.P., is not a matter of right but is in the sound discretion of the court. Default judgments are not generally favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party." Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 297-298 (S.D. Texas, 1967).

The Ninth Circuit has set forth a list of factors which courts may consider in determining how to exercise its discretion to enter a default judgment: (1) the possibility of prejudice to the

plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and see *Doe 1 v. Liu Qi*, 349 F.Supp.2d 1258, 1272 (N.D. Cal. 2004).

<u>Prejudice to plaintiff</u>. Since the filing of Sorensen's motion was before this application for entry of default judgment, there has been no delay in the proceedings, and hence, no prejudice to plaintiff whatsoever. It has been noted: "The basic purpose of default judgment is to protect parties from undue delay-harassment." *New York v. Green*, 420 F.3d 99, 108 (2nd Cir 2005). If this is true, then, there being no delay caused in this instance, then there is no purpose in entering judgment as requested. Ironically, if Sorensen had done as other defendants in this case did, and asked for an extension of time to respond and then been given additional time similar to what they were given, then it would have resulted in further delay.

<u>Merits of plaintiff's substantive claim</u>. Although it is difficult to determine from the manner in which the second amended complaint is drafted, it appears that at the center of plaintiff's claim is that he was never properly served in the case of Bisom v. C.N.M.I., et al. (CNMI Superior Court Civil No. 96-1320) and that the representations that he was so served were the result of fraud. Fraud must be proven by clear and convincing evidence. *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1511 (9th Cir 1995). He also alleges that his civil rights were violated, and done so as a result of a conspiracy of the plaintiff in that case, his counsel (respondent here), several assistants on the Attorney General's staff, the trial judge, and the Supreme Court justices that participated in the appeal. All of this appears on its face to be highly improbable.

<u>The sufficiency of the complaint</u>. Inasmuch as Sorensen has filed a motion to dismiss based on the charge that the complaint is not compliant with the Federal Rules of Civil Procedure, which is

to be heard at the same time as this motion, the arguments for this point are made by reference to the memorandum supporting that motion to dismiss.

<u>The sum of money at stake</u>. Presumably, the more money at stake, the more reluctant the court should be to enter default judgment. Here plaintiff asks in his affidavit supporting the motion that he is entitled to costs in this case of $12,898.27, costs in two other cases totaling $8130.00, and then "punitive, exemplary, compensatory, special and general damages" in an amount of $837,000, for a total of $858,028.00. He also seeks $140,000 on behalf of the C.N.M.I. Affidavit in Support of Motion to Court to Enter a Default Judgment Against Defendant Jay H. Sorensen, ¶6 and second ¶6.

<u>The possibility of a dispute concerning material facts</u>. Without question, if this matter proceeds, all of the material facts upon which plaintiff bases his claims will be contested. Certainly this defendant denies that he committed any fraud, denies that he participated in any way in any fraudulent activity, and denies that he participated in any conspiracy that affected plaintiff's civil rights.

<u>Whether the default was due to excusable neglect</u>. Following the lead of the United States Supreme Court's decision in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 123 L.Ed2d 74, 113 S.Ct. 1489 (1993), the Ninth Circuit has changed its rules of decision on excusable neglect from one of a per se rule against the granting of relief when a party failed to comply with a deadline to one in keeping with that holding. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1996); *Bateman v. Untied States Postal Service*, 231 F.3d 1220 (9th Cir 2000). In *Pioneer* the Supreme Court said: "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 60(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 391. (footnotes omitted). It then went on to examine cases arising under Fed.R.Civ.P. 60(b) for relief from default judgment and

concluded that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394.

The Ninth Circuit has noted as to "excusable neglect": "After *Pioneer*, ...we recognized that the term covers cases of negligence, carelessness and inadvertent mistake." *Bateman*, 231 F.3d at 1224. Now in making a determination of whether excusable neglect occurred, the Ninth Circuit employs an equitable test that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; (4) whether the movant acted in good faith. *Bateman*, 231 F.3d at 1223-1224.

The first two of these factors have already been covered by the discussion above. As to the last two, if Sorensen was tardy in his filing, it was due to a simple mistake as to what the deadline was under the rules. This is not a case of bad faith, such as where someone was trying to avoid the rules, or trying to maneuver to delay the proceedings.

<u>The policy of deciding cases on their merits.</u> The very first rule of procedure is: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. And so it is that "the general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 728 F.2d at 1472.

Respectfully submitted,

Jay H. Sorensen
In Pro Se

- 5 -

## DECLARATION OF JAY H. SORENSEN

I, Jay H. Sorensen, do hereby declare as follows:

1. I am a defendant in this case and submit this declaration in opposition to plaintiff's motion to enter default judgment against me.

2. The second amended complaint was received by me on April 10, 2006. It bears a postmark of March 30, 2006. When it arrived, I assumed that I had until April 20, 2006 to file my response, and prepared my motion to dismiss, then filed it by facsimile transmission according to Local Rule 5.5 with that deadline in mind.

3. I reside in Shanghai, China. I have access to a mail service provided by my wife's employer, General Motors. It uses a post office box in Warren, Michigan. It is my understanding that incoming mail is received from the postal system by the mail service, then sent from Warren to Shanghai by courier. It is my understanding that this "pouch mail" is sent and delivered via courier two times per week. When received, it then is distributed to GM's overseas employees, including my wife, who brings it home. Possible delaying factors are: the fact that my wife's office is not in the same location as the administrative offices of GM Asia-Pacific, to whom she is attached, so it has to go across town to get to her desk; also, there are days when she does not go to her desk, due to meetings scheduled outside her office. In my experience, things that are sent to me from outside the Detroit area typically take 8 to 14 days to get to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of May, 2006

JAY H. SORENSEN

- 6 -

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _MAY 11, 2006_ a copy of the following:

OPPOSITION TO MOTION TO ENTER DEFAULT JUDGMENT; DECLARATION IN SUPPORT

was deposited for delivery to the U.S. Post Office, first class mail, postage prepaid, addressed as set forth below (except as noted):

    Robert D. Bradshaw
    P.O. Box 473
    1530 W. Trout Creek Road
    Calder, Idaho 83808

\* Office of the Attorney General – Civil Division
    Commonwealth of the Northern Mariana Islands
    2nd Floor, Hon. Juan A. Sablan Bldg
    Caller Box 10007
    Saipan, MP 96950

    Civille & Tang
    2nd Floor Cabrera Center
    PMB 86, P.O. Box 10003
    Saipan, MP 96950

\* Mark B. Hanson
    First Floor, Macarans Bldg.
    Beach Road, Garapan
    PMB 738, P.O. Box 10000
    Saipan, MP 96950

_/s/ Jay H. Sorensen_
Jay H. Sorensen

\* Served electronically by agreement of the parties