Received   May-15-2006 07:36       From-                   To-US DISTRICT COURT, N       Page 002

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

F I L E D
Clerk
District Court

MAY 1 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al.<br><br>Defendants | ) Case No. CV 05-0027<br>)<br>)<br>)<br>)<br>) PLAINTIFF'S MEMORANDUM<br>) OPPOSING DEFENDANT BISOM'S<br>) JOINER IN MOTION OF ANDREW<br>) CLAYTON TO QUASH<br>) SERVICE AND OPPOSITION TO<br>) MOTION FOR ENTRY OF DEFAULT<br>) Hearing Jun 8, 2006<br>) Time: 0900 AM.<br>) Judge Alex R. Munson |

1. Comes now plaintiff to oppose defendant BISOM's motion to Quash service of summons and deny entry of default. Defendant's motion should be denied as follows.

2. Jay H. Sorensen has been attorney for Robert A. Bisom from 1995 until as late as April 2006 when he filed a motion in the CNMI Supreme Court on the appeal of CNMI case 96-1320. Plaintiff's first knowledge that Mr Sorensen was not representing Mr Bisom in case of 5-27 occurred in late Nov 2005 when Mr Sorensen wrote plaintiff the letter at Exhibit A of Plaintiff's Affidavit in Support of Motion to Serve Robert A. Bisom by Publication, filed on Dec

1

9, 2005. Evidently, Mr Sorensen also wrote the court a similar letter as it was used to dismiss the motion for default on Mr Bisom which plaintiff then had before the Court.

3. As Mr BISOM's declaration in Idaho case 5-84 notes, as attached to his motion now before the Court, the issue in that case on the service on Mr Bisom was whether Cynthia Sorensen could accept service of summons for Mr. Bisom. Mr Bisom contented that Ms Sorensen was not his agent and could not accept service of summons. This question had nothing whatsoever to do with whether Mr Sorensen was or was not the attorney for Mr Bisom.

4. Plaintiff's presentation of the facts supporting service by publication for Mr Bisom is all true and correct as plaintiff submitted to the court in his motion. There is nothing defective or questionable about this motion which the Court acted upon. Mr BISOM's present motion presents no evidence at all to question any part of the motion or order for publication.

5. As noted in the opposition to the motion of Mr Clayton, there are reasons why Mr BISOM's motion should be denied. First, the court's action on Feb 21, 2006 in dismissing the first Amended complaint in case 05-0027 with leave to amend was received by plaintiff on March 1, 2006. By then, plaintiff had already complied with the court's order of Jan 13, 2006 relative to defendant Bisom by sending the summons document and money to the Saipan Tribune for publication.

6. Second, the publication in the Saipan Tribune was a presentation of the summons only and not the complaint. The reference to the complaint was only that it was on file at the Court and could be obtained by the defendant from the clerk.

Received    May-15-2006  07:36          From-                    To-US DISTRICT COURT, N            Page 004

7. Third, from the order for service by publication on Jan 13, 2006 to such time that the defendant answered the summons, the Clerk acted for defendant Bisom in the custody, handling and possession of the complaint. The clerk of court was the resident/residence for the complaint until such time that Mr Bisom responded.

8. Fourth, the plaintiff has no knowledge of any effort by defendant Bisom to contact the court for a copy of the complaint. Since the Clerk apparently did not supply a copy of the complaint to Mr BISOM, Mr BISOM's argument on the status of the complaint is irrelevant.

9. Fifth, the dismissal of Feb 21, 2006 was only for defendant Jay H. Sorensen. The dismissal of that date did not address defendant Bisom or even the other defendants for that matter. In the case of Mr Bisom, he had not been served with the summons by that date and he had not made any appearance before the court. He could have made an appearance before the court and he could have filed for a dismissal as happened in the Jay Sorensen motion. But Mr Bisom did not pursue this option.

10. Sixth, article 1 of the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" specifically does "not apply where the address of the person to be served with the document is not known." To this day, plaintiff does not have a address for Mr Bisom. He is alleged to be in Japan. Since Mr BISOM's present motion now cites the Hague convention for Japan, it appears that indeed he may be in Japan and not on Saipan. Thus, plaintiff's motion suggesting that Mr Bisom was believed to be in Japan was correct.

11. Last, Plaintiff filed with the court a motion to enter a default judgment on Mr Bisom on Apr 24, 2006. Thus, this action in terms of Mr Bisom was then in default before the court

3

by May 4, 2006. Under the federal rules of civil procedure, Mr Bisom has a remedy under rule 60 if the default against him is invalid. He can pursue this remedy.

12. Just as Mr Clayton has had numerous contacts with the CNMI over the years to allow the CNMI long arm provisions to apply, Mr Bisom has had continuing contacts with the CNMI over a number of years to present. Mr Sorensen continues to represent him in the CNMI courts. Mr Hanson in Saipan has also represented Mr Bisom since at least March 1, 2006, as noted in the Plaintiff's motion to enter the default judgment. The US District Court has personal jurisdiction over both Messers Clayton and Bisom. For the above reasons, defendant's motion to quash should be denied and the default should be entered. A proposed order is attached.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Dated this 14th day of May 2006 at Calder, Idaho.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of May 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Kristin St Peter, Asst Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Patrick Civille, Civille & Tang, PLLC, PMB 86, PO Box 10003, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se

4