JAY H. SORENSEN
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Telephone: 86-21-5083-8542
Facsimile: 86-21-5083-8542

*Attorney Appearing in Pro Se*

FILED
Clerk
District Court

MAY 22 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., <br><br><br><br> Defendants. | Civil Action No. 05-0027 <br><br> **REPLY TO PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS** <br><br> Hearing date: June 8, 2006 <br> Time: 9:00 a.m. |

Plaintiff's memorandum opposing the motion to dismiss makes the following arguments:

(1) In the motions brought by other defendants arguments have been made that not enough facts have been pled, so, given the complexity of these claims, and given the fact that in includes a claim for fraud, it should be deemed satisfactory. Plaintiff's Memorandum, ¶¶ 2-4. (2) The memorandum in support of this motion to dismiss is not short, plain, and concise and it includes irrelevant material. Plaintiff's Memorandum ¶¶ 6-13. (3) Those parts of the second amended

- 1 -

complaint that are cited in the moving papers relate primarily to other defendants, implying that the allegations against the moving defendant are adequate. Plaintiff's Memorandum ¶¶ 14,15,18,20-23. (4) There is no rule limiting the number of pages or paragraphs, so the length of the second amended complaint is of no consequence. Plaintiff's Memorandum ¶¶ 1, 11.

DISCUSSION

1. Plaintiff is required to comply with Rule 8 regardless of what claims they are or whom they are against.

The fact that other defendants who have filed motions to dismiss under Fed. R. Civ. P. 12(b) attacked the first amended complaint as having insufficiencies does not give defendant license to make the averments in the second amended complaint long, complicated and prolix. Besides, the position of those who brought demurring motions was not that the complaint did not have sufficient length or detail, but that it failed to allege key elements to a sustainable claim. Their point was not that plaintiff had left out something important, but that the necessary elements were not pled because they have no basis in fact. Thus, the failure to allege that the justices were acting in an extrajudicial capacity was not due to an oversight in drafting, but because it simply could not be fairly stated.

Neither is the fact that there is a claim based on fraud a justification to disregard the restrictions of Rule 8. While Fed. R. Civ. P. 9(b) does require that fraud allegations be pled with greater particularity, that rule must be read in the context of Rule 8 requirements. One rule does not control the other. *Carrigan v. California State Legislature*, 263 F.2d 560, 565 (9th Cir. 1959)("When fraud is alleged, it must be particularized as Rule 9(b) requires, but it still must be as short, plain, simple concise, and direct, as is reasonable under the circumstances, and as Rule 8(a) and 8(e) require.")

The fact that the requirement for particularity and for brevity and directness are not mutually exclusive is illustrated by the fact that courts have had no difficulty in dismissing complaints on both grounds simultaneously. See, *Schmidt v. Herrmann*, 614 F.2d 1221, 1123-1124 (9th Cir 1980); *County Nat'l. Bank v. Mayer*, 788 F. Supp. 1136, 1143 (E.D. Cal. 1992); *Moore v. United States*, 263 F.R.D. 647, 652 (N.D. Cal. 2000)("The Court finds that Plaintiff's second amended complaint fails to comply with Rule 8(a) and Rule 9(b).")

2. <u>Because the second amended complaint is a pleading, it is subject to Rule 8.</u>

It is not clear what point plaintiff's opposition attempts to make in paragraphs six through thirteen. Those paragraphs attempt to point out how the moving papers and supporting memorandum fall short of Rule 8 criteria. It is not clear if it was meant merely as ridicule, or if it has some more meaningful purpose. Perhaps it is to imply that since even the product filed by a legal professional is not short, plain, concise and direct, then it is unfair to hold plaintiff's second amended complaint to a higher standard. If that is the point being made, it is based on a misconception.

Rule 8(a) applies to "[a] *pleading* with sets for a claim for relief…" (emphasis added). Rule 8(e)(1) says: "Each averment *of a pleading* shall be simple, concise and direct." (emphasis added). A complaint is one of those items included within the definition of pleadings. Fed. R. Civ. P. 7(a). Neither a motion nor a brief on a motion is a pleading. *Breier v. Northern Cal. Bowling Proprietor's Ass'n.*, 316 F.2d 787, 789 (9th Cir. 1963) Thus, the supporting memorandum of which the opposition is critical is not subject to the regulation of Rule 8.

This illustrates the underlying problem in this and in the prior complaints filed by plaintiff. They do not reflect any appreciation for the role of a complaint under the federal rules. Instead they attempt to do too much. Not content to limit himself to the factual basis of the claims,

plaintiff includes everything that he can think of that might support the claims or make his recovery appear more equitable. To this end, plaintiff has, and continues in the second amended complaint, to include things such as attacks on the character and on the credibility of the defendants, reasons he believes there is bias against him, reasons that the judgment should never have been entered against him, and other argumentative, superfluous and inappropriate material. This is why it is not short and plain; and this is why its averments are not simple, concise and direct.

3. <u>This defendant is directly affected by the failure of the second amended complaint to comply with Rule 8.</u>

As the Court's prior order points out: "Failure to abide by the Rules makes it difficult for defendant and the court to determine who plaintiff claims caused what injury." Order Granting Defendant Sorensen's Motion to Dismiss with Leave to Amend, filed February 21, 2006, p.2. Contrary to the impression the opposition describes, due to the length, complexity, and sheer bulk of the allegations made, defendant is at a loss to know just what it is that is the basis of plaintiff's claims.

For example, the eleventh claim purports to be for violation of the Civil Rights Act of 1870. It is brought against each and every one of the named defendants. The substance of the claim merely says that defendants "each and collectively failed to afford BRADSWAW due process and equal rights of the law in their action to impose an illegal judgment on BRADSHAW without any recourse for reimbursement or restitution from the CNMI government. The actions of the defendant CNMI and its agents and SORENSEN and BISOM clearly violated the Civil Rights Act of 1879 and the US Constitution." (¶ 357). The substance of the next paragraph is: "The actions of the defendants in Violation the Civil Rights Act of 1870 produced a cause of action, pursuant to

-4-

which both legal and equitable remedies may be had..." (¶ 358). The next four paragraphs merely repeat that defendants violated Bradshaw's constitutional rights, that he was damaged in several ways by the violation, and that he is entitled to restitution and damages. There are no facts whatsoever pled in the seven paragraphs that make up that claim.

The factual basis of the eleventh claim, if there is one, must be provided by the incorporation of the previous 355 paragraphs by reference, which is effected by paragraph 356, the first paragraph in that claim. Therefore, this defendant, as with all the other defendants, is left with the task of ferreting through all the verbiage that precedes that claim to figure out what it is he did that might fit into the kind of wrong that the act is meant to address. Because of the volume that is a very labor intensive job. More importantly, it entails guessing at what parts of the allegations plaintiff has in mind as the source of his action against this defendant. As was the case in *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *Id.* at 1178.

This is not something that a pleader should have to do. As to any violations of the Civil Rights Act of 1870, each defendant is entitled to be specifically advised (a) what it is that he, she of it did that violated that act; (b) when and where it occurred; (c) what injury plaintiff sustained as a result of the violation. In other words, defendants are entitled to have the benefit of what the Court directed the plaintiff to do in drafting the second amended complaint. Order Granting Defendant Sorensen's Motion to Dismiss, etc., filed February 21, 2006, p.2, l. 22-25.

4. When it comes to the length of a complaint, size does matter.

One way to determine whether a pleading is short and simple is to look at its length. In fact, in the Ninth Circuit appellate decisions that review the dismissal of complaints for failure to adhere

to Rule 8, the size of the complaint has been noted. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964)(" 55 pages excluding prayer and exhibits."); *Schmidt*, 614 F.2d at 1223 (30 pages, including 21 pages of allegations and 9 pages of addenda); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981)("23 pages long with 24 pages of addenda.."). In *McHenry v. Renne*, *supra*, the plaintiffs were given leave to file amended complaints with directions as to how to plead. "[T]hey filed a fifty-three page third amended complaint repeating the vices of the second amended complaint. Instead of editing their twenty-six page introduction, plaintiffs expanded it." *McHenry*, 84 F.3d at 1176.

Remarkably, all of these cases involve complaints that were significantly less than the 72 pages of allegations and 53 pages of exhibits that are presented by this second amended complaint.

CONCLUSION

The Court is urged to dismiss the second amended complaint without leave to amend. Plaintiff has been given ample opportunity and direct instruction on what it takes to provide an adequate complaint. Moreover, while dismissal on grounds of Rule 8 does not depend on whether the complaint is wholly without merit, it is appropriate in exercising its discretion for a district court to "consider the strength of the plaintiff's case." *McHenry*, 83 F.3d at 1179. It is also appropriate to consider the burden imposed by plaintiff in related litigation. *Id.* When these considerations are taken into account, further leave to amend at this point is not called for.

Additionally, when dismissing a complaint under Fed. R. Civ. P. 41(b) for noncompliance with Rule 8, all defendants similarly situated may be dismissed at the same time. *Bach v. Mason*, 190 F.R.D. 567, 571 (D. Idaho 1999). The Court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally

1. related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341,1345 (9th Cir. 1981); see also, *Omar v. Sea-
2. Land Services, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without
3. notice where the plaintiff cannot possibly win relief.") The court's authority in this regard
4. includes sua sponte dismissal as to both defendants who have not been served and those who have
5. not yet answered or appeared. See, *Ricotta v. State of California*, 4 F. Supp. 2d 961, 978 (S.D.
6. 1998); *Bach*, 190 F.R.D. at 571, n. 7.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Jay H. Sorensen
　　　　　　　　　　　　　　　　　In Pro Se

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _May 18, 2006_ a copy of the following:

REPLY TO PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS

was deposited for delivery to the U.S. Post Office, first class mail, postage prepaid, addressed as set forth below (except as noted):

    Robert D. Bradshaw
    P.O. Box 473
    1530 W. Trout Creek Road
    Calder, Idaho  83808

\* Office of the Attorney General – Civil Division
    Commonwealth of the Northern Mariana Islands
    2nd Floor, Hon. Juan A. Sablan Bldg
    Caller Box 10007
    Saipan, MP  96950

    Civille & Tang
    2nd Floor Cabrera Center
    PMB 86, P.O. Box 10003
    Saipan, MP 96950

\* Mark B. Hanson
    First Floor, Macarans Bldg.
    Beach Road, Garapan
    PMB 738, P.O. Box 10000
    Saipan, MP 96950

_/s/ Jay H. Sorensen_
Jay H. Sorensen

\* Served electronically by agreement of the parties