F I L E D
Clerk
District Court

JUN 1 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEF, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, and JAY H. SORENSEN,<br><br>Defendant. | Case No. CV-05-0027<br><br>ORDER<br>RE: MOTIONS HEARD ON<br>JUNE 8, 2006 |

**THIS MATTER** came before the court on June 8, 2006 for hearing of defendant Sorensen's motion to dismiss, plaintiff's motion to enter default against defendant Bisom and Clayton, defendant Bisom's motion to quash service, defendant Clayton's motion to quash service, and defendant Sosebee's motion to quash service. The following parties appeared: plaintiff *pro se* by telephone; defendant Sorensen *pro se* by telephone; defendant Clayton and Sosebee by and through Assistant Attorney General Kristin D. St. Peter; and defendant Bisom by and through Mark B. Hanson.

**THE COURT**, having considered the arguments of the parties, makes the following disposition:

//

//

## I. BACKGROUND

On November 17, 2005, the court granted plaintiff's motion to extend time to serve defendant Sosebee and to serve defendant Sosebee by publication. Order Granting Motion to Extend Time to Serve Defendant Sosebee and Granting Motion to Serve by Publication, No. 17 (Nov. 17, 2005). The corresponding publication was made on February 9, 16, 23, and March 2, 2006 in the Marianas Variety. Return of Service, No. 102 (Apr. 25, 2006).

On January 13, 2006, the court granted plaintiff's motion to extend time to serve defendant Bisom and to serve defendant Bisom by publication. Order Granting Motion to Serve Defendant Bisom by Publication and to Extend Time for Service, No. 65 (Jan. 13, 2006). The corresponding publication was made on March 6, 13, 20, and 27, 2006 in the Saipan Tribune. Return of Service, No. 104 (Apr. 25, 2006).

On January 31, 2006, the court granted plaintiff's motion to extend time to serve defendant Clayton and to serve defendant Clayton by publication. Order Granting Motion to Serve Defendant Clayton by Publication and to Extend Time for Service, No. 70 (Jan. 31, 2006). The corresponding publication was made on March 8, 15, 22, and 29, 2006 in the Saipan Tribune. Return of Service, No. 103 (Apr. 25, 2006).

On February 21, 2006, the court dismissed without prejudice plaintiff's Amended Complaint and allowed plaintiff leave to amend. Order Granting Defendant Sorensen's Motion to Dismiss with Leave to Amend, No. 77 (Feb. 21, 2006). On the basis of mootness, the court denied motions to dismiss made by the Commonwealth, Forelli, Bush, Cotton, Brown, Castro, Manglona, and Bellas. Order Denying Motion to Dismiss Made by the Commowealth, Forelli, Bush, Cotton, and Brown, No. 78 (Feb. 21, 2006); Order Taking Motion to Dismiss Made By Castro Manglona, and Bellas Off Calendar and Denying Motion to Dismiss, No. 79 (Feb. 21, 2006).

On March 30, 2006, plaintiff timely filed his Second Amended Complaint. Second Amended Complaint, No. 83 (Mar. 30, 2006).

//

Defendant Sorensen filed his motion to dismiss on April 20, 2006. Notice of Motion and Motion to Dismiss Second Amended Complaint, No. 91 (Apr. 20, 2006).

On April 24, 2006, Plaintiff filed his motion for default judgment against defendant Bisom and Clayton. Motion to Clerk of Court To Enter A Default Judgment Against Defendant Robert A. Bisom, No. 97 (Apr. 24, 2006); Motion to Clerk of Court To Enter A Default Judgment Against Defendant Andrew Clayton, No. 99 (Apr. 24, 2006).

## II. DEFENDANT SORENSEN'S MOTION TO DISMISS

Defendant Sorensen moved the court to dismiss plaintiff's Second Amended Complaint for failure to make a short and plain statement as required by Federal Rule of Civil Procedure 8 ("Rule 8"). Defendant Sorensen argued that the Second Amended Complaint is not short and plain because the complaint is seventy-two pages long, it contains seventeen different causes of action, employs 397 paragraphs, and contains thirty exhibits. Plaintiff responded that in light of the facts of the case, the court's prior order dismissing the case, and the memorandums filed by the defendants supporting previous motions to dismiss, plaintiff included more facts and less legal analysis. Plaintiff made substantial revisions of his Amended Complaint by eliminating a great deal of argument, speculation, and supposition and by more clearly articulating what he believes had occurred.

Rule 8 provides that the complaint may include only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Applying this standard, plaintiff's Second Amended Complaint satisfies the requirements of Rule 8 because it gives defendants fair notice of the basis for plaintiff's claims. **ACCORDINGLY, THE COURT DENIES** defendant Sorensen's motion to dismiss. Defendant Sorensen shall have ten days to answer the Second Amended Complaint.

### III. Plaintiff's Motion to Enter Default Against Defendant Bisom

Plaintiff moved the court to enter default against defendant Bisom for failure to answer. For default to enter, defendant Bisom must have been properly served. After plaintiff was given leave to serve defendant Bisom by publication, Defendant Bisom was served by publication on March 6, 13, 20, and 27. The Amended Complaint, however, was dismissed on February 22, 2006 and plaintiff did not file the Second Amended Complaint until March 30, 2006. Because publication occurred during the time that there was no complaint, there could be no service of the complaint.

**ACCORDINGLY, THE COURT DENIES** plaintiff's motion for default against defendant Bisom.

### IV. Defendant Bisom's Motion to Quash Service

Because, as explained above, service upon defendant Bisom was improper, **THE COURT GRANTS** defendant Bisom's motion to quash service.

In fairness, the court will allow plaintiff until August 31, 2006 to serve defendant Bisom and will allow plaintiff to serve defendant Bisom by publication as per the requirements set in the court's previous Order Granting Motion to Serve Defendant Bisom by Publication and to Extend Time for Service, No. 65 (Jan. 13, 2006). Title 7 CMC § 1104(b) requires that the publication must be made once each week for four successive weeks. For service of process to be effective, the service must occur while the complaint is in existence. Furthermore, the complaint must exist during the period that defendant Bisom must make an appearance in court. This means that if service is made by publication, the complaint must exist during the four consecutive weeks of publication as well as during the 20 days after the last day of publication.

### V. Plaintiff's Motion to Enter Default Against Defendant Clayton

Plaintiff moved the court to enter default against defendant Clayton for failure to answer. For default to enter, defendant Clayton must have been properly served. Defendant Clayton was served

by publication on March 8, 15, 22, and 29. The Amended Complaint, however, was dismissed on February 22, 2006 and plaintiff did not file the Second Amended Complaint until March 30, 2006. Because publication occurred during the time that there was no complaint, there could have been no service of the complaint.

**ACCORDINGLY, THE COURT DENIES** plaintiff's motion for default against Clayton.

### VI. Defendant Clayton's Motion to Quash Service

Because, as explained above, service upon defendant Clayton was improper, **THE COURT GRANTS** defendant Clayton's motion to quash service.

In fairness, the court will allow plaintiff until August 31, 2006 to serve defendant Clayton and will allow plaintiff to serve defendant Clayton by publication as per the requirements set in the court's previous Order Granting Motion to Serve Defendant Clayton by Publication and to Extend Time for Service, No. 70 (Jan. 31, 2006). Title 7 CMC § 1104(b) requires that the publication must be made once each week for four successive weeks. For service of process to be effective, the service must occur while the complaint is in existence. Furthermore, the complaint must exist during the period that defendant Clayton must make an appearance in court. This means that if service is made by publication, the complaint must exist during the four consecutive weeks of publication as well as during the 20 days after the last day of publication.

### VII. Sosebee's Motion to Quash Service

Defendant Sosebee moved the court to quash service. Defendant Sosebee was served by publication on February 9, 16, 23, and March 2. The Amended Complaint, however, was dismissed on February 22, 2006 and plaintiff did not file the Second Amended Complaint until March 30, 2006. Because the last day of publication was during the time that the Amended Complaint was dismissed, service of process was improper. **ACCORDINGLY, THE COURT GRANTS** defendant Sosebee's motion to quash service.

In fairness, the court will allow plaintiff until August 31, 2006 to serve defendant Sosebee and will allow plaintiff to serve defendant Sosebee by publication as per the requirements set in the court's previous Order Granting Motion to Extend Time to Serve Defendant Sosebee and Granting Motion to Serve by Publication, No. 18 (Nov. 17, 2005). Title 7 CMC § 1104(b) requires that the publication must be made once each week for four successive weeks. For service of process to be effective, the service must occur while the complaint is in existence. Furthermore, the complaint must exist during the period that defendant Clayton must make an appearance in court. This means that if service is made by publication, the complaint must exist during the four consecutive weeks of publication as well as during the 20 days after the last day of publication.

*Pro se* plaintiff may benefit from requesting defendant Sosebee to waive service by following the procedure set forth in Federal Rule of Civil Procedure 4(d).

## VIII. Conclusion

**FOR THE FOREGOING REASONS, THE COURT:**

(1) Denies defendant Sorensen's motion to dismiss;

(2) Orders defendant Sorensen to answer the complaint within ten days of receipt of this order;

(3) Denies plaintiff's motion to enter default against Bisom;[1]

---

[1] The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, *concluded* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.A. 163 [hereinafter Hague Service Convention], does not prevent plaintiff from serving defendants Bisom or Clayton by publication because:
(1) Plaintiff does not have the address of defendants Bisom or Clayton; Affidavit of Plaintiff's Efforts to Locate Robert A. Bisom, No. 39 (Dec. 9, 2005); Affidavit in Support of Motion to Serve Andrew Clayton by Publication and For A Change to the Period Allowed For Service From 120 Days to 240 Days, No. 36 (Dec. 9, 2005); *see* Hague Service Convention art. 1 ("The Convention shall not apply where the address of the person to be serviced with the document is not known."); and
(2) Because service is deemed complete upon the fourth publication, there is no "occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention art. 1 ("The [Hague Service] Convention shall apply in all cases, in civil or commercial matters, where

(4) Grants defendant Bisom's motion to quash service;

(5) Grants plaintiff until August 31, 2006 to serve defendant Bisom;

(6) Grants plaintiff leave to serve defendant Bisom by publication;

(7) Denies plaintiff's motion to enter default against Clayton;

(8) Grants defendant Clayton's motion to quash service;

(9) Grants plaintiff until August 31, 2006 to serve defendant Clayton;

(10) Grants plaintiff leave to serve defendant Clayton by publication;[2]

(11) Grants defendant Sosebee's motion to quash service;

(12) Grants plaintiff until August 31, 2006 to serve defendant Sosebee; and

(13) Grants plaintiff leave to serve defendant Sosebee by publication.

**DATED** this 12th day of June, 2006.

_____
ALEX R. MUNSON
Judge

---

there is occasion to transmit a judicial or extrajudicial document for service abroad."); see *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 704 (1988) ("[T]he internal law of the forum is presumed to determine whether there is occasion for service abroad.").

[2] See supra note 1.