F I L E D
Clerk
District Court

JUN 1 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1 | **CIVILLE & TANG**
2nd Floor, Cabrera Center
2 | PMB 86, P.O. Box 10003
Saipan, MP   96950-8908
3 | Telephone: (670) 235-1725
Facsimile: (670) 235-1726
4 |

Attorneys for Defendant Justice Alexandro C. Castro

5 |

IN THE UNITED STATES DISTRICT COURT

6 |

FOR THE NORTHERN MARIANA ISLANDS

7 |

8 | ROBERT D. BRADSHAW,                          CIVIL ACTION NO. 05-0027

9 |                    Plaintiff,

10 |                    vs.

11 |                                              **DEFENDANT ALEXANDRO C.**
COMMONWEALTH OF THE                          **CASTRO'S RESPONSE TO PLAINTIFF'S**
12 | NORTHERN MARIANA ISLANDS                     **NOTICE TO COURT TO CORRECT THE**
(hereafter referred to as the CNMI),         **RECORD**
13 | NICOLE C. FORELLI, former Acting
14 | Attorney General of the CNMI, in her
personal/individual capacity; WILLIAM C.
15 | BUSH, former Assistant Attorney General
of the CNMI, in his personal/individual
16 | capacity; D. DOUGLAS COTTON;
17 | former Assistant Attorney General of the
CNMI, in his personal/individual capacity;
18 | L. DAVID SOSEBEE, former Assistant
Attorney General of the CNMI, in his
19 | personal/individual capacity; ANDREW
20 | CLAYTON, former Assistant Attorney
General of the CNMI, in his
21 | personal/individual capacity; Other
UNKNOWN and UNNAMED person or
22 | persons in the CNMI, in their personal/
individual capacity; ALEXANDRO C.
23 | CASTRO, former Justice ProTem of the
24 | CNMI SUPERIOR COURT, in his
personal/individual capacity; PAMELA S.
25 | BROWN, former Attorney General of the
CNMI; in her personal/individual capacity;
26 | ROBERT A. BISOM; and JAY H.
27 | SORENSEN.

28 |                    Defendants.

ORIGINAL

1    Plaintiff Robert D. Bradshaw filed a Notice to Court to Correct ("Notice") the Record on

2    May 4, 2006, essentially representing to the Court that Counsel for Defendant Alexandro C.

3    Castro ("Castro") misstated facts in its Ex Parte Motion Extending Time ("Motion to Extend")

4    filed on April 14, 2006, as amended by an Errata filed on April 17, 2006.  In his Notice,

5    Bradshaw stated that the Motion to Extend contained errors in the factual representations

6    regarding (1) the time that Bradshaw's complaint was received in the CNMI and (2) whether

7    Castro has not been previously granted an extension of time.  Although the issue may be moot

8    since Bradshaw has consented to, and the Court has granted, the extension, because any

9    suggestion that defendant's counsel may have misrepresented facts to the Court is a serious

10   matter, Castro respectfully files this response to Bradshaw's Notice.

11    On April 14, 2006, Castro, through the undersigned counsel, filed a motion requesting an

12   extension of time to file an answer to Bradshaw's Second Amended Complaint.  In the Motion,

13   Castro, through the undersigned, represented that counsel received Bradshaw's Amended

14   Complaint in the mail at its CNMI office address on April 13, 2006, and that the Complaint had

15   then been sent via overnight mail to counsel's office address on Guam on the same date.

16   Counsel representations of the dates were accurate, as reflected in the Declaration of Counsel and

17   Declaration of Kerishnan Samy Naidu submitted herewith.

18    Upon further investigation, it appears that what led Bradshaw to believe that the

19   Amended Complaint had been served before August 13 was that the Complaint had been

20   delivered to a mail service several days earlier.   The undersigned counsel's CNMI postal address

21   is P.O. Box 10003, PMB 86, Saipan, MP 96950.  This CNMI post office box number is at a

22   private postal service.  *See* Decl. of Kerishnan Samy Naidu, ¶ 5 (June 12, 2006).  When mail is

23   delivered to the CNMI, it is received by the United States postal service, which forwards the

24   letter to a private postal service.  *See* Decl. of Naidu, ¶ 6.  Unbeknownst to counsel or his staff,

25   an employee at the private postal service signed for the packet containing Plaintiff's Second

26   Amended Complaint on April 6, 2006.  *See* Decl. of Naidu, ¶¶ 7-8.  On April 10, 2006, the Court

27   faxed a copy of an Order, filed on April 10, 2006, granting an extension of time to file a

28   responsive pleading to several of the defendants in this matter.  Decl. of G. Patrick Civille, ¶ 6.

-1-

1  The Order was mistakenly faxed by the Court to the law firm of Teker, Torres & Teker, and not

2  Civille & Tang. *See id.* On April 12, 2006, the undersigned's Guam office received the faxed

3  copy of the Order from the Teker law firm. *See id.* From a review of the Order, the undersigned

4  gleaned that a Second Amended Complaint must have been filed in this matter. Decl. of Civille,

5  ¶ 7. On that date, April 12, 2006, the undersigned's Guam office contacted Mr. Kerishnan Samy

6  Naidu, an employee working in Counsel's CNMI Office, to inquire whether any complaint in this

7  matter was received in the mail. *See id;* Decl. of Naidu, ¶ 9-10. Mr. Naidu received the message

8  on April 13, 2006, and on that day checked with the private postal service and learned that the

9  Second Amended Complaint was in the office's box. Mr. Naidu did not notice at the time that

10  the Complaint had been received by the private postal service on April 6. *See* Decl. of Naidu, ¶

11  9-10. He did not discover this until he requested a copy of the private postal service receipt

12  several weeks later. Thus, while the private postal service stamped the package received on

13  April 6, Defendant Castro, through the undersigned, in fact did not receive the mailed package

14  containing Bradshaw's Second Amended Complaint until April 13, 2006.

15        Per the undersigned's instructions, that same day, April 13, 2006, Mr. Naidu mailed the

16  packet via overnight mail to Counsel's Guam office address, 330 Hernan Cortes Ave, Ste. 200,

17  Hagatna, Guam 96910. *See* Decl. of Civille, ¶ 8; Decl. of Naidu, ¶¶ 11. Counsel received the

18  packet on April 14, 2006. *See* Decl. of Civille, ¶¶ 9-10.

19        While confusion as to the date that Defendant Castro was served is understandable in

20  light of the notation, *made by the private postal service,* that the package was received on April

21  6, 2006, Counsel's CNMI office in fact actually received Bradshaw's Second Amended

22  Complaint on April 13, 2006. The Complaint was sent to the undersigned Counsel via overnight

23  mail, which was delivered to the undersigned Counsel's Guam office on April 14, 2006, as was

24  indicated in the Motion to Extend,

25        In his Notice, Bradshaw further stated that Defendant Castro's Motion to Extend was not

26  timely filed. Defendant Castro refers the Court to the Ninth Circuit case *Tushner v. United States*

27  *District Court for the Central Dist. Of Cal.*, 829 F.2d 853, 855-56 (9th Cir. 1987), which

28  provides the rule in this Circuit pertaining to the calculation of deadlines where a pleading is

1  served by mail. *See Tushner*, 829 F.2d at 855-56 (holding that in applying the 3-additional-day

2  rule for service by mail, you first calculate the time period prescribed in the rules excluding

3  weekends if under eleven days, then add three days to the due date).  Defendant Castro

4  respectfully submits that in accordance with *Tushner*, the Motion to Extend, filed on April 14,

5  2006, was timely filed.

6         Finally, Defendant Castro's Motion to Extend indicated that the Court had not previously

7  granted Defendant Castro an extension of time to respond to the Second Amended Complaint.

8  While it is true, as noted by Plaintiff Bradshaw in his Notice, that the Court allowed Defendant

9  Castro, along with the other defendants of the CNMI Judiciary, an extension of time to file a

10 responsive pleading to Bradshaw's first Amended Complaint, Bradshaw fails to note that the

11 Court dismissed Bradshaw's first Amended Complaint.  Bradshaw thereafter filed a Second

12 Amended Complaint, reviving this otherwise dismissed case.  Thus, Defendant Castro has not

13 been previously granted an extension of time to file to respond to Bradshaw's Second Amended

14 Complaint.  The Motion to Extend filed on April 14, 2006 was the first request made for an

15 extension to respond to Bradshaw's Second Amended Complaint.

16        The above-stated facts were contained in Defendant Castro's Motion to Extend.  In

17 response to Bradshaw's Notice to Correct Record, Defendant Castro posits and clarifies that

18 these facts were not misstatements for the reasons indicated above, thus rendering unnecessary a

19 correction of the record as proposed by Plaintiff Bradshaw.

20        Respectfully submitted,

21                                       **CIVILLE & TANG**

22

23 DATED:  June 12, 2006          By: _____

24                                       **G. PATRICK CIVILLE**
                                          *Attorneys for Defendant*
25                                        *Justice Alexandro C. Castro*

26

27

28