DAHL v. KANAWHA INV. HOLDING CO.    683
Cite as 161 F.R.D. 673 (N.D.Iowa 1995)

Allegations are also made against Farmers State Bank, and at one point against Fulton State Bank, but the record does not reveal any attempt to serve either of these defendants, and no motion to dismiss by these defendants is pending. *Id.* The court deems it proper to give the Dahls the opportunity to cure defects in service as to these six defendants, and these six defendants only. *Gregory,* 942 F.2d at 1500. However, because re-serving the complaint stating no allegations against any of the other defendants would be futile, the complaint is dismissed as to all other defendants. *Id.* The six defendants against whom allegations have actually been made may have valid defenses or grounds requiring dismissal pursuant to *Fed.R.Civ.P.* 12(h)(6) as well, but it would be inappropriate for the court to speculate as to the nature and merits of such grounds or defenses in the absence of motions to dismiss from such defendants. The Dahls will therefore be given a reasonable period of time within which to attempt to effect proper service against defendants French, Dixon, Wainwright, Mitchell, Farmers State Bank, and Fulton State Bank. The motions to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) by all other defendants will be granted.[16]

### B. Motions For Default Judgment

[14] The court turns next to the Dahls' motions for default judgment. *Fed.R.Civ.P.* 55 provides for default as follows:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered [in circumstances not present here, by the clerk, and in all other cases by the court].

By its terms, the Rule requires two steps before entry of a default judgment: first, pursuant to *Fed.R.Civ.P.* 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to *Fed.R.Civ.P.* 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See, e.g., Henry v. Tri-Services, Inc.,* 33 F.3d 931, 932 (8th Cir.1994) (describing entry of default judgment in that case as following entry of default by clerk); *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1152 n. 11 (2d Cir.1995) (distinguishing between the first step, entry of default, and the second, entry of default judgment). The Dahls have not made the first step, seeking entry of default from the clerk of court, and therefore their motions for default judgment are not on the proper procedural footing. However, the court will consider further grounds for disposition of the Dahls' motions for default.

Although the entry of a default judgment is a matter in the trial court's discretion, *Swink v. City of Pagedale,* 810 F.2d 791, 792 (8th Cir.), *cert. denied,* 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987), the Eighth Circuit Court of Appeals has considered a number of factors in reviewing entries and denials of default judgment for abuse of discretion. In *Swink,* the court considered whether the moving party was prejudiced by denial of the motion for default judgment. *Id.* The court found that prejudice cannot

---

16. This conclusion is also applicable to defendants Hyland and Brick, who asserted insufficiency of service of process as grounds for denying the Dahls' motion for default judgment as to them. The court construes defendants Hyland and Brick to have raised a challenge to the complaint pursuant to *Fed.R.Civ.P.* 12(b)(5), and as so construed, these defendants must prevail. The complaint asserts no allegations against these two defendants; therefore, re-serving the complaint on them would be futile. *Gregory,* 942 F.2d at 1500. The Dahls may not re-serve these two defendants with the present complaint.

The court's disposition of the motions to dismiss leaves defendant Johnson unaccounted for. Johnson is named in the caption of the Dahl's complaint, but he has neither answered nor moved for dismissal; neither has he been the subject of a motion for default judgment. The court concludes that effecting any service upon defendant Johnson of the present complaint would also be futile, because there are no factual allegations against him to be found in the complaint. However, with no motion of any kind concerning defendant Johnson pending, the court can do no more than state this conclusion as *dicta.*

*Exh. B* (A 36)

684    161 FEDERAL RULES DECISIONS

be shown by the fact that denying the motion for default judgment would allow the opposing party to defend the claim, because "[t]here is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, ... particularly when the money damages sought are substantial." *Id.* at 792 & n. 2 (citations omitted). The Eighth Circuit Court of Appeals consistently points to a strong judicial policy against default judgments. *Oberstar v. Federal Deposit Ins. Corp.*, 987 F.2d 494, 503–04 (8th Cir. 1993) (citing *Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir.1981), and noting that this judicial preference for adjudication on the merits "goes to the fundamental fairness of the adjudicatory process."); *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993) ("Default judgments are ... not favored by the law.").

The Eighth Circuit Court of Appeals in *Swink* also considered whether the opposing party had willfully failed to answer. *Swink*, 810 F.2d at 793. As to willfulness, the court contrasted absconding from the jurisdiction of the court or trying to avoid liability by physically avoiding the proceedings with inadvertent failure to file an answer. *Id.* Finally, the court considered the delay to the proceedings resulting from denial of default judgment, finding that where the court requires prompt action to rectify a failure to answer, no excessive delay results from denying default judgment. *Id.* The Eighth Circuit Court of Appeals also rejects the appropriateness of granting default judgment for "a marginal failure to comply with the time requirements." *Oberstar*, 987 F.2d at 503; *Harre*, 983 F.2d at 129–30.

[15] In *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238 (2d Cir.1994), the Second Circuit Court of Appeals summarized similar factors for determining the propriety of entering a default judgment, finding the source for these factors in Fed.R.Civ.P. 55(c):[17]

The district court evaluated appellants' opposition to the motion for default judgment under the "good cause shown" standard of Fed.R.Civ.P. 55(c). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981). Under Rule 55(c), the factors to be considered in deciding whether to relieve a party of a default are "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* at 277. The district court must consider all of these factors. See *Information Sys. & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed.Cir.1993) (noting that the majority rule is to consider all three factors).

*Commercial Bank of Kuwait*, 15 F.3d at 243.[18]

To determine whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C.Cir. 1980). Defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense. *Id.*

There is some dispute among courts regarding how the moving party must establish a meritorious defense under this standard. The majority rule is that the defendant must make some factual showing that a meritorious defense exists. See, e.g., *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988) (affidavits submitted by moving party established meritorious defense); *Federal Trade Comm'n*, 562 F.2d at 10 n. 3 (quoting district court's conclusion that more than "bald allegations" of meritorious defense is needed); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 747 F.Supp. 1409, 1412 (D.Or.1990). Other courts apply a lower standard, requiring that the defendant merely allege facts which, if proven, would constitute a meritorious defense. See, e.g.,

---

17. Fed.R.Civ.P. 55(c) provides:
   (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

18. The "meritorious defense" factor injected into consideration of the appropriateness of granting a default entry by the court in *Commercial Bank of Kuwait*, in its usual context of the appropriateness of setting aside a default, is not without some controversy or confusion in its application. As one source notes, the demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, "the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion." 10 Charles Wright, Arthur Miller & Mary Kay Kane, § 2697, at 531. The underlying purpose of this requirement is simply to determine whether there is some possibility that the suit will have an outcome different from the result achieved by default. *Id.*; *Maine Nat'l Bank v. F/V Cecily B.*, 116 F.R.D. 66, 68 (D.Me.1987).

DAHL v. KANAWHA INV. HOLDING CO. 685
Cite as 161 F.R.D. 673 (N.D.Iowa 1995)

[16, 17] To these factors identified by the courts in *Swink* and *Commercial Bank of Kuwait*, this court would add a precondition it finds in the rule governing entry of default itself. As a precondition to entry of either default or default judgment, Fed.R.Civ.P. 55(a) requires a showing that the party has "failed to plead or otherwise defend as provided by these rules." Thus, where, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper. *See, e.g., Pinaud*, 52 F.3d at 1152 n. 11 (suggesting that proof of proper service is a necessary precondition for entry of default, but finding default inappropriate on other grounds and further finding district court properly avoided ruling on propriety of service in those circumstances). Similarly, entry of default or default judgment is inappropriate where a defendant does not yet have an obligation to plead or defend against the claim by reason of filing a motion to dismiss pursuant to Fed.R.Civ.P. 12. Fed.R.Civ.P. 12(a)(4) provides that the moving party is relieved of the obligation to respond to the pleadings filed against it until ten days after the court disposes of the motion to dismiss. Such a situation obtains here as to defendants Nadler, First National Bank, and Rietma, because each has moved to dismiss pursuant to Fed.R.Civ.P. 12(b).

Returning to the factors identified by the courts in *Swink* and *Commercial Bank of Kuwait*, the court finds that in the present circumstances, the Dahls can show no prejudice resulting from denial of the entry of a default. *Swink*, 810 F.2d at 792; *Commercial Bank of Kuwait*, 15 F.3d at 243. Denial of default will allow defendants, if properly served, to defend the claims against them. However, such a showing does not demonstrate prejudice, but is simply in keeping with the judicial preference for disposition of cases on the merits. *Swink*, 810 F.2d at 792 & n. 2. Furthermore, there is no willful refusal to answer here where the defendants have not been properly served with the complaint in the first place which would trigger their obligation to answer or plead. *Swink*, 810 F.2d at 793; *Commercial Bank of Kuwait*, 15 F.3d at 243. As to delay to the proceedings resulting from denial of default judgment, this court will require the prompt re-serving of the six listed defendants; therefore, no excessive delay results from denying default judgment. *Id.* Any delay so far is as much the result of the Dahls' failure to serve defendants properly as it could be the result of the defendants' failure to answer. There can be no delay to proceedings which have never been properly initiated. For similar reasons, the court is not in any position to consider yet whether the remaining defendants might have a meritorious defense, because they have not yet been required to make any showing of factual or legal grounds constituting a defense. The court therefore concludes that entry of default or default judgment must be denied as to all defendants against whom such default was sought. The Dahls' various motions for default judgments must be denied.

C. *The Motions For Sanctions*

[18] As a final matter, the court turns to the motions for sanctions pursuant to Fed. R.Civ.P. 11, filed by defendants Nadler, First National Bank, and Rietma. These motions assert that the Dahls should be sanctioned for filing the second motion for default on April 12, 1995. Nadler, First National Bank, and Rietma assert that this second motion for default judgment was filed for the purpose of harassing the defendants, delaying this matter, and increasing the costs of this litigation.

The court is unwilling to impose Rule 11 sanctions in these circumstances, however. The court finds that the second motion for default judgment follows an asserted second attempt to serve defendants by certified mail, even though it evinces the same misconception of the effectiveness of such service. The court concludes that this second request for

---

*Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984) (meritorious defense established if assertions in answer are true).

EXH- B

default judgment is not a willful flaunting of procedural rules, but an attempt to cure past procedural flaws, albeit without recognizing precisely what those flaws might have been. The court is mindful that *pro se* litigants are not excused from complying with court orders or substantive and procedural law. *Farnsworth*, 863 F.2d at 34; *Am. Inmate Paralegal Assoc.*, 859 F.2d at 61; *Burgs*, 745 F.2d at 528. However, this court has a policy of affording *pro se* litigants the opportunity to be apprised of the errors in their conduct, particularly when such errors are procedural, before imposing upon them the full burden of the sanctions available in any particular circumstances.

It should now be abundantly clear to plaintiffs that their past attempts to serve defendants by mail were procedurally flawed and therefore ineffective. A repeat of the same attempts at service and further attempts to obtain default judgment based upon such flawed attempts would likely open plaintiffs to the court's full weight of available sanctions on the ground that such an act would likely constitute willful misconduct.

The Dahls' action has been dismissed against the complaining defendants on other grounds as a result, in large part, of the Dahls' errors. The court finds that imposition of other sanctions pursuant to *Fed. R.Civ.P.* 11 would be needlessly cumulative. The motions for sanctions will therefore be denied.

### III. CONCLUSION

Although this matter must be dismissed as to the majority of the defendants, that dismissal is not for want of prosecution, despite the Dahls' failure to file any resistance to dispositive motions. The failure to respond to the dispositive motions was not a willful violation of a court order for action, but a failure to comply with rules of procedure. Those rules provide the most appropriate sanction for failing to respond: likelihood that the motion will be granted.

The court concludes, however, that the Dahls have not properly served any of the defendants in this action. The Dahls' attempts to effect service by certified mail fail for lack of adequate acknowledgement of service, and, under the amended version of *Fed. R.Civ.P.* 4 applicable to these proceedings, for failure to obtain proper waiver of service. Thus, the grounds for dismissal pursuant to *Fed.R.Civ.P.* 12(b)(5) for insufficiency of service of process are present here.

Furthermore, the court concludes that the Dahls' complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to *Fed.R.Civ.P.* 12(b)(6), because, apart from six defendants named only in the body of the complaint, no allegations of any sort are made against any of the defendants. Allowing the Dahls to attempt to cure the service defects as to the majority of the defendants would therefore be futile. As to defendants named in the body of the complaint, the court concludes that the service defects are curable. Therefore, the Dahls are granted sixty (60) days from the date of this order within which to effect proper service on defendants French, Dixon, Wainwright, Mitchell, Farmers State Bank, and Fulton State Bank. All claims against all other defendants are dismissed without prejudice.[19]

The motions for sanctions against the Dahls pursuant to *Fed.R.Civ.P.* 11 filed by defendants Nadler, First National Bank, and Rietma are denied. The Dahls are cautioned, however, to be mindful of the warnings and instructions found herein for the further prosecution of this matter, if any should occur.

Finally, all other motions pending at this time not specifically resolved by this ruling are denied as moot in light of the dismissal of all defendants asserting such motions or against whom such motions are asserted.

IT IS SO ORDERED.



---

19. Dismissal is without prejudice, because dismissal of this complaint can have no res judicata effect when there is no way to ascertain what claims or issues were encompassed as to these defendants in the complete absence of the statement of any claims or issues or factual allegations as to these defendants.

to compel the victims to invest their life savings in his bogus investment scheme. Because the district court properly imposed section 3A1.1(b)'s vulnerable victim enhancement provision, we reject Curly's assignment of error.

Accordingly, we **AFFIRM** the district court's sentencing determinations.



LSJ INVESTMENT COMPANY, INC., Plaintiff–Appellee,

v.

O.L.D., INC.; Morrie Friedman; Andrew Fell, Defendants–Appellants,

Whitestone Games, Inc., et al., Defendants.

Nos. 97–3877, 97–4122.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 28, 1998.

Decided Feb. 11, 1999.

Company filed suit against corporation and individual defendants under Racketeer Influenced and Corrupt Organizations Act (RICO). The United States District Court for the Northern District of Ohio, Kathleen McDonald O'Malley, J., entered default judgment against defendants, and they appealed. The Court of Appeals, Siler, Circuit Judge, held that: (1) service of process to corporation and first individual defendant, made by certified mail and signed by woman who worked at location repeatedly given by defendant and corporation as business address, was adequate; (2) default judgment as against second individual defendant was void due to inadequate service of process, as ordinary mail service used by plaintiff's attorney complied neither with technical requirements of Ohio law nor with due process; (3) once defendants appealed entry of default judgment, it was not erroneous for district court to refuse to entertain their motions for stay of execution and for relief from judgment; and (4) if proven, allegations that first individual defendant was controlling shareholder and owner of defendant corporation were sufficient to establish individual liability under RICO.

Affirmed in part, reversed in part, and remanded.

1. Federal Courts ⇌754.1, 870.1

Court of Appeals exercises plenary review over legal issues involving adequacy of service but reviews for clear error the relevant findings of fact.

2. Corporations ⇌358

Process ⇌82

District court did not err in finding that individual defendant, served individually and in his capacity as officer of defendant corporation, was properly served with civil complaint pursuant to Ohio rule allowing out-of-state service by certified mail to be evidenced by return receipt signed by any person, where woman who signed return receipt for certified mail to defendant worked at location repeatedly given by defendant as address for corporation and himself; court reasonably concluded that addresses in question were offices of the defendants, and that mail delivered to an address supplied by individual defendant gave notice reasonably calculated to apprise parties of the action. Fed.Rules Civ.Proc. Rule 4, 28 U.S.C.A.; Ohio Rules Civ.Proc., Rule 4.3(B)(1).

3. Constitutional Law ⇌309(1)

Federal Civil Procedure ⇌412

For service to be proper, it must not only comply with relevant rule, but must comport with due process by providing notice reasonably calculated, under all circumstances, to apprise interested parties of pendency of the action and afford them an opportunity to present their objections. U.S.C.A. Const.Amend. 5.

[125]    EXH. B    A40

4. **Constitutional Law** ⇐309(2)

   **Corporations** ⇐507(12)

   District court reasonably concluded that certified mail delivered to corporate defendant at location used by corporation as a business address complied both with Ohio rules for service of process and with due process. U.S.C.A. Const.Amend. 5; Fed. Rules Civ.Proc.Rule 4(e)(1), 28 U.S.C.A.; Ohio Civ.Proc., Rule 4.2(F).

5. **Constitutional Law** ⇐309(2)

   **Process** ⇐82

   Individual defendant was not properly served with civil complaint, where certified mail addressed to defendant was returned by Post Office with designation "Attempted Not Known" no one had signed a return receipt, and, though plaintiff's counsel then attempted ordinary mail service. Ohio rule providing for such service required that a certificate of mailing be completed and filed by the clerk; ordinary mail service used by plaintiff's attorney complied neither with technical requirements of Ohio law nor with due process. Fed.Rules Civ.Proc.Rule 4, 28 U.S.C.A.; Ohio Rules Civ.Proc., Rules 4.3(B)(1), 4.6(D)

6. **Federal Courts** ⇐683, 686

   Once defendants appealed entry of default judgment against them, it was not erroneous for district court to let the appeal take its course, and to refuse to entertain defendants' motions for stay of execution and for relief from judgment. Fed.Rules Civ.Proc. Rule 60(b), 28 U.S.C.A.

7. **Racketeer Influenced and Corrupt Organizations** ⇐74

   Allegations that first individual defendant was controlling shareholder and owner of one corporation at time of plaintiff's dealings with defendants, and that second individual defendant was controlling shareholder and owner of second corporate defendant were, if proven, sufficient to establish individual liability under Racketeer Influenced and Corrupt Organizations Act (RICO). 18

Robert J. Vecchio (argued and briefed), Anthony J. Vegh (briefed), Cleveland, Ohio, for Appellants.

James H. Grove (argued and briefed), Nicola, Gudbranson & Cooper, Michael E. Cicero, L. James Juliano, Jr. (briefed), Nicola, Gudbranson & Cooper, Cleveland, Ohio, for Appellee.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

SILER, Circuit Judge.

The defendants appeal a default judgment, arguing that they were not properly served and that the judgment is void as a matter of law. They also appeal the district court's refusal to entertain their motion to set aside the default judgment under FED. R. CIV. P. 60(b) and the decision that defendants Morrie Friedman and Andrew Fell are individually liable. For the reasons discussed below, we reverse the judgment against Fell, but affirm the court on all other matters, including the default judgments against Friedman and O.L.D., Inc. ("O.L.D.").

**I. BACKGROUND**

In 1996, plaintiff LSJ Investment Company filed a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, against several defendants, charging them with perpetrating a multi-state, video-game-store investment swindle from locations in Florida and California and committing mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. LSJ sent separate summonses and complaints by certified mail to O.L.D., Fell, and Friedman. LSJ sent Fell's mail c/o Diehard Marketing Group, 5137 Clareton Drive, Suite 210, Agoura Hills, California 91301. It sent the summons and complaint for Friedman and O.L.D. to 22615 Mobile Street, West Hills, California.

The certified mail to Fell was returned with the designation "Attempted Not Known." A woman named Carol Ponder initially signed for the certified mail to Friedman (who was sued both individually and as an officer and employee of O.L.D.). Ponder

for liability under Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. § 1962(c).

man (who was sued both individually and as an officer and employee of O.L.D.) Ponder opened the envelope, but later returned it as

[126]

Exh. B (A41)

**322**      **167 FEDERAL REPORTER, 3d SERIES**

"opened in error" and "not at this address." The certified mail to O.L.D., which arrived at the same address as Friedman's mail, was returned as refused two days after Ponder signed for the Friedman mail.

LSJ says it re-sent the summons and complaint by regular U.S. mail, with a waiver of service form, to each defendant on August 14, 1996. It says it filed affirmations of service of the waiver requests, and that none of the regular mailings was returned.

LSJ moved for default judgment against several defendants for having failed to plead. At a hearing on May 12, 1997, the court expressed some concern about service of process, but was told by LSJ's counsel that "we have got certified mail receipts upon each of them." (This statement was inaccurate about the mail to Fell, which had been returned "Attempted Not Known.")

On July 11, 1997, the court entered a default judgment against Diehard Marketing Group, Inc.; O.L.D.; Friedman, individually and as an officer and employee of O.L.D.; and Fell, individually and as an officer and employee of Diehard Marketing Group, Inc.

On July 21, 1997, defendants O.L.D., Friedman, and Fell moved to stay the execution of judgment. On July 25, 1997, they appealed the entry of the default judgment. On August 14, 1997, they moved for relief from judgment pursuant to FED. R. CIV. P. 60(b).

On August 21, 1997, the district court denied the defendants' motions to stay execution of judgment and for relief from judgment, because the defendants' appeal had withdrawn the court's jurisdiction. The court also denied the defendants' subsequent motion for reconsideration. The defendants now argue that the district court: (1) abused its discretion in granting the default judgment because the defendants were not properly served; (2) erred when it asserted lack of jurisdiction in declining to rule on defendants' Rule 60(b) motion; and (3) erred in finding Friedman and Fell personally liable.

## II. SERVICE OF PROCESS

### A. Standard of Review

[1] We exercise plenary review over legal issues involving the adequacy of service but review for clear error the relevant findings of fact. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 481 (3d Cir.1993). *See also Friedman v. Estate of Presser*, 929 F.2d 1151, 1154 (6th Cir.1991) (where facts of service not in dispute, determination that there was adequate service of process is a matter of law).

### B. Service on Friedman

[2] The defendants do not deny that they had actual knowledge of the lawsuit. Two notices of the default judgment hearing were sent, and neither was returned by any party. The defendants' counsel also acknowledged the defendants' awareness of the proceedings. The record suggests that the defendants deliberately evaded service.

This court has indicated, however, that it will not allow actual knowledge of a lawsuit to substitute for proper service under FED. R. CIV. P. 4. *Friedman*, 929 F.2d at 1155–56.[1] The service on Friedman did not fully comply with any specific method described at FED. R. CIV. P. 4(e)(2). The notes to the 1993 amendments to FED. R. CIV. P. 4(d) make clear that under current rules a *waiver* of service may be sent by mail, but service itself cannot be effected by mail without the affirmative cooperation of the defendant. Obviously, these defendants did not cooperate.

FED. R. CIV. P. 4(e)(1) also provides, however, for service "pursuant to the law of the state in which the district court is located, or in which service is effected[.]" Appli-

---

1. *Friedman* held that a defendant's failure to acknowledge service by certified mail renders such service invalid. Former FED. R. CIV. P. 4(c)(2)(C)(ii), amended by the current 4(d), was construed as providing for service by mail, but required return of a copy of the notice and acknowledgment form. *Friedman*, 929 F.2d at 1155–56; 4A CHARLES ALAN WRIGHT & AR-
THUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1092.1 (1998). The service here would not have satisfied the requirements even of that former service-by-mail provision, as the defendants refused not just to return the forms, but even to acknowledge any connection with the service address.

LSJ INVESTMENT CO., INC. v. O.L.D., INC.     323
Cite as 167 F.3d 320 (6th Cir. 1999)

cation of this provision to the facts below would allow service under the rules of either Ohio or California.

Rule 4.3(B)(1) of the Ohio Rules of Civil Procedure, providing for out-of-state service by certified mail, allows service to be "[e]videnced by return receipt signed by any person[.]" Ms. Ponder signed the return receipt for the certified mail to Friedman, who was served both individually and in his capacity as an officer of O.L.D. The defendants assert that Ms. Ponder was no more than a message center and mail drop for a variety of businesses including O.L.D. LSJ characterizes Ms. Ponder as Friedman's secretary, and cites a variety of evidence indicating that 22615 Mobile Street was in fact the address for O.L.D. and Friedman. The record indicates that Ms. Ponder, regardless of whether she was Friedman's secretary, worked at a location repeatedly given by Friedman as an address for O.L.D. and himself. The district court did not err in finding Friedman was served in accordance with OHIO CIV. R. 4.3(B)(1).

[3] For service to be proper, it must not only comply with the relevant rule, but must comport with due process by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Whisman v. Robbins*, 712 F.Supp. 632, 638 (S.D.Ohio 1988) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Here, the district court reasonably concluded that the addresses in question were offices of the defendants, and that mail delivered to an address supplied by Friedman gave "notice reasonably calculated." Thus, the district court did not err in finding Friedman was properly served.

### C. Service on O.L.D.

[4] OHIO CIV. R. 4.2(F) indicates that a corporation may be served "by certified or express mail at any of its usual places of business." Both O.L.D. and Friedman used 22615 Mobile Street as a business address. The analysis of service on Friedman applies with equal force to the service on O.L.D. The district court reasonably concluded that certified mail delivered to O.L.D. at 22615 Mobile Street complied both with Ohio rules and with due process.

### D. Service on Fell

[5] The certified mail addressed to Fell at 5137 Clareton Drive was returned by the Post Office with the designation "Attempted Not Known." No one signed a return receipt; therefore the service did not satisfy OHIO CIV. R. 4.3(B)(1). OHIO CIV. R. 4.6(D) does provide for ordinary mail service where a certified mail envelope is returned with an endorsement showing that the mail was unclaimed. This rule requires, however, that "[t]he mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk." *Id.* Such service was upheld in *Ferrie v. Ferrie*, 2 Ohio App.3d 122, 440 N.E.2d 1229, 1231–32 (Ohio 1981). See also *United Home Federal v. Rhonehouse*, 76 Ohio App.3d 115, 601 N.E.2d 138, 143 (Ohio 1991) (holding that service by ordinary mail under OHIO CIV. R. 4.6(D) requires evidencing by a certificate of mailing, and that "[s]ervice is presumed complete when the certificate of mailing is entered in the record, unless the envelope is returned marked 'failure of delivery' ").

The difficulty here is that LSJ's counsel, rather than the clerk, effected regular mail service. LSJ argues that, "under Ohio law, such minor discrepancies are inconsequential[,]" and cites *Piercey v. Miami Valley Ready–Mixed Pension Plan*, 110 F.R.D. 294 (S.D.Ohio 1986), as holding that service by an attorney which otherwise complies with federal and Ohio rules is valid. *Piercey*'s holding, however, was narrower. The court said that "*certified mail service* by an attorney which otherwise complies with the federal and Ohio rules is valid in this Court" (emphasis added). *Id.* at 296. It concluded that an attorney might perform the clerk's role in certified mail service "without undermining the probability that this method of service will effectuate notice," and noted the proofs that a counsel needs to file with the court to secure an entry of default based upon certified mail service. *Id.* Those proofs include:

*EXH. B (A-43)*

**324**  **167 FEDERAL REPORTER, 3d SERIES**

(1) a copy of the cover letter to defendant, if any, which accompanied the Complaint and Summons; (2) an executed return of service, completed by the attorney; and (3) the signed green card, addressed to counsel, which accompanied the documents sent by certified mail, return receipt requested. Counsel must also prepare and file an affidavit to accompany these items. The affidavit must set forth (1) that the Complaint and Summons were sent, by counsel, to defendant by certified mail, return receipt requested; (2) the date that the documents were sent in this manner; and (3) that the green card was signed and mailed back to counsel.

*Id.* These proofs—particularly the signed return receipt—are not necessarily available where an attorney undertakes regular mail service himself. Thus, the ordinary mail service used by LSJ's attorney complies neither with the technical requirements of Ohio law nor with due process.

Moreover, Ohio courts agree with the Sixth Circuit that actual knowledge and lack of prejudice cannot take the place of legally sufficient service. *Bell v. Midwestern Educ. Servs., Inc.*, 89 Ohio App.3d 193, 624 N.E.2d 106, 203 (Ohio 1993) (*citing Price v. Price*, 1985 WL 7633, at *4 (Miami App. 1985), and *Haley v. Hanna*, 93 Ohio St. 49, 112 N.E. 149 (Ohio 1915)).

LSJ does not argue that Fell was properly served under California law. In any event, CAL. CIV. PROC. § 415.30, while providing for service by mail, requires return of a written acknowledgment of receipt. If the acknowledgment is not returned, another method of service must be used. Fell obviously did not return an acknowledgment. As Fell was not properly served—under federal, Ohio, or California rules—the default judgment entered against him is void as a matter of law.

### III. THE DISTRICT COURT'S REFUSAL TO CONSIDER DEFENDANTS' 60(b) MOTION

[6] The district court denied the defendants' motions for a stay of execution and for relief from judgment, holding that their appeal had divested the court of jurisdiction. The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). The defendants cite two cases indicating a procedure whereby a lower court may entertain a motion for relief from judgment filed during the pendency of an appeal, *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976), and *Flynt v. Brownfield*, 726 F.Supp. 1106 (S.D.Ohio 1989) Though these cases allow the court to entertain a motion for relief even while an appeal is pending, they do not require the court to do so. Once the defendants appealed, it was not erroneous for the district court to let the appeal take its course.

### IV. LIABILITY OF FRIEDMAN AND FELL AS INDIVIDUALS

[7] The defendants argue that the court erred in finding Friedman and Fell liable as individuals. The court's determination that the conduct of Friedman and Fell meets the legal standards for individual liability is a matter of law, reviewable *de novo*. *In re Grand Jury Proceedings*, 78 F.3d 251, 253–54 (6th Cir.1996).

The defendants initially argued that individual liability is improper because the plaintiff did not introduce sufficient evidence for piercing the corporate veil under either Ohio or California law. As the plaintiff pointed out, however, a civil RICO judgment does not require piercing the corporate veil because violations of 18 U.S.C. § 1962(c) result in direct individual liability.

The defendants now cite *Reves v. Ernst & Young*, 507 U.S. 170, 183–84, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), as establishing an "operation and management" test under which a defendant can be guilty of a § 1962(c) violation only if he directed or played a role in directing the affairs of the enterprise. The plaintiff's complaint, however, alleged that Fell "was the controlling shareholder and owner of Diehard Marketing at the time of the plaintiff's dealings with defendants[,]" and that Friedman was the "controlling shareholder and owner of

U.S. v. PAGE 325
Cite as 167 F.3d 325 (6th Cir. 1999)

O.L.D., Inc." These allegations if proven are sufficient to establish individual liability under *Reves*, as *Reves* indicates that the test is construed broadly—that an enterprise "might be 'operated' or 'managed' by others [persons other than upper management or lower-rung participants directed by upper management] 'associated with' the enterprise who exert control over it." *Reves*, 507 U.S. at 184, 113 S.Ct. 1163. Thus, the district court correctly found Friedman and Fell individually liable. The judgment against Fell, of course, is void for insufficient service of process.

The default judgments against Friedman and O.L.D. are affirmed. The default judgment against Fell is reversed, and the case is remanded for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.



UNITED STATES of America, Plaintiff-Appellee,

v.

Derek Duane PAGE, Defendant-Appellant.

No. 96-4083.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 23, 1998.

Decided Feb. 23, 1999.

Following jury trial, defendant was convicted in the United States District Court for the Southern District of Ohio, Susan J. Dlott, J., of interstate domestic violence under the Violence Against Women Act (VAWA). After denial of his motion for judgment of acquittal, defendant appealed. The en banc Court of Appeals held that VAWA was constitutional under the commerce clause, and, by an equally divided court, upheld the conviction.

Affirmed.

Moore, Circuit Judge, filed concurring opinion in which Boyce F. Martin, Jr., Chief Judge, and Boggs, Siler, Daughtrey, Cole, Clay, and Gilman, Circuit Judges, joined.

Kennedy, Circuit Judge, filed dissenting opinion in which Merritt, Wellford, David A. Nelson, Alan E. Norris, Suhrheinrich, and Batchelder, Circuit Judges, joined.

Ryan, Circuit Judge, filed dissenting opinion.

Wellford, Circuit Judge, filed dissenting opinion.

Opinion, 136 F.3d 481, vacated.

1. Assault and Battery ⚖=92(5)

Conviction for interstate domestic violence under Violence Against Women Act (VAWA) would be upheld by equally divided court, despite defendant's contention that there was insufficient evidence to support the verdict because conviction was based on attack preceding travel. (Per curiam, with eight Circuit Judges concurring in the order.) 18 U.S.C.A. §§ 2261, 2262.

Concurring Opinion

2. Breach of the Peace ⚖=15.1
Commerce ⚖=82.6

Violence Against Women Act (VAWA), which prohibited movement of victim of domestic violence across state lines, did not exceed Congress's authority under the commerce clause. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. §§ 2261, 2262.

Thomas M. Tyack (argued and briefed), Tyack, Blackmore & Liston, Columbus, Ohio, for Defendant-Appellant.

Deborah A. Solove (argued and briefed), Office of the U.S. Attorney, Columbus, Ohio, Terry W. Lehmann (briefed), Office of the U.S. Attorney, Cincinnati, Ohio, for Plaintiff-Appellee.



trict court erred in denying CMS's motion for summary judgment.[15]

## IV. CONCLUSION

Having found jurisdiction to review the denial of summary judgment based on qualified immunity, we reverse the district court as to defendants Mendoza and Correctional Medical Systems, and affirm the district court as to defendant Burden. We remand with instructions that summary judgment be granted for Mendoza and CMS, and that the case otherwise proceed.

AFFIRMED in part, REVERSED in part, and REMANDED.



J. Richard SCHNABEL, Plaintiff-Appellant,

v.

Jonathan Ray WELLS, James Pickerel, Joyce Pickerel, Defendants-Appellees.

No. 90-8293.

United States Court of Appeals, Eleventh Circuit.

Jan. 28, 1991.

Plaintiff brought action two days before expiration of statute of limitations. Defendant moved for summary judgment on grounds that service of process had never been perfected and that action was thus barred by statute of limitations. The United States District Court for the Northern District of Georgia, No. 1:88-cv-2793-JOF, J. Owen Forrester, J., treated motion as a motion to dismiss for failure to serve process and dismissed case without prejudice, and later entered judgment in favor of defendant. Appeal was taken. The Court of Appeals, John W. Peck, Senior Circuit Judge, sitting by designation, held that: (1) actual notice is not adequate when mail service is properly effected but defendant chooses not to return acknowledgment form; (2) certified mail receipt is not an adequate substitute for form required by Federal Rules of Civil Procedure; and (3) District Court did not abuse its discretion in granting judgment in favor of defendant.

Affirmed.

1. Federal Civil Procedure ⚖413

If defendant receives mail service, but chooses not to respond, plaintiff must effect personal service, and defendant's actual notice of lawsuit does not eliminate personal service requirement. Fed.Rules Civ. Proc.Rule 4(c)(2)(C)(ii), 28 U.S.C.A.

2. Federal Civil Procedure ⚖518

Defendant's penalty for declining to return acknowledgment form is that defendant may be required to pay additional costs of procuring service by alternate means. Fed.Rules Civ.Proc.Rule 4(c)(2)(D), 28 U.S.C.A.

3. Federal Civil Procedure ⚖533

Actual notice does not cure service defectively executed, and thus actual notice is not adequate when mail service is properly effected but defendant chooses not to return acknowledgment form. Fed.Rules Civ.Proc.Rule 4(c)(2)(C)(ii), (c)(2)(D), 28 U.S. C.A.

4. Federal Civil Procedure ⚖414

Summons and complaint served on defendant by certified mail, return receipt requested, was not proper service, even though plaintiff received acknowledgment card indicating that forms had been received; certified mail receipt is not adequate substitute for form required by Federal Rules of Civil Procedure. Fed.Rules Civ.Proc.Rule 4(c)(2)(C)(ii), 28 U.S.C.A.

---

15. Because we find that appellee has not established the causation sufficient for liability under § 1983, we need not reach the issue of whether CMS would be able to claim qualified immunity.

SCHNABEL v. WELLS 727
Cite as 922 F.2d 726 (11th Cir. 1991)

**6. Federal Civil Procedure ⇐1751**

District court did not abuse its discretion in granting judgment in favor of defendant for plaintiff's failure to properly serve defendant; dismissal was mandatory in that no showing of good cause was made for failure to perfect service within 120 days of filing complaint and plaintiff made no attempt to correct defective service or to inquire into alleged deficiency even though more than two months remained on 120-day period when defendant filed answer and indicated that sufficiency of process was at issue, and statute of limitations had expired, so that reinstatement of action was barred under Georgia law. Fed.Rules Civ.Proc.Rule 4(c)(2)(C)(ii), (j), 28 U.S.C.A.

---

Eugene Novy, Robert Craig Henderson, Novy & James, Atlanta, Ga., for plaintiff-appellant.

Robert Malcolm Darroch, Jay Lane Drew, Elizabeth A. Obenshain, Emory A. Wilkerson, Darroch & Obenshain, Atlanta, Ga., for defendants-appellees.

Appeal from the United States District Court for the Northern District of Georgia.

Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and PECK[*], Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge:

Plaintiff Richard Schnabel appeals from judgment in favor of the defendant, Jonathan Wells, for failure to serve process within the time required by Federal Rule of Civil Procedure 4(j). For the reasons that follow, WE AFFIRM.

**I BACKGROUND**

Schnabel filed suit against Wells on December 9, 1988, two days before the expiration of the statute of limitations, for personal injuries arising out of an automobile accident. Schnabel sent Wells a copy of the summons and complaint by certified mail, return receipt requested, along with a cover letter instructing Wells to contact his insurance carrier and advising him that he must file an answer within the time prescribed by federal law. Wells filed a timely answer asserting twelve defenses to the lawsuit, including insufficient service of process. Discovery then ensued. At no time did Schnabel attempt to effect personal service on Wells or otherwise attempt to address Wells' allegation of insufficient process. In October of 1989, Wells moved for summary judgment on the grounds that service of process had never been perfected and consequently the action was barred by the statute of limitations. The district court treated this as a motion to dismiss pursuant to Rule 4(j) for failure to serve process within 120 days of filing the complaint and dismissed the case without prejudice. The court later entered judgment in favor of Wells, and from this judgment plaintiff appeals.

**II. DISCUSSION**

Under Rule 4(c)(2)(A), a summons and complaint is to be served personally by a non-party adult unless one of the exceptions in subparagraph (B) or (C) applies. Mail service is one of these exceptions. Under Rule 4(c)(2)(C), a summons and complaint may be served upon a competent adult:

> (ii) by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18 A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph....

Fed.R.Civ P. 4(c)(2)(C)(ii).

The provision permitting mail service is relatively recent. It was enacted by Congress in 1982 to relieve United States marshals of the burden of serving summonses and complaints in private civil suits. Ser-

---

[*] Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.