F I L E D
Clerk
District Court

JUL 1 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Kristin D. St. Peter T-0039
Assistant Attorney General
Commonwealth of the Northern Mariana Islands
Office of the Attorney General-Civil Division
2nd Floor, Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950

Attorney for: Defendants CNMI, Forelli, Bush, Cotton and Brown

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

ROBERT D. BRADSHAW,

                    Plaintiff,

        vs.

COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS, NICOLE C. FORELLI,
WILLIAM C. BUSH, D. DOUGLAS COTTON,
L. DAVID SOSEBEE, ANDREW CLAYTON,
UNKNOWN AND UNNAMED PERSONS IN
THE CNMI OFFICE OF THE ATTORNEY
GENERAL, ALEXANDRO C. CASTRO, JOHN
A. MANGLONA, TIMOTHY H. BELLAS,
PAMELA BROWN, ROBERT BISOM, AND
JAY H. SORENSEN,

                    Defendants.

Case No.  05-0027

DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT AND
INCORPORATED MEMORANDUM OF
POINTS AND AUTHORITIES
[CIV. R. FED. P. 12 (b) (6)]


HEARING:    AUG 1 0 2006
TIME:       9:00 AM

JUDGE:    HON. ALEX R. MUNSON

## TABLE OF CONTENTS

Page

MOTION.................................................................  1

PARTIES...............................................................  1

FACTS.................................................................  2

PROCEDURAL BACKGROUND.................................................  4

STANDARD OF REVIEW....................................................  5

ARGUMENT..............................................................  6

I.      As a result of Judge Lizama's December 29, 2005 order vacating the
        default judgment against Bradshaw, this matter is moot...................  6

II.     Defendants are entitled to immunity.....................................  7

                a.      *Absolute Judicial Immunity*....................................  7

                b.      *Quasi-Judicial Immunity*.......................................  8

                c.      *Qualified Immunity*............................................  8

                d.      *CNMI's Immunities*.............................................  9

III.    Plaintiff's tort, RICO and U.S. Constitutional based claims are
         time-barred...................................................................  9

IV.     The *Younger* doctrine requires this Court to abstain because the *Bisom*
        case is still pending before the CNMI Superior Court......................  11

V.      The Rooker-Feldman doctrine urges the dismissal of this matter...........  12

VI.     Each and every count of Plaintiff's complaint should be dismissed
        for either failure to state a cognizable legal theory, failure to plead
        essential facts, or both......................................................  13

        **COUNT I**...................................................................  13

        **COUNT II**..................................................................  13

**COUNT III**………………………………………………………….. 17

**COUNT IV**………………………………………………………….. 21

**COUNT V**…………………………………………………………. 21

**COUNT VI** ………………………………………………………….. 21

**COUNT VII**………………………………………….…………………… 21

**COUNT VIII**…………………………………………………………. 22

**COUNT IX**………………………………………………………… 24

**COUNT X**…………………………………………………………. 26

**COUNT XI**……………………………………………………….. 27

**COUNT XII**…………………………………………………………. 27

**COUNT XIII**………………………………………………………… 30

**COUNT XIV**………………………………………………………… 30

**COUNT XV, XVI AND XVII**………………………………………. 30

CONCLUSION……………………………………………………………. 31

# TABLE OF AUTHORITIES

*CASES*                                                                                                      *PAGE*

*Ahmed v. Goldberg*, 2001 WL 1842399 (D.N. Mar. I. 2001)…………………………...          9
*Allied Equip. Corp. v. Saudi Arabia Ltd,* 7 Cal.4th 503 (1994)………………………….          18,22
*Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992)………………          15,19
*Barron v. The Mayor and City Council of Baltimore,* 8 L.Ed. 672 (1833)…………….          15
*Bartel v. F.A.A.,* 617 F.Supp. 190 (D.D.C.1985)…………………………………………          17
*Bisom v. Commonwealth,* Civil No. 96-1320 (N. M. I. Super. Ct. 2000)………………          3-24
*Bisom v. Commonwealth*, 2002 MP 19 (N. M. I. Sup. Ct. 2002)………………………          3-29
*Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*,
Case No. CV 05-84-N-EJL (D. Idaho. 2005)…………………………………………...          5
*Brown v. Philip Morris*, 250 F.3d 789 (C.A. Pa. 2001)………………………………….          27
*Buchanan v. Buchanan*, 1994 WL 680992 (9th Cir. Wash. 1994)……………………..          22,29
*Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336 (9th Cir.1996)……………………………          6
*Canton Beach NAACP v. Runnels,* 617 F.Supp. 607 (S.D.Miss.1985)…………………          17
*Charles v. Brown,* 495 F.Supp. 862 (N.D.Ala.1980)…………………………………          17
*Chaset v. Fleer/Skybox Intern.,* LP 300 F.3d 1083 (9th Cir.2002)………………………          23
*Conley v. Gibson,* 355 U.S. 41 (1957)………………………………………………….          5
*Coverdell v. Dept. of Health Serv*., 834 F.2d  758 (9th Cir. 1987)………………………          24
*Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662,
  88 L.Ed.2d 662 (1986)………………………………………………………………….          16
*Davidson v. O'Lone,* 752 F.2d 817 (3rd Cir. 1984)……………………………………..          27
*DeHaven v. Schwarzenegger,* 2005 WL 352459 (C.A. 9 Cal.)………………………….          18
*Delaware v. Van Arsdall*, 475 U.S. 673, 705 (1986)…………………………………...          15
*DeNieva v. Reyes,* 966 F.2d 480 (9th Cir.1992)………………………………………          9
*Dillman v. Peterson*, 1993 WL 226104 (N.D. Cal. June 21, 1993)……………………          7
*Dilutaoch v. C& S Concrete Block Products*, 1 N.M.I. 478 (1991)……………………          15
*DC Court of Appeals v. Feldman,* 460 U.S. 462 (1983)………………………………          12
*Doe I v. The Gap, Inc*., 2001 WL 1842389 (D.N.Mar.I. 2001)………………………….          18
*Federal Express Corp. v. Tennessee Pub. Serv. Comm'n,* 925 F.2d 962
(6th Cir.1991)……………………………………………………………………………          12
*Fleming v. Department of Public Safety,* 837 F.2d 401 (9th Cir.1988)…………………          9
*Flood v. Harrington*, 532 F.2d 1248 (9th Cir. 1976)……………………………………          7
*Forsyth v. Humana, Inc.,* 114 F.3d 1467 (9th Cir.1997)………………………………..          18
*Fry v. Melaragno,* 939 F.2d 832 (9th Cir.1991)………………………………………...          7,30
*Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987)……………………………………          10
*Grizzard v. Kiyoshige Terada*, 2003 WL 22997238 (D.N.Mar.I. 2003)………………          9
*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)…………          8
*Hoffman Plastics Compound, Inc v. N.L.R.B.,* 122 S.Ct. 1275,
1277,152 L.Ed.2d 271(2002)…………………………………………………………...          26
*In re DiGiorgio* 134 F.3d 971 (9th Cir. 1998)...………………………………………..          7

*Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004)………………………..    10,11

*King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987)…………………………………………..    5

*Kopit v. White*, 131 Fed. Apprx. 107 (D.Nev 2005)…………………………………    14,20

*LeClerc v. Webb*, 419 F.3d 405, 426 (5th Cir. 2005)…………………………………    28

*Leer v. Murphy,* 844 F.2d 628 (9th Cir.1988)………………………………………    15,19

*Massachusetts v. Upton*, 466 U.S. 727 (1984)………………………………………    17

*McCalden v. California Library Ass'n,* 955 F.2d 1214 (9th Cir.1990)…………………    22,29

*McDonald v. Santa Fe Trail Transport. Co*, 427 U.S. 273 (1976)……………………..    28

*McNeill v. Town of Paradise Valley*, 44 Fed Appx 871 (9th Cir. 2002)………………..    24

*Mustafa v. Clark County School Dist.*,157 F.3d 1169 (9th Cir. 1998)…………………    22,29

*Navarro v. Block,* 250 F.3d 729 (9th Cir.2001)………………………………………    5

*Parker v. Commonwealth of Ky., Bd. of Dentistry,* 818 F.2d 504 (6th Cir.1987)……    11

*Passautino v. Johnson*, 212 F.3d 493 (9th Cir. 2000)…………………………………    7

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)………    11

*Roberts v. Corrothers,* 812 F.2d 1173 (9th Cir.1987)…………………………………    6

*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530 (9th Cir.1984)………………    6-31

*Roland v. Phillips*, 19 F.3d 552 (11th Cir.1994)………………………………………..    8,19,24

*Sablan v. Tenorio*, 4 N.M.I. 351 (1996)………………………………………….….    15,19

*Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004)……………………………………    28

*Seed v. Hudson*, 1994 WL 229096 (D.N. Mar. I 1994)………………………………….    15

*Senido v. Attorney General*, CV –03-0037 (D. N. Mar. I 2003)………………………..    12

*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)…………….    8

*Sirilan v. Castro*, 1 CR 1082 (D.N.M.I. App. Div. 1984)……………………………..    14

*The Slaughter-House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872)…………….    27

*Strandberg v. City of Helena*, 791 F.2d 774 (D. Mont. 986)…………………………..    17

*Taman v. Marianas Public Land Corp.,* 4 N.M.I. 287 (1994)…………………………    10

*Telepo v. Boylan Funeral Home***,** 2005 WL 783059 (E.D.Pa.)…………………………    13,19

*Tran v. Com. of Northern Mariana Islands*, 780 F. Supp. 709 (D.N. Mar. I .1991)…..    26

*Venetian Casino Resort L.L.C. v. Cortez,* 96 F.Supp.2d 1102 (D.Nev.2000)………….    6

*Warmbrodt v. Blanchard,* 100 Nev. 703, 692 P.2d 1282 (1984)………………………    14,20

*White v. Pacific Media Group, Inc.* 322 F.Supp 1101 (D.Haw 2004)………………….    28

*Wilson v. Garcia*, 471 U.S. 261 (1985)………………………………………………    10

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)………………...    12

*Zhang Gui Juan v. Commonwealth*, Civ. No. 99-0163

(N.M.I. Super. Ct.1999)………………………………………………………………    11

*UNITED STATES CONSTITUTIONAL PROVISIONS*

Fifth Amendment………………………………………………………………….    14

Ninth Amendment……………………………………………………………….…..    17

Fourteenth Amendment…………………………………………………………….....    15

*STATUTES*

18 U.S.C. § 1961-5 (2000)………………………………………………………………    23

42 U.S.C. § 1981 (1991)…………………………………………………………………    10-28

42 U.S.C. § 1982  (1991)……………………………………………………………………    28

U.S.C. § 1983 (2000)……………………………………………………………………    9-29

42 U.S.C. § 1985 (2000)…………………………………………………………… 21,22,29

42 U.S.C. § 1986 (2000)…………………………………………………………… 29

48 U.S.C. § 1801 (1976)…………………………………………………………… 26

7 C.M.C. § 2204 (b) (2000)………………………………………………………... 30

7 C.M.C. § 2301 *et seq.* (2000)…………………………………………………... 20

7 C.M.C. §2304 *et seq* (2000)…………………………………………………… 3,20,25

7 CMC § 2503(d) (2000)…………………………………………………………… 10

*RULES*

Federal Rule of Civil Procedure 12 (b) (6)……………………………………… 1

*OTHER*

*Restatement (Second) of Torts § 586 (1977)*…………………………………… 30

*Restatement (Second) of Tort § 895 D (1979)*………………………………….. 19

*Civil Rights Act of 1870*……………………………………………………… 27

*Civil Rights Act of 1871*……………………………………………………… 27

*Immigration Control and Reform Act*…………………………………………….. 26

**MOTION**

Now Come, the Commonwealth of the Northern Mariana Islands Attorney General's Office on behalf of Defendants Commonwealth of the Northern Mariana Islands ("CNMI"), Nicole Forelli, William Bush, D. Douglas Cotton and Pamela Brown (hereafter sometimes collectively "Defendants") and move to dismiss Plaintiff Robert D. Bradshaw's Complaint in the above entitled action on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Defendants submit this motion pursuant to Federal Rule of Civil Procedure 12 (b) (6).[1]

**PARTIES**

Plaintiff Robert Bradshaw is an individual and former Temporary Public Auditor of the CNMI government currently residing in the State of Idaho (hereafter "Plaintiff" or "Plaintiff Bradshaw").

Defendant CNMI is the governmental entity for the Northern Mariana Islands in political union with the United States of America.

Defendant Nicole Forelli is an individual and former employee of the CNMI Attorney General's Office currently residing in the State of Hawaii (hereafter "Ms. Forelli"). Ms. Forelli was employed as an Assistant Attorney General between October 1992 and October 2000, and for a brief time between January 25, 2000 and February 10, 2000 served as Acting Attorney General. Ms. Forelli never represented Plaintiff Bradshaw or communicated with him in any way. *See* Forelli Declaration attached to Motion to Dismiss Amended Complaint.

Defendant D. Douglas Cotton is an individual and former employee of the CNMI Attorney General's Office currently residing in the State of Texas (hereafter "Mr. Cotton"). Mr. Cotton was employed as an Assistant Attorney General from June 10, 1996 to approximately June 10, 1998. *See*

---

[1] Once properly served, Defendants Clayton and Sosebee will move to join this Motion.

1

1    Cotton Declaration attached to Motion to Dismiss Amended Complaint.

2        Defendant William Bush is an individual and former employee of the CNMI Attorney

3    General's Office currently residing in Washington, D.C. (hereafter "Mr. Bush").  Mr. Bush was

4    employed as an Assistant Attorney General from July 1997 until September 1999.  *See* Bush Contract

5    attached to Motion to Dismiss Amended Complaint.

6        Defendant Pamela Brown was employee of the CNMI government serving in the capacity of

7    Attorney General (hereafter "Ms. Brown").  Ms. Brown was the Attorney General and held this

8    position from December 5, 2003 until January 2006.  *See* Brown Declaration attached to Motion to

9    Dismiss Amended Complaint.

10        The aforementioned Defendants shall be referred to collectively as the "AG Defendants."

11                                **FACTS**

12        This lawsuit arises as a result of the following facts.  In mid-1993 Robert Bisom was hired as

13    legal counsel for the CNMI office of Public Auditor.  In November 1993, Plaintiff Bradshaw was

14    appointed as Temporary Public Auditor.  On or around December of 1993, Plaintiff Bradshaw caused

15    Mr. Bisom's employment to be terminated..  In 1996, Mr. Bisom filed suit against, among others, the

16    CNMI government and Plaintiff Bradshaw as an individual.  On December 6, 1996, Mr. Cotton, in his

17    capacity as an Assistant Attorney General for the CNMI, sent Plaintiff Bradshaw a letter advising that

18    Mr. Bisom had filed suit against Plaintiff Bradshaw and telling him to expect service of a summons

19    and complaint.  AGO letter to Bradshaw dated December 6, 1996 attached to Second Amended

20    Complaint.  In a handwritten letter to Mr. Cotton dated January 31, 1997, Plaintiff Bradshaw advises "I

21    will not authorize the CNMI to accept service for me at this time." Bradshaw letter to Cotton dated

22    January 31, 1997 attached to Second Amended Complaint.  Furthermore, in a letter dated July 14,

                                        2

1999 from Plaintiff Bradshaw to Mr. Bush, in his capacity as an Assistant Attorney General, Plaintiff

states:

> "Some two certified mail packets from an unidentified party came to me from Saipan in
> 1996 and 1997. I refused to accept either of them and they were returned by the Post
> Office undelivered. Possibly these mailings were an attempt to accomplish service
> although I cannot be sure what were in the packets and the sender's name was not
> identified (beyond a return address post office box). Again, if Bisom wants an answer
> from me he will have to hire a process server. As I said to Doug Cotton, if am served I
> will contact the AG to make the answer. Otherwise, I have not authorized the AG to
> make any answer for me on anything in the CNMI case. And I have never been served."
> Plaintiff Bradshaw's letter to Mr. Bush dated July 14, 1999 ¶ 3 attached to Amended
> Complaint.

Plaintiff Bradshaw goes on to say,

> "as for as the CNMI SC, **your office has never and should never have represented me**
> on this at all that I am aware of. As I was never served, **I never asked for any assistance
> and the CNMI SC never should have been told that the AG represents me**."
> Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Amended Complaint.

At Plaintiff Bradshaw's direction and because he never requested PELDIA protection pursuant

to 7 C.M.C. §2304 (2000) *et seq.*, the CNMI government was not under any obligation to indemnify or

defend Plaintiff.

On February 25, 2000, a jury awarded Bisom a one hundred ten thousand three hundred dollar

($110,300) judgment against the CNMI government and a default judgment totaling one hundred

thirty-nine thousand dollars ($139,000) for compensatory and punitive damages against Plaintiff

Bradshaw, in his individual capacity. *Bisom v. Commonwealth,* Civil No. 96-1320 (N.M.I. Super. Ct.

2000). Mr. Bisom then appealed to the CNMI Supreme Court requesting that the CNMI government

indemnify Plaintiff Bradshaw and pay Bradshaw's share of the judgment. *Bisom v. Commonwealth,*

2002 MP 19 (N.M.I Sup. Ct. 2002). The CNMI Supreme Court ruled against Bisom holding that

3

1   because Plaintiff Bradshaw never requested a defense or indemnification through PELDIA, the CNMI

2   government was under no obligation to defend or indemnify Plaintiff Bradshaw. *Bisom v.*

3   *Commonwealth*, 2002 MP 19 at ¶ 54-57.

4       On or about April 2004, Plaintiff Bradshaw claims he was notified of the judgment against

5   him. Plaintiff then contacted the CNMI Attorney General's Office. The Attorney General's Office

6   responded by sending Plaintiff Bradshaw copies of the various opinions rendered in the *Bisom* case.

7   April 4, 2004 letter from AGO attached to Second Amended Complaint. On or before October 7,

8   2004, the Attorney General's Investigative Unit advised Plaintiff that his allegations of wrong doing in

9   connection with the *Bisom* case were being investigated. October 7, 2004 letter from AGIU attached

10  to Second Amended Complaint. Ms. Brown, in her capacity as Attorney General, then responded to

11  Plaintiff's untimely requests for indemnification in the *Bisom* case by advising Plaintiff that she was

12  bound by the CNMI Supreme Court's holding in *Bisom v. Commonwealth*, 2002 MP 19. Based upon

13  this holding, the CNMI government is not liable for the judgment entered against Plaintiff

14  individually. February 15, 2005 letter from Brown attached to Amended Complaint.

15      In September 2005, Plaintiff moved in CNMI Superior Court to set aside the judgment entered

16  against him. *See Bisom v. Commonwealth,* Civ. No. 96-1320. On December 29, 2005, Judge Lizama

17  of the Commonwealth Superior Court vacated the default judgment against him that served as basis of

18  most, if not all, of Plaintiff's allegations against the Defendants. *See Lizama Judgment attached.*

19      Judge Lizama's opinion goes on to say that Plaintiff Bradshaw and the Commonwealth

20  Attorney General's Office never "consummated" an attorney-client relationship.

21                          **PROCEDURAL BACKGROUND**

22      Plaintiff initially filed an action very similar to this action in the U.S. District Court for the

4

District of Idaho on March 7, 2005. Plaintiff then filed a Second Amended Complaint with the U.S.

District Court of Idaho on May 18, 2005, which asserted at least seventeen claims under an exhaustive

list of federal civil and criminal statutes, including, among others, the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), the Immigration Reform and Control Act ("IRCA") and

numerous Federal Civil Rights causes of action.[2]  The action was filed against two Justices of the

CNMI Supreme Court, one former Superior Court Judge, and four Assistant Attorneys General

because of their participation in the civil matter previously litigated before the CNMI Superior Court.

Shortly thereafter, Defendants moved to dismiss Plaintiff's complaint on several grounds, including

the lack of personal jurisdiction.  On July 25, 2005, the U.S. District Court of Idaho granted

Defendants' motion to dismiss.[3]

On around September Plaintiff filed this lawsuit on the same, or substantially similar, grounds

as the matter dismissed by the U.S. District Court of Idaho.  On February 21, 2006, this Court

dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended

Complaint.  Plaintiff's Second Amended Complaint was filed with this Court on March 30, 2006.

### STANDARD OF REVIEW

*Pro se* litigants are held to the same procedural rules as counseled litigants. *King v. Atiyeh*, 814

F.2d 565, 567 (9th Cir. 1987).  Dismissal under Federal Rule12(b)(6) is appropriate when "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Navarro v. Block,* 250 F.3d 729, 732 (9th

Cir.2001). Dismissal is warranted where the complaint lacks a cognizable legal theory or where the

---

[2] *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005).

1    complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.

2    *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

3          In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must

4    assume the truth of all factual allegations and must construe them in the light most favorable to the

5    non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir.1996). However,

6    legal conclusions need not be taken as true merely because they are cast in the form of factual

7    allegations. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). When ruling on a motion to

8    dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint

9    and matters of which the court takes judicial notice. *Venetian Casino Resort L.L.C. v. Cortez,* 96

10   F.Supp.2d 1102, 1106 (D.Nev.2000).

11                                           **ARGUMENT**

12         Because of the voluminous nature of Plaintiff Bradshaw's complaint and the numerous parties

13   named, one almost needs a scorecard to keep track of the causes of action and against whom they are

14   alleged.  Defendants will attempt to keep their analysis of the various counts as simple and succinct as

15   possible.

16   I.     As a result of Judge Lizama's December 29, 2005 order vacating the default judgment
            against Bradshaw, this matter is moot.
17

18         Now that the default judgment against Plaintiff Bradshaw has been vacated, his alleged injury

19   no longer exists.   Therefore, any federal questions over which this Court has subject matter

20

21   _____

22   [Footnote continued from previous page]

     3 *See id.* at 10.

                                                6

jurisdiction are moot.[4] Whenever an action loses its character as a present live controversy during the course of litigation, federal courts are required to dismiss the action as moot. *In re Di Giorgio,* 134 F.3d 971, 974 (9th Cir.1998). Accordingly, this matter should be dismissed.

As for damages, the money judgment against Plaintiff was vacated and, therefore no longer an issue. With regard to punitive damages, it is possible in 42 USC § 1981 and 1983 cases to recover punitive damages without establishing liability for compensatory or nominal damages, but only if the plaintiff can show that the defendant violated a federally protected right. *Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 514 (9th Cir. 2000). In this instance, Plaintiff has not adequately pled, nor do the facts support, that his federally protected rights were violated.

On the contrary, the precise fact that Plaintiff was able to vacate the judgment against him is proof positive that he received the process he was due and equal protection under the law.

II.      <u>Defendants are entitled to immunity.</u>

The universal basis for dismissing each count of Plaintiff's complaint is immunity. There are three kinds of immunity shielding Ms. Forelli, Mr. Bush, Mr. Cotton and Ms. Brown individually from civil liability: absolute judicial, quasi-judicial and qualified immunity.

a.      *Absolute Judicial Immunity.*

If a government attorney is performing acts "intimately associated with the judicial phase" of litigation, that attorney is entitled to absolute immunity from damage liability. *Dillman v. Peterson,* 1993 WL 226104, at 5 (N.D. Cal. June 21, 1993) (citing *Flood v. Harrington,* 532 F.2d 1248, 1251 (9th Cir. 1976); *see also Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir.1991) (stating that if a government

---

[4] If this honorable Court rules favorably on Defendants' Motion to Dismiss on the counts over which this Court has subject matter jurisdiction, Defendants will then file a motion to remove this matter to Commonwealth Superior Court on the grounds that the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332 (2005).

7

attorney is performing acts intimately associated with the judicial phase of litigation in either the civil

or criminal context, the attorney is entitled to absolute immunity from civil liability for damages). To

varying degrees, Ms. Forelli, Mr. Bush, Mr. Cotton and Ms. Brown's alleged conduct occurred during

the judicial phase of litigation involving Plaintiff Bradshaw. As a matter of law, they cannot be held

liable.

       b.    *Quasi-Judicial Immunity.*

       Law enforcement officials are shielded by quasi-judicial immunity when they execute or rely

upon a facially valid judicial ruling. *See Roland v. Phillips*, 19 F.3d 552, 557 (11th Cir.1994) (holding

that a law enforcement official is protected by absolute quasi-judicial immunity from suit when acting

in furtherance of official duties and relying on a facially valid court order, oral or written). Quasi-

judicial immunity applies to Ms. Brown, who, in her capacity as Attorney General and in furtherance

of her official duties, deferred to the judgments of CNMI Superior Court and its conclusion that

Plaintiff Bradshaw was properly served in the Bisom case. *See* Brown Declaration ¶ 4 attached

Motion to Dismiss Amended Complaint. Accordingly, all allegations that Ms. Brown is liable for

failing to investigate, to Plaintiff's satisfaction, alleged fraud perpetrated on the Superior Court should

be dismissed.

       c.    *Qualified Immunity.*

       Qualified immunity shields public officials from liability if their actions did not "violate clearly

established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In analyzing

claims of qualified immunity, courts ask, first, if the plaintiff has asserted the violation of any

constitutional or statutory right at all, and then assess whether the right was clearly established at the

1    time of defendants' actions. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d

2    277 (1991).

3        Throughout his complaint, Plaintiff Bradshaw's fails to allege that Ms. Forelli, Mr. Bush, Mr.

4    Cotton and Ms. Brown violated a clearly established statutory or constitutional right. When Plaintiff's

5    argument is boiled down to its core, the underlying theme is that Plaintiff feels he has a statutory and

6    constitutionally protected right to indemnification and a defense. For numerous reasons discussed

7    herein, his conclusion is erroneous. If, on the off chance this Court were to find that Plaintiff was

8    entitled to indemnification, in light of Plaintiff's confusing July 14, 1999 letter to the Attorney

9    General's Office, his right to indemnification was not clearly established. Defendants, thus are entitled

10   to qualified immunity because they did not violate a clearly established law.

11       d.    *CNMI's Immunities.*

12       Finally, the CNMI is immune from suit on the basis of its own law unless otherwise permitted

13   by 7 C.M.C. § 2202; and also, immune for suit under 42 U.S.C. § 1983 because the CNMI is not

14   considered a "person" as required by the statute. *See generally Ahmed v. Goldberg*, 2001 WL 1842399

15   (D.N. Mar. I. 2001) (citing *Fleming* and holding that although sovereign immunity does not apply to

16   CNMI, it cannot be sued on the basis of its own law without its consent); *see also Fleming v.*

17   *Department of Public Safety,* 837 F.2d 401, 407 (9th Cir.1988), *overruled on other grounds by*

18   *DeNieva v. Reyes,* 966 F.2d 480, 483 (9th Cir.1992). Though the CNMI's privileges and immunities

19   will be discussed in greater detail throughout this motion, it is worth noting that numerous causes of

20   action simply do not apply to the Commonwealth.

21       III.    Plaintiff's RICO, tort and U.S. Constitutional based claims are time-barred.

22       This Court has recognized a four-year statute of limitations for Racketeer Influenced and

9