1    Corrupt Organizations Act, or RICO claims.   *Grizzard v. Kiyoshige Terada*, 2003 WL 22997238

2    (D.N.Mar.I. 2003).   The Commonwealth has a two-year statute of limitations period for most tort and

3    all personal injury claims.   Specifically, 7 CMC § 2503(d) (2000) provides that a two-year statute of

4    limitations period applies to "[a]ctions for injury to or for the death of one caused by the wrongful act

5    or neglect of another. "   The date Plaintiff's alleged injury accrued will be discussed in more detail

6    shortly, but suffice it to say Plaintiff's RICO, common law tort and personal injury allegations are

7    time-barred.

8        The United States Supreme Court has ruled that the local personal injury statute of limitations

9    period applies to U.S. Constitution-based § 1983 and § 1981 claims.   *Wilson v. Garcia*, 471 U.S. 261,

10    279 (1985) (applying local statute of limitations for personal injury actions to due process-based

11    Section 1983 claim); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 664 (1987) (applying local

12    statute of limitations for personal injury actions to Section 1981 claim involving equal protection)

13    *overruled by Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004).   The Supreme Court

14    reasoned that the due process and equal protection claims were "in essence claims for personal injury"

15    and applied the same statute of limitations period to each.   *See Goodman*, 482 U.S. at 661, 664.   After

16    all, the Supreme Court found that "[t]he atrocities that concerned Congress in 1871 [when it enacted

17    Section 1983] plainly sounded in tort . . . ."   *Wilson*, 471 U.S. at 277.   The Ninth Circuit applying the

18    *Wilson* decision has held that the two-year period for personal injury actions found in 7 CMC §

19    2503(d) applies to U. S. Constitution-based claims.   *See Taman v. Marianas Public Land Corp.,* 4

20    N.M.I. 287 (1994) (citing *Taman v. Marianas Pub. Land Corp.*, App. No. 90-16254 at 2-4 (9th Cir.

21    July 8, 1992) (unpublished slip op.)).

22        Our analysis, however, is affected by the U.S. Supreme Court's 2004 holding in *Jones*, which

10

embraces a four-year statute of limitations for claims arising under § 1981, and arguably § 1983, that

accrue after December 1990.  *See Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004).  As

far as Defendants' know, this Court has yet to address *Jones* and its application.

Regardless of which statute of limitations is applied, the two-year or the four-year, Plaintiff's

claims are still time-barred.

"The true test to determine when an action "accrues" is when the plaintiff could have first filed

and prosecuted his or her action to successful conclusion."  *See Zhang Gui Juan v. Commonwealth*,

Civ. No. 99-0163 (N.M.I. Super. Ct.1999).   Plaintiff's alleged due process and equal protection

claims, if any, each arose between 1996, when the original lawsuit was initiated, and 2000, when the

judgment was entered against him. *See Bisom v. Commonwealth,* Civ. No. 96-1320.  Though Plaintiff

Bradshaw may claim that he was not aware of any injury until 2004, Plaintiff knew that there was an

ongoing legal action against him as early as 1996 and simply chose to ignore it.  *See* Bradshaw letter to

Mr. Bush dated July 14, 1999 attached to Second Amended Complaint.

Because Plaintiff's RICO, tort and Constitutional causes of action accrued, at the very latest, in

2000, Plaintiff's claims are time-barred.

IV.      The *Younger* doctrine requires this Court to abstain because the *Bisom* case is still
         pending before the CNMI Superior Court.

The *Younger* doctrine requires federal courts to abstain in cases where the following conditions

are present: (1) state proceedings are pending; (2) the state proceedings involve an important state

interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his

constitutional claims. *Parker v. Commonwealth of Ky., Bd. of Dentistry,* 818 F.2d 504, 508 (6th

Cir.1987).  This doctrine, announced in the context of state criminal proceedings, has been extended to

11

1   state civil proceedings as well. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 17, 107 S.Ct. 1519, 95

2   L.Ed.2d 1 (1987), *see also Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

3       In this instance, the default judgment against Plaintiff Bradshaw was set aside by Judge Lizama

4   in December 2005. Judge Lizama's ruling has since been appealed to the Commonwealth Supreme

5   Court. Because the case making its way through the Commonwealth Court system is substantially

6   related to this matter, the first prong of the *Younger* test is satisfied. *See Bisom v. Commonwealth,*

7   Civ. No. 96-1320, *see also Federal Express Corp. v. Tennessee Pub. Serv. Comm'n,* 925 F.2d 962, 969

8   (6th Cir.1991) ("[I]f a state proceeding is pending at the time the action is filed in federal court, the

9   first criteria for *Younger* abstention is satisfied.").

10      As for the second prong of the test, allowing the CNMI Superior Court time to consider

11  Plaintiff's motion to set aside does satisfy an important state interest. The vast majority of Plaintiff's

12  complaint is predicated upon the assumption that the Superior Court allowed fraudulent documents to

13  be introduced as evidence. At the very least, there is an important state interest in allowing the Court

14  to consider this issue.

15      Third and finally, the state proceeding should allow the Plaintiff adequate opportunity to raise

16  his Constitutional claims. Plaintiff has not been deprived of any constitutionally protected rights. In

17  fact, after Judge Lizama's decision, it is clear that the exact opposite is true.

18      V.    The Rooker-Feldman doctrine urges the dismissal of this matter.

19      The Rooker-Feldman doctrine holds that when an action in federal court is a de facto appeal of

20  a Commonwealth court ruling, the Federal claim must be dismissed for lack of subject matter

21  jurisdiction. *See Senido v. Office of the Attorney General,* CV-03-0037 ARM pg 4 (D.N. Mar. I.

22  2003), *see also D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983), *Rooker v. Fidelity Trust Co.,*

12

263 U.S. 413 (1923). As this Court has point out, if a litigant "feels a state proceeding has violated their constitutional right" they should appeal "that decision through their state court and thence to the Supreme Court" *Id.*

Although Defendants remain unclear what Plaintiff's injury is, any injury he sustained flowed from the Commonwealth Superior Court's decision in *Bisom. Bisom v. Commonwealth,* Civil No. 96-1320 (N.M.I. Super. Ct. 2000). Defendants, therefore, urge this Court's application of the Rooker-Feldman doctrine and; thus, a dismissal on the grounds that this action is a de facto appeal best resolved in the Commonwealth courts.

VI.    Each and every count of Plaintiff's complaint should be dismissed for either failure to state a cognizable legal theory, failure to plead essential facts or both.

## COUNT I

The allegations in Count I are against Defendants Bisom and Sorensen and need not be addressed by the AG Defendants.

## COUNT II

Plaintiff Bradshaw's second count alleges gross incompetence and malpractice, violations of Plaintiff's Fifth, Ninth and Fourteen Amendments rights and breach of fiduciary duty to indemnify Plaintiff against the Ms. Forelli, Mr. Cotton, Mr. Bush, Mr. Clayton (not served at this time) and Mr. Sosebee (not served at this time). It is unclear from the pleading which party allegedly violated 42 U.S.C. § 1983.

a.    *The gross incompetence and malpractice claims should also be dismissed.*

There is no recognized federal cause of action for gross incompetence. *Telepo v. Boylan*

13

*Funeral Home*, 2005 WL 783059 FN3 (E.D.Pa.).  Plaintiff's allegations based upon this theory should, therefore, be dismissed.

The elements of a legal malpractice, or negligence claim are: "[1] the existence of an attorney-client relationship [2] the existence of a duty on the part of a lawyer, [3] failure to perform the duty, and [4] the negligence of the lawyer as a proximate cause [5] of damage to the client." *Kopit v. White*, 131 Fed. Apprx. 107, 109 (D.Nev 2005); *see also Warmbrodt v. Blanchard,* 100 Nev. 703, 692 P.2d 1282, 1285 (1984).

Any attempts by Plaintiff Bradshaw to sustain a malpractice action against any of the AG Defendants would fail because they never shared an attorney-client relationship.   Because Plaintiff Bradshaw declined the Attorney General's assistance during the *Bisom* case and failed to submit a PELDIA request, no attorney-client relationship ever existed between Bradshaw and the Attorney General's Office.  Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Second Amended Complaint; *see also Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57 (holding Plaintiff Bradshaw never requested a defense or indemnification through PELDIA and the CNMI government was under no obligation to defend or indemnify Plaintiff Bradshaw).

Likewise, the AG Defendants never had a duty to defend or indemnify Plaintiff.

    *b.    Allegations that Ms. Forelli, Mr. Cotton and Mr. Bush violated Plaintiff's constitutional rights to dues process and equal protection under the Fifth, Ninth and Fourteenth Amendments fail to state a claim, and even if there was a claim, it would be time-barred.*

    1.    The Fifth Amendment only applies to the federal government.

As a threshold matter, the Fifth Amendment of the U. S. Constitution does not restrict the Commonwealth.  The Fifth Amendment limits the activities of the federal government.  *Sirilan v.*

14

1  *Castro*, 1 CR 1082, 1107-08 (D.N.M.I. App. Div. 1984).  Instead, the Fourteenth Amendment limits

2  the conduct of the Commonwealth.  *Id.*  In fact, the Supreme Court has held that the first ten

3  amendments to the U. S. Constitution do not vest rights in individuals against <u>any</u> government but only

4  the Federal Government.  *See Delaware v. Van Arsdall*, 475 U.S. 673, 705 (1986), *Dilutaoch v. C& S*

5  *Concrete Block Products*, 1 N.M.I. 478, 576 (1991) (citing *Barron v. The Mayor and City Council of*

6  *Baltimore*, 8 L.Ed. 672, 674 (1833)).   As a result, Plaintiff's Fifth Amendment claim should be

7  dismissed.

8       2.    There is no direct cause of action under the Fourteenth Amendment.

9       Plaintiff Bradshaw cannot assert direct causes of action under equal protection or due process

10 clauses of the Fourteenth Amendment.  Section 1 of the Fourteenth Amendment of the U. S.

11 Constitution, which applies to the Commonwealth,[5] does not permit a direct cause of action.  "[The

12 Plaintiff] can state no such direct cause of action [under the U. S. Constitution] because . . . federal law

13 requires that 'a litigant complaining of a violation of a constitutional right . . . utilize 42 U.S.C. §

14 1983.'"  *Sablan v. Tenorio*, 4 N.M.I. 351, 361 (1996) (<u>quoting</u> *Azul-Pacifico, Inc. v. City of Los*

15 *Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (other citation omitted)).  In other words, § 1983 provides

16 the exclusive remedy for violations of U. S. Constitutional rights.

17      Plaintiff's defective § 1983 allegations notwithstanding, his failure to state a claim under §

18 1983 will be addressed nonetheless.  *See* 42 U.S.C. § 1983 (1996).  Section 1983 requires that the

19 Plaintiff prove: "(1) that a person acting under the color of state law committed the conduct at issue;

20 and (2) that the conduct deprived the Plaintiff of some right protected by the Constitution or laws of

21

22
_____

[5] The remainder of the Fourteenth Amendment is inapplicable to the Commonwealth.  <u>See</u> Covenant to Establish a Commonwealth of the Northern Marianas Islands in Political Union with the United States of America, 48 U.S.C. § 1801, at § 501.

1  the United States." *Seed v. Hudson*, 1994 WL 229096; *see also Leer v. Murphy,* 844 F.2d 628, 632-33

2  (9th Cir.1988), *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 664-65, 88 L.Ed.2d 662

3  (1986) (plaintiff must plead more than mere negligence in a 42 U.S.C. § 1983 action)

4      At the very least, Plaintiff Bradshaw must demonstrate that the actions of Ms. Forelli, Mr.

5  Bush and Mr. Cotton in someway deprived him of "some right protected by the Constitution or laws of

6  the United States."  Plaintiff has failed to plead exactly which federally protected right Ms. Forelli, Mr.

7  Bush and Mr. Cotton violated.

8      Because of Plaintiff's failure to plead specifics, Defendants are left speculating about which

9  protected right, real or imagined, Plaintiff is asserting.  The best Defendants are able to do is guess that

10  Plaintiff believes he has a protected right to counsel in a civil context and the Constitution, or other

11  U.S. laws, required Defendants to defend him in the original *Bisom* lawsuit.  If this is Plaintiff's

12  contention, he is mistaken.  Nothing in the U.S. Constitution or other U.S. laws requires Defendants to

13  defend or indemnify Plaintiff Bradshaw.   In its review of this matter, the CNMI Supreme Court agreed

14  with this conclusion. [6]  *Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57.  Thus, because Plaintiff does

15  not have a Constitutionally, or otherwise protected right to counsel, Plaintiff's § 1983 allegations must

16  fail.[7]

17      It is impossible to defend against Plaintiff's claim, without knowing which constitutional

18  provision or federal law was allegedly violated.  Defendants do, however, wish to reassert their right to

19

20      [6] The CNMI Supreme Court has already held that because Plaintiff Bradshaw never requested a defense or indemnification through PELDIA, the CNMI government was under no obligation to defend or indemnify Plaintiff Bradshaw. *Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57.

21

22      [7] Plaintiff could not sustain a § 1983 action against the Commonwealth either. Plaintiffs can only bring actions under 42 U.S.C. § 1983 against "persons" as defined by the statute. The Commonwealth is not a "persons" for the purposes of § 1983. *See Sablan v. Tenorio*, 4 N.M.I. 351, FN 25 (N. Mar. I. 1996)(quoting *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992)).

16

absolute immunity.  Again, Plaintiff's § 1983 argument should be dismissed for failing to plead a

cognizable theory.

    3.      Plaintiff's equal protection and due process claims are time-barred.

    Defendants re-assert their argument that Plaintiff's § 1983 claim is time-barred.

    4.      No cause of action exists under the Ninth Amendment.

The Ninth Amendment, which provides "the enumerations in the Constitution, of certain rights,

shall not be construed to deny or disparage others retained by the people" states but a truism.

*Massachusetts v. Upton*, 466 U.S. 727, 737 (1984).  It has never been recognized as independently

securing any constitutional right, for purposes of pursuing a civil rights claim. *Strandberg v. City of*

*Helena*, 791 F.2d 744, 748 (D. Mont. 986); *see also Canton Beach NAACP v. Runnels,* 617 F.Supp.

607, 609 n. 3 (S.D.Miss.1985); *Bartel v. F.A.A.,* 617 F.Supp. 190, 194 (D.D.C.1985); *Charles v.*

*Brown,* 495 F.Supp. 862, 864 (N.D.Ala.1980).    Accordingly, the Ninth Amendment does not offer

Plaintiff Bradshaw a cause of action, and Plaintiff's allegations to the contrary should be dismissed as

a matter of law.

### COUNT III

In Count III, Plaintiff Bradshaw alleges an obstruction of justice, actions to hide and cover-up

criminal actions manifested in the CNMI courts, conspiracy, civil rights violation under 42 USC §

1983, violations of his constitutionally protected rights to due process and equal protection pursuant to

the Fifth, Ninth, and Fourteenth Amendments, gross incompetence, and malpractice against Ms.

Brown.

    *a.*      *Obstruction of justice and actions to hide and cover up criminal actions are not civil*
                *causes of action and should be dismissed.*

17

1    Obstruction of justice is a criminal charge for which there is no private cause of action.

2    *DeHaven v. Schwarzenegger*, 2005 WL 352459 (C.A. 9 Cal.); *see also Forsyth v. Humana, Inc.,* 114

3    F.3d 1467, 1482 (9th Cir.1997). Plaintiff Bardshaw's allegation thus lacks a cognizable theory and

4    should be dismissed. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 534. Likewise, "actions to

5    hide and cover up criminal actions" is not a civil cause of action and should also be dismissed.

6           b.      *Plaintiff's conspiracy allegations should be dismissed for failure to state a claim upon*
7                   *which relief can be granted.*

8    To properly allege civil conspiracy against Ms. Brown, plaintiff must allege (1) an agreement

9    between two or more persons, (2) to participate in an unlawful act or a lawful act in an unlawful

10   manner, (3) an overt act pursuant to and in furtherance of the common scheme, and (4) an injury

11   caused by an unlawful overt act performed by one of the parties to the agreement. *See Doe I v. The*

12   *Gap, Inc.*, 2001 WL 1842389. In this instance, Plaintiff has failed to properly allege that an agreement

13   existed between Ms. Brown and another party, what that agreement was, that the actions undertaken, if

14   any, were unlawful, or even that an overt act occurred.

15   Mere conclusory allegations of "conspiracy" do not create a cause of action. First, a conspiracy

16   cause of action does not exist independently. *Allied Equip. Corp. v. Saudi Arabia Ltd,* 7 Cal.4[th] at 510-

17   11. No cause of action for conspiracy can exist unless the pleaded facts show something was done

18   which, without the conspiracy, would give rise to a right of action. *Lyons v. Security Pacific National*

19   *Bank,* 40 Cal.App. 4th at 1019.

20   Nothing in Plaintiff's complaint offers any factual support for a conspiracy theory against Ms.

21   Brown. Plaintiff has failed to allege that Ms. Brown, in her capacity as Attorney General, engaged in

22   any conduct that would cause her to be personally liable. Though Plaintiff may disagree with Ms.

18

Brown's conclusion that no fraud occurred during the original *Bisom* matter, Ms. Brown was certainly

acting within her discretion as Attorney General.  *See* Brown Affidavit attached Motion to Dismiss

Amended Complaint; s*ee also Restatement (Second) of Tort* § 895 D (1979). In addition, Ms. Brown

was relying upon the Superior Court judgment, which affords her quasi-judicial immunity.  *See id.; see*

*also Roland v. Phillips*, 19 F.3d at 557.

For numerous reasons, Plaintiff conspiracy allegation against Ms. Brown should be dismissed.

> c. *Plaintiff's claim of civil rights violation under 42 USC § 1983 and violations of*
> *his constitutionally protected rights to due process and equal protection should*
> *be dismissed for failure to state a claim.*

As discussed, *supra*, federal law requires that 'a litigant complaining of a violation of a

constitutional right . . . utilize 42 U.S.C. § 1983.'  *Sablan v. Tenorio*, 4 N.M.I. at 361; *see also Azul-*

*Pacifico, Inc. v. City of Los Angeles,* 973 F.2d at 705.

At the very least, § 1983 demands that Plaintiff Bradshaw plead that Ms. Brown deprived him

of "some right protected by the Constitution or laws of the United States." *Seed v. Hudson*, 1994 WL

229096; *see also Leer v. Murphy,* 844 F.2d at 632-33. Once again, Plaintiff has failed to plead exactly

which federally protected right was violated by Ms. Brown and nothing in the U.S. Constitution or

other U.S. laws requires Defendants to defend or indemnify Plaintiff Bradshaw. *Bisom v.*

*Commonwealth*, 2002 MP ¶ 54-57.  Thus, Plaintiff's allegations based upon § 1983 must fail once

again.

> d. *The "breach of fiduciary duty" and malpractice claims should also be dismissed.*

There is no recognized federal cause of action for gross incompetence. *Telepo v. Boylan*

*Funeral Home*, 2005 WL 783059 FN3 (E.D.Pa.).  Plaintiff's allegations based upon this theory should,

therefore, be dismissed.

1   The elements of a legal malpractice, or negligence claim are: "[1] the existence of an attorney-

2   client relationship [2] the existence of a duty on the part of a lawyer, [3] failure to perform the duty,

3   and [4] the negligence of the lawyer as a proximate cause [5] of damage to the client." *Kopit v. White*,

4   131 Fed. Apprx. 107, 109 (D.Nev 2005); *see also Warmbrodt v. Blanchard,* 100 Nev. 703, 692 P.2d

5   1282, 1285 (1984).

6   Any attempts by Plaintiff Bradshaw to sustain a malpractice action against Ms. Brown would

7   fail because they never shared an attorney-client relationship.   Because Plaintiff Bradshaw declined

8   the Attorney General's assistance during the *Bisom* case and failed to submit a PELDIA request, no

9   attorney-client relationship ever existed between Bradshaw and the Attorney General's Office.

10  Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Second Amended Complaint; *see also*

11  *Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57 (holding Plaintiff Bradshaw never requested a defense

12  or indemnification through PELDIA and the CNMI government was under no obligation to defend or

13  indemnify Plaintiff Bradshaw).[8]

14  Ms. Brown, in her February 15, 2005 letter, reiterated to Plaintiff that the Attorney General's

15  Office did not and will not represent Plaintiff in the *Bisom* matter. Brown letter to Bradshaw dated

16  February 15, 2005 attached to Second Amended Complaint.

17  ────────────────

18  [8] The Public Employee Legal Defense and Indemnification Act, or "PELDIA" is codified at 7 C.M.C.
§ 2301 (2000), *et seq.*  Under the terms of PELDIA, the onus is on the employee, or in this instance the
19  Plaintiff, to expressly request indemnification not less than five days before an answer is filed in the
20  underlying lawsuit.  *See* 7 C.M.C. § 2304 (2000); *see also Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-
57.   In his Amended Complaint, Plaintiff states that his July 14, 1999, letter should suffice as a
21  request for indemnification for PELDIA purposes.[8]  Plaintiff's revisionist interpretation of this letter is
22  untenable as a matter of fact and law.

[Footnote continued on next page]

20

If, however, this Court feels that there is a question as to whether an attorney-client relationship ever existed between Plaintiff and the Attorney General's Office, it should remember that Ms. Brown assumed the position of Attorney General in December 2003, long after any speculative attorney-client relationship was extinguished by the CNMI Superior and Supreme Court rulings. *See Bisom v. Commonwealth*, Civil No. 96-1320, *Bisom v. Commonwealth,* 2002 MP 19 ¶ 54-57.   Therefore, because no attorney-client relationship ever existed between Plaintiff Bradshaw and Ms. Brown, Plaintiff's malpractice allegation should be dismissed.

## COUNT IV

Because Count IV makes allegations against "unknown person" or "persons," it will not be addressed by AG Defendants.

## COUNT V

Because Count V makes allegations against Justice Castro, it will not be addressed by AG Defendants.

## COUNT VI

Because Count VI addresses Judge Castro and Article XII of the Commonwealth Constitution, it will not be addressed by AG Defendants.

## COUNT VII

Plaintiff alleges in Count VII that Defendant CNMI and its agents, Ms. Forelli, Mr. Sosebee, and Justice Castro were in engaged in a conspiracy to interfere with Plaintiff Bradshaw's Civil Rights under the U.S. Constitution and 42 USC 1985.

---

[Footnote continued from previous page]

21

a.    *The facts alleged do not suggest a violation of 42 USC § 1985.*

Again, mere conclusory allegations of "conspiracy" do not create a cause of action.  First, a conspiracy cause of action does not exist independently.  *Allied Equip. Corp. v. Saudi Arabia Ltd,* 7 Cal.4[th] at 510-11.  In order to prove a claim for relief under § 1985 and its companion 1986, Plaintiff Bradshaw must show: (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws, generally in a race or class based context; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a right or privilege of a United States citizen.  Based upon his Amended Complaint, Plaintiff cannot sustain this burden.  *See Mustafa v. Clark County School Dist.,* 157 F.3d 1169 (9th Cir. 1998); *see also McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992) (holding section 1986 claim valid only if valid section 1985 claim exists).

Plaintiff Bradshaw does not specify any facts to support a claim that a conspiracy ever existed and fails to describe the Constitutional or other rights of which he was deprived.  Most importantly, Plaintiff Bradshaw does not suggest that the alleged conspirators were motivated to deprive him of his civil rights by some racial or otherwise class-based animus. *See Buchanan v. Buchanan*, 1994 WL 680992 at 4 (9th Cir. Wash. 1994) (holding complaint must allege motivation behind the conspiracy, rights deprived, and conspirators were motivated to deprive him of his civil rights by some racial or otherwise class-based animus).  Thus, he is unable to make out a cause of action under § 1985(3), and as a result § 1986.

For these reasons, Plaintiff cannot sustain a cause of action under § 1985, et seq. and Count VII should be dismissed.

**COUNT VIII**

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Count VIII alleges that Defendants CNMI, Ms. Forelli, Mr. Clayton (not served), Mr. Sosebee

(not served), Ms. Brown, and Justice Castro violated 18 U.S.C. § 1961, 1962, 1963 and 1964 (2000),

collectively referred to as the Racketeer Influenced and Corrupt Organizations Act, or RICO.  Plaintiff

further alleged, once again, that Defendants violated his Constitutionally protected right to due process

and equal protection.

     a.  *Defendants were not engaged in "racketeering activity" and are immune from civil*
        *liability.*

To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must

establish that (5) the defendant caused injury to plaintiff's business or property. 18 U.S.C. §§ 1962(c),

1964(c). *See Chaset v. Fleer/Skybox Intern., LP* 300 F.3d 1083, 1087 (9th Cir.2002).  The Plaintiff

alleges that the "racketeering activity" of fraud began when Defendant Bisom prepared fraudulent

documents to mislead the Court and obtain a default judgment. Plaintiff's Amended Complaint at ¶

247.  Then, Plaintiff alleges that Defendants Sosebee and Forelli withdrew from representing

Bradshaw. Finally, Plaintiff alleges that Defendant Brown obstructed justice in the 2004-2005 cases

before the Superior Court and the Federal District Court in Idaho, but fails to provide any specifics

with respect to this allegation.  Plaintiff does not describe any specific allegations against Defendant

Clayton.

Count VIII should be dismissed against CNMI, Ms. Forelli, and Mr. Sosebee because Plaintiff

does not allege facts that suggest any wrongdoing on their part. *See e.g. Robertson v. Dean Witter*

*Reynolds, Inc.,* 749 F.2d at 534. Because Plaintiff Bradshaw declined the Attorney General's assistance

during the *Bisom* case and failed to submit a PELDIA request, no attorney-client relationship ever

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

existed between Bradshaw and the Attorney General's Office. Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Second Amended Complaint; *see also Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57 (holding Plaintiff Bradshaw never requested a defense or indemnification through PELDIA and the CNMI government was under no obligation to defend or indemnify Plaintiff Bradshaw)

That being said, Defendants wish to reiterate their absolute and qualified immunity and statute of limitations arguments. *See McNeill v. Town of Paradise Valley*, 44 Fed Appx. 871 (9th Cir. Ct. App. 2002) (holding RICO claims properly dismissed on judicial and prosecutorial immunity grounds).[9]

Count VIII should also be dismissed with respect to Ms. Brown and the unnamed "other CNMI" official because they were acting within the scope of their official duties and relying upon a CNMI Superior Court judgment, hardly a "racketeering activity." In rendering its judgment against Plaintiff Bradshaw, the Superior Court concluded that the postal documents presented were sufficient to justify a judgment against Plaintiff Bradshaw. *Bisom v. Commonwealth*, Civil Action No. 96-1320. Thus, Ms. Brown and the unnamed CNMI official, if one exists, are entitled to quasi-judicial immunity because she/they relied upon a facially valid court order. *See Coverdell v. Dept. of Health Serv.*, 834 F.2d at 758, 764-65 (9th Cir. 1987); *see also Roland v. Phillips*, 19 F.3d at 557 (holding that a law enforcement official is protected by quasi-judicial immunity from suit when acting in furtherance of official duties and relying on a facially valid court order, oral or written).

For all of these reasons, Count VIII against Defendants CNMI, Ms. Forelli, Mr. Clayton, Mr. Sosebee and Ms. Brown should be dismissed.

## COUNT IX

---

[9] Defendant CNMI would make a sovereign immunity argument, but because the Eleventh Amendment does not apply to the CNMI and common law has yet to recognize RICO immunity, such an argument appears to be unavailable. *See Fleming supra* at 407.

24

1    Count IX alleges breach of employment contract against Defendants CNMI, Ms. Forelli, Mr.

2    Bush, Mr. Cotton, Mr. Clayton (not served), Mr. Sosebee (not served) and Ms. Brown.  It is worth

3    noting that Plaintiff employment contract was with the CNMI government, and not Defendants Forelli,

4    Bush, Cotton, Clayton, Sosebee and Brown individually.  On that basis alone, Count IX should be

5    dismissed.

6         a.    *The onus is on employee to ask for indemnification under PELDIA.*

7    As a matter of law, Plaintiff did not possess an implied contract right to a defense or

8    indemnification.  On the contrary, Plaintiff had a conditional expressed right, derived from statutory

9    law, to be defended and indemnified.

10   The Public Employee Legal Defense and Indemnification Act, or "PELDIA" at 7 C.M.C. §

11   2301 (2000), *et seq.*  Under the terms of PELDIA, the onus is on the employee, or in this instance the

12   Plaintiff, to expressly request indemnification not less than five days before an answer is filed in the

13   underlying lawsuit.  *See* 7 C.M.C. § 2304 (2000); *see also Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-

14   57.   In his Second Amended Complaint, Plaintiff states that his July 14, 1999, letter should suffice as

15   a request for indemnification for PELDIA purposes.  Plaintiff's revisionist interpretation of this letter

16   is untenable as a matter of fact and law.

17   Specifically, Plaintiff states, "as for as the CNMI SC [Bisom matter], your office has never and

18   should never have represented me on this at all that I am aware of.  As I was never served, I never

19   asked for any assistance and the CNMI SC never should have been told that the AG represented

20   me."[10]  Plaintiff Bradshaw, as a matter of fact, failed to properly request indemnification and

21   representation as required by PELDIA.  As a result, and in a view shared by the CNMI Supreme Court,

22

25

1    he is not entitled to either. *Bisom v. Commonwealth*, 2002 MP 19.

2        Plaintiff has, thus, failed to allege facts sufficient to support his indemnification claims.  Count

3    IX should, accordingly, be dismissed.

4                                          **COUNT X**

5        Count X alleges that because of Plaintiff's national origin Defendants CNMI, Ms. Forelli, Mr.

6    Bush, Mr. Cotton, Mr. Clayton (not served), Mr. Sosebee (not served), and Ms. Brown violated the

7    Immigration Reform and Control Act of 1986 and breached the CNMI's contract with Plaintiff by not

8    granting him a defense and indemnification.

9        a.    *U.S. immigration law does not apply to the CNMI.*

10        The Immigration Reform and Control Act of 1986 (IRCA), codified at various sections of Title

11    8, makes it unlawful for employers to knowingly hire undocumented alien workers or for employees to

12    use fraudulent documents to establish employment eligibility. *See Hoffman Plastics Compound, Inc v.*

13    *N.L.R.B.,* 122 S.Ct. 1275, 1277,152 L.Ed.2d 271(2002).  Sections 503 and 506 of the Covenant to

14    Establish a Commonwealth of the Northern Mariana specifically excludes the application of U.S.

15    immigration law within the Commonwealth.  *See Covenant to Establish a Commonwealth of the*

16    *Northern Mariana Islands in Political Union with the United States of America*, 48 U.S.C. § 1801, at §

17    501 (1976*); see also generally Tran v. Com. of Northern Mariana Islands*, 780 F. Supp. 709 (D.N.

18    Mar. I .1991).

19

20

21    _____

22    [Footnote continued from previous page]

    10 Bradshaw July 14, 1999 letter attached ¶ 9 to Second Amended Complaint.

                                          26

As a matter of law, Plaintiff has not alleged a cognizable theory, and a dismissal of Count X is proper. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.[11]  Plaintiff's indemnification claims were previously addressed.

### COUNTS XI AND XII

Plaintiff alleges in Count XI that Defendant CNMI and its agents, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee and Ms. Brown violated, in some way, the Civil Rights Act of 1870.[12]  Count XII similarly asserts that Defendant CNMI and its agents, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee and Ms. Brown violated the Civil Rights Act of 1871 as well as Plaintiff's Constitutional rights to due process and equal protection.

a.    *Plaintiff has failed to allege the facts necessary to sustain a cause of action under the Civil Rights Acts of 1870 and 1871.*

The Civil Rights Act of 1870 and 1871, codified today at 42 U.S.C. §§1981, 1982, 1983, 1985 and 1986 (2000), were enacted to abolish the last vestiges of slavery. *See Davidson v. O'Lone,* 752 F.2d 817 fn 5(3rd Cir. 1984); *see also Brown v. Philip Morris,* 250 F.3d 789, 796-7 (C.A. Pa. 2001).  The overriding purpose of those amendments was to secure "the freedom of the slave race, the security and firm establishment of that freedom, and the protection of the newly-made freeman and citizen from the oppression of those who had formerly exercised unlimited dominion over him" (quoting *The Slaughter-House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872).

---

[11] Even if the IRCA applied to the CNMI, Plaintiff Bradshaw is a U.S. citizen.  The Northern Mariana Islands is a U.S. territory.  Defendants are, therefore, unclear exactly how IRCA would apply as a matter of law.

[12] Defendants Clayton and Sosebee have yet to be served with process in this matter.  Once properly served, Defendants Clayton and Sosebee will join this Motion to Dismiss.  Until then, Defendants Clayton and Sosebee refuse to waive proper service.

27

Plaintiff has not asserted, nor has he argued, that he was the victim of racial discrimination on the part of the Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton or Ms. Brown.   In fact, Plaintiff Bradshaw does not even allege or mention his race or ethnicity in his Second Amended Complaint, let alone how his race caused him to be discriminated against.   Based upon the pleadings, Defendants cannot identify Plaintiff's race or national origin, other than the fact that he is a U.S. citizen. Moreover, there are no allegations that Plaintiff is even in a protected class.   Accordingly, it is proper to dismiss Plaintiff's Counts XI and XII for failing to plead essential facts. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

In order to prevail on an action brought pursuant to §1981 and 1982, a plaintiff must allege and prove discrimination based upon race or alienage.  *See McDonald v. Santa Fe Trail Transport. Co*, 427 U.S. 273, 296 (1976)*; see also White v. Pacific Media Group, Inc.* 322 F.Supp 1101 (D.Haw 2004), *Pollard v. City of Hartford,* 539 F.Supp. 1156, 1164-65 (D.Conn.1982), *Sagana v. Tenorio*, 384 F.3d 731, 739 (9th Cir. 2004) (holding § 1981 does prohibit discrimination based upon alienage).

Even if Plaintiff had alleged his race, there is no indication in the facts that race served as the basis of any discrimination, i.e. that a similarly situated person of another race was treated better than him or that discrimination occurred solely because of his race.  "Alienage," on the other hand, is defined as the state or condition of being an alien.  *See LeClerc v. Webb*, 419 F.3d 405, 426 (5th Cir. 2005). An alien is "any person not a citizen or national of the United States." *Id*.   Based upon his allegation, Plaintiff is a U.S. citizen and not an alien.  Second Amended Complaint at ¶ 7.  His § 1981 and 1982 claims must, therefore, be dismissed.

Plaintiff cannot sustain an action under § 1983, because he has failed to properly allege which Constitutional, or other legally protected, right Defendants Ms. Forelli, Mr. Bush, Mr. Cotton or Ms.

28

Brown violated. *See Seed v. Hudson*, 1994 WL 229096. Plaintiff does not have a right to counsel or

indemnification, Constitutionally protected, or otherwise. *Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-

57. Furthermore, Defendant CNMI is not a "person" for 42 U.S.C. § 1983 purposes and; thus, cannot

be sued under the statute. *See Sablan v. Tenorio*, 4 N.M.I. at FN 25. For these reasons, Plaintiff's §

1983 claim should be dismissed.

In order to prove a claim for relief under § 1985 and its companion 1986, Plaintiff Bradshaw

must show: (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the

laws, generally in a race or class based context; (3) an act in furtherance of the conspiracy; (4) whereby

a person is either injured in his person or property or deprived of a right or privilege of a United States

citizen. Based upon his Amended Complaint, Plaintiff cannot sustain this burden. *See Mustafa v.*

*Clark County School Dist.*, 157 F.3d 1169 (9th Cir. 1998); *see also McCalden v. California Library*

*Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992) (holding section 1986

claim valid only if valid section 1985 claim exists).

Plaintiff Bradshaw does not specify any facts to support a claim that a conspiracy ever existed

and fails to describe the Constitutional or other rights of which he was deprived. Most importantly,

Plaintiff Bradshaw does not suggest that the alleged conspirators were motivated to deprive him of his

civil rights by some racial or otherwise class-based animus. *See Buchanan v. Buchanan*, 1994 WL

680992 at 4 (9th Cir. Wash. 1994) (holding complaint must allege motivation behind the conspiracy,

rights deprived, and conspirators were motivated to deprive him of his civil rights by some racial or

otherwise class-based animus). Thus, he is unable to make out a cause of action under § 1985(3), and

as a result § 1986.

For these reasons, Counts XI and XII should be dismissed.

1

**COUNT XIII**

2

Plaintiff fails to allege a cause of action in Count XIII and it should be dismissed.

3

**COUNT XIV**

4

Plaintiff fails to allege a cause of action in Count XIV and it should be dismissed.

5

**COUNT XV**

6

In Count XIV, Plaintiff claims that the CNMI and its agents Ms. Forelli, Mr. Bush, Mr.

7

Clayton, Mr. Cotton, Mr. Sosebee and Ms. Brown, slandered and damaged Plaintiff Bradshaw's

8

professional reputation.

9

The Restatement (Second) of Torts § 586 provides that "an attorney at law is absolutely

10

privileged to publish defamatory matter concerning another in communication preliminary to a

11

proposed judicial proceeding, [and]. . .during the course and as part of, a judicial proceeding." *See*

12

*Restatement (Second) of Torts* § 586 (1977). Defendants, thus, are not liable for alleged slanderous

13

activity, which occurred in connection with the *Bisom* case.

14

Defendants reassert their immunity arguments. *See Fry v. Melaragno,* 939 F.2d at 837

15

(holding that if a government attorney is performing acts intimately associated with the judicial phase

16

of litigation in either the civil or criminal context, the attorney is entitled to absolute immunity from

17

civil liability for damages). Moreover, pursuant to the Government Liability Act, the CNMI and its

18

agents and employees cannot be held liable for slander. 7 C.M.C. § 2204 (b) (2000).

19

Accordingly, it is proper to dismiss Count XV.

20

**COUNTS XVI AND XVII**

21

Counts XVI and XVII fail to state a cause of action and thus lack a cognizable legal theory, and

22

Defendants are unable to respond. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

Accordingly, these Counts should be dismissed.

### CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant, in whole or in part, Defendants' Motion to Dismiss.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: July 10, 2006

By _____
Kristin D. St. Peter

31

ORIGINAL

1

## <u>CERTIFICATE OF SERVICE</u>

2

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on

3 the _1C_ day of July, 2006, upon the following:

4

Robert D. Bradshaw
5 Plaintiff, Pro Se
P.O. Box 473
6 1530 W. Trout Creek Road
Calder, ID 83808

7

Jay Sorensen
8 c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022
9 Telephone:    (86) 21 5083-8542
Facsimile:    (86) 21 5083-8542

10

Civille and Tang, PLLC
11 330 Herman Cortez Ave, Suite 200
Hagatna, Guam 96910
12 Telephone:    671-472-8868
Facsimile:    671-477-2511

13

Mark Hanson
14 PMB 738
PO Box 10000
Saipan, MP 96950
15 Telephone 670-233-8600

16

17

18                                        Kristin D. St. Peter
Assistant Attorney General
19

20

21

22

32