F I L E D
Clerk
District Court

JUL 2 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al<br><br>Defendants | ) Civil Action No. 05-0027<br>)<br>)<br>)<br>)<br>) PLAINTIFF'S REPLY TO<br>) JUSTICE ALEXANDRO C.<br>) CASTRO'S OPPOSITION TO<br>) PLAINTIFF'S PETITION FOR<br>) DECLARATORY JUDGMENT<br>) Date: Jul 27, 2006<br>) Time: 9:00 AM<br>) Judge: Hon. Alex R. Munson |

## Introduction

1. Comes now plaintiff to reply to Defendant Castro's (hereafter Castro) Opposition to Plaintiff's Petition for Declaratory Judgment. Though characterized by many false statements

1

and made up assertions which have no basis in fact, defendant's objections are that the petition was not correct procedurally and was thus an attempt to amend the complaint; add new claims and request new relief; that plaintiff lacks standing; that plaintiff has no cognizable interest; that the issues are irrelevant to the claims in the 2d amended complaint; that somehow it is plaintiff's fault that Castro must spend money defending a frivolous action; and finally that the US District Court of the NMI (USDC) does not have subject matter jurisdiction over the issues raised in the petition.

### Procedures

2. Defendant's opposition seems to hang on the word pleading and that plaintiff cannot make a pleading in a petition. Dictionary.law.com on the Internet defines pleading as: "1) every legal document filed in a lawsuit, petition, motion and/or hearing, including complaint, petition, demurrer, motion, declaration and memorandum of points and authorities (written argument citing precedents and statutes). Lay persons should be aware that, except possibly for petitions from prisoners, pleadings are required by state or federal statutes and/or court rules to be of a particular form and format: typed, signed, dated, with the name of the court, title and number of the case, name, address and telephone number of the attorney or person acting for himself/herself (in pro per) included. 2) the act of preparing and presenting documents and arguments. Good pleading is an art: clear, logical, well-organized and comprehensive."

3. Another definition from law.com is more concise in saying pleading includes: "1) every document filed in a lawsuit." In a check of numerous dictionaries and encyclopedias, they all say the same thing as law.com. Hundreds of years ago, it appears that pleading was

a term for the complaint and answer. But as court rules were developed with hundreds of rules and the opportunity for parties to file many documents back and forth in court, the term pleading took the modern definition as cited above to include all documents filed in the case.

4. Per the Free Dictionary website, a petition is "1) a formal written request to a court for an order of the court. It is distinguished from a complaint in a lawsuit..." Thus, a petition is not the same thing as a complaint. The two terms are not synonymous and should not be confused.

5. In Barmet, Inc. v. U.S., 159 F.R.D. 578 (N.D. Ga 1994), the court said: "Generally, declaratory judgments are sought by petition or complaint rather than by motion by parties to controversy. 28 U.S.C...2201" It should be noted that this federal rules decision used the word "generally" (which is not totally or all inclusively or restrictive) and allowed the actions to be by petition or complaint. But this statement does not exclude the use of a motion. Also, please note the word "or" which agrees with the above definition from the Free Dictionary that a complaint is not a petition. Thus, the Federal Rules Decision does not mix complaint and petition together since they are different and must be differentiated.

6. In terms of the word petition versus motion, there is confusion since a petition can be made in the form of a motion and often a motion is a petition or made in the form of a petition. Oran's Dictionary of the Law says that petition is "1. A written request to a court that it take a particular action... 2. A request made to a public official." Oran's says a motion is "1. A request that a judge make a ruling or take some other action... 2. The formal way something is proposed in a meeting." The number one definition for both petition and motion is the same for all purposes (the difference between the two is in the way they are titled). Perhaps it

3

is this reason that many persons, to include lawyers, often use the words interchangeably.

7. The Compact Oxford English Dictionary says a petition is "noun 1 a formal written request, typically one signed by many people, appealing to authority concerning a cause. 2. an appeal or request. 3. Law an application to a court for a writ, judicial action, etc." Obviously, per Oxford, a petition can be a motion or filed in the form of a motion

8 Actually, the distinction between motion and petition appears to be largely irrelevant since courts across the US routinely file for declaratory judgment by motion. Such actions have been filed even in the CNMI Superior Court (case 02-0472A, Auntie MAG's Food and Catering Services, Inc. v. the CNMI Public School System [2002]) as well as hundreds of other courts across the US.

9. Many US Courts have declaratory judgments filed as motions. In a check, plaintiff found a large number or these actions as for example, US District Court, Eastern District of Michigan, Southern Division, case 03-60188, National Solid Waste Management Asso v. Charter County of Wayne, et al (2004); and US District Court for the District of Arizona, Case Civ 91-0325 PHL WKU (1999),Urantia Foundation v. Maarherra. Both of these cases involved plaintiff filing "motions" for declaratory judgment. In both cases, the courts found for the plaintiffs. Plaintiff finds no Cir Ct denying US District Court use of motions or petitions for Declaratory Judgments.

10. Bradshaw's single use of the word motion in the body of the petition does not alter anything and is irrelevant to the issues before the court. The document is properly titled and defined as a petition. The notice to the parties defined it as a petition. In the context, the document is referred to as a petition and the bottom line plea is made in the vein of a petition.

4

There is no confusion in the document that one can make any conclusion from it other than it is a petition.

11. In Bradshaw's petition, the opening paragraph cited 28 USC 2201-2202 and both rules 56 (dealing with summary judgment) and 57 (on declaratory judgment). In a sense the declaratory judgment action is a type of summary judgment. In most of the cases examined by plaintiff, the actions cited both rules 56 and 57 in the pleadings--perhaps on the premise that the judgment sought would be similar to or in the form of a summary judgment. If rule 56 somehow is not germane in case 05-0027, then it can be ignored.

12. In view of the above, it seems impossible for defendant to question the use of a petition in addressing a request for declaratory judgment. Even if the action was termed a motion, it still should be allowable and proper in case 05-0027.

### Standing

13. Oran's Dictionary of the Law defines standing as: "A person's right to bring or join a lawsuit because he or she is directly affected by the issues raised." For declaratory judgment, Oran's adds: "A judicial opinion that states the rights of the parties or answers a legal question without awarding any damages or ordering that anything be done. A person may ask a court for a declaratory judgment only if there is a real, not theoretical, problem that involves real legal consequences."

14. The second amended complaint in claims 6, 10, 11, 12, and elsewhere therein adequately addresses all of the issues raised in Bradshaw's petition. The whole basis of discrimination in the CNMI starts with the reality of the Constitutional land restrictions. It is this condition which generates the prevailing situation with clear and manifest discrimination

against outsiders being CNMI government policy. All of this in turn underlies plaintiff's 1981 claims against Castro and the whole theme of discrimination as covered in the Immigration Reform and Control Act of 1986 (IRCA).

15. The need to address these subjects in the petition are motivated in part because of the actions of Castro/his attorney in their Jun 16, 2006 motion to dismiss which argues the inapplicability of the IRCA of 1986 and 1981 claims against Castro.

16. On standing, Castro tries to read Bradshaw's intentions on page 9, lines 5-13, to conclude that Bradshaw has no intention of returning to the CNMI. But this assumption is not based on facts. It involves speculation. On the contrary no one knows what tomorrow might bring. And indeed, Bradshaw may return to the CNMI for some reason.

17. It goes without saying that if the CNMI has constitutional provisions which are based on race, ancestry or national origin discrimination (as is undeniably true), then the resulting discrimination is "government policy."

18. Castro's opposition is predicated on the premise that though there is this constitutionally based discrimination it does not represent government policy and that plaintiff must now prove that the acknowledged discrimination is government policy. Of course, the government policy discrimination is patently connected to the land based discrimination in the CNMI constitution. If Bradshaw claims CNMI discrimination in the context of government policy, there is the obvious need to address the land based constitutional discrimination which forms the basis of the CNMI's government discrimination policy.

### Subject Matter Jurisdiction

6

19. Since the petition was generated in part from the Jun 16, 2006 motion to dismiss by Castro/his lawyer, another point arises. After Bradshaw brought up the matter of original jurisdiction, Castro in his reply tried to ague that his court automatically had jurisdiction over all issues in the CNMI (including even federal issues properly for the US District Court) without questions of subject matter because of the presence of original jurisdiction. On page 7 of defendant's opposition to the petition under discussion, defendant offers a detailed outline of subject matter jurisdiction in the vein of attempting to disprove standing for Bradshaw and disallow subject matter jurisdiction for the USDC.

20. Castro quotes the Supreme Court on whether the litigant is entitled to have the court decide the merits of a dispute or of particular issues. From there, Castro brings up the issues of injury in the context of a legally protected interest. Of course, the essence of these words is the basis for subject matter jurisdiction which was also an issue before the Castro 96-1320 court where he plainly lacked subject matter jurisdiction.

21. Repeatedly, in the opposition, Castro is characterized as an honorable, fair, impartial, and competent judge who had full jurisdiction over Bradshaw in CNMI case 96-1320 (in an earlier filing to dismiss, Castro said that he had full jurisdiction over all cases in the CNMI, to include even Federal cases and regardless of whether there was a presence of injury or whether the cases even involved a wrong; thus meaning Castro automatically had subject matter jurisdiction over all cases and regardless of their subject matter). Conversely, the Castro opposition dogmatically asserts that the USDC lacks subject matter jurisdiction to even address the issues raised by Bradshaw in the petition (starting on line 21, page 6 and continuing thereafter; to particularly include the paragraphs starting on line 14 of page 8 and

7

line 20 of page 9). In reality, the issues in the petition are real issues in 05-0027 where the US District Court clearly has subject matter jurisdiction.

### Frivolous Lawsuit Burden to Castro?

22. On pages 12-13, Castro goes to some length to claim that he is unnecessarily burdened to respond to this petition which he claims is frivolous and unnecessary. He cites the precarious financial position of the CNMI and that it is allegedly imperative that the CNMI Judiciary not continue to bear the financial burden of Bradshaw's filings.

23. Of course, not mentioned are the facts that it has been the numerous filings and incorrect filings of defendant Castro which has created a burden for Bradshaw and the court over the past year (as well as the malicious incompetence and discrimination in the Castro court which created the whole mess in the beginning).

24. The actions of Castro in the present instance is absolute proof that it is he and/or his lawyer who are busy burdening the plaintiff and the US court with numerous and irrelevant filings. Plaintiff's petition is a classic example where the defendant has ignored the issues involved. Instead, Castro's whole effort is designed to attack the procedure of the filing and the plaintiff as if a pro-se non-lawyer failed to properly prepare his filing without typographical mistakes. Even the best of attorneys make mistakes in their filings.

25. Regardless, Bradshaw has spent time on Saipan and knows how things work there. We can be sure that the whole cost of this action will have to be picked up by the government and not by Castro. It's unfathomable that Castro will be out anything on this effort. If his lawyer doesn't fully cover it, the judge will use his law clerks for research and work to oppose Bradshaw (as has already happened in previous filings in 05-0027).

## Conclusion

26. The point must be made that Castro's opposition does not oppose the actual message contained in Plaintiff's petition. Nowhere does Castro deny the discrimination. Instead he seems to even subtly allow that the charges are indeed true. His whole effort is directed at the procedures followed by Bradshaw and the allegation that Bradshaw lacks standing and that this court lacks subject matter jurisdiction (all of which is contrary to the second amended complaint).

27. The conclusion has to be that Bradshaw has properly complied with the Federal rules in the submission of this petition. Next Bradshaw does have standing as defined in the second amended complaint.

28. The charge that the petition is somehow frivolous and should entitle Castro sanctions is absurd. It seems that Castro/his lawyer routinely use this charge in all of their filings with the court. In their view, whatever they oppose, they attack for sanctions with the charge that it is frivolous and without foundation.

29. Finally, a reviewing court is required to take notice of and incorporate relevant statutes and rules and precedents even if not pleaded in the complaint by a pro se plaintiff (Haines v. Kerner, 404 US 519, 30 L. Ed 2d 652, 92 S. Ct. 594 (1972)).

30. Accordingly, plaintiff requests that the court award him sanctions for the frivolous opposition stated by Justice Castro/his attorney.

31. Plaintiff further requests that the court deny the defendant's opposition to the petition.

9

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Dated this 24th day of July 2006 at Calder, Idaho.

_____
Robert D. Bradshaw, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of July 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Kristin St Peter, Asst Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Patrick Civille, Civille & Tang, PLLC, PMB 86, PO Box 10003, Saipan, MP 96950

_____,
Robert D. Bradshaw, Plaintiff, Pro Se

10