F I L E D
Clerk
District Court

JUL 2 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, | Case No. CV-05-0027 |
| Plaintiff, | **NOTICE OF ORDER:** |
| vs. | **1) GRANTING DEFENDANT CASTRO'S MOTION TO DISMISS; and** |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al., | **2) DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT** |
| Defendant. | |

**THIS MATTER** came before the court on July 27, 2006 for hearing of defendant Castro's motion to dismiss and plaintiff's motion for declaratory judgment. The following parties appeared: Plaintiff *pro se* by telephone; defendant Sorensen *pro se* by telephone; and defendants Commonwealth of the Northern Mariana Islands, Forelli, Bush, Brown, and Cotton by and through Assistant Attorney General Kristin D. St. Peter.

**THE COURT**, having considered the arguments of the parties, **GRANTED** defendant Castro's motion to dismiss and **DENIED** plaintiff's motion for declaratory judgment.

### I. Defendant Castro's Motion to Dismiss

Among other arguments, defendant Castro urged the court to dismiss the complaint as to him on the basis of absolute judicial immunity. Under the doctrine of absolute judicial immunity, a judge is immune "from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The court looks to two factors in determining whether a judge acted within his judicial jurisdiction: "[the] nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and []the expectation of the parties, *i.e.*, whether they dealt with the

absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (1988). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).

Here, plaintiff's allegations against defendant Castro all relate to the default judgment that defendant Castro ordered in the Commonwealth of the Northern Mariana Islands Superior Court case, *Bisom v. Commonwealth*, Civil Action No. 96-1320.[1] Because ordering a default judgment is a "function normally performed by a judge" and because, as the judge presiding over the case, the parties "dealt with [defendant Castro] in his judicial capacity[,]" both factors are present in this case. Accordingly, defendant Castro acted within his judicial jurisdiction.

Plaintiff argued that because defendant Castro ordered the default judgment due to either gross incompetence, negligence, or conspiracy, defendant Castro's actions were beyond his judicial jurisdiction. However, the court will not look behind the reason defendant Castro ordered the default judgment because a "[j]udge['s] immunity from civil liability should not be 'affected by the motives with which their judicial acts are performed.'" *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (quoting *Cleavenger v. Saxner*, 474 U.S. 193, 200 (1985)). The purpose for absolute judicial immunity is "to protect the decision-making process in which the [judge] is engaged." *Imbler v. Pachtman*, 424 U.S. 409, 435 (1976) (J. White concurring). By looking behind the reason for the result, the court would violate the very purpose for the doctrine of absolute judicial immunity.

Plaintiff also asserted that defendant Castro lost his immunity because he acted in the clear absence of subject matter jurisdiction. Plaintiff reasoned that the Superior Court clearly did not have personal jurisdiction over him and because a court may only have subject mater jurisdiction if it also

---

[1] This default judgment was set aside and vacated on December 29, 2005. Order Granting Robert Bradshaw's Motion to Vacate Judgment, *Bisom v. Commonwealth*, Civil Case No. 96-1320, *in* Declaration of G. Patrick Civille in Support of Defendant's Motion to Dismiss, Exhibit C, No. 139 (June 16, 2006). An appeal of this order is pending.

has personal jurisdiction, the Superior Court clearly lacked subject matter jurisdiction. This assertion, however, is incorrect. Subject matter jurisdiction and personal jurisdiction are two different requirements; the court may have one without the other. Because a clear lack of personal jurisdiction does not suggest that the Superior Court clearly lacked subject matter jurisdiction, the court does not find that defendant Castro acted in clear absence of subject matter jurisdiction.

**ACCORDINGLY, THE COURT GRANTED** defendant Castro's motion to dismiss.

## II. Plaintiff's Motion for Declaratory Judgment[2]

Plaintiff moved the court to declare that:

1) The land restriction laws in the Commonwealth of the Northern Mariana Islands ("CNMI" or Commonwealth") violate the U.S. Constitution;
2) The Commonwealth policy is to discriminate against U.S. citizens of non-CNMI racial decent;
3) The Commonwealth actively discriminates against U.S. citizens of non-CNMI racial decent;
4) It is unconstitutional to have two or more classes of citizens in the Commonwealth;
5) The Commonwealth policy of discrimination violates the U.S. Constitution;
6) PL-99-603 "generally" applies to the Commonwealth; and
7) Section 102 of PL-99-603 applied to the Commonwealth during the period of 1990 to 1994.

Plaintiff's request for a declaratory judgment, however, is procedurally improper. Because a declaratory judgment is a type of remedy, plaintiff may only petition for a declaratory judgment by pleading. 28 U.S.C. § 2201 (2005) ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

However, in looking beyond the title of plaintiff's filing, the substance of the motion

---

[2] During the hearing attorney St. Peter made a motion to join Defendant Justice Alexandro C. Castro's Opposition to Plaintiff's Petition For Declaratory Judgment, No. 151 (July 13, 2006). Plaintiff had no opposition. Accordingly, the court granted the motion as to all defendants.

suggests that plaintiff moved the court for partial summary judgment in accordance with Federal Rule of Civil Procedure 56. A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling upon a Rule 56 motion, '[the court] must resolve any factual issues of controversy in favor of the non-moving party . . . .'" *Davis v. City and County of San Francisco*, 1 F.3d 1246, 2 (9th Cir. 1993) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The problem with plaintiff's motion is that the seven issues that plaintiff requested the court to consider are not material facts to this case and are not factual issues of controversy. Because the court is restricted by the U.S. Constitution from providing an advisory opinion, the court may not adjudicate issues that are not material to the case.

**ACCORDINGLY**, plaintiff's motion was **DENIED** as to all defendants.

**DATED** this 27th day of July, 2006.

ALEX R. MUNSON
Judge

4