MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:     (670) 233-5262

Attorney for *Defendant Robert A. Bisom*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, <br><br> Plaintiff, <br><br> vs. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM and JAY H. SORENSEN, <br><br> Defendants. | CASE NO. CV 05-00027 <br><br> MOTION OF ROBERT A. BISOM TO QUASH SERVICE <br><br><br> Date:  Thursday, September 7, 2006 <br> Time:  8:30 a.m. <br> Judge:  Hon. Alex R. Munson |

NOTICE OF MOTION AND MOTION

Please take notice that on the 7th day of September, 2006, at 8:30 a.m. in the above-entitled Court located in the First Floor, Horiguchi Building, Garapan, Saipan, Commonwealth of the Northern Mariana Islands, or a soon thereafter as this matter may be heard, Robert A. Bisom, appearing specially through the undersigned counsel to challenge service of process, will and does hereby bring the following Motion to Quash plaintiff's defective service Pursuant to Fed. R. Civ. P. 4 and 12(b)(5). This motion is supported by the pleadings and records on file in this matter, by the supporting Memorandum incorporated herein and by the Declaration of Counsel submitted herewith. Robert Bisom submits this Motion to Quash for the limited purpose of challenging plaintiff's manner of service and

reserves the right to file a motion to dismiss on Fed. R. Civ. P. 12(b)(6) or other appropriate grounds at a later time.

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

The plaintiff in this matter, Robert Bradshaw, is attempting to effect service of process over Robert A. Bisom, among other defendants, by publication. Plaintiff's method of substituted service is defective for at least two reasons.

First, plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 4(f) with regard to service on Mr. Bisom whom plaintiff is well aware has been a permanent resident of Japan for many years now and is currently residing in Japan. Japan is a signatory to the Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercials Matters, *concluded* Nov. 15, 1965, 28 U.S.C. (Appendix following Fed. R. Civ. P. 4); 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.A. 163 (the "Hague Service Convention") and Plaintiff must follow the appropriate procedures therein for service of process on Mr. Bisom.

Second, plaintiff has not properly invoked the statutory authority to serve Mr. Bisom by publication. Service by publication is a substitute method of service made available in the Commonwealth by statute under particular factual circumstances in long-arm jurisdiction cases. Plaintiff has not, nor could plaintiff, make the factual showing required that would allow Plaintiff to use service by publication as a substitute for personal service in this matter.

Because plaintiff has not properly served Robert A. Bisom, his purported service by publication should be quashed and plaintiff should be required to comply with the terms of the Hague Service Convention.

### II. FACTS RELEVANT TO THIS MOTION

1. Robert A. Bisom is an individual currently residing in Japan. *See* Declaration of Robert A. Bisom filed in Case No. 05-84-N-EJL, United States District Court for the District of Idaho, a true and correct copy of which is attached hereto. The Idaho proceedings

were dismissed for lack of jurisdiction and the present case was re-filed in this Court.

2. On November 18, 2005, this Court denied plaintiff's first motion to enter Mr. Bisom's default, finding that Jay Sorensen was not Mr. Bisom's attorney in this matter and that plaintiff's attempted service on Sorensen at Attorney Sorensen's address in California, intended to obtain service on Mr. Bisom, was ineffective.

3. Undaunted, plaintiff filed for and obtained an order allowing plaintiff to serve Mr. Bisom by publication notwithstanding plaintiff's prior knowledge, undisclosed by plaintiff to the Court, that Robert Bisom resides in Japan, and notwithstanding that plaintiff's only attempt to serve Robert Bisom otherwise had been by the defective service of a summons and complaint on Jay Sorensen. *See* Motion to Serve Robert A. Bisom by Publication and Affidavit in Support both filed December 9, 2005; Order dated January 13, 2006.

4. Plaintiff published his notice in the Saipan Tribune for four consecutive weeks during which time no complaint was pending against Robert A. Bisom. *See* Order Re: Motions Heard on June 8, 2006 at 4.

5. On June 8, 2006, this Court again denied a motion by plaintiff to enter Mr. Bisom's default finding that service was defective. *Id.*

6. Thereafter, plaintiff again published a notice to Robert A. Bisom in the Saipan Tribune for four consecutive weeks with the last publication thereof occurring on July 20, 2006. *See* Declaration of Counsel, ¶¶ 3-5, submitted herewith. Plaintiffs' publications relative to Mr. Bisom occurred on June 29, July 6, July 13 and July 20. *Id.*

7. Japan is a signatory to the Hague Service Convention.

8. Plaintiff has never inquired of Mr. Bisom, Mr. Bisom's attorney in CNMI court proceedings — Mr. Jay Sorensen (also a defendant herein), nor the undersigned of Mr. Bisom's address and whereabouts in Japan. *See* Declaration of Counsel, ¶¶ 6-9.

### III. ARGUMENT

Plaintiff has failed to comply with the provisions of Rule 4(f) requiring that plaintiff serve Robert Bisom consistent with the provisions of the Hague Service Convention.

Additionally, and notwithstanding that service by publication is inconsistent with the provisions of the Hague Service Convention as they apply to residents of Japan, plaintiff did not properly demonstrate that he met the statutory requirements that would allow service by publication on Robert A. Bisom in this case.

A.   STANDARD FOR 12(b)(5) MOTIONS

*Pro se* litigants are held to the same procedural rules as counseled litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process. "In considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). "Once a defendant challenges the sufficiency of service of process, 'the burden of proof is on the plaintiff to show the adequacy of service.'" *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (internal quotations and citations omitted).

A.   PLAINTIFF IS REQUIRED TO COMPLY WITH THE PROVISIONS OF THE HAGUE SERVICE CONVENTION.

Federal Rule of Civil Procedure 4 governs the service of complaints in civil matters. Rule 4(f) prescribes the necessary manner of service upon individuals residing in a foreign country and states in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any place not within any judicial district of the United States . . . by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Fed. R. Civ. P. 4(f)(1).

Initially, Mr. Bisom would note that service of process by publication is not an internationally agreed upon means of service of process of a United States court on a resident

of Japan.[1] In any case, Japan is a signatory to the Hague Service Convention and Plaintiff could and should effect service on Mr. Bisom through the methods prescribed therein.

With respect to service of process, great deference should be given to the Hague Service Convention as "the 'law of the land' under the supremacy clause of the Constitution." *Cooper v. Makita, U.S.A., Inc.*, 117 F.R.D. 16, 17 (D. Me. 1987). *See also Ballard v. Tyco Intern., Ltd.*, 2005 WL 1863492 at 2 (D. N.H.) ("The Hague Convention provides a mechanism through which a plaintiff can effect service that will give appropriate notice to the party being sued and will not be objectionable to the nation in which that defendant is served."); *Golub v. Isuzu Motors*, 924 F. Supp. 324, 328 (D. Mass. 1996) (requiring plaintiff to proceed under the Hague Convention where there is a "reasonable prospect that the plaintiff will ultimately be able to serve the defendant properly."); *Borschow Hosp. & Medical Supplies, Inc. v. Burdick-Siemens Corp.*, 143 F.R.D. 472, 478 (D. P.R. 1992) (discussing the duty of serving documents in a manner consistent with the Hague Convention).

The United States Supreme Court in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 796, 108 S.Ct. 2104, 2111 (1988) confirmed that the Hague Service Convention preempts inconsistent state law methods of service. In that case, the objecting defendant in Germany was served by substituted service under the Illinois long-arm statute that did not require the delivery of documents to Germany. More precisely, and what distinguishes service their from the service by publication in this case, the German defendant was served in the United States by personally serving its wholly owned, closely controlled U.S. subsidiary. *Id.*, at 696, 2106. The majority upheld the service on the defendant's domestic agent noting that

---

[1] *See Eto v. Muranaka*, 57 P.3d 413, 424 n.8 (Hawaii 2002):

> One commentator has said that, in Japan, "a Japanese defendant must have received service of a summons or other necessary orders to commence proceedings (other than by notice of publication) or have responded in the action without receiving service for the foreign judgment to be valid." Kikuchi, Shin, *Enforcement of Money Judgments* JAP-17 (Lawrence W. Newman, ed., 1998) (citing MinsohÕ [Code of civil procedure], art. 118(2)).

the particular form of substituted service did not controvert the Hague Service Convention because service was accomplished domestically.

Justice Brennan, joined by two other justices, concurred in the decision, but criticized the majority for too broadly wording its acceptance of substituted service of the forum state, noting that other forms of substituted service would controvert the intent of the United States' joinder in the Hague Service Convention. *Id.*, at 708-715, 2112-2117.

There is little doubt that substituted service on a foreign individual is authorized where such service (1) is not prohibited by agreement with a foreign country and (2) is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002)(quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Properties, Inc.*, 284 F.3d at 1016.

However, before resorting to methods of substituted service that would, to a great extent, circumvent the intent of the Hague Service Convention, Court's have articulated a need for the plaintiff to make every effort to serve process by conventional means, including attempts to serve through the Hague Service Convention. *See, e.g., Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) (finding it notable that, in *Rio Properties*, it was "only after all these efforts failed that the plaintiff asked the district court to allow e-mail service"); *Eto v. Muranaka*, 57 P.3d 413, 423-24 (Hawaii 2002) (service by publication not prohibited "mere gesture" at service where a diligent effort is shown to locate and serve overseas defendant through Hague Service Convention); *Trask v. Service Merchandise Co., Inc.*, 135 F.R.D. 17, 22 (D. Mass. l991) ("[T]he absence of at least a good faith attempt to comply with the Hague Convention prohibits this court from applying the liberal standards of Fed. R. Civ. P. 4 in analyzing the propriety of service. . . .").

Here, as discussed below with regard to the Court's order allowing service by

publication and, specifically, the factual showing mandated by the CNMI statute allowing service by publication, Bradshaw made little if any effort to serve Bisom by conventional means and absolutely no effort to ascertain the present whereabouts and address of Mr. Bisom so that he could serve Bisom through the Hague Service Convention. Consistent with other courts who have consider various methods of substituted service, the Court should quash the present service by publication and require Bradshaw to serve Mr. Bisom in Japan pursuant to Fed. R. Civ. P. 4(f)(1) through the manner prescribed by the Hague Service Convention.

B.  PLAINTIFF DID NOT MAKE A PROPER SHOWING PRIOR TO OBTAINING AN ORDER TO SERVE BY PUBLICATION.

The fact that Bradshaw made absolutely no attempt to serve Mr. Bisom through the Hague Service Convention and the complete absence of diligence and any justification for Bradshaw's purported need to serve Mr. Bisom through the long-arm statutory provisions for substituted service of CNMI law, warrant the Court's revisiting the issue of service on Mr. Bisom in this case, quashing any purported service to-date, rescinding the order allowing service on Mr. Bisom by publication, and requiring Bradshaw to serve Mr. Bisom in a manner prescribed by the Hague Service Convention.

Title 7, Section 1102(b) of the Commonwealth Code provides that substituted service may be made pursuant to the provisions of 7 C.M.C. § 1104 "if the person cannot be found in the Commonwealth." Section 1104(b) states in full:

> After service on the Attorney General, if the defendant cannot be personally served by mail the summons and complaint, and if by affidavit or otherwise the court is satisfied that with reasonable diligence the defendant cannot be served, and that a cause of action arises against the party upon whom service is to be made, or he is a necessary and proper party to the action, the court may order that service be made by publication of the summons in at least one newspaper published and having a general circulation in the Commonwealth. Publication shall be made once each week for four successive weeks, and the last publication shall be not less than 21 days prior to the return date stated herein.

Here, plaintiff did not demonstrate his efforts to properly serve Bisom; instead he relied solely on his previously debunked, improper efforts to serve Bisom through defendant Jay Sorensen, and Jay Sorensen's continuing communication with Robert A. Bisom, despite the

n/a
n/a
n/a

fact that he knows that Sorensen is not representing Bisom in this matter.

No other efforts whatsoever to serve Robert Bisom are identified in plaintiff's Motion to Serve Robert A. Bisom by Publication and plaintiff's supporting Affidavit. Plaintiff did not allege attempted service in any other place or in any other manner, by personal service, by mail, by waiver, through the Hague Service Convention or otherwise. Indeed, Plaintiff did not even allege that Robert A. Bisom cannot be found in the Commonwealth. *See* 7 C.M.C. § 1102(b).

Further, there was no demonstration by the plaintiff, and there was no express finding by the Court, that a cause of action has arisen against Robert Bisom and in favor of plaintiff that would satisfy the statutory requirement. Indeed, given the previous dismissals in this case and the Court's recurring consideration of the efficacy of plaintiff's Second Amended Complaint as it pertains to other defendants, it is at the very least questionable whether Robert A. Bisom *should* be served by publication at this stage notwithstanding that the plaintiff has failed to meet the statutory requirements that would otherwise allow such substituted service were it not for the Hague Service Convention.

## IV. CONCLUSION

In short, plaintiff has yet to effect proper service on Robert A. Bisom and, accordingly, plaintiff's purported service by publication should be quashed and plaintiff should be required to serve Robert A. Bisom pursuant to the terms of the Hague Service Convention.

Respectfully submitted this 10th day of August, 2006.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262

Appearing Specially for Robert A. Bisom

CERTIFICATE OF SERVICE

I, Rowena de Vera, hereby certify that this day a copy of the foregoing was deposited in the United States Post Office, first class mail, postage prepaid, addressed to the following:

>Robert D. Bradshaw, Plaintiff *pro se*
>P.O. Box 473
>1530 W. Trout Creek Road
>Calder, Idaho  83808

>Kristin D. St. Peter, Assistant Attorney General
>Office of the Attorney General
>Civil Division—Capitol Hill
>Second Floor,  Juan A. Sablan Memorial Building
>Caller Box 10007
>Saipan, MP 96950

>Jay H. Sorensen, Esq.
>c/o Shanghai
>Post Office Box 9022
>Warren, MI 48090-9022

DATED: __August 10, 2006__          /s/ Rowena de Vera
                                    _____
                                    ROWENA DE VERA