ORIGINAL

F I L E D
Clerk
District Court

AUG 1 8 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**KRISTIN D. ST. PETER T-0039**
**Assistant Attorney General**
**Commonwealth of the Northern Mariana Islands**
**Office of the Attorney General-Civil Division**
**2nd Floor, Hon. Juan A. Sablan Memorial Bldg.**


**2nd Floor, Hon. Juan A. Sablan Memorial Bldg.**
**Caller Box 10007**
**Saipan, MP 96950**

**Attorney for: Defendant Sosebee**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>                    Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM, AND JAY H. SORENSEN,<br><br>                    Defendants. | Case No. 05-0027<br><br>**DEFENDANT SOSEBEE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[CIV. R. FED. P. 12 (b) (6)]**<br><br>HEARING:   SEP 2 8 2006<br>TIME:<br><br>JUDGE:   HON. ALEX R. MUNSON |

**MOTION**

Now Comes, the Commonwealth of the Northern Mariana Islands Attorney General's Office on behalf of L. David Sosebee and moves to dismiss Plaintiff Robert D. Bradshaw's Second Amended Complaint in the above entitled action on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Defendant Sosebee submits this motion pursuant to Federal Rule of Civil Procedure 12 (b) (6).

**PARTIES**

Plaintiff Robert Bradshaw is an individual and former Temporary Public Auditor of the CNMI government currently residing in the State of Idaho (hereafter "Plaintiff" or "Plaintiff Bradshaw").

Defendant CNMI is the governmental entity for the Northern Mariana Islands in political union with the United States of America.

L. David Sosebee is an individual and former employee of the CNMI government currently residing in the State of Texas. Mr. Sosebee was an employee of the CNMI government serving as an Assistant Attorney General from June 1999 until January 2002. Mr. Sosebee was served via publication in Marianas Variety by order of this Court, and said service was perfected on August 16, 2006.

**FACTS**

This lawsuit arises as a result of the following facts. In mid-1993 Robert Bisom was hired as legal counsel for the CNMI office of Public Auditor. In November 1993, Plaintiff Bradshaw was appointed as Temporary Public Auditor. On or around December of 1993, Plaintiff Bradshaw caused Mr. Bisom's employment to be terminated. In 1996, Mr. Bisom filed suit against, among others, the CNMI government and Plaintiff Bradshaw as an individual. On December 6, 1996, Mr. Cotton, in his capacity as an Assistant Attorney General for the CNMI, sent Plaintiff Bradshaw a letter advising that Mr. Bisom had filed suit against Plaintiff Bradshaw and telling him to expect service of a summons and complaint. AGO letter to Bradshaw dated December 6, 1996 attached to Second Amended Complaint. In a handwritten letter to Mr. Cotton dated January 31, 1997, Plaintiff Bradshaw advises "I will not authorize the CNMI to accept service for me at this time." Bradshaw letter to Cotton dated January 31, 1997 attached to Second Amended Complaint. Furthermore, in a letter dated July 14,

1

1999 from Plaintiff Bradshaw to Mr. Bush, in his capacity as an Assistant Attorney General, Plaintiff

states:

> "Some two certified mail packets from an unidentified party came to me from Saipan in 1996 and 1997. I refused to accept either of them and they were returned by the Post Office undelivered. Possibly these mailings were an attempt to accomplish service although I cannot be sure what were in the packets and the sender's name was not identified (beyond a return address post office box). Again, if Bisom wants an answer from me he will have to hire a process server. As I said to Doug Cotton, if am served I will contact the AG to make the answer. Otherwise, I have not authorized the AG to make any answer for me on anything in the CNMI case. And I have never been served."
> Plaintiff Bradshaw's letter to Mr. Bush dated July 14, 1999 ¶ 3 attached to Amended Complaint.

> Plaintiff Bradshaw goes on to say,

> "as for as the CNMI SC, **your office has never and should never have represented me** on this at all that I am aware of. As I was never served, **I never asked for any assistance and the CNMI SC never should have been told that the AG represents me.**"
> Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Amended Complaint.

At Plaintiff Bradshaw's direction and because he never requested PELDIA protection pursuant

to 7 C.M.C. §2304 (2000) *et seq.*, the CNMI government was not under any obligation to indemnify or

defend Plaintiff.

On February 25, 2000, a jury awarded Bisom a one hundred ten thousand three hundred dollar

($110,300) judgment against the CNMI government and a default judgment totaling one hundred

thirty-nine thousand dollars ($139,000) for compensatory and punitive damages against Plaintiff

Bradshaw, in his individual capacity. *Bisom v. Commonwealth,* Civil No. 96-1320 (N.M.I. Super. Ct.

2000). Mr. Bisom then appealed to the CNMI Supreme Court requesting that the CNMI government

indemnify Plaintiff Bradshaw and pay Bradshaw's share of the judgment. *Bisom v. Commonwealth*,

2002 MP 19 (N.M.I Sup. Ct. 2002). The CNMI Supreme Court ruled against Bisom holding that

because Plaintiff Bradshaw never requested a defense or indemnification through PELDIA, the CNMI

government was under no obligation to defend or indemnify Plaintiff Bradshaw. *Bisom v. Commonwealth*, 2002 MP 19 at ¶ 54-57.

On or about April 2004, Plaintiff Bradshaw claims he was notified of the judgment against him. Plaintiff then contacted the CNMI Attorney General's Office. The Attorney General's Office responded by sending Plaintiff Bradshaw copies of the various opinions rendered in the *Bisom* case. April 4, 2004 letter from AGO attached to Second Amended Complaint. On or before October 7, 2004, the Attorney General's Investigative Unit advised Plaintiff that his allegations of wrong doing in connection with the *Bisom* case were being investigated. October 7, 2004 letter from AGIU attached to Second Amended Complaint. Ms. Brown, in her capacity as Attorney General, then responded to Plaintiff's untimely requests for indemnification in the *Bisom* case by advising Plaintiff that she was bound by the CNMI Supreme Court's holding in *Bisom v. Commonwealth*, 2002 MP 19. Based upon this holding, the CNMI government is not liable for the judgment entered against Plaintiff individually. February 15, 2005 letter from Brown attached to Second Amended Complaint.

In September 2005, Plaintiff moved in CNMI Superior Court to set aside the judgment entered against him. *See Bisom v. Commonwealth,* Civ. No. 96-1320. On December 29, 2005, Judge Lizama of the Commonwealth Superior Court vacated the default judgment against him, which served as basis of most, if not all, of Plaintiff's allegations against the Defendants in this case.

Judge Lizama's opinion goes on to say that Plaintiff Bradshaw and the Commonwealth Attorney General's Office never "consummated" an attorney-client relationship. *See Bisom v. Commonwealth,* Civ. No. 96-1320 *Order Granting Robert Bradshaw's Motion to Vacate Judgment*, pg 12.

3

1

## PROCEDURAL BACKGROUND

Plaintiff initially filed an action very similar to this action in the U.S. District Court for the District of Idaho on March 7, 2005. Plaintiff then filed a Second Amended Complaint with the U.S. District Court of Idaho on May 18, 2005, which asserted at least seventeen claims under an exhaustive list of federal civil and criminal statutes, including, among others, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Immigration Reform and Control Act ("IRCA") and numerous Federal Civil Rights causes of action.[1] The action was filed against two Justices of the CNMI Supreme Court, one former Superior Court Judge, and four Assistant Attorneys General because of their participation in the civil matter previously litigated before the CNMI Superior Court. Shortly thereafter, Defendants moved to dismiss Plaintiff's complaint on several grounds, including the lack of personal jurisdiction. On July 25, 2005, the U.S. District Court of Idaho granted Defendants' motion to dismiss.[2]

On around September Plaintiff filed this lawsuit on the same, or substantially similar, grounds as the matter dismissed by the U.S. District Court of Idaho. On February 21, 2006, this Court dismissed Plaintiff's Amended Complaint, but granted Plaintiff leave to file a Second Amended Complaint. Plaintiff's Second Amended Complaint was filed with this Court on March 30, 2006. By order of this Court, Defendant Sosebee was served via publication in the Marianas Variety, and said service was completed on August 16, 2006.

## STANDARD OF REVIEW

*Pro se* litigants are held to the same procedural rules as counseled litigants. *King v. Atiyeh,* 814

---

[1] *See Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.*, Case No. CV 05-84-N-EJL (D. Idaho. 2005).

[2] *See id.* at 10.

**1** F.2d 565, 567 (9th Cir. 1987). Dismissal under Federal Rule12(b)(6) is appropriate when "it appears

**2** beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

**3** him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Navarro v. Block,* 250 F.3d 729, 732 (9th

**4** Cir.2001). Dismissal is warranted where the complaint lacks a cognizable legal theory or where the

**5** complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.

**6** *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

**7** In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must

**8** assume the truth of all factual allegations and must construe them in the light most favorable to the

**9** non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir.1996). However,

**10** legal conclusions need not be taken as true merely because they are cast in the form of factual

**11** allegations. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). When ruling on a motion to

**12** dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint

**13** and matters of which the court takes judicial notice. *Venetian Casino Resort L.L.C. v. Cortez,* 96

**14** F.Supp.2d 1102, 1106 (D.Nev.2000).

**15** <div align="center">**ARGUMENT**</div>

**16** I.    <u>As a result of Judge Lizama's December 29, 2005 order vacating the default judgment
against Bradshaw, this matter is moot.</u>

**17**

**18** Now that the default judgment against Plaintiff Bradshaw has been vacated, his alleged injury

**19** no longer exists.   Therefore, any federal questions over which this Court has subject matter

**20** jurisdiction are moot.[3]  Whenever an action loses its character as a present live controversy during the

**21** course of litigation, federal courts are required to dismiss the action as moot. *In re Di Giorgio,* 134

**22**

---

[3] If this honorable Court rules favorably on Defendant Sosebee's Motion to Dismiss on the counts over which this Court has subject

[Footnote continued on next page]

F.3d 971, 974 (9th Cir.1998).  Accordingly, this matter should be dismissed.

As for damages, the money judgment against Plaintiff was vacated and, therefore no longer an issue.  With regard to punitive damages, it is possible in 42 USC § 1981 and 1983 cases to recover punitive damages without establishing liability for compensatory or nominal damages, but only if the plaintiff can show that the defendant violated a federally protected right. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 514 (9th Cir. 2000).  In this instance, Plaintiff has not adequately pled, nor do the facts support, that his federally protected rights were violated.

On the contrary, the precise fact that Plaintiff was able to vacate the judgment against him is proof positive that he received the process he was due and equal protection under the law.

II.    Defendant Sosebee is entitled to immunity.

The universal basis for dismissing each count of Plaintiff's complaint is immunity.  There are two kinds of immunity shielding Mr. Sosebee individually from civil liability: absolute judicial and qualified immunity.

a.    *Absolute Judicial Immunity.*

If a government attorney is performing acts "intimately associated with the judicial phase" of litigation, that attorney is entitled to absolute immunity from damage liability. *Dillman v. Peterson*, 1993 WL 226104, at 5 (N.D. Cal. June 21, 1993) (citing *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976); *see also Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir.1991) (stating that if a government attorney is performing acts intimately associated with the judicial phase of litigation in either the civil or criminal context, the attorney is entitled to absolute immunity from civil liability for damages). Mr.

[Footnote continued from previous page]

matter jurisdiction, Mr. Sosebee will then file a motion to remove this matter to Commonwealth Superior Court on the grounds that the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332 (2005).

Sosebee's alleged conduct occurred during the judicial phase of litigation. As a matter of law, he cannot be held liable.

   b.   *Qualified Immunity.*

Qualified immunity shields public officials from liability if their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In analyzing claims of qualified immunity, courts ask, first, if the Plaintiff has asserted the violation of any constitutional or statutory right at all, and then assess whether the right was clearly established at the time of Defendant's actions. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

Throughout his complaint, Plaintiff Bradshaw's fails to allege that Mr. Sosebee violated a clearly established statutory or constitutional right. When Plaintiff's argument is boiled down to its core, the underlying theme is that Plaintiff feels he has a statutory and constitutionally protected right to indemnification and a defense. For numerous reasons discussed herein, his conclusion is erroneous. If, on the off chance this Court were to find that Plaintiff was entitled to indemnification, in light of Plaintiff's confusing July 14, 1999 letter to the Attorney General's Office, his right to indemnification was not clearly established. Thus, Mr. Sosebee is entitled to qualified immunity because they did not violate a clearly established law.

   III.   Plaintiff's RICO, tort and U.S. Constitutional based claims are time-barred.

This Court has recognized a four-year statute of limitations for Racketeer Influenced and Corrupt Organizations Act, or RICO claims. *Grizzard v. Kiyoshige Terada*, 2003 WL 22997238 (D.N.Mar.I. 2003). The Commonwealth has a two-year statute of limitations period for most tort and

7

1   all personal injury claims.   Specifically, 7 CMC § 2503(d) (2000) provides that a two-year statute of

2   limitations period applies to "[a]ctions for injury to or for the death of one caused by the wrongful act

3   or neglect of another. "   The date Plaintiff's alleged injury accrued will be discussed in more detail

4   shortly, but suffice it to say Plaintiff's RICO, common law tort and personal injury allegations are

5   time-barred.[4]

6       The United States Supreme Court has ruled that the local personal injury statute of limitations

7   period applies to U.S. Constitution-based § 1983 and § 1981 claims. *Wilson v. Garcia*, 471 U.S. 261,

8   279 (1985) (applying local statute of limitations for personal injury actions to due process-based

9   Section 1983 claim); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 664 (1987) (applying local

10  statute of limitations for personal injury actions to Section 1981 claim involving equal protection)

11  *overruled by Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004).  The Supreme Court

12  reasoned that the due process and equal protection claims were "in essence claims for personal injury"

13  and applied the same statute of limitations period to each. *See Goodman*, 482 U.S. at 661, 664.  After

14  all, the Supreme Court found that "[t]he atrocities that concerned Congress in 1871 [when it enacted

15  Section 1983] plainly sounded in tort . . . ." *Wilson*, 471 U.S. at 277.  The Ninth Circuit applying the

16  *Wilson* decision has held that the two-year period for personal injury actions found in 7 CMC §

17  2503(d) applies to U. S. Constitution-based claims. *See Taman v. Marianas Public Land Corp.,* 4

18  N.M.I. 287 (1994) (citing *Taman v. Marianas Pub. Land Corp.*, App. No. 90-16254 at 2-4 (9th Cir.

19  July 8, 1992) (unpublished slip op.)).

20      Our analysis, however, is affected by the U.S. Supreme Court's 2004 holding in *Jones*, which

21  embraces a four-year statute of limitations for claims arising under § 1981, and arguably § 1983, that

22

---

[4] The default judgment that is the basis of Plaintiff's complaint was entered in 2000.  Plaintiff initially
[Footnote continued on next page]

accrue after December 1990. *See Jones v. R.R. Donnelley & Son Co.*, 541 U.S. 369, 382 (2004). As far as Defendant knows, this Court has yet to address *Jones* and its application.

Regardless of which statute of limitations is applied, the two-year or the four-year, Plaintiff's claims are still time-barred.

"The true test to determine when an action "accrues" is when the plaintiff could have first filed and prosecuted his or her action to successful conclusion." *See Zhang Gui Juan v. Commonwealth*, Civ. No. 99-0163 (N.M.I. Super. Ct.1999). Plaintiff's alleged due process and equal protection claims, if any, each arose between 1996, when the original lawsuit was initiated, and 2000, when the judgment was entered against him. *See Bisom v. Commonwealth,* Civ. No. 96-1320. Though Plaintiff Bradshaw may claim that he was not aware of any injury until 2004, Plaintiff knew that there was an ongoing legal action against him as early as 1996 and simply chose to ignore it. *See* Bradshaw letter to Mr. Bush dated July 14, 1999 attached to Second Amended Complaint.

Plaintiff's RICO, tort and Constitutional causes of action accrued at the very latest in 2000, the year the default was entered against Mr. Bradshaw. Plaintiff then filed this action in 2005. Accordingly, Plaintiff's claims are time-barred.

IV.    The *Younger* doctrine requires this Court to abstain because the *Bisom* case is still pending before the CNMI Supreme Court.

The *Younger* doctrine requires federal courts to abstain in cases where the following conditions are present: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Parker v. Commonwealth of Ky., Bd. of Dentistry,* 818 F.2d 504, 508 (6th

---

[Footnote continued from previous page]

filed an action very similar to this action in the U.S. District Court for the District of Idaho on March

9

[Footnote continued on next page]

Cir.1987). This doctrine, announced in the context of state criminal proceedings, has been extended to state civil proceedings as well. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), *see also Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

In this instance, the default judgment against Plaintiff Bradshaw was set aside by Judge Lizama in December 2005. Judge Lizama's ruling has since been appealed to the Commonwealth Supreme Court. Because the case making its way through the Commonwealth Court system is substantially related to this matter, the first prong of the *Younger* test is satisfied. *See Bisom v. Commonwealth,* Civ. No. 96-1320, *see also Federal Express Corp. v. Tennessee Pub. Serv. Comm'n,* 925 F.2d 962, 969 (6th Cir.1991) ("[I]f a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied.").

As for the second prong of the test, allowing the CNMI Supreme Court time to consider Plaintiff's motion to set aside does satisfy an important state interest. The vast majority of Plaintiff's complaint is predicated upon the assumption that the Superior Court allowed fraudulent documents to be introduced as evidence. At the very least, there is an important state interest in allowing the Court to consider this issue.

Third and finally, the state proceeding should allow the Plaintiff adequate opportunity to raise his Constitutional claims. Plaintiff has not been deprived of any constitutionally protected rights. In fact, after Judge Lizama's decision, it is clear that the exact opposite is true.

V.    The Rooker-Feldman doctrine urges the dismissal of this matter.

The Rooker-Feldman doctrine holds that when an action in federal court is a de facto appeal of a Commonwealth court ruling, the Federal claim must be dismissed for lack of subject matter

---

[Footnote continued from previous page]

7, 2005. The Amended Complaint was file in this action in September 2005.

jurisdiction. *See Senido v. Office of the Attorney General*, CV-03-0037 ARM pg 4 (D.N. Mar. I.

2003), *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fidelity Trust Co.*,

263 U.S. 413 (1923). As this Court has point out, if a litigant "feels a state proceeding has violated

their constitutional right" they should appeal "that decision through their state court and thence to the

Supreme Court" *Id*.

Although the Defendant remains unclear what Plaintiff's injury is, any injury he sustained

flowed from the Commonwealth Superior Court's decision in *Bisom*, now on appeal to the CNMI

Supreme Court. *Bisom v. Commonwealth,* Civil No. 96-1320 (N.M.I. Super. Ct. 2000). Defendant,

therefore, urge this Court's application of the Rooker-Feldman doctrine and; thus, a dismissal on the

grounds that this action is a de facto appeal best resolved in the Commonwealth courts.

VI.    Service upon Mr. Sosebee by publication was improper.

Based upon Federal Rule of Civil Procedure 4 and due to the fact that the Defendant has not

waived service, a summons and complaint must be served either a) pursuant to the laws of the

Commonwealth or the state where service is effected, or b) in person.

In this instance, Defendant was served, by order of this Court, via publication in the Marianas

Variety. Mr. Sosebee is a resident of Texas. Accordingly, he should have been served in a manner

consistent with Texas or Commonwealth law and this matter should be dismissed.

VII.    Each and every count of Plaintiff's complaint should be dismissed for either failure
to state a cognizable legal theory, failure to plead essential facts or both.

### COUNT I

The allegations in Count I are against Defendants Bisom and Sorensen and need not be

addressed by Mr. Sosebee.

11

**COUNT II**

Plaintiff Bradshaw's second count alleges gross incompetence and malpractice, violations of Plaintiff's Fifth, Ninth and Fourteen Amendments rights and breach of fiduciary duty to indemnify Plaintiff against the Ms. Forelli, Mr. Cotton, Mr. Bush, Mr. Clayton and Mr. Sosebee. It is unclear from the pleading which party allegedly violated 42 U.S.C. § 1983.

    a.    *The gross incompetence and malpractice claims should also be dismissed.*

There is no recognized federal cause of action for gross incompetence. *Telepo v. Boylan Funeral Home*, 2005 WL 783059 FN3 (E.D.Pa.). Plaintiff's allegations based upon this theory should, therefore, be dismissed.

The elements of a legal malpractice, or negligence claim are: "[1] the existence of an attorney-client relationship [2] the existence of a duty on the part of a lawyer, [3] failure to perform the duty, and [4] the negligence of the lawyer as a proximate cause [5] of damage to the client." *Kopit v. White*, 131 Fed. Apprx. 107, 109 (D.Nev 2005); *see also Warmbrodt v. Blanchard,* 100 Nev. 703, 692 P.2d 1282, 1285 (1984).

Any attempts by Plaintiff Bradshaw to sustain a malpractice action against Mr. Sosebee should fail because they never shared an attorney-client relationship. Because Plaintiff Bradshaw declined the Attorney General's assistance during the *Bisom* case and failed to submit a PELDIA request, no attorney-client relationship ever existed between Bradshaw and the Attorney General's Office. Bradshaw letter to Mr. Bush dated July 14, 1999 ¶ 9 attached to Second Amended Complaint. Moreover, both the Commonwealth Superior Court and Supreme Court have ruled that no attorney-client relationship existed prior to the entry of default against Bradshaw. *See Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57 (holding Plaintiff Bradshaw never requested a defense or

indemnification through PELDIA and the CNMI government was under no obligation to defend or indemnify Plaintiff Bradshaw); *see also Bisom v. Commonwealth,* Civ. No. 96-1320 *Order Granting Robert Bradshaw's Motion to Vacate Judgment* (holding that "while initially, Bradshaw and the AG seem to have been fumbling towards an attorney-client relationship, the relationship was never consummated.").

> b.    *Allegations that Mr. Sosebee violated Plaintiff's constitutional rights to dues process and equal protection under the Fifth, Ninth and Fourteenth Amendments fail to state a claim, and even if there was a claim it would be time-barred.*

1.    The Fifth Amendment only applies to the federal government.

As a threshold matter, the Fifth Amendment of the U. S. Constitution does not restrict the Commonwealth. The Fifth Amendment limits the activities of the federal government. *Sirilan v. Castro*, 1 CR 1082, 1107-08 (D.N.M.I. App. Div. 1984). Instead, the Fourteenth Amendment limits the conduct of the Commonwealth. *Id.* In fact, the Supreme Court has held that the first ten amendments to the U. S. Constitution do not vest rights in individuals against any government but only the Federal Government. *See Delaware v. Van Arsdall*, 475 U.S. 673, 705 (1986), *Dilutaoch v. C& S Concrete Block Products*, 1 N.M.I. 478, 576 (1991) (citing *Barron v. The Mayor and City Council of Baltimore,* 8 L.Ed. 672, 674 (1833)).   As a result, Plaintiff's Fifth Amendment claim should be dismissed.

2.    There is no direct cause of action under the Fourteenth Amendment.

Plaintiff Bradshaw cannot assert direct causes of action under equal protection or due process clauses of the Fourteenth Amendment. Section 1 of the Fourteenth Amendment of the U. S.

13

Constitution, which applies to the Commonwealth,[5] does not permit a direct cause of action. "[The Plaintiff] can state no such direct cause of action [under the U. S. Constitution] because . . . federal law requires that 'a litigant complaining of a violation of a constitutional right . . . utilize 42 U.S.C. § 1983.'" *Sablan v. Tenorio*, 4 N.M.I. 351, 361 (1996) (quoting *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (other citation omitted)). In other words, § 1983 provides the exclusive remedy for violations of U. S. Constitutional rights.

Plaintiff's defective § 1983 allegations notwithstanding,  42 U.S.C. § 1983 requires that the Plaintiff prove: "(1) that a person acting under the color of state law committed the conduct at issue; and (2) that the conduct deprived the Plaintiff of some right protected by the Constitution or laws of the United States." *Seed v. Hudson*, 1994 WL 229096; *see also Leer v. Murphy,* 844 F.2d 628, 632-33 (9th Cir.1988), *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 664-65, 88 L.Ed.2d 662 (1986) (plaintiff must plead more than mere negligence in a 42 U.S.C. § 1983 action)

At the very least, Plaintiff Bradshaw must demonstrate that the actions of Mr. Sosebee in someway deprived him of "some right protected by the Constitution or laws of the United States." Plaintiff has failed to plead exactly which federally protected right Mr. Sosebee violated.

Because of Plaintiff's failure to plead specifics, Mr. Sosebee is left speculating about which protected right, real or imagined, Plaintiff is asserting. The best Mr. Sosebee is able to do is guess that Plaintiff believes he has a protected right to counsel in a civil context and the Constitution, or other U.S. laws, required Defendants to defend him in the original *Bisom* lawsuit. If this is Plaintiff's contention, he is mistaken. Nothing in the U.S. Constitution or other U.S. laws requires the Defendant to defend or indemnify Plaintiff Bradshaw.   In its review of this matter, the CNMI Supreme and

---

[5] The remainder of the Fourteenth Amendment is inapplicable to the Commonwealth.  See Covenant to Establish a Commonwealth of

[Footnote continued on next page]

Superior Courts agreed with this conclusion. *See Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57, *see also Bisom v. Commonwealth,* Civ. No. 96-1320 *Order Granting Robert Bradshaw's Motion to Vacate Judgment.* Thus, because Plaintiff does not have a Constitutionally, or otherwise protected, right to counsel Plaintiff's § 1983 allegations must fail.[6]

It is impossible to defend against Plaintiff's claim, without knowing which constitutional provision or federal law was allegedly violated. Mr. Sosebee does, however, wish to reassert his right to absolute immunity. Again, Plaintiff's § 1983 argument should be dismissed for failing to plead a cognizable theory.

3.    Plaintiff's equal protection and due process claims are time-barred.

Mr. Sosebee re-assert his argument that Plaintiff's § 1983 claim is time-barred.

4.    No cause of action exists under the Ninth Amendment.

The Ninth Amendment, which provides "the enumerations in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people" states but a truism. *Massachusetts v. Upton,* 466 U.S. 727, 737 (1984). It has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim. *Strandberg v. City of Helena,* 791 F.2d 744, 748 (D. Mont. 986); *see also Canton Beach NAACP v. Runnels,* 617 F.Supp. 607, 609 n. 3 (S.D.Miss.1985); *Bartel v. F.A.A.,* 617 F.Supp. 190, 194 (D.D.C.1985); *Charles v. Brown,* 495 F.Supp. 862, 864 (N.D.Ala.1980). Accordingly, the Ninth Amendment does not offer Plaintiff Bradshaw a cause of action, and Plaintiff's allegations to the contrary should be dismissed as

---

[Footnote continued from previous page]

the Northern Marianas Islands in Political Union with the United States of America, 48 U.S.C. § 1801, at § 501.

[6] Plaintiff could not sustain a § 1983 action against the Commonwealth either. Plaintiffs can only bring actions under 42 U.S.C. § 1983 against "persons" as defined by the statute. The Commonwealth is not a "persons" for the purposes of § 1983. *See Sablan v. Tenorio,* 4 N.M.I. 351, FN 25 (N. Mar. I. 1996)(quoting *DeNieva v. Reyes,* 966 F.2d 480, 483 (9th Cir. 1992)).

15

[Footnote continued on next page]

a matter of law.

## COUNT III

In Count III, Plaintiff Bradshaw alleges an obstruction of justice, actions to hide and cover-up criminal actions manifested in the CNMI courts, conspiracy, civil rights violation under 42 USC § 1983, violations of his constitutionally protected rights to due process and equal protection pursuant to the Fifth, Ninth, and Fourteenth Amendments, gross incompetence, and malpractice against Ms. Brown.  Mr. Sosebee will not address this Count

## COUNT IV

Because Count IV makes allegations against "unknown person" or "persons," it will not be addressed by Mr. Sosebee.

## COUNT V

Because Count V makes allegations against Justice Castro, it will not be addressed by Mr. Sosebee.

## COUNT VI

Because Count VI addresses Judge Castro and Article XII of the Commonwealth Constitution, it will not be addressed by Mr. Sosebee.

## COUNT VII

Plaintiff alleges in Count VII that Defendant CNMI and its agents, Ms. Forelli, Mr. Sosebee, and Justice Castro were in engaged in a conspiracy to interfere with Plaintiff Bradshaw's Civil Rights under the U.S. Constitution and 42 USC 1985.  This Count has already been dismissed by this Court

---

[Footnote continued from previous page]

with respect to Justice Castro.  As with Justice Castro, Plaintiff has failed to state a claim against Mr. Sosebee.  None of the facts alleged by Plaintiff suggest evidence of a conspiracy between Defendants Castro, Forelli and Sosebee to interfere with Plaintiff's civil rights.

### COUNT VIII

Count VIII alleges that Defendants CNMI, Ms. Forelli, Mr. Clayton, Mr. Sosebee, Ms. Brown, and Justice Castro violated 18 U.S.C. § 1961, 1962, 1963 and 1964 (2000), collectively referred to as the Racketeer Influenced and Corrupt Organizations Act, or RICO.  Plaintiff further alleged, once again, that Defendants violated his Constitutionally protected right to due process and equal protection.

a.  *Mr. Sosebee was not engaged in "racketeering activity" and is immune from civil liability.*

To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property. 18 U.S.C. §§ 1962(c), 1964(c). *See Chaset v. Fleer/Skybox Intern.,* LP 300 F.3d 1083, 1087 (9th Cir.2002).  The Plaintiff alleges that the "racketeering activity" of fraud began when Defendant Bisom prepared fraudulent documents to mislead the Court and obtain a default judgment. Plaintiff's Amended Complaint at ¶ 247.  Then, Plaintiff alleges that Defendants Sosebee and Forelli withdrew from representing Bradshaw. Finally, Plaintiff alleges that Defendant Brown obstructed justice in the 2004-2005 cases before the Superior Court and the Federal District Court in Idaho, but fails to provide any specifics with respect to this allegation.

As previously stated, no attorney-client relationship existed between Plaintiff Bradshaw and Mr. Sosebee.  Though Mr. Bradshaw may disagrees with this position, nothing in the facts alleged suggest that Mr. Sosebee, or any other attorney, was engaged in a "racketeering activity."

17

Accordingly, Count VIII should be dismissed with respect to Mr. Sosebee.

## COUNT IX

Count IX alleges breach of employment contract against Defendants CNMI, Ms. Forelli, Mr. Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee and Ms. Brown. It is worth noting that Plaintiff employment contract was with the CNMI government, and not Defendants Forelli, Bush, Cotton, Clayton, Sosebee and Brown individually. On that basis alone, Count IX should be dismissed.

  a.  *The onus is on employee to ask for indemnification under PELDIA.*

As a matter of law, Plaintiff did not possess an implied contract right to a defense or indemnification. On the contrary, Plaintiff had a conditional expressed right, derived from statutory law, to be defended and indemnified.

The Public Employee Legal Defense and Indemnification Act, or "PELDIA" can be found at 7 C.M.C. § 2301 (2000), *et seq.* Under the terms of PELDIA, the onus is on the employee, or in this instance the Plaintiff, to expressly request indemnification not less than five days before an answer is filed in the underlying lawsuit. *See* 7 C.M.C. § 2304 (2000); *see also Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57. In his Second Amended Complaint, Plaintiff states that his July 14, 1999, letter should suffice as a request for indemnification for PELDIA purposes. Plaintiff's revisionist interpretation of this letter is untenable as a matter of fact and law.

Specifically, Plaintiff states, "as for as the CNMI SC [Bisom matter], your office has never and should never have represented me on this at all that I am aware of. As I was never served, I never asked for any assistance and the CNMI SC never should have been told that the AG represented me."[7] Plaintiff Bradshaw, as a matter of fact, failed to properly request indemnification and representation as

---

[7] Bradshaw July 14, 1999 letter attached ¶ 9 to Second Amended Complaint.

1   required by PELDIA.  As a result and in a view shared by the CNMI Supreme and Superior Courts, he

2   is not entitled to either. *See Bisom v. Commonwealth*, 2002 MP 19, *see also Bisom v. Commonwealth,*

3   Civ. No. 96-1320 *Order Granting Robert Bradshaw's Motion to Vacate Judgment.*

4        Plaintiff has, thus, failed to allege facts sufficient to support his indemnification claims.  Count

5   IX should, accordingly, be dismissed.

6   <div align="center">**COUNT X**</div>

7        Count X alleges that because of Plaintiff's national origin Defendants CNMI, Ms. Forelli, Mr.

8   Bush, Mr. Cotton, Mr. Clayton, Mr. Sosebee, and Ms. Brown violated the Immigration Reform and

9   Control Act of 1986 and breached the CNMI's contract with Plaintiff by not granting him a defense

10  and indemnification.

11       a.     *U.S. immigration law does not apply to the CNMI.*

12       The Immigration Reform and Control Act of 1986 (IRCA), codified at various sections of Title

13  8, makes it unlawful for employers to knowingly hire undocumented alien workers or for employees to

14  use fraudulent documents to establish employment eligibility. *See Hoffman Plastics Compound, Inc v.*

15  *N.L.R.B.,* 122 S.Ct. 1275, 1277,152 L.Ed.2d 271(2002).  Sections 503 and 506 of the Covenant to

16  Establish a Commonwealth of the Northern Mariana specifically excludes the application of U.S.

17  immigration law within the Commonwealth.  *See Covenant to Establish a Commonwealth of the*

18  *Northern Mariana Islands in Political Union with the United States of America*, 48 U.S.C. § 1801, at §

19  501 (1976*); see also generally Tran v. Com. of Northern Mariana Islands*, 780 F. Supp. 709 (D.N.

20  Mar. I .1991)

21       As a matter of law, Plaintiff has not alleged a cognizable theory, and a dismissal of Count X is

22

<div align="center">19</div>

proper. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.[8]  Plaintiff's indemnification

claims were previously addressed.

### COUNTS XI AND XII

Plaintiff alleges in Count XI that Defendant CNMI and its agents, Ms. Forelli, Mr. Bush, Mr.

Cotton, Mr. Clayton, Mr. Sosebee and Ms. Brown violated, in some way, the Civil Rights Act of 1870.

Count XII similarly asserts that Defendant CNMI and its agents, Ms. Forelli, Mr. Bush, Mr. Cotton,

Mr. Clayton, Mr. Sosebee and Ms. Brown violated the Civil Rights Act of 1871 as well as Plaintiff's

Constitutional rights to due process and equal protection.

a.     *Plaintiff has failed to allege the facts necessary to sustain a cause of action under the
       Civil Rights Acts of 1870 and 1871.*

The Civil Rights Act of 1870 and 1871, codified today at 42 U.S.C. §§1981, 1982, 1983,

1985 and 1986 (2000), were enacted to abolish the last vestiges of slavery. *See Davidson v. O'Lone,*

752 F.2d 817 fn 5(3rd Cir. 1984); *see also Brown v. Philip Morris,* 250 F.3d 789, 796-7 (C.A. Pa.

2001).  The overriding purpose of those amendments was to secure "the freedom of the slave race, the

security and firm establishment of that freedom, and the protection of the newly-made freeman and

citizen from the oppression of those who had formerly exercised unlimited dominion over him"

(quoting *The Slaughter-House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872).

Plaintiff has not asserted, nor has he argued, that he was the victim of racial discrimination on

the part of Mr. Sosebee.   In fact, Plaintiff Bradshaw does not even allege or mention his race or

ethnicity in his Second Amended Complaint, let alone how his race caused him to be discriminated

against.  Based upon the pleadings, Defendant Sosebee cannot identify Plaintiff's race or national

---

[8] Even if the IRCA applied to the CNMI, Plaintiff Bradshaw is a U.S. citizen.  The Northern Mariana Islands is a U.S. territory.
Defendant Sosebee is, therefore, unclear exactly how IRCA would apply as a matter of law.

origin, other than the fact that he is a U.S. citizen. Moreover, there are no allegations that Plaintiff is even in a protected class. Accordingly, it is proper to dismiss Plaintiff's Counts XI and XII for failing to plead essential facts. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534.

In order to prevail on an action brought pursuant to §1981 and 1982, a plaintiff must allege and prove discrimination based upon race or alienage. *See McDonald v. Santa Fe Trail Transport. Co*, 427 U.S. 273, 296 (1976)*; see also White v. Pacific Media Group, Inc.* 322 F.Supp 1101 (D.Haw 2004), *Pollard v. City of Hartford,* 539 F.Supp. 1156, 1164-65 (D.Conn.1982), *Sagana v. Tenorio*, 384 F.3d 731, 739 (9th Cir. 2004) (holding § 1981 does prohibit discrimination based upon alienage).

Even if Plaintiff had alleged his race, there is no indication in the facts that race served as the basis of any discrimination, i.e. that a similarly situated person of another race was treated better than him or that discrimination occurred solely because of his race. "Alienage," on the other hand, is defined as the state or condition of being an alien. *See LeClerc v. Webb*, 419 F.3d 405, 426 (5th Cir. 2005). An alien is "any person not a citizen or national of the United States." *Id*. Based upon his allegation, Plaintiff is a U.S. citizen and not an alien. Second Amended Complaint at ¶ 7. His § 1981 and 1982 claims must, therefore, be dismissed.

Plaintiff cannot sustain an action under § 1983, because he has failed to properly allege which Constitutional, or other legally protected, right Mr. Sosebee violated. *See Seed v. Hudson*, 1994 WL 229096. Plaintiff does not have a right to counsel or indemnification, Constitutionally protected, or otherwise. *See Bisom v. Commonwealth*, 2002 MP 19 ¶ 54-57, *see also Bisom v. Commonwealth,* Civ. No. 96-1320 *Order Granting Robert Bradshaw's Motion to Vacate Judgment.*

In order to prove a claim for relief under § 1985 and its companion 1986, Plaintiff Bradshaw must show: (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the

21

laws, generally in a race or class based context; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a right or privilege of a United States citizen. Based upon his Second Amended Complaint, Plaintiff cannot sustain this burden. *See Mustafa v. Clark County School Dist.,*157 F.3d 1169 (9th Cir. 1998); *see also McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992) (holding section 1986 claim valid only if valid section 1985 claim exists).

Plaintiff Bradshaw does not specify any facts to support a claim that a conspiracy ever existed and fails to describe the Constitutional or other rights of which he was deprived. Most importantly, Plaintiff Bradshaw does not suggest that the alleged conspirators were motivated to deprive him of his civil rights by some racial or otherwise class-based animus. *See Buchanan v. Buchanan*, 1994 WL 680992 at 4 (9th Cir. Wash. 1994) (holding complaint must allege motivation behind the conspiracy, rights deprived, and conspirators were motivated to deprive him of his civil rights by some racial or otherwise class-based animus). Thus, he is unable to make out a cause of action under § 1985(3) and as a result § 1986.

For these reasons, Counts XI and XII should be dismissed.

## COUNT XIII

Plaintiff fails to allege a cause of action in Count XIII and it should be dismissed.

## COUNT XIV AND XV

In Counts XIV and XV, Plaintiff claims that the CNMI and its agents Mr. Sosebee slandered and damaged Plaintiff Bradshaw's professional reputation, though Plaintiff fails to allege how or when he was slandered by Mr. Sosebee.

The Restatement (Second) of Torts § 586 provides that "an attorney at law is absolutely

22

privileged to publish defamatory matter concerning another in communication preliminary to a proposed judicial proceeding, [and]. . .during the course and as part of, a judicial proceeding." *See Restatement (Second) of Torts* § 586 (1977).  Mr. Sosebee, thus, is not liable for alleged slanderous activity, which occurred in connection with the *Bisom* case.

Moreover, Defendant reasserts his immunity arguments.  *See Fry v. Melaragno,* 939 F.2d at 837 (holding that if a government attorney is performing acts intimately associated with the judicial phase of litigation in either the civil or criminal context, the attorney is entitled to absolute immunity from civil liability for damages).  Additionally, pursuant to the Government Liability Act the CNMI and its agents and employees cannot be held liable for slander. 7 C.M.C. § 2204 (b) (2000).

Accordingly, it is proper to dismiss Counts XIV and XV.

### COUNTS XVI AND XVII

Counts XVI and XVII fail to state a cause of action and thus lack a cognizable legal theory, and Mr. Sosebee is unable to respond. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d at 534. Accordingly, these Counts should be dismissed.

### CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant, in whole or in part, Defendant Sosebee's Motion to Dismiss.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: August **18**, 2006

By _____
Kristin D. St. Peter

23

ORIGINAL

1

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was served, via U.S. Mail, on

2

the _18_ day of August, 2006, upon the following:

3

4                                Robert D. Bradshaw
                                  Plaintiff, Pro Se
                                  P.O. Box 473
5                                1530 W. Trout Creek Road
                                  Calder, ID 83808

6

7                                Jay Sorensen
                                  c/o Shanghai
                                  Post Office Box 9022
8                                Warren, MI 48090-9022
                          Telephone:      (86) 21 5083-8542
9                          Facsimile:      (86) 21 5083-8542

10                          Civille and Tang, PLLC
                          330 Herman Cortez Ave, Suite 200
11                             Hagatna, Guam 96910
                          Telephone      671-472-8868
12                          Facsimile      671-477-2511

13                                Mark Hanson
                                  PMB 738
14                                PO Box 10000
                                  Saipan, MP 96950
                          Telephone 670-233-8600
15

16

17

18                                Kristin D. St. Peter
                                  Assistant Attorney General

19

20

21

22

24