F I L E D
Clerk
District Court

AUG 21 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW <br><br> Plaintiff <br><br> v. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. <br> Defendants | ) Case No. CV 05-0027 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) PLAINTIFF'S MEMORANDUM <br> ) OPPOSING MOTION OF ROBERT <br> ) A. BISOM TO QUASH SERVICE <br> ) <br> ) Hearing Sep 7, 2006 <br> ) Time: 0830 AM, <br> ) Judge Alex R. Munson |

1. Comes now plaintiff to oppose defendant Bisom's motion to quash service of summons. Undaunted from his previous submission, Mr Bisom (hereafter Bisom) through his attorney submits some of the same arguments as before. Like with the earlier opposition, defendant's motion should be denied as follows.

2. Undaunted, Bisom presented a number of false statements or totally irrelevant charges. For example, the motion (page 8, lines 8-10) alleges that there was no express finding by the Court that a cause of action has arisen against Bisom. Actually, the Court

1

Received Aug-21-2006 23:46 From- To-US DISTRICT COURT, N Page 003

settled this issue in its orders of Jun 12, 2006 and Feb 12, 2006 which found that the complaint had merit.

3. Undaunted, the motion outlined a series of things which plaintiff never did in attempting service on Bisom (page 8, lines 3-7). Since Bisom could not be found, what possible action could plaintiff undertake to serve him personally, by mail, or by waiver?

4. Undaunted, the motion asserts that plaintiff did not allege that Bisom cannot be found in the Commonwealth and cited 7 C.M.C. Section 1102(b). Since Bisom's attorneys Sorensen and Hanson have both alleged in numerous court filings that he is not in the CNMI but is in Japan, what possible purpose is this assertion in the present motion? Anyway, in checking 1102(b) there is nothing about a plaintiff having to allege that a defendant cannot be found in the Commonwealth as being relevant to the issuance of a court order to proceed with publication. Actually, the law cited says "If the defendant cannot be personally served by mail." Manifestly, Bisom could not be served by mail. Therefore, the Court acted properly to order service by publication.

5. Jay H. Sorensen has been attorney for Bisom from 1995 until as late as July 2006 when he filed a reply brief in the CNMI Supreme Court on the appeal of CNMI case 96-1320. Plaintiff's first knowledge that Mr Sorensen was not representing Bisom in case of 5-27 occurred in late Nov 2005 when Mr Sorensen wrote plaintiff the letter at Exhibit 4 of Plaintiff's Affidavit in Support of Motion to Serve Robert A. Bisom by Publication, filed on Dec 9, 2005. Evidently, Mr Sorensen also wrote the Court a similar letter as it was used to dismiss the motion for default on Bisom which plaintiff then had before the Court.

Received    Aug-21-2006 23:45      From-              To-US DISTRICT COURT, N              Page 004

6. Undaunted, the motion brings up Bisom's declaration in Idaho case 5-84 (cited by Bisom on page 2 of his current motion to quash). The issue in that case on service on Bisom was whether Cynthia Sorensen could accept service of summons for Bisom. Bisom contended that Cynthia Sorensen was not his agent and could not accept service of summons. This question had nothing whatsoever to do with whether Mr Sorensen was or was not the attorney for Bisom. Anyway, Mr Sorensen did accept service for Bisom in that instance. There was never any question of the propriety of Mr Sorensen accepting service for Bisom.

7. Plaintiff's presentation of the facts supporting service by publication for Bisom is true and correct as Bradshaw submitted to the Court in his original motion to serve Bisom by publication in Dec 2005. There is nothing defective or questionable about this motion which the Court originally acted upon on Jan 13, 2006 and subsequently on Jun 12, 2006 when the court reissued its order to serve Bisom by publication.. Bisom's present motion presents no evidence at all to question any part of the motion or the two orders for publication.

8. Bradshaw's original motion to serve by publication included Affidavit of Plaintiff's Efforts to Locate Robert A. Bisom, as filed on Dec 9, 2005 which detailed Bradshaw's efforts to locate Bisom. These efforts included Bradshaw hiring Consultants Investigative Agency of Hayden, Idaho to locate Bisom. Their research proved unsuccessful with the conclusion that Bisom was out of the country. As Mr Sorensen was Bisom's personal attorney for years, it was correct for Bradshaw to serve him in Idaho case 05-0084 and in NMI case 05-0027. In both instances, Mr Sorensen accepted service without question or opposition. After accepting service on the 05--0027 complaint and following Bradshaw's request for entry of

3

Received Aug-21-2006 23:45 From- To-US DISTRICT COURT, N Page 005

default, Mr Sorensen advised Bradshaw and the Court in the letter cited above that he would not represent Bisom in case 05-0027.

9. Bradshaw spent money and made a colorable effort to locate Bisom. There is nothing in the law to demand that Bradshaw go further by writing letters to various people (who would only ignore such letters anyway). The evidence on this question was submitted to the court and the court exercised its discretion and ordered publication--first on Jan 13, 2006 and again on Jun 12, 2006. If the court would have desired that Bradshaw write Bisom's new attorney, the court could have so ordered such in its Jun 2006 order.

10. Next, article 1 of the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" specifically does "not apply where the address of the person to be served with the document is not known." To this day, plaintiff does not have a address for Bisom. He is alleged to be in Japan. But even this point is left open to doubt and question as there has been no authoritative method of establishing exactly where he is now located. Since Bisom's present motion now cites the Hague convention for Japan, it appears that indeed he may be in Japan and certainly not on Saipan. Thus, plaintiff's motion suggesting that Bisom was believed to be in Japan seems to be correct.

11. Bisom has had continuing contacts with the CNMI over a number of years to present. Mr Sorensen continues to represent him in the CNMI courts. Mr Hanson in Saipan has also represented Mr Bisom since at least March 1, 2006, as noted in the Plaintiff's motion to enter the default judgment (which is long after the court in case 05-0027 ordered publication on Jan 13, 2006). If Messers Sorensen or Hanson were so interested in supplying information on Bisom's location, both of them could have written Bradshaw or the

4

Received    Aug-21-2006 23:45       From-                    To-US DISTRICT COURT, N    Page 006

Court to furnish Bisom's current address so that the Hague convention could be followed. Attorneys Sorensen and/or Hanson could have easily filed a notice with the Court reflecting Bisom's address if either of them thought it was relevant to the case and Bisom's defense. Neither attorney Sorensen or Hanson chose to do this. If there is a problem with Bradshaw or the Court not having Bisom's address, it must rest with his attorneys. Undaunted Bisom's attorneys have followed other court measures to gain a dismissal or quash the court action.

12. The NMI US District Court has personal jurisdiction over Mr Bisom. For the above reasons, defendant's motion to quash should be denied. A proposed order is attached.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Dated this 21st day of August 2006 at Calder, Idaho.

_Robert D. Bradshaw_
Robert D. Bradshaw, Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Kristin St Peter, Asst Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_Robert D. Bradshaw_
Robert D. Bradshaw, Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI);<br>Defendants | ) Civil Action No. 05-0027<br>)<br>)<br>)<br>) (PROPOSED) ORDER<br>)<br>)<br>) |

Defendant Robert A. Bisom's Motion to Quash Service of Summons is denied.

**IT IS SO ORDERED.**

**DATED** this _____ day of _____ 2006.


                                              ALEX R. MUNSON
                                              Judge