MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:     (670) 233-5262

Attorney for *Defendant Robert A. Bisom*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, ALEXANDRO C. CASTRO, JOHN A. MANGLONA, TIMOTHY H. BELLAS, PAMELA BROWN, ROBERT BISOM and JAY H. SORENSEN,<br><br>　　　　Defendants. | CASE NO. CV 05-00027<br><br>REPLY OF ROBERT A. BISOM TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE<br><br><br><br><br>Date:  Thursday, September 7, 2006<br>Time:  8:30 a.m.<br>Judge: Hon. Alex R. Munson |

COMES NOW Defendant Robert A. Bisom with the following Reply to Plaintiff's Opposition to Robert A. Bisom's Motion to Quash Service in the above-referenced matter. For the reasons stated in Mr. Bisom's Motion, the Memorandum submitted in support thereof, and in this reply, the Court should quash Plaintiff's purported service on Mr. Bisom by publication and require Mr. Bisom to comply, specifically, with the Fed. R. Civ. P. 4(f)(1). Plaintiff has not made, and cannot make, the requisite showing that he is not able to serve Mr. Bisom other than by publication pursuant to the last resort, substituted service provisions of the Commonwealth long-arm jurisdiction statute, 7 C.M.C. § 1101 *et seq*.

A. Fed. R. Civ. P. 4(f), and the cases interpreting it, requires that a party exercise, and demonstrate to the Court that it exercised, diligence in its attempts to ascertain the whereabouts of a foreign defendant prior to resorting to various forms of substituted service,

1  particularly service by publication and other forms of service that controvert the purpose and
2  intent of the Hague Service Convention.  *See, e.g.*, *Trask v. Service Merchandise Co., Inc.*, 135
3  F.R.D. 17, 22 (D. Mass. l991) ("[T]he absence of at least a good faith attempt to comply with
4  the Hague Convention prohibits this court from applying the liberal standards of Fed. R. Civ.
5  P. 4 in analyzing the propriety of service. . . .")  *Rio Properties, Inc. v. Rio International
6  Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) ("Even if facially permitted by Rule 4(f)(3),
7  a method of service of process must also comport with constitutional notions of due process.");
8  *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn.
9  2004) (finding it notable that, in *Rio Properties*, it was "only after all these efforts failed that
10 the plaintiff asked the district court to allow e-mail service").

11         Here, no such diligence was shown; no such diligence exists.  It is Plaintiff's burden to
12 show that service on Mr. Bisom was proper in this case.  *See, e.g.*, *Brockmeyer v. May*, 383 F.3d
13 798, 801 (9th Cir. 2003) ("Once service is challenged, plaintiffs bear the burden of establishing
14 that service was valid under Rule 4." citing 4A CHARLES A. WRIGHT & ARTHUR R. MILLER,
15 FEDERAL PRACTICE AND PROCEDURE § 1083 (3d ed. 2002 & Supp. 2003) and *Butcher's Union
16 Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986)).

17         The only facts in evidence of any effort to serve Plaintiff by traditional means, including
18 any effort by Plaintiff to determine Mr. Bisom's address for purposes of Hague Convention
19 Service is:  in March 2005, in connection with the since dismissed case Mr. Bradshaw filed in
20 the United States District Court for the District of Idaho, Bradshaw obtained a report from
21 "www.locateplus.com" that showed prior addresses of two persons who apparently have the
22 name "Robert A. Bisom," but no address information for either of the two Robert A. Bisom's
23 therein for any time past November 2000. *See* Exhibit "A," ¶ 1 of Bradshaw's Affidavit of
24 Plaintiff's Efforts to Locate Robert A. Bisom filed in this matter on December 9, 2005.
25 Plaintiff admits that his efforts at the time were to locate Mr. Bisom (the Robert A. Bisom of
26 this case) for the District of Idaho action.
27
28         There is no evidence of any further efforts to serve Mr. Bisom personally or further

efforts of Plaintiff to determine the whereabouts of Mr. Bisom.

The only other efforts by Plaintiff to serve Mr. Bisom (other than by publication in this case) were the following: (1) efforts to determine whether Jay Sorensen was still Mr. Bisom's attorney in other pending matters and (2) efforts to serve Jay Sorensen (via his wife Cynthia Sorensen) in lieu of serving Mr. Bisom. *Id*. *See also* Plaintiff's Affidavit in Support of Motion to Serve Robert A. Bisom by Publication and for a Change to the Period Allowed for Service from 120 Days to 240 Days filed in this matter on December 9, 2005 (no indication that Bradshaw made any effort to locate Bisom, only that he tried but failed to serve Bisom via Sorensen).

Notably, after the Court quashed service for the first time in this matter, Plaintiff admitted his singular prior effort to serve Bisom in this case: "Because Mr. Sorensen now claims to lack authority to accept process for Mr. BISOM, this motion is being filed to request that the court . . . allow BRADSHAW to serve Mr. BISOM by publication." Id. at ¶ 8 (emphasis in original).[1]

Also, Mr. Bradshaw has never asked any of Mr. Bisom's attorneys, including the undersigned, about Mr. Bisom's whereabouts. As stated earlier, Plaintiff carries the burden of proper service, including proper diligence prior to requesting substituted service or a particular form of substituted service requiring a separate level of diligence. This remains Plaintiff's burden notwithstanding Plaintiff's new position in his Opposition that no one ever came forward and provided him with Mr. Bisom's address. *See* Plaintiff's Memorandum Opposing Motion of Robert A. Bisom to Quash Service at ¶¶ 9, 11. The problem of service here does not rest with Mr. Bisom's attorney's as Plaintiff suggests; that problem rests squarely with Plaintiff.

In short, the only effort Plaintiff has made to determine the whereabouts of Mr. Bisom

---

[1] Even in his Opposition to this Motion to Quash, Plaintiff continues to assert that service upon Mr. Sorensen should be enough despite this Court's prior order quashing service on Mr. Bisom through Mr. Sorensen. See Opposition at ¶8.

1  was a March 2005 internet search report that indicated that two Robert A. Bisom's had lived
2  in various places in the United States for periods through November 2000. The only efforts
3  to serve Mr. Bisom prior to the Court granting Plaintiff's request for substituted service by
4  publication were Mr. Bisom's misguided efforts to serve Mr. Bisom through Mr. Sorensen.

Because Plaintiff has failed to exercise the diligence required to avoid his Rule 4(f)(1) service obligations, Plaintiff should be required to start over and properly serve Mr. Bisom through the Hague Service Convention.

B. Further, Title 7, Section 1104(b) of the Commonwealth Code, the substituted service provision under which the Court allowed the present service on Mr. Bisom by publication, requires, among other things, that a litigant show that with reasonable diligence the defendant cannot be served personally or served by mail prior to obtaining leave to serve by publication.

As stated above, there is no evidence to suggest that Plaintiff did anything other than (1) to determine that some "Robert A. Bisoms" had resided in various places in the United States through November 2000 and (2) to attempt to serve the Mr. Bisom of this case through Jay Sorensen, Mr. Bisom's attorney in other matters. Plaintiff falls far short of his burden under 7 C.M.C. § 1104(b) and, accordingly, service by publication on Mr. Bisom should be disallowed.

Respectfully submitted this 31st day of August, 2006.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262

Appearing Specially for Robert A. Bisom

|   |   |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I, Rowena de Vera, hereby certify that this day a copy of the foregoing was deposited |
| 3 | in the United States Post Office, first class mail, postage prepaid, addressed to the following: |

Robert D. Bradshaw, Plaintiff *pro se*
P.O. Box 473
1530 W. Trout Creek Road
Calder, Idaho  83808

Kristin D. St. Peter, Assistant Attorney General
Office of the Attorney General
Civil Division—Capitol Hill
Second Floor, Juan A. Sablan Memorial Building
Caller Box 10007
Saipan, MP 96950

Jay H. Sorensen, Esq.
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022

             August 31, 2006                              /s/ Rowena de Vera
DATED: _____           _____
                                                                         ROWENA DE VERA