FILED
Clerk
District Court

SEP - 8 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,<br><br>Defendants. | Case No. CV-05-0027<br><br>**ORDER DENYING DEFENDANT BISOM'S MOTION TO QUASH** |

**THIS MATTER** came before the court on September 7, 2006, for hearing of defendant Bisom's motion to quash. The following parties appeared: Plaintiff *pro se* by telephone; defendant Sorensen *pro se* by telephone; and defendant Bisom by and through Mark B. Hanson.

**THE COURT**, having considered the arguments of the parties, **DENIES** defendant Bisom's motion to quash for reasons set out in this order and the court's Order Regarding Motions Heard on June 8, 2006, at 6 n.1, No. 134 (June 12, 2006).

## I. BACKGROUND

In August 2005, after the court in the District of Idaho dismissed plaintiff's complaint for lack of personal jurisdiction, plaintiff notified defendant Bisom that he was refiling his complaint in the District of the Northern Mariana Islands.

On October 11, 2005, plaintiff attempted service on defendant Bisom through defendant Sorensen, defendant Bisom's attorney in *Bisom v. Commonwealth,* No. 96-1320 (N. Mar. I. Commw. Super. Ct. 2000). Defendant Sorensen, however, did not have authority to accept service. *See* Order Denying Motion to Enter Default Against Defendant Bisom, No. 21 (Nov. 18, 2005).

On December 9, 2005, plaintiff filed his Motion to Serve Robert A. Bisom By Publication and For A Change of the Period Allowed For Service From 120 Days to 240 Days, No. 37 (Dec. 9, 2006). Considering that plaintiff made a reasonable but failed attempt to ascertain defendant Bisom's address, and further considering that service by publication in the Commonwealth of the Northern Mariana Islands ("Commonwealth") is reasonably calculated to give defendant Bisom actual notice of this case, the court granted plaintiff's motion. *See* Order Granting Motion to Serve Defendant Bisom By Publication and To Extend Time For Service, No. 65 (Jan. 13, 2006).

Per the court's January 13, 2006, order, plaintiff attempted service by publication on March 6, 13, 20, and 27, 2006 in the Saipan Tribune. These publications, however, were made during the time that the complaint was not in existence. Order of February 21, 2006, No. 77 (dismissing the entire complaint); Second Amended Complaint, No. 83 (Mar. 30, 2006). Accordingly, upon defendant Bisom's motion, the court quashed service. Order Regarding Motions Heard On June 8, 2006, No. 134 (June 12, 2006). In that order, the court granted plaintiff leave to serve defendant Bisom by publication and extended the period allowed for service up to and including August 31, 2006. Furthermore, in that order, the court indicated that the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *concluded* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.A. 163 [hereinafter Hague Service Convention], does not apply to service upon defendant Bisom. *See id.* at 6-7 n.1.

Per the court's June 12, 2006, order, plaintiff attempted service by publication on June 29, 2006, and July 6, 13, and 20, 2006, in the Saipan Tribune. Amended Summons Returned Executed by Robert D. Bradshaw, No. 166 (Aug. 18, 2006).

## II. ANALYSIS

On August 10, 2006, defendant Bisom made this motion to quash service. He argues that his motion to quash service should be granted because plaintiff did not comply with Federal Rule of Civil Procedure 4(f), *i.e.* plaintiff failed to follow the procedures required by the Hague Service

Convention, or in the alternative, plaintiff failed to comply with 7 CMC § 1104(b), the statute authorizing service by publication.

**A. Hague Service Convention**

Defendant Bisom asserts that because he resides in Japan, plaintiff's service of process must comport to Federal Rule of Civil Procedure 4(f) ("Rule 4(f)"). Defendant Bisom further asserts that Rule 4(f) requires plaintiff to serve defendant Bisom in accordance with the Hague Service Convention.

The court agrees that, because defendant Bisom lives abroad, plaintiff must first attempt to serve process on defendant Bisom in compliance with Rule 4(f). The court, however, does not agree that Rule 4(f) requires plaintiff to serve defendant in accordance with the Hague Service Convention. Rule 4(f) states:

> Unless otherwise provided by federal law, service upon an individual whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the [Hague Service Convention]; or
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice . . . ; or
> (3) by other means not prohibited by international agreement as may be directed by the court.

Once again, as the court explained in its Order Regarding Motions Heard on June 8, 2006, at 6 n.1, No. 134 (June 12, 2006), the Hague Service Convention does not apply because:

> (1) Plaintiff does not have the address of defendant [Bisom]; Affidavit of Plaintiff's Efforts to Locate Robert A. Bisom, No. 39 (Dec. 9, 2005); . . . *see* Hague Service Convention art. 1 ("The Convention shall not apply where the address of the person to be serviced with the document is not known."); and
> (2) . . . [S]ervice is deemed complete upon the fourth publication [so] there is no "occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention art. 1 ("The [Hague Service] Conventional shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."); *see Volkswagenwerk Aktiengesellshaft v.*

3

*Schlunk*, 486 U.S. 694, 704 (1988) ("[T]he internal law of the forum is presumed to determine whether there is occasion for service abroad.").

Order Regarding Motions Heard on June 8, 2006 at 6 n.1.

Here, plaintiff did not know defendant Bisom's address; simply knowing that defendant Bisom resides in Japan is not enough. Furthermore, defendant Bisom does not provide proof or even suggest that plaintiff knew defendant Bisom's address. Without defendant Bisom's address, it is impossible for plaintiff to follow the procedure set out in the Hague Service Convention. Moreover, the court reiterates that Article 1 specifically states that the Hague Service Convention does not apply in these types of circumstances.[1] Accordingly, the Hague Service Convention does not apply to service upon defendant Bisom.

## B. Service by Publication, 7 CMC § 1104(b)

Defendant Bisom also argues that plaintiff was not eligible to serve defendant Bisom by publication. Pursuant to Federal Rule of Civil Procedure 4(e)(1), service by publication in the Commonwealth is governed by 7 CMC § 1104(b).[2] Under Commonwealth law, plaintiff is eligible to serve defendant Bisom by publication if: (1) plaintiff served the Attorney General; (2) defendant Bisom cannot be personally served by mail; and (3) the court is satisfied that plaintiff was reasonably diligent in attempting to personally serve defendant Bisom.

Here, defendant Bisom asserts that plaintiff is not eligible to serve defendant Bisom by publication because: (1) plaintiff did not allege that defendant Bisom could not be found in the

---

[1] During the hearing, defendant Bisom offered to disclose his address. However, since defendant Bisom has already been properly served, offering such information at this point is too little too late. Defendant Bisom was aware on June 12, 2006, that the court allowed plaintiff to serve him by publication.

[2] Rule 4(f) does not apply to service by publication in the Commonwealth because service is deemed completed in the Commonwealth, a judicial district of the United States. *Schlunk*, 486 U.S. at 704 (1988) ("[T]he internal law of the forum is presumed to determine whether there is occasion for service abroad.").

Commonwealth; and (2) plaintiff was not reasonably diligent because plaintiff did not make any attempt to ascertain defendant Bisom's address and did not attempt personal service, service by mail, service by waiver, or service through the Hague Service Convention. The court is not persuaded by either argument.

First, plaintiff did indicate that he could not find defendant Bisom in the Commonwealth. In plaintiff's affidavit, he states that he is unable to ascertain defendant Bisom's address but believes that defendant Bisom resides in Japan. Affidavit of Plaintiff's Efforts to Locate Robert A, Bisom at 1, No. 39 (Dec. 9, 2005). He further states that the Consultants Investigative Agency of Hayden, Idaho, indicated that defendant Bisom last resided in the United States in 2000 and that defendant Bisom may be residing abroad. Affidavit of Plaintiff's Efforts to Locate Robert A, Bisom exh. A, at 2.

Second, the court is satisfied that plaintiff was reasonably diligent in attempting to ascertain defendant Bisom's address. In March 2005, plaintiff hired the Consultants Investigative Agency of Hayden, Idaho, (the "Agency") to locate defendant Bisom. The Agency determined that defendant Bisom had several different addresses from 1989 to 2000 and that the last address it found for defendant Bisom was in Boston, Massachusetts, during 2000. Plaintiff is not required to hire the Agency again in May 2005 simply because the previous effort was made in connection with his complaint filed in the District of Idaho.

Defendant Bisom seems to suggest that plaintiff was not reasonably diligent because he failed to ask defendant Sorensen, defendant Bisom's attorney in the Bisom case who defendant Bisom granted no authority to in this case, or attorney Mark B. Hanson, who first made an appearance on May 4, 2006. Plaintiff is not required to take all actions that may help plaintiff to discover defendant Bisom's address. Plaintiff is also not required to take fruitless measures. Reasonable diligence is all that is required. A reasonable person would understand that in the face of attorney-client privilege and defendant Bisom's sudden change in denying authority to defendant Sorensen to accept service, defendant Sorensen and attorney Hanson would not disclose such information. Furthermore, because

plaintiff was not aware that another attorney had been representing defendant Bisom until attorney Hanson made an appearance, reasonable diligence does not require plaintiff to re-open his investigation to ascertain defendant Bisom's address.

Defendant Bisom also suggests that plaintiff was not reasonably diligent because he did not attempt personal service, service by mail, service by waiver, or service through the Hague Service Convention. However, as stated above, plaintiff is also not required to take fruitless measures. Because plaintiff does not know defendant Bisom's address, plaintiff could not have attempted to make personal service, service by mail, service by waiver, or service through the Hague Service Convention.

Accordingly, because defendant Bisom's motion to quash service is tantamount to an appeal of the court's Order Regarding Motions Heard on June 8, 2006, at 6 n.1, No. 134 (June 12, 2006), or alternatively, because defendant Bisom's motion lacks merit, the court **DENIES** defendant Bisom's motion to quash service.

**IT IS SO ORDERED.**

**DATED** this 8th day of September, 2006.

ALEX R. MUNSON
Judge