FILED
Clerk
District Court

SEP 14 2006

For The Northern Mariana Islands
By________________
(Deputy Clerk)

**Robert D. Bradshaw**
**PO Box 473**
**1530 W. Trout Creek Road**
**Calder, Idaho 83808**
**Phone 208-245-1691**

Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

ROBERT D. BRADSHAW ) Civil Action No. 05-0027

Plaintiff

v.

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al.
Defendants

) **MOTION FOR PARTIAL SUMMARY JUDGMENT**
)
) Date: OCT 12 2006
)
) Time: 9:00 Am
)

1. Under the provisions of Federal Rules of Civil Procedure (frcp) rule 56, plaintiff submits this motion for partial summary judgment. It is now past 20 days since the complaint was filed. Two issues apply: (1) For some twelve major items in the case (as listed and defined in the accompanying Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment), there are no genuine issues of material fact requiring a trial for resolution; and (2), in applying the law to the facts, plaintiff is clearly entitled to

judgment in his favor as a matter of law.

2. This motion is based upon Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment (as included herewith this filing); the pleadings and supporting documentation in the second amended complaint; the supporting Affidavit of Robert D. Bradshaw in Support of Plaintiff's Motion for Partial Summary Judgment (as also included herewith this filing); any future presentations in Plaintiff's Reply Memorandum; and such other and further matter as may be presented at the hearing.

3. Plaintiff moves the court for an order directing entry of judgment in favor of plaintiff on the issue of liability in the twelve items covered. If the court cannot enter judgment for each of the twelve items cited in the accompanying memorandum, plaintiff requests that the court ascertain which material facts are actually controverted in good faith and according to law, and to them enter an order granting a partial summary judgment that specifies the uncontroverted facts that appear without substantial controversy, and direct such further proceedings in the action as justly may be required.

4. Finally, a reviewing court is required to take notice of and incorporate relevant statutes and rules and precedents even if not pleaded in the complaint by a pro se plaintiff (Haines v. Kerner, 404 US 519, 30 L. Ed 2d 652, 92 S. Ct. 594 (1972)).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Dated this 7th day of September 2006 at Calder, Idaho.

[signature]
Robert D. Bradshaw, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of Sep 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Kristin St Peter, Asst Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950.

Robert D. Bradshaw, Plaintiff, Pro Se