IN THE SUPERIOR COURT OF THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ROBERT A. BISOM, | ) | CIVIL CASE NO. 96-1320 |
| | ) | APPEAL NO. 06-0005-GA |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CERTIFICATE OF RECORD BY CLERK** |
| | ) | **[ (R.APP.PROC.11(b) ]** |
| COMMONWEALTH OF THE NORTHERN | ) | |
| MARIANA ISLANDS, ROBERT D. | ) | |
| BRADSHAW, ET AL, | ) | |
| | ) | |
| Defendants/Appellees, | ) | |
| | ) | |

The undersigned hereby certifies and attests that all documents which comprise the Clerk's Record on

Appeal (Pleadings, exhibits and other pages filed) and the transcript of proceedings produced, are available to

the parties at the Office of Clerk of Court, CNMI Superior Court.

Date: March 15, 2006.


BERNADITA A. SABLAN
Clerk of Court


Theodora SN. Decena, Appeals Coordinator

Exhibit
B

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 12/05/96 | 12:01 | Complaint | |
| 12/05/96 | 12:02 | Summons | CNMI |
| 12/05/96 | 12:02 | Summons | Robert D. Bradshaw |
| 12/05/96 | 12:03 | Summons | Scott Kheng Shang Tan |
| 12/31/96 | 12:30 | Notice | to Plaintiff of Removal to Federal Court |
| 04/02/97 | 12:17 | Letter | |
| 05/01/97 | 13:41 | Amended | and Supplemental Complaint |
| 05/06/97 | 13:21 | Certificate of Service | Douglas Cotton - Assistant Attorney General |
| 05/06/97 | 13:21 | Acknowledgement of Receipt | Douglas Cotton; Scott Tan |
| 05/09/97 | 15:56 | Notice | of Motion and Motion for more Definite Statement |
| 05/09/97 | 15:56 | Notice | of Motion and Motion to Require Plaintiff to File a Bond for Costs; Memorandum of Points and Authorities; Declaration of D. Douglas Cotton |
| 05/09/97 | 15:57 | Defendant's | Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Insufficiency of Process; Memorandum of Points and Authorities |
| 05/20/97 | 12:36 | Stipulation | Re Motions; Order Thereon |
| 05/30/97 | 14:26 | Amended | Summons - Scott Kheng Shang Tan |
| 05/30/97 | 14:26 | Amended | Summons - CNMI |
| 05/30/97 | 14:26 | Amended | Summons - Robert D. Bradshaw |
| 05/30/97 | 14:26 | Second Amended | Complaint |

*EXHIBIT B*

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 06/02/97 | 13:13 | Certificate of Service | Douglas Cotton |
| 06/05/97 | 13:19 | Certificate of Service | Robert Bradshaw |
| 06/26/97 | 16:05 | Notice | of Motion and Motion for More Definite Statement; Memorandum of Points and Authorities |
| 06/26/97 | 16:06 | Defendant's | Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim; Memorandum of Points and Authorities |
| 06/30/97 | 14:44 | Proof of Service | Jay Sorensen |
| 07/10/97 | 10:36 | Stipulation | for Extension of Time to File Opposition; Order Thereon |
| 07/11/97 | 16:32 | Opposition | to Motion for More Definite Statement |
| 07/11/97 | 16:33 | Opposition | to Motion to Dismiss |
| 07/14/97 | 13:35 | Certificate of Service | Douglas Cotton |
| 07/17/97 | 14:02 | Defendant's | Reply to Plaintiff's Opposition to Motion for More Definite Statement |
| 07/17/97 | 14:03 | Defendant's | Reply to Plaintiff's Opposition to Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim |
| 08/07/97 | 14:50 | Order | |
| 08/13/97 | 14:43 | Memorandum | of Points and Authorities re Entitlement of Plaintiff to the Proctection of the Civil Service System |
| 08/18/97 | 16:45 | Declaration | re late filing of Brief |
| 08/18/97 | 16:46 | Brief | re Coverage Under Civil Service System |
| 08/20/97 | 10:29 | Reply | to Plaintiff's Brief re Coverage Under Civil Service System |
| 08/20/97 | 14:34 | Certificate of Service | Douglas Cotton |

*EXHIBIT B*

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 11/12/97 | 8:20 | Notice | of Motion and Motion for Leave to File Third Amended Complaint |
| 11/17/97 | 13:37 | Notice | of Withdrawal of Motion |
| 12/01/97 | 11:28 | Notice | of Motion and Motion for Leave to File Third Amended Complaint |
| 12/04/97 | 14:17 | Certificate of Service | Douglas Cotton |
| 12/10/97 | 14:28 | Defendant's | Notice of Non-Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint |
| 12/11/97 | 14:32 | Notice | of Substitution of Party Defendant |
| 12/24/97 | 15:39 | Third Amended Complaint | |
| 12/30/97 | 14:41 | Certificate of Service | Douglas Cotton |
| 01/05/98 | 13:53 | Order | Granting Leave to Amend |
| 01/13/98 | 14:03 | Certificate of Service | Dogulas Cotton |
| 01/15/98 | 11:52 | Demand For Jury Trial | |
| 01/20/98 | 13:37 | Certificate of Service | Douglas Cotton |
| 01/23/98 | 15:14 | Notice | to Plaintiff of Removal to Federal Court |
| 03/23/98 | 9:00 | Letter | to Clerk of Court - Jovita Flores ( Copies of documents filed at District Court) Volume I to V |
| 04/08/98 | 8:39 | Notice | of Status and Trial Setting Conference |
| 05/05/98 | 14:09 | Amended | Notice of Status and Trial Setting Conference |
| 05/06/98 | 11:45 | Certificate of Service | Douglas Cotton |

*EXHIBIT B*

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 06/04/98 | 17:15 | Order | |
| 06/26/98 | 13:30 | Certificate of Service | Douglas Cotton |
| 11/06/98 | 14:29 | Decision and Order | |
| 11/18/98 | 13:24 | 4th Amended | Complaint |
| 11/20/98 | 13:17 | Certificate of Service | Douglas Cotton |
| 11/30/98 | 15:34 | Stipulation | and Order toe Extemd Time to Respond to Fourth Amended Complaint |
| 12/07/98 | 16:24 | Defendant's | Memorandum in Support of Motion for Reconsideration |
| 12/21/98 | 16:03 | Memorandum | in Opposition to Motion for Reconsideration |
| 12/22/98 | 8:41 | Certificate of Service | William Bush |
| 12/28/98 | 15:13 | Reply | to Opposition to Motion for Reconsideration |
| 03/16/99 | 10:35 | Order | Denying Motion for Reconsideration |
| 03/30/99 | 15:55 | Answer | to Defendant's CNMI, Leo L. Lamotte. Scot Kheng Shang Tang |
| 05/04/99 | 13:45 | Certificate of Service | William Bush |
| 06/24/99 | 14:05 | Notice | of Motion and Motion to Compel Answers to Interrogatories and Request to Produce Documents |
| 06/29/99 | 11:58 | Certificate of Service | William Bush |
| 07/15/99 | 8:28 | Notice | of Matter Going off Calendar |
| 08/05/99 | 16:58 | Notice | of Motion and Motion to Compel Further Responses to Interrogatories and to Request to Produce Documents |

EXHIBIT
B

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 08/05/99 | 16:58 | Notice | of Motion and Motion for Partial Summary Judgment |
| 08/05/99 | 16:59 | Memorandum | of Points and Authorities in Support of Motion for Partial Summary Judgment |
| 08/05/99 | 16:59 | Affidavit | of Plaintiff in Support of Motion for Partial Summary Judgment |
| 08/09/99 | 13:48 | Certificate of Service | William Bush |
| 08/16/99 | 13:35 | Declaration | of Counsel in Support of Unopposed Motion to Enlarge Time and Continue Hearing and Motion to Shorten Time for Hearing or to Grant Motion Without Hearing |
| 08/18/99 | 10:45 | Unopposed Motion | to Enlarge time and continue hearing; Motion to Shorten time for Hearing or to Grant Motion without hearing; Points and Authorities; Notice of Motin and Hearing |
| 08/18/99 | 10:45 | Proposed | Order |
| 08/18/99 | 13:37 | Affidavit | of Plaintiff in Support of Motion for Partial Summary Judgment |
| 08/18/99 | 13:37 | Original Signature | of the Affidavit of Plaintiff in Support of Motion for Partial Summary Judgment |
| 08/19/99 | 13:51 | Certificate of Service | William Bush |
| 08/30/99 | 15:49 | Response | to Plaintiff's Motion for Partial Summary Judgment |
| 08/30/99 | 15:55 | Notice | to Appear in Leiu of Subpoena |
| 09/01/99 | 13:36 | Certificate of Service | David Sosebee |
| 09/03/99 | 16:29 | Declaration | of Jay H. Sorensen re Motion to Compel Further Responses to Interrogatories and to Request to Produce Documents |
| 09/03/99 | 16:30 | Reply | to Opposition to Motion for Partial Summary Judgment |
| 09/08/99 | 11:54 | Certificate of Service | David Sosebee |
| 09/13/99 | 9:20 | Order | Continuing Trial |

EXHIBIT B

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 09/13/99 | 9:20 | Order | Granting Sanctions on Motion to Compel |
| 09/15/99 | 13:33 | Certificate of Service | David Sosebee |
| 09/18/99 | 13:33 | Certificate of Service | David Sosebee |
| 01/31/00 | 15:34 | Certificate of Service | Jay H. Sorensen |
| 02/01/00 | 10:36 | Motion | to remove case from Jury Trial Docket |
| 02/01/00 | 10:36 | Ex Parte Motion | to Shorten Time for Hearing on Motion to Remove Case from Jury Trial Docket |
| 02/01/00 | 13:50 | Subpoena | Kenneth Phillips |
| 02/01/00 | 13:51 | Subpoena | Merlinda Deramas |
| 02/01/00 | 13:51 | Subpoena | Thomas E. Sheldon |
| 02/01/00 | 13:51 | Subpoena | Lt. Gov. Jesus Sablan |
| 02/01/00 | 13:51 | Subpoena | Joseph B. Cruz |
| 02/01/00 | 13:51 | Certificate of Service | David Sosebee |
| 02/01/00 | 13:51 | Subpoena | Richard Pierce |
| 02/02/00 | 13:10 | Decision and Order | |
| 02/02/00 | 13:56 | Subpoena | Cong. Heinz Hofschneider |
| 02/02/00 | 13:57 | Subpoena | Cong. Stanley Torres |
| 02/03/00 | 13:26 | Opposition | to Motion to Remove Case from Jury Trial Docket |

*EXHIBIT B*

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 02/03/00 | 13:26 | Certificate of Service | Merlinda Deramas |
| 02/04/00 | 13:43 | Certificate of Service | Lt. Jesus Sablan |
| 02/04/00 | 13:43 | Certificate of Service | David Sosebee |
| 02/11/00 | 11:59 | Subpoena | James E. Hollman |
| 02/14/00 | 9:20 | Request | for Entry of Default; Declaration of Jay H. Sorensen; Entry of Default |
| 02/14/00 | 15:35 | Subpoena Duces Tecum | Custodian of Records - CNMI Government Personnel Office |
| 02/15/00 | 10:55 | Motion | for Judgment as a Matter of Law on Plaintiff's Claim for Indemnification against Defendant, Commonwealth of the Northern Mariana Islands |
| 02/16/00 | 15:27 | Opposition | to Motion for Judgment as Matter of Law and Motion to Reopen Evidence |
| 02/16/00 | 15:29 | Supplement | Declaration in Support of Request for Entry of Default |
| 02/17/00 | 14:50 | Plaintiff's | Requested Jury Instructions |
| 02/22/00 | 12:53 | Order | Denying Motion to Remove Case from Trial Docket |
| 02/24/00 | 17:00 | Memorandum | from Judge Pro Tem Alexandro C. Castro to Mr. Edward Manglona, Jury Foreperson |
| 02/25/00 | 14:45 | Verdict Form | General Verdict with Special Findings re Defendant Robert D. Bradshaw |
| 02/25/00 | 14:45 | Verdict Form | General Verdict with Special Findings re Defendant CNMI Government |
| 02/25/00 | 14:45 | Verdict Form | General Verdict with Special Findings re Defendant Scott Kheng Shang Tan |
| 02/28/00 | 10:33 | Request | for Indemnification Determinations Pursuant to 7 CMC Sec. 2304(d) |
| 02/29/00 | 13:28 | Bill of Costs | |

*EXHIBIT B*

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 03/01/00 | 13:04 | Certificate of Service | David Sosebee |
| 03/01/00 | 13:42 | Application | for Attorney's Fees; Declarations in Support |
| 03/07/00 | 16:16 | Certificate of Service | David Sosebee |
| 03/09/00 | 13:48 | Objection | to Plaintiff's Request for Indemnification Determinations Pursuant to 7 CMC Sec. 2304(d) |
| 03/10/00 | 14:28 | Order | and Judgment |
| 03/16/00 | 16:31 | Objection | to Plaintiff's Application for Attorney Fees |
| 03/17/00 | 16:43 | Stipulation | and Order Rescheduling Hearing |
| 03/22/00 | 13:36 | Reply | to Opposition to Plaintiff's Application for Attorney's Fees |
| 03/22/00 | 13:36 | Reply | to Objection to Plaintiff's Request for Indemnification |
| 03/23/00 | 13:46 | Certificate of Service | David Sosebee |
| 04/10/00 | 16:40 | Not. of Appeal | |
| 04/10/00 | 16:40 | Transmittal Sheet to Supreme Court | |
| 04/24/00 | 9:01 | Notice | of Cross-Appeal |
| 04/24/00 | 9:01 | Transmittal Sheet to Supreme Court | |
| 06/07/00 | 13:37 | Decision and Order | |
| 07/07/00 | 8:18 | Transmittal Sheet to Supreme Court | |
| 07/07/00 | 8:18 | Not. of Appeal | |

EXHIBIT 13

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 07/19/00 | 14:56 | Certificate | re Transcript on Appeal |
| 07/20/00 | 11:49 | Designation of Record | of Issues on Appeal |
| 07/24/00 | 13:41 | Certificate of Service | David Sosebee |
| 07/31/00 | 11:28 | Designation of Record | of Issues on Appeal |
| 07/31/00 | 11:28 | Transcript Designation & Order Form | |
| 08/01/00 | 13:01 | Certificate of Service | |
| 08/09/00 | 13:09 | Certificate | re no transcripts from the Superior Court proceedings |
| 08/22/00 | 10:45 | Certificate of Record by Clerk | |
| 08/22/00 | 10:46 | Certificate of Record by Clerk | |
| 08/29/00 | 16:09 | Designation | of Issues on Appeal |
| 05/09/01 | 11:27 | Motion | to Supplement the Record on Appeal; Declaration in support |
| 05/21/01 | 10:38 | Certificate of Service | David Sosebee |
| 07/06/01 | 14:03 | Order | Agreed Statement on Appeal; Order of Approval |
| 07/10/01 | 11:54 | Certificate of Service | Service to: David Sosebee |
| 07/24/01 | 11:52 | Certificate of Record by Clerk | |
| 09/27/01 | 11:37 | Subpoena Duces Tecum | |
| 09/27/01 | 11:38 | Not. of Deposition | |

*EXHIBIT B*

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| <u>Date</u> | <u>Time</u> | <u>Proceedings</u> | <u>Notes</u> |
|---|---|---|---|
| 10/01/01 | 16:08 | Certificate of Service | |
| 11/20/02 | 11:08 | Appl for Order in Aid of Judgment | and Notice of Hearing |
| 11/26/02 | 10:49 | Letter | take case off-calendar |
| 12/02/02 | 8:39 | Order | Order Vacating 12/3/03 hrg. |
| 03/14/03 | 16:00 | Acknowledge of Satisf. of Judg. | |
| 03/16/05 | 14:13 | Letter | |
| 03/16/05 | 14:13 | Motion | to void/vacate judgment |
| 04/28/05 | 14:00 | Case Assignment Order | assigned to Associate Judge Kenneth L. Govendo |
| 05/05/05 | 8:42 | Order of Self Recusal | AJKLG recused himself from this case. |
| 05/05/05 | 13:41 | Case Assignment Order | AJDAW assigned |
| 05/23/05 | 13:59 | Amended | Motion to Void/Vacate Judgment |
| 05/23/05 | 13:59 | Request | Leave of Court to Amend Motion to Void/Vacate Judgment |
| 05/27/05 | 10:23 | Order of Self Recusal | Recusal of AJDAW. |
| 06/06/05 | 15:59 | Case Assignment Order | Assigned to AJJTL |
| 07/07/05 | 16:01 | Not. of Hearing | on amended motion to void judgment by defenderant robert bradshaw |
| 07/21/05 | 13:09 | Opposition | to motion to void/vacate judgment |
| 07/21/05 | 13:09 | Letter | by Jay H. Sorensen, Esq. dated July 18, 2005 |

EXHIBIT
B

# CNMI SUPERIOR COURT

# CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 08/01/05 | 16:08 | Defendant's | Bradshaw's amended answer to plaintiff's oppositon to motion to void/vacate judgment |
| 08/01/05 | 16:08 | Memorandum | to Augment and supplement motin to void/vacate judgment and petition court for facts and conclusions |
| 08/01/05 | 16:09 | Affidavit | Bradshaw's affidavit on telephone and fax contacts with the CNMI Attorney general in reference to cnmi case 96-1320-cv |
| 08/01/05 | 16:10 | Defendant's | bradshaw's answer to plaintiff's opposition to motion to void/vacate judgment |
| 08/09/05 | 9:03 | Response | to request for show cause |
| 08/11/05 | 8:30 | Letter | |
| 08/11/05 | 8:30 | Defendant's | bradshaw's second ameded answer to plaintiff's opposition to motion to void/vacate judgment |
| 08/12/05 | 14:12 | Not. of Hearing | |
| 08/26/05 | 9:02 | Defendant's | Bradshaw's third amended asnswer to plaintiff's opposition to mtion to void/vacate judgment |
| 09/09/05 | 16:42 | Sua Sponte Order | |
| 09/21/05 | 15:24 | Not. of Hearing | on amended motion to void judgment by defendant robert d. bradshaw |
| 09/21/05 | 15:24 | Not. of Hearing | on amended motion to void judgment by defendant robert d. bradshaw to Robert Bisom |
| 09/21/05 | 15:24 | Not. of Hearing | on amended motion to void judgment by defendant robert d. bradshaw to CNMI |
| 09/21/05 | 15:25 | Defendant's | bradshaw's third amended answer to plaintiff's opposition to motion to void/vacate judgment |
| 10/05/05 | 15:36 | Request | for telephonic appearance |
| 10/05/05 | 15:36 | Letter | |
| 12/29/05 | 15:45 | Order | granting bradshaw's motion to vacate judgment |

EXHIBIT B

# CNMI SUPERIOR COURT

## CASE PROCEEDINGS

**Case No.: 96-1320-CV**

### Robert A. Bisom vs. CNMI, etal

| Date | Time | Proceedings | Notes |
|------|------|-------------|-------|
| 01/30/06 | 14:40 | Transmittal Sheet to Supreme Court | Appeal No 06-0005-GA |
| 01/30/06 | 14:58 | Certificate | re preparation of transcript |
| 01/30/06 | 14:58 | Not. of Appeal | 06-0005-GA |

I certify that the above printed records are true and correct according to the official court records.

**Total Case Proceedings: 190**

Certified By: _____    Page 12 of 12    As of: 03/15/2006

EXHIBIT
B

JAY H. SORENSEN
Attorney at Law
4th Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950
Tel. No. 234-1414
Fax. No. 234-1417

Attorney for Plaintiff

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ROBERT A. BISOM,       )    CIVIL CASE NO. $\underline{9b-13\lambda0}$

         Plaintiff,    )

         vs.        )    **COMPLAINT**

COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS, ROBERT D. )
BRADSHAW, formerly appointed )
Temporary Public Auditor, in )
his official and individual )
capacities; SCOTT KHENG SHANG )
TAN, formerly CNMI Public )
Auditor, in his official and )
individual capacities, )

         Defendants.   )
_____)

Plaintiff alleges:

### JURISDICTION

1.   This court has jurisdiction by virtue of the

Commonwealth Judicial Reorganization Act of 1989 (1 CMC § 3001

et seq.) and 1 CMC § 3202 in particular.

*Exhibit C*

## PARTIES

2.   Plaintiff is a citizen of the United States and during the times relevant to this complaint was a resident of Japan and the CNMI.

3.   Defendant ROBERT D. BRADSHAW is a citizen of the United States and was formerly a resident of the CNMI and now a resident of the state of Washington.

4.   Defendant SCOTT KHENG SHANG TAN is a citizen of the United States and is a resident of the CNMI.

5.   Defendant COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (CNMI) is a political and governmental entity in union with the United States of America.

## GENERAL ALLEGATIONS

6.   During April, 1993 plaintiff was hired by defendant CNMI to serve as Legal Counsel in the office of the Public Auditor.

7.   The employment of plaintiff was memorialized in that certain Exempted Service Employment Contract, together with Conditions of Employment, a true copy of which is attached hereto as Exhibit A and incorporated herein by reference as if set forth in full.

8.   At the time he was hired plaintiff was residing in Kyoto, Japan.

9.   At the time plaintiff was hired the Public Auditor was defendant TAN.

2

EXHIBIT
C

10.  On or about April 23, 1993 plaintiff began to work as legal counsel pursuant to his having been hired as hereinabove alleged.

11.  On or about November 25, 1993 the term of office of TAN expired and he ceased functioning as Public Auditor.

12.  On or about November 25, 1993 defendant BRADSHAW was appointed as "Temporary Public Auditor".

13.  The appointment of defendant BRADSHAW as Temporary Public Auditor was done by then Governor Lorenzo I. Deleon Guerrero, whose term of office was to expire on January 10, 1994, at which time he was to be succeeded by the successful candidate for Governor,  Froilan Tenorio.

14.  At the time that defendant BRADSHAW was designated Temporary Public Auditor, he was in the employ of the Department of Finance, in which employ he remained during the time he acted in the capacity of Temporary Public Auditor.

15.  On or about December 28, 1993 defendant BRADSHAW caused plaintiff's employment to be terminated for cause, which termination was effected as of January 4, 1994, as documented by Exhibit B, C and D attached hereto.

16.  In doing the things alleged herein the individual defendants were acting in their official capacity as Public Auditor, Temporary Public Auditor, or Acting Pubic Auditor in the course and scope of their employment and as agents of defendant, CNMI, and/or in their individual capacities.

3

EXHIBIT
C

17.  Plaintiff has, and continues to incur attorney's fees and costs as a result of the acts of defendants as alleged herein.

18.  On November 14, 1995 plaintiff filed suit for these claims in United States District Court for the Northern Mariana Islands (Court Civil Action No. 95-0042).  On November 22, 1996 that case was dismissed due to that court's lack of subject matter jurisdiction.

### FIRST CLAIM--Civil Rights Violations
### (42 U.S.C. §1983)

19.  Plaintiff incorporates herein by reference paragraphs 1-18 hereinabove alleged as if set forth here in full.

20.  In acting to terminate the employment of plaintiff defendant BRADSHAW, in his individual capacity, acted under color of law of the CNMI.

21.  By so acting to terminate plaintiff's employment, defendant BRADSHAW deprived plaintiff of rights, privileges and immunities secured by the U.S. Constitution and laws, as follows:

21.1 Defendant was motivated, in part, by political considerations because plaintiff questioned the legality and propriety of the rendition of a "Single Audit" under the terms and conditions under which defendant insisted it be done, because of plaintiff's having questioned defendant's legal

**4**

EXHIBIT

C

authority to act as Public Auditor, and because plaintiff was legal counsel under defendant's predecessor, who was perceived as a political opponent of the outgoing governor and administration, thus violating plaintiff's right of free expression and association as guaranteed by the First Amendment.

21.2 Defendant was motivated out of a personal enmity against plaintiff, resulting in part, from plaintiff's political identification with the previous Public Auditor, and in vindictive reaction to plaintiff's questioning defendant's legal authority and his questioning of the legality and the propriety of the "single audit", in violation of plaintiff's right to equal protection of the laws guaranteed by the Fourteenth Amendment.

22. Plaintiff had a property interest in his employment in that he possessed a legally enforceable contract right to continued employment for the term of employment contract.

23. As a direct and proximate result of the action of defendant, as hereinabove alleged, plaintiff has been damaged in an amount according to proof, including, but not limited to the loss of: salary, housing benefits, annual leave benefits, medical benefits, use of government vehicle, retirement benefits, expatriation and repatriation benefits and allowances; and plaintiff has suffered general damages, including emotional distress.

EXHIBIT
C

### SECOND CLAIM--Civil Right Violation

#### (42 U.S.C. 1981)

24.  Plaintiff incorporates herein by reference paragraphs 1-18 and 23 as hereinabove alleged as if set forth here in full.

25.  In terminating the employment of plaintiff, defendant BRADSHAW, in his individual capacity, acted, in part, with the intent to discriminate against plaintiff on account of plaintiff's being a member of the Jewish race.

### THIRD CLAIM--Constitutional Violations

26.  Plaintiff incorporates herein by reference paragraph 1-18 and 23 hereinabove alleged as if set forth here in full.

27.  Defendants have violated plaintiff's rights as guaranteed by Article I, Section 2 of the Constitution of the Northern Mariana Islands in that plaintiff's employment was terminated due to the perception that plaintiff's political position was aligned with the previous Public Auditor and hostile to the outgoing administration, because of his questioning the legal authority of the person appointed as Temporary Public Auditor and because of his questioning the legality and propriety of the"single audit" being done as desired by the out-going administration, as hereinabove alleged.

28.  Defendants have violated plaintiff's right to procedural due process guaranteed by Article I, Section 5 of

**6**

EXHIBIT

C

the CNMI Constitution in that when defendant terminated the
employment of plaintiff, defendant failed to give plaintiff
proper notice and an opportunity to be heard to contest the
adverse personnel action.

29.    Defendants have violated plaintiff's right to
equal protection of the laws guaranteed by Article I, Section 6
of the CNMI Constitution in that plaintiff's employment was
terminated as an act of discrimination based on plaintiff's
being of the Jewish race.

### FOURTH CLAIM--Contract

30.    Plaintiff incorporates herein by reference
paragraphs 1-18 and 23 as hereinabove alleged as if set forth
here in full.

31.    Plaintiff performed all of the duties and
responsibilities and fulfilled the conditions of his employment
contract.

32.    Defendant CNMI breached the employment contract
by terminating it for cause when, in fact, no real cause
existed to terminate the employment contract.

### FIFTH CLAIM--Wrongful Discharge

33.    Plaintiff incorporates herein by reference
paragraphs 1-18 and 23 as hereinabove alleged as if set forth
here in full.

34.    The contract between plaintiff and defendant
included an implied covenant of good faith and fair dealing.

EXHIBIT
C

7

35.    Defendant CNMI breached that covenant by terminating plaintiff's employment in that the reason for doing so was in retaliation for plaintiff's failure to support the Temporary Public Auditor despite plaintiff's good faith belief that the Temporary Public Auditor was illegally appointed and that the manner in which he intended to conduct the "single audit" was improper and politically motivated.

SIXTH CLAIM--Intentional Causing Emotional Distress

36.    Plaintiff incorporates herein by reference paragraphs 1-18 and 23 as hereinabove alleged as if set forth here in full.

37.    During the month of December, 1995, defendant BRADSHAW instituted and maintained a course of conduct that included:    confiscating the keys to plaintiff's office; confiscating the keys to the government car assigned to plaintiff and which he was authorized to use; instructing plaintiff that he could neither make nor receive telephone calls without the prior consent of defendant; instructing plaintiff that he was not to leave the office without the prior consent of defendant; retracting previous permission to leave Saipan to go to Guam for medical purposes; refusal of annual leave previously granted; assigning plaintiff from his office to a work station in a hallway common area; threatening to have plaintiff evicted from his home; filing a formal complaint with the CNMI Bar Association charging plaintiff with ethics violations without legal or factual foundation for such

8

*EXHIBIT C*

charges.

38.  The actions of defendants were extreme and outrageous and done intentionally or recklessly with the desire to inflict severe emotional distress or were certain or substantially certain that such distress would result from his conduct.

39.  As a direct and proximate result therefrom, plaintiff did suffer severe emotional distress, including anguish, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry.

40.  As a direct and proximate result therefrom, plaintiff suffered economic loss, including the cost of hiring attorneys to defend him with regard to said ethics violation complaint.

41.  As to the course of conduct hereinabove alleged, defendant BRADSHAW, acted with malice and in the conscious disregard of the rights of plaintiff.

### SEVENTH CLAIM--Indemnification

42.  Plaintiff incorporates herein by reference paragraphs 1-18 and 23 as hereinabove alleged as if set forth here in full.

43.  On or about December 10, 1993, defendant BRADSHAW, while purporting to act in his official capacity as Temporary Public Auditor, filed a complaint against plaintiff with the CNMI Bar Association accusing him of violations of legal ethnics.

*EXHIBIT C*

9

44.    Plaintiff made a request in writing to defendant CNMI to pay for his defense against such claims, which plaintiff reasonably and in good faith believed occurred within the scope of his employment as legal counsel of the Public Auditor.

45.    Defendant did not respond to plaintiff's written request.

46.    Defendant unreasonably withheld acceptance of the attorney selected by plaintiff.

47.    On or about December 14, 1994, the plaintiff was notified by the Disciplinary Committee of the CNMI Bar Association that the complaint had been dismissed after a thorough investigation found that none of ethics violation charges had a legal or factual basis upon which to proceed.

48.    Plaintiff has incurred legal expenses, including attorney's fees, in the successful defense of these allegations.

49.    Plaintiff has made demand for reimbursement of these legal expenses, but defendant has failed and refused to reimburse plaintiff for his expenses.

### EIGHTH CLAIM--Violations of Civil Service Act
### (1 CMC Section 8101 et seq.)

50.    Plaintiff incorporates herein by reference paragraph 1-18 and 23 hereinabove alleged as if set forth here in full.

*EXHIBIT*

*C*

51.   Defendant Bradshaw took the actions as herein alleged and terminated plaintiff's employment because of the political and\or religious actions or beliefs of plaintiff or for the failure of the plaintiff to take political action for a political purpose in violation of 1 CMC section 8145(f).

52.   Defendant Bradshaw's conduct as herein alleged constitutes political coercion in violation of 1 CMC section 8152(b).

53.   As a direct and proximate result thereof plaintiff has suffered damages, both tangible and intangible, has incurred attorney's fees and court costs.

### NINTH CLAIM--Quantum Merit

54.   Plaintiff incorporates herein by reference paragraphs 1-18 hereinabove alleged as if set forth here in full.

55.   During early January, 1994 defendant BRADSHAW ceased acting as Temporary Public Auditor and was replaced by defendant TAN.

56.   On or about January 14, 1994 at the special request of defendant TAN, plaintiff was asked to work in the office of the Public Auditor on administrative tasks, pending his being rehired pursuant to a new contract as legal counsel, which defendant represented would occur shortly thereafter.

57.   Plaintiff did return to the office of the Public Auditor and worked for three days.

*EXHIBIT*

*C*

58.   Plaintiff has not been paid for the days he worked in January, 1994.

### TENTH CLAIM--Promissory Estoppel

59.   Plaintiff incorporates herein by reference paragraphs 1-18 and 23 as hereinabove alleged as if set forth here in full.

60.   On or about November 25, 1993, after plaintiff had heard that Robert Bradshaw had been appointed to be Temporary Public Auditor, plaintiff contacted defendant TAN, who was away from Saipan, by telephone.  During that telephone conversation TAN told plaintiff: that TAN was and would remain the Public Auditor until the end of his term at the end of December, 1993; that plaintiff should continue to follow the orders and directions of TAN insofar as the office and, in particular the conduct of the "single audit"; that he should meet with representatives of the Governor-Elect's Transition Committee concerning the conduct of the "single audit"; that TAN would protect and take corrective measures for anything that should happen to plaintiff in doing what TAN asked of him.

61.   On or about November 27, 1993 plaintiff met with representatives of the Governor-Elect's Transition Committee, who told plaintiff, among other things, that if he were fired for opposition to the manner of the conduct of the "single audit" that he would be rehired when the new administration took office.



EXHIBIT
C

12

62.    On or about January 17, 1994, defendant TAN was appointed as Temporary Public Auditor, and assumed that position.

63.    During the last half of January, 1994 defendant TAN continued to assure plaintiff that he would be hired again as the counsel for OPA.  During this time TAN told plaintiff: that he should go to Japan to be eligible to be hired "off-island" so that he would enjoy benefits such as bringing his personal effects still in Japan to Saipan at government expense and that he would send plaintiff a written contract for employment as OPA counsel on terms and conditions similar to the previous employment contract, while plaintiff was in Japan.

64.    On or about February 1, 1994 plaintiff left Saipan to go to Japan as TAN had directed him to do.  During the month of February, 1994, plaintiff waited for the written contract to arrive.  TAN continued to reassure plaintiff, until late February, while plaintiff was in japan, that plaintiff would be re-hired imminently.  Then, in late February and while plaintiff was waiting for the new contract, defendant indicated to plaintiff that defendant was unsure that defendant would re-hire plaintiff.  Defendant told plaintiff that plaintiff would be called and told within a few days.  After several such conversations but still with no final resolution, in late February, discouraged and frustrated by the failure to complete re-hiring of him, plaintiff returned to Saipan to continue to pursue re-employment as OPA counsel.

13

*Exhibit*

*C*

65.   Finally, on or about March 10, 1994, TAN communicated to plaintiff, by statements made to plaintiff's attorney, that TAN would not rehire plaintiff for the OPA counsel job.   However, TAN also represented that he would see to it that plaintiff received "full compensation" for whatever he was due from loss of his job.

66.   Plaintiff reasonably relied upon the representations of defendant TAN in that he went to Japan and returned, forwent other employment possibilities while staying in Japan and Saipan awaiting rehiring and then awaiting compensation, and retained an apartment in Japan due to the uncertainty of whether he would have employment in Saipan would be allowed shipment of his personal effects, or full compensation therefor, all to plaintiff's detriment.

**ELEVENTH CLAIM--Fraudulent Misrepresentation**

67.   Plaintiff incorporates herein by reference paragraphs 1-18, 23, and 62 through 66 as hereinabove alleged as if set forth here in full.

68.   In making the representations of his intention to re-hire plaintiff, as hereinabove alleged, defendant TAN misrepresented his true intentions with the intent to deceive plaintiff in that he did not intend to re-hire him.

69.   Plaintiff acted in justifiable reliance on the representations of defendant TAN to his detriment as hereinabove alleged.

EXHIBIT
C

**14**

70.  Defendant **TAN** acted with malice and in the conscious disregard of the rights of Plaintiff.

**WHEREFORE,** Plaintiff prays for judgement as follows:

1.  For compensatory damages against defendant Robert D. Bradshaw according to proof;

2.  For punitive damages against defendant Robert D. Bradshaw in an amount within the discretion of the trier of fact;

3.  For compensatory damages against defendant Scott Kheng Shang Tan according to proof;

4.  For punitive damages against defendant Scott Kheng Shang Tan in an amount within the discretion of the trier of fact;

5.  For damages against defendant Commonwealth of the Northern Mariana Islands according to proof;

6.  For reasonable attorneys fees incurred;

7.  For costs of suit incurred;

8.  For such other and further relief as the court may deem proper.

_____
JAY H. SORENSEN
Attorney for Plaintiff

EXHIBIT
C