IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

Proof of Service Com. R. Civ. P.
(Use Separate Proof of Service for Each Person Served) _nnw)_
DEPUTY CLERK OF COURT

C/A Case No. __96 - 1320__

I served the: Summons and Complaint _____

✓ Notice of Motion + _Motion for more definite statement;_   ___ Order to Show Cause or other
_Memorandum of Points and Authorities_        Order in Aid of Judgment

___ Notice of Trial/Hearing                                  ___ Witness Summons

✓ Others (specify) _Defendants' Notice of Motion and Motion to dismiss for Lack of Personal Jurisdiction and Failure to State a Claim; Memorandum of Points and Authorities_

As Follows:

1. My Name __Wilfred C. Villagomez__

2. Person served & Title (if any) __Jay Sorensen__

3. Person with whom left and title or relationship to person served __ANNABELLE GUEVARRA - Accountant__

4. Date and time of delivery __6/30/97__

5. Mailing date, type of mail and place of mailing _____

6. Address where served __Law office of Jay Sorensen__

7. Manner of Service: (check proper box)

    _____ (Personal Service) By personally delivering copies to the person served and if he/she state he/she was unable to read them, by orally explaining the substance of the papers to him/her, in a language understood by him/her, otherwise in a language generally understood in the locality.

    _____ By leaving a copy of the document served upon an officer or agency of the government of the Northern Mariana Islands, by delivering a copy of the documents or summons to such officer or agency; Person served:

    _____ (Delivery Service) By leaving a copy of the papers served (or a translation thereof) at his/her dwelling house or usual place of abode with some person not less than eighteen years of age and of sound mind then residing therein, and if the person with whom the copies or translation are left stated he or she was unable to read them, also orally explained the substance of them as if personal service was made. The name of person served was:

    ✓ By delivering a copy of the papers served (or translation thereof) to an agent authorized by appointment or by law to receive service of process.

_Exhibit M_

/.

_____    _____   If person served is under guardianship, by service upon the guardian in the same manner as if the guardian were the person to be served.

_____   Upon a corporation, claim lineage, partnership joint stock company, trading association, or unincorporated association by delivering a copy of the papers served or a translation thereof) to an officer, a chief or head, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

_____   Upon the Government or an agency thereof or an official of the Government by delivering copy of the papers served (of a translation thereof) on the Attorney General or an Assistant Attorney General or on the official named or agency named or chief executive officer of the government's organization. The name of the person served was:

_____

_____   I was unable to make service because _____

_____

_____

8. Fee for Service $_____ Mileage $_____ Totals: $_____

(To be completed by Police Officer)

I hereby certify that the above is accurate report of my action in this matter.

Date:_____

_____
Police Process Server

(To be completed by Process Service other than Police)

I hereby make oath, or affirm, that the above is an accurate report of my actions in this matter. I am over 18 years of age and not a party of this act.

Date: 6/30/97

_____
Private Personally Specially Appointed

EXHIBIT
/M

2,

JAY H. SORENSEN
Attorney at Law
4th Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950
Tel. No. 234-1414
Fax. No. 234-1417

Attorney for Plaintiff

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ROBERT A. BISOM, | ) | CIVIL CASE NO. 96-1320 |
| Plaintiff, | ) | |
| vs. | ) | OPPOSITION TO MOTION TO REMOVE CASE FROM TRIAL DOCKET |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., | ) | |
| | ) | Date: February 7, 2000 |
| | ) | Time: 9:00 a.m. |
| Defendants. | ) | Judge: Castro |

There are several reasons why this motion should be denied.

1. <u>Procedural Deficiency.</u>

The motion attaches a letter from Robert D. Bradshaw dated July 14, 1999 to the Attorney General. The motion relies on that letter to substantiate the basis of the motion--namely, that he has not been served with summons and complaint in this case.

Exhibit N

1

However, the letter is unsworn and unauthenticulated. If defendants want to present this information, there is a proper way to do it, specifically delineated in the Commonwealth Code. The proper form is a declaration under penalty of perjury, governed by 7 CMC § 3305, or, if outside the Commonwealth, then by affidavit acknowledged in conformity with 7 CMC § 3307. But this letter is not in a proper form for cognizance by the court as the basis for a court order.

2. <u>Purposely Avoiding Service.</u>

The letter states that Mr. Bradshaw received two certified mail packets from Saipan in 1996 and 1997. Plaintiff, in fact, sent two such envelopes with summons and complaint, true copies of which are attached. They were returned unopened. Mr. Bradshaw, therefore, takes the position that he can choose to be served by mail or not by simply rejecting service.

Several courts have addressed this issue and uniformly reject the argument that service can be avoided in this manner. In *Merriott v. Whitsell*, 476 S.W.2d 230 (Ark. 1972), a non-resident defendant refused to accept a Summons and Complaint sent by certified mail. The court said:

> We agree with appellant that one, who is subject to the jurisdiction of the courts of this state under the act, cannot defeat the jurisdiction by the simple expedient of refusing to accept a registered letter. The avoidance of authorized service of proper process by a wilful act or refusal to act on the part of the defendant would create an intolerable situation and should not be permitted.

In *Cherry v. Heffernan*, 182 So. 427 (Fla. 1938), the Court said:

> If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served.

2

*EXHIBIT*

*N*

In *Creadick v. Keller*, 160 A. 909 (Del. 1932), the Court said:

> It is clear from the record that the plaintiff's failure to fully comply with the requirements of the statute was caused by the defendant's refusal to receive the letters and sign the receipt. Such refusal made it impossible for the plaintiff to file the return receipt with his declaration. It would create an intolerable situation if the defendant could, by his own wilful act, or refusal to act, prevent the plaintiff from maintaining his action. It is a situation the Court cannot recognize.

In *Patel v. Southern Brokers, Ltd.*, 289 S.E.2d 642, 643 (S.C. 1982): "[W]e think it can hardly be logically argued that one may avoid the process of the court by merely refusing to accept a letter known to contain Summons and Complaint."

The same should be said here. The envelopes that Bradshaw returned unopened are clearly identified as being from plaintiff's attorney, and he knew what they contained. Bradshaw was well aware that the federal claims had been dismissed and that plaintiff had refiled the case in Superior Court. He should not be allowed to choose whether he is served or not when plaintiff had properly sent summons and complaint by certified mail with return receipt.

3. **The Attorney General has Appeared for Bradshaw.**

The Attorney General purported to act on behalf of Bradshaw as a defendant on several occasions in this case, including:

December 31, 1996 - Removal of case to Federal Court

June 26, 1997 - Motion for More Definite Statement, Motion to Require Bond and Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and

3

*Exhibit N*

Insufficiency of Process.[1]

July 23, 1997 - Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim

December 16, 1997 - Notice of Substitution of Party Defendant (This substituted LaMotte for Bradshaw and Tan in their official capacities)

January 23, 1998 - Removal to Federal Court

June 3, 1998 - Appearance for Trial Setting

November 27, 1998 - Stipulation to extend time to Answer Complaint

In none of these appearances did the Attorney General ever indicate that Mr. Bradshaw was not represented by that office. In fact, in the motion to dismiss, two claims, the Sixth and Eight causes of action, were attacked. Both of those are claims against Bradshaw only in his individual capacity. In these the AG was clearly acting on behalf of Bradshaw personally.

The scope of apparent authority of an attorney as to procedural matters is quite broad.

> The general employment of an attorney to prosecute or defend a cause or proceeding ordinarily vests in a plaintiff's attorney the implied authority to take all steps or do all acts necessary or incidental to the regular and orderly prosecution or management of the suit, and in a defendant's attorney the power to take such steps as he deems necessary to defend the suit and protect the interests of defendant, in so far as they affect only the remedy. By virtue of such employment the attorney also acquires, as to the courts and other parties or their counsel, the apparent authority to bind the client by taking all steps or exercising all powers that are ordinarily taken by, or conferred upon, attorneys in similar actions or causes. In proceedings before a

---

[1] The insufficiency of process argument was as to defendants Tan and CNMI only. That insufficiency was subsequently remedied.

4

EXHIBIT N

court of record this apparent authority of an attorney is so
broad, so far as the court and opposing parties are concerned, as
to have been characterized as plenary in nature; and, in the
absence of fraud and collusion, almost any act or omission in
litigation which affects only the remedy or procedure will be
treated as coming within his authority to bind his client, for the
courts must deal with the parties as though they were actually
present and acting in the persons of their attorneys. Otherwise
stated, the authority of an attorney extends to the management
of the case in all the exigencies which arise during its progress,
and his broad authority in this connection cannot be questioned
by the client because of the want of specific authority to do the
act done or consented to, or because the attorney has in fact
exceeded or violated instructions or limitations not
communicated to the court or opposing parties or their counsel.
*Gasior v. Wentz*, 89 N.W.2d 886, 889 (N.D. 1958), quoting 7
C.J.S., Attorney and Client, § 80, pp. 898-899.

Where an attorney's authority is not inhibited by express
restrictions the attorney's management and direction of his
client's case is so broad, so far as the court and opposing parties
are concerned, as to be plenary in nature. [citation] Acts of an
attorney on behalf of a party cannot be questioned unless *wholly
unauthorized* and then only if the aggrieved party is not guilty of
unreasonable delay in acting to correct the improper acts after
notice or knowledge of them. [citations] In this case neither
the pleadings nor the evidence reveals the slightest suggestion of
restrictions on counsel for the city. *City of Atlanta v. Frank*,
170 S.E.2d 265, 267 (Ga.App. 1969).

For a period of almost two years the AG purported to act as Bradshaw's attorney, just as it had in the years previous while the case was pending in the Federal District Court, and just as it had in the appeal to the Ninth Circuit Court of Appeals. Even if his representations are taken as true, by bringing this motion on the eve of trial, Mr. Bradshaw's objection comes with unreasonable delay.

4. <u>Waiver of Challenge to Insufficiency of Process.</u>

As noted above, a motion to dismiss under Com.R.Civ.P. 12(b)(6) was made on

EXHIBIT
N

behalf of Bradshaw in his individual capacity.

Com.R.Civ.P. 12(g) reads:

> Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted,...

The meaning of subdivision (g) is clear. If a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion. If the party omits such defense or objection, Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted defense or objection. See, *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993).

The advisory committee notes following the text of Rule 12 of the Federal Rules of Civil Procedure, which our rules tract, explain the policy this consolidation requirement:

> This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case...A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver [under subdivision (h)(1)(A)] reinforces the policy of subdivision (g) forbidding successive motions.

Subdivision (h)(1)(A) of Rule 12 reads in relevant part: (h) Waiver or Preservation of Certain Defenses (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g).

6

EXHIBIT N

Accordingly, the basis of this motion is bankrupt. It assumes that Mr. Bradshaw has a valid challenge to sufficiency of service on him. However, having appeared through counsel and challenged the complaint under Com.R.Civ.P. 12(b)(6), he is now precluded from challenging the sufficiency of service of process because it would mean bringing a motion under Com.R.Civ.P. 12(b)(5), which has already been waived by virtue of 12(g) and 12(h)(1).

5. <u>Prejudice to Plaintiff.</u>

Plaintiff is ready for trial. Plaintiff has scheduled his time, taken off from work, has come from Japan, where he resides, to be here for trial.

At the hearing on September 8, 1999 the AG stated he would be bringing this motion, but he did not do so until the very eve of trial. It is too late.

Respectfully submitted,

_____
JAY H. SORENSEN
Attorney for Plaintiff


### DECLARATION OF JAY H. SORENSEN

I, Jay H. Sorensen, do hereby declare:

On two occasions I caused summons and complaint to be served by certified mail, return receipt requested, in accordance with 7 CMC § 1104 on Robert Bradshaw at his last known address. There were returned unopened and unclaimed. True copies of the envelopes are attached hereto.

7

EXHIBIT N

I declare under penalty of perjury the foregoing is true and correct. Executed this 2nd day of February, 2000 at Saipan, MP 96950.

*/s/ Jay H. Sorensen*
JAY H. SORENSEN

## DECLARATION OF ROBERT A. BISOM

I, Robert A. Bisom, do hereby declare:

I made plans long ago to be here for trial. I presently work and reside in Japan. I am now here in Saipan for the sole purpose of attending trial of this case. It would be a major inconvenience and major expense to me if this trial is continued. I have been waiting about five years for this case to be resolved.

I declare under penalty of perjury the foregoing is true and correct. Executed this 2nd day of February, 2000 at Saipan, MP 96950.

*/s/ Robert A. Bisom*
ROBERT A. BISOM

8

EXHIBIT N



**JAY H. SORENSEN**
Attorney at Law
4th Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950
Tel. No. 234-1414
Fax. No. 234-1417

Attorney for Plaintiff

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT A. BISOM, | ) CIVIL CASE NO. 96-1320 |
| Plaintiff, | ) |
| vs. | ) SUPPLEMENTAL DECLARATION IN |
| | ) SUPPORT OF REQUEST FOR |
| COMMONWEALTH OF THE | ) ENTRY OF DEFAULT |
| NORTHERN MARIANA ISLANDS, et al., | ) |
| Defendants. | ) |

I, Jay H. Sorensen, do hereby declare:

1. I am the attorney of record for plaintiff in the above case and caused the complaint to be filed and summons to be issued and served.

2. That a copy of the Amended and Supplemental Complaint and Summons was served to the defendant on May 5, 1997 by certified mail, postage prepaid, at his last known address, as appears from the return of service by Annabelle Guevarra.

1

EXHIBIT "D"

3. That a copy of the Second Amended Complaint and Amended Summons was served to the defendant on June 3, 1997 by certified mail, postage prepaid, at his last known address, as appears from the return of service by Annabelle Guevarra.

4. On November 20, 1998 plaintiff's Fourth Amended Complaint was served on Douglas Cotton, Office of the Attorney General, 2nd Floor; Administration Building, Caller Box 10007, Saipan, MP 96950.

5. The time within which this defendant may answer has expired, the defendant has not answered and no extensions of that time has been given.

6. Defendant ROBERT D. BRADSHAW is not an infant or incompetent person, nor is he in the military service of the United States.

I declare under penalty of perjury the foregoing is true and correct. Executed this 16th day of February, 2000 at Saipan, N.M.I.

_____
JAY H. SORENSEN

I hereby certify that the foregoing hereof is a full true and correct copy of the original on file in the Office of the Clerk of Courts, Susupe, Saipan, Mariana Islands.

Date: 10/25/05

_____
CLERK OF COURT
NORTHERN MARIANA ISLANDS
SAIPAN, MP 96950

2

EXHIBIT O

*Filed in CT*
*2-14-00*
*9:20 AM*
*Order*

JAY H. SORENSEN
Attorney at Law
4th Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950
Tel. No. 234-1414
Fax. No. 234-1417

Attorney for Plaintiff

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT A. BISOM, | ) CIVIL CASE NO. 96-1320 |
| Plaintiff, | ) |
| vs. | ) REQUEST FOR ENTRY OF DEFAULT; |
| | ) DECLARATION OF JAY H. |
| COMMONWEALTH OF THE | ) SORENSEN; ENTRY OF DEFAULT |
| NORTHERN MARIANA ISLANDS, | ) |
| LEO L. LAMOTTE, CNMI Public | ) |
| Auditor, in his official capacity, | ) |
| ROBERT D. BRADSHAW, formerly | ) |
| appointed Temporary Public Auditor, | ) |
| in his individual capacity; | ) |
| SCOTT KHENG SHANG TAN, | ) |
| formerly CNMI Public Auditor, | ) |
| in his individual capacity, | ) |
| Defendants. | ) |

TO:  THE CLERK OF THE SUPERIOR COURT FOR THE
     COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

Request is hereby made that the default of the defendant ROBERT D. BRADSHAW,

1

*Exhibit P*

for failure to plead or otherwise defend as provided by the Commonwealth Rules of Civil Procedure be taken, as appears from the declaration of Jay H. Sorensen below:

_____
JAY H. SORENSEN
Attorney for Plaintiff

## DECLARATION OF JAY H. SORENSEN

I, Jay H. Sorensen, do hereby declare:

1. I am the attorney of record for plaintiff in the above case and caused the complaint to be filed and summons to be issued and served.

2. That a copy of the Amended and Supplemental Complaint and Summons was served to the defendant on May 5, 1997 by certified mail, postage prepaid, at his last known address, as appears from the return of service by Annabelle Guevarra.

3. That a copy of the Second Amended Complaint and Amended Summons was served to the defendant on June 3, 1997 by certified mail, postage prepaid, at his last known address, as appears from the return of service by Annabelle Guevarra.

4. The time within which this defendant may answer has expired, the defendant has not answered and no extensions of that time has been given.

5. Defendant ROBERT D. BRADSHAW is not an infant or incompetent person, nor is he in the military service of the United States.

EXHIBIT
P

I declare under penalty of perjury the foregoing is true and correct. Executed this 14th day of February, 2000 at Saipan, N.M.I.

*Jay H. Sorensen*
JAY H. SORENSEN

## ENTRY OF DEFAULT

Default is hereby entered against ROBERT D. BRADSHAW.

Dated: 2/14/00                         _____
                                        Deputy Clerk of Court

I hereby certify that the foregoing hereof is a full true and correct copy of the original on file in the Office of the Clerk of Court, Susupe, Saipan, Mariana Islands.

Date: 1C/2d/02

CLERK OF COURT
NORTHERN MARIANA ISLANDS

3

EXHIBIT P