**Robert D. Bradshaw, Pro Se**
**PO Box 473**
**1530 W. Trout Creek Road**
**Calder, Idaho 83808**
**Phone  208-245-1691**

Defendant, Pro Se

# IN THE SUPERIOR COURT

# FOR THE

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ROBERT A. BISOM                          )    Civil Action No 96-1320

       Plaintiff

       v.

COMMONWEALTH OF THE NORTHERN      )    **AMENDED MOTION TO**
MARIANA ISLANDS; ROBERT D.        )    **VOID/VACATE JUDGMENT**
BRADSHAW, former Temporary Public )
Auditor, in his individual capacity, et al.   )

       Defendants                       )
_____

    1. Comes Defendant ROBERT D. BRADSHAW in CNMI Superior Court (SC)

Case 96-1320 to petition the court to void the judgment of $139,000.00 against

BRADSHAW for lack of procedure and due process and because it was obtained with

the use of alleged fraudulent documents presented in court by Plaintiff BISOM and the

*Exhibit Q*

1

Office of the Attorney General which had formerly represented BRADSHAW in case 96-1320 but had withdrawn at least six days before the trial in SC in February-March 2000.

2. Enclosed herewith are affidavits from BRADSHAW which present all of the letters sent by the CNMI Attorney General (the "AG") to BRADSHAW on this case (EXHIBIT "A") and letters from BRADSHAW to the CNMI Attorney General on the question of service before the final judgment was entered by the CNMI Supreme Court on September 13, 2002 from the appeal (EXHIBIT "B").

3. A third affidavit is attached at EXHIBIT "C" presenting BRADSHAW's position on case 96-1320 that no service or constructive service to BRADSHAW ever occurred on Case 96-1320 and that the Attorney General, who was supposed to be BRADSHAW's attorney, never informed or gave BRADSHAW notice of the AG withdrawal from providing representation and never gave BRADSHAW notice of the trial or its results until April 2004.

4. Affidavits from Carol Dassow and David Vanderholm (BRADSHAW"s rural route mail carrier) are attached at EXHIBITS "D and E." These persons knew Defendant BRADSHAW in 1996-1998 in Elk, WA. They substantiate BRADSHAW's affidavit attached at EXHIBIT "C." Phone numbers of these persons are indicated on the affidavits. In terms of BRADSHAW in Elk, WA after October 3, 1998, BRADSHAW moved from Elk on October 3, 1998 and made an immediate change of address to Oldtown, Idaho. This change is confirmed by both Vanderholm and Dassow. Thus, the certified mail alleged in SC 96-1320 to have been sent to BRADSHAW in Elk and alleged to have been received by someone other than BRADSHAW in Elk after Oct. 3,

*EXHIBIT*
*Q*

1998 is impossible because Bradshaw had moved and received no more mail in Elk. Exhibit "F" is an affidavit from Cliff Jones of Oldtown who also knows BRADSHAW.

5.  Upon receiving the AG's letter of April 6, 2004, about April 21, 2004, attached in EXHIBIT "A," BRADSHAW spend the summer trying to find out what happened in the CNMI courts and to find a lawyer to sue the responsible parties over the illegal and malicious judgment entered against him by the CNMI without him being in court; without him having legal counsel in court (since the AG had withdrawn before the 2000 trial); and without him even being given notice of the trial or its after-effects. These injuries were done to BRADSHAW in contradistinction of the CNMI court rules and in prohibiting due process to BRADSHAW.

6.  BRADSHAW's last communication from the AG before the trial suggested that the AG would go into SC and have BRADSHAW's name stricken from the case on the basis that plaintiff never served BRADSHAW (see EXHIBIT "A" and the AG letter of June 30, 1999 from Assistant Attorney General BUSH).

7.  Thereafter, BRADSHAW believed that indeed BUSH had went into SC and successfully removed BRADSHAW's name as a defendant from 96-1320.  Upon receipt of the AG letter in April 2004 (at EXHIBIT "A"), it was indeed a shock to learn that BRADSHAW's name was not removed and instead a default judgment was entered against BRADSHAW without him being in court, without him having a counsel in court and without him knowing or being given notice about the process in the CNMI courts.

8.  The SC trial involved the presentation of fraudulent documents in court showing alleged service on BRADSHAW by the plaintiff with the alleged acceptance

*EXHIBIT*

*Q*

3

by an unknown and unidentified third party by certified mail. These documents were fraudulent as demonstrated in EXHIBITS "A to F" attached herewith. Per BRADSHAW's letter of July 14, 1999 (at EXHIBIT "B"), which was introduced into court by the AG, the AG and Court could plainly see that BRADSHAW was not served actually or constructively, and that any alleged service in court would involve fraud.

9. On September 12, 2004, BRADSHAW contacted the AG and asked for three things--to file criminal charges against the plaintiff and personnel in the AG's office responsible for the alleged postal receipts to BRADSHAW (the AG's response by Mr. Sale on this is at EXHIBIT "A"); to go into SC and have the outstanding judgment against BRADSHAW stricken; and/or to indemnify BRADSHAW by paying off BISOM under the Indemnification Act (the AG's response to this on February 15, 2005 is at EXHIBIT "A").

10. While the AG and the court seem to have used BRADSHAW's letter of July 14, 1999 as justification for the AG to not represent BRADSHAW, the letter clearly stated that with "service" BRADSHAW would need representation and the implied obvious need for indemnification. This letter was received by the AG five days before the SC trial in February of 2000. Since the court judged that service took place, based on alleged fraudulent documents, BRADSHAW should have had AG representation in court and should have been indemnified for any losses.

11. Herewith in this petition and motion, defendant BRADSHAW requests that the CNMI SC void and vacate the judgment against BRADSHAW on the basis that it was obtained by alleged fraud and conspiracy and/or gross incompetence,

*EXHIBIT Q*

4

malfeasance and malpractice on the part of some or all of the various parties involved
at the trial in the CNMI in February-March 2000.

    12. Further request that the SC grant the defendant a telephonic hearing on
this motion in the interest of justice and in order to expedite it.

Dated at St. Maries, Idaho, this *13th* day of *MAY* _____ 2005

                                 Robert D. Bradshaw,
                                 Defendant, Pro Se


STATE OF IDAHO
COUNTY OF BENEWAH

I, _____**Jerry Lee Nelson**_____, Notary in and for the State of
Idaho, residing at____**St. Maries, Idaho**_____

do hereby certify that on this _____**13**_____ day of **May**_____

2005, personally appeared before me Robert D. Bradshaw, to me known to be the
individual described in and who executed the within instrument for the uses and
purposes herein mentioned.

Given Under My hand and Official Seal; this **13**_____ day of ____**May**_____2005.

                         NOTARY PUBLIC IN AND FOR THE STATE OF IDAHO

                         MY APPOINTMENT EXPIRES

JERRY LEE NELSON
Notary Public
State of Idaho

                         ____**11/15/07**_____

*EXHIBIT Q*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of May 2005, I caused to be served a true copy of the foregoing AMENDED MOTION TO VOID/VACATE JUDGMENT by US Mail Postage Paid to each of the following:

Marc Lyons/Rudy J. Verschoor
Ramsden & Lyons (Phone 208-664-5818)
PO Box 1336
Coeur d'Alene, ID 83816-1336

Jay H. Sorenson (phone 805-485-6662)
4234 Clubhouse Drive
Somis, CA 93066.

Commonwealth of the Northern Mariana Islands
Attention the Attorney General
2d Floor of the Juan A. Sablan Memorial Bldg
Caller Box 10007, Capitol Hill
Saipan, MP 96950

SCOTT KHENG SHANG TAN
c/o CNMI Attorney General
2d Floor of the Juan A. Sablan Memorial Bldg
Caller Box 10007, Capitol Hill
Saipan, MP 96950

EXHIBIT
Q

6

## AFFIDAVIT

The undersigned, Robert D. Bradshaw, hereby certifies and affirms that the following letters, copies attached herewith, were the only letters received by me from the CNMI Attorney General relative to Superior Court Case 96-1320:

Letter from D. Douglas Cotton, dated Dec 6, 1996, suggesting that I may be soon served with a new complaint.

Letter from D. Douglas Cotton, dated Jan 22, 1997, with an attached copy of a letter dated on Dec 31, 1996 and sent by him to attorney Jay H. Sorensen, attorney for Robert Bisom, stating that the Attorney General will not accept service on behalf of Robert D. Bradshaw, without my approval.

Letter from D. Douglas Cotton, dated Apr 17, 1997, stating that he had advised attorney Sorensen that the Attorney General would not accept service for me of the summons and complaint on this case.

Letter from D. Douglas Cotton, dated Jun 2, 1997, stating that the CNMI did not agree to accept service for me and that I could expect to be served by plaintiff.

Letter from D. Douglas Cotton, dated Mar 17, 1998, with no mention of service.

Letter from William C. Bush, dated Jun 30, 1999, which asked if I had been served with the complaint or any subsequent amendments. This letter was in response to my inquiry.

Letter from Benjamin Sachs, dated Apr 6, 2004, made in response to my telephone inquiry.

Letter from Joseph H. Race, dated Oct 7, 2004, on my request for an investigation of SC 96-1320.

Letter from Pamela Brown, dated Feb 15, 2005, saying that indemnification for me on 96-1320 is denied and that the AG will provide no more assistance to me.


Dated at St.Maries, Idaho, this _2d_ day of _March_ 2005

_Robert D. Bradshaw_
Robert D. Bradshaw


STATE OF IDAHO
COUNTY OF BENEWAH

I, ___Jerry Lee Nelson_____, Notary in and for the State of Idaho, residing at

__St. Maries, Idaho_____ do hereby certify that on this _____2_____ day of

__March_____ 2005, personally appeared before me Robert D. Bradshaw, to me known to be

the individual described in and who executed the within instrument for the uses and purposes herein

mentioned.

Given Under My hand and Official Seal; this ____2____ day of ___March_____, 2005.

```
┌─────────────────────────────┐
│      JERRY LEE NELSON        │
│       Notary Public          │
│       State of Idaho         │
└─────────────────────────────┘
```

_Jerry Lee Nelson_
NOTARY PUBLIC IN AND FOR THE STATE OF IDAHO

EXHIBIT
Q

MY APPOINTMENT EXPIRES __11/15/07_____



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
2nd Floor-Administration Building, Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel: (670) 664-2341
Fax: (670) 664-2349

Criminal Division
Tel: (670) 234-7711/7111
Fax: (670) 234-7016

December 6, 1996

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Re: Bisom v. CNMI

Dear Robert:

According to the news, Bisom has filed a new complaint in the Superior Court. We have not yet been served and do not have a copy so I do not know for certain who the defendants are and what causes of action he has included. When we obtain a copy, I will send it to you. In the meantime, if you are served with a Summons and Complaint, please call me immediately because service starts the time running for your response.

Please give me a call if you have any questions in the meantime.

Very truly yours,

D. Douglas Cotton

DDC/ddc

State of Idaho
County of Kootenai
I, _____, a notary public, do certify that on the 20 day of February in the year of 200__, I carefully compared the attached copy of letter _____, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/20__

EXHIBIT Q



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

Attorney General/Civil Division
Tel:  (670) 664-2341
Fax:  (670) 664-2349

Criminal Division
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

January 22, 1997

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA  99009

    Re:  Bisom v. CNMI

Dear Robert:

    Enclosed for your file is a copy of the new Complaint that Robert Bisom filed in the Superior Court.  Also enclosed is a copy of a letter I recently sent plaintiff's counsel.  Please let me know immediately if any attempt is made to serve you with the Summons and Complaint.  In addition, please let me know your new telephone number and a fax number, if available, where I can send documents if necessary.

    If you have any questions, please give me a call at 011.670.664.2333.

    Very truly yours,

D. Douglas Cotton

Enclosures

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 20___ I carefully compared the attached copy of ___letter___ with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/2007

EXHIBIT Q





Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
2nd Floor-Administration Building, Capitol Hill
Caller Box 10007, Saipan, MP 96950

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Criminal Divisio**
Tel: (670) 234-7771/711
Fax: (670) 234-701

December 31, 1996

VIA TELECOPIER (234-1417)

Jay H. Sorensen
Attorney at Law
4ᵗʰ Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950

Re: Bisom v. CNMI

Dear Jay:

Should plaintiff still desire to serve the Summons in this action after reading this letter, I will agree to accept service on behalf of Scott Tan. I am checking on whether Robert Bradshaw would like us to accept service on his behalf.

I have reviewed plaintiff's proposal regarding the 42 U.S.C. Sections 1981 and 1983 claims and I cannot accept his proposal. As you know, defendants have removed this action to federal court. Since Judge Munson has already granted judgment against plaintiff on his Section 1981 and Section 1983 claims, I have now doubt that Judge Munson will dismiss these claims again and likely sanction plaintiff at the same time. Consequently, defendants will not agree not to attack those claims.

Furthermore, if plaintiff actually serves the Summons and Complaint, defendants will be forced to consider possible cross-claims against plaintiff. At a minimum, I believe (1) that the CNMI has a claim against plaintiff for malicious prosecution in connection with plaintiff's third claim for constitutional violations against the CNMI; and (2) that Mr. Bradshaw will have a claim against plaintiff for malicious prosecution in connection with the first two claims if plaintiff serves the new complaint. I also believe that defendants will have a claim for sanctions under Rule 11 due to the inclusion of the first two claims in the new complaint. Furthermore, I believe that the Court, on its own initiative pursuant to Rule 11(c)(1)(B), may direct plaintiff to show cause why he has not violated Rule 11 in connection with the first two claims in the new complaint.

As always, defendants are interested in a resolution of this matter without protracted litigation. I believe that defendants will agree to release all claims that they may have against plaintiff, as well as the judgment for costs, if plaintiff will dismiss his complaint with prejudice. As we have discussed before, I also believe that defendants will agree to a small monetary

EXHIBIT

Q

discussed before, I also believe that defendants will agree to a small monetary payment in conjunction with the settlement.  Any release or payment, of course, would not be based upon any admission of liability but would be made only in the interest of a speedy resolution of this matter.  Please let me know if plaintiff wishes to discuss settlement of this matter.

If plaintiff does not wish to settle this matter, please let me know whether plaintiff intends to immediately pay the judgment for costs.  If not, defendants intend to collect the amount through any legal means.

Very truly yours,

D. Douglas Cotton

EXHIBIT
Q

2



# Commonwealth of the Northern Mariana Islands
# **Office of the Attorney General**
### 2nd Floor-Administration Building Capitol Hill
### Caller Box 10007, Saipan, MP 96950

**Attorney General/Civil Division**
Tel:  (670) 664-2341
Fax:  (670) 664-2349

April 17, 1997

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA  99009

          Re:  Bisom v. CNMI

Dear Robert:

          As you may know, we removed this action to the United States District Court after plaintiff refiled his Complaint in the Superior Court. Plaintiff then made a motion to remand the action back to the Superior Court, which the District Court granted after once again dismissing the first two causes of action for violation of 42 U.S.C. Sections 1983 and 1981. Enclosed for your files is a copy of the District Court's Order.

          It is now up to plaintiff to serve the Summons and Complaint. I told plaintiff's counsel that we would not agree to accept service on your behalf. Consequently, you can expect plaintiff to attempt to personally serve you with the Summons and Complaint. I do not know if plaintiff knows exactly where you live, but he does know that you now live in Washington. Please let me know when you are served so that we will be able to determine when our response is due.

          Please give me a call if you have any questions in the meantime.

                                        Very truly yours,

                                        D. Douglas Cotton

Enclosure

State of Idaho
County of Kootenai
I, Cynthia Timmm, a notary public, do certify that on the 20 day of February in the year of 20 05 I carefully compared the attached copy of letter, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10 20 2007



# Commonwealth of the Northern Mariana Islands
# **Office of the Attorney General**

2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

June 2, 1997

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA 99009

Re: Bisom v. CNMI

Dear Robert:

After this case was remanded to the Superior Court, we agreed to accept service of plaintiff's Summons and Amended and Supplemental Complaint on behalf of Scott Tan and the CNMI. We did not agree to accept service on your behalf. We then filed a motion for a more definite statement and a motion to dismiss. Rather than oppose our motions, plaintiff's counsel agreed to file yet another amended complaint, which he did on May 30, 1997. Plaintiff's counsel just faxed me a copy of the Second Amended Complaint and Amended Summons that he intends to serve you with. Plaintiff has the same address for you as shown on this letter. Assuming you are still at that address, you can expect to be served soon, if you haven't been already. Please let me know when you are served. In addition, please let me know your phone number.

The Second Amended Complaint suffers from many of the same problems as the earlier complaint. Consequently, I intend to file another motion for more definite statement and a motion to dismiss. I will send you copies after they are filed.

If you have any questions, please give me a call.

Very truly yours,

D. Douglas Cotton

*EXHIBIT*
*Q*

State of Idaho
County of Kootenai
I Cynthia Limmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of _____ letter _____ with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/2007



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
### 2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

March 17, 1998

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

Robert Bradshaw
40203 N. Newport Hwy.
Elk, WA  99009

Dear Robert:

Thanks for the note.  The following is a quick update on the case since my last letter:

We filed a motion to dismiss several of the claims in the complaint.  The motion was taken under submission by Judge Castro who sat on it for six months or so without deciding any of the issues.

Bisom then filed a motion to amend his complaint to add two additional claims, including a claim for violation of the Family and Medical Leave Act (a federal claim). (A copy of the new complaint is enclosed.)  The motion was granted and after Bisom filed his third amended complaint, we removed the case to the federal court.  Bisom filed another motion to disqualify Judge Munson, which the Judge denied before we could even file an opposition.  Bisom also filed a motion to remand the case to superior court. At the hearing, the Judge, on his own motion, dismissed the FMLA claim, which was the only thing keeping the case in the federal court.  Consequently, Judge Munson remanded the remaining Commonwealth claims back to the superior court.

All of the briefing has been completed on our motion to dismiss, which will probably end up back in front of Judge Castro.  We have no idea when he will rule on it. Until he does, not much will happen with the case.

On another note, the Ninth Circuit just set the oral argument for Bisom's appeal of the dismissal by Judge Munson of Bisom's two claims for violation of 42 U.S.C. § 1983.  The oral argument will be heard in May, and, depending on the panel, it may be months after that before we have a decision from Ninth Circuit.  If they reverse, we'll be back in the federal court to try those two federal claims.

If you've gotten a phone number yet, please let me know it in case I need to get in touch with you more quickly than the mail.  If you have any questions, please give me a call at (670) 664-2333.

Very truly yours,

*D. Douglas Cotton*

D. Douglas Cotton
Assistant Attorney General

*(EXHIBIT Q)*

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of letter, with the original.  It is a complete and true copy of the original document.

Enclosure

Notary Public
Commission expires 10/20/2007



# Commonwealth of the Northern Mariana Islands
## Office of the Attorney General
2nd Floor-Administration Building Capitol Hill
Caller Box 10007, Saipan, MP 96950

State of Idaho
County of Kootenai
I, Cynthia Timmon, a notary public, do certify that on the 20 day of February in the year of 20__, I carefully compared the attached copy of _____, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 10/20/2007

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

June 30, 1999

Robert D. Bradshaw
P.O. Box 3590
Oldtown, ID 83822

Re: Your letter of May 25, 1999 to the Attorney General

Dear Mr. Bradshaw:

The task of handling the defense in the various Bisom lawsuits has been assigned to me. I will try to answer your questions, and I need some information from you as well.

Here is a brief summary of the litigation to date—

US District Court 95-0042, Complaint filed November 14, 1995. The CNMI won judgment against all federal claims, and the remaining state claims were dismissed without prejudice on November 22, 1996.

US Court of Appeals 96-17369, appeal filed December 5, 1996. Appeal of judgment in case 95-0042. Currently awaiting decision.

CNMI Superior Court 96-1320, Complaint filed December 5, 1996. Removed to US District Court December 31, 1996.

US District Court 96-0052, on removal from CNMI Superior Court December 31, 1996. Federal claims dismissed with prejudice, and state claims remanded back to CNMI Superior Court on March 27, 1997.

CNMI Superior Court 96-1320, on remand from US District Court March 27, 1997. Amended and Supplemental Complaint filed May 1, 1997. Second Amended Complaint filed May 30, 1997. Motion to dismiss certain claims filed June 23, 1997. Third Amended Complaint filed December 24, 1997. Removed to US District Court on January 23, 1998.

US District Court 98-0002, on removal from CNMI Superior Court, January 23, 1998. Federal claim dismissed with prejudice, state claims remanded back to CNMI Superior Court on May 6, 1998.

CNMI Superior Court 96-1320, on remand from US District Court, May 6, 1998. Motion to dismiss denied November 6, 1998. Fourth Amended Complaint filed November 18, 1998. Motion for

EXHIBIT 7

Robert D. Bradshaw
Page 2

reconsideration filed December 7, 1998. Motion for reconsideration denied March 16, 1999. Answer of CNMI and Scott Tan to Fourth Amended Complaint filed March 30, 1999.

In response to an inquiry from me, on June 21, 1999, Bisom offered to settle all claims against all defendants for $150,000. We have not responded.

My review of the case indicates that Bisom should not be legally entitled to more than the amount he could have picked up to close out his employment with the government, or less than $2000, all attributable to the government. If the litigation goes to decision, the full exposure of all defendants might exceed $500,000, most of that in the form of punitive damages against the individual defendants, Scott Tan and Robert Bradshaw

I need your answers to the following questions—

1.  Do you want to have the Office of the Attorney General continue to represent you?  All claims against you in case 96-1320 are now listed as being in your individual capacity. We will defend if you will cooperate. I have not yet filed an answer to the claims directed only toward you. If you do not wish to have this office represent you further, I will transmit that information to the Superior Court, and I will ask to have the Attorney General withdrawn as your representative. If we withdraw, then no information previously provided by you to this office as your attorney in this litigation could be used by this office to your detriment. If you wish to have us continue to provide your defense, then please answer the remaining questions. Your answers will be protected under the attorney-client privilege.

2.  Were you ever personally served with the Complaint and/or Summons, or with any subsequent amended complaints, in 96-1320? If not, are you aware of any event that might constitute constructive service? If there has been no service perfected, then I may be able to get you out of 96-1320 on the two-year statute of limitations for tort claims.

3.  What do you know about the basis for Bisom's claims relating to discriminatory actions taken by you because Bisom is a Jew?

4.  How can we make contact to exchange information regarding your defense on a basis closer to real-time? My private e-mail address is b.bush@saipan.com. My direct line in the AG's office is 670-664-2331.

For your information, Doug Cotton returned to the mainland one year ago. He is now living with his family in Dallas, Texas.

Sincerely,

*William C. Bush*
William C. Bush
Assistant Attorney General

State of Idaho
County of Kootenai
I, Cynthia Timmons, a notary public, do certify that on the 20 day of February in the year of 2005, I carefully compared the attached copy of letter, with the original. It is a complete and true copy of the original document.

Notary Public
Commission expires 6/28/2007
EX-1419

[notary seal: CYNTHIA TIMMONS NOTARY PUBLIC STATE OF IDAHO]



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General

2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP 96950

**Civil Division**
Tel: (670) 664-2341/2342
Fax: (670) 664-2349

**Immigration Division**
Tel: (670) 236-0922/0923
Fax: (670) 664-3190

**Criminal Division**
Tel: (670) 664- 2366/2367/2368
Fax: (670) 234-7016

April 6, 2004.

Mr. Robert D. Bradshaw
P.O Box 473
Calder, Idaho 83808

Dear Mr. Bradshaw

Per the instructions of Benjamin Sachs, I am sending you copies of the following
documents that you have requested:

1.  Order & Judgment dated March 10, 2000

2.  Judgment by Supreme Court entered 9/13/02

3.  Opinion and Order in Bisom v. Commonwealth 2002 MP 19.

I trust this is responsive to your inquiry

Sincerely,

Benjamin Sachs
Assistant Attorney General
Director, Civil Division

State of Idaho
County of Kootenai
I, Cynthia Timmins, a notary public, do
certify that on the 20 day of February
in the year of 20 06, I carefully compared the
attached copy of _____ with the
original. It is a complete and true copy of the origina
document.

Notary Public
Commission expires 10/20/10

EXHIBIT

Q



COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
## OFFICE OF THE ATTORNEY GENERAL
2ND FLOOR - ADMINISTRATION BLDG., CAPITOL HILL
SAIPAN, MP 96950

ATTORNEY GENERAL
DEPUTY ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
SOLICITORS DIVISION
Tel: (670) 322-4311/4312
FACSIMILE: (670) 322-4320

CRIMINAL DIVISION
Tel: (670) 234-7771/7111/6207
FACSIMILE: (670) 234-7016

October 7, 2004

Mr. Robert D. Bradshaw
PO Box 473
Calder, Idaho 83808
208-245-1691

Dear Mr. Bradshaw:

As a point of introduction, I am the A/Chief Investigator for the CNMI Attorney General's Investigations Unit, based in Saipan. I have tried to reach you on the telephone several times without success.

Your information was forwarded to me by Assistant Attorney General Ed Buckingham for follow-up. In turn, I have assigned this case ( #04-182) to AGIU Investigators Frank Kapileo and Alfred Teregeyo for the follow-up and investigation – 670-664-2312. They will be your contact in the CNMI for any additional information that you might wish to provide, or need progress reports.

Best wishes and be assured of thorough follow-up and necessary attention to this matter.

Sincerely,

Joseph H. Race, A/Chief
Attorney General's Investigations Unit

EXHIBIT
Q



Commonwealth of the Northern Mariana Islands
# Office of the Attorney General
2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP  96950

**Attorney General/Civil Division**
Tel:  (670) 664-2341
Fax:  (670) 664-2349

**Criminal Division**
Tel:  (670) 664-2366
Fax: (670) 234-7016

February 15, 2005

Robert D. Bradshaw
PO Box 473
Calder, Idaho 83808

Dear Mr. Bradshaw:

I am writing in response to your faxed letter to the Attorney General dated February 7, 2005, which was received on February 9, 2005.  Your letter requests "that the CNMI take immediate action to indemnify me for the previously cited $139,130 plus the new expenses incurred by me on 96-1930 (approximately $100 in telephone calls, fax charges, postage, paper and copies, car expenses, notary charges, etc.)."

As a preliminary matter, based upon your telephone inquiry in April, 2004, the Office of the Attorney General furnished to you copies of the judgment and order entered by the CNMI Superior Court and by the Supreme Court in *Bisom v. Commonwealth*, Civil Action No. 96-1320 (N.M.I. Superior Ct. filed Mar. 10, 2000), *aff'd*, Appeal Nos. 00-0016GA & 00-0023-GA (N.M.I. Supreme Ct. Sept.13, 2002).  A copy of the Supreme Court's Opinion and Order in *Bisom v. Commonwealth*, 2002 MP 19 (2002), was also furnished to you at the same time.

As a result, you were notified of the entry in March, 2000 of a money judgment against you in the sum of $139,000, which judgment was subsequently affirmed on appeal in September, 2002.

Furthermore, by virtue of the aforementioned Opinion and Order, you were notified that according to the CNMI Supreme Court, you did not submit a timely request for indemnification or defense under the Public Employees Legal Defense and Indemnification Act (PELDIA).  *Bisom v. Commonwealth*, 2002 MP 19 ¶24.  In addition, you were notified that Mr. Bisom's attorney's attempt to have the Commonwealth pay the judgment entered against you under PELDIA was denied by the Superior Court, because of its determination that you had not requested to be indemnified as required by 7 CMC §2304(a).  The Supreme Court affirmed this decision.  2002 MP at ¶¶ 57-58.

Almost six months later, you sent the Office of the Attorney General a letter in September, 2004, to "formally request indemnification under the commonwealth indemnification act."  Based upon my review, it appears that your letter claiming a right to indemnification was initially received in the Office of the Attorney General by mail on 9/29/04, and that subsequently, copies of the same letter were received, by mail or by fax, on 1/26/05, 2/7/05, and 2/9/05.

*EXHIBIT*

*Q*

Robert D. Bradshaw
February 15, 2005
Page 2

       Under the provisions of PELDIA, 7 CMC §2304(a), the following four conditions must be satisfied in order for a public employee or former employee to receive legal representation at the expense of the Commonwealth government or a public entity such as the Office of the Public Auditor:

      (1)  The employee requests the public entity to pay for his defense or to defend him against any claim against him for an injury arising out of an act that he reasonably and in good faith believes has occurred within the scope of his employment as an employee of the public entity (whether or not the employee is sued in an official or private capacity);

      (2)  The employee has not acted because of actual fraud, actual malice, or willful criminal misconduct;

      (3)   The employee reasonably cooperates in good faith in the defense of the claim; and

      (4)   <u>The employee makes his request in writing to the public entity not less than five days before an answer must be filed</u>; provided, that an employee against which a claim is pending on June 24, 1986, shall have 60 days within which to make his written request.

(Emphasis added) Under the circumstances, including the prior determination by the CNMI Superior Court that you did not request to be indemnified as required by 7 CMC §2304(a), which was upheld on appeal by the Supreme Court, the Office of the Attorney General is not willing to provide legal representation or indemnification for you in this case.

       Please be advised that the Office of the Attorney General previously acted as counsel for the CNMI and the Office of the Public Auditor and, in that capacity, entered into a settlement agreement with Robert A. Bisom on September 30, 2002, concerning the *Bisom v. Commonwealth* case. As a result of a settlement in the amount of $140,000.00, a portion of the money judgment entered in favor of Mr. Bisom was satisfied in full.

       However, the settlement agreement reached in September, 2002, expressly provided that it did not "affect Plaintiff's ability to enforce the judgment against co-defendant, Robert D. Bradshaw, entered against him in his personal capacity, for which it has been determined that the government of the Commonwealth is not liable. *Bisom v. CNMI*, 2002 MP 19 (Opinion and Order of September 19, 2002)."

       Consequently, the Office of the Attorney General must also decline employment as counsel for you in the *Bisom v. Commonwealth* case, because it would impermissibly conflict with our representation of the Commonwealth and the Office of the Public Auditor, and there are no screening measures that we could utilize to avoid the appearance of a conflict of interest.

       In closing, we recommend that you promptly consult an attorney or law firm to evaluate the enforceability of the judgment and order entered against you, whether there are grounds for challenging the judgment and order at this juncture, the likelihood of success in challenging such judgment and order, and the availability of any other legal or equitable remedies that you might have.

EXHIBIT

Q

Robert D. Bradshaw
February 15, 2005
Page 3


      In order to facilitate such an evaluation, the Office of the Attorney General will agree to pay for a telephone consult by you with a CNMI-licensed attorney whom I find acceptable. Stephanie Flores, Esq. of Torres Brothers, P.C., a law firm located at the Bank of Guam Building, Third Floor, Saipan, MP 96950 (telephone number: 670-233-5506), has indicated her willingness to provide this limited service for you, at the expense of my Office. Please let me know immediately if you wish to consult with Ms. Flores, so that I can make the necessary arrangements, including copying of relevant documents and materials for review by Ms. Flores.

      Very truly yours,

      OFFICE OF THE ATTORNEY GENERAL

      PAMELA BROWN
      Attorney General

EXHIBIT
Q

## AFFIDAVIT

The undersigned, Robert D. Bradshaw, hereby certifies and affirms that the attached copies of letters from me were mailed by me to the CNMI Attorney General on or about the dates indicated and as relative to service on Superior Court Case 96-1320:

Letter of Jan 31, 1997, to D. Douglas Cotton, stating that I had not been served and asserting that I would not authorize the CNMI AG to accept service on my behalf.
Letter of Jun 2, 1997, to D. Douglas Cotton, asserting that I had not been served by Bisom and that I had not authorized the AG to accept service for me.
Letter of Jul 14, 1999, to William C. Bush, in response to his letter of Jun 30, 1999, and asserting by me that I had never been served in the Civil Case No. 96-1320, that I had not authorized the AG to accept service for me and that Bisom had changed his complaint filed in the federal court case when he filed it in the Superior Court.
Letter of Jul 15, 2000 to the CNMI Attorney General indicating that I had not been served and that I had not and was not authorizing the AG to represent me on service.

Dated at St. Maries, Idaho, this _2d_ day of _March_ 2005

_Robert D Bradshaw_
Robert D. Bradshaw

STATE OF IDAHO
COUNTY OF BENEWAH

I, __Jerry Lee Nelson_____, Notary in and for the State of Idaho, residing at

_____St.Maries, Idaho_____ do hereby certify that on this _____2_____ day of

__March_____ 2004, personally appeared before me Robert D. Bradshaw, to me known to be

the individual described in and who executed the within instrument for the uses and purposes herein

mentioned.

Given Under My hand and Official Seal; this _____2_____ day of __March_____, 2005.

_Jerry Lee Nelson_
NOTARY PUBLIC IN AND FOR THE STATE OF IDAHO

JERRY LEE NELSON
Notary Public
State of Idaho

MY APPOINTMENT EXPIRES ___11/15/07_____

EXHIBIT
Q

31 Jan 1997

MR. Doug Cotton
Asst. AG, CNMI

Dear Doug:

Reference your letter of Jan 22, 1997 ref to
Risom vs CNMI. My answers are
as follows:

① I have not been served with
this summons.

② I am not a resident of the
CNMI. They have <u>No</u> jurisdiction
over me — Do they ??

③ I will not authorize the CNMI
to accept service for me at this time.

④ I will not release my claims
while I earlier advised Jon of —
As I remember I am due some
$130 for my expenses.

⑤ Lact, if I can help on anything,
please advise me. I have No
telephone. Thanks!

Regards,

Robert W Bradshaw
40203 N. Newport
Elk, WA 99009

EXHIBIT
Q

June 2, 1997

Mr Douglas Cotton, Asst AG
Office of the Attorney General
Admin Bldg, Capitol Hill, Caller Box 1007
Saipan, MP 96950

Dear Doug:

As of today, I have not been served with Bisom's latest action. I do expect that it will come with a process server in a few days. I had a certified letter from Sorenson at the Post Office which was unclaimed by me and returned to him. He should have it returned by now so I suspect he will have to hire a process server which I guess he will. On receipt of service I will notify you.

You know every thing I know on this so you can respond. I do not have a telephone and won't have one. I will try to find a commercial fax number you can use to ask me any questions. In the meantime, several concerns are floating around in my mind which I now pose to you.

True, I did accept mail service on the original case CV 95-0042 filed in federal court in 1995. I have never been served with any other summons since then nor have I authorized you to accept any service on my behalf.

I believe that this original was dismissed in Dec 1996 at which time, Bisom or Sorenson filed it in CNMI Superior Court. I was not served with this action. Evidently, it was later refiled in federal court. I was not served with that one. Now its back to Superior Court and I expect that I MIGHT get served with this one as they have evidently tried the mails but the summons went back unclaimed.

Several questions now surface. First, there is a CMNI statute of limitations on this. I guess its three years which means it expired in December 1996 (my termination letter?). Maybe the original complaint's life was kept alive with the Federal dismissal but the subsequent lack of service on me suggests that if there was any basis to extent the statute of limitations, surely it has expired. In other words, there has been two complete breaks in this case to me since I was not a party to the December 1996 (Possibly 96-1320?) action filed in Superior Court. I was not a party to the subsequent filing in Federal court.

Even if there was a basis to keep this thing alive, surely it has long since expired because complaints have to be served in 120 days in federal court. I don't know what the CMNI service date requirements are but they surely don't exceed the 120 days. So from the Dec 1995 dismissal, more than 150 days have passed. It plainly looks like any linkage I had with the old case is now broke. Time has dragged by and now far exceeds the statute of limitations. I don't see how that they can keep pushing me on this thing.

Last, I don't know what Sorenson's current complaint says but I do have a copy of the perhaps first one he filed in Superior Court (96-1320 but I thought this was filed in 1996?). You sent me a copy with your Jan 22, 1997 letter letting me know that I could expect service (which never

*EXHIBIT Q*

happened- my last action "to" Bisom was in December 1993 and late Dec on his termination as I best recall).

In looking over this 96-1320 complaint (which was possibly filed after the statute of limitations expired), its quite evident that Bison/Sorenson is broaching new complaints never filed against me which certainly had no life or basis from the federal action filed in 1995. In other words, they had no life for a carryover.

For example, the claims and complaints concerned my alleged violations of Commonwealth law (but I don't understand the Civil rights ones citing 42 USC 1983) and filed in Superior Ct based on Commonwealth law and jurisdiction. These claims had no life or basis in the 1995 federal lawsuit (unless it be the civil rights ones which I don't understand). The statute of limitations has long since expired and now they are placing them in court. I have real problems with this from the standpoint of justice.

Too, there are the issues you raised in your letter to Sorenson on Dec 1996. Please let me know about this. I will do the best I can when I am served. I will notify you immediately (I will call you collect). I am retired living on Social Security. I have no funds for telephone calls and fax charges. Again, I will not relinquish my claims for costs (around $130 or so - $50 additional plus the $80 I did not receive from the deposition). Best wishes. Please advise me of any questions.

Bob Bradshaw
40203 N. Newport Hwy
Elk, WA 99009

EXHIBIT
Q

July 14, 1999

CNMI Attorney General, ATTN. William C Bush
Saipan, CM 96950

Dear Mr Bush;

Thank you for your letter of Jun 30, 1999, just recently received by me. In 1995,
I was a party to the US District Court Case 95-0042, after service. I made an
answer to this complaint in 1995 and gave it to the CNMI AG. I was never
furnished a copy of what answer was filed but I assume that whoever made the
answer filed what I sent Saipan. In the answer I said that I never knew that
Bisom was a Jew before the complaint. Recently, I have learned that the US
District Court decision was upheld by the Appeals Court in a 1998 decision
(according to the local Clerk of Court of the District Court in Saipan).

Regarding CNMI SC 96-1320 and all subsequent complaints, I have never been
served on any of these complaints. I have never authorized the AG to accept
service for me. As far as I am concerned those cases are all mute and non-
existent. To repeat, I don't want the AG to accept service for me on anything. If
Bisom wishes to sue me, he must serve me (actually with a process server).

Some two certified mail packets from an unidentified party came to me from
Saipan in 1996 and 1997. I refused to accept either of them and they were
returned by the Post Office undelivered. Possibly these mailings were an attempt
to accomplish service although I cannot be sure what were in the packets and the
sender's name was not identified (beyond a return address post office box).
Again, if Bisom wants an answer from me he will have to hire a process server.
As I said to Doug Cotton, if I am served I will contact the AG to make the answer.
Otherwise, I have not authorized the AG to make any answers for me on anything
in the CNMI cases. And I have never been served!

As for as constructive service, I have no knowledge of any attempts by anyone to
serve papers on me. I live by myself and there is no one at my house except me.
I have no employees or anyone else present who could accept service on my
behalf. I don't have any reason to believe that Bisom can come up with any basis
of service. If he attempts it, surely it would constitute some type of a fraud. If
he produces a signature, it is not mine.

*EXHIBIT Q*

I assume that the CNMI has a cut off date for service like the 180 days or so for
the feds. Surely, we are long past that date whatever it is. Couple that with the
statute of limitations and I see no way that I am a part of the CNMI case. Should
you file a motion to strike my name individually from the suit? Since you have

*EXHIBIT Q*

suggested it, it seems like a good idea although I don't know that it is necessary (other than if this thing goes to trial and Bisom tries to later claim service on me; thus, a pre-trial motion as you suggest would flush out whatever case he might try to make).

Accordingly, if you wish to file a motion to have me removed individually from the CNMI case, you have my permission and agreement. If you don't feel that such a motion will benefit your case, fine and I understand. There is a possibility that Bisom's lawyer may have "mistakenly" thought he made service on this and has neglected to verify the fact. He may not really know about the lack of service. I suppose for this reason, I have never been anxious to bring the matter up (thus letting him stay in the dark).

As for as me cooperating with you, I feel that I have went the extra mile to cooperate with the AG on this case. If you have knowledge otherwise, please advise me as I would like to hear about it.

Since the Fed case is now history, I don't see that I have any role in anything further. However, I am anxious to help you and the CNMI case in any way possible. In that sense, I will supply whatever information I can. If the case goes to trial and you wish me to come to Saipan, I would consider it. In saying this I would want something more firm on my expenses than how Cotton handled the situation for me for the Spokane deposition some years ago. I lived in Idaho, several hundred miles from Spokane. I agreed to come to Spokane or Boise if Bisom would pay my expenses. Cotton (without consulting me) agreed with Bisom on this deposition with a $25 a day or so motel bill limit (I now have forgotten the amount but it was not enough) which was ridiculous so I ended up never even being completely reimbursed by Bisom for my expenses. I sent Doug a bill to include the unreimbursed costs in the 95-0042 case (which Bisom is supposed to pay).

Should you represent me further? Again, I don't think I am a party to that CNMI case and if that is true, the answer is no (if the answer is yes then of course I would need representation; although I cannot perceive how it could be yes). I suppose if Bisom appealed the Circuit Court decision to the Supreme Court, I will continue to need help on the 95-0042 case. As for as the CNMI SC, your office has never and should never have represented me on this at all that I am aware of. As I was never served, I never asked for any assistance and the CNMI SC never should have been told that the AG represents me. Hence, why is there now a need to contact them to have the AG withdrawn as my attorney?

*EXHIBIT Q*

The Jew question - I know some very good Jews and indeed some very bad Jews (like Bisom if he is a Jew and I still don't know that fact). There was never any

reason for me to know that Bisom was a Jew since he never said that to me. And certainly he is not a religious Jew (religious Jews wear breads and he always was clean shaven). Otherwise, he looked like a majority type white and his name was no clue for anything.

In Bisom's deposition, he claims that he deceptively entered into Guy Gabaldon's confidence and found out that I sent Guy some alleged "anti-Semitic" literature from the US and that I fired Bisom because he was a Jew. All of this probably didn't come from Gabaldon although I allow that Bisom fraudulently and deceptively tried to manipulate something out of Gabaldon to claim that I am anti-Semitic to justify his lawsuit.

Gabaldon and I have been friends for 20 years. It is true that Guy has had some bad experiences with some Saipan Jews (particularly a liberal reporter who was very hostile to Gabaldon). After I came back to the states in 1994, I mailed some copies of a newsletter complaining about the Jewish lobby and how they are able to walk into Washington and get anything they want free for the state of Israel.

The newsletter was put out from Washington DC by Victor Marchetti, a former official with the CIA in the Director's office. Marchetti is a well known personality, having been on TV several times on discussions about the CIA. He put out this newsletter as a Washington watch and I have forgotten what the name is. Perhaps his letter was a little pro-Arab although I am not sure. In any case, he did do a good job of reporting on the flow of money ($5 billion annually), airplanes, technology, wealth and you name it to Israel - sometimes illegally and without Congressional authorization.

Frankly, I practice Judaism and am more anxious to see Israel built up (even at the expense of the stupid US taxpayers) as much as probably anyone in America. I did send some of this stuff from Marchetti to Gabaldon but none of it was Jew hatred stuff. It was only a complaint about the incompetence and stupidity of American officials that have given the wealth of this nation away all over the world. I learned long ago that this stupidity was not about to end because it has happened all over the world in the last 50 years.

In any case, this seems to be the basis for Bisom to bring his lawsuit and charge discrimination because he is allegedly a Jew. But all Jewish authorities (and I have had some three different Jewish Encyclopedias plus access to other authoritative sources) agree that there is no Jewish race. I agree with this. There is a Jewish religion which I willingly try to practice. But again, Bisom is certainly no religious Jew as is plainly evident when looking at him. In order to determine how deceptive Bisom was with Gabaldon, you will have to call Gabaldon and talk with him. He is well known and respected by many on Saipan. As far as I know,

*EXHIBIT Q*

he has never been deposed so Bisom must realize that he is on thin ice with lying about Gabaldon.

Reaching me? I live in the backwoods and at the moment it is impossible beyond this post office address. I might perhaps get you a fax number of a neighbour if it is needed. You should know that once your office (the AG) has my address, phone number or whatever, Bisom's lawyer also has it if he wants it. Local secretaries do trade information between each other. For example, I moved in 96 and was sure Bisom didn't have my new address (to serve me if he chose). Sure enough, he (or his secretary) seems to have gotten it - evidently from the AG's office (although he did not serve me). So if you need a fax number, I will request that only you have it.

Last, I am not trying to tell or suggest anything to you or your office on this case beyond my deposition, the above remarks and previous correspondence. However, my gut feeling is that Bisom wants to settle this thing short of a trial. He has requested a jury trial which my guess is would be disastrous for him. Bisom has no friends that I know of on Saipan. None of the political factions like him so when he went before the jury, he would largely face enemies.

Ray Guerreo is a local politician with pull with Teno. Ray really hates Bisom. SO if you want an ally to try to find out Bisom's problems and skullduggery, call Ray. He likely would help you in anyway possible and it is plausible that Ray may know something that would be detrimental to Bisom. You can read my files and see where Bisom crossed Ray by going on TV to make charges that were improper from the Auditor's office.

Finally, in closing, may I point out that I have essentially never been furnished by the AG any of these CNMI motions, filings, etc, etc. I did receive copies of the first two or so in 1996 but none of the more recent ones were sent me - perhaps because I was not served and was not a party to them. I do know that Bisom changed some of the complaints between 95-0042 and the few later ones which I saw. For example, he deleted the reference to the Jewish religion and substituted Jewish race (which as I said, does not exist in fact). I have assumed that Cotton or someone in the AG's office would carefully go over each petition to note any discrepancies from former petitions. Please let me know if I can help you further and the final results of this case.

Yours very truly,

Robert D. Bradshaw, Box 3590, Oldtown, ID 83822

EXHIBIT

Q

July 15, 2000

CNMI Attorney General
Saipan, CM 96950

Gentlemen:

Over a year ago, William C. Bush of your office and I exchanged letters on the CNMI Superior Court Case 96-1320. Mr Bush suggested that he might go into Superior Court and have my name removed from 96-1320 because I was never served with the lawsuit.

I indicated that I was not served and that I knew of no reason at all which would allow any alleged constructive service (I have no employees or family members who could have accepted service). Furthermore, I have authorized no one on Saipan to accept service for me. This includes the AG's office as I had told Doug Cotton that neither he or anyone else there could accept service for me. Bisom must serve me personally if he wants to pursue this case with me!

Since I was not served, I agreed with Mr Bush that it would be well to go into court and have my name stricken. Frankly, I thought he would do that. But now over a year has passed and I have had no further communication from Mr Bush. Perhaps he is no longer with your office.

In any case, I am wondering what the status of 96-1320 is and did Mr Bush go into court and follow his suggestion to me on removing my name from the suit? Your help will be appreciated.

Yours very truly,

Robert D. Bradshaw
PO Box 3590
Oldtown, ID 83822

EXHIBIT

Q

## AFFIDAVIT

The undersigned, Robert D. Bradshaw, hereby certifies and affirms that before trial in Superior Court Civil Case 96-1930, the last communication received by me from the CNMI Attorney General occurred around Jun 30, 1999 from Asst AG William C. Bush, as prompted upon my initiation. No further communications, messages, letters, faxes, phone calls, etc were received by my on this case or its appeal, 2000-016 and 2000-023, until April 2004 when I received a letter sometime after Apr 6, 2004 from the AG, as initiated by my phone call to Mr Sachs of the AG office. On Jul 15, 2000, I wrote the AG on this matter but my letter was not answered.

In terms of communications from Mr Bisom and/or his attorney Jay H. Sorenson, I have never had any communications from them whatsoever in any form in this Case or its appeal. In 1996 and again in 1997, I did receive two packages which were unidentified as to senders. They came via certified mail without any identification as to who their mailers were--although they did have a return post office box address. These two packages or mailings were returned to their senders by the post office as I will not willingly accept unidentified mailings from unknown party or parties.

In terms of possible "constructive service" from Mr. Bisom or his attorney or the AG on Civil Case 96-1320 or its appeal on Supreme Court case 2000-016 and 2000-023, I live alone and I have no other persons in my household or on my property who would accept mail or any form of service from anyone. I have no wife, no children, no employees, no friends, no colleagues, no acquaintances, etc who have or would accept mail or personal legal services on my behalf. All mail addressed to me in the US since 1994 would come only to me and no one else. I have known no one or had anyone on my property named Manny or anything close to that in the US since 1994. These facts are uncontroverted.

Dated at St. Maries, Idaho, this _2d_ day of _March_ 2005

_Robert D Bradshaw_
Robert D. Bradshaw

STATE OF IDAHO
COUNTY OF BENEWAH

I, ___Jerry Lee Nelson___, Notary in and for the State of Idaho, residing at ___St. Maries, Idaho___ do hereby certify that on this ___2___ day of ___March___ 2004, personally appeared before me Robert D. Bradshaw, to me known to be the individual described in and who executed the within instrument for the uses and purposes herein mentioned.

Given Under My hand and Official Seal; this ___2___ day of ___March___, 2005.

JERRY LEE NELSON
Notary Public
State of Idaho

_Jerry Lee Nelson_
NOTARY PUBLIC IN AND FOR THE STATE OF IDAHO

MY APPOINTMENT EXPIRES ___11/15/07___

AFFIDAVIT

The undersigned, Carol Dassow, hereby certifies and affirms the following:

During the years 1996 to 1998 and thereafter to 2004, my late husband and I owned some seven commercial buildings on the West side of the 40100 and 40200 blocks of North Newport Highway in Elk, Washington which covered more than a city block area. We operated one building as an antique store, used two small buildings primarily for storage and rented out the others. During most of this time, my husband and I lived in a house behind the buildings and/or was present in the area on a daily basis. For sure, we were aware of what was happening in our buildings and on our property at all times during those years.

Mr Robert D. Bradshaw, known to me, was a renter from the fall of 1996 to the fall of 1998 in the last building in the row. His building was located near the end of the row and close to a large vacant field, which covered more than one city block of land. There was one other house located across the street on Newport Highway. It was located back in a wooded area some distance from the highway.

Mr Bradshaw operated a video store in the front of the building and lived in the back part of the building. Bradshaw lived alone and had no employees, wife or house mates or other persons in his building or on his property beyond customers calling on him. He was normally at his business daily during usual business hours. As far as I know, Mr Bradshaw picked his mail up personally at his local box on Newport Highway or at the Elk post office. I know of no instance when he authorized any other person to pick his mail up.

Besides the one building used by my husband, the other larger buildings were rented and used by three women, two of whom, living nearest to Mr Bradshaw, were single and lived by themselves. I know of no person named Manny or any other Hispanic sounding or type of name living on our property or in our buildings during the time that Mr Bradshaw was a renter.

Dated at Spokane, Washington this _27th_ day of _April_ 2005

_Carol L. Dassow_
Carol Dassow
40603 N. Newport Hwy, Elk, WA, Ph 509-292-0112

STATE OF WASHINGTON
COUNTY OF SPOKANE

I, _BRIAN T BOFENKAMP_ , Notary in and for the State of Washington,

residing at _SPOKANE, WASHINGTON_ do

hereby certify that on this _27th_ day of _April_ 2005, personally

appeared before me Carol Dassow, to me known to be the individual described in and who executed the

within instrument for the uses and purposes herein mentioned.

Given under my hand and Official Seal this _27th_ day of _April_ , 2005.

Notary Public
State of Washington
BRIAN T. BOFENKAMP
My Appointment Expires Oct 29. 2005

_Brian T Bofenkamp_
NOTARY PUBLIC IN AND FOR THE STATE OF
WASHINGTON

MY APPOINTMENT EXPIRES _10-29-05_

EXHIBIT

Q

# AFFIDAVIT

The undersigned, David Vanderholm, hereby certifies and affirms the following:

I have been the rural mail carrier along the North Newport Highway in Elk, Washington from 1987 to the present. In 1996-1998, I delivered mail to Robert D. Bradshaw who operated a video store at 40203 N. Newport Hwy. As a part of my duties, when present on my working days, all mail coming to Mr Bradshaw on my route would have come into my hands and/or my attention--certainly in 1996-1998 when Bradshaw lived in Elk and even somewhat in 1999-2000 after Mr Bradshaw moved and his mail was being forwarded or returned from Elk. After Mr Bradshaw moved in late 1998, I delivered no more mail as addressed to him in Elk. It was forwarded to his new address and/or eventually returned.

A question has come to my attention over certified mail from Saipan, MP 96950 to Mr Bradshaw. Reportedly, two certified mail packets came in letter sized brown envelopes in late 1996 and/or 1997 from an unidentified sender but with a Saipan Post Office box. Reportedly, these were returned by the Elk Post Office as Mr Bradshaw refused to accept them.

Otherwise, it has been brought to my attention that some four or so more certified mail packets allegedly came to Mr Bradshaw in Elk from Saipan, MP 96950 in about 1998-1999 and that they were receipted by a third party in Elk, possibly named "Manny" or something similar. I recall no instance when I had a certified mailing for Mr Bradshaw which was delivered to a third party. Postal regulations require the delivery of certified mail to persons 18 years old or older at the address so stated and persons known to the carrier. For sure, I would have remembered four of these mailings. If the mailings were in letter sized brown envelopes without a named mailer, they would have really stuck out. Finally, I have never known a person named Manny (evidently a Hispanic derived name) or anything similar on my route.

Dated at Deer Park, Washington this _10_ day of _May_ 2005

David Vanderholm
US Post Office, 9409 Bridges Road, Elk, WA
Phone 509-292-2750

STATE OF WASHINGTON
COUNTY OF SPOKANE

I, _Jeanetta R. Taylor_, Notary in and for the State of Washington, residing at _Newport, WA_ do hereby certify that on this _10th_ day of _May_ 2005, personally appeared before me David Vanderholm, to me known to be the individual described in and who executed the within instrument for the uses and purposes herein mentioned.

Given Under My hand and Official Seal; this _10th_ day of _May_ 2005.

NOTARY PUBLIC IN AND FOR THE STATE OF
WASHINGTON

MY APPOINTMENT EXPIRES _Feb. 16, 2008_

EXHIBIT
Q

## AFFIDAVIT

The undersigned, Cliff Jones of Oldtown, Idaho, hereby certifies and affirms the following:

From 1998 to the present, I have been acquainted with Robert D. Bradshaw. During the period late 1998 to 2001, Mr Bradshaw used to pick his mail up at the Oldtown Post Office, do some local shopping and stop by for a short visit with me at my place of business, an automobile repair facility, about once a week.

During this period, Mr Bradshaw always came to my business alone and without any other person being with him. I always knew of him as being alone and without any wife or person living with him. He never mentioned or suggested that he knew anyone in Oldtown besides me. He never mentioned any names of any other persons as involved with himself. He never mentioned the name Manny, an apparent Hispanic derived name. I have lived in the area of the small town of Oldtown for all my life, some 68 years. I have never known of anyone locally called Manny or anything similar to that.

Dated at Newport, Washington this 27th day of April 2005

Cliff Jones
Oldtown, Idaho, ph 208-437-3755

STATE OF WASHINGTON
COUNTY OF PEND OREILLE

I, Anne K Simmons, Notary in and for the State of Washington, residing at 202 W Walnut. Newport, WA do hereby certify that on this 27th day of April 2005, personally appeared before me Cliff Jones, to me known to be the individual described in and who executed the within instrument for the uses and purposes herein mentioned.

Given Under My hand and Official Seal; this 27th day of April, 2005.

NOTARY PUBLIC IN AND FOR THE STATE OF WASHINGTON

MY APPOINTMENT EXPIRES Mar 11, 2006

EXHIBIT
Q