JAY H. SORENSEN
Attorney at Law
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Phone (Shanghai,China): 86-21-5083-8542

Attorney for Plaintiff and Judgment Creditor

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT A. BISOM | CIVIL ACTION NO. 96-1320 |
| Plaintiff, | |
| v. | OPPOSITION TO MOTION TO VOID/VACATE JUDGMENT |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, ROBERT D. BRADSHAW, former Temporary Public Auditor, in his individual capacity, et al. | Date: August 9, 2005<br>Judge: Lizama |
| Defendants. | |

Defendant, Robert D. Bradshaw, filed this motion in March, 2005 to be relieved of his liability as established by the judgment entered against him on March 10, 2000. As will be demonstrated by the discussion below there are five different reasons why this motion should, indeed, must as a matter of law, be denied. Each one of these points is independently reason enough for denial.

PROCEDURAL BACKGROUND

Plaintiff first filed this case in the United States District Court for the Northern Mariana Islands on November 14, 1995. On November 6, 1996 on motion of defendants,

1

DATE:

EXHIBIT
"R"

the district court entered Order Granting Defendants' Motion for Judgment on the Pleadings and Dismissing Remaining Claims for Lack of Jurisdiction. During the time the case was pending in federal court plaintiff took the deposition of defendant Bradshaw over two days in September, 1996 in the city of Spokane, Washington.

The case having been dismissed for lack of jurisdiction from federal court, plaintiff filed the case in this court on December 5, 1996.

The case then went through three years of pretrial motions and maneuvers, including twice being removed to U.S. District Court by the Attorney General, on behalf of all defendants. Both times the case was remanded back to Superior Court. Defendants also filed a motion to dismiss, resulting in the Decision and Order on Defendants' Motion for Lack of Personal Jurisdiction and Failure to State a Claim and on Defendants' Motion for a More Definite Statement filed November 6, 1998.

The case came on for jury trial on February 7, 2000. The first matter taken up was defendants' Motion to Remove Case from Trial Docket, arguing that because defendant Bradshaw had not yet been served, the case should go off calendar. Order Denying Motion to Remove Case from Trial Docket was filed on February 22, 2000, effective nunc pro tunc to February 7, 2000. On February 14, 2000 at the request of plaintiff default was entered as to defendant Robert D. Bradshaw.

The jury returned its general verdict on special findings on February 25, 2000 in favor of plaintiff as to defendants Robert D. Bradshaw and the CNMI, and in favor of defendant Scott Tan. Order and Judgment was entered on March 10, 2000 for $139,000 against Robert D. Bradshaw and for $110,300 against the CNMI.

Exhibit R

Appeal by defendants was later abandoned. Appeals by plaintiff on issues of damages and indemnification were unsuccessful. *Bisom v. Commonwealth*, 2000 MP 19. Acknowledgment of Full Satisfaction of Judgment as to defendants CNMI and Leo LaMotte, Public Auditor, in his official capacity was filed on March 14, 2003.

Plaintiff also appealed the dismissal of the federal claims by the district court to the Ninth Circuit Court of Appeals. *Bisom v. C.N.M.I. et al.*, Ninth Circuit Appeal No. 96-17369. That appeal resulted in the dismissals being sustained. However, it should be noted, that at the time pertinent to the issues brought by this motion, the Attorney General was the attorney of record for defendant Bradshaw in that appeal and was actively representing him.

### 1. THE MOTION MUST BE DENIED AS UNTIMELY

Except for making reference to certain constitutional principles in very general terms, defendant's motion fails to cite any authority providing a legal basis for what he seeks. However, relief from a judgment or order is governed here by Rule 60 of the Commonwealth Rules of Civil Procedure. Under subsection (b) of that rule, all such motions "shall be made within a reasonable time," and where the basis is "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," as is the allegation here, then the motion must be "not more than one year after the judgment, order, or proceeding was entered or taken."

Defendant has taken five years to bring this motion. No explanation is given as to why it is that he has waited so long. This is not reasonable nor within the time limit of Com.R.Civ.P. 60(b), consequently, the motion must be denied.

3

EXHIBIT R

## 2. DEFENDANT HAS NOT ESTABLISHED FRAUD

Even if this motion were timely, it would not be sufficient to vacate the judgment, because the basis of the motion has not been not proven. That basis appears to be grounded on "the fraudulent documents in court showing alleged service on BRADSHAW by the plaintiff with the alleged acceptance by an unknown and unidentified third party by certified mail." Amended Motion to Void/Vacate Judgment, ¶ 8, pp. 3-4. The exhibits defendant then relies upon, if believed, only go to show that defendant did not sign the receipt and that none of the other declarants knows who did, or who could have. Thus, even if all of defendant's evidence is accepted as fact, it does not mean when plaintiff represented to the court that he had served defendant by certified mail and defendant had signed the receipt, that this was done fraudulently.

In order to establish fraud, it must be shown by clear and convincing evidence that the person making the representation either: (1) knew or believed that what they were representing was false; or, (2) doubted the accuracy of the representation, or (3) knew they had no basis for making the representation. *Pangelinan v. Itaman*, 4 N.M.I.114, 119-120 (1994), citing Restatement of Torts, §526. There is nothing to indicate that plaintiff had any way to know or even suspect that the postal receipt that was returned did not bear the signature of the person it was addressed to. Accordingly, there is no basis to conclude there was any fraud.

## 3. MOVANT CANNOT PURPOSELY AVOID SERVICE BY REFUSING TO ACCEPT AND SIGN FOR CERTIFIED MAIL

4

EXHIBIT R

While defendant maintains he was not served, he does not deny that he received certified mail that in fact contained summons and complaint. He says in his affidavit of March 2, 2005: "In 1996 and again in 1997, I did receive two packages which were unidentified as to senders. They came via certified mail without any identification as to who their mailers were—although they did have a return post office box address. These two packages or mailings were returned to their senders by the post office as I will not willingly accept unidentified mailings from unknown party or parties." Additionally, the affidavit of David Vanderholm, defendant's previous postman, submitted by movant as Exhibit "E" in support of the amended motion, says in its second paragraph that two brown envelopes from Saipan "were returned by the Elk Post Office as Mr. Bradshaw refused to accept them."

Plaintiff, in fact, sent two such envelopes with summons and complaint during May and June, 1997 to defendant at his address in Elk, Washington by certified mail, true copies of which are attached. They were returned unopened, stamped by the postal service as unclaimed.

Mr. Bradshaw, therefore, takes the position that he can choose to be served or not by simply refusing to accept and sign for his mail. Several courts have addressed this issue and uniformly reject the argument that service can be avoided in this manner. In *Merriott v. Whitsell*, 476 S.W.2d 230 (Ark. 1972), a non-resident defendant refused to accept a Summons and Complaint sent by certified mail. The court said:

> We agree with appellant that one who is subject to the jurisdiction of the courts of this state under the act, cannot defeat the jurisdiction by the simple expedient of refusing to accept a registered letter. The avoidance of authorized service of proper process by a willful act or refusal to act on

Exhibit R

> the part of the defendant would create an intolerable
> situation and should not be permitted.

*Id.* at 232.

In *Creadick v. Keller,* 160 A. 909 (Del. 1932), the court said:

> It is clear from the record that the plaintiff's failure to fully comply with the requirements of the statute was caused by the defendant's refusal to receive the letters and sign the receipt. Such refusal made it impossible for the plaintiff to file the return receipt with his declaration. It would create an intolerable situation if the defendant could, by his own willful act, or refusal to act, prevent the plaintiff from maintaining his action. It is a situation the Court cannot recognize.

In *Patel v. Southern Brokers, Ltd.,* 289 S.E.2d 642, 643 (S.C. 1982): "[W]e think it can hardly be logically argued that one may avoid the process of the court by merely refusing to accept a letter known to contain Summons and Complaint."; and see, *Cherry v. Hefferman,* 182 So. 427, 429 (Fla. 1938) ("If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served.")

The same should be said here. The envelopes that defendant returned unopened are clearly identified as being from plaintiff's attorney, and he knew what they contained. At this point in the litigation, he was well aware that the federal claims had been dismissed and that plaintiff had refiled the case in Superior Court. He should not be allowed to choose whether he is served or not when plaintiff had properly sent summons and complaint by certified mail as authorized by statute, specifically 7 CMC §1104(a).

4. DEFENDANT WAIVED ANY DEFECT OF SERVICE BY APPEARING THROUGH COUNSEL

EXHIBIT R

The Attorney General purported to act on behalf of Bradshaw as a defendant on several occasions in this case. Thus, defendant appeared generally through counsel in the following instances:

December 31, 1996 - Removal of case to Federal Court

June 26, 1997 - Motion for More Definite Statement, Motion to Require Bond and Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and Insufficiency of Process.[1]

July 23, 1997 - Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim

December 16, 1997 - Notice of Substitution of Party Defendant (This substituted LaMotte for Bradshaw and Tan in their official capacities)

January 23, 1998 - Removal to Federal Court

June 3, 1998 - Appearance for Trial Setting

November 27, 1998 - Stipulation to extend time to Answer Complaint

In none of these appearances did the Attorney General ever indicate that Mr. Bradshaw was not represented by that office nor that service was defective. In fact, in the motion to dismiss, two claims, the Sixth and Eight causes of action, were attacked. Both of those are claims solely against Bradshaw in his individual capacity. In these the AG was clearly acting on behalf of Bradshaw personally.

The scope of apparent authority of an attorney as to procedural matters is quite broad.

> The general employment of an attorney to prosecute or defend a cause or proceeding ordinarily vests in a plaintiff's

---

[1] The insufficiency of process argument was as to defendants Tan and CNMI only, not as to Bradshaw.

7

Exhibit R

> attorney the implied authority to take all steps or do all acts necessary or incidental to the regular and orderly prosecution or management of the suit, and in a defendant's attorney the power to take such steps as he deems necessary to defend the suit and protect the interests of defendant, in so far as they affect only the remedy. By virtue of such employment the attorney also acquires, as to the courts and other parties or their counsel, the apparent authority to bind the client by taking all steps or exercising all powers that are ordinarily taken by, or conferred upon, attorneys in similar actions or causes. In proceedings before a court of record this apparent authority of an attorney is so broad, so far as the court and opposing parties are concerned, as to have been characterized as plenary in nature; and, in the absence of fraud and collusion, almost any act or omission in litigation which affects only the remedy or procedure will be treated as coming within his authority to bind his client, for the courts must deal with the parties as though they were actually present and acting in the persons of their attorneys. Otherwise stated, the authority of an attorney extends to the management of the case in all the exigencies which arise during its progress, and his broad authority in this connection cannot be questioned by the client because of the want of specific authority to do the act done or consented to, or because the attorney has in fact exceeded or violated instructions or limitations not communicated to the court or opposing parties or their counsel.

*Gasior* v. *Wentz,* 89 N.W.2d 886, 889 (N.D. 1958), quoting 7 C.J.S., Attorney and Client, § 80, pp. 898-899.

> Where an attorney's authority is not inhibited by express restrictions the attorney's management and direction of his client's case is so broad, so far as the court and opposing parties are concerned, as to be plenary in nature. [citation] Acts of an attorney on behalf of a party cannot be questioned unless *wholly unauthorized* and then only if the aggrieved party is not guilty of unreasonable delay in acting to correct the improper acts after notice or knowledge of them. [citations] In this case neither the pleadings nor the evidence reveals the slightest suggestion of restrictions on counsel for the city.

*City of Atlanta* v. *Frank,* 170 S.E.2d 265, 267 (Ga.App. 1969).

EXHIBIT R

"The appearance of an attorney is prima facie evidence of his authority to appear in the cause, and his appearance for any purpose other than to specially attack jurisdiction waives service of process, and constitutes a general appearance..." *In re Grant*, 52 F.2d 223, 224-25 (M.D.N.C. 1931). "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Piper*, 799 F.2d 489, 492 (9th Cir. 1986). The aforementioned procedures undertaken on behalf of and for the benefit of defendant Bradshaw effected a waiver of the defects in serving him, even if there had been any.

### 5. THESE ISSUES HAVING ALREADY BEEN HEARD AND DETERMINED, THE LAW OF THE CASE DOCTRINE APPLIES TO PREVENT GRANTING THIS MOTION

Before the jury trial began defendants filed their Motion to Remove Case from Trial Docket. That motion was essentially based on the argument that Bradshaw had not been served, and since he was central to the case, the matter should not go to trial, but should go off calendar. Opposition was submitted and the motion was heard before the trial was begun. The result was the Order Denying Motion to Remove Case from Trial Docket filed February 22, 2000. A true copy of that order is attached hereto, and plaintiff requests the court to take judicial notice of it. Com. R Evid. 201. It made specific findings, including: that defendant Robert D. Bradshaw was properly served but purposefully avoided service, that the Attorney General's office had appeared on his behalf, and that he had previously waived any challenge to insufficiency of process.

9

*EXHIBIT R*

Courts are generally required to follow legal decisions of the same or a higher court in the same case; this is the law of the case doctrine. *Wobol v. Villacruisis*, 4 N.M.I. 314, 318 (1995), quoting *Camacho v. J.C. Tenorio Enters., Inc.*, 2 N.M.I. 407, 413-14 (1992) (" Law of the case principles…are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards.")  Accordingly, this court is bound by the decision already made on this issue in the order of February 22, 2000.

## CONCLUSION

This motion must, as a matter of law, be denied because it is not timely made, its factual basis is insufficient, defendant cannot avoid service of process by simply refusing certified mail he knows contains summons and complaint, any right defendant had to contest service of process was waived by general appearances made on his behalf, and, finally, these issues were already heard and determined by this court and its prior ruling governs here.

Respectfully submitted,

Jay H. Sorensen (CNMI Bar No. F0127)
Attorney for Plaintiff /Judgment Creditor

I hereby certify that the foregoing hereof is a full true and correct copy of the original on file in the Office of the Clerk of Court, Susupe, Saipan, Mariana Islands

Date: 10/25/05

CLERK OF COURT
[...] MARIANA ISLANDS
[...]

10

Exhibit R

Z 142 485 879

CERTIFIED

JAY H. SORENSEN, Esq.
P.O. Box 1184
Saipan, MP 96950

TO: ROBERT D. BRADSHAW
40203 N. Newport Hwy
Elk, WA 99009

REASON CHECKED
Unclaimed
Refused
Attempted
Insufficient Address
No Such Street
No Such Number
Do not remail In State
Do not remail in this envelope



REASON CHECKED
Unclaimed
Refused
Attempted Not Known
Insufficient Address
No Such Street
No Such Number
Do not remail In State
Do not remail in this envelope



1ST NOTICE 5/9
2ND NOTICE 5/14
RETURN 5/24

this is the first
completed summons



EXHIBIT
R



CERTIFIED MAIL
Z 142 485 883

JAY H. SORENSEN, Esq.
P.O. Box 1184
Saipan, MP 96950

TO: Robert D. Bradshaw
40203 N. Newport Hwy
Elk, WA 99009



REASON CHECKED
Unclaimed
Refused
Attempted
Insufficient Not Known
No Such Address
No Such Street
No Such Number
Do not Office In State
Do not remail in this envelope



received
7/16/07 JK



REASON CHECKED
Unclaimed
Removed
Attempted
Insufficient Not Known
No Such Address
No Such Street
No Such Number
Do not Office In State
Do not remail in this envelope

1ST NOTICE 6-9
2ND NOTICE 6-14
RETURN 6-24



EXHIBIT R

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _July 19, 2005_ a copy of the within OPPOSITION TO MOTION TO VACATE/VOID JUDGMENT was deposited for delivery to the U.S. Post Office, first class mail, postage prepaid, addressed as set forth below:

>Robert D. Bradshaw
>P.O. Box 473
>1530 W. Trout Creek Road
>Calder, Idaho  83808

_Jay H. Sorensen_
Jay H. Sorensen

EXHIBIT
R