ORIGINAL

**WILLIAM C. BUSH**
**OFFICE OF THE ATTORNEY GENERAL**
Commonwealth of the Northern Mariana Islands
2nd Floor Administration Bldg.
Caller Box 10007
Capitol Hill, Saipan, MP 96950
Phone: (670) 664-2341     Fax: (670) 664-2349
E-mail: b.bush@saipan.com
**Attorneys for Defendants**

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Robert A. Bisom,<br><br>                    Plaintiff,<br><br>                    v.<br><br>CNMI, et al.<br><br>                    Defendants. | **CIVIL ACTION NO. 96-1320**<br><br>**ANSWER OF DEFENDANTS**<br>**CNMI, LEO L. LAMOTTE,**<br>**SCOTT KHENG SHANG TAN** |

**I.**
**Introduction**

Defendants government of the Commonwealth of the Northern Mariana Islands; Leo

L. Lamotte, Public Auditor of the CNMI; and  Scott Kheng Shang Tan, former Public

Auditor of the CNMI, answer Plaintiff's Fourth Amended Complaint ("Complaint") in the

following numbered paragraphs corresponding to the numbered paragraphs of the

Complaint.  Unless specifically stated therein, each separate paragraph represents the

response of all above-named defendants.  Any allegation not specifically admitted is denied.

Exhibit W

## II.
### Jurisdiction

1.    Admitted, except that the Superior Court does not have subject matter jurisdiction of any dispute arising from the allegations stated in paragraph 28 of the Complaint and based on a theory that Plaintiff is entitled to the protection of the CNMI Civil Service Act, and except that the Superior Court lacks subject matter jurisdiction over any claim against the CNMI or its officials and employees when acting in their official capacity for which sovereign immunity has not been waived under 7 CMC §2201 et seq.

## III.
### Parties

2. Admitted.

3. Admitted, except that Defendants deny, for lack of information sufficient to form a belief as to the truth of the allegation, the allegation that Robert Bradshaw is now a resident of the state of Washington.

4. Admitted.

5, Admitted.

## IV.
### General Allegations

6. Admitted.

7. Admitted.

*EXHIBIT*
*W*

8.  Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 8 of the Complaint, and therefore deny the material allegations of the paragraph.

9.  Admitted.

10.  Admitted.

11.  Admitted.

12.  Admitted.

13.  Admitted.

14.  Denied.

15.  Admitted.

16.  The allegations contained in Paragraph 16 are admitted to the extent that they state that defendants Bradshaw and Tan were acting in their official capacities, their individual capacities, or both.  To the extent the allegations of paragraph 16 may be interpreted to allege which specific capacity any particular defendant was acting in with respect to any other allegation of the Complaint, the allegations of paragraph 16 state conclusions of law which Defendants are not required to admit or to deny.  To the extent the allegations are considered to be factual allegations, they are denied.  To the extent that the allegations of paragraph 16 assume that Defendants took actions in other paragraphs of the Complaint, the allegations are admitted or denied consistent with Defendants' answers to the more specific allegations of the Complaint.

*EXHIBIT*

*W*

17. Defendants deny for lack of knowledge the allegation that Plaintiff has incurred attorneys fees, and deny all other allegations contained in paragraph 17 of the Complaint.

## V.
## First Claim

18—23. No response is necessary.

## VI.
## Second Claim

24—25. No response is necessary.

## VII.
## Third Claim—CNMI Constitutional Violations Against Defendants Bradshaw, Individually and Officially, and the CNMI

26. Defendants' responses to paragraphs 1-17 apply to the paragraphs of the Complaint referenced in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 27 contains material factual allegations, such portion is denied.

28. Paragraph 28 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 28 contains material factual allegations, such portion is denied.

*EXHIBIT*
*W*

29. Paragraph 29 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 29 contains material factual allegations, such portion is denied.

30. Paragraph 30 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 30 contains material factual allegations, such portion is denied.

31. Paragraph 31 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 31 contains material factual allegations, such portion is denied.

## VIII.
### Fourth Claim—Contract against Defendant CNMI

32. Defendants' responses to paragraphs 1-17 and 31 apply to the paragraphs of the Complaint referenced in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 33 contains material factual allegations, such portion is denied.

34. Paragraph 34 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 34 contains material factual allegations, such portion is denied.

*EXHIBIT W*

## IX.
### Fifth Claim—Wrongful Discharge Against Defendant CNMI

35. Defendants' responses to paragraphs 1-17 and 31 apply to the paragraphs of the Complaint referenced in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint alleges a conclusion of law that need not be responded to. To the extent any portion of paragraph 36 contains material factual allegations, such portion is denied.

37. Paragraph 36 of the Complaint alleges a conclusion of law that need not be responded to. To the extent any portion of paragraph 37 contains material factual allegations, such portion is denied.


## X.
### Sixth Claim—Intentional causing Emotional Distress Against Defendant Bradshaw Individually

38. Defendants' responses to paragraphs 1-17 and 31 apply to the paragraphs of the Complaint referenced in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

40. The caption preceding paragraph 40 of the Complaint indicates that paragraph 40 applies only to Defendant Bradshaw. The language of the paragraph, however refers to "defendants". To the extent that any portion of the allegations, including allegations that are

*EXHIBIT*
*W*

in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

41. Paragraph 41 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

42. Paragraph 42 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

43. Paragraph 43 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

## XI.
### Seventh Claim—Indemnification Against Defendant CNMI

44. Defendants' responses to paragraphs 1-17 apply to the paragraphs of the Complaint referenced in paragraph 44 of the Complaint.

45. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 45 of the Complaint, and therefore the allegations are denied.



EXHIBIT
W

46. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 46 of the Complaint, and therefore the allegations are denied.

47. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 47 of the Complaint, and therefore the allegations are denied.

48. Paragraph 48 of the Complaint alleges a conclusion of law that need not be responded to.  To the extent any portion of paragraph 48 contains material factual allegations, such portion is denied.

49. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 49 of the Complaint, and therefore the allegations are denied.

50. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 50 of the Complaint, and therefore the allegations are denied.

51. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 51 of the Complaint, and therefore the allegations are denied.

## XII.
### Eighth Claim—Violations of Civil Service Act Against Defendant Bradshaw Individually
### (1 CMC 8101 et seq.)

52. Defendants' responses to paragraphs 1-17  and 31 apply to the paragraphs of the Complaint referenced in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary.  To the extent, however that any portion

of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

54. Paragraph 54 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

55. Paragraph 55 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

56. Paragraph 56 of the Complaint is captioned to apply solely to Defendant Bradshaw, and therefore no response is necessary. To the extent, however that any portion of the allegations, including allegations that are in fact legal conclusions, are intended to apply to Defendants CNMI, Lamotte, or Tan, such portion of the allegations is denied.

## XIII.
### Ninth Claim—Quantum Merit Against Defendant CNMI

57. Defendants' responses to paragraphs 1-17 apply to the paragraphs of the Complaint referenced in paragraph 57 of the Complaint.

58. Admitted.

59. Denied.

*EXHIBIT W*

60. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 60 of the Complaint, and therefore the allegations are denied.

61. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 61 of the Complaint, and therefore the allegations are denied.

## XIV.
### Tenth Claim—Promissory Estoppel Against Defendants
### Tan, Officially and Individually and the CNMI

62. Defendants' responses to paragraphs 1-17 and 31 apply to the paragraphs of the Complaint referenced in paragraph 62 of the Complaint.

63. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 63 of the Complaint, and therefore the allegations are denied.

64. Defendants do not possess sufficient knowledge to admit or to deny the allegations of paragraph 64 of the Complaint, and therefore the allegations are denied.

65. Admitted.

66. Denied.

67. Allegations in paragraph 67 of the Complaint referencing actions taken by defendant Tan are denied. Defendants do not possess sufficient knowledge to admit or to deny the remainder of paragraph 67 of the Complaint, and therefore deny the remaining allegations contained in paragraph 67.

68. Denied.

EXHIBIT
W

69. Paragraph 69 of the Complaint alleges several conclusions of law that need not be responded to. To the extent any portion of paragraph 69 contains material factual allegations, such portion is denied.

## XV.
### Eleventh Claim—Fraudulent Misrepresentation Against Defendant Tan Individually

70. Defendants' responses to paragraphs 1-17, 31 and 63 through 69 apply to the paragraphs of the Complaint referenced in paragraph 70 of the Complaint.

71. Denied.

72. Paragraph 72 of the Complaint alleges a conclusion of law that need not be responded to. To the extent any portion of paragraph 72 contains material factual allegations, such portion is denied.

73. Denied.

## XVI.
### Prayer for Judgment

The remaining paragraphs of the Complaint constitute a prayer for relief, to which no responsive pleading is required. To the extent that any material factual allegations are contained therein, they are denied.

EXHIBIT
W

# XVII.
## Affirmative and Additional Defenses.

**A.    Failure to State a Claim**

The Complaint fails to state a claim for which relief may be granted in the third, sixth, seventh, ninth, tenth, and eleventh claims.

**B.    Limitation of Remedies**

Plaintiff's employment contract with the CNMI contains exclusive remedies related to termination of the contract, as set forth in the explicit terms of the contract and the Excepted Service Personnel Regulation referenced therein. In the event Plaintiff proves that his termination for cause was not justified, Plaintiff's sole remedy under his contract of employment with the CNMI government is to convert the "termination for cause" into a "termination without cause". In such event, Plaintiff would be entitled only to the difference in compensation due him under the two forms of termination, or approximately salary and benefits for 53 calendar days. Plaintiff's contract does not authorize any additional remedies for other damages. Plaintiff is bound by the terms of his contract and by the limitations of 7 CMC §2201 et seq. with respect to suits against the government and its officers acting in their official capacity.

**C.    Lack of Subject Matter Jurisdiction—Sovereign Immunity**

The Commonwealth Superior Court does not have subject matter jurisdiction over all claims for which the government (Defendants CNMI, Lamotte, and Tan in his official capacity) has not waived its sovereign immunity under 7 CMC §2201 et seq. All claims not

*Exhibit*
*W*

statutorily authorized under 7 CMC §2201 et seq., or other law referenced in 7 CMC §2201 et seq., may not be brought in Superior Court.

**D.      Lack of Subject Matter Jurisdiction—Exclusive Administrative Remedy**

The Commonwealth Superior Court does not have jurisdiction to entertain claims related to any termination rights that may be derived from the Civil Service Act, 1 CMC §8101 et seq.  Jurisdiction over claims for termination under the Civil Service Act is vested exclusively in the Civil Service Commission.

**E.      Payment and Discharge**

Plaintiff was paid and accepted full payment as provided for in his employment contract with the CNMI.   Defendants fully complied with their obligations under the contract and are discharged from any further liability thereunder.

I hereby certify that the foregoing hereof is a full true and correct copy of the original on file in the Office of the Clerk of Courts, Susupe, Saipan, Mariana Islands.

Date: 6-7-2006

CLERK OF COURT
NORTHERN MARIANA ISLANDS
SAIPAN, MP 96950

Dated:  March 30, 1999

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

by:   *William C. Bush*

WILLIAM C. BUSH
Attorneys for Defendants

JAY H. SORENSEN
Attorney at Law
4th Floor, Suite A
Horiguchi Building
P.O. Box 1184
Saipan, MP 96950
Tel. No. 234-1414
Fax. No. 234-1417

Attorney for Plaintiff

# IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ROBERT A. BISOM, | ) | CIVIL CASE NO. 96-1320 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING MOTION TO** |
| | ) | **REMOVE CASE FROM TRIAL** |
| COMMONWEALTH OF THE | ) | **DOCKET** |
| NORTHERN MARIANA ISLANDS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants' Motion to Remove Case from Trial Docket, filed January 31, 2000, came

on for hearing on February 7, 2000 before the Honorable Alexandro C. Castro, judge pro

tem, presiding. Jay H. Sorensen appeared for plaintiff and L. David Sosebee appeared for

defendants.

The matter having been heard and taken under advisement, the Court finds:

1. The motion relies on facts set forth in a form that fails to comply with the

1

requirements of a supporting affidavit or declaration.

2. Defendant Robert D. Bradshaw was properly served by mail, return receipt requested but purposefully avoided service.

3. The Office of the Attorney General has appeared on behalf of Robert D. Bradshaw as his attorney of record.

4. Defendant, Robert D. Bradshaw, has waived any potential challenge to insufficiency of service of process by his previously bringing a motion to dismiss without joining such motion.

5. Vacation of the trial date, in light of the time this case has been pending, in light of the efforts of plaintiff to answer ready for trial on the date set for trial, the added expense of a continuance and the lateness of this motion weighs in favor of denial.

Accordingly, good cause appearing, IT IS ORDERED that defendants' motion to vacate trial date is denied.

It is further ordered that this should be effective nunc pro tunc to the dates of the oral announcement of this decision on February 7, 2000.

Dated: *Feb. 22, 2000.*

ALEXANDRO C. CASTRO
Judge Pro Tem of the Superior Court

I hereby certify that the foregoing hereof is a full true and correct copy of the original on file in the Office of the Clerk of Court, Saipan, Mariana Islands.

1/25/05

*EXHIBIT*

*X*

2

COPY

L. David Sosebee
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Civil Division - Capitol Hill
2nd Floor Administration Bldg.
Saipan, MP 96950
Telephone:   (670) 664-2341
Telecopier:   (670) 664-2349

Attorney for Defendants CNMI, LaMotte, and Tan

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ROBERT A. BISOM,

Plaintiff,

v.

COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS, *et al.*,

Defendants.

CIVIL ACTION NO. 96-1320

DECLARATION OF L. DAVID
SOSEBEE

Pursuant to Com. R. Civ. P. 6(c), L. David Sosebee declares the following:

1.    I am an Assistant Attorney General of the Commonwealth of the Northern Mariana Islands.

2.    Defendants seek to shorten time for the hearing of defendants' Motion To Remove Case From Jury Trial Docket.

3.    On January 28, 2000, plaintiff served a Notice in Lieu of Subpoena requesting that the defendants, Bradshaw, Tan and LaMotte appear for

1

*Exhibit Y 29*

trial on February 8, 2000, at 9:00 a.m. The Office of the Attorney General represents defendants Tan and LaMotte. The office does not represent defendant Bradshaw.

4.    Plaintiff's counsel have previously been advised that the office does not represent Mr. Bradshaw and that Mr. Bradshaw has not been served with citation in this case and has not appeared. Without service on Mr. Bradshaw, this case is not ready for trial.

5.    Defendants seek to shorten time for the hearing of these motions because a named defendant has not been served in this suit and the case is set for trial the week beginning February 7, 2000.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 31, 2000 at Saipan, Commonwealth of the Northern Mariana Islands.

_____/s/_____
L. David Sosebee
Assistant Attorney General

2

EXHIBIT
Y    30