F I L E D
Clerk
District Court

OCT 13 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,<br><br>Defendants. | Case No. CV-05-0027<br><br>**NOTICE OF ORDER DENYING PLAINTIFF'S MOTION FOR COSTS OF SERVICE UPON DEFENDANT SOSEBEE** |

**THIS MATTER** came before the court on October 12, 2006, on plaintiff's motion for costs of service upon defendant Sosebee. Plaintiff appeared *pro se* by telephone; defendant Sosebee appeared by and through his attorney Gregory Baka.

**THE COURT**, considering the arguments of the parties, **DENIED** plaintiff's motion for costs of service.

Pursuant to Federal Rule of Civil Procedure 4(d) ("Rule 4(d)"), "[i]f a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Accordingly, as a procedural matter, Federal Rule of Civil Procedure 54(d)(1) does not apply because Rule 4(d) expressly provides that the court impose the costs of service upon the non-waiving party. *See* Fed. R. Civ. P. 54(d)(1) ("Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .").

//

Here, plaintiff has proven that he has complied with the procedure mandated by Rule 4(d). Plaintiff sent a written notice on June 21, 2006, to defendant Sosebee by U.S. Priority Mail with delivery confirmation to defendant Sosebee's post office box in Bryan, Texas. The U.S. Postal Service confirmed that the letter was placed in Sosebee's post office box in Bryan, Texas. Accordingly, it is defendant Sosebee's burden to prove that good cause exists for why he failed to waive service.

Defendant Sosebee contends that good cause exists because he never received plaintiff's request for waiver of service. Defendant Sosebee, under penalty of perjury, declared that he never received a request for waiver of service. He declared that he moved from his home in Bryan, Texas, to his home in Austin, Texas, on June 5, 2006. He further declared that since his move, and despite having his mail forwarded to his new address in Austin, Texas, he has not received any mail from plaintiff. Accordingly, because defendant Sosebee has shown good cause why he did not waive service, **THE COURT DENIES** plaintiff's motion for costs of service under Rule 4(d) upon defendant Sosebee.

**IT WAS SO ORDERED.**

DATED this __13TH__ day of October, 2006.

_____
ALEX R. MUNSON
Judge