MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for *Defendant Robert A. Bisom*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>              Plaintiff,<br><br>    vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, PAMELA BROWN, ROBERT BISOM and JAY H. SORENSEN,<br><br>              Defendants. | CASE NO. CV 05-00027<br><br>NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT<br><br><br>Date: Thursday, November 30, 2006<br>Time: 8:30 a.m.<br>Judge: Hon. Alex R. Munson |

NOTICE OF MOTION AND MOTION

Please take notice that on the 30th day of November, 2006, at 8:30 a.m. in the above-entitled Court located in the First Floor, Horiguchi Building, Garapan, Saipan, Commonwealth of the Northern Mariana Islands, or a soon thereafter as this matter may be heard, Robert A. Bisom, through the undersigned counsel, will and does hereby bring the following Motion to Strike Portions of Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(f). This motion is supported by the pleadings and records on file in this matter, and by the supporting Memorandum incorporated herein.

MEMORANDUM IN SUPPORT OF MOTION

A.   FACTS.

Plaintiff makes a substantial number of allegations in his Third Amended Complaint that have no bearing on this matter and/or are pled merely to incite an emotional response and/or are pled to cause others embarrassment and/or are merely an unwarranted and biased criticism of race and culture and/or are wholly unsubstantiated nor could the allegations ever be substantiated.  Among those allegations are the following:

• Paragraphs 126-127:  Bradshaw alleges generally that "for years" some CNMI judges have been accused of corruption and racketeering in their actions, and he goes on to allege that a sitting Justice of the Commonwealth Supreme Court caused a former Justice of the Court to improperly receive "large sums of money" and that the sitting Justice "shared in this money plunder."

• Paragraph 139:  Bradshaw alleges that some of the defendants are "crooks" and states, generally, that "on Saipan, it would be easy to pay a bribe to a Saipan postal employee and have documents date stamped however desired."

• Paragraph 150: Alleges that Commonwealth Supreme Court Justices are "guilty of misconduct" and would, because of judicial immunity and questions of jurisdiction "escape any liability for their wrong/illegal actions." [The Court has already dismissed two sitting Justices and a Justice *pro tem* from this case.]

• Paragraph 322:  Bradshaw alleges that the Commonwealth Office of the Attorney General "has historically had a reputation for incompetence and lack of diligence accruing because many of the personnel are short timers more interested in beach time, snorkel diving and leisure activities than in legal work."

• Paragraph 334: Bradshaw alleges that "The prevalence of criminal and racketeering activities in the CNMI government and among its employees are [sic] well established."  Bradshaw then goes on to allege, again, that a sitting Justice of the Commonwealth Supreme Court "used his office to bestow an improper/illegal payment of

almost $300,000.00 to his colleague" and that the Justice "shared in this plunder." Bradshaw goes on to recite various "examples" involving various Commonwealth officials that he apparently culled from *news reports* to substantiate his allegations of widespread public corruption.

- Paragraph 358: Bradshaw alleges that the Commonwealth Government has a "policy to discriminate against persons of non-NMI racial descent" citing, by way of example, Articles XI and XII of the Commonwealth Constitution. Bradshaw goes on to allege that "This racial discrimination permeates throughout the whole structure of government in its dealing with persons of non-NMI racial descent." Bradshaw also accuses the "[non-NMI descent] AG lawyers and court officials" of complicity in intentional discrimination in order to save their jobs.

- Paragraph 359-360: Bradshaw again alleges that the [non-NMD] Government Defendants in this action, though not likely to engage in racial discrimination "in their own right"

> would gladly accept money as paid lawyers to defend and work for the racial discrimination interests of the CNMI. After all, gangsters like Al Capone and Lucky Luicano could and did buy the best lawyers available with money. The same applies to defendants SORENSEN and BISOM who stood to gain by participating with the CNMI in its discrimination against BRADSHAW.

This list is demonstrative, not exhaustive, but at the very least the above-referenced allegations contained in Plaintiff's Third Amended Complaint should be struck from this and any subsequent pleadings, if any, filed by Plaintiff in this matter.

B.   STANDARD FOR MOTIONS TO STRIKE.

Under Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "has no essential or important relationship to the claim for relief. . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, 5C FEDERAL PRACTICE AND PROCEDURE 5 1382, at 458 (1990)). Impertinent matters

1  "do not pertain, and are not necessary, to the issues in question." *Id.* (quoting Wright, *supra*
2  at 1382, at 463). Scandalous matter "improperly casts a derogatory light on someone" unless
3  the matter is relevant to the case. Wright, *supra* 5 1382, at 46567.

4  C.  PLAINTIFF'S THIRD AMENDED COMPLAINT CONTAINS IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS THAT SHOULD BE STRUCK.

The allegations contained in above-described paragraphs that Plaintiff has chosen to include (or leave) in his Third Amended Complaint add no substance to the allegations he makes against the named defendants therein and serve only to embarrass individuals, attack cultures and generally confuse the issues about which Plaintiff complains. Bradshaw's outrageous allegations are based on nothing more than speculation, innuendo, unsubstantiated assertions contained in notoriously false news reports, and interjection of his own obvious animosity towards persons of Northern Marianas descent.

Because the allegations contain nothing of substance, because they are based solely on Bradshaw's conjecture and hyperbole, and because such allegations merely import impertinent, irrelevant and scandalous matters into these proceedings, the offending allegations of such paragraphs, in addition to any and all other similarly offensive allegations identified by the Court, should be struck from this and future pleadings, if any, of Plaintiff.

Respectfully submitted this 3rd day of November, 2006.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:  (670) 233-8600
Facsimile:   (670) 233-5262

Attorney for Robert A. Bisom

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

I hereby certify that this day a copy of the foregoing was deposited in the United States Post Office, first class mail, postage prepaid, addressed to the following:

Robert D. Bradshaw, Plaintiff *pro se*
P.O. Box 473
1530 W. Trout Creek Road
Calder, Idaho  83808

Gregory Baka, Assistant Attorney General
Office of the Attorney General
Civil Division—Capitol Hill
Second Floor, Juan A. Sablan Memorial Building
Caller Box 10007
Saipan, MP 96950

Jay H. Sorensen, Esq.
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022

DATED: ___November 3, 2006___         /s/ Mark B. Hanson
                                                              MARK B. HANSON