F I L E D
Clerk
District Court

NOV 1 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW <br><br> Plaintiff <br><br> v. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. <br> Defendants | ) Case No. CV 05-0027 <br> ) <br> ) <br> ) <br> ) <br> ) **PLAINTIFF'S MEMORANDUM** <br> ) **OPPOSING MOTION OF ROBERT** <br> ) **A. BISOM TO STRIKE PORTIONS** <br> ) **OF THIRD AMENDED COMPLAINT** <br> ) Hearing Nov 30, 2006 <br> ) Time: 0830 AM, <br> ) Judge Alex R. Munson |

### Introduction and General

1. Comes now plaintiff to oppose defendant Bisom's motion to strike portions of the third amended complaint on the basis of Federal Rules of Civil Procedure (FRCP) rule 12(f) and on allegations based on plaintiff's "biased criticism of race and culture" (line 6, page 2) and Bradshaw's "own obvious animosity towards persons of Northern Mariana descent" (lines 12-13, page 4). In other words, if a complainant complains of race-based discrimination in the CNMI, it means, per Mr Bisom, that the complainant himself is guilty of racial biased criticism and racial animosity. Under this theory, discrimination under 42 USC 1981 in the CNMI could not proceed in a US court. Does defendant's charge of racial

1

discrimination by Bradshaw against people of NMI descent mean that this charge will now go before a Saipan jury?

2. As the defendant correctly cites, the presence of even scandalous matter must ultimately devolve to its relevance. If it is relevant, it belongs in the complaint. All the issues raised by defendant are relevant and belong in the complaint.

3. FRCP rule 9(b) requires that fraud and mistakes be pled with particularity. This rule also states: "Malice, intent, knowledge, and condition of mind of a person may be averred generally." As a minimum, the complaint meets these tests.

4. Wright and Miller's Federal Practice and Procedure (v. 5A, p. 592) cites a number of supporting cases and says "under the framework of the rules, plaintiff is not required either to disclose the facts underlying his claim or to limit the issues he wishes to raise after he has had an opportunity to engage in discovery." As a minimum, all statements in complaints are made in the context of allegations. The pleading does not have to prove them with facts.

5. Wright & Miller (v. 5A, p. 647) add:"Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor," citing Stablisierungsfonds v. Kaiser Stuhl Wine Distributors, Pty. Ltd. (C.A. 1981 647 F.2nd 200, 201, 207 U.S. App. D.C. 375); Bennett v. Spoor Behrins Campbell & Young Inc. (D.C. N.Y. 1989. 124 F.R.D. 562); etc.

6. Wright & Miller also note (v. 5A, p. 646, 650-651) the question of whether the issue is prejudicial to the movant. It must be shown that the issues involved are prejudicial to the movant. Of course, many of the examples cited in defendant's motion are not prejudicial to defendant Disom as they address other parties--like the AG and Justice Castro. Since they

2.

are not prejudicial to Bisom, he should not now address them. If the court finds that certain references in pleading are prejudicial, only those references should be stricken and not the entire paragraph.

7. Weight & Miller (v. 5A, p 648) cite cases which provide that "Although portions of plaintiff's complaint were largely irrelevant and in violation of the requirement of a 'short and plain statement of the claim showing that the pleader is entitled to relief,' striking portions of the complaint were unwarranted when the issues would be sufficiently narrowed after defendants file their answer and in the pretrial statement, and requiring defendants to answer the complaint in its present form would impose no great burden of pleading."

### Specifics

8. That some CNMI judges have been accused of corruption (line 8, p. 2). Actually, at least one CNMI Supreme Court judge was tried in federal court on this matter. A number of other allegations have been made--including several against Justice Castro (several more than just the one cited by plaintiff in the complaint).

9. That some defendants are crooks and on Saipan it would be easy to pay a bride to a post office employee and receive whatever one would want on a postal document (line 14, p. 8). This is a true statement of fact. It is extremely relevant in addressing the actions of defendant(s) Sorensen/Bisom in the production of fraudulent documents which were submitted to the CNMI courts.

10. Misconduct by CNMI judges (line 17, p. 8)? This is addressed above in paragraph 8 and in truth. As far as the alleged facts on the court dismissing three justices from this case, this allegation is not true. The Court did dismiss one justice but not three as charged.

11. AG incompetence and lack of diligence because of some personnel being more interested in leisure activities than legal work (line 21, p. 8). This is a true statement of fact. Almost all employees in the CNMI government come to work late in the mornings--sometimes from 30 to 120 minutes late. Many or most of them take many breaks and leave early in the afternoon. If you call many offices or people during work hours, the often response from an answering machine is that the employee is not at his desk. This lack of work affects not only local employees but also state-side people in the AG's office. This reality tremendously affects the performance of the work of the AG in case 96-1320 and the lack of care.

12. That there is a prevalence of criminal and racketeering activities in the NMI. This is an undisputed fact which cannot be argued. The complaint cites some of these realities.

13. That CNMI Government policy is to discriminate against persons of non-NMI descent (line 6, p. 3; line 12, p. 3). This fact is not in dispute by anyone reading the CNMI constitution. The AG lawyers will of course argue that they could not possibly discriminate against Bradshaw since they are also state-side Americans. But, they did. Why because of being on the payroll and paid to specifically support and promote the government wide discrimination against outsiders. There was a clear presence of discrimination against Bradshaw and the policy continued under AG Brown. Not only was Brown guilty of conspiracy and discrimination but plaintiff could just as well sue another seven or more people in the AG's office for their conduct in 2004 and early 2005--because they all participated in a conspiracy of understanding and discrimination against Bradshaw

**Conclusion**

4

14. Of course, this whole theme involves discretionary decisions by the court. But for most of the above, the defendant has not shown them to be prejudicial to his person. And in all cases, the issues involve statements of facts and allegations which go to support and justify the pleadings in the complaint. They are relevant and essential in the context as used.

15. For the above reasons, plaintiff requests that the court deny the motion to strike the several items cited. A proposed order is attached.

16. In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 [Sixth Circuit USCA]). Finally, a reviewing court is required to take notice of and incorporate relevant statutes and rules and precedents even if not pleaded in the complaint by a pro se plaintiff (Haines v. Kerner, 404 US 519, 30 L. Ed 2d 652, 92 S. Ct. 594 (1972)).

17. For his part, plaintiff wavies any necessity for a oral hearing on this motion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this _____ day of November 2006 at Calder, Idaho.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of Nov 2006, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Gregory Baka, Dep Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se