F I L E D
Clerk
District Court

DEC - 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,<br><br>Defendants. | Case No. CV-05-0027<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BISOM'S MOTION TO STRIKE** |

**THIS MATTER** came before the court on November 30, 2006, on defendant Bisom's motion to strike portions of plaintiff's third amended complaint. Plaintiff waived oral argument; defendant Bisom appeared by and through his attorney Mark Hanson; and defendant Sorensen appeared *pro se* by telephone.

**THE COURT**, considering the arguments of the parties, **GRANTS IN PART AND DENIES IN PART** defendant Bisom's motion to strike.

Under Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "has no essential or important relationship to the claim for relief . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 458 (1990)). Impertinent matters "do not pertain, and are not necessary, to the issues in question." *Id.* (quoting Wright, *supra* § 1382, at 463). Scandalous matter "improperly casts a derogatory light on someone" unless the matter is relevant to the case. Wright, *supra* § 1382, at

465-67.[1] However, because of the dilatory tactics involved and because the jury will not receive the complaint, Rule 12(f) motions to strike are not favored. Wright, *supra* § 1382, at 434-36.

**I. Paragraphs 126 and 127**

Paragraphs 126 and 127 of plaintiff's third amended complaint states:

> For years, some of the [Commonwealth of the Mariana Islands ("CNMI")] courts and judges have been accused of corruption and racketeering in their actions. Judge Castro as a probate judge in 2000 arranged for his colleague Pedro Atalig (who was one of the Supreme Court justices who heard the 96-1320 appeal) to receive large sums of money in cases before Castro.
> Allegedly, these Castro directed payments were improper. Allegedly, Castro shared in this money plunder funneled through Pedro Atalig.

Paragraphs 126 and 127 attempt to show that alleged co-conspirator Justice Castro is a bad person, which is immaterial to defendant's grievances. Accordingly, defendant Bisom's motions to strike paragraphs 126 and 127 are **GRANTED**.

**II. Paragraph 139**

Paragraph 139 of plaintiff's third amended complaint states:

> When a court is dealing with crooks who have and will enter fraudulent documents in court in order to obtain a default judgment, alleged mailings like these two certified mail letters prove nothing simply because it is such a simple task to fraudulently prepare envelopes like these two were prepared. Admittedly, with the new post office tracking capability since 2004, certified documents are easier to now validate. But in 1997, this was out of the question. Thus, it is easy to have fraudulent rubber post office stamps made to samp any document. For that matter, on Saipan, it would be easy to pay a bribe to a Saipan postal employee and have documents date stamped however desired.

This paragraph is pertinent and material to plaintiff's allegation that the U.S. postal receipts that were entered into evidence in the underlying case are fraudulent. Accordingly, defendant Bisom's motion

---

[1] This paragraph was included in defendant Bisom's memorandum supporting his motion to dismiss without citing to the court's Order of March 20, 2006, at 2, Rong v. Hong Kong Entm't (Overseas) Inv., Ltd., CV-05-0048, No. 17 (D. N. Mar. I. Mar. 20, 2006).

to strike paragraph 139 is **DENIED**.

**III. Paragraph 150**

Paragraph 150 of plaintiff's third amended complaint states:

> While the Supreme Court justices were also guilty of misconduct in the way they handled case 96-1320, plaintiff Bradshaw is not making a claim against them in this [third] amended complaint. Because of judicial immunity and questions of jurisdiction, these justices would probably escape any liability for their wrong/illegal actions.

This paragraph is material and pertinent to plaintiff's claim that a conspiracy existed. Accordingly, defendant Bisom's motion to strike paragraph 150 is **DENIED**.

**IV. Paragraph 322**

In pertinent part, paragraph 322 of plaintiff's third amended complaint states: "The AG's office has historically had a reputation for incompetence and lack of diligence accruing because many of the personnel are short timers more interested in beach time, snorkel diving and leisure activities than in legal work."

The section of paragraph 322 attempts to show that defendants Forelli, Bush, Cotton, Sosebee, Clayton, and Brown are bad people, which is immaterial to defendant's grievances. Accordingly, defendant Bisom's motion to strike this portion of paragraph 322 is **GRANTED**.

**V. Paragraph 334**

Paragraph 334 of plaintiff's third amended complaint states:

> The prevalence of criminal and racketeering activities in the CNMI government and among its employees are well established. As cited herein, SC Justice Castro is alleged to have used his judicial position in the year 2000 to rip off parties before his court. In one instance he allegedly used his office to bestow an improper / illegal payment of almost $300,000 to his colleague [Pedro] Atalig. Castro allegedly shared in this plunder. As recently as July 2006, the local Saipan papers reported on several of the currently acknowledged corruption cases on going in the CNMI. For example, Crispin Kaipat, Clerk of the Supreme Court, misappropriated some $36,000 from a deceased estate

which he administered; Ramon Mafas, Commissioner of Public Safety, allegedly made off with $650,000 from the estate of his deceased brother; Raajkumar Kurapati, Chief Financial and Administration Officer of the Northern Mariana College, was accused of receiving $7,666 in improper annual leave payment; Benigno Fejeran, Member of Board of Directors of the Comonwealth Ports Authority, was accused of improper business dealings; the Saipan Liberation Day Committee allegedly misused up to $50,000; and eight new corruption cases are being investigated by the Public Auditor.

Paragraph 334 attempts to show that alleged co-conspirator Justice Castro is a bad person, which is immaterial to defendant's grievances. Accordingly, defendant Bisom's motion to strike paragraph 334 is **GRANTED**.

**VI. Paragraph 358**

Paragraph 358 of plaintiff's third amended complaint states:

> It is CNMI government policy to discriminate against persons of non-NMI racial descent as established in articles XI and XII of the CNMI Constitution which restrict land ownership from so-called aliens (or persons of non NMI racial descent) and in local laws and employment actions which grants favoritism to local indigenous people. This racial discrimination permeates throughout the whole structure of government in its dealing with persons of non-NMI racial descent. In the summer of 2002, the NMI legislature introduced a bill to amend the NMI Constitution to prohibit anyone other than persons of Northern Marianas descent from running for public office. This bill was defeated, but it shows the attitude of local indigenous citizens to discriminate against outsiders. In June 2006, the NMI legislature passed Senate Bill 15-46 which provided that foreigners (which by definition included [U.S.] citizens of non-NMI descent) could obtain limited ownership interests in condominium apartments above the ground floors. [U.S.] citizens from mainland America are considered foreigners in the eyes of the CNMI. The AG lawyers and court officials know and understand this prevailing discrimination. They either go along with it or they are out of a job.

This paragraph is pertinent and material to plaintiff's grievance of discrimination. Accordingly, defendant Bisom's motion to strike paragraph 358 is **DENIED**.

//

//

//

### VII. Paragraphs 359 and 360

Paragraphs 359 and 360 of plaintiff's third amended complaint states:

> The racial, ancestry and national origin discrimination in favor of local people of NMI racial descent, who are [U.S.] citizens, and other [U.S.] citizens, who are not of NMI descent, means that there are two distinctively different classes of [U.S.] citizens in terms of the NMI, based on racial, ancestry or national origin factors. The [U.S.] Constitution does not provide for two classes of [U.S.] citizens. There is only one class per the Constitution. While the AG defendants may not in their own right likely engage in racial discrimination against a fellow American outsider like Bradshaw, they would gladly accept money as paid lawyers to defend and work for the racial discrimination interests of the CNMI. After all, gangsters like Al Capone and Lucky Luicano [sic] could and did buy the best lawyers available with money. The same applies to defendants Sorensen and Bisom who stood to gain by participating with the CNMI in its discrimination against Bradshaw.
>
> The fact that the AG lawyers may not have discriminated against a fellow American means nothing in the long run. They were bought and paid for by their employer. In order to earn their money, they willingly did and would engage in whatever was necessary in the context of their jobs. They were agents working for the CNMI in its discrimination pracitces against Bradshaw. The [U.S.] Constitution; 42 [U.S.C. § 1981] and the Civil Rights Act of 1870. The CNMI acted through its agents in this claim. A principal is responsible for the actions and omissions of an agent.

Besides the sentence referring to Al Capone and Lucky Luciano, these paragraphs are pertinent to plaintiff's grievances of discrimination. Accordingly, defendant Bisom's motion to strike the sentence, "After all, gangsters like Al Capone and Lucky Luicano [sic] could and did buy the best lawyers available with money[,] " is **GRANTED**. Defendant Bisom's motion to strike all other sentences of paragraphs 359 and 360 is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this ___15___ day of December, 2006.

_____
ALEX R. MUNSON
Judge