FILED
Clerk
District Court

DEC 14 2006

For The Northern Mariana Islands
By________
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

ROBERT D. BRADSHAW,

Plaintiff,

vs.

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,

Defendants.

Case No. CV-05-0027

**ORDER:**

**1) DENYING DEFENDANTS' MOTIONS TO DISMISS;**
**2) SUA SPONTE STRIKING PART OF COMPLAINT; AND**
**3) SETTING TIME FOR FILING**

**THIS MATTER** came before the court on December 7, 2006, for hearing of defendants Commonwealth of the Northern Mariana Islands ("Commonwealth"), Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee, Andrew Clayton, and Pamela S. Brown (collectively "the AG defendants"). Plaintiff appeared *pro se* by telephone; the AG defendants appeared by and through Deputy Attorney General Gregory Baka.

**THE COURT**, having considered the arguments of the parties, **DENIES** the AG defendants motions to dismiss and *sua sponte* **STRIKES** part of the complaint. The court will consider each of the AG defendants' arguments in turn.

## I. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint should not be dismissed . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* In reviewing the sufficiency of the complaint, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Accordingly, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (1996). Furthermore, because a *pro se* litigant is generally not held to the stringent standards and formal pleadings required by lawyers, the court will dismiss the complaint only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 596 (1972) (quoting *Conley*, 355 U.S. at 45-46 (internal quotes omitted). "All pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f).

**II. The Commonwealth is Not A "Person" for Purposes of 42 U.S.C. § 1983**

All 42 U.S.C. § 1983 actions against the Commonwealth have been dismissed. Accordingly, because plaintiff adhered to the court's order and did not include any § 1983 actions against the Commonwealth, defendant Commonwealth's motion to dismiss claims 1, 2, 3, and 4 on this basis is **DENIED**.

**III. Alleged Violations of Criminal Statutes Provide No Basis for Civil Liability**

All claims brought against the moving defendants for violations of criminal statutes have been dismissed. Accordingly, because plaintiff adhered to the court's order and did not include any claims for violations of criminal statutes against the AG defendants, the motion to dismiss on this basis is **DENIED**.

**IV. Failure to State A Claim for Violations of Right to Procedural Due Process**

The AG defendants argue that claim 2, 3, 4, 7, and 11 should be dismissed for failure to state a claim for violation of plaintiff's right to procedural due process. These claims, however, were

either left unchanged or not materially altered from plaintiff's second complaint.[1] Accordingly, because this argument was not included in the AG defendants' first motion to dismiss, it was waived and the AG defendants' motion to dismiss on this basis is **DENIED**. If the AG defendants were permitted to piecemeal their arguments, then this case would never go to trial.[2]

**V. Failure to State A Claim for Violations of Right to Equal Protection**

The AG defendants assert that a dismissal of claim 1, 2, 3, 4, 7, and 11 is proper because they fail to state a claim for violation of plaintiff's right to equal protection. These claims, however, were either left unchanged or not materially altered from plaintiff's second complaint. Accordingly, because this argument was not included in the AG defendants' first motion to dismiss, it was waived and the AG defendants' motion to dismiss on this basis is **DENIED**. If the AG defendants were permitted to piecemeal their arguments, then this case would never go to trial.

**VI. Claims of Conspiracy Must Be Plead With Particularity**

The AG defendants assert that claim 7 must be dismissed because plaintiff failed to plead conspiracy with particularity. A conspiracy must be "plead with particularity as to which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [plaintiff's] constitutional rights . . . ." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1989). "This standard is not intended to be difficult to meet as it serves the limited purpose of enabling the district court to dismiss 'insubstantial' suits prior to discovery and allowing the defendant[s] to prepare an appropriate defense." *Id.* at 1195.

Plaintiff has met this heightened pleading requirement by explaining what he thinks

---

[1] In compliance with the courts order of September 8, 2006, plaintiff combined claims 6 and 11 of his second amended complaint into what is now claim 11 of his third amended complaint.

[2] To the extent that the AG defendants argue the court should reconsider its order of September 8, 2006, such motion must be made under either Federal Rule of Civil Procedure 59 or 60.

occurred. He identifies the defendants that he believes conspired, he explains how they conspired, and he explains how the conspiracy injured him. In the complaint, plaintiff alleges that there is no other reason for the actions of the AG defendants except for a conspiracy. Plaintiff alleges that the postal receipts were fraudulent and because the two postal receipts were conflicting, the AG defendants had reason to know that they were fraudulent. He also states that while one attorney general could have been negligent by failing to notice the inconsistency, it would be highly improbable that all the attorney generals that worked on the case would have missed the inconsistency. This, along with the other allegations in claim 7 is sufficient to show that the conspiracy is not "insubstantial." Accordingly, the AG defendant's motion to dismiss claim 7 is **DENIED**.

**VII. Plaintiff Sustained No Damage to Support a RICO Claim**

The AG defendants argue that defendant has failed to allege any damage due to the alleged RICO violation and therefore the court should dismiss claim 8. In regards to the moving defendants, claim 8 was not altered in the third amended complaint. Accordingly, because this argument was not raised in the AG defendants' first motion to dismiss, it was waived and the AG defendants' motion to dismiss on this basis is **DENIED**. If the AG defendants were permitted to piecemeal their arguments, then this case would never go to trial.

**VIII. The Court Lacks Jurisdiction to Refer These Allegations to a Criminal Prosecutor**

The AG defendants move the court to dismiss plaintiff's second claim and a portion of plaintiff's prayer for relief because plaintiff's inclusion of ¶ 248 violates the court's order of September 8, 2006. Paragraph 248 of the third amended complaint states, "Yet, AG Forelli refused to order a criminal investigation and prosecution of Bisom / Sorensen though there was incontrovertible court documents showing the presence of fraud / attempted fraud on the CNMI and Bradshaw."

The court's order of September 8, 2006 states that "the court strikes all allegations in the complaint regarding defendant Brown's failure to investigate plaintiff's criminal complaint." Order Regarding Motions Heard on August 10, 2006, at 20, No. 181 (Sept. 8, 2006). Accordingly, the court's order relates to allegations against defendant Brown and not defendant Forelli. Furthermore, this allegation, in connection to claim 2, is included to explain the entire sequence that plaintiff alleges amounts to a civil rights violation. Accordingly, defendants' motion to dismiss plaintiff's second claim is **DENIED**.

The AG defendants also move the court to dismiss plaintiff's prayer for relief for the appointment of a special prosecutor. Because this is more appropriate as a motion to strike and because even if plaintiff prevails, plaintiff has no such remedy, the court *sua sponte* orders that paragraphs 2, 3, and 4 of plaintiff's prayer for relief be **STRICKEN.**

**IX. The AG Defendants are entitled to Absolute Prosecutorial Immunity**

The AG defendants also move the court to dismiss claims 2 and 3 because the AG defendants have absolute prosecutorial immunity for claims based on a failure to investigate or prosecute. As explained above, in considering claim 2 in its entirety, ¶ 248 is included to explain the entire sequence that plaintiff alleges amounts to a civil rights violation. Accordingly, plaintiff in claim 2 makes no claim for relief for any failure to investigate or prosecute and the AG defendants' motion to dismiss claim 2 on this basis is **DENIED**.

Furthermore, plaintiff's allegations in his second amended complaint that defendant Brown failed to prosecute was dismissed. Accordingly, because plaintiff adhered to the court's order and did not include any allegation that defendant Brown failed to investigate or prosecute, the AG defendants' motion to dismiss claim 3 on this basis is **DENIED**.

//

//

//

**X. The AG Defendants Are Entitled to Qualified Immunity**

The AG defendants argue that the court should dismiss claims 2 and 3 because the court erred when it ruled that the AG defendants were not entitled to qualified immunity and denied their first motion to dismiss. Such a motion must be made under either Federal Rule of Civil Procedure 59 or 60 and not on a motion to dismiss. Accordingly, the AG defendants' motion to dismiss claims 2 and 3 on this basis is **DENIED**.

**XI. The Court Lacks Subject Matter Jurisdiction**

The AG defendants assert that dismissal of claims 9, 14, and 15 is proper because the court lacks subject matter jurisdiction. The AG defendants make three arguments. First, the AG defendants argue that because the Commonwealth is not a "citizen" for purpose of diversity, the court may not have diversity jurisdiction. Second, the AG defendants assert that plaintiff's claims do not satisfy the amount in controversy requirement. Third, the AG defendants argue that the court lacks supplemental jurisdiction.

First, the AG defendants' contention that the court may never have diversity jurisdiction when the Commonwealth is a party to the case is not supported by precedent. While the AG defendants support their argument with *Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037 (9th Cir. 2003), the facts of that case are materially different from this one. In *Dyack*, the Ninth Circuit held that like states, the Commonwealth is not a citizen for diversity purposes. Accordingly, because plaintiff Dyack is a citizen of Canada, complete diversity was destroyed by the presence of the Commonwealth as a defendant. Here, however, plaintiff Bradshaw is not an alien of the United States; he is a citizen of the state of Idaho. Accordingly, because complete diversity exists when a citizen of one states sues a non-citizen of the United States, complete diversity exists in this case. Accordingly, the AG defendants' motion to dismiss claims 9, 14, and 15 on this basis is **DENIED**.

Second, the AG defendants contend that the amount in controversy requirement of damages of more than $75,000 is not satisfied because plaintiff has, at most, suffered $8,230 in damages.

While their motion does not specify as to which defendant the amount of controversy is not satisfied, one could reasonably conclude that plaintiff claims more than $8,230. For example, in his complaint, plaintiff claims that defendant breached his employment contract by failing to provide a legal defense for him for ten years and during the pending appeal, resulting in financial loss, loss of professional reputation, and emotional and mental suffering due to the ongoing litigation and *pro se* representation for ten years. These damages, as well as the damages he alleges for the other claims may reasonably amount to more than $75,000. Accordingly, the AG defendants' motion to dismiss claims 9, 14, and 15 on this basis is **DENIED**.

Furthermore, even if the amount in controversy requirement was not met, the court has supplemental jurisdiction under 28 U.S.C. § 1367 over claims 9, 14, and 15. While, the AG defendants assert that the court lacks supplemental jurisdiction because the court dismissed all claims over which it had original jurisdiction, such argument lacks merit because the third amended complaint contains several federal question claims. In addition, supplemental jurisdiction is proper in this case because the facts supporting claims 9, 14, and 15 are all part of a common nucleus of operative facts. *See United Mine Works v. Gibbs*, 383 U.S. 715, 725 (1966). Here, the facts all relate to the AG defendants' legal representation or lack of legal representation of plaintiff in the Bisom case. Accordingly, the AG defendants' motion to dismiss claims 9, 14, and 15 on the basis that the court lacks subject matter jurisdiction is **DENIED**.

**XII. Conclusion**

**FOR THE FORGOING REASONS**, the court **DENIES** the AG defendants' motions to dismiss. **MOREOVER**, as explained above, the court *sua sponte* orders that paragraphs 2, 3, and 4 of plaintiff's prayer for relief shall be **STRICKEN**.

Plaintiff may file a fourth amended complaint, if any, in accordance with this order and the Order Granting In Part and Denying In Part Defendant Bisom's Motion to Strike, No. 220 (Dec. 1, 2006). All defendants are **ORDERED** to file an answer within 20 days of the issuance of this order. The answer

is to be filed as if the ordered amendments have already been made and a fourth amended complaint has been filed.

**IT IS SO ORDERED.**

**DATED** this 14th day of December, 2006.

ALEX R. MUNSON
Judge