MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:   (670) 233-5262
E-mail Address:   mark@saipanlaw.com

Attorney for *Defendant Robert A. Bisom*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, | CASE NO. CV 05-00027 |
| Plaintiff, | |
| vs. | |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, PAMELA BROWN, ROBERT BISOM and JAY H. SORENSEN, | ROBERT A. BISOM'S: ANSWER TO FOURTH AMENDED COMPLAINT; |
| Defendants, | AFFIRMATIVE DEFENSES; |
| ROBERT A. BISOM, | CROSSCLAIM |
| Crossclaim Plaintiff, | |
| vs. | DEMAND FOR JURY TRIAL |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, and PAMELA BROWN, | |
| Crossclaim Defendants. | |

ANSWER

Defendant Robert A. Bisom, by and through his undersigned counsel, answers Plaintiff's Fourth Amended Complaint as follows:[1]

1. Defendant Bisom ADMITS the allegations in the following paragraphs of the Fourth Amended Complaint: 1, 7, 15-20, 92-94, 129 and 144.

2. Defendant Bisom DENIES all of the allegations in the following paragraphs of the Fourth Amended Complaint: 5-6, 21-39, 47-53, 63, 65, 74-76, 89, 91, 113-114, 116, 130, 142-143, 212-228, 319-326, 329-333, 335-336, 357, 359, 361, 362, 376-377 and 380-382.

3. Defendant Bisom has insufficient information to admit or deny the allegations in paragraphs 3, 8-13, 56-58, 60-61, 64, 66-73, 77-88, 99-100, 115, 128, 131-138, 152-210, 233-260, 265-271, 276-279 and 340-344. Defendant Bisom therefore DENIES the same in their entirety.

4. Several paragraphs do not aver facts, but are legal contentions, questions, rhetorical statements, musings, speculative conclusions, prayers for relief and/or matters about which Defendant Bisom has no knowledge. To the extent, however, that the paragraphs, or any of them, or any part thereof, may be considered allegations of fact, Defendant Bisom hereby expressly DENIES all said allegations, if any, and DENIES that Plaintiff is entitled to any relief thereby, as stated in the following paragraphs: 2, 4, 40-46, 54-55, 59, 62, 95-98, 101-112, 117-125, 139-141, 145-151, 229-231, 261-263, 272-274, 280-282, 320-325, 327, 337-338, 345-346, 358, 360 and 378.

5. As to paragraph 90, Defendant Bisom admits that the Clerk of the Commonwealth

---

[1] Defendant Bisom notes that, to date, Plaintiff has not filed a Fourth Amended Complaint in this action. Notwithstanding that fact, pursuant to the Court's December 14, 2006 Order, Defendant Bisom is responding to Plaintiff's Third Amended Complaint taking into consideration the Court's rulings on December 1, 2006 and December 14, 2006 "as if the ordered amendments have already been made and a fourth amended complaint has been filed." Should Bradshaw make new or different allegations in a Fourth Amended Complaint, Defendant Bisom reserves the right to respond to those new or different allegations. Should Bradshaw not file a Fourth Amended Complaint, Defendant Bisom intends that this be his response to the Third Amended Complaint on file in this matter, as modified by subsequent orders of the Court.

Superior Court entered Bradshaw's default, but Defendant Bisom is without sufficient information to answer the remaining allegations therein and therefore DENIES the same.

6. The following paragraphs state "deleted"; they do not make averments: 14, 283-317, 347-355, 363-374 and 383-397.

7. The following paragraphs were stricken by the Court in its Order dated December 1, 2006: 126-127, 322 (in part), 334 and 359 (in part).

8. In response to paragraphs 211, 232, 264, 275, 318, 328, 339, 356, 375 and 379, Defendant Bisom hereby incorporates his responses in paragraphs 1-7 above as if fully set forth herein.

9. The Court, by an order dated December 14, 2006, also struck paragraphs 2-4 of Plaintiff's prayers for relief.

10. As to Plaintiff's prayers for relief contained in paragraphs 1 and 5-12, to the extent those paragraphs contain allegations of fact, the paragraphs are DENIED in their entirety. Further, Plaintiff is not entitled to any relief against Defendant Bisom by his Fourth Amended Complaint.

11. As to Plaintiff's allegations in supplemental sections 13-16, the paragraphs contain legal contentions and conclusions. However, to the extent they could be construed as asserting factual allegations, the paragraphs are hereby DENIED in their entirety.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state claims upon which relief against Defendant Bisom can be granted;

2. The Court lacks subject-matter jurisdiction over the claims advanced by Plaintiff against Defendant Bisom in his case;

3. Plaintiff's claims against Defendant Bisom are barred by the doctrines of issue and claim preclusion;

4. Plaintiff's claims against Defendant Bisom are currently before the Commonwealth

courts for consideration and should not be determined in these proceedings based on principals abstention and comity;

    5.  Plaintiff lacks standing to advance various claims in these proceedings;

    6.  Plaintiff's claims are barred by the applicable statutes of limitations;

    7.  Plaintiff's claims are barred by the doctrine of laches;

    8.  Plaintiff has waived any rights to advance claims against Defendant Bisom;

    9.  Plaintiff should be equitably estopped from advancing claims against Defendant Bisom;

    10. Plaintiff's equitable claims against Defendant Bisom are barred by his own unclean hands;

    11. Plaintiff has failed to join indispensable parties to this action;

    12. Defendant Bisom was not a state actor and cannot be liable for alleged civil rights violations;

    13. Plaintiff assumed the risk, by his own conduct, of the losses, if any, about which he now complains and is barred from recovering from Defendant Bisom therefor;

    14. Plaintiff was negligent with regard to actions or omissions that Plaintiff alleges gave rise to his present claims, which negligence in fact and proximately was the cause of some or all of the injuries for which he now claims the right to remedies in this case;

    15. The truth of the statements by Defendant Bisom, if any, which Plaintiff alleges were defamatory is a complete defense to Plaintiff's claims of defamation advanced against Defendant Bisom;

    16. The knowledge of falsity or reckless disregard by Defendant Bisom of the truth, if any, of the statements by Defendant Bisom, if any, which Plaintiff alleges were defamatory is a complete defense to Plaintiff's claims of defamation advanced against Defendant Bisom;

    17. Defendant Bisom had an absolute privilege to publish statements, if any, that Plaintiff alleges were defamatory; and

    18. Defendant Bisom had a qualified privilege to publish statements, if any, that

Plaintiff alleges were defamatory.

## CROSSCLAIM

Pursuant to Fed. R. Civ. P. 13(g), Defendant Bisom makes the following crossclaim against Defendants Commonwealth of the Northern Mariana Islands, Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee, Andrew Clayton and Pamela Brown (the "Government Defendants"):

1. This Court has jurisdiction over this crossclaim pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367(b);

2. Allegations and claims for relief advanced by Plaintiff against Defendant Bisom in Plaintiff's Fourth Amended Complaint arise out of alleged negligent and intentionally wrongful conduct of the Government Defendants;

3. Notwithstanding any and all other legal obligations Defendant Commonwealth of the Northern Mariana Islands has to indemnify and defend Defendant Bisom in this matter, should Plaintiff recover any relief against Defendant Bisom pursuant to his Fourth Amended Complaint, as the parties responsible for the negligent and wrongful acts, if any, of which Plaintiff now complains and in which Defendant Bisom had no part, the Government Defendants should fully contribute and indemnify Defendant Bisom from any liability to Plaintiff therefor.

WHEREFORE, Defendant Bisom prays that Plaintiff take nothing by his Fourth Amended Complaint, and that Defendant Bisom be awarded costs, including reasonable attorney's fees, for defending against this frivolous and vexatious suit. Further, should for whatever reasons, Defendant Bisom be held liable to Plaintiff for any relief requested by his Fourth Amended Complaint, as the responsible parties, the Government Defendants, jointly and severally, should fully indemnify Defendant Bisom for such liability.

1  DATED this 3rd day of January, 2007.

4  /s/ Mark B. Hanson
5  MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262
E-mail Address:   mark@saipanlaw.com

Attorney for *Defendant Robert A. Bisom*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 58(b), Defendant Robert A. Bisom hereby demands a trial by jury on all causes of action, claims, counterclaims and crossclaims for relief advanced in this matter not earlier disposed of by dispositive motion.

DATED this 3rd day of January, 2007.

/s/ Mark B. Hanson
MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262
E-mail Address:   mark@saipanlaw.com

Attorney for *Defendant Robert A. Bisom*

CERTIFICATE OF SERVICE

I hereby certify that this day a copy of the foregoing was deposited in the United States Post Office, first class mail, postage prepaid, addressed to the following:

>Robert D. Bradshaw, Plaintiff *pro se*
>P.O. Box 473
>1530 W. Trout Creek Road
>Calder, Idaho  83808

>Jay H. Sorensen, Esq.
>c/o Shanghai
>Post Office Box 9022
>Warren, MI 48090-9022

I further certify that the following were served with a copy of the foregoing via the Court's electronic case filing system:

>Gregory Baka, Assistant Attorney General
>Office of the Attorney General
>Civil Division—Capitol Hill
>Second Floor, Juan A. Sablan Memorial Building
>Caller Box 10007
>Saipan, MP 96950

DATED: January 3, 2007            /s/ Mark B. Hanson
                                  MARK B. HANSON