1  MATTHEW T. GREGORY  # F0205
   Attorney General
2  GREGORY BAKA  # F0199
   Deputy Attorney General
3  OFFICE OF THE ATTORNEY GENERAL
   Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
4  Caller Box 10007, Capital Hill
   Saipan, MP  96950-8907
5  Telephone:    (670) 664-2341
   Fax:          (670) 664-2349
6  E-mail:       gbaka79@yahoo.com

7  Attorneys for Defendants Commonwealth of the Northern Mariana Islands,
   Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee,
8  Andrew Clayton, and Pamela S. Brown

9

10              UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN MARIANA ISLANDS

12  ROBERT D. BRADSHAW,              )  CIVIL ACTION NO. 05-0027
                                     )
13              Plaintiff,           )
                                     )
14       vs.                         )
                                     )
15  COMMONWEALTH OF THE NORTHERN     )  CNMI DEFENDANTS' ANSWER
    MARIANA ISLANDS, NICOLE C.       )  TO THIRD AMENDED
16  FORELLI, former Acting Attorney General of  )  COMPLAINT;
    the CNMI, in her personal/ individual capacity,  )  CERTIFICATE OF SERVICE
17  WILLIAM C. BUSH, former Assistant  )
    Attorney General of the CNMI, in his personal/  )
18  individual capacity, D. DOUGLAS COTTON,  )
    former Assistant Attorney General of the CNMI,  )
19  in his personal/ individual capacity, L. DAVID  )
    SOSEBEE, former Assistant Attorney General  )
20  of the CNMI, in his personal/ individual  )
    capacity, ANDREW CLAYTON, former  )
21  Assistant Attorney General of the CNMI, in his  )
    personal/ individual capacity, UNKNOWN  )
22  AND UNNAMED PERSONS IN THE  )
    CNMI, in their personal/ individual capacities,  )
23  PAMELA S. BROWN, former Attorney  )
    General of the CNMI, in her personal/  )
24  individual capacity, ROBERT A. BISOM,  )
    AND JAY H. SORENSEN,             )
25                                   )
                Defendants.          )
    _____ )

1    **COME NOW DEFENDANTS** Commonwealth of the Northern Mariana Islands

2    ("CNMI"), Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee,

3    Andrew Clayton, and Pamela S. Brown (collectively, "CNMI Defendants"), through the

4    CNMI the Office of the Attorney General, who would now answer Plaintiff's Third

5    Amended Complaint as follows:

6

7    **I. JURISDICTION**

8        1.  Admitted.

9        2.  The statement is not an averment of fact but conclusions of law and a summary

10   of the pleadings in this case, which are the best evidence of their contents, speaking for

11   themselves.  Therefore, this averment requires no response.  To the extent that an answer

12   by the CNMI Defendants is deemed required, it is denied.

13       3.  Denied.

14       4.  Except for the final sentence, this paragraph is not an averment of fact but

15   several conclusions of law, requiring no response.  To the extent that an answer by the

16   CNMI Defendants is deemed required, they are denied.  In particular, there has been no

17   allegation made as to a controversy "arising under" the Covenant and thus confering

18   jurisdiction under Covenant Section 903.  Not every case involving the CNMI

19   automatically falls under this jurisdiction; there must be a dispute based upon a contested

20   interpretation of the Covenant.  There is no such current statute as 42 U.S.C. § 2000.

21   There are Sections 2000a (prohibition against discrimination or segregation in places of

22   public accommodation), 2000b (civil actions by the Attorney General), 2000c (public

23   education definitions), 2000d (prohibition against discrimination under federally assisted

24   programs), 2000e (equal employment opportunity definitions), 2000f (survey for voting

25   statistics), 2000g (establishment of Community Relations Service), 2000h (criminal

contempt proceedings), 2000aa (First Amendment, searches and seizures by government officers), 2000bb (Congressional findings, religious freedom restoration), and 2000cc (protection of land use as religious exercise).  Presumably Plaintiff intended to invoke 42 U.S.C. § 2000d.  However, the CNMI is not one, big federally funded "program." 42 U.S.C. § 2000d-4a.  Each individual federal grant or source of funding, and any individual program or activity, must be considered separately in determining whether a department or agency is federally assisted.  Id.  Non-immunity of states is as provided by statute.  42 U.S.C. § 2000d-7.  The final sentence is denied based on the ambiguity inherent in the words "much" and "involve," CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment.  However, Defendants admit that departments and agencies of the CNMI are federally assisted.

5-6.  These paragraphs are not averment of facts but a conclusion of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

## II.  PARTIES

7-12.  Admitted.

13.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.

14.  This paragraph has been "deleted," containing no averments and requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied.

15-20.  Admitted.

### III.  FACTS  AND  GENERAL  ALLEGATIONS

21-39.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

40-46.  These paragraphs are not averment of facts but conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

47-51.  Denied.

### III.A.  The Alleged Service on BRADSHAW

52-53.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

54-55.  These paragraphs are not averment of facts but conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

56.  The statement is not an averment of fact but identification of three affidavits drafted by Plaintiff in another case, which are the best evidence of their contents, speaking for themselves.  Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied, as CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment.

57-58.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

59.  This paragraph is not an averment of facts but a conclusion of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied.

60-62.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

63.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.   The concluding sentence is not an averment of fact but identification as an exhibit of a letter by Plaintiff to the CNMI, which is the best evidence of its contents, speaking for itself.  Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied, as CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment, including the exhibit.

64.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.

65.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.  The concluding sentence is not an averment of fact but identification as an exhibit of letters by Plaintiff to the CNMI, which are the best evidence of their contents, speaking for themselves.  Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied, as CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment, including the exhibit.

66.  The statement is not an averment of fact but a summary of an exhibit, a letter from Defendant William C. Bush, which is the best evidence of its contents, speaking for itself.  Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is admitted.

67.  This paragraph is not an averment of facts but a conclusion of law as to attorney-client privilege, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied.

68-71.  These paragraphs are not an averment of fact but excerpts from an exhibit, a letter by Plaintiff to the CNMI, which is the best evidence of their contents, speaking for itself.  Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is denied, as CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments, including the exhibit.

72-73.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

### III.B.  U.S. Postal Fraud

74-79.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

### III.C.  Judge CASTRO's Gross Incompetence

80.  The statement is not an averment of fact but an excerpt from a pleading in a Superior Court case, referring to four exhibits, which is the best evidence of its contents, speaking for itself.  Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is admitted.

81-88.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

89.  Admitted.

90.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied, except that the first sentence is admitted.

91-94.  The statements are not averments of fact but excerpts from and characterizations of pleadings in a Superior Court case, which are the best evidence of their contents, speaking for themselves.  Therefore, these averments require no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are admitted.

95-98.  These paragraphs are not averments of facts but vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

99.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.

100.  Denied.

101-14.  These paragraphs are not averments of facts but vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

115-16.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

117-25.  These paragraphs are not averments of facts but vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

126-27.  These paragraphs have been stricken by the Court, requiring no response.  To the extent that an answer by the CNMI Defendants is nevertheless deemed required, these paragraphs are not averments of facts but vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is still deemed required, they are denied.

### III.D.  The Trial

128.  The first sentence is denied.  The second sentence is admitted.

129.  The statement is not an averment of fact but an excerpt from a pleading in a Superior Court case, which is the best evidence of its contents, speaking for itself. Therefore, this averment requires no response.  To the extent that an answer by the CNMI Defendants is deemed required, it is admitted.

130-37.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

138.  As to the first two sentences of this paragraph, CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.  The final sentence of this paragraph is not an averment of facts but a conclusion of law as to whether service was effectuated and whether the CNMI was duly notified, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, this final sentence is denied.

139-40.  These paragraphs are not averment of facts but hypothetical speculation and vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

141.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of this averment and it is, therefore, denied.

142-43.  Denied.

### III.E.  The Supreme Court Appeal

144.  Admitted.

145-51.  The statements are not averments of fact but excerpts from and characterizations of the opinion in a CNMI Supreme Court case, which is the best

8

evidence of its contents, speaking for itself.  Therefore, these averments require no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.  They also contain vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are likewise denied.

### III.F.  The Post Trial

152-55.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

156-57.  The statements are not averments of fact but excerpts from and characterizations of the opinion in a CNMI Supreme Court case, which is the best evidence of its contents, speaking for itself.  Therefore, these averments require no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.  They also contain vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are likewise denied.

158-74.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

### III.G.  AG Brown Lies

175-96.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

1

### III.H.  BRADSHAW Had to Take Legal Action in 2005

2    197-210.  CNMI Defendants lack sufficient knowledge or information to form a

3    belief as to the truth of these averments and they are, therefore, denied.

4

5

### IV.  FIRST  CLAIM -- Civil Rights Violations (42 U.S.C. § 1983)
### [Bisom & Sorensen]

6

7    211.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants

8    incorporate by reference their answers to Paragraphs 1 to 210 above.

9    212-28.  CNMI Defendants lack sufficient knowledge or information to form a

10   belief as to the truth of these averments and they are, therefore, denied.

11   229-31.  The statements set forth in these paragraphs are not averments of fact

12   but legal conclusions and requests in the form of a prayer for relief, which require no

13   response.  To the extent that a response is deemed required, CNMI Defendants deny these

14   statements contained in these paragraphs.  Further, CNMI Defendants deny that Plaintiff is

15   entitled to any relief whatsoever.

16

17

### V.  SECOND  CLAIM -- Civil Rights Violations (42 U.S.C. § 1983)
### [Forelli, Cotton, Bush, Clayton & Sosebee]

18

19   232.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants

20   incorporate by reference their answers to Paragraphs 1 to 210 above.

21   233-39.  Denied.

22   240.  This paragraph is not an averment of facts but vague conclusions of law,

23   requiring no response.  To the extent that an answer by the CNMI Defendants is deemed

24   required, they are denied.

25   241-49.  Denied.

250.  Admitted.

251-60.  Denied.

261-62.  The statements set forth in these paragraphs are not averments of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in these paragraphs.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

263.  Denied.


## VI.  THIRD  CLAIM -- Civil Rights Violations (42 U.S.C. § 1983)
### [Brown]

264.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants incorporate by reference their answers to Paragraphs 1 to 210 above.

265-71.  Denied.

272-73.  The statements set forth in these paragraphs are not averments of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in these paragraphs.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

274.  Denied.


## VII.  FOURTH  CLAIM -- Civil Rights Violations (42 U.S.C. § 1983)
### [Unknown person or persons]

275.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants incorporate by reference their answers to Paragraphs 1 to 210 above.

276-79.  CNMI Defendants lack sufficient knowledge or information to form a belief as to the truth of these averments and they are, therefore, denied.

280-81.  The statements set forth in these paragraphs are not averments of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in these paragraphs.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

282.  Denied.

## VIII.  FIFTH  CLAIM -- Intentionally Omitted

283-303.  These paragraphs have been "deleted," containing no averments and requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

## IX.  SIXTH  CLAIM -- Intentionally Omitted

304-17.  These paragraphs have been "deleted," containing no averments and requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

## X.  SEVENTH  CLAIM -- Civil Rights Violations (42 U.S.C. § 1985)
### [CNMI, Clayton, Brown, Sosebee, Forelli, Bisom & Sorensen]

318.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants incorporate by reference their answers to Paragraphs 1 to 317 above.

319.  Denied.

320.  This paragraph is not an averment of facts but vague conclusions of law, requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

321-26.  Denied.

327.  The statements set forth in this paragraph are not averments of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in this paragraph.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

## XI.  EIGHTH  CLAIM -- RICO Violations (42 U.S.C. §§ 1961-64) [CNMI, Forelli, Brown, Clayton, Sosebee, Bisom & Sorensen]

328.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants incorporate by reference their answers to Paragraphs 1 to 327 above.

329-36.  Denied.

337.  The statements set forth in this paragraph are not averments of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in this paragraph.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

338.  Denied.

//

//

//

1

2

## XII.  NINTH  CLAIM -- Employment Contract Breached, Supplemental Claim
### [CNMI, through Forelli, Bush, Cotton, Clayton, Sosebee & Brown]

3    339.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants

4  incorporate by reference their answers to Paragraphs 1 to 338 above.

5    340-44.  Denied.

6    245-46.  The statements set forth in these paragraphs are not averments of fact

7  but legal conclusions and requests in the form of a prayer for relief, which require no

8  response.  To the extent that a response is deemed required, CNMI Defendants deny these

9  statements contained in these paragraphs.  Further, CNMI Defendants deny that Plaintiff is

10  entitled to any relief whatsoever.

11

12    ## XIII.  TENTH  CLAIM -- Intentionally Omitted

13    347-55.  These paragraphs have been "deleted," containing no averments and

14  requiring no response.  To the extent that an answer by the CNMI Defendants is deemed

15  required, they are denied.

16

17    ## XIV.  ELEVENTH  CLAIM -- Viol'n Civil Rights Act of 1870 and 42 U.S.C. § 1981
### [CNMI, through Brown, Clayton, Sosebee & Forelli; Bisom & Sorensen]

18

19    356.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants

20  incorporate by reference their answers to Paragraphs 1 to 355 above.

21    357-61.  Denied.

22    362.  Denied.  The statements set forth in the final sentence of this paragraph are not

23  averments of fact but legal conclusions and requests in the form of a prayer for relief,

24  which require no response.  To the extent that a response is deemed required, CNMI

25

Defendants deny these statements contained in this sentence.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

## XV.  TWELFTH  CLAIM -- Intentionally Omitted

363-70.  These paragraphs have been "deleted," containing no averments and requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

## XVI.  THIRTEENTH  CLAIM -- Intentionally Omitted

371-74.  These paragraphs have been "deleted," containing no averments and requiring no response.  To the extent that an answer by the CNMI Defendants is deemed required, they are denied.

## XVII.  FOURTEENTH  CLAIM -- Intentional, Malicious, and/or Irresponsible Actions Causing Damage to Plaintiff BRADSHAW's Reputation as an Employer, Supervisor, and as a Person [CNMI, Forelli, Bush, Clayton, Sosebee, Brown, Cotton, Bisom & Sorensen]

375.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants incorporate by reference their answers to Paragraphs 1 to 374 above.

376-77.  Denied.

378.  The statements set forth in this paragraph are not averments of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in this paragraph.  Further, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

1
2
3

## XVIII.  FIFTEENTH  CLAIM -- Intentional, Malicious, and/or Irresponsible Actions Causing Emotional and Mental Distress on BRADSHAW [CNMI, Forelli, Bush, Clayton, Sosebee, Brown, Cotton, Bisom & Sorensen]

4      379.  Plaintiff's incorporation by reference requires no response.  CNMI Defendants

5   incorporate by reference their answers to Paragraphs 1 to 378 above.

6      380-81.  Denied.

7      382.  Denied.  The statements set forth in the final sentence of this paragraph are not

8   averments of fact but legal conclusions and requests in the form of a prayer for relief,

9   which require no response.  To the extent that a response is deemed required, CNMI

10  Defendants deny these statements contained in this sentence.  Further, CNMI Defendants

11  deny that Plaintiff is entitled to any relief whatsoever.

12

13                 ## XIX.  SIXTEENTH  CLAIM -- Intentionally Omitted

14      383-86.  These paragraphs have been "deleted," containing no averments and

15  requiring no response.  To the extent that an answer by the CNMI Defendants is deemed

16  required, they are denied.

17

18               ## XX.  SEVENTEENTH  CLAIM -- Intentionally Omitted

19      387-97.  These paragraphs have been "deleted," containing no averments and

20  requiring no response.  To the extent that an answer by the CNMI Defendants is deemed

21  required, they are denied.

22

23                        ## XXI.  PRAYER  FOR  RELIEF

24      398 (1-12).  The statements set forth in Paragraphs 1-12 of the Prayer for Relief,

25  Third Amended Complaint are not allegations of fact but legal conclusions and requests in

the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, CNMI Defendants deny these statements contained in these paragraphs. Further, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## XXII.  PRAYER FOR RELIEF -- BRADSHAW FILES THIS ACTION PRO SE

400 (13-15).  The statements set forth in Paragraphs 13-15 of the Prayer for Relief, Third Amended Complaint are not allegations of fact but legal conclusions, which require no response.  To the extent that a response is deemed required, they are admitted. However, CNMI Defendants deny that Plaintiff is entitled to any relief whatsoever.

## XXIII.  GENERAL  DENIALS

401.  All averments that CNMI Defendants have not specifically admitted are denied.

402.  The headings are used for reference purposes only and do not constitute admissions.

## IX.  DEFENSES

403.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

404.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted — the CNMI is not a "person" for purposes of 42 U.S.C. § 1983 [Claims # 1-4].

405.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted for violation of his right to procedural due process [Claim # 1, ¶ 212;

Claim # 2, ¶¶ 233, 263; Claim # 3, ¶¶ 265, 274; Claim # 4, ¶¶ 276, 282; Claim # 7, ¶ 319; Claim # 11, ¶¶ 357].

406.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted for violation of his right to equal protection [Claim # 1, ¶ 212; Claim # 2, ¶¶ 233, 263; Claim # 3, ¶¶ 265, 274; Claim # 4, ¶¶ 276, 282; Claim # 7, ¶ 319; Claim # 11, ¶¶ 357].

407.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted because allegations of conspiracy and violations of 42 U.S.C. § 1985 must be plead with particularity [Claim # 7].

408.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted as to Plaintiff's RICO allegations based upon damages allegedly suffered as a result of the *Bisom* litigation in CNMI courts [Claim # 8].

409.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted because the CNMI Attorneys General and CNMI Assistant Attorneys General are entitled to qualified immunity with respect to Plaintiff's claims based upon alleged breach of attorney-client relationship and malpractice [Claims # 2-3].

410.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted because the CNMI is not a "citizen" for purposes of diversity jurisdiction, and diversity subject matter jurisdiction is therefore destroyed [Claims # 9, 14-15].

411.  Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted because Plaintiff cannot meet the amount in controversy required to establish subject matter diversity jurisdiction [Claims # 9, 14-15].

412.  The Court otherwise lacks subject matter jurisdiction.

413.  Following dismissal of Plaintiff's federal claims for failure to state a claim upon which relief can be granted, his remaining claims asserting violations of local law are due to be dismissed pursuant to 28 U.S.C. § 1367(c) [Claims # 9, 14-15].

414.  Plaintiff's claims against the CNMI Defendants are barred by the doctrines of issue and claim preclusion.

415.  Plaintiff's claims against the CNMI Defendants are currently before the Commonwealth courts for consideration and should not be determined in these proceedings based on principles of abstention and comity.

416.  Plaintiff lacks standing to advance various claims in these proceedings.

417.  Plaintiff's claims are barred by the applicable statutes of limitations.

418.  Plaintiff's claims are barred by the doctrine of laches.

419.  Plaintiff has waived any rights to advance claims against the CNMI Defendants.

420.  Plaintiff should be equitably estopped from advancing claims against the CNMI Defendants.

421.  Plaintiff's equitable claims against the CNMI Defendants are barred by his own unclean hands.

422.  Plaintiff has failed to join indispensable parties to this action.

423.  Plaintiff assumed the risk, by his own conduct, of the losses, if any, about which he now complains and is barred from recovering from the CNMI Defendants therefor.

424.  Plaintiff was negligent with regard to actions or omissions that Plaintiff alleges gave rise to his present claims, which negligence in fact and proximately was the cause of some or all of the injuries for which he now claims the right to remedies in this case.

425.  The truth of the statements by the CNMI Defendants, if any, which Plaintiff alleges were defamatory is a complete defense to Plaintiff's claims of defamation advanced against the CNMI Defendants.

426.  The knowledge of falsity or reckless disregard by the CNMI Defendants of the truth, if any, of the statements by the CNMI Defendants, if any, which Plaintiff alleges were defamatory is a complete defense to Plaintiff's claims of defamation advanced against the CNMI Defendants.

427.  The CNMI Defendants had an absolute privilege to publish statements, if any, that Plaintiff alleges were defamatory.

428.  The CNMI Defendants had a qualified privilege to publish statements, if any, that Plaintiff alleges were defamatory.

429.  Plaintiff is in breach of his excepted service employment contract and applicable regulations.

430.  Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

431.  Plaintiff's claims are barred as contrary to sound public policy.

432.  Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

433.  Plaintiff is barred from asserting any cause of action against the CNMI Defendants, or any combination of them under the doctrines of absolute, qualified, or sovereign immunity, or any combination of those doctrines.

434.  The CNMI Defendants reserve the right to assert additional defenses that are discovered during these proceedings as the facts warrant.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

MATTHEW T. GREGORY # F0205
Attorney General

Dated:  Wednesday, 3 January 2007.

*Gregory Baka*

GREGORY BAKA # F0199
Deputy Attorney General

Attorneys for CNMI Defendants

n:\ . . . \gbaka\civil\personnel law\Bradshaw v. CNMI\Answer.to.3AC.pld.wpd

1                              **CERTIFICATE OF SERVICE**

2              Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

3       1.      I am eighteen years of age or older, and I certify that I caused to be served the following

4       documents to the last known address(es) listed below on the date(s) indicated.

5              **CNMI DEFENDANTS' ANSWER TO THIRD  AMENDED COMPLAINT;
               CERTIFICATE  OF  SERVICE**

6

7       2.      As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with

8       Clerk of Court (in attorney box), <u>cf.</u> Fed. R. Civ. P. 5(b)(2)(D); or electronic service, <u>see</u> Local Rule 5.1.

9       Robert D. Bradshaw                          Plaintiff, pro se
        P. O. Box 473                               Tel:  (208) 245-1691
10      1530 W. Trout Creek Road                    Fax:  N/A
        Calder, ID  83808-0473                                               **Via U.S. Mail**
11
        Mark B. Hanson, Esq.  # F0261               Attorney for Defendant Bisom
12      Macaranas Building, 1st Floor               Tel:  (670) 233-8600
        Beach Road, Garapan                         Fax:  (670) 233-5262
13      PMB  738, P. O. Box 10,000                  E-mail:  mark@saipanlaw.com
        Saipan, MP  96950-8900                                        **Via Electronic Service**
14
        Jay H. Sorensen, Esq.  # F0127              Defendant, pro se
15      c/o Shanghai, China                         Tel:  (86) 21-5083-8542         Fax:  same
        P. O. Box 9022                              E-mail:  subpar@fastmail.cn
16      Warren, MI  48090-9022                                               **Via E-Mail**

17      G. Patrick Civille, Esq.  # F0139           Attorney for dismissed judicial Defendants
        Civille & Tang, PLLC                        Tel:  (671) 477-9891/2
18      330 Hernan Cortez Ave., Ste. 200            Fax:  (671) 472-2601
        Hagåtña, GU  96910                          E-mail:  pciville@guamattorneys.com
19                                                                     **Via Electronic Service**

20      3.      I declare under penalty of perjury that the foregoing is true and correct.  Executed on

21      Wednesday, 3 January 2007.

22                                                  _Gregory Baka_
                                                    _____
                                                    Deputy Attorney General
23                                                  Attorney for Defendants Commonwealth of the
                                                        Northern Mariana Islands, Nicole C. Forelli,
24                                                      William C. Bush, D. Douglas Cotton,
                                                        L. David Sosebee, Andrew Clayton,
25                                                      and Pamela S. Brown ("CNMI Defendants")