MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262
E-mail Address:    mark@saipanlaw.com

Attorney for *Defendant Robert A. Bisom*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, NICOLE C. FORELLI, WILLIAM C. BUSH, D. DOUGLAS COTTON, L. DAVID SOSEBEE, ANDREW CLAYTON, UNKNOWN AND UNNAMED PERSONS IN THE CNMI OFFICE OF THE ATTORNEY GENERAL, PAMELA BROWN, ROBERT BISOM and JAY H. SORENSEN,<br><br>    Defendants. | CASE NO. CV 05-00027<br><br>OPPOSITION OF DEFENDANT ROBERT A. BISOM TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br>Date: Thursday, March 15, 2007<br>Time: 9:30 a.m.<br>Judge: Hon. Alex R. Munson |

Defendant Robert A. Bisom hereby opposes the Motion for Partial Summary Judgment filed by Plaintiff against Bisom and others scheduled to be heard on March 15, 2007. Robert A. Bisom adopts in full the opposition of Defendant Jay Sorensen, a similar situated defendant,[1] with the addition only of citation to the relevant CNMI statue of limitations that bars, *inter alia*, Bradshaw's claims of fraud and malicious prosecution (more properly characterized as a claim for abuse of process).

For the reasons stated by Jay Sorensen in his opposition, and for the additional statutory bars to suit identified herein, Bradshaw has failed to show that no genuine issue of material fact exists and that Bradshaw is entitled to judgment as a matter of law on the various

---

[1] At all times relevant to Plaintiff Bradshaw's allegations, Sorensen was the attorney for Bisom and acting on Bisom's behalf.

1  "items" of his motion relevant to his claims against Bisom and Sorensen (as opposed to the
2  CNMI government defendants).  Bradshaw's motion for partial summary judgment, and all
3  of it, must be denied.

## STATUE OF LIMITATIONS APPLICABLE TO FRAUD AND MALICIOUS PROSECUTION CLAIMS

In "Item IV" of Plaintiff's Memorandum of Points and Authorities in support of his Motion for Partial Summary Judgment, Bradshaw heads the section with the title "The Presence of Fraud." Although it is unclear what, if anything, Bradshaw is asking the court to determine as a matter of law, as a matter of fact, all events giving rise to the claim, if any, of fraud in Bradshaw's Item IV occurred on or before February 16, 2000.  *See* Memorandum of Points and Authorities, ¶¶ 8-16.

In "Item VI," entitled "Malicious Prosecution," Bradshaw appears to argue for judgment against Sorensen and Bisom for the tort of abuse of process for various actions and inactions of Sorensen and Bisom occurring on or before February 2000.  *See* Memorandum of Points and Authorities, ¶¶ 28-29.

Both fraud and abuse of process are intentional torts which, under 7 C.M.C. § 2503(d), must be commenced, if at all, "only within two years after the cause of action accrues.

Bradshaw originally filed this action on August 19, 2005, more than five years after the applicable statute of limitations ran.

All "facts" cited in Bradshaw's moving papers[2] suggest that his cause of action accrued, if at all, sometime in and before February 2000, the time of the jury trial in the Superior Court action.  Bradshaw has presented *no* facts in his moving papers that would demonstrate that there are no genuine issues as to the running of the applicable two-year statute of limitations and that he is entitled to a judgment as a matter of law notwithstanding that the events giving rise to his claims for fraud and abuse of process all occurred, if at all, in and before February

---

[2] Defendant Bisom submits that none of Bradshaw's factual allegations are properly supported and, therefore, they cannot be considered evidence for purposes of a motion for summary judgment.

1  2000 and the limitations period appears to have expired years ago.

2      At the very most, there is a genuine triable issue as to when Bradshaw's claims "accrued," although applicable Commonwealth law would not support the continuation of Bradshaw's claims. "In the context of statue of limitations, the term 'accrue' refers to 'when a suit may be maintained from thereon.'" *Zhang v. Commonwealth*, 2001 MP 18 (citation omitted).[3] Where the pleadings and records show that a claim is barred by an applicable statue of limitations, the burden is shifted to the plaintiff to produce evidence to show entitlement to relief from the applicable statue. *See, e.g., Dilutaoch* V.C. *&S Concret Block Products*, 1 N.M.I 478, 482-83 (1990).

    Here, Bradshaw has come forward with absolutely no evidence that would save his claims form the applicable statue of limitations. Accordingly, summary judgment on Bradshaw's claims must be denied.

    DATED this 19th day of February, 2007.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:  (670) 233-8600
Facsimile:  (670) 233-5262
E-mail Address:  mark@saipanlaw.com

Attorney for *Defendant Robert A. Bisom*

---

[3] Defendant Bisom is aware of the Court's order of September 8, 2006 in this matter citing the discovery rule applied by federal courts to federal law. The claims of Bradshaw at issue in this motion, however, are claims based on Commonwealth law to which the Commonwealth Supreme Court's articulation of "accrue" applies.

1 | CERTIFICATE OF SERVICE

2 | I hereby certify that a copy of the foregoing was deposited in the United States Post

3 | Office, first class mail, postage prepaid, addressed to the following:

Robert D. Bradshaw, Plaintiff *pro se*
P.O. Box 473
1530 W. Trout Creek Road
Calder, Idaho  83808

Jay H. Sorensen, Esq.
c/o Shanghai
Post Office Box 9022
Warren, MI 48090-9022

I further certify that the following were served with a copy of the foregoing via the Court's electronic case filing system:

Gregory Baka, Assistant Attorney General
Office of the Attorney General
Civil Division—Capitol Hill
Second Floor, Juan A. Sablan Memorial Building
Caller Box 10007
Saipan, MP 96950

DATED: February 19, 2007                    /s/ Mark B. Hanson
                                                                    MARK B. HANSON