MATTHEW T. GREGORY  # F0205
Attorney General
GREGORY BAKA  # F0199
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:  (670) 664-2341
Fax:  (670) 664-2349
E-mail:  gbaka79@yahoo.com

Attorneys for Defendants Commonwealth of the Northern Mariana Islands,
Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee,
Andrew Clayton, and Pamela S. Brown

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ROBERT D. BRADSHAW**, | CASE NO. CV 05-0027 |
| Plaintiff, | |
| vs. | **CNMI DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**, et al., | |
| Defendants. | Date:  Thursday, 15 March 2007<br>Time:  9:00 a.m.<br>Judge:  Hon. Alex R. Munson |

Defendants Commonwealth of the Northern Mariana Islands ("CNMI"), Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee, Andrew Clayton, and Pamela S. Brown ("CNMI defendants") respectfully oppose as follows plaintiff's motion for partial summary judgment.  Of the 12 "items" or arguments plaintiff makes in his memorandum, only the last five are applicable to the CNMI defendants.  Accordingly, only those will be addressed.

Item VIII – Fiduciary Duty Owed Bradshaw

At paragraphs 44 and 45 on page 18 of his Motion for Partial Summary Judgment, plaintiff Bradshaw asks this Court to find that that under CNMI law, the CNMI had a fiduciary duty to defend and indemnify him when he was sued by the defendant Bisom.  There is no legal basis for this claim.   Bradshaw is arguing that he was wrongfully denied a legal defense from the CNMI Office of the Attorney General and indemnification in the Bisom litigation that he claims he was entitled to pursuant to the Public Employee Legal Defense and Indemnification Act of 1986 ("PELDIA"), Pub. L. 5-12, *as amended by* Pub. L. 9-68, *formerly codified at* 7 CMC §§ 2301 – 2307, *repealed by* Pub. L. 15-22.  The question whether Bradshaw had a "legitimate claim of entitlement" versus a "unilateral expectation" of a right to representation and indemnification under CNMI law is far from clear.  Two local courts appear persuaded otherwise.  In setting aside Bisom's default judgment against Bradshaw, Superior Court Judge Juan T. Lizama found that "[w]hile initially, Bradshaw and the AG seem to have been fumbling towards an attorney-client relationship, the relationship was never consummated."  "Order Granting Robert Bradshaw's Motion to Vacate Judgment," p. 12, *Bisom v. Commonwealth*, Civil Action No. 96-1320 (N.M.I. Super. Ct. Dec. 29, 2005), *available at* http://www.cnmilaw.org/pdf/superior_court/05-12-29-CV96-1320.pdf.  The Supreme Court of the Commonwealth of the Northern Mariana Islands affirmed the trial court's finding that there was insufficient evidence that Bradshaw had ever made a formal request for indemnification as required by 7 CMC § 2304, thus expressly finding that the CNMI owed no duty to Bradshaw.  *Bisom v. Commonwealth*, 2002 MP 19, ¶¶ 33-54, 6 N.M.I. 475, 482-87, 2002 WL 32983568.  What Bradshaw is now asking this Court to do is to substitute its interpretation of CNMI law for that of Judge Lizama and the CNMI Supreme Court.

Item IX – The Incompetent AG's Office

At pp. 18 – 20, ¶¶ 46 – 49, Bradshaw asks the Court to find that the various attorneys in the CNMI Office of the Attorney General were grossly incompetent and committed malicious malpractice. Bradshaw argues at ¶ 48 that the CNMI Supreme Court's decision in *Bisom v. Commonwealth*, 2002 MP 19, 6 N.M.I. 475, actually eliminates the need for proof. Bradshaw misreads the CNMI Supreme Court's decision. Contrary to Bradshaw's description, the Supreme Court did not find that there were ethics violations or a conflict of interest on the part of attorneys in the Office of the Attorney General. Furthermore, having determined that there was no formal attorney-client relationship formed — because Bradshaw did not comply with PELDIA, and therefore the CNMI owed no duty to Bradshaw, *see* 2002 MP 19 ¶ 54, 6 N.M.I. 487 — it is overreaching for him to argue about legal malpractice, malicious or otherwise. There was no duty owed from the CNMI Office of the Attorney General to defend or indemnify Bradshaw. The Supreme Court was quite clear about that.

Item X – The Illegal $140,000 Judgment Imposed on the CNMI

At pp. 20 – 21, ¶¶ 50 – 52, Bradshaw seeks to have the $140,000 Judgment against the CNMI set aside. Yet, as noted by defendant Sorensen at pp. 22, 23 of his *Memorandum in Opposition*, Bradshaw does not have standing to move to set aside a judgment against a third party because he has no legally protected interest. Bradshaw's reasoning appears to be that it reflects poorly on him that the CNMI had a judgment against it for what were, in essence, Bradshaw's actions. Bradshaw reasons that the default taken against him, which has now been set aside, became the basis for establishing liability against the CNMI. However, this theory is belied by the fact that there was a trial and the CNMI government was vigorously defended at

that trial. In any event, it does not give him standing to contest the validity of a judgment for which he is not responsible.

### Item XI – The CNMI is a[n] Enterprise per RICO

At page 21, ¶ 53, Bradshaw seeks a declaration from the Court that the CNMI is an enterprise within the meaning of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. It doesn't matter. The CNMI government is not subject to civil RICO liability because it is not capable of forming the requisite malicious intent. *Lancaster Community Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir.1991), *cert. denied*, 502 U.S. 1094 (1992); *accord Pedrina v Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996).

As noted previously, where Bradshaw's RICO claim fails is that he has identified no predicate acts. Aside from the fact that Bradshaw suggests not a scintilla of evidence in support of his speculative legal conclusions, none of the "acts" he alleges constitutes "racketeering activity" or an indictable offense within the meaning of 18 U.S.C. § 1961.

> Plaintiffs must allege a "pattern of racketeering activity" in order to state a claim based on violation of RICO § 1962(a) or § 1962(c). A "'pattern of racketeering activity' requires at least two acts of racketeering." *See* 18 U.S.C. § 1961(5). Acts of racketeering include "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year" and specific enumerated offenses indictable under Title 18 of the United States Code, including peonage and involuntary servitude. *See* 18 U.S.C. §§ 1961(1), 1581, 1584.

*Doe I v. The Gap, Inc.*, 2001 WL 1842389 * 6 (D.N.M.I. 2001). Bradshaw has failed to allege any predicate acts. Thus, it does not matter whether the CNMI is an enterprise within the meaning of RICO.

### Item XII – Immigration Reform and Control Act 1986 (PL 99-603)

Paragraphs 54 and 55 at page 22 of Bradshaw's Motion for Partial Summary Judgment simply have no bearing in this case. It is incomprehensible what Bradshaw is trying to say

4

with his legal conclusions. This is not the first time Bradshaw has sought a declaration from the Court as to whether Pub. L. 99-603 applies to the Commonwealth generally and whether Section 102 of Pub. L. 99-603 applied to the Commonwealth during the period of 1990 to 1994. On July 27, 2006, this Court issued a Notice of Order (1) Granting Defendant Castro's Motion to Dismiss; and (2) Denying Plaintiff's Motion for Declaratory Judgment. The Court looked beyond the title of plaintiff's pleadings and treated the motion for declaratory judgment as a motion for partial summary judgment as to the applicability of Pub. L. 99-603 to the Commonwealth. At page 4 of its Order the Court denied Bradshaw's request for declaratory relief. "The problem with plaintiff's motion is that the [] issues that plaintiff requested the court to consider are not material facts to this case and are not factual issues of controversy. Because the court is restricted by the U.S. Constitution from providing an advisory opinion, the court may not adjudicate issues that are not material to the case." Why this is important to Bradshaw is unexplained. But the Court has already ruled that it is not material to the case. Accordingly, Bradshaw's request for partial summary judgment is due to be denied.

## CONCLUSION

Based upon the foregoing, defendants Commonwealth of the Northern Mariana Islands, Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee, Andrew Clayton, and Pamela S. Brown respectfully urge the Court to deny plaintiff's motion for partial summary judgment.

OFFICE OF THE ATTORNEY GENERAL

MATTHEW T. GREGORY # F0205  
Attorney General

Dated: Thursday, 22 February 2007.                /s/  
GREGORY BAKA # F0199  
Deputy Attorney General

5

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon counsel and pro se parties by delivery to the U.S. Post Office, first class mail, postage prepaid, addressed as set forth below (except as noted below):

| | |
|---|---|
| Robert D. Bradshaw<br>P.O. Box 473<br>1530 W. Trout Creek Road<br>Calder, ID  83808-0473 | Plaintiff, pro se |
| * Jay H. Sorensen, Esq., # F0127<br>c/o Shanghai, China<br>P.O. Box 9022<br>Warren, MI  48090-9022 | Defendant, pro se |
| * Mark B. Hanson, Esq., # F0261<br>Macaranas Bldg., 1st Fl.<br>Beach Road, Garapan<br>PMB 738,  Caller Box 10000<br>Saipan, MP  96950-8900 | Attorney for defendant Bisom |

Dated:  Thursday, 22 February 2007.                  /s/
GREGORY BAKA  # F0199
Deputy Attorney General

* Served electronically by agreement of the parties