Received Feb-24-2007 00:04      From-      To-US DISTRICT COURT, N      Page 008

```
                                                    F I L E D
                                                       Clerk
                                                   District Court

Robert D. Bradshaw                                 FEB 2 3 2007
PO Box 473, 1530 W. Trout Creek Road
Calder, Idaho 83808                          For The Northern Mariana Islands
Phone 208-245-1691                           By_____
                                                    (Deputy Clerk)
Plaintiff, Pro Se
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW | ) Case No. CV 05-0027 |
| Plaintiff | ) |
| v. | ) |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. | ) **REPLY TO DEFENDANT SORENSEN'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| Defendants | ) Hearing: March 15, 2007 |
| | ) Time: 09:30 AM |
| | ) Judge Alex R. Munson |

**General**

1. Comes now plaintiff to rebut and oppose defendant Sorensen's opposition which was made on irrelevant, misleading, deceptive, false and/or fraudulent issues.

2. <u>Appeal 06-0005 GA</u> which receives focus by the defendant was heard by the Supreme Court on Feb 13, 2007 (now under advisement). It was based on the Judge Lizama vacate order of Dec 29, 2005 (Ex J, Plaintiff's affidavit in support of this motion). This decision (p. 8-9, 14) found that Bradshaw was not properly served per WA state rules.

    a. The Lizama order also noted: (1) there is no evidence that Bradshaw avoided legal forms of service (p. 10); (2) the AG's appearance did not waive the requirement to serve Bradshaw (p. 11); (3) the fact that a pleading was filed with Bradshaw's name does not make it a filing by him (p. 13); and (4) it does not appear that the "Manny" return receipts were the

1

basis for the Court's finding that Bradshaw had been constructively served (p. 16).

b. The above items are not in the order as findings/conclusions. The word "appears" on fraud is not conclusive. Anyway, the conclusion/finding of the order was that Bradshaw was not served per WA state laws which is the appeal issue. There are no other issues. Per the Bisom opening brief (p 1, at Ex S in Plaintiff's affidavit), the appeal question was "Whether the Superior Court properly granted the motion to vacate the judgment entered..."

c. It is true that Bisom's appeal and reply brief make reference to events at the oral hearings and a focus on the Castro order of Feb 22-2000 (Ex X, Plaintiff's affidavit) and its words about avoidance of service. But none of this had any relevance to the appeal and the Lizama order. Largely, the Bisom appeal avoids the issue of WA state laws. Though many of Bisom's words are irrelevant in the appeal, the Castro order of 2-22-00 and avoidance of service depend entirely on the written record with no link/input from any oral hearing or trial.

d. The dependence only on the written record is proven as follows: (1) Bradshaw's opposing brief on the appeal (Ex AA, Plaintiff's affidavit) repeatedly notes that the Bisom appeal makes allegations about issues supposedly discussed in various oral hearings and in documents which Bisom never provided to the court in the appeal. Mr Sorensen follows this MO (modus operandi) in filing court documents. He refers to hearings and documents as fact but then does not furnish proof; (2) Bisom's Certificate re Preparation of Transcripts (Ex A, Bradshaw's Accompanying Declaration herewith) does not order out a transcript; (3) Bisom/Hanson's Jun 19, 2006 Opposition to Motion to Dismiss (p. 3, Ex B, declaration) says "A transcript is not necessary for determination of this appeal...The issues at trial were completely different than those presented by this appeal. The appellant's opening brief

Received    Feb-24-2007  00:04        From-                           To-US DISTRICT COURT, N    Page 010

presents legal arguments as to why the order granting the motion to vacate the judgment was erroneous. None of these arguments rely on anything presented at the trial..."; Bisom/Sorensen's Opposition to Motion to Compel Preparation of Transcript on Appeal (p 3, Ex C, declaration) says "A transcript is not necessary for determination of this appeal...The issues at trial were completely different from those presented by the pending appeal"; Bisom's Memorandum and Declaration in Opposition to Motion to Dismiss (p 2, Ex D, declaration) says "A transcript is not necessary for determination of this appeal...the Supreme Court will not need a transcript of the trial. The issues at trial were completely different from those presented by the pending appeal. The briefing in this appeal, which has all been filed, presents legal arguments as to why the order granting the motion to vacate the judgment was erroneous. None of these arguments rely on anything presented at trial"; A Superior Court Motion for Relief From Order Compelling plaintiff to Provide Transcripts on Appeal..(p 6, Ex E, declaration) Bisom/Hanson said that in the appeal Bisom does not intend to rely on any evidence contained in any testimony or evidence otherwise contained in any recorded proceeding in this matter; In the Reply to Opposition to Motion for Relief from order Compelling Plaintiff to provide transcripts on Appeal (p. 8, Ex F, declaration) says the "issues of the pending appeal do not require reference to any testimony or hearing of this decision"; The Supreme Court order of Oct 30, 2006 (attached to Ex F) says that Bradshaw "has not demonstrated why a transcript...are necessary to deciding the issues on appeal"; and the Lizama order of Dec 20, 2006 Granting Plaintiff's Motion to Vacate Judgment (p 3-4, Ex G,) notes appellant rule 10(b)(3) requiring a transcript in appeal 06-0005 GA. Thus, Messers Bisom, Sorensen and Hanson all declared that oral hearings are not needed to validate,

3

Received Feb-24-2007 00:15       From-       To-US DISTRICT COURT, N       Page 001

prove or support the Castro order of 2-22-00 and its words about avoidance of service.

3 <u>Order of Feb 22, 2000</u> (Ex X, Plaintiff's affidavit) does not say what Sorensen says. It starts with a cite to a hearing on 2-7-00 and in paragraph 2 proceeds to refer in commentary to a "matter" (singular) that had been "taken under advisement." Then it says Bradshaw ('s): (1) was represented by the AG; (2) letter of 7-14-99 was not in the form of a declaration or affidavit (Ex B5 in 4 amended complaint); (3) "was properly served by mail, return receipt requested but avoided service" (note the separating comma) (4) waived challenge to sufficiency of service by previously bringing motion to dismiss without joining such motion and (5) vacation of the trial date, etc weighs in favor of denial of taking the matter off docket.

    a. In this order, it must be said that its title is singular in saying "Order Denying Motion to Remove Case from Trial Docket." This singular order connects to "The matter...taken under advisement." There were not two, three, four or five issues involved--only one, singular.

    b. Next, the order only decided two things. In the last two paragraphs, the order said defendants' motion to vacate trial date was denied (which agrees with the title of the order and the singular "matter" of proceeding with the trial). The order (of denying the motion to vacate trial date) was then nunc pro tunc to Feb 7, 2000 when Castro allegedly made the decision to proceed with the trial. This one item was the only item decided and ordered nunc pro tunc on Feb 22, 2000. Other items were not decided by the court then, earlier, or later.

    c. The order lists 5 items which allegedly "weighs" in favor of proceeding with the trial. In the next to last paragraph, it says "Accordingly, good cause appearing, it is ordered that defendants' motion to vacate trial date is denied." It then makes the denial (singular) nunc pro tunc back to Feb 7, 2000 when Castro proceeded with the trial. This order only addressed

4

Received  Feb-24-2007 00:15      From-      To-US DISTRICT COURT, N      Page 002

the question of proceeding with the trial (singular as stated in the heading). There is no order, no nunc pro tunc or anything else to backdate. The nunc pro tunc statement is clear that it deals only with the one issue of proceeding with the trial.

d. Per above, Bisom said there is nothing in the oral hearings, trial, etc which has any bearing on any issue in the appeal (to include questions over the 2-22-00 order in terms of 5 items listed in its 2d paragraph). Now in Sorensen's opposition to this motion, he refers to the 5 items in the 2-22-00 order as being nunc pro tunc back to Feb. 7, 2000. These 5 items are categorically not nunc pro tunc back to 2-22-00. If they have any life, authority or legal basis, that life must come from some other source. It does not come from the 2-22-00 order. If they are from a finding and order, where is the finding and order? It's not in the record!

4. <u>The 2-22-00 order</u> arose strictly over the Sosebee motion of Feb 1, 2000 to remove the case from the trial docket (Ex L Plaintiff's affidavit) and Sorenson's Opposition of Feb 3, 2000 (Ex N, Plaintiff's affidavit) where Sorensen mentions the first 4 of the 5 items. Note, Sosebee thought so little of his case that he never even bothered to file a reply to Sorenson's opposition. Anyway, there are problems with the 5 items in the 2d paragraph of the order.

a. The order said the AG represented Bradshaw; yet, Sosebee on Feb 1, 2000 said the AG did not represent Bradshaw (Ex Y Plaintiff's affidavit) and Castro in his decision and order of Feb 1, 2000 also said that the AG did not represent Bradshaw (as supplied to the Court in the Declaration of Robert D. Bradshaw in Support of Plaintiff's Opposition to CNMI Defendants' Motion to Dismiss the third Amended Complaint" as filed with the Court on Nov 2, 2006). Obviously, the judge on Feb 22, 2000 contradicted his own order of Feb 1, 2000 where he said that the AG didn't represent Bradshaw. This contradiction was never resolved

5

Received Feb-24-2007 00:15       From-       To-US DISTRICT COURT, N       Page 003

b. Too, the cite in 2-22-00 that Bradshaw was served by mail, ...but avoided service (note the separating comma) is totally contradictory/impossible. It is impossible "to be served" and yet "avoid service." This cite also states a paradox of contradiction and confusion because 8 days earlier, Sorensen filed default entry in court (Ex O, P, plaintiff's affidavit, authenticated and entered into record by the Clerk of Court) on the basis that Bradshaw (and the AG) was indeed served; return of service forms were filed with the court; and Bradshaw did not answer the service made on him. This default entry totally contradicts any and all allegations that Bradshaw avoided service as alluded to in the contradictory and confusing item about being served and avoiding service. Corpus Juris Secundum (2004 ed, article on Process, p. 751) cites court cases and says that action is deemed dismissed when an affidavit of service is not filed within the statutory specified period for filing. The rules are that a court gains personal jurisdiction over a person when that person is legally served with process. This reality never happened with Bradshaw in 96-1320. In order to make that service binding and of legal effect, a plaintiff has to file an affidavit or declaration of that service being made and completed and file that affidavit in court in the form of a return of service form. Sorensen's entry of default says that these return of service forms were filed in court by Feb 14, 2000 after service was made on Bradshaw and Bradshaw did not answer that service (obviously it does not take a genius to see that the fraudulent postal receipts signed by "Manny" have to be the basis for the entry of default on Feb 14, 2000). It is unclear why the alleged service in early 1997 was never filed in court until Feb 2000 (evidently in the trial exhibits or attached to the entry of default) but that's what the record shows (maybe the fact that they were fraudulent made Sorensen hesitant about filing them earlier).

Received Feb-24-2007 00:15 From- To-US DISTRICT COURT, N Page 004

c. The source of the 5 items is unclear in the order of 2 22 00, as mentioned in its commentary, but 4 of them surface elsewhere in writing only in Sorensen's Opposition to motion to take calendar off trial docket (Ex N, Plaintiff's affidavit), as discussed above. Apparently they "weighs (sic) in" in someway for denial of taking case off of trial docket They are expressed as being taken under advisement. But if they were only under advisement, why did the court not make a order on them. There is never an order in the case file which cites the first 4 of the 5. All of a sudden, after three years (from 1997), these issues surface from Sorensen on Feb 3, 2000 and Castro refers to them on Feb 22, 2000 but not in the form of a court order. Castro certainly did not make them legal with any order or nunc pro tunc.

d. Sorensen's Opposition to motion to take case off docket (Ex N, Plaintiff's affidavit) and Sorensen's Opposition to Motion to Void/Vacate judgment (Ex R, Plaintiff's affidavit) both had alleged copies of the front of envelopes mailed to Bradshaw. These fronts were not the complete envelopes and contents as required in court filings. Anyway, the evidence is massive that they are fraudulent as is true with other documents filed by Sorensen.

e. The certified numbers on the two envelops are only four numbers apart which means that in a 30 day period the Saipan Post office only mailed four certified letters. This is impossible. Next, the first one only took 4 days to go by first class mail from Saipan to the US and the 2d one took six days. For people familiar with Saipan, these dates are impossible. Too, both envelopes are contrary to Bradshaw's 7-14-99 letter before the court which cited two certified mailings from Saipan without the identifying name of the mailers. Finally, the Sorensen MO is to mail process without his name on it (Ex H, accompanying declaration). This is a deceptive act followed by some attorneys. It was Sorensen's deceptive mailing

7

Received  Feb-24-2007 00:15        From-        To-US DISTRICT COURT, N    Page 005

practices which prompted Bradshaw to get legal advice from the CNMI AG's office that certified letters do not have to be accepted (p. 12 of 4th amended complaint).

f. The front copies of these two envelopes was never proven as being legitimate in any court filing; though Sorensen did file his authentication (but he is a master at deception and fraud in court; so his words mean nothing). No court has ever established that the envelopes are legitimate. Bradshaw's documentation proves that they are false/fraudulent.

g. Anyway, this opposition (Ex N, Plaintiff's affidavit) was the first and only other written record (besides the order of 2-22-00) where anything is said about avoidance of service. In this opposition (p. 2-3), Sorensen deceptively broaches the idea of purposely avoiding service and quotes four cases to supposedly prove his point--Cherry v. Heffernan, 182 So. 427-432 (FL 1938); Creaddick v. Keller, 160 A.909-911 (Del 1932); Merriott v. Whitsell, 476 S.W. 2d 230-233 (Ark 1972); Patel v. Southern Brokers, Ltd, 289 S. E. 2d 642-645 (SC 1982). Bradshaw's opposition to the appeal (Ex AA, Plaintiff's affidavit) discusses these 4 cases which concern US state long arm laws allowing discretion in determining service, generally made in out of state motorists acts where service is made on a secretary of state for the accused. Sorensen deceived and fooled the court on these inapplicable cases.

h. Sorensen's opposition of Feb 3, 2000 also brings up other points made in the Castro order of 2-22-2000--on Bradshaw's letter of Jul 14, 1999 not being in an affidavit or declaration; the AG representing Bradshaw and waiver of challenge to Insufficiency of Process. All of this stuff came up only in Sorensen's opposition of Feb 3, 2000 and not in other places. When Sorensen prepared the order of 2-22-2000, he cleverly worked in these deceptive points to add to the Castro decision to proceed with the trial.

Received Feb-24-2007 00:15      From-      To-US DISTRICT COURT, N      Page 006

i. Regardless, as a minimum, these 5 items in the 2-22-00 order are totally irrelevant, and deceptive because they appear no other places in the record except from Sorensen on 2-8-2000. As Bisom/Sorensen/Hanson have already established, all of the oral testimony and hearings are irrelevant and not needed to discuss the Castro order of 2-22-2000.

5. <u>Other items:</u> This court has already ruled on Rooker and Younger on Sep 8, 2006. Clearly, these issues are not involved in this motion because the issue before the Supreme Court was only on the question of the pertinence of the WA state laws on service of process.

a. The default motion made by Sorensen was made 8 days before the order of 2-22-2000 was issued with it being taken under advisement. Avoidance of service could not possibly have played any role in the entry of default 8 days earlier as made on the basis of service being made, return of service forms filed and no Bradshaw answer on the service.

b. On the 120 day rule, American Jurisprudence (article on process) quotes US cases and says: the 120 day rule applies equally to defendants who were never served and to defendants who were served after the 120 day deadline had lapsed and that the rule 4(m) has to be strictly construed (p. 691); that a court has no discretion under rule 4(m) to salvage an action that must be dismissed by law or the rules because the plaintiff had failed to make a timely service and failed to show good cause of the belated service (p. 694); a showing of good cause requires more than would be required to meet an excusable neglect standard (p. 696); that good cause must be interpreted narrowly (p. 696); simple inadvertence or mistake of counsel or ignorance of rules cannot suffice for a showing of good cause (p. 701); the plaintiff bears burden of showing good cause for failing to make timely service (p. 697); and a showing of good cause was designed to prevent inadvertent or heedless nonservice (p. 701);

9

Received Feb-24-2007 00:15      From-      To-US DISTRICT COURT, N      Page 007

c. Corpus Juris Secundum (on process) adds: A substantive defect in process renders the process void (p. 749); service of process that is not carried out in the manner provided by law is invalid, of no effect, a nullity, or void (p. 750). Obviously, failures to meet the 120 day deadline (and failure to file an affidavit of that service within the 120 days) and failure to comply with deadlines in court orders are substantive defects in service of process.

d. <u>The Order of May 20, 1997</u> (Ex H, Plaintiff's affidavit) is plain enough. No service or attempted service was made/completed by the stipulated dates. Regardless, this order has nothing to do with the 120 day deadline which can only be changed with a showing of good cause to the court; the court acting on the matter; and issuing order to change the deadline. None of this happened. Too, Bradshaw was sued in his official capacity. Proper service was not made on the AG on this per CNMI rule 4(h). Personal service per rule 4(e) was not made on Bradshaw as outlined in the AG's letter to Bradshaw on Apr 17, 1997 (Ex A3, 4 amended complaint). Last, Bisom's complaints involved malicious prosecution and lacked legal basis.

e. On Bradshaw's request for refund of the $140,000 illegally taken from the CNMI, this issue concerns damages placed on Bradshaw's work, person and reputation. The pay out was made precisely because of the default judgment. Bradshaw has standing on this issue.

### Conclusion

6. Defendant presents no argument/evidence why plaintiff should not have summary judgment as set forth in his motion. If there is any doubt of the jurisdiction of this Court over the issues raised, they are settled by the fact that the Court has "inherent equity powers" which grants it leeway to address issues which common sense, equity and justice demand.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of Feb 2007, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorenson, c/o Shanghai, PO Box 9022, Warren, MI 48090-0022
CNMI Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

Robert D. Bradshaw, Plaintiff, Pro Se