F I L E D
Clerk
District Court

FEB 2 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**Robert D. Bradshaw**
**PO Box 473**
**1530 W. Trout Creek Road**
**Calder, Idaho 83808**
**Phone 208-245-1691**

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

ROBERT D. BRADSHAW     ) Case No. CV 05-0027

    Plaintiff

    v.

COMMONWEALTH OF THE NORTHERN   ) **DECLARATION OF ROBERT D.**
MARIANA ISLANDS (hereafter referred to  ) **BRADSHAW IN SUPPORT OF**
as the CNMI); et. al.               ) **PLAINTIFF'S REPLY TO MR**
    Defendants              ) **SORENSEN'S OPPOSITION TO**
                         ) **MOTION FOR PARTIAL SUMMARY**
                         ) **JUDGMENT**
                         ) **Hearing Date: Mar 15, 2007**
                         ) **Time: 0930 AM**
                         ) **JUDGE: Alex Munson**

I, ROBERT D. BRADSHAW, hereby declare:

    1. I am the plaintiff in the above captioned case. I submit this declaration in support of

Plaintiff's Motion for Partial Summary Judgment and the reply to Mr Sorensen's opposition to

the motion for partial summary judgment. I have personal knowledge of the information set

forth herein, and if called upon to testify, I would and could competently testify thereto.

    2. Attached hereto are true and accurate copies of the following exhibits in support of

the Motion for Partial Summary Judgment and in support of the reply to Mr Sorensen's

1

Received  Feb-23-2007 23:28  From-  To-US DISTRICT COURT, N  Page 003

Opposition to the motion for partial summary judgment.

Exhibit A: Bisom's Appeal Certificate re Preparation of Transcript

Exhibit B: Bisom's Jun 19, 2006 Opposition to Motion to Dismiss

Exhibit C: Bisom's Opposition to Motion to Compel Preparation of Transcript on

Appeal.

Exhibit D: Bisom's Oct 18, 2000 Memorandum and Declaration In Opposition to

Motion to Dismiss.

Exhibit E: Bisom's 30 Oct 2006 Notice of Motion for Relief from Order compelling

Plaintiff to Prepare Transcript.

Exhibit F: Bisom's Nov 28, 2006 Reply to Opposition to Motion for Relief from

Order Compelling Plaintiff to Provide Transcript.

Exhibit G: Judge Lizama's order of Dec 20, 2006 Granting Plaintiff's Motion to

Vacate Judgment.

Exhibit H--Mailing envelope of certified letter mailed from Sorensen to

Bradshaw in 1995 with a certified summons enclosed.

Exhibit I--List of Exhibits at the 96-1320 trial

I furthermore declare that I wrote the letter of Jul 14, 1999 to William Bush as

presented at Exhibit B3 of the 4th amended complaint. I furthermore declare that the two

certified letters to me from Saipan, as referred to in the third paragraph of this Jul 14, 1999

letter, did not have the name or identification of the mailer on them. They came to me with

only a post office box in Saipan. As it is Mr Sorensen's modus operandi to mail summons

without his identifying name on them, I did assume at the first letter that it was from Sorensen

2

and so notified the CNMI AG's office. I did not make a record of the post office box of the mailer as depicted on the envelopes. Later with the second letter, I began to have questions in my mind about the source of these two unidentified certified letters with only a Saipan post office box.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this ___23rd___ day of ___February___ 2007 at Calder, Idaho.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __23th__ day of __Feb__ 2007, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
Gregory Baka, Dep Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se

JAY H. SORENSEN
Attorney at Law
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Phone (Shanghai,China): 86-21-5083-8542

Attorney for Plaintiff/Appellant

## IN THE SUPERIOR COURT
## OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ROBERT A. BISOM | ) | CIVIL ACTION NO. 96-1320 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE RE** |
| v. | ) | **PREPERATION OF** |
| | ) | **TRANSCRIPT** |
| COMMONWEALTH OF THE NORTHERN | ) | |
| MARIANA ISLANDS,  ROBERT D. | ) | |
| BRADSHAW, former Temporary Public | ) | |
| Auditor, in his individual capacity, et al. | ) | |
| | ) | |
| Defendants. | ) | |

TO THE CLERK OF THE COMMONWEALTH SUPERIOR COURT:

Pursuant to the Rule 10(b)(1) Commonwealth Rules of Appellate Procedure,

Appellant, Robert A. Bisom, gives notice that no transcript is being ordered.


Jay H. Sorensen (CNMI Bar No. F0127)
Attorney for Plaintiff/Appellant

(4)

Received    Feb-23-2007 23:28        From-        To-US DISTRICT COURT, N    Page 006



**JAY H. SORENSEN**
Attorney at Law
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Phone (Shanghai,China): 86-21-5083-8542

**MARK B. HANSON**
First Floor, Macaranas Bldg.
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Phone: (670) 233-8600
Facsimile: (670) 233-5262

Attorneys for Appellant

### IN THE SUPREME COURT
### OF THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ROBERT A. BISOM | ) | APPEAL NO. 06-0006 GA |
|     Appellant, | ) | |
| | ) | |
|   v. | ) | **OPPOSITION TO** |
| | ) | **MOTION TO DISMISS** |
| COMMONWEALTH OF THE NORTHERN | ) | |
| MARIANA ISLANDS, ROBERT D. | ) | |
| BRADSHAW, former Temporary Public | ) | |
| Auditor, in his individual capacity, et al. | ) | |
| | ) | |
|     Appellee. | ) | |

Appellant, Robert A. Bisom, opposes the motion to dismiss filed by

Defendant/Appellee, Robert D. Bradshaw, on the following grounds:

1.  A timely request for extension of time was made and granted.  While it is

correct that the Bisom's opening brief was filed on May 24, 2006 and that the 40 days

after the certificate of record was filed expired on  May 1, 2006, an  application for

extension of time to file the opening brief was filed well ahead of the due date.  In the

application for extension, good cause is set forth as to the reasons additional time was





Received    Feb-23-2007  23:28    From-    To-US DISTRICT COURT, N    Page 007

needed to complete the brief.   By order dated May 17, 2006, this Court granted the Motion of Appellant to enlarge time and set a due date for Appellant's brief of May 30, 2006. Appellant's Opening Brief was timely filed.

2.  <u>Bradshaw has given no reason nor demonstrated any prejudice.</u>   In Appellant's request for extension, the supporting declaration states that before the request was filed, telephone contact was made with Bradshaw to give him notice according to *Com. R. App. Proc.* 31(d)(7).   He stated he would not agree to the extension, but refused to say why.   Likewise here, the motion fails to indicate why Appellee objects to the extension, nor does Bradshaw supply anything that would show any prejudice to him as a result of the brief being filed some 23 days later than originally scheduled.   Moreover, it seems that there could not be any prejudice to Bradshaw by that short delay, since ultimately it will result in no delay in the appeal going to oral argument or when it is decided.   It is apparent that Appellee is simply trying to gain an unwarranted advantage.   In any case, the Motion to enlarge time was granted on May 17, 2006.

3.  <u>The delay in the briefing is insignificant given the history of the case and the motion.</u>   This motion to dismiss should also be seen in its larger context.   The judgment that the superior court vacated was entered on March 10, 2000.   Bradshaw did not move to vacate it until March 16, 2005.   Thus, given the fact that Bradshaw took over five years to bring seek relief from the judgment, a 23 day delay in the briefing of this appeal is not sufficient ground for dismissal.   In any case, the Motion to enlarge time was granted on May 17, 2006 and Appellant's Opening Brief was timely filed.



Received    Feb-23-2007 23:28    From-    To-US DISTRICT COURT, N    Page 008

4    All the evidence that was before the Superior Court for the determination of the motion that is the subject of this appeal has been furnished.    Bradshaw argues that a transcript of the trial that occurred in 2000 should be furnished    However, the Superior Court had no transcript of the trial even though the judge that decided the motion was different than the trial judge.  In fact, the only "evidence" before the judge hearing the motion to void/vacate the judgment was that provided by Bradshaw.  That consisted of affidavits and letters that he attached to the motion to void/vacate judgment.  These are included in the Excerpts of Record at pages 65 through 89.  Bisom did not submit any evidentiary material in opposition to the motion other than copies of the envelopes that contained the first and second amended complaints which were sent to and refused by Bradshaw in 1997.  Those are included in the excerpts of record.  Other than that, Bisom relied entirely on legal argument as to why the motion should be denied.

5.  A transcript is not necessary for determination of this appeal.  Just as the Superior Court did, this court will be able to determine the issues presented without necessity of reference to a transcript of the 2000 trial  The issues at trial were completely different than those presented by this appeal.  The appellant's opening brief presents legal arguments as to why the order granting the motion to vacate the judgment was erroneous.  None of these arguments rely on anything presented at trial.  There simply are no issues concerning the admission or exclusion of evidence, nor any issues concerning the consideration or interpretation of disputed evidence.  Reference to trial exhibits in the opening brief's statement of facts is merely to furnish some factual background to the underlying case.

A transcript has never been ordered nor prepared.  Nevertheless, this court previously determined two appeals in this case, brought after the trial, without

Received    Feb-23-2007 23:28    From-    To-US DISTRICT COURT, N    Page 008

necessity of a transcript. (*Bisom v. C.N.M.I.* 2002 MP 19, deciding Appeals Nos 2000 016 and 2000-023.)

6. <u>Bradshaw waived any right to request a transcript.</u>    Bisom filed a Certificate re Preparation of Transcript in accordance with Com. R. App. Proc. 10(b)(1) on January 30, 2006. For the reasons stated above, no transcript is needed for determination of the issues on this appeal, and so, appellant deemed no transcript need be ordered. Proof of service of this notice shows it was deposited for mailing to Bradshaw on January 25, 2006. Under Com. R. App. Proc. 10(b)(3), Bradshaw could have sought to have a transcript provided at that time, but he did not do so.

Bradshaw claims in his moving papers (¶ 6(g)), that he did not know what was being appealed and what the needs would be until he received the opening brief. However, the arguments made in the opening brief are the same arguments made in the opposition to the motion to vacate filed in the Superior Court. So, he knew well from the time the appeal began what the issues on appeal would be.

7. <u>Appellant has fully complied with Rule 30 in assembling the Excerpts of Record</u>    Bradshaw's motion complains that several things are omitted from the excerpts of record that should be in there, such as the parts of the documents that were originally filed with the declarations of Jay H. Sorensen and the one of L. David Sosebee. (¶6(b) & (c)) However, the parts that were extracted are legal memoranda, and under Com R. App. Proc. 30(d) briefs and memoranda of law are not to be included in the excerpts of record. Likewise, the argument that the motions and objections filed that led to the orders of February 22, 2000 and March 10, 2000, which Bradshaw wants included (¶6(d) & (c)) are also legal memoranda that should not be included. And in the same way, his complaint that plaintiff's objections to the motion



to vacate should be in the excerpts (¶6(f)), is ungrounded because they are nothing but legal memoranda, and thus properly excluded.

8.    Appellee may supplement the record in any way he wants.    Bradshaw acknowledges that he can utilize Com R. App. Proc. 30(f) to augment the record with an appellee's supplemental excerpts of record.    (¶ 6(g)).    He argues that he is somehow limited in doing so as to partial documents, as opposed to excluded documents. This distinction makes no sense.    The rule states: "If Appellee believes that the excerpts of record filed by the appellant exclude items which should be included under this rule, the appellee may, at the time the appellee's brief is filed, file supplemental excerpts of record, prepared pursuant to this rule, which include the omitted items."    Com. R. App. Proc. 30(f).    Thus, the rule allows him to included anything he thinks should have been included so long as it is done in compliance with the rule.

9.    Bradshaw's motion does not comply with this court's rules.    Under Com. R. App. Proc. 27(b) "...all motions shall be noticed in writing for hearing not less than 14 days after service."    Under that rule, the notice is to accompany the supporting material and memorandum or brief.  No such notice was served on appellant.

Respectfully submitted,

MARK B. HANSON
(CNMI Bar No.F0261)
Attorney for Appellant

5

JAY H. SORENSEN
Attorney at Law
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Phone (Shanghai,China): 86-21-5083-8542

Attorney for Plaintiff

## IN THE SUPERIOR COURT
## OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ROBERT A. BISOM | ) | Civil Action No. 96-1320 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPPOSITION TO** |
| v. | ) | **MOTION TO COMPEL** |
| | ) | **PREPARATION OF** |
| COMMONWEALTH OF THE NORTHERN | ) | **TRANSCRIPT ON APPEAL** |
| MARIANA ISLANDS, ROBERT D. | ) | |
| BRADSHAW, former Temporary Public | ) | |
| Auditor, in his individual capacity, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Robert A. Bisom, opposes the motion to dismiss filed by

Defendant/Appellee, Robert D. Bradshaw, to compel plaintiff to arrange and pay for

the preparation of a transcript on appeal, on the following grounds:

1  Bradshaw waived any right to request a transcript.  Bisom filed a

Certificate re Preparation of Transcript in accordance with Com. R. App. Proc.

10(b)(1) on January 30, 2006. That rule governs the preparation of transcripts on

appeal, and allows for preparation of "... a transcript of such parts of the

proceedings ...as appellant deems necessary..." For the reasons stated below, no

transcript is needed for determination of the issues on this appeal, and so, notice stated

that no transcript was being ordered. Proof of service of this notice shows it was

deposited for mailing to Bradshaw on January 25, 2006. Under Com. R. App. Proc.

Received    Feb-23-2007 23:37    From—    To-US DISTRICT COURT, N    Page 002

10(b)(3), Bradshaw could have sought to have a transcript provided at that time, but he did not do so.

    2. <u>Defendant's excuses for failing to make a timely designation of the record on appeal are not believable</u>.

    Bradshaw claims in his moving papers (¶ 2), that he did not know what was being appealed and what the needs would be until he received the opening brief. However, the arguments made in the opening brief are the same arguments made in the opposition to the motion to vacate filed in the superior court. So, he knew well from the time the appeal began what the issues on appeal would be.

    Bradshaw's motion also claims that he was handicapped by the impression that the Attorney General's office was going to represent him by some notification from the clerk's office. (¶ 3) First, it is not part of the duties of the clerk's office to notify parties who will act as their lawyer in civil cases, and it is not credible that Bradshaw really thought that anything the clerk indicated was binding on the AG. Secondly, since March, 2005 Bradshaw has been engaged in litigation in which he sued the Commonwealth, the then Attorney General and five former assistants of that office. He first brought his suit in the federal district court for Idaho *Bradshaw v Commonwealth of the Northern Mariana Islands, et al.* Case No. CV 05-84-N-EJL. When that was dismissed on jurisdictional grounds, he refiled in the district court in the CNMI. *Bradshaw v. Commonwealth of the Northern Mariana Islands, et al.* Case No. 05 0027. That case is still pending. Bradshaw was well aware that they were being, and continued to be, represented by the AG's office. It is not believable that he thought that under those circumstances that the AG's office would represent him in this case and defend others in the suit he brought. Thirdly, the AG did not represent him in the underlying motion, so there was no reason for him to think they would be doing so on appeal of the motion.

Received    Feb-23-2007 23:37    From-    To-US DISTRICT COURT, N    Page 003

3    A transcript is not necessary for determination of this appeal.  The Superior Court decided the motion to void/vacate without the aid of a transcript of the 2000 trial.  Likewise, the Supreme Court will not need a transcript of the trial.  The issues at trial were completely different from those presented by the pending appeal. The appellant's opening brief, which has already been filed, presents legal arguments as to why the order granting the motion to vacate the judgment was erroneous.  None of these arguments rely on anything presented at trial.  There simply are no issues concerning the admission or exclusion of evidence, nor any issues concerning the consideration or interpretation of disputed evidence.

A transcript has never been ordered nor prepared.  Nevertheless, the Supreme Court previously determined two appeals in this case, brought after the trial, without necessity of a transcript.  (*Bisom v. C.N.M.I.* 2002 MP 19, deciding Appeals Nos. 2000-016 and 2000-023.)

If Bradshaw wants to have a transcript, then he may order it and pay for it himself, as Com. R. App. Proc. 10(c)(3) allows him to do.  However, under these circumstances, there is no reason to burden the plaintiff with such a requirement.

Respectfully submitted,


JAY H. SORENSEN
(CNMI Bar No.F0127)
Attorney for Plaintiff



To-US DISTRICT COURT, N    Page 004    From-    Feb-23-2007 23:37    Received

**JAY H. SORENSEN**
Attorney at Law
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Phone (Shanghai,China): 86-21-5083-8542

**MARK B. HANSON**
First Floor, Macaranas Bldg.
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Phone: (670) 233-8600
Facsimile: (670) 233-5262

Attorneys for Appellant

**IN THE SUPREME COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| ROBERT A. BISOM )<br>        )<br>    Appellant, )<br>        )<br>v.    )<br>        )<br>COMMONWEALTH OF THE NORTHERN )<br>MARIANA ISLANDS, ROBERT D )<br>BRADSHAW, former Temporary Public )<br>Auditor, in his individual capacity, et al. )<br>        )<br>    Appellee. )<br>_____ ) | APPEAL NO. 06-0005 GA<br><br>**MEMORANDUM AND<br>DECLARATION IN<br>OPPOSITION TO<br>MOTION TO DISMISS** |

Appellant, Robert A. Bisom, opposes the latest motion to dismiss filed by

Defendant/Appellee, Robert D. Bradshaw, on the following grounds[1]:

1. <u>Appellant was not aware of the Superior Court order.</u>

As set forth in the declaration below, the first time appellant was made aware

of the order on which this motion is based is when this motion was served on counsel.

_____

[1] Appellee has filed a previous motion to dismiss, based in part on the his contention that appellant was required to produce a transcript of the trial as part of this appeal. Opposition was filed by Bisom on June 19, 2006. That motion is currently pending.



To-US DISTRICT COURT, N    Page 005          From-          Feb-23-2007 23:37          Received

It was not received by counsel after it was entered. Investigation reveals that there is no proof that it was timely served on plaintiff/appellant Bisom prior to this motion being filed.

    2. <u>The underlying order of the Superior Court is erroneous because Bradshaw waived any right to request a transcript</u>.

    Bisom filed a Certificate re Preparation of Transcript in accordance with Com. R. App. Proc. 10(b)(1) on January 30, 2006. That rule governs the preparation of transcripts on appeal, and allows for preparation of "... a transcript of such parts of the proceedings ...as appellant deems necessary..." For the reasons stated below, no transcript is needed for determination of the issues on this appeal, and so, Bisom's notice stated that no transcript was being ordered. Proof of service of this notice shows it was deposited for mailing to Bradshaw on January 25, 2006. Under Com. R. App. Proc. 10(b)(3), Bradshaw could have sought to have a transcript provided at that time. However, he did not do so.

    3. <u>A transcript is not necessary for determination of this appeal</u>.

    The Superior Court decided the motion to void/vacate that is at issue in this appeal without the aid of a transcript of the 2000 trial. Likewise, the Supreme Court will not need a transcript of the trial. The issues at trial were completely different from those presented by the pending appeal. The briefing in this appeal, which has all been filed, presents legal arguments as to why the order granting the motion to vacate the judgment was erroneous. None of these arguments rely on anything presented at trial. There simply are no issues concerning the admission or exclusion of evidence, nor any issues concerning the consideration or interpretation of disputed evidence.

    A transcript has never been ordered nor prepared. Nevertheless, the Supreme Court previously determined two appeals in this case, brought after the trial, without



Received    Feb-23-2007 23:37    From-    To-US DISTRICT COURT, N    Page 006    006

necessity of a transcript   (*Bisom v. C.N.M.I.* 2002 MP 19, deciding Appeals Nos. 2000-016 and 2000-023.)

If Bradshaw wants to have a transcript, then he may order it and pay for it himself, as Com. R. App. Proc. 10(c)(3) allows him to do.  However, under these circumstances, there is no reason to burden Bisom with such a requirement.

4.  <u>Dismissal is not the appropriate remedy.</u>

Dismissal is the most extreme remedy that could be instituted.  If any sanction was in order, then lesser ones should be resorted to first.  See, *Vilagomez v. Sablan*, 4 N.M.I. 396, 399 (1996), (failure to produce a record required by the rules does not warrant dismissal except in extreme cases or where there are repeated, unexcused and prejudicial violations.)

Respectfully submitted,

JAY H. SORENSEN<br>
(CNMI Bar No.F0127)<br>
Attorney for Plaintiff

### DECLARATION OF JAY H. SORENSEN

I, Jay H. Sorensen, do hereby declare:

I am the attorney of record for plaintiff, Robert A. Bisom, in the case of Bisom v. C.N.M.I., et al. (Superior Court Civil Action No. 96-1320), the case from which this appeal emanates.

The order of the Superior Court of August 26, 2006, on which this motion is based, was never seen by me until I saw this motion to dismiss. Moreover, I am not aware of any hearing on the motion in the Superior Court that led to the order.



Although I did receive Bradshaw's motion to require plaintiff Bisom to prepare a transcript, and did file written opposition to it, as far as I know, there was no hearing on the motion.

Investigation by local counsel in this appeal, who looked at the court's files, revealed no proof of service that the order had been previously served on me. For the reasons set forth in the memorandum above, Bisom intends to challenge the order.

I declare under penalty of perjury this 18th day of October, 2006, that the foregoing is true and correct.

_____

Jay H. Sorensen



CLERK OF COURT
SUPERIOR COURT

2006 NOV -7  P.M. 9:40

BY: _____
DEPUTY CLERK OF COURT

**JAY H. SORENSEN**
**Attorney at Law**
**c/o Shanghai**
**P.O. Box 9022**
**Warren, MI 48090-9022**
**Phone (Shanghai,China): 86-21-5083-N542**

**MARK B. HANSON**
**Second Floor, Macaranas Bldg.**
**Beach Road, Garapan**
**PMB 738, P.O. Box 10,000**
**Saipan, MP 96950**
**Phone:     (670) 233-8600**
**Facsimile:   (670) 233-5262**

Attorneys for Plaintiff

## IN THE SUPERIOR COURT
## OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **ROBERT A. BISOM,** | ) | Civil Action No. 96-1320 |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTION AND |
| | ) | MOTION FOR RELIEF FROM |
| v. | ) | ORDER COMPELLING |
| | ) | PLAINTIFF TO PROVIDE |
| **COMMONWEALTH OF THE** | ) | TRANSCRIPTS ON APPEAL; |
| **NORTHERN MARIANA ISLANDS,** | ) | MEMORANDUM AND |
| **ROBERT D. BRADSHAW,** former | ) | DECLARATION IN SUPPORT |
| Temporary Public Auditor, in his individual | ) | THEREOF |
| capacity, et al., | ) | |
| | ) | Date:  12|19|06 |
| Defendants. | ) | Time:  9:00 a.m. |
| | ) | Judge: Hon. Juan T. Lizama |

NOTICE IS HEREBY GIVEN, that on ___12|19___, 2006 at ___9:0__a.m./p.m.____

Plaintiff Robert A. Bisom will, and does hereby, move the Court for relief from its

Order filed August 25, 2006 ordering plaintiff to prepare a complete transcript of the

record of the trial in February, 2000 and a hearing in October, 2005 as part of Appeal

⑰

ENTERED
DATE: _____

No. 06-005 GA currently pending before the Commonwealth Supreme Court. This motion is brought pursuant to Rule 60(b)(6), Commonwealth Rules of Civil Procedure. The motion is supported by the memorandum of points and authorities, and by the declaration of Mark B. Hanson set forth below.

Respectfully submitted this 30th day of October, 2006.

_____

MARK B. HANSON (F0261)
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

Procedural Background.

Order and Judgment was entered on March 10, 2000 in favor of Plaintiff and against the Commonwealth for $110,300 and against Robert D. Bradshaw for $130,000, following a jury trial. Five years later, on March 16, 2005, Bradshaw filed a Motion to Void/Vacate Judgment. Hearing of the motion was on October 4, 2005. On December 29, 2005 this Court entered its Order Granting Robert Bradshaw's Motion to Vacate Judgment. Notice of Appeal of that order was timely filed on January 30, 2006. The appeal is now pending before the Supreme Court as Appeal No. 06-0005 GA [1]

Sometime in early or mid-June, 2006 defendant Bradshaw filed a Petition for Order to Compel Plaintiff to Provide a Complete Transcript for Appeal No. 06-0006 GA. It attached a form of proposed order. On June 23, 2006 plaintiff filed an

---

[1] The motion by Bradshaw and the order of August 25, 2006 incorrectly identify the appeal as Appeal No. 06-0006 GA.

18

010  əɓɐd  N 'ʇɹnoɔ ʇɔıɹʇsıp sn-oʇ                    —ɯoɹɟ              ʇƐ:Ɛ乙  乙00乙-Ɛ乙-qəⅎ  pəʌıəɔəꙠ

opposition to Bradshaw's Petition explaining that no trial testimony was at issue so no transcript of the proceedings was necessary. No hearing of that petition was noticed or held. On August 25, 2006 this Court signed and filed the proposed order. No notice of the Order was provided to Plaintiff.

On October 10, 2006, Bradshaw filed a Motion to Court to Dismiss this Appeal in Appeal No. 06-0005 GA with the Commonwealth Supreme Court on the grounds that he had been advised by the Superior Court Clerk that Plaintiff had not ordered and paid for the transcripts as previously required by the Court (albeit unknown to Plaintiff/Appellant Bisom). That motion is currently pending before the Commonwealth Supreme Court.

Discussion.

This is a motion for relief from an order of this Court and is akin to a motion for reconsideration which is treated as a motion to alter or amend a judgment or order under Rule 59(e) if it is filed within ten days of entry. If it is filed after that ten day period, then the motion is considered one for relief from a judgment or order and construed as a Rule 60(b) motion. *American Ironworks & Erectors Inc. et al. v. North American Construction Corp.*, 248 F.3d 892 (9th Cir. 2001).

Under Rule 60(b) a party is entitled to relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Com.R.Civ.Proc. 60(b).



3

Subsection 60(b)(6) is the so-called "catch-all" provision. It provides an equitable remedy to prevent manifest injustice and grant relief where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous ruling. *United States v. Alpine land & Reservoir Co.*, 984 F. 2d 1047, 1049 (9th Cir. 1993). To obtain relief under Rule 60(b)(6), a moving party must show that he suffered an injury as a result of the judgment or order from which he seeks relief and that circumstances beyond his control prevented him from taking timely action to protect his interests. *Id.*

This presents a situation where extraordinary circumstances beyond the control of plaintiff kept him from making a motion to reconsider within the 10 day period allowed by Com.R.Civ.Proc. 59(e), and an instance where an erroneous ruling needs correcting to prevent Plaintiff from incurring a substantial financial obligation.

First, there was no notice of hearing prepared and served by Defendant/Appellee Bradshaw, and so no hearing was ever held preceding the entry of the order of August 25, 2006. This despite the fact that the rules of civil procedure require that a hearing be noticed and that the notice be served on the adverse parties. "A Notice of Hearing shall be attached to or incorporated in each written motion filed with the court." Com. R. Civ. Proc. 7(b)(7). Also, "[a] written motion made after the entry of a judgment, other than a motion which may be heard *ex parte*, and notice of hearing thereof shall be filed and served not later than 14 calendar days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on *ex parte* application." Com. R. Civ. Proc. 6(d)(2). There was no showing of good cause why a

4

Received    Feb-23-2007 23:45    From-    To-US DISTRICT COURT, N    Page 002

hearing would not be held.  The notice of hearing provisions of the Commonwealth courts are mandatory Bradshaw's failure to submit a notice of hearing with his motion justifies relief from the order and, at the very least, a hearing on the propriety of Bradshaw's petition with regard to trial and other transcripts.

Compounding the problem, after the order was entered, Defendant Bradshaw never served the Order on Plaintiff.  As explained in the declaration below, Plaintiff's counsel only learned about the existence of the order indirectly when Bradshaw filed and served a notice to dismiss Appeal No. 06-0005 GA on the grounds that Plaintiff had not paid for the transcript that the August 25, 2006 Order required him to provide. Even Bradshaw's motion in the Commonwealth Supreme Court did not contain a copy of the order, but only referred to it.  It was not until October 11, 2006, some 47 days after entry of the order, that Plaintiff's counsel, after going to the clerk's office and looking in the Court's file, finally obtained a copy of the August 25, 2006 Order.

Plaintiff will suffer prejudice if this order is left to stand and enforced, as it will subject him to a heavy cost to pay for transcribing a four day trial at $2.50 per page for an original and $1.00 per page for copies. (Commonwealth Judiciary Fee Schedule, effective October 4, 2006).

The order should be reconsidered because, as Plaintiff pointed out in the Opposition filed on June 23, 2006, Bradshaw had previously waived any right to request the transcript under the rules of appellate procedure. Moreover, and most importantly, the issues of the appeal now pending have to do with whether jurisdiction over the person of Bradshaw had been established when his default was taken and when judgment was entered against him in February and March, 2000. There was no

21

Received Feb-23-2007 23:45 From- To-US DISTRICT COURT, N Page 003

testimony at trial that had anything to do with that issue. Thus, there is no need for a transcript of the trial, as the issues at trial were entirely different than the ones now presented in Appeal No. 06-0005 GA.

Accordingly, Plaintiff Bisom respectfully requests that the Court grant Plaintiff relief from the Court's August 25, 2006 Order. The Commonwealth Rules of Appellate Procedure provide that the Appellant (here Bisom) *must* provide transcripts *only where the Appellant* (Bisom) "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence." Com. R. App. P. 10(b)(2). Appellate Rule 10(b)(3) allows Appellee to order, at Appellee's expense, any transcripts which he deems relevant to the Appeal.

Because Appellant Bisom does not intend to rely on any evidence contained in any testimony or evidence otherwise contained in any recorded proceeding in this matter, and because to require Bisom to order and to pay the substantial cost of transcripts which are not relevant to any issues on appeal would be inequitable and extremely financially burdensome, Appellant Bisom hereby requests that the Court grant relief under Com. R. Civ. P. 60(b)(6) from its Order of August 25, 2006. Nothing prevents the Appellee from obtaining, at Appellee's expense, transcripts of portions of the record upon which *Appellee* intends to rely on Appeal.

Respectfully submitted this 30th day of October, 2006.

MARK B. HANSON (F0261)
Attorney for Plaintiff

22

To-US DISTRICT COURT, N    Page 004    From-    Feb-23-2007  23:45    Received

## DECLARATION OF MARK B. HANSON

I, Mark B. Hanson, do hereby declare:

1.    I am competent to testify, and if call to testify, I would do so in accord herewith.

2.    Since March 1, 2006 I have been local counsel for Plaintiff/Appellant, Robert A. Bisom, in *Bisom v. Bradshaw*, Appeal No. 06-0005 GA, assisting lead counsel, Jay H. Sorensen.   I am now local and co-counsel for Plaintiff in the above-captioned matter, having filed an association of counsel contemporaneous with this Motion.   This Declaration is made in support of the within motion for relief from the Court's August 25, 2006 transcript Order.

3.    The first time I became aware of the existence of the August 25, 2006 Order was on October 10, 2006 when I was notified and served electronically with Bradshaw's Motion to Court to Dismiss this Appeal.  That motion seeks dismissal of Appeal No. 06-0005 GA on the grounds (quoting from the motion): "Bisom has not complied with the Superior Court order of Aug. 25, 2006 which ordered him to file a complete transcript of the trial and Rule 60 hearings on case 96-1320."

4. After receiving Bradshaw's motion in the Supreme Court, I forwarded it to Mr. Sorensen.   By email communication, I learned that Mr. Sorensen had no knowledge of the order either.  He was only aware that Bradshaw had, during June, filed a request for such an order.  However, Mr. Sorensen never participated in any hearing on the matter, nor was he aware of any hearing being conducted leading up to the August 25, 2006 Order



7

5. On October 11, 2006, my office searched the Superior Court's files for this case and for the first time saw and obtained a copy of the Court's August 25, 2006 Order. From the Court's file, there was nothing to indicate that there had been a hearing on the matter, nor was there any indication that the August 25, 2006 Order had ever been served on Plaintiff or his counsel.

I declare under penalty of perjury the foregoing is true and correct. Executed this 30th day of October, 2006 at Saipan, Commonwealth of the Northern Mariana Islands.

MARK B. HANSON (F0261)
Attorney for Plaintiff

24

Received    Feb-23-2007 23:45    From-    To-US DISTRICT COURT, N    Page 006

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a copy of the within:

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM ORDER COMPELLING PLAINTIFF TO PROVIDE TRANSCRIPTS ON APPEAL; MEMORANDUM AND DECLARATION IN SUPPORT THEREOF**

to be deposited for delivery to the U.S. Post Office, first class mail, postage prepaid,

addressed as set forth below:

Robert D. Bradshaw
P.O. Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808

Gregory Baka, Esq.
Office of the Attorney General
2nd Floor, Hon. Juan A. Sablan Mem. Bldg.
Caller Box 10007
Saipan, MP 96950

DATE: October 30, 2006

MARK B. HANSON

9

(25)

Received    Feb-23-2007 23:45    From-    To-US DISTRICT COURT, N    Page 007



JAY H. SORENSEN
Attorney at Law
c/o Shanghai
P.O. Box 9022
Warren, MI 48090-9022
Phone (Shanghai,China): 86-21-5083-8542

MARK B. HANSON
Second Floor, Macaranas Bldg.
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Phone:    (670) 233-8600
Facsimile:    (670) 233-5262

Attorneys for Plaintiff

## IN THE SUPERIOR COURT
## OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT A. BISOM, ) | Civil Action No. 96-1320 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPLY TO OPPOSITION TO |
| ) | MOTION FOR RELIEF FROM |
| COMMONWEALTH OF THE ) | ORDER COMPELLING |
| NORTHERN MARIANA ISLANDS, ) | PLAINTIFF TO PROVIDE |
| ROBERT D. BRADSHAW, former ) | TRANSCRIPTS ON APPEAL |
| Temporary Public Auditor, in his individual ) | |
| capacity, et al., ) | |
| ) | Date:   December 19, 2006 |
| Defendants. ) | Time:  9:00 a.m. |
| ) | Judge: Hon. Juan T. Lizama |

1. Bradshaw's contentions are factually incorrect.

    The opposition papers state that co-counsel, Jay Sorensen, knew as early as
September 26, 2006 of the Court's order of August 25, 2006 requiring Plaintiff to
provide a transcript for the pending appeal, and that this is admitted in Appellant's





800  ə6ɐd  N  'ʇɹno͡ɔ ʇɔᴉɹʇsᴉp sn-o⊥              –woɹɟ         9Ɐ:ɛᄅ  ∠00ᄅ-ɛᄅ-qǝℲ  pǝʌᴉǝɔǝᴚ

opposition to motion to Bradshaw's motion to dismiss the appeal filed in the Supreme Court. (Opposition to Motion for Relief from Preparing Transcripts, ¶ 3.h.). It is not clear what significance this should have on the merits of this motion; nevertheless, it should be noted that it is factually inaccurate. In fact, that opposition, filed in the Supreme Court on October 18, 2006, contains no such admission.[1] In another paragraph, the opposition states: "Too, Bradshaw did supply a notification of the order to Mr. Sorensen on Sep 26, as he admitted in his Supreme Court filing of Oct 18, 2006." (Opposition, ¶ 3.e.) Thus, it appears that Bradshaw is saying that a copy of his motion to dismiss, together with a reference to the August 25, 2006 order, served on Mr. Sorensen on September 26. If so, those papers could not have arrived in China and be seen by him until at some time a week to two weeks after being sent by him from Idaho.

---

[1] Here is the declaration in opposition in its substantive entirety:

I, Jay H Sorensen, do hereby declare:

I am the attorney of record for plaintiff, Robert A. Bisom, in the case of Bisom v. C.N.M.I., et al. (Superior Court Civil Acton No. 96-1320), the case from which this appeal emanates.

The order of the Superior Court of August 26, 2006, on which this motion is based, was never seen by me until I saw this motion to dismiss. Moreover, I am not aware of any hearing on the motion in the Superior Court that led to the order. Although I did receive Bradshaw's motion to require plaintiff Bisom to prepare a transcript, and did file written opposition to it, as far as I know, there was no hearing on the motion.

Investigation by local counsel in this appeal, who looked at the court's files, revealed no proof of service that the order had been previously served on me. For the reasons set forth in the memorandum above, Bisom intends to challenge the order.

*27*

The opposition also surmises that the order must have reached Plaintiff's counsel electronically, as the Superior Court "certainly" provided it to the Supreme Court, and that court "would have surely" notified them electronically. (Opposition, ¶ 3.d.) Other than in Mr. Bradshaw's imagination, this too never happened. To date, this case in the Superior Court has not been included in the Court's Lexis/Nexis File and Serve electronic filing and service system, and no notice from the Supreme Court regarding this matter has been sent through the Supreme Court's filing system.

2. **Bisom did comply with the appellate rules.**

Bradshaw contends that Bisom did not comply with Rule 10, Commonwealth Rules of Appellate Procedure regarding the preparation of the transcript on appeal. (Opposition, ¶4.c.)    Subparagraph (a) of Rule 10(b) requires the ordering, within 10 days, of transcripts of "such parts of the proceedings . . . *the appellant deems necessary*..." (Emphasis added.)    It further provides: "If no such parts of the proceedings are to be ordered, within the same period of time the appellant shall file a certificate to that effect." Plaintiff/Appellant timely filed his Certificate re Preparation of Transcript on January 30, 2006. It says that pursuant to that rule: "...Appellant, Robert A. Bisom, gives notice that no transcript is being ordered." Its Certificate of Service shows it was served on Bradshaw on January 25, 2006.

Bradshaw argues that Bisom failed to comply with Com. R. App. Proc. 10(b)(3).[2]  Like all court rules and statutes, that rule should be construed within the context of the rest of the rule. *See, Tudela v. Marianas Pub. Land Corp.*, 1 C.R. 179,

---

[2] The Opposition erroneously cites "Rule 10c(3) [sic]," but it quotes from Rule 10(b)(3). (Opposition, ¶ 4.c.)

28

Received   Feb-23-2007  23:45        From-        To-US DISTRICT COURT, N   Page 010

185 (1990) (Rules of Appellate Procedure to be read "as a whole, seeking to give effect to all of it."). Subparagraph (2) of Rule 10(b) states that the appellant must include in the record a transcript of all evidence relevant to any contention that a finding or conclusion is unsupported or contrary to the evidence. Thus, the direction in subparagraph (3) that requires a statement of the issues to be filed is meant to modify the immediately previous subparagraph. Hence, it applies where there is a partial transcript being ordered. It has no application when no transcript at all is being ordered.

In addition, the complaint that Bradshaw was prejudiced because he could not anticipate the issues due to plaintiff's failure to file and serve a statement of those issues is entirely without merit. This is an appeal from the ruling on a motion that included no testimony whatsoever, and where the only evidence before the court was what Bradshaw himself presented.[3] This is not like an appeal after a trial. The issues in this appeal were obvious; they were the same ones that were presented in the Superior Court. Indeed, as the briefing has now been completed some time ago, the issues briefed in the Supreme Court are identical to the ones presented to this Court. Those issues are all ones involving legal argument, and none of them involves the trial testimony or any evidence adduced during the trial.

3.  Bradshaw has not shown that any trial testimony or evidence from the trial is germane to the appeal.

The opposition attempts to show two reasons why a trial transcript is needed. The first runs something like this: because the Order Denying Motion to Remove

---

[3] In fact, the plaintiff did not even make any argument orally at the hearing of the motion, so the only one who presented anything at the hearing was Bradshaw.



Received    Feb-23-2007 23:55        From-        To-US DISTRICT COURT, N    Page 001

Case from Trial Docket was filed on February 22, 2000, it could not have provided any basis for entry of the default on February 14, 2000, and if Bisom persists on arguing that it does, a transcript is required to explain why. (Opposition, ¶ 5.b.)

This argument is founded on a couple of misconceptions that undermines it when examined closely. The first misunderstanding results from the failure to note or recognize the significance of the last line in the order: "It is further ordered that this should be effective nunc pro tunc to the dates of the oral announcement of this decision on February 7, 2000." It is important to note the meaning of "nunc pro tunc" and the office of the "nunc pro tunc order." According to Black's Law Dictionary (5th ed. 1979) at page 964, the phrase means:

> Lat. Now for then. A phrase applied to acts allowed to be done after the time they should be done, with a retroactive effect, i.e., with the same effect as if regularly done. Nunc pro tunc entry is an entry made now of something actually previously done to have effect of former date; office being not to supply omitted action, but to supply omission in record of action really had but omitted through inadvertence or mistake.

> Nunc pro tunc merely describes inherent power of court to make its records speak the truth, i. e., to record that which is actually but is not recorded. ... Nunc pro tunc signifies now for then, or, in other words, a thing is done now, which shall have the same legal force and effect as if done at time when ought to have been done...

When one understands the significance of the order's being given retroactive effect by being ordered *nunc pro tunc* to the date of the hearing, this explains the anomaly that Bradshaw perceived and seeks to exploit. A court has the inherent power to enter its orders *nunc pro tunc*. *Poe v. Hawaii Labor Relations Board*, 49 P.3d 382 (Hawaii 2002). Thus, the order itself explains what Bradshaw saw as an inconsistency, and no transcript is necessary to further explain it.



5

Received    Feb-23-2007 23:55    From-    To-US DISTRICT COURT, N    Page 002

Besides that, it has not been demonstrated how a transcript would clear up such a problem, even if it in fact existed. The issue Bradshaw raises relates to an order that resulted from legal argument being submitted to the court. To the extent that there was any evidence taken relating to the defendant's Motion to Remove Case from Trial Docket, it was all documented in exhibits to the motion and opposition, not with any testimony or evidence presented at any hearing.

The second point that Bradshaw attempts to make is that there is another inconsistency, this between the Decision and Order of February 2, 2000 and the aforementioned order of February 22, 2000, and that to explain this, reference to the trial transcript is necessary. *See* Opposition, ¶ 4.c. & d. He contends that this inconsistency stems from the fact that the former order indicates in its text that with respect to that motion, the Attorney General had appeared for the Commonwealth and other defendants, but not for Bradshaw, and that this is contrary to the finding in the February 22 order. Again, when one understands these orders, the problem that Bradshaw perceives proves to be nonexistent.

Bradshaw argues that the two orders are in conflict, but does not explain exactly where that conflict lies. Plaintiff is left to surmise where they are inconsistent. One of the findings in the February 22 order is: "The Office of the Attorney General has appeared on behalf of Robert D. Bradshaw as his attorney of record." Apparently, Bradshaw's point is that since the AG's office is not recited as counsel for him in the February 2, 2000 Decision and Order, this shows that the order of February 22, 2000 may be wrong.

31

To-US DISTRICT COURT, N    Page 003    From-    Feb-23-2007 23:55    Received

The Decision and Order filed February 2, 2000 decided motions for partial summary judgment. These were motions made by plaintiff, presenting three separate theories why plaintiff should have cognizable claims for violations of his due process rights guaranteed under Article I, section 5 of the Commonwealth Constitution. All three of the claims urged were to establish liability against the Commonwealth government.[4]  None of them were to present a claim against Bradshaw, who was a defendant in his individual capacity only, Leo LaMotte having been substituted in for him as the Public Auditor, in his official capacity.  Thus, there was no need for the Attorney General to represent Bradshaw in regard to that motion since he was not involved.

More importantly, however, is the fact that the Court could base its finding on seven other instances where the AG's office made appearances for Mr. Bradshaw prior to the motion to remove the case from the trial docket. These seven instances were cited by Bisom in his opposition to the motion. The motion for partial summary judgment brought by Bisom, which culminated with the Decision and Order of February 2, 2000, was not one of those seven instances. However, that fact does not diminish the rectitude of the Court's finding that the AG's office had appeared for Bradshaw several other times.[5]

Bradshaw made motions to dismiss the pending appeal addressed to the Supreme Court. One of the grounds advanced in one of the motions to dismiss was the failure to produce a complete record, including a trial transcript. The Supreme

---

[4] The Decision and Order denied all three contentions.
[5] One of the appearances was a motion to dismiss various claims, two of which were ones that were only against Bradshaw in his individual capacity.

32

Court has recently entered its order on those motions, denying both of them. In doing so, the Court noted: "...Bradshaw has not demonstrated why a transcript or the additional exhibits are necessary to deciding the issues on appeal. If Bradshaw believed the additional exhibits necessary, he could have served Appellant with a designation of transcript portions to be included pursuant to Rule 10(b)(3), or he could have filed supplemental excerpts of record pursuant to Rule 30(f). He did neither." *Bisom v. C.N.M.I, Bradshaw, et al.*, Appeal No. CV-06-0005-GA, (Order Denying Motions to Dismiss, filed October 30, 2006, p. 2)(copy attached). The Court also noted that this appeal will be set for oral argument during the February 2007 session. *Id.* at 3. Thus, the Supreme Court has indicated that it is set to rule on this case, and sees no need for any transcript to decide it.

Another point to consider is the practical result if the order requiring Bisom to produce transcripts is left in place and enforced. Even if a transcript were to be completed, it is much too late to have references to it included in the briefing, which was completed four months ago. Thus, at this point in the proceedings, there is no practical way to actually make use of a transcript, even if one were needed.

### Conclusion

Bisom has shown that there are several reasons why he should not be required to furnish and pay for a transcript: (1) he complied completely with the appellate rules and Bradshaw previously waived any right to request or move for one; (2) the issues of the pending appeal do not require reference to any testimony or hearing for their decision; (3) it would be a substantial financial hardship on Bisom to have to shoulder the cost of a transcript; (4) the Supreme Court has indicated it can decide the appeal

33

Received    Feb-23-2001 23:55    From—    To—US DISTRICT COURT, N    Page 008

without necessity of any transcript: and finally, (5) as a practical matter, it is now too

late to utilize a transcript in any event.

Respectfully submitted,

MARK B. HANSON
(CNMI Bar No. F0261)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on November 28, 2006, I caused a copy of the within

**REPLY TO OPPOSITION TO RECONSIDER PETITION TO COMPEL PLAINTIFF TO PROVIDE TRANSCRIPT ON APPEAL**

to be deposited for delivery to the U.S. Post Office, first class mail, postage prepaid,

addressed as set forth below:

Robert D. Bradshaw
P.O. Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808


Office of the Attorney General
2nd Floor, Hon. Juan A. Sablan Mem. Bldg.
Caller Box 10007
Saipan, MP 96950

DATE: November 28, 2006

MARK D. HANSON

(34)

Received   Feb-23-2007 23:55     From-     To-US DISTRICT COURT, N   Page 006



IN THE

## SUPREME COURT

OF THE

## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

### ROBERT A. BISOM,

*Appellant,*

v.

### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, ROBERT D. BRADSHAW, Former Temporary Public Auditor, in his individual capacity, et al.,

*Appellee.*

**Supreme Court Appeal No. CV-06-0005-GA**
Superior Court Civil Case Action No. 96-1320

## ORDER DENYING MOTIONS TO DISMISS

¶1     This matter comes before the Court on two Motions to Dismiss filed by Appellee, Robert

D. Bradshaw.

¶2     The first motion, filed June 14, 2006, contends that Appellant failed to file his brief in a

(35)

To-US DISTRICT COURT, N    Page 007    From-    Feb-23-2007 23:55    Received

timely manner and that the certified record is incomplete. Bradshaw seeks dismissal under Rule 31(f) which provides that "[w]hen the brief of an appellant is not in conformity with these rules, the appeal may be dismissed or the brief stricken and sanctions including a fine may be levied by the Court." Bradshaw's claim that Appellant's motion was untimely is incorrect. Appellant's opening brief was filed on May 24, 2006, within the timeframe set by this Court's May 17, 2006 order extending the filing deadline to May 30, 2006. As to his remaining claims, Bradshaw has not demonstrated why a transcript[1] or the additional exhibits are necessary to deciding the issues on appeal. If Bradshaw believed the additional exhibits necessary, he could have served Appellant with a designation of transcript portions to be included pursuant to Rule 10(b)(3), or he could have filed supplemental excerpts of record pursuant to Rule 30(f). He did neither.

¶3        Bradshaw's second motion to dismiss, filed October 10, 2006, contends that Appellant failed to comply with a trial court order, issued August 25, 2006, ordering Appellant submit and pay for a complete transcript of the trial and certain hearings below. Bradshaw asserts that dismissal is appropriate because Appellant did not comply with Com. R. App. Proc. 10(b). It is unclear why Bradshaw petitioned the *trial* court to order Appellant produce transcripts for the purpose of this appeal. This Court is the proper forum for such a request. Reserving comment on the propriety of the trial court's issuing such an order, we refuse to uphold it or punish Appellant for failing to following it.

¶4        Having considered both of Bradshaw's motions to dismiss and for good cause, the Court hereby DENIES both at this time.

---

[1] It should be noted that Rule 10(b)(1) requires an appellant who does not intend to order a transcript to file a certificate to that effect. Appellant, in his Memorandum and Declaration in Opposition to Motion to Dismiss, filed October 18, 2006, states that he filed a certificate pursuant thereto. However, no such filing appears in the record. Nevertheless, we conclude that even if Appellant failed to file a 10(b)(1) certificate, this does not warrant dismissal.



To-US DISTRICT COURT, N    Page 008    From-    Feb-23-2007  23:55    Received

¶5        This matter will be set for Oral Argument during the February 2007 session of this Court

at such time indicated in a separate forthcoming Order.

SO ORDERED this __30th__ day of October, 2006.


_/s/ Edward Manibusan_____
**EDWARD MANIBUSAN**
Justice *Pro Tempore*


_/s/ Robert J. Torres_____                    _/s/ Jose S. Dela Cruz_____
**ROBERT J. TORRES**                              **JOSE S. DELA CRUZ**
Justice *Pro Tempore*                             Justice *Pro Tempore*

(37)

Received   Feb-23-2007   23:55   From-   To-US DISTRICT COURT, N   Page 008

**FOR PUBLICATION**

# IN THE SUPERIOR COURT
## OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT A. BISOM, | CIVIL ACTION NO. 96-1320 |
| Plaintiff, | |
| v. | |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, ET AL., | ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT |
| Defendants. | |

This matter was last before the Court on December 19, 2006 on Plaintiff Robert Bisom's motion under Rule 60(b) to vacate an August 25, 2006 order. That order granted Defendant Richard Bradshaw's motion to compel Plaintiff to prepare the transcript for purposes of the pending appeal. Defendant appeared telephonically *pro se*. Plaintiff was represented by his local counsel Mark Hanson.

## BACKGROUND

The Court's December 29, 2005 order granted Defendant's motion to vacate the default judgment against him for $139,000. Plaintiff timely appealed and filed notice that he was not ordering a transcript, as he believed that no transcript was needed for the appeal.[1] Plaintiff served Defendant with notice on January 25, 2006. Defendant did not seek to have a transcript provided at that time, as he allegedly (1) did not know what was being appealed without a copy of the opening

---

[1] The appeal concerns the propriety of this Court's December 29, 2005 order vacating the default judgment entered against Defendant in February 2000. Plaintiff argues that neither the testimony at the 2000 trial nor the 2005 hearing relate to this issues on appeal.

1

Received   Feb-23-2007  23:55     From-     To-US DISTRICT COURT, N     Page 010

1.  brief of the appeal and (2) believed the Attorney General's office would represent him based on a

2.  notification from the clerk of court's office

3.  In June 2006, Defendant filed a petition for an order to compel Plaintiff to provide a

4.  complete transcript. The petition asserted that Defendant could not timely move to have a transcript

5.  prepared, as he didn't know what was being appealed. The petition also asserts that Defendant

6.  believed the attorney general's office was representing him.

7.

8.  Defendant did not notice a hearing for his motion.

9.  Plaintiff filed an opposition on July 12, 2006. The opposition argued that Defendant waived

10. any right to a transcript by failing to make a timely request for a transcript in accordance with Com.

11. R. App. Proc. 10(b)(3). Plaintiff argued that Defendant knew what was being appealed, as the

12. arguments Plaintiff made in the opening brief were the same as those made in his opposition to

13. Defendant's original motion to vacate filed in the Superior Court. Plaintiff argued that Defendant

14. was well aware that the attorney general's office did not represent Defendant.[2]

15.

16. An August 25, 2006 order prepared by Defendant and inadvertently signed by this Court[3]

17. ordered Plaintiff to prepare the transcript of the February 2000 trial and the October 2005 Rule

18. 60(b) hearing. Since no hearing on this matter was held, and since Plaintiff apparently did not

19. receive notice of this order, he did not timely move for a motion to reconsider under Rule 59(c).

20. When Plaintiff failed to follow the August 25, 2006 order, Defendant filed a motion to

21. dismiss Plaintiff's appeal in the supreme court. The supreme court's October 30, 2006 order stated

22. that it would not enforce the superior court order, as Defendant should have petitioned the **supreme**

23. **court** for preparation of the transcript.

24.

---

25. [1]    The Court's December 29, 2005 Order stated as much.

26. [3]    The Court maintains a system in which incoming documents are placed in either a pile for signature (i.e., stipulations) or a pile for review (i.e., motions requiring a hearing). Defendant's motion was apparently improperly placed in the former pile.

27.

28.                                                    2

To-US DISTRICT COURT, N   Page 001          From-          04:00 7002-42-beF   beviced

1.      On October 30, 2006, Plaintiff filed a notice of motion and a Rule 60(b)(6) motion for relief

2. from the August 25, 2006 superior court order.

3.      Plaintiff's October 30, 2006 motion argues that Defendant failed to attach or incorporate a

4. notice of hearing in accordance with Rule 7(b)(7). Further, there was no showing of good cause

5. under Rule 6(d)(2) why a hearing should not be held. Since notice of the order was not served on

6. Plaintiff, he did not learn about it later.[4]

7.

8.      Defendant argues that the remedy is not to vacate the August 25, 2006 order, but to allow

9. Plaintiff a later date to comply with the preparation of the transcript. Defendant disagrees with

10. Plaintiff as to whether Plaintiff's appeal raises issues that must be verified through the transcript.

11. Defendant argues that Plaintiff's appeal makes references to the oral hearings. Defendant cites

12. Appellate Rule 10(b)(3) for the proposition that, unless appellant is going to prepare the entire

13. transcript, appellant must file a statement of issues for the appeal. Defendant claims that Plaintiff

14. failed to prepare such a statement. Plaintiff argues that this statement is required only when a partial

15. transcript is being ordered, not when no transcript at all is ordered.

16.

### ANALYSIS

17.

18.      As the Court stated at the hearing, the problem with the August 25, 2006 judgment is that a

19. hearing was not noticed. Service of a motion does not substitute for a hearing on the matter and

20. notice of the hearing. Procedures that deny a meaningful opportunity to participate in litigation

21. render a judgment void. *Winhoven v. United States*, 201 F. 2d 174 (9th Cir. 1952). Since "the

22. judgment is void," Plaintiff is entitled to have it vacated under Com. R. Civ. Pro. Rule 60(b)(4).[5]

23.

24.    4   The date Plaintiff learned of the order is disputed. Defendant argues that Plaintiff's counsel Sorensen was

25. aware on September 26, 2006, when the matter was before the supreme court. Plaintiff's co-counsel Hanson obtained a copy of the August 25, 2006 order on October 11, 2006.

26.    5   *See also Thos. P. Gonzales Corp. v. Consejo Nacional de Costa Rica*, 614 F. 2d 1247, 1356 (9th Cir. 1980);

27. *Honnens v. Donovan*, 691 F. 2d 1, 2 (1st Cir. 1982); *Recreational Properties, Inc. v. Southwest Mortgage Service, Inc.*,

28.



Received     Feb-24-2007 00:04     From-     To-US DISTRICT COURT, N     Page 002

1.       The Court takes the opportunity to clarify that Rule 60(b)(4), and not the appellate rules,

2.   require vacation of the August 25, 2006 judgment. Under Appellate Rule 10(b)(3), the Superior

3.   Court **does** have the jurisdiction to force Appellant to prepare the transcript. *See* Com. R. App. Pro.

4.   10(b)(3): if the appellant fails to order the requested parts of the transcript and notify the appellee,

5.   "the appellee may within the following 10 days either order the parts or move in the Superior Court

6.   for an order requiring the appellant to do so." While Defendant is thus free to re-file his motion in

7.   the superior court, it should be noted that this matter involves the interpretation of the rules of

8.   appellate procedure. The supreme court may be in a better position to decide whether, where an

9.   appellant has decided that no part of the transcript should be ordered, Appellate Rule 10(b)(3)

10.

11.  requires the appellant to file and serve a statement of the issues he intends to present on the appeal.

12.                                  **CONCLUSION**

13.      Plaintiff's motion to vacate the August 25, 2006 order is hereby GRANTED. Defendant

14.  should petition the supreme court for any relief to which he may be entitled as a result of Plaintiff's

15.  failure to file a statement of the issues on appeal.

16.      SO ORDERED this ___*12*___ day of December 2006.

17.

18.

19.

20.  Juan T. Lizama
     Associate Judge, Superior Court

21.

22.

23.

24.

25.

26.  804 F. 2d 311, 314, *Dial Corp. v. MG Skinner & Associates*. 180 Fed Appx. 661, 663-664, 64 Fed. R. Serv. 3d 566 (9th Cir. 2006); *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986); *Watts v. Pinckney*, 752 F.2d

27.  406, 410 (9th Cir. 1985).

28.                                  4                                  41

Received   Feb-24-2007 00:04    From-    To-US DISTRICT COURT, N    Page 003



CERTIFIED

Z 347 434 516

MAIL

P.O. BOX 1184
SAIPAN, MP 96950

11-21
11-26
11-10

FIRST CLASS

ROBERT D. BRADSHAW
P.O. BOX 369
Canyonville, Oregon 97417

BRAD369  9741700GO 1A95 11/25/95
NOTIFY SENDER OF NEW ADDRESS
BRADSHAW
GENERAL DELIVERY
ONTARIO OR 97914-9999

RETURN RECEIPT
REQUESTED

11-25

Received Nov 25 1995

Ex H

Received  Feb-24-2007 00:04    From-    To-US DISTRICT COURT, N    Page 004

**THE HONORABLE VIRGINIA SABLAN ONERHEIM**  *Pro Tem*
**ASSOCIATE JUDGE, FAMILY COURT DIVISION**  *Judge Castro*
**SUPERIOR COURT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

**EXHIBIT LOG SHEET**
Page  1  of  2

Case Name: _Besom v. Onm, et al_    Case No: _96-1320_    Date: _2-8-00_

| PLAINTIFF | ID | AD | ~~Defendant~~ Plaintiff | ID | AD |
|---|---|---|---|---|---|
| Don letter of S. Ian | A | ✓ | 12-26-93 letter | W | |
| 3/12/93 letter | B | ✓ | 12-27-93 letter | X | |
| employment Contract | C | ✓ | 12-30-93 letter | Y | ✓ |
| 4-6-93 note | D | ✓ | 1-3-94 letter | Z | ✓ |
| 6-3-93 Memo | E | ✓ | 1-14-93 letter | AA | |
| 6-16-93 letter | F | ✓ | 1-17-94 Memo | AB | ✓ |
| 9-24-93 memo | G | ✓ | 1-20-94 Memo | AC | ✓ |
| 10-7-93 Memo | H | ✓ | 1-24-94 letter | AD | |
| 9-23-93 letter | I | ✓ | 1-30-94 letter | AE | ✓ |
| 11-14 letter | J | ✓ | 2-11-94 letter | AF | |
| 11-19-93 Memo | K | ✓ | 2-17-94 letter | AG | ✓ |
| 11-29-93 letter | L | ✓ | 3-2-94 letter | AH | |
| Agreement | M | ✓ | 4-26-94 letter | AI | ✓ |
| 12-3-93 Memo | N | ✓ | 3-23-94 letter | AJ | |
| 12-6-93 Memo | O | | 5-17-94 letter | AK | ✓ |
| Excuse Slip 12-6-93 | P | ✓ | 5-23-94 letter | AL | ✓ |
| 12-8-94 letter | Q | ✓ | 5-30-94 letter | AM | ✓ |
| 12-22-93 Memo | R | | 5-31-94 letter | AN | ✓ |
| 12-23-93 letter | S | | 8-4-94 Memo | AO | ✓ |
| Newspaper Clipping | T | ✓ | 6-22-99 Memo | AP | ✓ |
| 12-24-93 Clipping | U | ✓ | 12-28-93 letter | AAA | ✓ |
| Clipping | V | ✓ | 12-3-93 letter | BBB | ✓ |

_____
_Deputy Clerk_

(43)

Ex I

Received    Feb-24-2007  00:04    From-    To-US DISTRICT COURT, N    Page 005

**THE HONORABLE VIRGINIA SABLAN ONERHEIM** *Pro Tem*
**ASSOCIATE JUDGE, FAMILY COURT DIVISION** *Judge Castro*
**SUPERIOR COURT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

**EXHIBIT LOG SHEET**
Page ___2___ of ___2___

Case Name: Robert A. Bisom vs. Castro, et al    Case No: CV96-1320    Date: 2/14/10

| PLAINTIFF | ID | AD | DEFENDANT | ID | AD |
|---|---|---|---|---|---|
| 12-3-93 letter | CCC | ✓ | | | |
| 12-5-93 letter | DDD | ✓ | | | |
| 12-7-93 letter | EEE | ✓ | | | |
| 12-7-93 letter | FFF | ✓ | | | |
| 12-10-93 letter | GGG | ✓ | | | |
| 12-28-93 letter | HHH | ✓ | | | |
| 12-30-93 letter | III | ✓ | | | |
| Contract | AQ | | | | |
| Dist. Court Conviction | AR | | | | |
| Sup. Court Conviction | AS | | | | |
| 2-14-94 letter | AT | ✓ | | | |
| 9-13-93 | AU | ✓ | | | |
| notes | AV | ✓ | | | |
| 5/13/96 letter from Lamotte | AW | ✓ | | | |
| II's passport (copy) 14 pages | AX | admitted ✓ | | | |
| District notice/decision photo | AY | | | | |
| NoPA    11-24-93 | AZ | ✓ | | | |
| Req for PA  11-28-93 | BA | ✓ | | | |
| Ltr  12-27-93 fr Bradshaw | BB | ✓ | | | |
| Crown Pacific      5 pages | BC | ✓ | | | |
| Various letters/docs  75 pages | DD | ✓ | | | |
| VMG B&R  1page  4 pages | BE | ✓ | | | |

_Deputy Clerk_

44

Received    Feb-24-2007 00:04    From-    To-US DISTRICT COURT, N    Page 006

*THE HONORABLE VIRGINIA SABLAN ONERHEIM* Pro Tem
*ASSOCIATE JUDGE, FAMILY COURT DIVISION* Judge Castro
*SUPERIOR COURT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS*

**EXHIBIT LOG SHEET**
Page ___3___ of ___3___

Case Name: Bison vs. CNMI, Ind  Case No: CA 96-1370  Date: 2/14/00

| PLAINTIFF | ID | AD | DEFENDANT | ID | AD |
|---|---|---|---|---|---|
| Letters from Employer (pages) | BF | ✓ | Guy Gabbden | 1 | |
| Statement of account 1pg | BG | — | | | |
| Economic Damages page (individual) | BH | ✓ | | | |
| Income Tax 1443 5 pages | BI | ✓ | | | |
| BOS wine register 1/3 pages | BJ | ✓ | | | |
| Air freight charges pages (continued) | BK | ✓ | | | |
| Post. Contractor 3/page.0 | BL | | | | |
| Ltr. 5/23/94 (Mr. Tan) | BM | | | | |

_Deputy Clerk_

(45)