F I L E D
Clerk
District Court

MAR - 1 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473, 1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW <br><br> Plaintiff <br><br> v. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. <br> Defendants | ) Case No. CV 05-0027 <br> ) <br> ) <br> ) <br> ) <br> ) REPLY TO DEFENDANT <br> ) BISOM'S OPPOSITION TO <br> ) MOTION FOR SUMMARY JUDGMENT <br> ) Hearing: March 15, 2007 <br> ) Time: 09:30 AM <br> ) Judge Alex R. Munson |

### Introduction

1. Comes now plaintiff to reply to Opposition of Defendant Robert A. Bisom to Plaintiff's Motion for Partial Summary Judgment. As Mr Bisom has adopted in full the opposition of Defendant Jay Sorensen, a similar situated defendant, plaintiff herewith adopts in full plaintiff's Reply to Defendant Sorensen's Opposition to Motion for Summary Judgment with the following additions.

### Statute of Limitations

2. The Court in its earlier orders of Sep 8, 2006 and Dec 14, 2006 addressed the question of statute of limitations and has already ruled on this matter. The court's findings are clear enough. In particular, the Court in its order of Sep 8, 2006 (p. 4) cited Gibson v. US (781 F. 2d 1334, 1344, 9th Cir): "Under federal law, a cause of action generally

1

accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." It is ridiculous for the Court and the plaintiff to have to now revisit this issue when the court has already made its decision.

3. It can be stated again that there are no time barred limitations on this case and specifically on the motion for summary judgment now before the court. While the case was tried in Feb 2000, the court's order came out on Mar 10, 2000 and appeals were filed in March by both the CNMI and Mr Bisom (per the docket at Ex B in Plaintiff's Affidavit in support of this motion for summary judgment).. The Bisom appeal was heard on Mar 28, 2002 and the Supreme Court order came out on Sep 13, 2002.

4. Per the docket (EX B, plaintiff's affidavit), the next relevant entry was the order of Dec 2, 2002 and the filing of a Satisfaction of Judgment by Bisom on Mar 14, 2003. Certainly, this was the last entry on the case before Bradshaw filed motion to void/vacate judgment on March 16, 2005. All of these dates are relevant for time barring questions.

5. Bradshaw first filed his Federal case in the US District Court of Idaho (USDC case 05-0084) on Mar 7, 2005. It was dismissed without prejudice on Jul 25, 2005 and refiled in the USDC NMI on Aug 20, 2005. While the Saipan dates all met the statute of limitations limits, the US District Court took the statutes of limitations in effect in Idaho.

6. The CNMI defendants raised this same time bar opposition in its several filings seeking dismissal of this action In answering each of the CNMI's motions for dismissal, Plaintiff addressed them by citing the Idaho statutes which were effective with the first filing of this case in Idaho in March 2005.

7. Per the Idaho code, (5-201 to 5-224), statutes of limitations run from two years to ten years for the different types of actions. In almost all cases in Idaho, the accrual or start date for tolling is when the cause is first discovered. For fraud or mistake (IC 5-218), the accrual date is within three years from the point of discovery by the aggrieved party. For a written contract (IC 5-216), the statute is five years when the action is accrued to the party; Four years for an oral contract (IC 5-217) from the accrual date; malpractice is defined as negligence with a two year statute of limitations which starts when the injured party learns of the event; torts generally have a two years limitation or one or two years upon learning of the injury depending on the particulars of the issue; and IC 5-224 has a catch all provision to cover almost everything else with a four year limitation from notice to party (this catch all includes an action for breach of fiduciary duty).

8. Bradshaw first learned of the Bisom judgment in the letter from the CNMI AG in April 2004 and filed his civil rights complaint on Mar 7, 2005  This date is within the ranges for all types of Idaho actions. Otherwise, with the filing of the satisfaction of judgment by Bisom on Mar 14, 2003, this was the last event in the case before Bradshaw filed his rule 60 void action. This Mar 14, 2003 date falls within the two year CNMI limit on torts. As a minimum, Bradshaw's filing in Idaho on March 7, 2005 met all statutes of limitations in both Idaho and in the CNMI. There is simply no problem with the statutes of limitations as Mr Bisom now claims.

9. Supreme Court Justice Black in Conley v. Gibson (355 U.S. 41 at 48 [1957]) said "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principal that the

3

purpose of pleading is to facilitate a proper decision on the merits."

10. The US Court in the Northern Mariana Islands has already ruled on the statute of limitations issue and found that case 05-0027 does have merit.

### Bisom's Cases used to Justify His Default on Bradshaw

11. In Bisom's Feb 3, 2000 opposition to Motion to Remove case from Trial Docket (Ex N, plaintiff's affidavit supporting this motion), Bisom presents four cases (Cherry v. Heffernan, 182 So. 427-432, FL 1938; Creaddick v. Keller, 160 A.909-911, Del 1932; Merriott v. Whitsell, 476 S.W. 2d 230-233, Ark 1972; and Patel v. Southern Brokers, Ltd, 289 S. E. 2d 642-645, SC 1982) which he alleged proved avoidance of service by Bradshaw and justified the default entry made on Bradshaw. These cases are detailed and analyzed in Bradshaw's opposition brief to the appeal (p 12-28, Ex AA, Plaintiff's affidavit). None of the four cases apply to 96-1320 (as proven in Bradshaw's opposition brief Ex AA, plaintiff's Affidavit).

12. In Bisom's appeal (Ex S, plaintiff's affidavit) Bisom added 3 more cases to the above 4, making a total of 7. But none of them had any relevance to 96-1320 as proven in Bradshaw's opposition to the appeal (Ex AA plaintiff's affidavit). Most of them were predicated on state long arm statutes involved in out of state motorists accidents where service is made on the secretary of state.

13. While Bisom's 7 cases were irrelevant and downright deceptive to case 96-1320, there is a case very similar to 96-1320. It is Harper MacLeod Solicitors v. Keaty 260 F 3d 389-400 (5th Cir, 2001), as detailed in Bradshaw opposition to the appeal (p 28-33, Ex AA, plaintiff's affidavit). In Harper plaintiff in TX sued two persons and a law partnership in Louisiana in Federal court in Texas. Plaintiff served process per the TX out of state long

4

arm statutes by serving the summons and complaint on the Texas Secretary of State but there were some minor defects in the actual addresses of the three parties. The TX Secretary of State served the process on all three defendants by certified mail, return receipt.

14. All three defendants received the process, signed the return receipts and returned them to the Secretary of State who in turn notified the plaintiff that his process had been properly served. But the defendants, all lawyers, did not answer the complaint. The US court in Texas made a default judgment in favor of the plaintiff. The TX order said that the court had personal jurisdiction on the out of state defendants and that the defendants had been properly served with summons and complaint.

15. When the plaintiff tried to collect the judgment in LA, the defendants filed action in LA Federal court to have the default voided under rule 60(b) because of alleged defective service of process (specifically in the addresses of the defendants). Delivery of the notices/process was otherwise properly made and the three defendants all received actual notice of the lawsuit; though they chose to completely ignore the notice and not even answer the complaint.

16. The US Court in LA found that under the TX long arm statutes, the errors were sufficient to cause the default action to be voided. The decision was appealed to the 5th Cir which upheld the LA findings. This case offered several major findings of real relevance to the Bisom case at hand. For example, In Item 3, the Federal court offered a most fascinating conclusion, viz "Defendants need not appear in a federal court without authority to exercise personal jurisdiction over them to raise a jurisdictional defect;

defendants are always free to ignore judicial proceedings, risk a default judgment, then challenge that judgment on jurisdictional grounds in a collateral proceeding." Item 14 assesses the TX long arm laws, viz: "Texas courts have consistently required strict compliance with the terms of the Texas long arm statute, and actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against the defendant."

17. The point of the above from the US Court is that actual notice could never take the place of proper service of process. Without proper service of process, as provided by law, the court lacks personal jurisdiction over a defendant. Such a defendant is under no compulsion to even acknowledge the court proceedings when service of process is not properly accomplished. Since the CNMI 7 CMC 1102(e) law places the CNMI law into a posture of compatibility with the federal rules for due process, it is manifest that the CNMI court actions under Judge Castro completely violated the CNMI laws/rules and violated Bradshaw's due process rights under the US Constitution.

18. The CNMI laws and rules on service outline precisely the procedure of how a summons and complaint is to be served. Legal, proper service of process was never attempted on Bradshaw by plaintiff or the court. CNMI civil rules (4m) and long arm laws (7 CMC 1102-1104) were never complied with in respect to Bradshaw and the alleged service on him. Certainly, the Bisom submitted fraudulent return postal receipts had no propriety in granting the CNMI trial court jurisdiction over Bradshaw. As far as Judge Castro and his making of a bad decision on Bradshaw avoiding service, the judge simply had no discretion under the statute or rules to make such a decision. The law was plain

and clear of exactly what could be done to effect service and a statement of precisely what action could be taken when proper service by return receipt could not be made. Judge Castro did not follow the law. While the Feb 2000 trial court can flippantly and incompetently argue that actual notice of the suit was given Bradshaw (as it turned out by his own AG lawyer and not legally by the plaintiff or court), this actual notice means nothing in the absence of proper service of process per the CNMI laws and rules.

**Summary of Why The Motion for Summary Judgment Should be Granted**

19. Bisom' allegation in his answer to the 4th amended complaint is that Bradshaw was negligent and his hands were dirty for not accepting the two alleged mailings by Bisom.

    a. The above discussion and Harper MacLeod Solicitors v. Keaty 260 F 3d 389-400 (5th Cir, 2001) prove the utter absurdity of this allegation. It is Messers Sorensen and Bisom who have dirty hands--not Bradshaw.

    b. Why the alleged order of 2-22-00 mentioning service/avoidance of service was illegal:

        (1) The order violated the statutory provision of 7 CMC 1102-1004 which expressly stated the remedy for unsuccessful delivery of certified mail (that is by publication).

        (2). The CNMI laws on certified mail as enunciated to Bradshaw by AG lawyers Robert Kingsley and/or Robert Dunlap/Doug Cotton--that Bradshaw did not have to accept certified mail, whether identified by its sender or not (see p. 12 of the 4th amended complaint).

7

(3). The time limitations of 120 days in civil rule 4m.

(4) The fact that Bradshaw was sued in his official capacity and service in that instance had to be on the AG per rule 4i.

(5) The fact that alleged service did not comport with WA rules (per rule 4k).

(6) The Castro Order of May 20, 1997 required that the 1st amended complaint had to have been served by May 20, 1997. It was not served by this date nor was the alleged attempt to serve even completed by this date.

(7) The Castro order of May 20, 1997 also required that the 2d amended complaint be served by May 30, 1997. This was not done.

(8) The court proceedings in the US District Court before 96-1320 as filed concluded issues which meant that the Bisom complaint would have to undergo major revision. These revisions were not done. So there was malicious prosecution in 96-1320.

(9). The fact that 2-22-00 was made in total defiance of court cases in which Bisom used to persuade Castro that Castro had legal authority to judge avoidance of service in certified mailings apart from signed return postal receipts (as stated by Bisom in his Feb 3, 2000 opposition to motion to take case off of the jury trial calendar).

(10) There is no legal authority anywhere for the words on avoidance of service in Castro's order of 7-22-00. There is contrary authority in Harper MacLeod Solicitors v. Keaty 260 F 3d 389-400 (5th Cir, 2001).

(11) Bisom/Sorensen's hands were dirty from the summer of 1999 on in case 96-1320. With dirty hands Bisom was not entitled to any relief in court.

8

c. The Castro Order of 21-22-00 was totally illegal and could serve no purpose in justifying the default of 2-14-00.

20. The Dec 20, 2006 CNMI Superior Court Order Granting Plaintiff's Motion to Vacate Judgment (at Ex G, Bradshaw's declaration in support of his reply to Sorensen's Opposition, p. 3) said: "Procedures that deny a meaningful opportunity to participate in litigation renders a judgment void" (Winhoven v. US, 201 F 2d 174 [9th Cir 1952]). That's the essence of the problem being rectified in this motion for summary judgment. Due Process was not followed in the Castro court. Therefore the judgment was void and the several issues used in 96-1320 to justify the void judgment are also void.

21. In summary, Bisom comes into Court with dirty hands from his previous actions. Defendant presents no evidence why plaintiff should not have summary judgment. Finally, this Court has "inherent equity powers" which grants it leeway to address issues which common sense, equity and justice demand.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of _____ 2007, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
CNMI Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se

9

some of the needed repair and restoration of Bradshaw's reputation and professional status damaged in case 96-1320 without due process of law. As a minimum, if the Court cannot presently order a full refund of the $140,000 at this time, plaintiff requests that the Court define the $140,000 payout as expressly a result of the default made on Bradshaw. This would be a beginning in the restoration of the damages placed on Bradshaw. One more note needs emphasis. Why would the CNMI vigorously oppose a refund of the $140,000 illegally taken from it by Bisom? This is incomprehensible to a thinking mind.

### Item XI, the CNMI a RICO Enterprise

28. The only question in this motion for summary judgment is whether the CNMI with its commercial, interstate and foreign operations qualifies as a Enterprise under the RICO rules. There is nothing else at issue in terms of the presence of repetitive criminal acts, conspiracy, etc. Actually, "RICO extends to both legitimate and illegitimate enterprises, and a legitimate enterprise enjoys neither an inherent incapacity for criminal activity nor immunity from its consequences" (p. 639, RICO violations, 11 COA 2d 627).

### Conclusion

29. The issue of 1986 immigration act is moot as the Court decided this earlier and plaintiff deleted item 12. Too, the NMI presents nothing to justify its opposition for summary judgment. Last, a reviewing court is required to take notice of and incorporate relevant statutes and rules and precedents even if not pleaded in the complaint by a pro se plaintiff (Haines v. Kerner, 404 US 519, 30 L. Ed 2d 652, 92 S. Ct. 594, 1972)).

_____
Robert D. Bradshaw, Plaintiff, Pro Se

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___ day of Mar. 2007, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
CNMI Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se