FILED
Clerk
District Court

MAR 16 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et. al.,<br><br>Defendants. | Case No. CV-05-0027<br><br>ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT AND *SUA SPONTE* STRIKING PART OF COMPLAINT |

**THIS MATTER** came before the court on March 15, 2007, on plaintiff's motion for partial summary judgment. The following parties appeared: Plaintiff *pro se* by telephone; defendant Sorensen *pro se* by telephone; defendant Bisom by and through attorney Mark B. Hanson; and defendants Commonwealth of the Northern Mariana Islands ("CNMI"), Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee, Andrew Clayton, and Pamela S. Brown by and through attorney Gregory Baka.

**THE COURT**, having considered the arguments of the parties, **DENIES IN PART AND GRANTS IN PART** plaintiff's motion for partial summary judgment.

Plaintiff raised twelve issues on his motion for partial summary judgment. The court **DENIES** partial summary judgment on the following issues because they were not a material fact to the case:

(1) 120 day limitation on service;

(2) Defective first amended complaint;

(3) Failure to comply with order for service of second amended complaint;

(4) Failure to follow applicable law and rules in service;

(5) Superior court decision made without personal jurisdiction; and

(6) Incompetent AG's Office.

The court **DENIED** partial summary judgment on the following genuine issues of material fact:

(1) Fraudulent postal form;

(2) Abuse of process; and

(3) Fiduciary duty owed to the plaintiff.

The court **DENIED** partial summary judgment on the issue of whether the $140,000 judgment imposed on the CNMI was illegal because the court lacks subject matter jurisdiction on that issue. Furthermore, because the court lacks subject matter jurisdiction, the court orders that paragraph 230 of the Fourth Amended Complaint be **STRICKEN**.

The court **DENIES** partial summary judgment on the claim under the Immigration Reform and Control Act of 1986 as moot.

The court **GRANTS** partial summary judgment on the issue of whether the CNMI is an enterprise as defined in the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The statute defines an enterprise as "include[ing] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Accordingly, as defined by RICO, the CNMI is an enterprise. *See United States v. Bacheler*, 611 F.2d 443, 450 (3d Cir.1979).

**IT IS SO ORDERED.**

**DATED** this ___16TH___ day of March, 2007.

_____
ALEX R. MUNSON
U.S. District Court Chief Judge