Received    Apr-16-2007  06:22        From-                   To-US DISTRICT COURT, N        Page 002

F I L E D
Clerk
District Court

APR 1 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Robert D. Bradshaw
PO Box 473
1530 W. Trout Creek Road
Calder, Idaho 83808
Phone 208-245-1691

Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW | ) Civil Action No. 05-0027 |
| Plaintiff | ) |
| v. | ) |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (hereafter referred to as the CNMI); et. al. | ) **MOTION FOR** ) **CHANGE OF VENUE** ) |
| Defendants | ) |

### Introduction

1. COMES now Plaintiff Bradshaw in this case to move the Court to grant plaintiff a change of venue under the provisions of 28 USC 1331, 1332, 1339, 1343, 1367, 1391, 1392, 1404(a), 1406, 1407, 1652; 18 USC 1965; Title 42 USC; the Common Law; and all other applicable laws, rules and court decisions. For RICO claims, venue may be per the RICO venue statute or in accordance with the general federal venue statute (p. 504, RICO, Corpus Juris Secundum).

### Backdrop

2. Plaintiff filed this case in the US District Court (USDC) of the Northern Mariana Islands (NMI) in Aug 2005 on the premise of a bench trial before the judge. Subsequent

1

events has changed the complexity of the case and especially in terms of Saipan.

3. Now in 2007 more new developments necessitate this motion for change of venue presently. However, it must be noted that plaintiff is actually only asking for a change of venue for the trial in 2008 (which is the usual request for such factors as claimed herein). But it is being submitted presently in order to avoid a later charge that plaintiff allowed unnecessary time to elapse before asking for the change.

4. The first knowledge of the need for a change of venue occurred when defendant Sorensen demanded a trial by jury on or about Jun 22, 2006 (but with plaintiff's plea for a refund of the $140,000 Bisom took from the CNMI, this was not as profound then as it became on Mar 16, 2007 with the Court's decision to dismiss the refund plea). The request for a jury trial reoccurred with a similar demand from defendant Bisom Jan 2007. It reoccurred and intensified with the continuing and intensifying conspiratorial actions of Attorney General Matthew T. Gregory and his staff in Jan 2006-Apr 2007. It became crystal clear and properly identified and documented in the Court's decision of Mar 16, 2007 which defined certain facts as not being material and certain facts as being genuine issues that were material.

### Recommended Change

5. The first recommended court for the change is the Eastern District of Washington state which meets the criteria of 28 USC 1391(b)(2), 1404(a) and 1652 and to answer the postal fraud charges (per 18 USC 1341; 18 USC 1707; and 28 USC 1339).

6. Messrs Bisom/Sorensen have been unremitting in claiming that both US postal receipts showing service on Bradshaw in Elk, WA and supposed return envelopes from Elk, WA showing that certified mail was returned to Saipan unclaimed all involve the US Post

office in Elk, WA. Though these two suppositions are totally contradictory and impossible, defendant Bisom and Sorensen have consistently maintained that both courses are true.

7. 28 USC 1391(b)(2) allows venue where a substantial part of the events or omissions giving rise to the claim occurred. American jurisprudence (p. 653, Venue) notes a tort accrues... where the plaintiff first suffers injury."

8 Besides venue allowed in 1391, venue is also proper in a US court pursuant to 18 U.S.C. 1965(a) and (d) because the CNMI and the other RICO defendants are found, operate under color of authority or office, have an agent, or connected with or related to the complaint herein stated, or transact affairs throughout the continental US.

9. Venue is also proper in the continental US pursuant to 18 U.S.C. 1965(b) because to the extent that any defendant may reside in any area outside the US, the ends of justice require that such defendant(s) can brought before any US court. Since defendants Clayton, Bisom and Sorensen are out of the US, they may be made to answer in any US court.

10. Under 18 USC 1965, nationwide personal jurisdiction is authorized as long as the judicial district in which the case is brought has minimum contact with at least one of the defendants. Once jurisdiction is established over one of the defendants, the other parties not residing the district my be added so that the ends of justice prevails.

11. There is evidence suggesting that Messers Bisom/Sorensen first concocted the conspiracy against Plaintiff as early as Sep 1996 when Mr Sorensen came to Spokane, WA to depose Bradshaw in case 95-0042. Sorensen, representing Robert A. Bisom, makes a clear nexus of both of them to the Eastern District of Washington.

3

Received    Apr-16-2007 05:22    From-    To-US DISTRICT COURT, N    Page 005

12. Under 42 USC 1983, venue was allowed in the district where the complaint charged conspiracy and alleged that some of the conspirators took acts in furtherance of that conspiracy within the applicable district--McLaughlin v. Bradless, DCDC 1984, 599 F. Supp. 839 (as cited by Wright & Miller, section 3807 on Venue in the District Courts).

13. For sure in 1996 and 1997, Robert P. Kingsley, Attorney at Law (Suite 210, 423 West First Ave, Spokane, WA 99204-0206, Phone 509-624-9476) represented the CNMI and was an agent for the CNMI as Bradshaw had several contacts with Mr Kingsley as agent for the CNMI. Mr Kingsley's testimony to plaintiff is important because he was a key CNMI agent who gave plaintiff advice on the question of not having to accept certified mail with or without the name of the mailer. This agency relationship between Kingsley and the CNMI continued after 1997 as Bradshaw may have had further contact with Kingsley in 1998 though details of such are not clear in Bradshaw's mind at present.

14. Bradshaw resided in Elk, WA from Oct 1996 to Oct 1998. In Oct 1998, Bradshaw acquired property interest in Oldtown, Idaho with a view of moving there. Though this option did not work out, Bradshaw did reestablish/confirm his domicile in Idaho at Oldtown, shopped there, received mail there and conducted his affairs there weekly from late 1998 to Sep 2001. Otherwise, Bradshaw maintained a residence at 2775 Deep Lake Boundary Road (a rural area in Stevens County, WA) from Oct 1998 to Sep 2001.

15. Plaintiff, a resident of Elk, WA first suffered definite injury in the US Eastern District of Washington in 1997 when defendants Bisom/Sorensen prepared the series of conflicting postal documents which they filed in CNMI case 96-1320 on the premise that the documents came from the US post office in Elk, Washington (located in the Eastern District of

4

Received   Apr-16-2007 05:22       From-       To-US DISTRICT COURT, N   Page 006

Washington).

16. The filing of these documents in case 96-1320 continued the nexus between Bisom, Sorensen and the CNMI with the Eastern District of Washington as first established in Sep 1996 when Sorensen came to Spokane to depose Bradshaw.

17. From 1996 to 1999, both defendants Cotton and Bush wrote Bradshaw letters in Eastern District of WA as provided in plaintiff's 4th amended complaint. These letters offered minimum contacts by them and the CNMI with the Eastern District of WA. While Sosebee allegedly did not send any mail to Bradshaw in WA or ID, he did take actions in CNMI court in 1999-2001 to further the Bisom/Sorensen-CNMI conspiracy as involving Bradshaw.

18. Bradshaw was a resident of Stevens County, WA (in the Eastern District of Washington) in 2000 when the trial of 96-1320 took place and when the CNMI chose to not pursue an appeal on its results (Bradshaw resided in Calder, ID when the appeal 2000-016, 023 took place in 2002).

19. The Eastern District of WA and its Yakima division court covers an area that is within the 100-mile bulge area of the Tacoma-Seattle international airport. It is believed that all of the individual defendants have traveled through this airport at one time or another. Therefore, they all have a nexus to Washington state which will grant the USDC in Spokane personal jurisdiction. Defendant Brown went to School in Washington state; so she certainly has a WA connection.

20. As shown, the evidence is persuasive that the US District Court of the Eastern District of Washington has personal jurisdiction over all of the defendants--either directly in the district on the basis of the claims/facts, or in the allowable 100-mile bulge area.

21. Besides Saipan, the defendant CNMI has corporate offices in the US in Washington DC which can legally accommodate the needs of the CNMI. Therefore, Washington DC has to be considered as a possible site for the trial of 05-0027. Actually, plaintiff would find any US District Court in the United States acceptable for the trial of 05-0027.

22. Fed Rules of Civil Procedure (FRCP) rule 4(K)(2) allows personal jurisdiction over a defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state. Certainly, this provision would allow jurisdiction over foreign defendants like Clayton, Bisom and Sorensen. Thus, there is a "national contacts" doctrine to confer personal jurisdiction over defendants not subject to personal jurisdiction of any state.

23. Some US courts have sustained jurisdiction on the basis of no more than the defendants' presence in or contacts with the US (p. 318, v. 4, 1987 ed, Wright and Miller's note in Federal Practice and Procedure that says that "Federal jurisdiction being national in scope, due process only required sufficient contacts within the United States as a whole").

24. In Worldwide Volkswagen v. Woodson (444 US 286 [1980]), minimum contact was only one aspect of the larger concern of fair play and substantial justice.

25. Both Messers Bisom and Sorensen are lawyers. They both knew and understood that the preparation of fraudulent mail documents would open the door for either or both of them to be haled into a Court in the US where their illegal actions occurred or commenced.

### Justification for the Change

26. This motion is based upon the Convenience of the parties, Convenience of the witnesses, Interests and promotion of justice, Inability of Plaintiff to obtain fair and impartial

Received   Apr-16-2007 05:22       From-                        To-US DISTRICT COURT, N       Page 008

trial before a local jury, Local jury prejudice/bias, Conflict of interest with a local jury, Local prejudice, Undue influence of opposing party and former opposing party, unfavorable publicity, Familiarity of WA court with Washington laws and civil procedure rules as applicable in defining service of process in Washington state, Inability of pro se Plaintiff to obtain a local counsel, etc. Corpus Juris Secundum's article on Venue and related sources cite the above types of problems as justifying change of venue.

27. In a Nov 3, 2006 motion to strike certain items in Bradshaw's complaint and for Bradshaw daring to sue the CNMI over 1981 discrimination, defendant Bisom has already went on record that Bradshaw has made "biased criticism of race and culture" (of the local people of NMI descent) and that Bradshaw's complaint involved "interjection of his own obvious animosity towards persons of Northern Mariana descent." Bisom fully intends on making Bradshaw's alleged discrimination against the CNMI (obviously over suing the CNMI for race based discrimination) an issue at any local jury trial. With this issue, Bradshaw doesn't have a chance before a local jury. As described in the accompanying memorandum of points and authorities, Acting Chief Judge Castro has also made it clear that Bradshaw's alleged discrimination against the people of the CNMI will be an issue in the trial of 05-0027.

28. Per 28 USC 1404(a) this case could have been easily filed/brought in the Eastern District of Washington in 2005 when plaintiff filed it on Saipan. Now, it can be placed there with this change of venue.

## Conclusion

29. The accompanying Memorandum and points and authorities and the Declaration of Robert D. Bradshaw in support of this motion provide details of the several reasons for this

7

change of venue. In particular, plaintiff's state of health, as defined in his declaration, makes it impossible for plaintiff to pursue this action in a trial on Saipan

30. Per the accompanying Memorandum of Points and Authorities in Support of this Motion, plaintiff outlines the continuing conspiracy, collaboration and contact between the AG and Mr Bisom which will provide that the CNMI will pick up the tab for all expenses Mr Bisom incurs in this action. This conspiracy will insure that not only will Bradshaw be denied any restitution but the CNMI is going to end up paying off Bisom. For the benefit of both the plaintiff and the CNMI, it is imperative that this case go before a fair and impartial jury which cannot be manipulated by Justice Castro, the AG or CNMI people.

31. Because of the continuing conspiracy, collaboration, etc between Bisom and the AG, it is imperative for the benefit of the CNMI that venue for this case be changed to the US. There is a great probability that any decision by a local jury will be adversely effected by the behind the scenes actions of Justice Castro, the AG and Bisom to insure that not only will the CNMI have to pay off to Bisom but Bradshaw will be denied any restitution whatsoever.

32. Plaintiff filed this action in good faith in the USDC NMI anticipating a bench trial before the Court. To this day, plaintiff would have absolutely no problem or question with the trial of this case in a bench trial on Saipan before a judge unconnected to the local political situation. Defendants' request for jury trial and subsequent developments in 2007 have combined to force plaintiff to file this motion for change of venue.

33. Finally, a reviewing court is required to take notice of and incorporate relevant statutes and rules and precedents even if not pleaded in the complaint by a pro se plaintiff (Haines v. Kerner, 404 US 519, 30 L. Ed 2d 652, 92 S. Ct. 594 (1972)).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this ____14th____ day of ____APRIL____ 2007 at Calder, Idaho.

_____
Robert D. Bradshaw, Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____14th____ day of ____APR.____ 2007, I caused to be served a true copy of the foregoing document by US Mail Postage Paid to each of the following:

Jay H. Sorensen, c/o Shanghai, PO Box 9022, Warren, MI 48090-9022
CNMI Attorney General, Caller Box 10007, Capitol Hill, Saipan, MP 96950
Mark B. Hanson, PMB 738, PO Box 10,000, Saipan, MP 96950

_____
Robert D. Bradshaw, Plaintiff, Pro Se