MATTHEW T. GREGORY # F0205
Attorney General
ROBERT M. WEINBERG
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:   (670) 664-2333
Fax:         (670) 664-2349
E-mail:      rob.weinberg@yahoo.com

Attorneys for Defendants Commonwealth of the Northern Mariana Islands,
Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee,
Andrew Clayton, and Pamela S. Brown

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERT D. BRADSHAW, ) | CIVIL ACTION NO. 05-0027 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COMMONWEALTH OF THE NORTHERN ) | **DEFENDANT DAVID SOSEBEE'S** |
| MARIANA ISLANDS, et al., ) | **RESPONSE TO PLAINTIFF'S RULE 60(b)** |
| ) | **MOTION** |
| Defendants. ) | |

On October 13, 2006, this Court entered a "Notice of Order Denying Plaintiff's Motion for Costs of Service Upon Defendant Sosebee." The Court expressly found as follows:

> Defendant Sosebee contends that good cause exists [to deny plaintiff's motion] because he never received plaintiff's request for a waiver of service. He declared that he moved from his home in Bryan, Texas to his home in Austin, Texas on June 5, 2006. He further declared that since his move, and despite having his mail forwarded to his new address in Austin, Texas, he has not received any mail from plaintiff. Accordingly, because Sosebee has shown good cause why he did not waive service, **THE COURT DENIES** plaintiff's motion for costs of service under Rule 4(d) upon defendant Sosebee.

Plaintiff, seeking reconsideration under Fed.R.Civ.P. 60(b)(3), now contends that Sosebee's declaration was fraudulent, and has submitted his own declaration and a declaration based upon one Charles

Stripe containing nothing but hearsay regarding conversations Stripe had with post office officials in Bryan, Texas which, in their best light, prove only that Sosebee had a post office box that was active after June 20, 2006, but do not contradict Sosebee's declaration that he has not checked that mailbox since leaving Bryan Texas on June 5, 2006. Bradshaw's and Stripe's declarations in no way contradict the facts sworn to under penalty of perjury by Sosebee that – regardless of whatever speculation and conjecture plaintiff may imagine or hypothecate – Sosebee simply never received any request for waiver of service. Whether that was due to errors in the Bryan, Texas post office that may, or may not have failed to properly forward Sosebee's mail from Bryan, Texas to Austin, Texas is a matter of as much conjecture as plaintiff offers in his declaration alleging fraud on Sosebee's part. Regardless, plaintiff has produced no admissible proof or direct evidence of any fraud which contradicts Sosebee's declaration.

> Affidavits must be based on personal knowledge and must not contain conclusions of law or ultimate facts. *See Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir.1997) (rejecting affidavit no based on personal knowledge)*; A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118, 121 (6th Cir.1981) (finding conclusions of law in affidavit were not entitled to any weight). "When ultimate facts or conclusions appear in an affidavit which also contains the proper subject of affidavit testimony, facts within the personal knowledge of the affiant, the extraneous material should be disregarded and only the facts considered." *A.L Pickens*, 650 F.2d at 121.

*American Civil Liberties Union v. City of Las Vegas*, 13 F.Supp.2d 1064, 1071 (D.Nev. 1998).

Reconsideration under Rule 60(b), Fed.R.Civ.P., is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances.' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991). Neither Bradshaw's declaration, nor that of Charles Stripe, are based upon personal knowledge that Sosebee indeed *received* a request for waiver (as opposed to it merely being delivered to a post office box which had not been checked since June 5, 2006); the declarations otherwise contain nothing but conclusions based upon speculation and inferences without any factual foundation. He has produced no evidence of fraud that would warrant relief under Rule 60(b)(3).

1  Finally, Bradshaw's Rule 60(b) motion merely reargues issues that the court had already considered
2  and rejected, *see Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir.2001),
3  and that is not grounds for relief under Rule 60(b). *See School Dist. No. IJ, Multnomah County, Or. v.*
4  *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

5  Bradshaw's Rule 60(b) motion for relief is due to be denied.

6  Respectfully submitted this 26th day of April, 2007.

OFFICE OF THE ATTORNEY GENERAL
MATTHEW T. GREGORY
Attorney General

/s/ Robert M. Weinberg
ROBERT M. WEINBERG
Assistant Attorney General

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

1. I am eighteen years of age or older, and I certify that I caused to be served the following documents to the last known address(es) listed below on the date(s) indicated.

2. As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with Clerk of Court (in attorney box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

| | | |
|---|---|---|
| Robert D. Bradshaw<br>P. O. Box 473<br>1530 W. Trout Creek Road<br>Calder, ID  83808-0473 | Plaintiff, pro se<br>Tel:  (208) 245-1691<br>Fax:  N/A | **Via U.S. Mail** |
| Mark B. Hanson, Esq.  # F0261<br>Macaranas Building, 1st Floor<br>Beach Road, Garapan<br>PMB  738, P. O. Box 10,000<br>Saipan, MP  96950-8900 | Attorney for Defendant Bisom<br>Tel:  (670) 233-8600<br>Fax:  (670) 233-5262<br>E-mail:  mark@saipanlaw.com | **Via Electronic Service** |
| Jay H. Sorensen, Esq.  # F0127<br>c/o Shanghai, China<br>P. O. Box 9022<br>Warren, MI  48090-9022 | Defendant, pro se<br>Tel:  (86) 21-5083-8542    Fax:  same<br>E-mail:  subpar@fastmail.cn | **Via E-Mail** |

3. I declare under penalty of perjury that the foregoing is true and correct.

This _____ day of April, 2007.

/s/  Robert M. Weinberg
ROBERT M. WEINBERG
Assistant Attorney General