F I L E D
Clerk
District Court

MAY - 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  Jay H. Sorensen
2  c/o Shanghai
   P.O. Box 9022
3  Warren, MI  48090-9022
   Telephone:  86-21-5083-8542
4  Fax:  86-21-5083-8542

5
   Attorney Appearing in Pro Se
6

7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN MARIANA ISLANDS

9  ROBERT D. BRADSHAW,              )
                                    )
10          Plaintiff,              )  Case No. CV 05-0027
                                    )
11     v.                           )
                                    )  **OPPOSITION TO MOTION TO**
12  COMMONWEALTH OF THE             )  **CHANGE VENUE**
   NORTHERN MARIANA ISLANDS, et al.,)
13                                  )  Date: May 17, 2007
                                    )
14          Defendants.             )  Time: 9:00 a.m.
                                    )
15  _____ )

16
17      Defendant, JAY H. SORENSEN, opposes the plaintiff's motion to have this case
18  transferred to the Eastern District of Washington, or any other district.

19      I.  TRANSFER TO ANOTHER DISTRICT IS NOT LEGALLY AUTHORIZED.

20      Nowhere in plaintiff's moving papers is there any indication of the legal authority
21  on which he bases his motion to change venue.[1]   However, the only such basis of which
22
23  defendant is aware that might apply here is found in 28 U.S.C. section 1404(a).  It reads:
24  "For the convenience of parties and witnesses, in the interest of justice, a district court
25
26
27  _____
   [1] This is a violation of Fed.R.Civ.P.7(b)(1), which says motions "…shall state with
28  particularity the grounds therefore…," and Local Rule 7.1(b), which requires motions to
   be accompanied by an "appropriate memorandum."
29

-1-

may transfer any civil action to any other district or division *where it might have been brought*." (emphasis added.)

The concluding clause means that "...a transfer is authorized by the statute only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all the defendants." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3rd Cir. 1970), citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) and *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Fluidtech, Inc. v. Gemu Valves, Inc.* 457 F. Supp.2d 762, 766 (E.D. Mich. 2006); *Zapf v. Bamber*, 2005 WL 2089977, 2 (D.N.J. 2005) ("The trial court must first examine, therefore, whether venue is appropriate in the alternative forum before deciding a motion to transfer.")

Because this case is one "not founded solely on diversity of citizenship," it "may,..., be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b).

Subparagraphs (1) and (3) do not apply, so this means that venue lies only in a district where a substantial part of the events or omissions giving rise to the claim

occurred.   There simply is no other district besides that of the Northern Mariana Islands that fits that category.

Plaintiff seems to indicate that the Eastern District of Washington would also qualify as a proper venue.   This contention is based on his having lived there when service by certified mail was attempted on him. (see plaintiff's Memorandum, ¶¶ 8, 83). However, his having lived there for a period in the late 1990's and service by mail having been sent to him there is not sufficient for a conclusion that this where a "substantial part of the acts … giving rise to the claim occurred."   The service on plaintiff by allegedly fraudulent means is only one of several claims in plaintiff's complaint, and relates to only two of the seven defendants.   Additionally, it has been consistently charged by plaintiff that the place where the alleged fraud by the Bisom/Sorensen entity occurred was Saipan. For example, in his fourth amended complaint, it is alleged in paragraph 139:

> When a court is dealing with crooks who have and will enter fraudulent documents in court in order to obtain a default judgment, alleged mailings like these two certified mail letters prove nothing simply because it is such a simple task to fraudulently prepare envelopes like these two were prepared….Thus, it is easy to have fraudulent rubber post office stamps made to stamp any document.  For that matter, on Saipan, it would be easy to pay a bribe to a Saipan postal employee and have documents date stamped however desired.

Where fraud is alleged, it is the place where the allegedly fraudulent or dishonest activities originated that places the case for venue purposes. *See*, *ITT Thorp Corp. V. Firemen's Ins. of Newark, N.J,* 428 F. Supp. 62, 63 (D.C. Wis. 1977).

In addition to the problem just discussed regarding venue requirements, there is another reason that transfer can not be made to any other district.  A transferee court must

1   have personal jurisdiction over the defendants to come within the terms of 28 U.S.C.

2   section 1404(a).  *Shapiro v. Bonanza Hotel Co*, 185 F.2d 777, 780-781 (9th Cir 1951).

3
    There is no other jurisdiction besides the Northern Mariana Islands that has sufficient
4
    contacts with all of the defendants to justify summoning them to appear and defend this
5
6   case.  Plaintiff previously filed this case in Idaho.  That case was dismissed on the grounds

7   that the exercise of personal jurisdiction by the district court of Idaho "over all of these

8
    Defendants would not be constitutional, reasonable or fair."  *Bradshaw v. C.N.M.I. et al.*
9
    Case No. CV 05-84-N-EJL (D. Idaho), Memorandum Order filed July 25, 2005,p.9. (copy
10
11  filed herewith).  The analysis and, therefore, the result would be the same were this case to

12  be filed in the Eastern District of Washington.
13
14        For these reasons, this district is the only one that has substantial ties to the people

15  and events that gave rise to the claims that plaintiff has pled.

16

17
          II  EVEN IF TRANSFER TO ANOTHER DISTRICT WERE AUTHORIZED,
18
19  IT WOULD NOT BE WARRANTED IN THIS INSTANCE

20              In deciding a motion to transfer, the court must first determine
            whether the alternative forum is a proper venue and then whether the
21          balance of convenience clearly weighs in favor of a transfer. [citation].
            In so ruling, courts have not limited their consideration to the three
22          enumerated factors in §1404(a) but rather have considered a number of
            public and private interest factors.  The private factors include: (1) the
23          plaintiff's forum preference as manifested in the original choice; (2) the
            defendant's preference; (3) whether the claim arose elsewhere; (4) the
24          convenience of the parties as indicated by their relative physical and
25          financial condition; (5) the convenience of the witnesses, but only to
            the extent that the witnesses may actually be unavailable for trial in one
26          of the fora; (6) the location of the book and records, but only to extent
            that the files could not be produced in the alternative forum. [citation]
27          The public interests include: (1) the enforceability of the judgment;
28
29

                                        -4-

1
2
3
4

> (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two for a resulting Court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases.

5    *Remick v. Manfredy*, 138 F.Supp.2d 652, 655 (E.D. Pa. 2001) (Citations omitted).

6
7
8
9
10
11
12
13

When these considerations are weighed, all of the public interests favor trial being held in this district over any other.  As to the private interests, they all weigh in favor of Saipan, save one, number 4, since plaintiff has shown that it would be more convenient for him to have trial in eastern Washington.  However, "…transfers should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Van Dusen v. Barrack, supra,* 376 U.S. at 646.

14
15
16
17
18

As observed by one court: "Change of venue, although within the discretion of the district court, should not be freely granted.  Courts are the business of deciding cases, not playing procedural hockey among dissatisfied parties." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982).

19
20
21
22

Because no other district court is situated in a proper venue, nor would any other district court have personal jurisdiction over all the defendants, and because there is insufficient grounds for transfer anyway, this motion must be denied.

23
24
25

Respectfully submitted,

26
27

_____/s/_____
Jay H. Sorensen
In Pro Se

28
29

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on    May 3, 2007

a copy of each of the following:   OPPOSITION TO MOTION TO CHANGE VENUE

were deposited for delivery to the U.S. Post Office, first class mail, postage prepaid,

addressed as set forth below (except as noted below):


Robert D. Bradshaw
P.O. Box 473
1530 W. Trout Creek Road
Calder, Idaho  83808

*  Office of the Attorney General – Civil Division
Commonwealth of the Northern Mariana Islands
2nd Floor, Hon. Juan A. Sablan Bldg
Caller Box 10007
Saipan, MP  96950


* Mark B. Hanson
First Floor, Macaranas Bldg.
Beach Road, Garapan
PMB 738,  P.O. Box 10,000
Saipan, MP 96950


_____/s/_____
Jay H. Sorensen

* Served electronically by agreement of the parties

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT D. BRADSHAW, | ) |
| Plaintiff, | ) Case No. CV05-84-N-EJL |
| vs. | ) MEMORANDUM ORDER |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al., | ) |
| Defendants. | ) |

Pending before the Court in the above-entitled matter are Defendants' motions to dismiss for lack of jurisdiction (Docket Nos. 21, 26, and 29) as well as Plaintiff's motions to seal and strike (Docket Nos. 33 and 36) and Plaintiff's motion to extend the service time and allow service by publication (Docket No. 51). Defendants' move to dismiss case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and in the alternative for improper venue and insufficiency of service of process on certain Defendants. Defendants contend this Court is without personal jurisdiction over them as Defendants have insufficient contacts with Idaho. Plaintiff argues jurisdiction is proper in Idaho and nationwide service of process is appropriate in this case.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Plaintiff Robert Bradshaw ("Bradshaw") is a former Temporary Public Auditor for the Commonwealth of Northern Mariana Islands ("CNMI"). He filed this action as a *pro se* litigant. Defendants are the CNMI, a former Acting Attorney General (Nicole Forelli) and three former

MEMORANDUM ORDER - Page 1
05ORDERS\Bradshaw_dis_05-84 WPD

CNMI Assistant Attorneys (William Bush, L. David Sosebee, and Andrew Clayton), two CNMI Supreme Court Justices (Alexandro Castro and John Manglona), a former CNMI Superior Court Judge and Supreme Court Justice (Timothy Bellas), a private attorney from the CNMI (Jay Sorensen), and a former employee of the CNMI government (Robert Bison) who was terminated from employment by Plaintiff during Bradshaw's tenure as Temporary Public Auditor.

Plaintiff's Second Amended Complaint (Docket No. 20) asserts eighteen claims under various federal statutes including criminal statutes, the Racketeer Influenced Corrupt Organizations ("RICO") Act, the Immigration Reform and Control Act and the CNMI's Indemnification Act. Bradshaw's claims arise from a civil lawsuit by Bison against Bradshaw. Bison's attorney was Sorensen. Bradshaw claims he instructed the Attorney General's office that he had not been personally served and they should deny any attempt of service on his behalf. A default judgment was entered against Plaintiff in favor of Bison on March 10, 2000. Bradshaw maintains Sorensen fraudulently served the complaint and that the court involved in the case improperly allowed defective service of process to support the default judgment as well as improperly denied indemnification under the CNMI Indemnification Act. Plaintiff also alleges the CNMI Supreme Court improperly upheld the denial of indemnification. Bradshaw also alleges the CNMI Attorney General unlawfully failed to protect Bradshaw's interests during the Bison litigation.

Bradshaw now resides in Idaho. None of the Defendants reside in Idaho. It is not disputed that Plaintiff did not personally serve Sorensen or Bison. Instead, Plaintiff had the complaint served on Jay Sorensen's sister, Cynthia Sorensen at a residence in which neither of these Defendants were residing.

## BURDEN OF PROOF

The Court's review of the motions to dismiss is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiff that *pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In a 12(b)(2) motion to dismiss the Plaintiff need only make a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal. Glencore Grain

MEMORANDUM ORDER - Page 2
05ORDERS\Bradshaw_dis_05-84.WPD

Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002) (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001)). The Court accepts as true Plaintiff's uncontroverted allegations, and resolves in its favor factual conflicts contained in the parties' filings. Id. Finally, if the allegations in the complaint are challenged by Defendants, the Plaintiff must prove specific facts supporting personal jurisdiction. Taylor v. Protland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967).

### DISCUSSION

Personal jurisdiction over all parties is required before a court may decide a case in controversy. U.S. CONST. Amend. XIV. Before a court may properly exercise personal jurisdiction over a nonresident defendant it must be satisfied that two independent requirements have been met: first, that an applicable rule or statute affirmatively authorizes the assertion of personal jurisdiction over the defendant, and second, that the assertion of such jurisdiction "accords with constitutional principles of due process." Data Disc, Inc., 557 F.2d at 1285; Petrik v. Public Serv. Mut. Ins. Co., 879 F.2d 682, 684 (9th Cir. 1989). Although the two requirements are independent, they are often interrelated. For example, where federal subject matter jurisdiction is predicated on diversity, Rule 4 of the Federal Rules of Civil Procedure incorporates the state's long-arm statute as the authorizing source for service of process. In such a case, the defendant's amenability to suit in federal district court is limited by the state's rule or statute. Because a state's ability to authorize service of process is restricted by the due process clause to cases in which the defendant has certain minimum contacts with the state, a federal district court sitting in diversity will analyze the due process inquiry by assessing the defendant's contacts with the forum state. Neaves, 912 F.2d at 1065; Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

In contrast, where the federal court's subject matter jurisdiction is predicated on a federal question and service is accomplished pursuant to a federal law authorizing nationwide or worldwide service of process, and not by reference to the state's long-arm statute, the court is no longer restricted by the due process limitations inherent to a state's authorization of service. Go-Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1414-15 (9th Cir. 1989); Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1315-16 (9th Cir. 1985). Under these circumstances, then, due

MEMORANDUM ORDER - Page 3
05ORDERS\Bradshaw_dis_05-84.WPD

process concerns may be satisfied by a determination that the defendant has sufficient contacts with the United States as a whole. Go-Video, Inc., 885 F.2d at 1414-16; Vigman, 764 F.2d at 1315-16; Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir.), cert. denied, 449 U.S. 1062 (1980).

In examining the facts of this case, the Court finds it lacks personal jurisdiction over the named Defendants regardless of the whether a state or federal statute is cited as a basis to create personal jurisdiction.

I. Idaho's Long Arm Statute Analysis

Two forms of personal jurisdiction exist: general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). In order to exercise either type of personal jurisdiction, the state long-arm statute must be satisfied. See State of Idaho v. M.A. Hanna Co., 819 F. Supp. 1464 (D. Idaho 1993). In adopting Idaho Code § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. Houghland Farms, Inc. v. Johnson, 803 P.2d 978, 981 (Idaho 1990); see also Lake v. Lake, 817 F.2d 1416 (9th Cir. 1987) (determining federal cases provide guidance in determining whether personal jurisdiction exists). Thus, for the long arm statute to apply, the Court need only determine whether asserting personal jurisdiction complies with due process. M.A. Hanna Co., 819 F. Supp. 1464.

A. General Jurisdiction

General jurisdiction allows a defendant to be haled into court in a state where the defendant's contacts with that state are "substantial" or "continuous and systematic," even if the action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The defendant's contacts must approximate physical presence in the state to meet the "fairly high" standard for establishing general jurisdiction. Id. (citing Gates Learjet Corp. v. Jensen, 743 F. 2d 1325, 1331 (9th Cir. 1984)). Factors to consider in determining general jurisdiction include: "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is

incorporated there." Id. See also Hirsh v. Blue Cross, Blue Shield of Kansas City, 800 F. 2d 1474, 1478 (9th Cir. 1986).

None of the individually named Defendants has ever set foot in or transacted business in the State of Idaho. The Defendants have no direct business or governmental contact with Idaho. The Defendants do not solicit or engage in business in Idaho. Clearly, general jurisdiction is lacking as to each Defendant in this case and Plaintiff has not carried his burden to establish general jurisdiction.

### B. Specific Jurisdiction

When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising "specific jurisdiction" over the defendant. Helicopteros, 466 U.S. at 414 n. 8. Specific jurisdiction exists if a defendant has sufficient "minimum contacts" with the forum such that exercise of jurisdiction would not "offend the traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In the Ninth Circuit, three conditions must be met in order to establish "minimum contacts": (1) the nonresident defendant must purposely direct its activities or consummate some transaction with the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities within the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Yahoo! Inc. v. La Ligue Le Racisme, 379 F.3d 1120, 1123 (9th Cir. 2004.)

### 1. The nonresident defendant must purposefully conduct activities within the forum:

The connection between the defendant and the forum State required for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. Asahi Metal Industrial Co. v. Superior Ct., 480 U.S. 102, 112 (1987). This requirement ensures that a person is not hauled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Thus, the Court must examine whether Defendants' activities were directed purposefully toward the forum. Id. at 476. Purposeful availment "requires

MEMORANDUM ORDER - Page 5
05ORDERS\Bradshaw_dis_05-84.WPD

a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Doe v. Unocal Group, 248 F.3d 915, 923 (citing Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)). However, " an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts' to support personal jurisdiction." Id. (citing McGlinchy v. Shell Chemical Co., 845 F.2d 802, 816 n. 9 (9th Cir. 1988) (quoting Burger King, 471 U.S. at 478).

Incorporating the standards set forth in Burger King, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. Doe, 248 F.3d at 923 (citing Haisten v. Grass Valley Medical Reimbursement Fund, LTD, 784 F.2d 1392, 1397 (9th Cir. 1986)). Thus, cases will arise in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction where reasonable. Brand v. Menlove Dodge, 796 F.2d 1070, 1074 (9th Cir. 1986).

It is undisputed that the individual Defendants do not have "minimum contacts" with the State of Idaho. Accordingly, the Court finds the named Defendants have not purposefully directed activities in Idaho. While it appears an employee of the CNMI did originally contact Bradshaw regarding employment in CNMI, that person is not a party to this lawsuit and such limited contact with Idaho does not confer specific jurisdiction as to the government of CNMI or other governmental employees especially since the cause of action in this case is not related to the initial contact regarding Bradshaw's employment.

2. The claim must arise out of or result from Defendant's forum-related activities:

The plaintiff's claims must arise out of the defendants' forum related activities. In making this determination, the Ninth Circuit has adopted a "but for" analysis. See Ballard v. Savage, 65

MEMORANDUM ORDER - Page 6
05ORDERS\Bradshaw_dis_05-84 WPD

F.3d 1495, 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where, "but for" Defendant's activities in Idaho, the Plaintiff's current alleged injuries would not have occurred. Again, it is undisputed that the current claims do not arise out of Defendants' forum related activities as the only Defendant that could be held to even have exercised Idaho activities is CNMI and this was discussed above as being insufficient to create specific jurisdiction over the named Defendants.

### 3. The exercise of jurisdiction must be reasonable:

The Court must also determine whether the exercise of jurisdiction is reasonable, looking at seven factors: the extent of defendant's purposeful injection into the forum state's affairs; the burden on the defendant in defending in the forum; the extent of conflict with sovereignty of the defendant's state; the interest of the forum state; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the availability of an alternative forum. Dole Food Co. v. Watts, 303 F.3d 1104, 1114 (9th Cir 2002). It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Based on the facts as alleged by Plaintiff, the Court finds there is nothing that can be considered "reasonable" in conferring specific jurisdiction in Idaho over these Defendants via the long-arm statute of the State of Idaho. Plaintiff argues the fact that his real property in Idaho may be subject to the default judgment entered by the court in CNMI should establish jurisdiction over the Defendants. The fact that Plaintiff resides in Idaho and may own property in Idaho establishes personal jurisdiction over Plaintiff, but it does nothing to establish personal jurisdiction over the named Defendants. The fact certain Defendants may, in the future, have contacts in Idaho does not make personal jurisdiction "reasonable" at the time the lawsuit was filed in this case.

MEMORANDUM ORDER - Page 7
05ORDERS\Bradshaw_dis_05-84.WPD

All three of the test for specific personal jurisdiction under Idaho's long-arm statute fail when applied to the record before this Court. Accordingly, Idaho's long-arm statute has not been satisfied to confer general or specific personal jurisdiction over the Defendants in this case.

II. Nationwide Service of Process

In the absence of authority to serve process using Idaho's lang-arm statute, Plaintiff argues he may seek such authority under a federal statute. Fed. R. Civ. P. 4(k)(1)(D). However, of the several federal statutes cited by Plaintiff in his Second Amended Complaint, only the RICO Act offers a nationwide service of process provision. 18 U.S.C. § 1965(b).[1]

Bradshaw alleges that the Defendants (except Bison and Sorenson) are liable under RICO as they conspired to deny his civil rights and his right to indemnification. Since Sorensen and Bison are not named in the RICO Act count of the Second Amended Complaint, nationwide service of process would not apply to these two Defendants. As to the CNMI Defendants (those connected or formerly connected to or employed by the government of CNMI), the Court finds the RICO Act claim set forth in the Second Amended Complaint is insufficient to confer personal jurisdiction over the CNMI Defendants.

Rule 4(k)(2) of the Federal Rules of Civil Procedure may apply when neither general nor specific jurisdiction can be established. If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state. Fed. R. Civ. P. 4(k)(2). There are, however, limits on the applicability of nationwide service of process under the RICO Act.

---

[1] 18 U.S.C. § 1965(b) provides:
In any action under section 1964, of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States the marshal thereof.

MEMORANDUM ORDER - Page 8
05ORDERS\Bradshaw_dis_05-84.WPD

Merely alleging the CNMI Defendants' actions constituted a deprivation of Plaintiff's rights as a RICO claim is not sufficient to allow nationwide service of process. Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997). The Ninth Circuit has held "[f]or nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multi district conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all the alleged co-conspirators." Butchers Union Local No. 498 v. SDC Inv., Inc., 788 F2d 535 (9th Cir. 1986). In this case, Plaintiff has not come forward with evidence to establish personal jurisdiction over any of the alleged CNMI co-conspirators and has not shown there is no other district in which a court could have personal jurisdiction over all the alleged co-conspirators. Therefore, Plaintiff has failed to establish the CNMI Defendants are amenable to service of process under the RICO Act.

As to any other federal statute cited in the Second Amended Complaint, the Court finds the Plaintiff has not carried his burden to establish that service would satisfy the constitutional concerns of fairness or reasonableness when the alleged improper actions took place in CNMI and not in Idaho and Plaintiff is the only party in Idaho. Defendants are not amenable to service of process in the District of Idaho nor could they reasonably expect that would have to defend litigation in Idaho.

## CONCLUSION

Plaintiff has not met his burden of proof to establish personal jurisdiction over the named Defendants. In examining the record in this matter, the exercise of personal jurisdiction over any of the Defendants would not be constitutional, reasonable or fair. There are no state or federal statutes that provide for the exercise of personal jurisdiction over any of the named Defendants as Plaintiff has not carried his burden to establish Idaho's long-arm statute applies or the RICO Act's nationwide service applies to confer personal jurisdiction. The other federal statutes alleged in the Second Amended Complaint do not provide for service that complies with the constitutional concerns of Fed. R. Civ. P. 4(k)(2). Having found no personal jurisdiction over any of the Defendants, the Court finds it would also be unfair and improper to allow service by publication where this Court has no personal jurisdiction over Defendants living outside the United States.

MEMORANDUM ORDER - Page 9
05ORDERS\Bradshaw_dis_05-84 WPD

## ORDER

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED:

1) Plaintiff's motion to seal (Docket No. 33) is **GRANTED**.

2) Plaintiff's motion to withdraw or strike his answer and rebuttal to motion for extension of time to serve response pleadings FILED ON May 12, 2005 (Docket No. 36) is **GRANTED**.

3) Defendants' Motions to Dismiss (Docket Nos. 21, 26, and 29) are **GRANTED** as this Court lacks personal jurisdiction over the named Defendants and the matter is **DISMISSED WITHOUT PREJUDICE**.

4) Plaintiff's motion to extend the time for service and to serve by publication (Docket No. 51) is **DENIED**.

5) Defendants' Motion to Strike (Docket No. 56) is **GRANTED** and Plaintiff's sur-reply is **STRICKEN** (Docket No. 53) as such is not provided by the Local Rules without leave of the Court.

DATED: **July 25, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - Page 10
05ORDERS\Bradshaw_dis_05-84.WPD