1    MATTHEW T. GREGORY # F0205
     Attorney General
2
     GREGORY BAKA # F0205
3    Deputy Attorney General
     ROBERT M. WEINBERG # T0043
4    Assistant Attorney General
     OFFICE OF THE ATTORNEY GENERAL
5    Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
     Caller Box 10007, Capital Hill
6    Saipan, MP 96950-8907
     Telephone:     (670) 664-2333
7    Fax:           (670) 664-2349
     E-mail:        rob.weinberg@yahoo.com
8
9    Attorneys for Defendants Commonwealth of the Northern Mariana Islands,
     Nicole C. Forelli, William C. Bush, D. Douglas Cotton, L. David Sosebee,
10   Andrew Clayton, and Pamela S. Brown

11              UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN MARIANA ISLANDS

13

14   ROBERT D. BRADSHAW,              ) CIVIL ACTION NO. 05-0027
                                      )
15              Plaintiff,            )
                                      )
16        vs.                         )      **CNMI DEFENDANTS' NOTICE**
                                      )  **REGARDING AVAILABILITY TO ATTEND**
17   COMMONWEALTH OF THE NORTHERN     )    **MANDATORY SETTLEMENT**
     MARIANA ISLANDS, et al,          )          **CONFERENCE**
18                                    )
19              Defendants.           )
     _____ )
20

21        The undersigned counsel for the CNMI defendants – Nicole C. Forelli, William C. Bush, D. Douglas

22   Cotton, L. David Sosebee, Andrew Clayton, and Pamela S. Brown – is in receipt of the Court's May 3, 2007

23   "Order: 1) Denying motion to Appear Telephonically; and 2) Compelling Attendance at Settlement

24   Conference" which states in part that "pursuant to Federal Rules of Civil Procedure 16(a) and Local Rule

25   16.2CJe.5(b), *all parties and* their representatives with full authority to participate in settlement negotiations

and to effect a complete compromise of the case are hereby compelled to personally attend...." (Emphasis added.) This is the first notice the CNMI defendants have had that their personal attendance might be required. Previously, in its "Case Management Scheduling Order" dated January 22, 2007 the Court ordered only that a "status/settlement conference will be held on May 9, 2007 at 8:00 a.m." The same day the Court issued an "Order Regarding Defendant Sosebee's Case Management Conference Statement" in which the Court allowed Sosebee to appear telephonically for all hearings "except any settlement conferences." That Order made reference to a September 19, 2006 order that says the same.

Local Rule 16.2CJe.5(a) provides: "Each party shall be required to attend the settlement conference, either personally *or through a representative* with full authority to participate in settlement negotiations and to effect a complete compromise of the case." (Emphasis added.) Defendant Sorenson and plaintiff Bradshaw are appearing in this matter pro se; they are not represented. So, it was understood that the Court required their personal attendance at a mandatory settlement conference, because they were unrepresented. However, until the Court's May 3, 2007 Order, the CNMI defendants, relying upon the language of LR 16.2CJe.5(a), had no reason to think the personal attendance of six named defendants who *are* represented might also be required.

The CNMI defendants respectfully submit that six days notice is insufficient time to make travel arrangements for their personal attendance at the mandatory settlement conference. It is also inordinately expensive as five of the six CNMI defendants will be coming from as far away as Washington, D.C., Texas, China and Hawaii for something that may be handled by their representatives on island. Defendant Pamela Brown has been called to jury duty in the Superior Court for the CNMI beginning the week of May 7, 2007. Defendants Sosebee and Clayton are unable to take time from their professional duties on such short notice. Defendant Forelli could be available by telephone, but given the four hour time difference between here and

Hawaii, it would be 4:00 a.m. in the morning her time. And Defendant Cotton has a number of prior scheduled conference calls and appointments for that week.

The CNMI defendants respectfully submit that they have, through counsel, been communicating in person via telephone with plaintiff as to the possibilities of settlement. At the moment, impediments are two-fold: (1) the uncertainty of plaintiff's measure of potential damages against the CNMI defendants due to the pendency of defendant Bisom's appeal in the CNMI Supreme Court from the order of Judge Lizama setting aside the $139,000 judgment against Bradshaw; and (2) plaintiff's failure to itemize, with specificity, the exact nature of his claims of compensatory and actual damages which plaintiff claims against the individual CNMI defendants, or the CNMI defendants combined. The CNMI defendants have sought itemization of damages informally, and most recently have sought that information in formal interrogatories and request for production of documents. Pending a ruling from the CNMI Supreme Court, and pending answers and responses to the CNMI defendants' interrogatories and request for production from plaintiffs, a mandatory settlement conference may be premature.

As representatives of the CNMI defendants, the undersigned, together with Deputy Attorney General Gregory Baka, have "full authority to participate in settlement negotiations and to effect a complete compromise of the case" to the extent authorized by CNMI law, and as required by LR 16.2CJe.5(a). The CNMI defendants have no objection to plaintiff Bradshaw or defendant Sosebee appearing telephonically, or defendant Bisom appearing through counsel at the mandatory settlement conference.

DATED this 4th day of May, 2007.

OFFICE OF THE ATTORNEY GENERAL

/s/ Robert M. Weinberg
ROBERT M. WEINBERG
Assistant Attorney General

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### CERTIFICATE OF SERVICE

This is to certify that I caused to be served a copy of the foregoing to the last known address(es) listed below via U.S. Mail, postage prepaid, electronic service or email, as listed below on the date(s) indicated.

Robert D. Bradshaw            Plaintiff, pro se
P. O. Box 473                 Tel:  (208) 245-1691
1530 W. Trout Creek Road      Fax: N/A
Calder, ID  83808-0473                                    **Via U.S. Mail**

Mark B. Hanson, Esq.  # F0261    Attorney for Defendant Bisom
Macaranas Building, 1st Floor    Tel:  (670) 233-8600
Beach Road, Garapan              Fax:  (670) 233-5262
PMB  738, P. O. Box 10,000       E-mail:  mark@saipanlaw.com
Saipan, MP  96950-8900                                   **Via E-Mail**

Jay H. Sorensen, Esq.  # F0127    Defendant, pro se
c/o Shanghai, China               Tel:  (86) 21-5083-8542      Fax:  same
P. O. Box 9022                    E-mail:  subpar@fastmail.cn
Warren, MI  48090-9022                                   **Via E-Mail**

This the 4th day of May, 2007.

/s/ Robert M. Weinberg
ROBERT M. WEINBERG
Assistant Attorney General

4